**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

SUPREME FUELS TRADING FZE, a
United Arab Emirates company,

      Plaintiff,                              CASE NO.: 9:23-cv-80633-CMA

v.

HARRY SARGEANT, III, a Florida citizen

      Defendant.

_____/

**PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiff Supreme Fuels Trading FZE ("Plaintiff"), by and through undersigned counsel, pursuant to the Federal Rule of Civil Procedure 56 and S.D. Fla. Local Rule 56.1, hereby submits this Statement of Undisputed Material Facts in support of Plaintiff's Motion for Summary Judgment and Incorporated Memorandum of Law (the "Motion for Summary Judgment") [ECF No. 35].

1.      On May 5, 2011, this Court entered an Amended Final Judgment (the "Judgment") in the amount of $5,000,000.00 in favor of Plaintiff and against Defendant International Oil Trading Company, LLC ("IOTC USA") in the action styled *Supreme Fuels FZE v. International Oil Trading Company, LLC, et al.*, Case No.: 9:08-81215-ALTONAGA (the "Main Action") [Main Action, ECF No. 168]. *See* **Exhibit A**, Amended Final Judgment. The full amount of the Judgment remains outstanding. *See* **Exhibit B**, Affidavit of Rodrigo Da Silva.

2.      IOTC was organized on January 27, 2005 in Florida as a Manager-Managed limited liability company. *See* **Exhibit C**, IOTC USA's Articles of Organization. Defendant Harry Sargeant, III ("Sargeant") has been a Manager of IOTC USA from the inception and he is now the sole Manager of IOTC USA. *Id.* at Article VI; **Exhibit D**, IOTC USA's 2023 Annual Report. At the time of organization, Sargeant and his business partner Mustafa Abu-Naba'a ("Abu-Naba'a") each owned 50% of the membership interests in IOTC USA. *See* **Exhibit E**, Pretrial Stipulation[1] at ¶ 18. On March 15, 2005, Sargeant and Abu-Naba'a formed International Oil Trading Free Zone Company

_____

[1] Filed in an action styled *Mohammad Anwar Farid Al-Saleh v. Harry Sargeant, III, et al.*, Case No. 50 2008 CA 010187 XXXX MB AJ, Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "Al-Saleh Litigation").

("IOTC Dubai").  *Id.* at ¶ 19.  Sargeant and Abu-Naba'a are equal 50% owners of IOTC Dubai.  *Id.* at ¶ 20.  On May 12, 2005, Sargeant and Abu-Naba'a transferred their membership interests in IOTC USA to IOTC Dubai, and IOTC Dubai became the owner of 100% of the membership interests in IOTC USA.  *Id.* at ¶ 21.  On March 5, 2008, IOTC Dubai redomiciled in the Bahamas as International Oil Trading Company, Ltd. ("IOTC Bahamas").  *Id.* at ¶ 22; **Exhibit F**, IOTC Bahamas Certificate of Continuation and Articles of Continuation.  On September 14, 2006, Sargeant and Abu-Naba'a incorporated International Oil Trading Company BV in the Netherlands ("IOTC Netherlands").  *See* **Exhibit E** at ¶¶ 23, 25.  IOTC Bahamas, formerly known as IOTC Dubai, is the sole shareholder of IOTC Netherlands.  *Id.* at ¶¶ 22, 24.

3.      The Defense Energy Support Center ("DESC") awarded IOTC a series of contracts (Contract Nos.: SP0600-05-D-0497; SP0600-07-D-0483; and SP0500-09-D-0515) to supply diesel fuel to the U.S. Armed Forces in Iraq through Jordan in connection with Operation Iraqi Freedom.  *Id.* at ¶¶ 11, 26-27, 30-32, 41-42.

4.      The Complaint in the Main Action [Main Action, ECF No. 1] was filed on October 21, 2008, and alleged a conspiracy "to bribe key Jordanian government officials to ensure that defendants would be the sole recipients of more than one billion dollars [sic] worth of U.S. government contracts for the supply of fuels to the U.S. military in Iraq.  *Id.* ¶ 1.  Sargeant was one of the original defendants sued by Plaintiff in the Main Action.  *Id.*  On May 5, 2011, pursuant to the parties' settlement agreement [Main Action, ECF Nos. 118, 123, 150], the court entered an Amended[2] Final Judgment [Main Action, ECF No. 168] against IOTC USA in the amount of $5,000,000.00.  The terms of the settlement agreement required IOTC USA to pay Plaintiff $5,000,000.00, "whereupon the parties would dismiss the action and release their claims that had been or could have been brought in the instant litigation." [Main Action, Sealed Order ECF No.214].  IOTC USA did not make any payments to Plaintiff and instead appealed the court's determination that the settlement agreement was enforceable on June 3, 2011.  *Id.; see also* Sealed Notice of Appeal [Main Action, ECF No. 176].

5.      On June 29, 2011, Plaintiff moved to reopen the case [Main Action, ECF No. 186] to enforce the terms of the disputed settlement agreement.  Because IOTC USA never made any payments to Plaintiff, "**no releases were ever granted**" as to the remaining Defendants, including Sargeant, the defendant in the instant proceeding [Main Action, Sealed Order ECF No. 214] (emphasis

---

[2] On May 6, 2011, the court entered an Order [Main Action, ECF No. 167] noting that because the settlement agreement required payment only from IOTC, the court would amend the final judgment to remove Defendant as a judgment debtor.

added).  On August 7, 2012, the Eleventh Circuit dismissed IOTC USA's appeal for lack of jurisdiction since the district court had not yet resolved the rights and liabilities of the other Defendants [ECF No. 219].

6.　　IOTC USA had Net Income of **$133,569,357.00** from the DESC contracts during the period of 2005 through 2010 whereas the revenues were **$1.95 billion**.  *See* **Exhibit G**, Jordan Fuel Contract, Consolidated Income Statements for 2005-2010.  IOTC Jordan entered into a Services Agreement with IOTC Dubai (IOTC Bahamas' predecessor) acting on behalf of IOTC USA so that IOTC USA could perform on the contracts it entered with DESC by using IOTC Jordan's licenses, permits, and operational capacity.  *See* **Exhibit H**, Services Agreement and Amendments.

7.　　Correspondence from IOTC USA and DESC between May and June 2007 reveals the sham corporate structure employed by Sargeant and Abu-Naba'a.  Specifically, a letter sent to IOTC USA by DESC on May 29, 2007, sought an explanation as to the manner in which IOTC USA could perform on the largest contract awarded to it in terms of revenues and profits (Contract No. 0483) in light of the fact that only IOTC Jordan, and not IOTC USA, had a Letter of Authorization from the Jordanian government allowing it to operate in Jordan.  *See* **Exhibit I**.

8.　　In response to the May 29, 2007 correspondence, IOTC USA sent a letter dated June 4, 2007 to DESC addressing its concerns.  *See* **Exhibit J**.  In  this letter, IOTC USA first explained the interlocking relationship between IOTC Jordan, IOTC USA and IOTC Dubai and then goes on to explain how the Services Agreement functions to allow IOTC USA to perform Contract No. 0483 just as IOTC Jordan had done under the prior contracts.  *Id.*  A careful and close reading of this letter shows how the author, William Mauco, carefully parses the various IOTC entities in the first page, defining with the terms used herein– IOTC Jordan, IOTC USA and IOTC Dubai – but on the second page when purporting to answer DESC's May 29 question – How is IOTC USA authorized to do business in Jordan? – the letter uses the non-specific term "IOTC."  The letter then asserts that "IOTC" is authorized by the Ministry of Industry and Trade Companies Control Department to do business to service Contract No. 0483, just as it serviced Contract No. 0497 and the others.

9.　　This back and forth with DESC lays bare the sham corporate structure and demonstrates that the bogus Services Agreement lies at the center of the scheme.  The only way in which IOTC USA could service Contract No. 0483 was to take from IOTC Jordan the Letter of Authorization and its operational capacity, and provide that license for free to IOTC Dubai.  According to IOTC USA's own June 4 admissions to DESC:

> "IOTC Dubai, acting on behalf of IOTC USA, has entered into a Services Agreement with IOTC Jordan to provide services required by the DESC contract."

*Id.* This correspondence exchange between IOTC USA and DESC reveals a classic misuse of the corporate form simply to strip profits out of one entity, IOTC USA, and to put them into another in order to defraud Plaintiff by diverting the profits earned by IOTC USA from such contracts.

10. The scheme to loot IOTC USA involved structuring, layering, and the using of a cut-out, to wit IOTC Netherlands. First IOTC USA pledged the receivables generated for its rendition of services under the DESC contracts to ABN AMRO Bank N.V. ("ABN AMRO"). The receivables were pledged as collateral for a credit facility issued by ABN AMRO in the Netherlands to IOTC Netherlands. A true and correct copy of the assignments and related correspondence is attached hereto as **Composite Exhibit K**. IOTC Netherlands was the nominal beneficiary of the credit facility which was only incorporated because ABN AMRO, a Dutch bank required that the borrower be organized under the laws of the Netherlands. As a result of this structure, and as set out in more detail below, IOTC Dubai first, and later redomiciled as IOTC Bahamas were the ultimate beneficiari3s of the proceeds generated from the DESC contracts with IOTC USA.

11. As a result of certain inter-company transfers and transactions between and among the IOTC family of companies, IOTC Netherlands recorded an "account payable" on its books of **$183,875,399.29** to IOTC USA, with IOTC USA recording a **$183,875,399.29** corresponding "account receivable" due and owing from IOTC Netherlands to IOTC USA. IOTC USA's general ledger through August 31, 2015 reflects a "due from" IOTC Netherlands[3] in the amount of $183,875.399.29. *See* **Exhibit L**, IOTC USA's General Ledger as of August 31, 2015.

12. IOTC Netherlands then remitted large amounts of funds to IOTC Bahamas for the ultimate benefit of Sargeant and Abu-Naba'a. For example, IOTC Bahamas made several payments for the benefit of Sargeant, at his sole direction, totaling approximately **$10.6 million** toward the construction and purchase by Sargeant, in his own personal name, of a **$20.9 million**, 142-foot, tri-level, luxury motor yacht (the "Superyacht"). Sargeant filed a sworn affidavit in Vancouver, British Columbia, acknowledging that he directed IOTC Bahamas to make these payments on his own behalf and for his benefit. *See* **Exhibit M**, Affidavit of Harry Sargeant, III with supporting exhibits.

---

[3] In the ledger, IOTC Netherlands has been abbreviated as IOTC BV.

13.     IOTC Bahamas made several payments to law firms representing IOTC USA and Sargeant in the Al-Saleh Litigation.  Specifically, IOTC Bahamas paid **$1,554,351.46** to Rafferty, Tenenholtz Hess & Hudson, P.A., a Florida law firm that represented all the defendants in the Al-Saleh Litigation and that represented IOTC USA in another action arising from the same DESC Contracts. *See* **Exhibit N**, charts summarizing payments and wire transfer advices.  In addition, IOTC Bahamas paid **$522,287.90** to Bull Housser Tupper, a Canadian law firm representing Sargeant in connection with the yacht litigation in Canada. *Id.*

14.     IOTC Bahamas made principal and interest payments of over **$4.4 million**[4] to Comerica Bank for a **$9.4 million** loan relating to the Superyacht (the "Superyacht Loan"). *See* Composite **Exhibit O**, Comerica Bank loan records.

15.     IOTC Bahamas paid $16,500.00 on a monthly basis for Sargeant's private security team which is comprised by former armed forces personnel including David Millard and Kevin Hanebrin (each getting $8,333.33 net pay at the beginning of each month). *See*, *e.g.*, **Exhibit P**, IOTC Bahamas March 2013 bank statement.  In addition, IOTC Bahamas paid on a regular basis Sargeant's credit card bills for credit cards issued to him by American Express, USAA Bank and Barclays. *See*, *e.g.*, **Exhibit Q**, IOTC Bahamas' October 2012 bank statement.

16.     Between October 12, 2007 and February 10, 2010, IOTC Netherlands transferred to IOTC Bahamas formerly known as IOTC Dubai the sum of **$170,618,943.05**. *See* **Exhibit R**, chart identifying transfers.

17.     On March 1, 2007, IOTC Netherlands transferred the sum of $1,500,000.00 to bank account held by Sargeant and his wife, Deborah Sargeant, as tenants by the entirety (the "Sargeant TBE"). See **Exhibit S**, chart and account statement.  Between October 18, 2007 and August 1, 2012, IOTC Bahamas transferred the sum of **$7,981,615.00** to Sargeant TBE's account. *See* **Exhibit T**, chart and account statements.  Between September 20, 2012 and December 6, 2012, IOTC Bahamas, through its law firm's trust account, transferred the sum of **$250,000.00** to the Sargeant TBE's bank account. *See* **Exhibit U**, Sargeant TBE's account statements.  In total, the Sargeant TBE received the total sum of **$9,681,615.00** from March 1, 2007 to December 6, 2012 in funds relating to the profits made by IOTC USA from the DESC contracts.

---

[4] Upon information and belief, IOTC Bahamas ended up paying to totality of the Superyacht Loan, including principal and interest, on behalf of and for the benefit of Sargeant.

18.     As set out above, Sargeant, one of the ultimate beneficial owners of IOTC USA, and its sole Manager, caused IOTC USA to divert the total sum of **$180,350.558.05** to IOTC Bahamas and the Sargeant TBE in order to put those assets beyond the reach of IOTC USA's creditors, including Plaintiff.  *See* **Exhibits R-U**.

19.     As a result of the complex corporate shell game set out herein, IOTC USA does not have any assets of any kind that can be available to satisfy the Judgment.  *See* **Composite Exhibit V**, IOTC USA's Fact Information Sheet and accompanying bank account statement showing a $0 balance.

20.     In the Al-Saleh litigation, the jury found that Sargeant used IOTC USA for a fraudulent purpose by entering a $28,800,000.00 judgment against both IOTC USA and Sargeant for common law fraud.  The Al-Saleh judgment was affirmed as well as the jury's findings that IOTC USA and Sargeant were liable for fraud.  *See* **Exhibit W**, Fourth District Court of Appeals upholding the Al-Saleh judgment.

Dated: December 18, 2023              Respectfully submitted,

LAW OFFICES OF RODRIGO S. DA SILVA, P.A.
777 Arthur Godfrey Road, Suite 402
Miami Beach, Florida 33140
E-mail: rodrigo@rdasilvalaw.com
Telephone:     (305) 615-1434
Facsimile:       (305) 615-1435

By: */s/ Rodrigo S. Da Silva*
     Rodrigo S. Da Silva, Esq.
     *Counsel for Plaintiff, Supreme Fuels Trading FZE*

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 08-81215-CIV-HURLEY/HOPKINS

SUPREME FUELS TRADING FZE,

    Plaintiff,

v.

HARRY SARGEANT III, et al.,

    Defendants.

_____/

**SEALED**

> FILED by _____ D.C.
>
> **MAY 06 2011**
>
> STEVEN M. LARIMORE
> CLERK U.S. DIST. CT.
> S. D. of FLA. – MIAMI

### <u>SEALED AMENDED FINAL JUDGMENT</u>

**THIS CAUSE** comes before the court following the court order granting in part defendants' motion to set aside and/or reconsider final judgment. It is hereby **ORDERED** and **ADJUDGED** that:

1.    **FINAL JUDGMENT** is entered in favor of plaintiff, Supreme Fuels Trading FZE, and against defendant, International Oil Trading Company, LLC, in the total amount of $5,000,000.00 (five million dollars), together with post-judgment interest as provided by law, for which let execution issue.

**DONE** and **SIGNED** in Chambers in West Palm Beach, Florida, this 5th day of May, 2011.

        Daniel T. K. Hurley
        U.S. District Judge

*Copies provided to counsel of record*

> Certified to be a true and correct copy of the document on file
> Steven M. Larimore, Clerk,
> U.S. District Court
> Southern District of Florida
> By _____ Deputy Clerk
> Date 12/30/13

For updated court information, visit unofficial Web site
at http://www.judgehurley.com

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SUPREME FUELS TRADING FZE, a
United Arab Emirates company,

      Plaintiff,                              CASE NO.: 9:23-cv-80633-CMA

v.

HARRY SARGEANT, III, a Florida citizen

      Defendant.

_____/

**AFFIDAVIT OF RODRIGO DA SILVA IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

I, RODRIGO S. DA SILVA, being first sworn, depose and state:

1. I make this affidavit based on my personal knowledge. I am over the age of eighteen (18). I am an attorney duly licensed to practice law in the states of Florida, New Jersey, and New York as well as the District of Columbia. I am counsel for the Plaintiff Supreme Fuels FZE (the "Plaintiff") in the above-styled action.

2. The Judgment Creditor obtained a final judgment against Defendant/Judgment Debtor International Oil Trading Company, LLC ("IOTC USA") in the action styled *Supreme Fuels v. International Oil Trading Company, LLC, et al.*, Case No.: 9:08-81215-ALTONAGA (the "Main Action") on May 5, 2011, in the amount of $5,000,000 (the "Judgment") [Main Action, ECF No. 168] plus accruing post-judgment interest at the statutory rate per year until paid.

3. As of the date of the execution of this Affidavit, the full amount of the Judgment remains outstanding.

_____
**RODRIGO S. DA SILVA**

CASE NO.: 9:23-cv-80633-CMA

STATE OF FLORIDA )

) SS.

COUNTY OF MIAMI-DADE )

The foregoing instrument was acknowledged before me by means of [X] physical presence or ☐ online notarization, this 18th day of December, 2023, by RODRIGO S. DA SILVA, who is personally known to me.

*Martha terra dos Rio*

MARTHA TERRA DOS REIS
Notary Public, State of Florida
My commission expires: September 28, 2027

MARTHA TERRA DOS REIS
Notary Public · State of Florida
Commission # HH 449245
My Comm. Expires Sep 28, 2027
Bonded through National Notary Assn.

- 2 -

# EXHIBIT C

JAN-27-2005 13:56   ROERTY ST  ...



## Florida Department of State
### Division of Corporations
### Public Access System

FILED
2005 JAN 27 P 2: 22
SECRETARY OF STATE
TALLAHASSEE, FLORIDA

### Electronic Filing Cover Sheet

Note: Please print this page and use it as a cover sheet. Type the fax audit number (shown below) on the top and bottom of all pages of the document.

(((H05000020456 3)))

Note: DO NOT hit the REFRESH/RELOAD button on your browser from this page. Doing so will generate another cover sheet.

To:
Division of Corporations
Fax Number       : (850)205-0383

From:
Account Name    : RAFFERTY, STOLZENBERG, GELLES, TENENHOLTZ & FLYNN, P.
Account Number  : I20000000207
Phone           : (305)373-0330
Fax Number      : (305)423-3980

RECEIVED 05 JAN 27 PM 2: 28
DIVISION OF CORPORATION

## LIMITED LIABILITY COMPANY

### INTERNATIONAL OIL TRADING COMPANY, LLC

| Certificate of Status | 0 |
|---|---|
| Certified Copy | 1 |
| Page Count | 04 |
| Estimated Charge | $155.00 |

Electronic Filing Menu          Corporate Filing          Public Access Help

NOTE  It appears that due to communications problems with
      your system, this fax was not received yesterday.
      Please process at your earliest convénience.
                    Thank you.

JAN-27-2005  13:56          RAFFERTY STOLZENBERG                          305 373 2735    P.02

H05000020456 3

**FILED**

# ARTICLES OF ORGANIZATION FOR FLORIDA LIMITED LIABILITY COMPANY

2005 JAN 27 P 2: 22

SECRETARY OF STATE
TALLAHASSEE, FLORIDA

## ARTICLE I
## NAME

The name of the Limited Liability Company is:

INTERNATIONAL OIL TRADING COMPANY, LLC

## ARTICLE II
## ADDRESS

The mailing address and street address of the principal office of the Limited Liability Company is:

3020 North Military Trail, Suite 100
Boca Raton, Florida 33431

## ARTICLE III
## REGISTERED AGENT AND REGISTERED OFFICE

The name and street address of the registered agent is:

William L. Rafferty, Jr., Esq.
Rafferty, Stolzenberg, Gelles, Tenenholtz & Flynn, P.A.
1401 Brickell Avenue, Suite 825
Miami, Florida 33131

## ARTICLE IV
## PURPOSE

The purpose for which the Limited Liability Company is formed is to engage in any lawful acts or activities for which limited liability companies may be formed under Chapter 608 of the Statutes of the State of Florida.

H05000020456 3

I:\R to S\Sargent\International Oil Trading\International Oil Trading.Articles.Org.doc

- 1 -

JAN-27-2005  13:56        RAFFERTY STOLZENBERG                    305 373 2735    P.03

H05000020456 3

## ARTICLE V
## DURATION

FILED

2005 JAN 27  P 2: 22
SECRETARY OF STATE
TALLAHASSEE, FLORIDA

The Limited Liability Company shall exist perpetually unless dissolved according to law.

## ARTICLE VI
## MANAGEMENT

The Limited Liability Company is to be managed by a manager or managers and is, therefor, a manager-managed company. The names and addresses of such managers are as follows:

Mustafa Abu Naba'a
3020 North Military Trail, Suite 100
Boca Raton, Florida 33431

Harry Sargeant, III
3020 North Military Trail, Suite 100
Boca Raton, Florida 33431

## ARTICLE VII
## ADMISSION OF ADDITIONAL MEMBERS

New members may be admitted by the unanimous vote and upon such terms as the then current members of the limited liability company may determine at the time of the application by or on behalf of a proposed new member.

## ARTICLE VIII
## MEMBERS' RIGHTS TO CONTINUE BUSINESS

The remaining members of the limited liability company shall have the right to continue the business of the limited liability company upon the death, retirement, resignation, expulsion, bankruptcy or dissolution of a member or the occurrence of any other event which would ordinarily terminate the continued membership of a member of the limited liability company.

## ARTICLE IX
## INDEMNIFICATION

(A)     The Company shall indemnify any person who is or was a party, or who is threatened to be made a party, to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, including all appeals, by reason of the fact

that he or she is or was a member, managing member or employee of the Company, or is or was serving at the request of the company as a director, trustee, officer or employee of another limited liability company, corporation, partnership, joint venture, trust or other enterprise, against any and all expenses (including reasonable attorneys' fees), judgments, decrees, fines, penalties and amounts paid in settlement, which were actually and reasonably incurred by him or her in connection with such action, suit or proceeding, if he or she acted in good faith and in a manner which he or she reasonably believed to be in, or at least not opposed to, the best interests of the company, and, with respect to any criminal action or proceeding, he or she had no reasonable cause to believe his or her conduct was unlawful. The termination of any action, suit or proceeding by judgment, order, settlement, conviction, or plea of nolo contendere or its equivalent shall not, of itself, create a presumption that the person did not act in good faith and in a manner which he or she reasonably believed to be in, or at least not opposed to, the best interests of the company.

(B)     The foregoing indemnification shall not apply in the case of an action, suit or proceeding instituted by one or more members of the company, if the claim, matter or issue raised therein is determined by a court of competent jurisdiction to have resulted from the negligence of misconduct of the member(s) seeking indemnification; provided, however, that such indemnification shall nonetheless apply if, in view of all of the circumstances of the case, such court shall determine that such member(s) is/are fairly and reasonably entitled to indemnification, with respect to such expenses, judgments, decrees, fines, penalties and amounts paid in settlement as determined by the court.

(C)     Expenses of each person indemnified hereunder, incurred in defending against a civil, criminal, administrative or investigative action, suit or proceeding (including all appeals), or threat thereof, may be paid by the company in advance of the final disposition of such action, suit or proceeding, as authorized by a majority in interest of the members, upon receipt of an undertaking by such person to repay such amount unless it shall ultimately be determined that he or she is entitled to be indemnified by the corporation.

William L. Rafferty, Jr., Esq.
Authorized Representative

I:\R to S\Sargeant\International Oil Trading\International Oil Trading.Articles.Org.doc

H05000020456 3

- 3 -

JAN-27-2005  13:57          RAFFERTY STOLZENBERG                    305 373 2735    P.05

H05000020456 3

## CERTIFICATE OF DESIGNATION OF
## REGISTERED AGENT/REGISTERED OFFICE
## INTERNATIONAL OIL TRADING COMPANY, LLC

# FILED

2005 JAN 27  P 2: 23

PURSUANT TO THE PROVISIONS OF SECTION 608.415 OR 608.507, FLORIDA STATUTES, THE UNDERSIGNED LIMITED LIABILITY COMPANY SUBMITS THE OF STATE FOLLOWING STATEMENT IN DESIGNATING THE REGISTERED OFFICE/ REGISTERED, FLORIDA AGENT, IN THE STATE OF FLORIDA.

1.      The name of the limited liability company is:

         INTERNATIONAL OIL TRADING COMPANY, LLC

2.      The name and address of the registered agent and office is:

                  William L. Rafferty, Jr., Esq.
         Rafferty, Stolzenberg, Gelles, Tenenholtz & Flynn, P.A.
                  1401 Brickell Avenue, Suite 825
                     Miami, Florida 33131

         Having been named as registered agent and to accept service of process for the above-stated limited liability company at the place designated in this certificate, I hereby accept the appointment as registered agent and agree to act in this capacity. I further agree to comply with the provisions of all statutes relating to the proper and complete performance of my duties, and I am familiar with and accept the obligations of my position as registered agent.

                                                    _____
                                                    William L. Rafferty, Jr., Esq.


                                          Date: January 15, 2005

I:\R to S\Sargeant\International Oil Trading\International Oil Trading Articles.Org.doc

H05000020456 3

- 4 -

TOTAL P.05

# EXHIBIT D

**2023 FLORIDA LIMITED LIABILITY COMPANY ANNUAL REPORT**

DOCUMENT# L05000009112

**Entity Name:** INTERNATIONAL OIL TRADING COMPANY, LLC

**FILED**
**Mar 06, 2023**
**Secretary of State**
**7016876686CC**

**Current Principal  Place of Business:**

25 SEABREEZE AVE STE 300
DELRAY BEACH,  FL  33483

**Current Mailing Address:**

25 SEABREEZE AVE STE 300
DELRAY BEACH,  FL  33483

**FEI Number: 20-2640595**

**Certificate of Status Desired:** No

**Name and Address of Current Registered Agent:**

F&L CORP
ONE INDEPENDENT DR STE 1300
JACKSONVILLE, FL  32202-5017  US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE:

Electronic Signature of Registered Agent                                    Date

**Authorized Person(s) Detail :**

| | |
|---|---|
| Title | MANAGER |
| Name | SARGEANT III, HARRY |
| Address | 25 SEABREEZE AVENUE SUITE 300 |
| City-State-Zip: | DELRAY BEACH  FL  33483 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by Chapter 605, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: HARRY SARGEANT III                    MGR                    03/06/2023

Electronic Signature of Signing Authorized Person(s) Detail                    Date

# EXHIBIT E

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

MOHAMMAD ANWAR FARID
AL-SALEH,

        Plaintiff,

v.

HARRY SARGEANT, III,
MUSTAFA ABU-NABA'A, and
INTERNATIONAL OIL TRADING
COMPANY, LLC, a Florida corporation.

        Defendants.

_____/

CASE NO.50 2008 CA 010187 XXXX MB AJ

NOT A CERTIFIED COPY

## PRETRIAL STIPULATION

Pursuant to this Court's November 23, 2010 Order Setting Jury Trial and
Directing Pretrial and Mediation Procedures ("Trial Setting Order"), Plaintiff Al-Saleh and
Defendants Sargeant, Abu-Naba'a and International Oil Trading Company, LLC ("IOTC USA")
(collectively, "Defendants") hereby submit their Pretrial Stipulation.

## I.    LIST OF ALL PENDING MOTIONS

1.    Motion by Defendants for Leave to Amend Affirmative Defenses, To
Vacate Trial Order and for Continuance, by Sargeant and IOTC USA to Interpose Counterclaim,
and by International Oil Trading Company, Ltd. to Intervene (June 8, 2011 special set hearing).

2.    Plaintiff intends to bring a Motion to Compel Defendant IOTC USA to
divulge Marty Martin's salary in the event that IOTC USA's corporate designee declines to
answer questions on the record regarding Mr. Martin's compensation at a deposition scheduled
for May 24, 2011.

2

## II.   STIPULATED FACTS WHICH REQUIRE NO PROOF AT TRIAL

1.      Mustafa Abu-Naba'a ("Abu-Naba'a") and his brother, Hazem Abdul Qader Abu-Naba'a, caused International Oil Trading Center Co., Ltd. ("IOTC Jordan") to be registered in Jordan.

2.      IOTC Jordan's registration was completed on January 25, 2004 in Amman, Jordan.

3.      On April 13, 2004, Hazem Abdul Qader Abu-Naba'a's 50% shares in IOTC Jordan were transferred to Harry Sargeant ("Sargeant").

4.      On May 4, 2004, the shares of IOTC Jordan were divided equally among Sargeant, Abu-Naba'a and Mohammad Al-Saleh ("Al-Saleh").

5.      Al-Saleh, Sargeant, and Abu-Naba'a each paid $900,000 as capital contributions into IOTC Jordan and guaranteed an additional $900,000 for working capital.

6.      Al-Saleh, Sargeant, and Abu-Naba'a each own one-third of the capital shares of IOTC Jordan to this day.

7.      On February 25, 2004, Trigeant, Ltd. ("Trigeant") informed the Defense Energy Support Center ("DESC") that Al-Saleh would be the contact person for all the governmental affairs within Jordan in regard to Trigeant's bid on the DESC Solicitation SP0600-04-R-0054.

8.      The DESC informed Trigeant on March 16, 2004 that its bid on the DESC Solicitation SP0600-04-R-0054 was rejected, and that Shaheen Business & Investment Group ("SBIG") was awarded Contract SP0600-04-D-0489 ("Contract 0489").

9.      On April 3, 2004, the DESC asked Trigeant whether it could take over performance on Contract 0489 for SBIG on a temporary basis.

10.     Following DESC's April 3, 2004 inquiry to Trigeant, Al-Saleh, Sargeant, and Abu-Naba'a all traveled to Amman, Jordan.

3

11.     On April 6, 2004, Trigeant confirmed to the DESC that it was in a position to guarantee the full delivery of diesel fuel at the Jordan/Iraq border within 3 to 5 Jordanian business days after it received the award of what became Contract SP0600-04-D-0490 ("Contract 0490").

12.     On April 8, 2004, Trigeant was awarded Contract 0490 by the DESC.

13.     On May 26, 2004, IOTC Jordan submitted a bid on the DESC solicitation for Contract SP0600-04-D-0506 ("Contract 0506") to the DESC.

14.     IOTC Jordan was awarded Contract 0506 on June 23, 2004.

15.     Contract 0506 commenced July 1, 2004, and expired June 30, 2005.

16.     Sargeant and Abu-Naba'a formed International Oil Trading Company, LLC on January 25, 2005.

17.     International Oil Trading Company, LLC is a limited liability company registered in Florida and does business as IOTC USA.

18.     Sargeant and Abu-Naba'a each originally owned fifty percent of the membership interest in IOTC USA.

19.     Sargeant and Abu-Naba'a formed International Oil Trading Free Zone Company ("IOTC Dubai") on March 15, 2005.

20.     Sargeant and Abu-Naba'a are equal fifty percent owners of IOTC Dubai.

21.     On May 12, 2005, Sargeant and Abu-Naba'a transferred their membership interests in IOTC USA to IOTC Dubai, and IOTC Dubai became the owner of 100% of the membership interest in IOTC USA.

22.     IOTC Dubai was continued under the name International Oil Trading Company, Ltd. in the Bahamas ("IOTC Bahamas") on March 5, 2008.

23.     Sargeant and Abu-Naba'a formed International Oil Trading Company BV ("IOTC BV") on September 14, 2006.

24.     IOTC Dubai is the sole shareholder of IOTC BV.

25.     IOTC BV is registered in the Netherlands.

NOT A CERTIFIED COPY

4

26.     On April 11, 2005, IOTC USA submitted a bid on the DESC solicitation for Contract SP0600-05-D-0497 ("Contract 0497") to the DESC.

27.     IOTC USA was awarded Contract 0497 by the DESC on June 1, 2005.

28.     A General Assembly Meeting of IOTC Jordan was held in Amman, Jordan on June 29, 2006.  Attendees included Al-Saleh, Sargeant (on behalf of himself and Abu-Naba'a), Majdi Bustami, Maher Shelleh, Adnan Bani Ahmed, and Luay Hanunia.

29.     Typed minutes of the General Assembly Meeting of IOTC Jordan of June 29, 2006 were prepared after that meeting and signed by Al-Saleh and Sargeant.

30.     IOTC USA submitted a bid to the DESC on the DESC solicitation for Contract SP0600-07-D-0483 ("Contract 0483") on January 16, 2007.

31.     The DESC awarded Contract 0483 to IOTC USA on May 3, 2007.

32.     Contract 0497, including two extensions exercised by the DESC, expired on June 30, 2007.

33.     On July 1, 2007, Marty Martin began employment at IOTC USA as a senior manager.

34.     Prior to joining IOTC USA as an employee, Marty Martin was a member of the United States Central Intelligence Agency ("CIA").

35.     An Ordinary Assembly Meeting of IOTC Jordan was held on August 6, 2007.

36.     After August 28, 2007, Al-Saleh did not receive any distributions under Contract 0497.

37.     On October 1, 2007, IOTC USA entered into an agreement with Taurus Trading Company for the performance of services under Contract 0483.

38.     Shehadeh Twal was the Managing Director of Taurus Trading Company.

39.     On March 5, 2008, Marty Martin was elected President of IOTC Dubai and Kevin Kirkeide was elected Vice President and Treasurer.

40.     Option period one on Contract 0483 expired on August 31, 2009.

NOT A CERTIFIED COPY

41.     On July 10, 2009 the DESC awarded IOTC USA Contract SP0500-09-D-0515 ("Contract 0515"), which commenced September 1, 2009.

42.     The DESC placed its last order for fuel under Contract 0515 in February 2010.

43.     Contract 0515 expires on December 31, 2011.

III.    **THE PARTIES' STATEMENT OF ISSUES OF FACT FOR DETERMINATION AT TRIAL**

A.      **Plaintiff's Statement of Issues of Fact for Determination at Trial:**

1.      Whether Al-Saleh arranged for Fawaz Al-Zoubi to provide approximately 100 trucks to Trigeant in April 2004.

2.      Whether Trigeant. would have been awarded Contract 0490 on April 8, 2004 had Fawaz Al-Zoubi not provided trucks to Trigeant in April 2004.

3.      Whether Al-Saleh arranged for the Jordanian Ministry of Energy and Mineral Resources ("MEMR") to issue a Letter of Authorization ("LOA") to National Resources Development Company ("NRDC") in cooperation with IOTC Jordan in anticipation of IOTC Jordan's bid on Contract 0506 to the DESC.

4.      Whether, without Al-Saleh's assistance, Sargeant and Abu-Naba'a would have been able to procure an LOA from MEMR to NRDC in cooperation with IOTC Jordan for the bid on Contract 0506 to the DESC.

5.      Whether obtaining an LOA from MEMR was necessary for IOTC Jordan to submit a successful bid to the DESC for Contract 0506.

6.      Whether Sargeant and Abu-Naba'a offered Al-Saleh an opportunity to participate in the management, operations or ownership of IOTC USA.

7.      Whether Sargeant and Abu-Naba'a informed Al-Saleh prior to January 25, 2005 that they were forming IOTC USA.

8.      Whether Sargeant and Abu-Naba'a offered Al-Saleh an opportunity to participate in the management, operations or ownership of IOTC Dubai.

NOT A CERTIFIED COPY

6

9. Whether Sargeant and Abu-Naba'a informed Al-Saleh prior to March 15, 2005 that they were forming IOTC Dubai

10. Whether Sargeant and Abu-Naba'a informed Al-Saleh that they substituted IOTC USA for IOTC Jordan's name on the bid on the DESC Solicitation for Contract 0497 to the DESC.

11. Whether Sargeant and Abu-Naba'a informed Al-Saleh that prior to bidding on the Solicitation for Contract 0497 in the name of IOTC USA, they instructed Majdi Bustami to execute a letter on behalf of IOTC Jordan stating that IOTC Jordan would provide IOTC USA with the complete operational, logistical and administrative support to guarantee the performance of IOTC USA for the successful completion of the deliveries under Contract 0497 ("April 11, 2005 letter").

12. Whether Sargeant and Abu-Naba'a obtained Al-Saleh's permission before authorizing Majdi Bustami to execute the April 11, 2005 letter on behalf of IOTC Jordan.

13. Whether Sargeant and Abu-Naba'a informed Al-Saleh that they included in the bid on the DESC Solicitation for Contract 0497 in the name of IOTC USA the April 11, 2005 letter.

14. Whether IOTC USA would have been awarded Contract 0497 without the LOA from MEMR, dated May 20, 2004, granting permission to NRDC in cooperation with IOTC Jordan to import, store and transport fuel products to Iraq.

15. Whether Sargeant and Abu-Naba'a informed Al-Saleh that they authorized IOTC Jordan to enter into a Services Agreement with IOTC Dubai on June 1, 2005, under which IOTC Jordan would perform services under Contract 0497 on behalf of IOTC Dubai in the area of trucking, terminal operations, quality control, billing, liaison with the border customs, processing of issuance claims, and any other duties as directed by IOTC Dubai.

16. Whether Sargeant and Abu-Naba'a obtained Al-Saleh's permission before entering into a Services Agreement between IOTC Jordan and IOTC Dubai on June 1, 2005.

7

17. Whether directly following the General Assembly Meeting of IOTC Jordan on June 29, 2006, Sargeant promised Al-Saleh that he would continue to be a one-third partner in all the present and future contracts for the transport of fuel products from Jordan to Iraq, regardless of which IOTC entity was named in the contract.

18. Whether Al-Saleh arranged for MEMR to issue an LOA to Aqaba Petroleum Company in cooperation with IOTC Jordan in anticipation of the bid on the DESC Solicitation for Contract 0483.

19. Whether, without Al-Saleh's assistance, Sargeant and Abu-Naba'a would have been able to procure an LOA from MEMR to Aqaba Petroleum Company in cooperation with IOTC Jordan in anticipation of the bid on the DESC Solicitation for Contract 0483.

20. Whether the LOA to Aqaba Petroleum Company in cooperation with IOTC Jordan was necessary to IOTC USA successfully bidding on the DESC Solicitation for Contract 0483.

21. Whether Sargeant's May 3, 2007 text message to Al-Saleh, stating "you have the business again sir and please be assured I will never let you down, contracts," was in reference to the award of Contract 0483 to IOTC USA.

22. Whether Sargeant recruited Marty Martin to work for IOTC USA as a salaried employee in order to replace Al-Saleh as a lower-cost alternative.

23. Whether Sargeant recruited Marty Martin to work for IOTC USA because of his contacts within the Jordanian government.

24. Whether, by accepting distributions made to him under Contract 0497, Al-Saleh agreed to enter into an oral consulting agreement with IOTC Dubai, effective July 1, 2005.

25. Whether Defendants bribed Jordanian government-owned entities and/or officials, including General Dahabi, the Director of the Jordan General Intelligence Department ("GID"), in connection with their displacement of Plaintiff Al-Saleh from the profits on the

DESC contracts and as a condition for continuing to do business on those contracts without Mr. Al-Saleh's involvement.

26.     Whether Sargeant and Abu-Naba'a informed Al-Saleh that IOTC USA submitted a bid on the DESC Solicitation for Contract 0515 to the DESC.

**B.      Defendants' Statement of Issues of Fact for Determination at Trial:**

1.      Whether Sargeant and Abu Naba'a had an agreement between them, on a 50/50 basis prior to May 4, 2004, to explore business opportunities in Iraq and/or Jordan, which did not include Al-Saleh.

2.      Whether Sargeant and Abu Naba'a agreed in late 2003 to create a new company to be called Sargeant Middle East to explore business opportunities in the Middle East, including Iraq, which did not include Al-Saleh.

3.      Whether Sargeant or Abu Naba'a contemplated Al-Saleh having any role in Sargeant Middle East at the time of its formation.

4.      Whether Sargeant was physically in Jordan in December 2003, when Abu Naba'a's brother agreed to stand in for Sargeant as 50% initial owner of Sargeant Middle East when forming that company in December 2003, with an agreement to transfer those shares to Sargeant when convenient.

5.      Whether Maher Shelleh assisted Sargeant and Abu Naba'a in the formalities of documenting and registering Sargeant Middle East in Jordan in December 2003 and January 2004.

6.      Whether, on or before January 2, 2004, Abu Naba'a secured the cooperation of NRDC, and specifically retired General Ahmad Bataineh, to work together on future matters in Jordan.

7.      Whether Al-Saleh played any role in securing the cooperation of NRDC prior to Abu Naba'a doing so.

8.    Whether the name Sargeant Middle East was rejected by the Jordanian Ministry of Industry & Trade as a permitted company name, and replaced with the name International Oil Trade Center Co., in January 2004.

9.    Whether a trade name filing for International Oil Trade Center Co. (nicknamed "IOTC Jordan") was registered as "Sargeant Middle East" in February 2004.

10.    Whether Sargeant learned of the first DESC solicitation in January 2004, without any input or assistance from Al-Saleh.

11.    Whether the concept of transiting fuel through Jordan into Iraq in support of U.S. troops came from Abu Naba'a, and not Al-Saleh.

12.    Whether Al-Saleh or Abu Naba'a had any role, position or stake in Trigeant Ltd.

13.    Whether Al-Saleh assisted in Trigeant's bid for Contract 0490.

14.    Whether Trigeant's connection with Trafigura came from any IOTC Jordan shareholder other than Sargeant.

15.    Whether IOTC Jordan's connection with Trafigura came from any IOTC Jordan shareholder other than Sargeant.

16.    Whether Marc Crandall of Trafigura and Harry Sargeant of Trigeant agreed to a joint venture in bidding for Contract 0490, without either Al-Saleh or Abu Naba'a.

17.    Whether IOTC Jordan/Sargeant Middle East agreed to support Trigeant and Trafigura in bidding for Contract 0490.

18.    Whether IOTC Jordan/Sargeant Middle East's agreement to support Trigeant and Trafigura in bidding for Contract 0490, if obtained, was made without the knowledge or involvement of Al-Saleh.

19.    Whether Sargeant Trading provided initial financing of Trigeant's Contract 0490.

20.    Whether Al-Saleh had any experience or knowledge about fuel purchase, storage, transport, delivery, bidding, pricing, or financing prior to 2004.

NOT A CERTIFIED COPY

10

21.     Whether Al-Saleh's assistance of Sargeant and Abu Naba'a before being granted 1/3 of the equity in IOTC Jordan d/b/a Sargeant Middle East was gratuitous.

22.     Whether Abu Naba'a and Sargeant agreed to grant Al-Saleh a one-third equity interest in IOTC Jordan prior to April 2004.

23.     Whether Sargeant, Abu Naba'a and Al-Saleh entered into any oral partnership agreement regarding any one or more U.S. government contracts, in any location, at any time.

24.     Whether Sargeant, Abu Naba'a and Al-Saleh ever entered into an oral partnership agreement on any subject matter.

25.     Whether Al-Saleh was included in any agreement or arrangement between Sargeant and Abu Naba'a prior to May 4, 2004.

26.     Whether, prior to May 4, 2004, either Sargeant or Abu Naba'a made any promise, act or statement upon which Al-Saleh was reasonably entitled to rely and seek legal remedy.

27.     Whether Sargeant or Abu Naba'a changed the trade name of Sargeant Middle East to "Sargeant Jordan" on May 3, 2004, prior to effecting their grant of 1/3 of the shares of the company to Al-Saleh.

28.     Whether Sargeant or Abu Naba'a intended that Al-Saleh's business interests extend beyond IOTC Jordan/Sargeant Jordan.

29.     Whether the shareholder capitalization of IOTC Jordan, at any time, was sufficient to fund IOTC Jordan's operations in Jordan without additional funding sources.

30.     Whether the DESC required both Sargeant's promise to stand behind IOTC Jordan's efforts and Trigeant's endorsement of IOTC Jordan before the DESC would consider IOTC Jordan a qualified bidder for Contract 0506.

31.     Whether Sargeant promised DESC that he would stand behind IOTC Jordan's efforts and whether Trigeant endorsed IOTC Jordan as DESC had requested as a condition of IOTC Jordan's qualification as a bidder for Contract 0506.

NOT A CERTIFIED COPY

11

32.    Whether DESC considered IOTC Jordan a qualified bidder for Contract 0506 because Sargeant promised DESC that he would stand behind IOTC Jordan's efforts and Trigeant also endorsed.

33.    Whether the Government of Jordan ("GOJ") vetted and issued security clearances commonly known as "letters of authorization" ("LOA") or "security certificates" to qualified entities between 2004 and 2010, holders of LOA/security certificates included NRDC, Aqaba Petroleum Company, Jordan Petroleum Co., and Taurus Trading Co.

34.    Whether a letter of support issued by LOA holder NRDC in favor of IOTC Jordan submitted in bidding on the DESC solicitation which led to the award of Contract 0506 would not have been obtained by IOTC Jordan had Al-Saleh not been involved.

35.    Whether Al-Saleh's primary responsibility or role for IOTC Jordan was governmental affairs/relations/liaison with the GOJ.

36.    Whether IOTC USA was formed by Sargeant and Abu Naba'a in January 2005 with an intent to use it as a vehicle to improve the likelihood of future successful bids on DESC fuel service contracts.

37.    Whether IOTC USA was formed, managed or used by Sargeant or Abu Naba'a to compete with IOTC Jordan for IOTC Jordan's business with the DESC under Contract 0506.

38.    Whether Sargeant and/or Abu Naba'a formed IOTC USA with a specific intent to exclude Al-Saleh from participating in any financial gain from any DESC contract after the expiration of Contract 0506.

39.    Whether Sargeant and Abu Naba'a, on behalf of IOTC USA, intended to share net distributable profits, if any, from Contract 0497 with Al-Saleh on equal 1/3 basis notwithstanding that Al-Saleh was not granted an equity share in IOTC USA.

40.    Whether deliveries of funds to or for the benefit of Al-Saleh in connection with Contract 0497 were draws against future reconciliation of any net profits.

12

41.     Whether deliveries of funds to or for the benefit of Al-Saleh in connection with Contract 0497 were distributions of net profits.

42.     Whether deliveries of funds to or for the benefit of Al-Saleh in connection with Contract 0497 were consulting fees under an oral consulting agreement between Al-Saleh, IOTC USA and International Oil Trading FZCO. ("IOTC Dubai"), effective throughout Contract 0497.

43.     What were the terms of the oral consulting agreement between Al-Saleh, IOTC USA and International Oil Trading FZCO. ("IOTC Dubai"), effective throughout Contract 0497.

44.     Whether Al-Saleh rejected, returned, or tendered the return of any funds delivered to him or for his benefit under Contract 0506.

45.     Whether Al-Saleh rejected, returned, or tendered the return of any funds delivered to him or for his benefit under Contract 0497.

46.     Whether IOTC USA would have been awarded Contract 0497 without the support of NRDC, holder of a MEMR Letter of Authorization granting NRDC permission to import, store and transport fuel products to Iraq.

47.     Whether NRDC would have supported IOTC USA in bidding for Contract 0497 if Al-Saleh was directly involved in IOTC USA.

48.     Whether IOTC USA, IOTC Dubai, and IOTC Jordan entered into a Services Agreement effective June 1, 2005, under which IOTC Jordan would perform services under Contract 0497 on behalf of IOTC Dubai in the area of trucking, terminal operations, quality control, billing, liaison with the border customs, processing of issuance claims, and any other duties as directed by IOTC Dubai, in exchange for the consideration set forth in that agreement.

49.     Whether Sargeant or Abu Naba'a ever promised Al-Saleh that he would be a one-third partner in any enterprise other than IOTC Jordan that was or would in future be

performing one or more DESC contracts for the transport of fuel products from Jordan to Iraq, regardless of which IOTC entity was named in the contract.

50.     Whether Al-Saleh failed or refused to make any additional cash contributions to the capital of IOTC Jordan after the initial equal contributions of May/June 2004 by all IOTC Jordan shareholders.

51.     Whether the shareholders of IOTC Jordan approved the minutes of the June 29, 2006 General Assembly Meeting.

52.     Whether and, if so, when Mr. Al-Saleh notified the Controller of the Companies Control Department of the Ministry of Industry & Trade in writing about any injurious act committed by any director of IOTC Jordan regarding Sargeant, Abu Naba'a, IOTC USA and/or IOTC Dubai.

53.     Whether Al-Saleh insisted in December 2006 that IOTC USA cease it relationship with NRDC and instead deal with the GID in connection with any future DESC contracts.

54.     Whether Al-Saleh played an important role in connection with the Jordanian Ministry of Energy and Mineral Resources issuing a Letter of Authorization to APCO in January 2007.

55.     Whether Al-Saleh demanded an ownership or control position with IOTC USA and/or IOTC Dubai in January 2007 as a precondition to turning over the APCO LOA to IOTC USA representative Sargeant for support in IOTC USA's bid for Contract 0497.

56.     Whether Sargeant, on behalf of IOTC USA, acquiesced to Al-Saleh's January 2007 threat to withhold the APCO LOA.

57.     Whether Sargeant, on behalf of IOTC USA, acquiesced to Al-Saleh's January 2007 demand of an ownership or control position with IOTC USA and/or IOTC Dubai as a precondition to Al-Saleh turning over the APCO LOA.

58.     Whether Al-Saleh received draws against his 1/3 share of net distributable partnership profits in IOTC Jordan under Contract 0506 totaling approximately $3.5 million.

14

59.     Whether Al-Saleh received draws against his consultancy fees in connection with Contract 0497 totaling approximately $27.9 million.

60.     Whether Al-Saleh's $27.9 million in draws in connection with Contract 0497 represented more than 1/3 of the distributed net profits of IOTC Dubai for that contract.

61.     Whether Al-Saleh retained any or all of a $3 million transfer delivered to his care and trust in late 2006 for the purpose of forwarding that entire sum to NRDC in settlement of IOTC Jordan's account payable to NRDC for its support services under Contracts 0490, 0506 and 0497.

62.     Whether Al-Saleh did not include Sargeant or Abu Naba'a in any business enterprise in which Al-Saleh participated in competition with any or all of the following entities: IOTC Jordan, IOTC USA, IOTC Dubai, Trigeant, Trafigura, NRDC, APCO, Taurus Trading.

63.     Whether Al-Saleh cooperated with any person or entity competing or attempting to compete with IOTC Jordan, IOTC USA, IOTC Dubai, Trigeant, Trafigura, NRDC, APCO, Taurus Trading.

64.     Whether Al-Saleh benefitted from his brother Mohanna's kickback scheme with "Supertrucker" Ibrahim Abu Al-Sheih, and to what extent.

65.     Whether, without Al-Saleh's assistance, IOTC USA would have been able to obtain a letter of support by any holder of a Letter of Authorization in support of IOTC USA's bid for Contract 0483.

66.     Whether Sargeant knew before IOTC USA hired Marty Martin as a senior executive effective July 1, 2007 that Martin was a friend of Jordan's King Abdullah II.

67.     Whether Martin was hired with any intent to solicit or orchestrate the GOJ's termination of Al-Saleh's participation in any DESC contract after Contract 0497 concluded.

68.     Whether Martin solicited or orchestrated the GOJ's termination of Al-Saleh's participation in any DESC contract after Contract 0497 concluded.

15

69.     Whether in August 2007 King Abdullah informed Martin that he was ordering that IOTC USA, IOTC Dubai and IOTC Jordan sever their various relationships with Al-Saleh effective July 1, 2007.

70.     Whether in August 2007 the king also informed Martin that Al-Saleh was to be replaced as local Jordanian "partner" on DESC contracts by a person or company to be designated by the king's government.

71.     Whether in August 2007 King Abdullah also ordered that IOTC USA and IOTC Dubai were not permitted to pay Al-Saleh for any sums previously due to him under the recently concluded Contract 0497.

72.     Whether King Abdullah articulated the reasons why his government was ordering Al-Saleh out of the businesses involved in DESC contracts.

73.     Whether King Abdullah articulated the reasons why his government was ordering that Al-Saleh not be paid any sums otherwise owed for any prior DESC contract.

74.     Whether the GID implemented the king's orders and instructions by introducing the IOTC entities and personnel to Shehadeh Twal of Taurus Trading Co. as the new local "partner" in replacement of Al-Saleh.

75.     Whether Twal and Sargeant, on behalf of their respective businessses, negotiated a per-ton rate of payments to Taurus, to be effective as of July 1, 2007, for the remainder of Contract 0483, rather than the 1/3 of net distributable profits that Al-Saleh had been entitled to under Contracts 0490 and 0506 as a shareholder in IOTC Jordan and as a consultant for IOTC Dubai and IOTC USA under Contract 0497.

76.     Whether in February 2008 King Abdullah repeated to Sargeant and Martin his August 2007 orders prohibiting payment to Al-Saleh for the balance owed under Contract 0497 and severing Al-Saleh's relationships with IOTC USA, IOTC Jordan, IOTC Dubai.

77.     Whether Sargeant, Abu Naba'a, IOTC USA or IOTC Dubai intended to retain Al-Saleh's involvement in any DESC contract but for the king's August 2007 unilateral

NOT A CERTIFIED COPY

command that he be excluded, including a continuation of sharing 1/3 of the net distributable profits or losses.

78.     Whether, but for the king's August 2007 unilateral command that they not do so, Sargeant, Abu Naba'a, IOTC USA or IOTC Dubai also intended to pay Al-Saleh the full balance to which he was otherwise entitled as a consultant under Contract 0497, in excess of the $27.9 million already paid him to that time in relation to Contract 0497.

79.     Whether the amounts paid or payable to Taurus as Al-Saleh's replacement were less than, the same as, or more than Al-Saleh would have been entitled to receive had the GOJ not ordered Al-Saleh banned from any DESC business as of July 1, 2007.

80.     Whether Al-Saleh signed a document on January 28, 2009, acknowledging that he was owed nothing by Defendants, that he had been paid everything owed to him, that he was waiving the claims now being tried, and that he would promptly instruct his lawyers to dismiss the lawsuit asserting the claims now being tried.

## IV.     TRIAL EXHIBIT LISTS WITH SPECIFIC OBJECTIONS

### A.     Plaintiff's Prospective Exhibits and Objections to Defendants' Prospective Exhibits:

1.     *Prospective Exhibits:*

Plaintiff's prospective exhibits are listed on Tab A, attached hereto.

2.     *Objections to Defendants' Prospective Exhibits:*

Plaintiff's objections to Defendants' prospective exhibits are listed on Tab B, attached hereto.

3.     *Reservations:*

Plaintiff reserves the right to:

(a)     use all pleadings, motions, briefs, affidavits, declarations, discovery responses, interrogatory answers, privilege logs, expert reports, correspondence among counsel, and letters filed with the Court;

(b)     use documents not appearing on Tab A for impeachment or rebuttal evidence, depending on arguments made and evidence offered at trial;

17

(c)    delete exhibits from Tab A;

(d)    designate additional exhibits to rebut or place in proper context exhibits designated by Defendants;

(e)    designate additional exhibits discovered after the close of discovery; and

(f)    use any exhibits listed by Defendants in Tab B, even if subsequently withdrawn by Defendants.

B.    **Defendants' Prospective Exhibits and Objections to Plaintiff's Prospective Exhibits:**

1.    *Prospective Exhibits:*

Defendants' prospective exhibits are listed on Tab B, attached hereto.

2.    *Objections to Plaintiff's Prospective Exhibits:*

Defendants' objections to Plaintiff's prospective exhibits are listed on Tab A, attached hereto.

3.    *Reservations:*

Defendants reserve the right to:

(a)    use all pleadings, motions, briefs, affidavits, declarations, discovery responses, interrogatory answers, privilege logs, expert reports, correspondence among counsel, and letters filed with the Court;

(b)    use documents not appearing on Tab B for impeachment or rebuttal evidence, depending on arguments made and evidence offered at trial;

(c)    delete exhibits from Tab B;

(d)    designate additional exhibits to rebut or place in proper context exhibits designated by Plaintiff;

(e)    designate additional exhibits discovered after the close of discovery; and

(f)    use any exhibits listed by Plaintiff in Tab A, even if subsequently withdrawn by Plaintiff.

C.    **Exhibits the Parties Stipulate Can Be Admitted into Evidence:**

Subject to the above reservations of each party, the parties stipulate and agree that any exhibit listed on Tabs A and B to which no objections have been made may be admitted into evidence.

NOT A CERTIFIED COPY

18

## V.   WITNESS LIST AND TRIAL PLAN

The Parties' prospective witnesses and trial plan are jointly listed on Tab C, attached hereto.

### A.   Plaintiff's Reservations:

Plaintiff reserves the right to call as witnesses in his case-in-chief any and all witnesses identified by Defendants in their initial and/or amended and revised witness lists / trial plan. Plaintiff reserves the right to use all or any portions of all transcripts of depositions taken in this action for all purposes permitted under the applicable rules including, without limitation, as admissions or for impeachment, including portions of the deposition testimony of Fawaz Al-Zoubi, Adnan Bani Ahmad, and Ibraham Faleh Abu Al-Sheih.

Plaintiff also reserves the right to call any additional witnesses in rebuttal or for impeachment or to modify or supplement his witness list in response to Defendants' proffered testimony or evidence.

### B.   Defendants' Reservations:

Defendants object to Plaintiff's reservations stated in § V.A. above to the extent that those reservations are at material variance with (1) the Court's instructions and limitations set forth in the Trial Setting Order, and/or (2) the Florida Rules of Civil Procedure, and/or (3) the Florida Evidence Code. All non-objectionable reservations stated therein by Plaintiff are, however, adopted by Defendants as though set forth fully in this § V.B. as the reservations of Defendants.

In addition to the foregoing, Defendants specifically object to, and move to strike, Plaintiff's untimely-disclosed Jordanian law expert, Mohammad Beiruti, first revealed to Defendants on May 23, 2011, as part of the "Trial Plan" under Tab C hereto. The deadline for such disclosures was February 10, 2011, and Plaintiff did not seek any extension of that deadline.

### C.   Plaintiff's Objection to Defendants' Reservations:

Plaintiff objects that this is not the proper forum in which to "move to strike" a proposed witness. As explained in plaintiff counsel's email to defense counsel at 3:00 PM ET on

19

May 20, 2011, "We had hoped to find common ground on the Jordanian law claims. In light of your failure to substantively engage with our proposed jury instructions on those claims, however, it appears that this may well become an issue that needs to be decided at trial. Accordingly, we are amending our witness list to include a Jordanian law expert, but we remain committed to working with you on trying to find common ground on this in advance of the trial, whenever you are willing to do so." It is Plaintiff's position that this Court's Trial Setting Order required the parties to attempt to come to an agreement on all aspects of the jury instructions, both as to matters of form and substance, including the Jordanian law claims. Plaintiff's position is that defense counsel's refusal to respond to or otherwise substantively engage with Plaintiff's proposed jury instructions on the Jordanian law claims violated this requirement.

**VI.   STATEMENT OF ESTIMATED TRIAL TIME**

The Parties estimate that the trial will last seven to nine days.

**VII.   NAMES OF ATTORNEYS WHO WILL TRY THE CASE**

**A.   Plaintiff's trial attorneys:**

(a) Barry R. Ostrager;

(b) Michael D. Kibler;

(c) Jonathan M. Weiss.

**B.   Defendants' trial attorneys:**

(a) Roger S. Kobert;

(b) Marc C. Pugliese.

**VIII.   NUMBER OF PEREMPTORY CHALLENGES PER PARTY**

The parties have agreed that each side will be allowed five (5) peremptory challenges.

**IX.   JURY INSTRUCTIONS**

The instructions that the parties are now in agreement on are listed on Tab D, attached hereto.

20

Dated:  May 23, 2011

Respectfully submitted,

_____
Roger S. Kobert, Esq.
Fla. Bar No. 765295
Marc C. Pugliese, Esq.
Fla. Bar No. 86169
RAFFERTY, KOBERT, TENENHOLTZ,
BOUNDS & HESS, P.A.
1401 Brickell Avenue, Suite 825
Miami, Florida 33131
(305) 742-0074

*Attorneys for Defendants*
*Harry Sargeant, III,*
*Mustafa Abu-Naba'a, and*
*International Oil Trading*
*Company, LLC*

_____
Louis M. Silber, Esq.
Fla. Bar No. 176031
SILBER, VALENTE & DAVIS
1806 Old Okeechobee Road
West Palm Beach, FL 33409
(561) 615-6200

Barry R. Ostrager (admitted *pro hac vice*)
Michael D. Kibler (admitted *pro hac vice*)
Jonathan M. Weiss (admitted *pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017-3954
Telephone:   (212) 455-2000
Facsimile:    (212) 455-2502
-and-
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067-4607
Telephone:   (310) 407-7500
Facsimile:    (310) 407-7502

*Attorneys for Plaintiff Mohammad*
*Anwar Farid Al-Saleh*

NOT A CERTIFIED COPY

20

Dated: May 23, 2011                                   Respectfully submitted,

Roger S. Kobert, Esq.                                 Louis M. Silber, Esq.
Fla. Bar No. 765295                                   Fla. Bar No. 176031
Marc C. Pugliese, Esq.                                SILBER, VALENTE & DAVIS
Fla. Bar No. 86169                                    1806 Old Okeechobee Road
RAFFERTY, KOBERT, TENENHOLTZ,                         West Palm Beach, FL 33409
BOUNDS & HESS, P.A.                                    (561) 615-6200
1401 Brickell Avenue, Suite 825
Miami, Florida 33131                                  Barry R. Ostrager (admitted *pro hac vice*)
(305) 742-0074                                        Michael D. Kibler (admitted *pro hac vice*)
                                                      Jonathan M. Weiss (admitted *pro hac vice*)
*Attorneys for Defendants*                            SIMPSON THACHER & BARTLETT LLP
*Harry Sargeant, III,*                                425 Lexington Avenue
*Mustafa Abu-Naba'a, and*                             New York, New York 10017-3954
*International Oil Trading*                            Telephone:  (212) 455-2000
*Company, LLC*                                         Facsimile:   (212) 455-2502
                                                      -and-
                                                      1999 Avenue of the Stars, 29th Floor
                                                      Los Angeles, California 90067-4607
                                                      Telephone:  (310) 407-7500
                                                      Facsimile:   (310) 407-7502

                                                      *Attorneys for Plaintiff Mohammad*
                                                      *Anwar Farid Al-Saleh*

NOT A CERTIFIED COPY

# EXHIBIT F



## Commonwealth of The Bahamas

### INTERNATIONAL BUSINESS COMPANIES ACT 2000
(Sections 11, 83, 84, 85, 86, 87)

## Certificate of Continuation
(Change of Name)

NO. 152809 (B)          International Oil Trading Company, Ltd.

I, JACINDA P. BUTLER, Deputy Registrar General of the Commonwealth of The Bahamas, do hereby certify, pursuant to the International Business Companies Act 2000 that the requirements of the said Act in respect of continuation have been satisfied, and that

International Oil Trading FZCO

Is deemed to be continued in the Commonwealth of The Bahamas as an International Business Company this 5th day of March, 2008 which name has now been changed this day to International Oil Trading Company, Ltd.

Given under my hand and seal at Nassau
In the Commonwealth of The Bahamas

Deputy Registrar General

NOT A CERTIFIED COPY

DEPOSITION
EXHIBIT NO. 94
I. L. ELLIOTT

COMMONWEALTH OF THE BAHAMAS
THE INTERNATIONAL BUSINESS COMPANIES ACT 2000

ARTICLES OF CONTINUATION

OF

International Oil Trading FZCO

## NAME

1.  The name of the Company is International Oil Trading FZCO and the Company will be continued under the name International Oil Trading Company, Ltd.

## PLACE AND DATE OF INCORPORATION

2.  The Company was incorporated as a Free Zone Company in the Jebel Ali Free Zone, Dubai, U.A.E., on the 12th day of May 2005.

## REGISTERED OFFICE

3.  The Registered Office of the Company will be situate at Ocean Centre, Montagu Foreshore, East Bay Street, Nassau, New Providence, The Bahamas the postal address of which is P.O. Box SS-19084, Nassau, New Providence, Bahamas.

## REGISTERED AGENT

4.  The Registered Agent of the Company will be H & J Corporate Services Ltd., Ocean Centre, Montagu Foreshore, East Bay Street, Nassau, New Providence, The Bahamas the postal address of which is P.O. Box SS-19084, Nassau, New Providence, Bahamas.

## OBJECTS

5.  The objects for which the Company is established are to engage in any act or activity that is not prohibited under any law for the time being in force in The Bahamas and without limiting the foregoing to engage generally in petroleum products trading and transportation.

## CURRENCY

6.  Shares in the Company shall be issued in the currency of the United Arab Emirates.

## AUTHORISED CAPITAL

7.  The authorised capital of the Company is Six Hundred Thousand UAE Dirham (600000 AED) which at the date of 28th January, 2008 is the equivalent of One hundred sixty three thousand five hundred fifty United States dollars and eleven cents (USD163, 550.11).

## CLASSES, NUMBER AND PAR VALUE OF SHARES

8.  The authorised capital is made up of one class of shares divided into 6 shares of 100,000 AED each par value with one vote for each share.

## SHARE RIGHTS AND LIMITATIONS

9.  The designations, powers, preferences, rights, qualifications, limitations and restrictions of each class and series of shares that the Company is authorised to issue shall be fixed by a resolution of Directors, but the Directors shall not allocate different rights as to voting, dividends, redemption or distributions on liquidation between the shares of the Company unless the Memorandum of Association shall have been amended to create separate classes of shares and

NOT A CERTIFIED COPY

shares of each separate class and series shall have identical rights as to voting, dividends, redemption and distributions.

## REGISTERED SHARES

10.   Shares shall be issued as registered shares.

## AMENDMENTS TO BECOME EFFECTIVE

11.   Upon registration of these Articles of Continuation the Company shall continue as an International Business Company under the provisions of Part VIII of the International Business Companies Act, 2000 of the Commonwealth of The Bahamas, and the Company's existing Memorandum of Association and Articles of Association shall cease to be of any effect, and the Memorandum of Association and Articles of Association of the Company attached hereto shall be effective forthwith as the new Memorandum of Association and the Articles of Association of the Company.

WE HEREBY CERTIFY that these Articles of Continuation have been approved by unanimous vote of the Directors of International Oil Trading FZCO.

Dated this __28th__ day of January, A.D., 2008.

MUSTAFA A.M. ABUNABA'A
Director

HARRY SARGEANT III
Director

SAKHER AZZAM M. ABDALLAH
Manager

NOT A CERTIFIED COPY

COMMONWEALTH OF THE BAHAMAS

Registrar General's Department.
I certify the foregoing to be a true copy of the original document.

Registrar General

MAR 0 5 2008

shares of each separate class and series shall have identical rights as to voting, dividends, redemption and distributions.

**REGISTERED SHARES**

10.   Shares shall be issued as registered shares.

**AMENDMENTS TO BECOME EFFECTIVE**

11.   Upon registration of these Articles of Continuation the Company shall continue as an International Business Company under the provisions of Part VIII of the International Business Companies Act. 2000 of the Commonwealth of The Bahamas, and the Company's existing Memorandum of Association and Articles of Association shall cease to be of any effect, and the Memorandum of Association and Articles of Association of the Company attached hereto shall be effective forthwith as the new Memorandum of Association and the Articles of Association of the Company.

WE HEREBY CERTIFY that these Articles of Continuation have been approved by unanimous vote of the Directors of International Oil Trading FZCO.

Dated this __28th__ day of January, A.D., 2008.

_____
**MUSTAFA A.M. ABUNABA'A**
Director

_____
**HARRY SARGEANT III**
Director

_____
**SAKHER AZZAM M. ABDALLAH**
Manager

NOT A CERTIFIED COPY

COMMONWEALTH OF THE BAHAMAS
Registrar General's Department
I certify the foregoing to be a true copy of the original document.

Registrar General

MAR 0 5 2008

# EXHIBIT G

**Jordan Fuel Contract**
**Consolidated Income Statements**
**Years Ended December 31, 2005 - 2010**

| | 2005 | 2006 | 2007 | 2008 | 2009 | 2010 |
|---|---|---|---|---|---|---|
| **Revenues:** | | | | | | |
| Product sales | $ 126,522,691 | $ 375,983,167 | $ 503,485,479 | $ 615,487,317 | $ 307,841,150 | $ 29,391,292 |
| Service revenue | - | - | - | - | - | - |
| Total revenue | 126,522,691 | 375,983,167 | 503,485,479 | 615,487,317 | 307,841,150 | 29,391,292 |
| Cost of sales | 83,518,225 | 261,950,067 | 350,476,659 | 457,323,229 | 206,045,299 | 17,578,493 |
| Gross profit (loss) | 43,004,466 | 114,033,101 | 153,008,820 | 158,164,088 | 101,795,851 | 11,812,799 |
| | | | | | | |
| **Operating expenses:** | | | | | | |
| Jordan cost entry | - | - | - | - | - | - |
| IOTC Jordan service charge | 962,857 | 2,718,617 | 3,419,296 | 3,356,882 | 2,503,821 | 186,231 |
| Transportation | 8,447,378 | 28,013,023 | 36,394,705 | 38,286,451 | 30,106,699 | 4,930,351 |
| Storage - tanks | 2,470,248 | 5,943,925 | 10,242,845 | 9,845,321 | 13,222,394 | 1,408,000 |
| Logistics/Profit sharing | - | - | 14,636,927 | 23,423,275 | 9,174,132 | 2,000,000 |
| Agency fees | 487,269 | 2,643,760 | 7,540,002 | 8,085,986 | 4,037,519 | - |
| Management fees | - | - | - | - | - | - |
| Salaries, benefits and taxes | 249,126 | 1,072,002 | 4,786,341 | 2,666,179 | 762,989 | 95,689 |
| Insurance | 2,482,392 | 1,724,221 | (485,123) | 1,333,627 | 588,450 | (210,740) |
| Aircraft expenses | 271,614 | 987,159 | 3,933,217 | 4,900,140 | 6,138,118 | 4,027,559 |
| Testing | 1,571,019 | 2,555,476 | 2,368,749 | 1,488,076 | 1,889,788 | 9,623 |
| Utilities | 95,069 | 7,263 | 11,240 | 9,840 | 9,085 | 1,856 |
| Other | 1,171,344 | 2,521,116 | 2,881,786 | 3,046,789 | 2,471,218 | 288,148 |
| Total operating expenses | 18,208,316 | 48,186,562 | 85,729,986 | 96,442,565 | 70,904,214 | 12,736,716 |
| Operating income (loss) | 24,796,150 | 65,846,539 | 67,278,835 | 61,721,523 | 30,891,638 | (923,917) |
| | | | | | | |
| **Selling, general, and administrative:** | | | | | | |
| Salaries, benefits and taxes | - | - | 3,802,213 | 4,587,147 | 4,071,191 | 2,932,184 |
| Travel, meals, entertainment | 222,462 | 929,866 | 1,552,743 | 3,766,198 | 4,690,592 | 2,111,911 |
| Legal, accounting, professional fees | 256,747 | 1,258,572 | 2,588,921 | 4,650,969 | 5,010,759 | 2,156,531 |
| Business development | - | - | - | - | - | - |
| Other | 319,753 | 629,079 | 1,693,401 | 1,688,097 | 2,041,616 | 974,077 |
| Total SG&A | 798,962 | 2,817,517 | 9,637,279 | 14,692,411 | 15,814,158 | 8,174,704 |
| Interest expense - third party obligations | 253,136 | 1,884,218 | 4,183,016 | 6,349,884 | 3,831,306 | 2,859,376 |
| Interest expense - related party obligations | - | - | - | - | - | - |
| Depreciation and amortization expense | - | 32,996 | 41,365 | 64,277 | 61,803 | 25,008 |
| Hedging (income) loss | 460,807 | (870,147) | 8,940,700 | 13,901,308 | 4,275,510 | (136,820) |
| Interest (income) | - | - | (493,089) | (545,792) | (117,273) | (43,611) |
| Minority interest (income) expense | - | - | - | - | - | - |
| Other (income) expense | 189,320 | (121,853) | (5,116,069) | (1,265,803) | (1,250,000) | (208,333) |
| Income (loss) before consulting fees | 23,093,925 | 62,103,808 | 50,085,633 | 28,525,239 | 8,276,134 | (11,594,241) |
| Consulting fees | - | 19,921,141 | 7,000,000 | - | - | - |
| Net Income (Loss) | $ 23,093,925 $ | 42,182,667 $ | 43,085,633 $ | 28,525,239 $ | 8,276,134 $ | (11,594,241) |

NOT A CERTIFIED COPY

HIGHLY CONFIDENTIAL

AL-SALEH / IOTC Litigation

**PLAINTIFF'S EXHIBIT 688**

IOTC - 070371

# EXHIBIT H

**THIS AMENDMENT AGREEMENT** is made the 3rd day of June 2007

**BETWEEN:**

1.    **INTERNATIONAL OIL TRADING FZCO.** a Dubai Free Zone Company with limited liability, with offices at B16403A62, Jebel Ali Free Zone, Dubai, United Arab Emirates ("IOTC Dubai"); and

2.    **INTERNATIONAL OIL TRADE CENTER CO. LTD,** an offshore company registered at the Ministry of Industry and Trade Companies Control Department in the Hashemite Kingdom of Jordan under number 141 ("IOTC Jordan").

     Each of IOTC Dubai and IOTC Jordan may be referred to herein individually as a "Party" and together as the "Parties".

**WHEREAS:**

A.    Pursuant to the terms of a services agreement executed between the Parties as of 1 June 2005 (the "Services Agreement"), IOTC Dubai engaged IOTC Jordan to provide various support services (the "Services") in respect of DESC contract SP0600-05-D-0497, which was awarded to International Oil Trading Company, a company registered under the laws of the State of Florida, which has its registered office at 3020 North Military Trail, Boca Raton, Florida, 33431, USA ("IOTC USA") and which is a wholly-owned subsidiary of IOTC Dubai;

B.    On an undocumented basis, IOTC Jordan has continued to provide the Services to IOTC Dubai in respect of each of:

     (i)     DESC solicitation number SP0600-05-R-0700-0001 ("Solicitation No. 1");

     (ii)    DESC solicitation number SP0600-07-R-0700 ("Solicitation No. 2"); and

     (iii)   each DESC contract awarded to IOTC USA by the DESC pursuant to each of Solicitation No. 1 and Solicitation No. 2 (the "DESC Contracts"): and

C.    As IOTC Jordan has been providing the Services to IOTC Dubai in respect of each of Solicitation No. 1, Solicitation No. 2 and the DESC Contracts on an undocumented basis to date the Parties wish to enter into this Agreement to record the terms upon which IOTC Jordan has been providing and will continue to provide the Services to IOTC Dubai for each of Solicitation No. 1, Solicitation No. 2 and the DESC Contracts.

**NOW THEREFORE,** it is mutually agreed as follows:

1.    **DEFINITIONS**

     Unless otherwise defined in this Agreement, capitalised terms used in this Agreement shall have the meaning given to such terms in the Services Agreement and each reference to a "Clause" shall be to the relevant Clause of the Services Agreement.

1

NOT A CERTIFIED COPY

**CONFIDENTIAL**

IOTC-01397

2.   **AMENDMENT OF THE SERVICES AGREEMENT**

2.1   The Parties agree to delete Clause 1.1 in its entirety and replace it with the following:

"IOTC Jordan agrees to supply support services for the DESC Contract SP0600-05-D-0497 and the DESC Contracts awarded pursuant to Solicitation No. 1 (SP0600-05-R-0700-0001) and Solicitation No. 2 (SP0600-07-R-0700) in the area of trucking, terminal operations, quality control, billing, liaison with the border customs, processing of issuance claims, and any other duties as directed by IOTC Dubai or its representative. Any such directions shall be deemed incorporated into this Agreement as if fully set forth herein."

2.2   Save as amended herein, the Services Agreement shall remain in full force and effect and the Parties respectively covenant with each other to observe and perform their obligations pursuant to the terms of the Services Agreement as amended herein.

2.3   This Agreement and the Services Agreement shall constitute a single document and this Agreement shall be deemed to be effective as of 1 January 2007.

3.   **GOVERNING LAW**

Clause 9 (Law and Arbitration) shall apply to this Agreement.

**IN WITNESS WHEREOF** the duly authorised representatives of the Parties have executed this Agreement on the day and year first above written.

Signed for and on behalf of

**INTERNATIONAL OIL TRADING FZCO**

By:

Name: Maher Shalleh

Title: Co. Representative

Signed for and on behalf of

**INTERNATIONAL OIL TRADE CENTER**

By:

Name: Majdi Bustami

Title: Manager

2

CONFIDENTIAL

IOTC-01398

**THIS AMENDMENT AGREEMENT** is made the 3rd day of June 2007

**BETWEEN:**

1.  INTERNATIONAL OIL TRADING FZCO, a Dubai Free Zone Company with limited liability, with offices at B16403A62, Jebel Ali Free Zone, Dubai, United Arab Emirates ("IOTC Dubai"); and

2.  INTERNATIONAL OIL TRADE CENTER CO. LTD, an offshore company registered at the Ministry of Industry and Trade Companies Control Department in the Hashemite Kingdom of Jordan under number 141 ("IOTC Jordan").

    Each of IOTC Dubai and IOTC Jordan may be referred to herein individually as a "Party" and together as the "Parties".

**WHEREAS:**

A.  Pursuant to the terms of a services agreement executed between the Parties as of 1 June 2005 (the "Services Agreement"), IOTC Dubai engaged IOTC Jordan to provide various support services (the "Services") in respect of DESC contract SP0600-05-D-0497, which was awarded to International Oil Trading Company, a company registered under the laws of the State of Florida, which has its registered office at 3020 North Military Trail, Boca Raton, Florida, 33431, USA ("IOTC USA") and which is a wholly-owned subsidiary of IOTC Dubai;

B.  On an undocumented basis, IOTC Jordan has continued to provide the Services to IOTC Dubai in respect of each of:

    (i)    DESC solicitation number SP0600-05-R-0700-0001 ("Solicitation No. 1");

    (ii)   DESC solicitation number SP0600-07-R-0700 ("Solicitation No. 2"); and

    (iii)  each DESC contract awarded to IOTC USA by the DESC pursuant to each of Solicitation No.1 and Solicitation No. 2 (the "DESC Contracts"); and

C.  As IOTC Jordan has been providing the Services to IOTC Dubai in respect of each of Solicitation No. 1, Solicitation No. 2 and the DESC Contracts on an undocumented basis to date the Parties wish to enter into this Agreement to record the terms upon which IOTC Jordan has been providing and will continue to provide the Services to IOTC Dubai for each of Solicitation No. 1, Solicitation No. 2 and the DESC Contracts.

**NOW THEREFORE,** it is mutually agreed as follows:

1.  **DEFINITIONS**

    Unless otherwise defined in this Agreement, capitalised terms used in this Agreement shall have the meaning given to such terms in the Services Agreement and each reference to a "Clause" shall be to the relevant Clause of the Services Agreement.

1

NOT A CERTIFIED COPY

2. **AMENDMENT OF THE SERVICES AGREEMENT**

2.1 The Parties agree to delete Clause 1.1 in its entirety and replace it with the following:

"IOTC Jordan agrees to supply support services for the DESC Contract SP0600-05-D-0497 and the DESC Contracts awarded pursuant to Solicitation No. 1 (SP0600-05-R-0700-0001) and Solicitation No. 2 (SP0600-07-R-0700) in the area of trucking, terminal operations, quality control, billing, liaison with the border customs, processing of issuance claims, and any other duties as directed by IOTC Dubai or its representative. Any such directions shall be deemed incorporated into this Agreement as if fully set forth herein."

2.2 Save as amended herein, the Services Agreement shall remain in full force and effect and the Parties respectively covenant with each other to observe and perform their obligations pursuant to the terms of the Services Agreement as amended herein.

2.3 This Agreement and the Services Agreement shall constitute a single document and this Agreement shall be deemed to be effective as of 1 January 2007.

3. **GOVERNING LAW**

Clause 9 (Law and Arbitration) shall apply to this Agreement.

IN WITNESS WHEREOF the duly authorised representatives of the Parties have executed this Agreement on the day and year first above written.

Signed for and on behalf of

INTERNATIONAL OIL TRADING FZCO

By:

Name: Maher Shalleh

Title: Co. Representative

Signed for and on behalf of

INTERNATIONAL OIL TRADE CENTER

By:

Name: Majdi Bustami

Title: Manager

2

NOT A CERTIFIED COPY

**CONFIDENTIAL**

IOTC-01400

MAY-15-2007 11:03 DE :                                          A :5619998506        P.2/7

THIS SERVICES AGREEMENT (the "Agreement") is made as of the __1st__ day of June_. 2005 by and between:

(A)    International Oil Trading , a Dubai Free Zone Company with limited liability ("IOTC Dubai"), with offices at B16403A62, Jebel Ali Free Zone, Dubai, United Arab Emirates;

(B)    International Oil Trade Center Co. Ltd an offshore company registered at the Ministry of Industry and Trade Companies Control Department in the Hashemite Kingdom of Jordan under number 141, ("IOTC Jordan");

(C)    IOTC  USA has entered into a contract for the supply of fuel (JP8 & Diesel) to the Defense Energy Support Center (the "DESC Contract SP0600-05-D-0497"); and

(D)    IOTC  USA has engaged IOTC Dubai to monitor certain aspects of the DESC Contract.

IOTC Dubai desires to engage the services of IOTC Jordan and IOTC Jordan desires to perform such services based upon the terms and conditions as hereinafter set forth under this Agreement. IOTC Dubai and IOTC Jordan are sometimes referred to individually as a "Party" and collectively as the "Parties."

1.    Performance of Services

1.1    IOTC Jordan agrees to supply support services specifically for the DESC Contract in Jordan, in the area of trucking, terminal operations, quality control, billing, liaison with the border customs, processing of issuance claims, and any other duties as directed by IOTC Dubai or their representative, to other IOTC Dubai business or activity. Any such directions shall be deemed incorporated into this Agreement as if fully set forth herein.

1.2    IOTC Jordan covenants to IOTC Dubai that it shall take all steps to ensure the due and prompt performance by it of its obligations under this Agreement; including, but not limited to, the following:

The items listed in 1.1 above and prompt communication and response to the interest of IOTC Dubai as directed by IOTC Dubai or their duly authorized representative.

1.3    IOTC Dubai undertakes to IOTC Jordan that it shall take all steps to ensure the due and prompt performance of its obligations under this Agreement, including, but not limited to, the items listed in 1.2 above.

2.    Payment of Expenses

1

CONFIDENTIAL

IOTC-01401

2.1    Both parties will reimburse in kind all expenses relating to, but not limited to, the services outlined in 1.1 and 1.2 above at a rate previously agreed upon or established by the mutual agreement of IOTC Jordan and IOTC Dubai, within 15 days of receipt of claims. IOTC USA, on behalf of IOTC Dubai, has assigned proceeds of the contract with DESC to the Housing Bank as guarantee for loans received for IOTC Jordan. IOTC Jordan will deduct expenses related to the operation of the contract with DESC, and three dollars per metric ton of product delivered, from the proceeds received from Housing Bank and the balance will be transferred according to the instructions of IOTC Dubai. These proceed are solely the property of IOTC Dubai and shall not be used or distributed in any way without the authorization of IOTC Dubai.

2.2    IOTC Jordan will provide IOTC Dubai an annual financial report of all financial activity each calendar year or as instructed by IOTC Dubai.

3.    Power of Attorney and Representations

3.1    IOTC Jordan represents to IOTC Dubai:

3.1.1    that IOTC Jordan has not sold, assigned, transferred or otherwise encumbered or otherwise agreed to sell, assign transfer or otherwise encumber its obligations under this Agreement.

3.1.2    that there are no outstanding, or to the best of its knowledge and belief pending, disputes between IOTC Jordan and third parties in relation to its obligations under this Agreement.

3.2    IOTC Dubai represents to IOTC Jordan:

3.2.1    that it has not sold, assigned, transferred or otherwise encumbered or otherwise agreed to sell, assign, transfer or otherwise encumber its obligations under this Agreement to any third party other than to IOTC Jordan.

3.2.2    that there are no outstanding, or to the best of its knowledge and belief pending, disputes between itself and its agents or representatives in relation to its obligations under this Agreement.

4.    Claims

4.1    If any third party ("Counterparties") makes any claim for any loss of whatever nature against IOTC Jordan, IOTC Jordan shall indemnify and hold harmless IOTC Dubai against any liability, including attorneys' fees and costs incurred by IOTC Dubai in defending any action or proceeding, which it may incur to the Counterparties. IOTC Dubai may at any time by giving notice to IOTC Jordan, take over the handling of any such claim.

2

CONFIDENTIAL

IOTC-01402

MAY-15-2007 11:03  DE :                                   A :5619999506          P.4/7

4.2     If IOTC Jordan has any claim against any of the Counterparties for damages for breach of contract or in any other respect whatsoever. then IOTC Jordan shall pursue such claim promptly and any recovery made will be apportioned among the parties. IOTC Dubai may at any time by giving notice to IOTC Jordan take over the handling of any such claim,

4.3     The Parties agree that any costs incurred by IOTC Dubai or IOTC Jordan in pursuing or defending any action including any legal fees or costs of enforcement will be a cost allocated to the parties. Any sums actually recovered or paid out by IOTC Dubai or IOTC Jordan following a claim from or against any of the Counterparties will be included in a report following such payment or receipt, as a gain or loss as appropriate before payment of any other costs.

5          Representations and Warranties

IOTC Jordan and IOTC Dubai each represents and warrants to the other that:

(a)     It is duly incorporated or formed and validly existing in good standing under the laws of the jurisdiction and has the power to carry on its business now being conducted.

(b)     It has power to execute, deliver and perform its obligations under this Agreement and all necessary corporate, shareholder, member. partnership and other action has been taken to authorise the execution, delivery and performance of the same and no limitation on its powers will be exceeded as a result of the execution. delivery and performance of its obligations under this Agreement.

(c)     This Agreement constitutes or will, when executed. constitute valid and legally binding obligations of the parties enforceable in accordance with their respective terms.

(d)     The execution and delivery of, the performance of its obligations hereunder will not:

(i)     Contravene any existing applicable law, statute. rule or regulation or any judgement, decree or permit to which it is subject;

(ii)     Contravene or conflict with any provision of its constitutional documents.

(e)     It is not necessary to ensure the legality, validity, enforceability or admissibility in evidence of this Agreement that they or any other instrument be notarised, filed, recorded. registered or enrolled in any court, public office or elsewhere in any relevant jurisdiction or that any stamp, registration or similar tax or charge be paid in any relevant jurisdiction and this Agreement are in proper form for there enforcement in the courts of any relevant or competent jurisdiction.

(f)     To the best knowledge of the Parties. every consent, authorization, license or approval of, or registration with or declaration to. governmental or public bodies or authorities or courts required by it to authorize, or required by it in connection with the execution, delivery,

3

**CONFIDENTIAL**                                                                      **IOTC-01403**

MAY-15-2007 11:03   DE :                                          A :5619999506           P.5/7

validity, enforceability or admissibility in evidence of this Agreement or the performance by it of its obligations under this Agreement has been obtained or made and is in full force and effect and there has been no default in the observance of any conditions or restrictions imposed in, or in connection with, any of the same.

6.    **Termination**

6.1    If any of the undertakings, representations and warranties of IOTC Jordan contained in this Agreement are not correct or cease to be correct or if IOTC Jordan is in breach of this Agreement in any material respect, then unless capable of being remedied and being remedied within thirty (30) days of IOTC Dubai's giving written notice to IOTC Jordan or IOTC Jordan becoming aware of the failure to comply, IOTC Dubai shall be entitled to terminate this Agreement by giving written notice to IOTC Jordan.

6.2    If any of the undertakings, representations and warranties of IOTC Dubai contained in this Agreement are not correct or cease to be correct or if IOTC Dubai is in breach of this Agreement in any material respect, then unless capable of being remedied and being remedied within thirty (30) days of IOTC Jordan giving written notice to IOTC Dubai or IOTC Dubai becoming aware of the failure to comply, IOTC Jordan shall be entitled to terminate this Agreement by giving written notice to IOTC Dubai.

6.3    IOTC Dubai or IOTC Jordan may also terminate this Agreement on thirty (30) days written notice in the event that any of the Counterparties is, in the opinion of IOTC Dubai or IOTC Jordan in material breach of their respective obligations to IOTC Jordan or IOTC Dubai or if there is any other event such as force majeure, impossibility, or otherwise which prevents the proper performance under this Agreement unless such event is due solely to the act or default of IOTC Dubai or IOTC Jordan.

7    **Confidentiality**

7.1    Subject to clause 7.3, no party shall disclose the terms of this Agreement ("Confidential Information") to a third party who is not party to such agreement provided that such Confidential Information may be disclosed to a Parties' agents, representatives, advisors, attorneys, accountants, lenders and investors.

7.2    Confidential Information shall not include information which:

(a)    is disclosed with the other party's prior written consent;

(b)    is disclosed by a party to, its directors, employees, affiliates, agents, professional advisers, bank, financing institution or insurance provider;

(c)    is disclosed to comply with any applicable law, regulation, or rule of any exchange, system operator or regulatory body, or in connection with any court or regulatory proceeding; provided that each party shall, to the extent practicable and permissible under such

4

CONFIDENTIAL

IOTC-01404

law, regulation, or rule, use reasonable efforts to prevent or limit the disclosure and to give the other party prompt notice of it; or

(d)     is in or lawfully comes into the public domain other than by a breach of this clause 7.

7.3     A Party's obligation under this clause 7 shall expire one (1) year after all other obligations under this Agreement have expired.

7.4     Neither this Agreement nor any other agreement or arrangement of which it forms part, nor the performance by the Parties of their respective obligations under any such agreement or arrangement, shall constitute a partnership between the Parties. Neither Party shall have any authority (unless expressly conferred in writing by virtue of this Agreement or otherwise and not revoked) to bind the other Party as its agent or otherwise.

**8     Third Parties**

A person who is not a party to this Agreement has no right under the Contracts (Rights of Third Parties) Act 1999 to enforce any term hereof.

**9     Law and Arbitration**

This agreement shall be governed and construed in accordance with the laws of England, without regard to principles of choice of law.

Any dispute which arises between the parties out of or in connection with this agreement, including but not limited to any question regarding its existence, validity or termination, shall be referred to and finally resolved by arbitration under the rules of the international chamber of commerce, which rules are deemed to be incorporated.

The place of the arbitration shall be London. The language of the arbitration shall be English. The tribunal shall consist of three arbitrators, one to be nominated by each party and the third by the two so nominated.

Any award rendered in such arbitration shall be final and binding upon the parties hereto and judgment may be entered thereon of any order of enforcement obtained in any courts having jurisdiction.

If any dispute arises under or in connection with this contract (save for demurrage), which both parties fail to settle, the party seeking to make the claim shall commence arbitration proceedings within one year from the date on which the events giving rise to the claim occurred. Failing which, the claim shall be deemed waived and absolutely barred without recourse to litigation or arbitration.

5

**CONFIDENTIAL**                                                          **IOTC-01405**

MAY-15-2007 11:04  DE :                                    A :5619999586          P.7/7

### 10    Exclusive Agreement

Anything in this Agreement to the contrary notwithstanding, this Agreement shall be binding on the Parties and shall have no effect on any previous dealings between the Parties hereto regardless of their capacities, and all payments under this Agreement shall not in any manner be commingled with, accounted with, or set off against any payments heretofore made or to be made under any previous agreements between or among the Parties hereto, whether such agreements have been fully performed or are in the process of being performed.

This Agreement shall be effective on the date it is signed by both parties.

INTERNATIONAL OIL TRADING           INTERNATIONAL OIL TRADE CENTER
          FZCO                                         CO., LTD.


By: Sakher Abdallah              By: Mustafa Abu Naba

Its:                                      Its: Manager
Date: June 1, 2005                        Date: June 1, 2005

6

NOT A CERTIFIED COPY

CONFIDENTIAL                                    IOTC-01406

# EXHIBIT I



**DEFENSE LOGISTICS AGENCY**
DEFENSE ENERGY SUPPORT CENTER
8725 JOHN J. KINGMAN ROAD, SUITE 4950
FORT BELVOIR, VIRGINIA 22060-6222

IN REPLY
REFER TO     DESC-B                                    May 29, 2007

Mr. Harry Sargeant
International Oil Trading Company (IOTC USA)
3020 North Military Trail
Boca Raton, FL 33431

Dear Mr. Sargeant:

On May 3, 2007, we awarded Contract No. SP0600-07-D-0483 to IOTC USA under
Solicitation No. SP0600-07-R-0700 for fuel deliveries from Jordan to Iraq. Intermarkets
Global filed a protest with GAO on May 14, 2007. Although DESC does not believe that
the protest was valid, DESC identified another issue related to definitive responsibility
criteria that had not been raised in the protest. Therefore, DESC agreed to reconsider the
award decision by conducting a review of the entire contract file to ensure that all
offerors meet the requirements of the solicitation. DESC agreed to re-evaluate all
offerors who meet the requirements of the solicitation. Based upon that review, the
Source Selection Authority will issue a new source selection decision.

In connection with your offer, we note that Intermarkets Global raised an issue about
IOTC USA's responsibility based upon a translated copy of a Kingdom of Jordan
Ministry of Industry and Trade registration document that states that International Oil
Trade Center is not permitted to operate within Jordan. Section 600(A)(1)(b) of the
Solicitation specifically states that "Contractor must verify that they have been duly
authorized to operate and do business in Jordan . . ." Please confirm that you are duly
authorized to do business in Jordan and address the language of the certificate which
states that International Oil Trade Center is not permitted to operate within Jordan. We
also note that instead of your company, IOTC USA, the Letter of Authorization you
supplied references International Oil Trade Center. Please explain your relationship with
the International Oil Trade Center with regard to performance under this solicitation. We
request you provide us an explanation by noon (local Ft Belvoir, VA time) on Monday,
June 4, 2007.

                                        Sincerely,

                                        John R. Walker
                                        Contracting Officer


Federal Recycling Program        Printed on Recycled Paper

CONFIDENTIAL

IOTC-01390

A.866

# EXHIBIT J



**I.O.T.C**

**INTERNATIONAL**
OIL TRADING COMPANY

June 4, 2007

John R. Walker
Contracting Officer
Defense Logistics Agency
Defense Energy Support Center
8725 John J. Kingman Road, Suite 4950
Fort Belvoir, VA 22060-6222

      Re:     Solicitation No. SPO600-07-R-0700
              <u>Contract No. SPO600-07-D-0483</u>

Dear Mr. Walker:

      The purpose of this letter is to respond to the questions raised in your May 29, 2007 letter addressed to Mr. Harry Sargeant Jr, and during our telephone conversation of June 1, 2007. This letter, which is submitted in connection with the above captioned solicitation, contains confidential business sensitive information which should not be released outside DESC.

      First, you have requested that we explain the relationship of International Oil Trading Company (IOTC-USA) with International Oil Trade Center Company (IOTC-Jordan), with respect to the performance of the work covered by the above referenced solicitation and contract. As we have discussed, IOTC-USA is a single member Limited Liability Company doing business in Florida. IOTC-USA is fully owned by International Oil Trading FZCO (IOTC-Dubai), a Dubai Free Zone Company located in the United Arab Emirates. IOTC-Dubai, acting on behalf of IOTC-USA, has entered into a Services Agreement with IOTC-Jordan to provide services required by the DESC contract. **(Exhibit 1).** IOTC-Jordan is an offshore (exempt) company registered at the Ministry of Industry and Trade, Companies Control Department, in the Kingdom of Jordan, pursuant to the governing laws. **(Exhibits 2 and 3).** Under this Services Agreement, IOTC Jordan is responsible for the loading and terminal operations, local transportation, quality control, invoicing and coordination with local authorities.

      Second, you have asked about the relationship between Aqaba Petroleum Company and IOTC. Aqaba Petroleum is IOTC's local partner in Jordan with respect to this contract. In that position, Aqaba Petroleum assists IOTC in the clearance with customs and any other dealings and communications with the Government of Jordan, as well as with operational agreements with Jopetrol and other local subcontractors, suppliers, etc. Additionally, Aqaba Petroleum assists IOTC in the security of the operation including the coordination with local military forces. For that reason, the January 15, 2007 Letter of Authorization (LOA) was issued by the Ministry of Power and Mineral Resources to Aqaba Petroleum, in cooperation with IOTC-Jordan. **(Exhibit 4)**

---

3020 N. MILITARY TRAIL – BOCA RATON, FL 33431 - USA, Phone: (561)-999-9916 - Fax: (561)-999-9506

**CONFIDENTIAL**

**IOTC-01392**

**A.868**

John R. Walker, Contracting Officer
June 4, 2007
Page 2

Third, you have requested (a) that IOTC confirm that IOTC is authorized to do business in Jordan and (b) that IOTC address the language in the May 8, 2007 Registration Document (included in IMG's May 14, 2007 protest) suggesting that IOTC is not permitted to do business in Jordan. As explained above, IOTC- Jordan is an exempt (offshore) company and is authorized to do business by the Ministry of Industry and Trade, Companies Control Department, Kingdom of Jordan. As an exempt company, IOTC-Jordan maintains a headquarters and workforce in Jordan, but does not sell products in Jordan. IOTC has successfully delivered fuel to Iraq since 2004 under DESC Contracts Nos. SPO600-04-D-0506 and SPO600-05-D-0497. Under these contracts IOTC has imported, stored, loaded and transported fuel through Jordan into Iraq. This demonstrates that IOTC is authorized to import fuel through Jordan into Iraq.

With respect to Contract No. SPO600-07-D-0483, IOTC will obtain fuel from an offshore supplier, unload and store it in a Jordan Free Zone, and load and transport it through Jordan into Iraq. In order to demonstrate that IOTC has the authorization to perform the contract requirements, IOTC has obtained several written approvals from the appropriate Jordan Ministries, to supplement the January 15, 2007 LOA. Specifically, the Ministry of Industry and Trade Companies Control Department, certified on May 20, 2007 that:

> Pursuant to Article No. 211 of the companies law, the exempted company is registered in the Kingdom, and performs business outside of it, this complies with an exempted company performing its functions by Storage at Jordan Free Zones or Transit. **(Exhibit 5)**

Similarly, the same Ministry certified to the following on May 21, 2007:

> Please note that pursuant to Article No. (211) of the Company's Code, Your exempted company is registered in the Kingdom, performing its business outside/abroad, that comply with exempted company performing its business throw storage or transit in Jordanian Free Zones and supervising on its goods, providing that in condition not performing its activities within the Kingdom. **(Exhibit 6)**

On May 31, 2007 the Storage Director at the Aqaba Special Economic Zone Authority approved IOTC's request to enter and store imported products (fuel) in Aqaba storage zone warehouses and to get these products out of Jordan (into Iraq) by transit. **(Exhibit 7)**

In addition, IOTC has obtained a copy of a letter from the Ministry of Industry and Trade to another firm, Mall Trading Co., which is also registered in Jordan as an exempt company. **(Exhibit 8)** That letter makes it clear that exempt companies (such as IOTC) may import goods into Jordan and then export those goods to foreign countries using a Jordan transit company.

**CONFIDENTIAL**

**IOTC-01393**

A.869

John R. Walker, Contracting Officer
June 4, 2007
Page 3

As noted above, IMG's protest relies upon the following language, in the translated Registration Document, next to the term *Company Headquarters*: "Amman – Have the right to open branches outside the Kingdom and is not permitted to operate in the Kingdom." This is consistent with IOTC-Jordan's status as an "exempt" company. IOTC-Jordan does not sell fuel (or other products) within Jordan. However, as an exempt company, IOTC-Jordan is permitted to import fuel, unload and store that fuel in Jordan Free Zones, and transport it through Jordan into Iraq. This is exactly what IOTC-Jordan has done with respect to the current DESC contract, and what IOTC-Jordan will do on the contract starting July 1, 2007.

Please let us know if you need further information and/or clarifications,

Very truly yours,

William Mauco
V. P. Business Development

NOT A CERTIFIED COPY

CONFIDENTIAL

IOTC-01394

A.870

## EXHIBITS

1. Services Agreement between IOTC-Dubai and IOTC-Jordan, as amended.  
   June 1, 2005  
   June 3, 2007

2. Certificate issued by the Ministry of Industry and Trade, Companies Control Department of certifying that International Oil Trade Center, LLC, (exempted) has been incorporated as an LLC.  
   May 24, 2007

3. Translation of Exempted Companies System (Code) No. 19  
   June 16, 1991

4. Letter from Ministry of Power and Mineral Resources to Aqaba Petroleum Company approving Aqaba's Request (in cooperation with IOTC-Jordan) to import, store and transport fuel to Iraq.  
   January 15, 2007

5. Translation of Ministry of Industry and Trade Companies Control Department letter To Whom It May Concern, stating that IOTC-Jordan is registered in the Kingdom and performs its functions by storage at Jordan Free Zones and Transit.  
   May 20, 2007

6. Translation of Ministry of Industry and Trade, Companies Control Department letter to International Oil Trade Center, LLC (Exempted) stating that IOTC-Jordan is an exempted company performing its business through storage or transit in Jordan Free Zones and supervising on its goods.  
   May 21, 2007

7. Translation of Approval by Storage Director at Aqaba Economic Zone Authority for IOTC to store products at Aqaba Special Economic Zone Authority for transit purposes.  
   May 31, 2007

8. Translation of Ministry of Industry and Trade, Companies Control Department, stating that Mall Trading Company is registered as an LLC (exempt), and explaining that, as an exempt company, Mall Trading may import goods into Jordan and then export those goods to destination countries using Jordanian transporters.  
   May 30, 2007

CONFIDENTIAL

IOTC-01395

A.871

# EXHIBIT K

## Marc Pugliese

| | |
|---|---|
| **From:** | Wmauco [wmauco@iotcjo.com] |
| **Sent:** | Wednesday, June 20, 2007 10:05 AM |
| **To:** | William Mauco |
| **Subject:** | FW: IOTC Contract 07-D-0483 (Assignment to ABN AMRO) |
| **Attachments:** | 514 DESC.pdf; 514 DFAS.pdf |

---

**From:** Wilson, Roger (DESC)[SMTP:ROGER.WILSON@DLA.MIL]
**Sent:** Wednesday, June 20, 2007 5:00:24 PM
**To:** Wmauco
**Cc:** uscher@govconlaw.com; Walker, John R. (DESC)
**Subject:** FW: IOTC Contract 07-D-0483 (Assignment to ABN AMRO)
**Auto forwarded by a Rule**

Dear Mr. Mauco,

In order for DESC to process the assignment of IOTC's payments, request the assignment document be attested by the secretary or assistant secretary and impressed with the corporate seal or accompanied by a true copy of the resolution of the corporation's board of directors authorizing the signing representative to execute the assignment IAW FAR 32.805 (1) (ii) and (iii).

Since IOTC is a Florida limited liability company rather than a partnership, it is DESC's determination that the requirements described under paragraph (1) are applicable.

If you have any questions please advise.

Very best regards

Roger Wilson
Contract Specialist
Ph: 703-767-9310
Fx: 703-767-9044

---

**From:** Walker, John R. (DESC)
**Sent:** Monday, May 14, 2007 2:48 PM
**To:** Wilson, Roger (DESC)
**Subject:** FW: IOTC Contract 07-D-0483 (Assignment to ABN AMRO)

John R. Walker
Contracting Officer
DESC-B

Office (703) 767-9267
DSN (312) 427-9267
Cell (571) 243-2956
Home (703) 799-1895

1

CONFIDENTIAL                         AL-SALEH / IOTC Litigation                         IOTC - 007591

**PLAINTIFF'S
EXHIBIT
451**

nipr:  john.r.walker@dla.mil
Sipr:  john.r.walker@dla.smil.mil

---

**From:** Ron Uscher [mailto:uscher@govconlaw.com]
**Sent:** Monday, May 14, 2007 2:36 PM
**To:** Walker, John R. (DESC)
**Subject:** IOTC Contract 07-D-0483 (Assignment to ABN AMRO)

JOHN:

IOTC assigned payments to ABN AMRO under its new Jordan Contract (0483).  Attached are:

    1.  Our 5/14 cover letter to you including the Assignment and Notice of Assignment; and
    2.  Our 5/14 cover letter to DFAS, also including the Assignment and Notice of Assignment.

The above documents are also being sent to you today by overnight delivery.

    Upon receipt pls: (a) compete and return a copy of the Notice of Assignment  (b) issue a modification recognizing ABN AMRO as IOTC's assignee under Contract 0483.

    Pls let me know if you have any questions.

Thanks,
Ron Uscher
Attorney for
IOTC
(202) 293-8815 (ext.7110)

NOT A CERTIFIED COPY

**2**



# Peckar, Abramson, Bastianelli & Kelley, LLP
Attorneys & Counselors at Law

Two Lafayette Centre
1133 21st Street, N.W.
Suite 500
Washington, D.C. 20036
tel. 202.293.8815
fax 202.293.7994

New York

New Jersey

San Francisco

Los Angeles

Orange County

Miami

Fort Lauderdale

Chicago

London

www.govconlaw.com

May 14, 2007

**By E-mail (dfascolumbus@dfas.mil) and By Overnight Delivery**

Defense Finance and Accounting Service
Columbus Center
Stock Fund Directorate
Fuels Accounting and Payments Division
Attn: DFAS-BVDFB/CC
P.O. Box 182317
Columbus, OH 43218-6250

RE:  Assignment of Payments
International Oil Trading Company
Notice of Assignment of Payments
Contract No. SPO600-07-D-0483

Dear Sir or Madam:

On behalf of International Oil Trading Company ("IOTC"), we are forwarding to you documents notifying you of IOTC's assignment of payments under Contract No. ███████-D-0483 to ABN AMRO Bank B.V., pursuant to the Assignment of Claims Act of 1940, as amended, 31 U.S.C. 3727, 41 U.S.C. 15. We are simultaneously sending these documents to the Defense Energy Support Center ((DESC) Contracting Officer.

Attached are the following documents to accomplish the assignment in accordance with FAR 32.805:

1.      Three originals of the Notice of Assignment from ABN AMRO Bank B.V., and

2.      A copy of the Assignment by IOTC to ABN AMRO Bank B.V..

I trust that these documents are sufficient to effect the assignment of IOTC's payments under Contract No. SPO600-07-D-0483 to ABN AMRO Bank B.V.. Because we are coordinating the assignment process, please furnish me a copy of your acknowledgement of the Notice of Assignment, including date and time.



CONFIDENTIAL _____ AL-SALEH / IOTC Litigation _____ IOTC - 007593

# Peckar, Abramson, Bastianelli & Kelley, LLP
Attorneys & Counselors at Law

Defense Finance and Accounting Service
May 14, 2007
Page 2

If you have any questions regarding these documents, please call me. Thank you for your assistance.

Very truly yours,

Ronald H. Uscher
Attorney for
International Oil Trading Company

4 Enclosures

cc:    Harry Sargeant, III (w. encls.)
      International Oil Trading Company

      Gerrard C. Verroen (w. encls.)
      ABN AMRO Bank N.V.

IOTC002\ABN AMRO 0483 Cover Letter DFAS

NOT A CERTIFIED COPY

## NOTICE OF ASSIGNMENT

TO:    Defense Finance and Accounting Service
Columbus Center
Stock Fund Directorate
Fuels Accounting and Payments Division
Attn: DFAS-BVDFB/CC
P.O. Box 182317
Columbus, OH 43218-6250

1.    PLEASE TAKE NOTICE: This has reference to **Contract No.** ████████-**D-0483** (hereinafter "Contract") entered into between the U.S. Department of Defense, acting through its agency, the Defense Energy Support Center, and International Oil Trading Company (IOTC USA) for the supply of petroleum products.

2.    Moneys due or to become due under the Contract have been assigned to the undersigned pursuant to provisions of the Assignment of Claims Act of 1940, as amended, 31 U.S.C. 3727, 41 U.S.C. 15.

3.    A true copy of the instrument of assignment executed by International Oil Trading Company (IOTC USA) is attached to the original notice.

4.    Payments due or to become due under the Contract should be made to:

        ABN AMRO Bank N.V.
        Rotterdam Branch
        Coolsingel 119
        3012 AG Rotterdam
        The Netherlands
        SWIFT No.  ABNANL2A  IBAN  NL42ABNA0423055410
        Account No. 42. 30. 55. ███

5.    Please return to the undersigned the three enclosed copies of this Notice with appropriate notations showing the date and hour of receipt and signed by the person acknowledging receipt on behalf of the Defense Finance and Accounting Service.

NOT A CERTIFIED COPY

AL-SALEH / IOTC Litigation

Page 2 of 2

**ABN AMRO Bank N.V.**
Corporate Clients
Postbus 949
3000 DD Rotterdam

Very truly yours,

ABN AMRO Bank N.V.

BY: *Gerard Verroen*

TITLE: *Relationship Manager*

Rotterdam Branch
Coolsingel 119
3012 AG Rotterdam
The Netherlands
Attn: Mr. Gerard Verroen
Telephone (+31 10 40) 25439
FAX (+31 10 40) 24425
e-mail: gerard.verroen@nl.abnamro.com

Enclosure

ACKNOWLEDGEMENT:

   Receipt is acknowledgement of the above Notice of Assignment and a copy of the instrument of assignment. These were received at _____ (a.m.) (p.m.) on _____, 2007 or as indicated on the time/date stamp below.

_____
(Name: Print)

_____
(Title)

_____
(Signature)
On behalf of:
Defense Finance and Accounting Service

cc:   Mr. John R. Walker
      Contracting Officer
      Defense Energy Support Center
      8725 John J. Kingman Road, Suite 4950
      Fort Belvoir, VA 22060-6222
      Attn: DESC-B
      Telephone (703) 767-9267
      FAX (703) 767-9269
      e-mail: john.r.walker@dla.mil
      IOTC/002/ABN AMRO 0483 Notice Assignment DFAS

2

NOT A CERTIFIED COPY

## NOTICE OF ASSIGNMENT

TO:  Defense Finance and Accounting Service
Columbus Center
Stock Fund Directorate
Fuels Accounting and Payments Division
Attn: DFAS-BVDFB/CC
P.O. Box 182317
Columbus, OH 43218-6250

1. PLEASE TAKE NOTICE:  This has reference to Contract No. ███████-D-0483 (hereinafter "Contract") entered into between the U.S. Department of Defense, acting through its agency, the Defense Energy Support Center, and International Oil Trading Company (IOTC USA) for the supply of petroleum products.

2. Moneys due or to become due under the Contract have been assigned to the undersigned pursuant to provisions of the Assignment of Claims Act of 1940, as amended, 31 U.S.C. 3727, 41 U.S.C. 15.

3. A true copy of the instrument of assignment executed by International Oil Trading Company (IOTC USA) is attached to the original notice.

4. Payments due or to become due under the Contract should be made to:

ABN AMRO Bank N.V.
Rotterdam Branch
Coolsingel 119
3012 AG Rotterdam
The Netherlands
SWIFT No. ABNANL2A IBAN NL42ABNA0423055410
Account No. 42. 30. 55. ███

5. Please return to the undersigned the three enclosed copies of this Notice with appropriate notations showing the date and hour of receipt and signed by the person acknowledging receipt on behalf of the Defense Finance and Accounting Service.

NOT A CERTIFIED COPY

Page 2 of 2

**ABN AMRO Bank N.V.**
Corporate Clients
Posbus 949
3000 DD Rotterdam

Very truly yours,

ABN AMRO Bank N.V,

BY: *Gerard Verroen*

TITLE: *Relationship Manager*
Rotterdam Branch
Coolsingel 119
3012 AG Rotterdam
The Netherlands
Attn: Mr. Gerard Verroen
Telephone (+31 10 40) 25439
FAX  (+31 10 40) 24425
e-mail: gerard.verroen@nl.abnamro.com

Enclosure

ACKNOWLEDGEMENT:

Receipt is acknowledgement of the above Notice of Assignment and a copy of the instrument of assignment.  These were received at _____ (a.m.) (p.m.) on _____, 2007 or as indicated on the time/date stamp below.

_____
(Name: Print)

_____
(Title)

_____
(Signature)
On behalf of:
Defense Finance and Accounting Service

cc:     Mr. John R. Walker
        Contracting Officer
        Defense Energy Support Center
        8725 John J. Kingman Road, Suite 4950
        Fort Belvoir, VA  22060-6222
        Attn: DESC-B
        Telephone (703) 767-9267
        FAX (703) 767-9269
        e-mail: john.r.walker@dla.mil
        IOTC/002/ABN AMRO 0483 Notice Assignment DFAS

2

NOT A CERTIFIED COPY

## NOTICE OF ASSIGNMENT

TO:    Defense Finance and Accounting Service
        Columbus Center
        Stock Fund Directorate
        Fuels Accounting and Payments Division
        Attn: DFAS-BVDFB/CC
        P.O. Box 182317
        Columbus, OH 43218-6250

1.    PLEASE TAKE NOTICE:  This has reference to Contract No. ▇▇▇▇▇▇-D-0483 (hereinafter "Contract") entered into between the U.S. Department of Defense, acting through its agency, the Defense Energy Support Center, and International Oil Trading Company (IOTC USA) for the supply of petroleum products.

2.    Moneys due or to become due under the Contract have been assigned to the undersigned pursuant to provisions of the Assignment of Claims Act of 1940, as amended, 31 U.S.C. 3727, 41 U.S.C. 15.

3.    A true copy of the instrument of assignment executed by International Oil Trading Company (IOTC USA) is attached to the original notice.

4.    Payments due or to become due under the Contract should be made to:

        ABN AMRO Bank N.V.
        Rotterdam Branch
        Coolsingel 119
        3012 AG Rotterdam
        The Netherlands
        SWIFT No.  ABNANL2A  IBAN  NL42ABNA0423055410
        Account No. 42. 30. 55. ▇▇▇

5.    Please return to the undersigned the three enclosed copies of this Notice with appropriate notations showing the date and hour of receipt and signed by the person acknowledging receipt on behalf of the Defense Finance and Accounting Service.

NOT A CERTIFIED COPY

Page 2 of 2

<div style="text-align:right">

.BN AMRO Bank N.V.
Corporate Clients
Postbus 949
3000 DD Rotterdam

</div>

Very truly yours,

ABN AMRO Bank N.V.

BY: _Gerard Verroen_

TITLE: _Relationship Manager_
Rotterdam Branch
Coolsingel 119
3012 AG Rotterdam
The Netherlands
Attn: Mr. Gerard Verroen
Telephone (+31 10 40) 25439
FAX  (+31 10 40) 24425
e-mail: gerard.verroen@nl.abnamro.com

Enclosure

ACKNOWLEDGEMENT:

Receipt is acknowledgement of the above Notice of Assignment and a copy of the instrument of assignment. These were received at _____ (a.m.) (p.m.) on _____, 2007 or as indicated on the time/date stamp below.

_____
(Name: Print)

_____
(Title)

_____
(Signature)
On behalf of:
Defense Finance and Accounting Service

cc:     Mr. John R. Walker
        Contracting Officer
        Defense Energy Support Center
        8725 John J. Kingman Road, Suite 4950
        Fort Belvoir, VA 22060-6222
        Attn: DESC-B
        Telephone (703) 767-9267
        FAX (703) 767-9269
        e-mail: john.r.walker@dla.mil
        IOTC/002/ABN AMRO 0483 Notice Assignment DFAS

2

NOT A CERTIFIED COPY

NOT A CERTIFIED COPY

## ASSIGNMENT

THIS ASSIGNMENT made this _8_ day of _May_, 2007 by INTERNATIONAL OIL TRADING COMPANY (IOTC USA) a Florida Limited Liability Company with its principal place of business at 3020 North Military Trail, Boca Raton, Florida 33431 hereinafter ("ASSIGNOR"), to ABN AMRO Bank N.V., Rotterdam Branch, with a business location at Coolsingel 119, 3012 AG Rotterdam, The Netherlands (SWIFT No. ABNANL2A   IBAN NL42ABNA0423055410 (hereinafter "ASSIGNEE");

WHEREAS, ASSIGNOR and the United States of America acting through its agency, The Defense Energy Support Center, have entered into Contract Number ████████-D-0483 (hereinafter "CONTRACT") for supplying petroleum products;

WHEREAS, under the provisions of the Assignment of Claims Act of 1940, as amended, 31 U.S.C. 3727, 41 U.S.C. 15, assignments of payments due or to become due under contracts are permitted to a financial institution which extends credit for financing the performance of such contracts; and

WHEREAS, the ASSIGNOR wishes to assign payments due or to become due under the CONTRACTS to ASSIGNEE;

NOW THEREFORE, for valuable consideration, receipt of which is hereby acknowledged:

1.   ASSIGNOR hereby assigns the payments due or to become due under the CONTRACT and any revisions, modifications, amendments, options, claims and extensions thereto to the ASSIGNEE, its successors and assigns; and

2.   ASSIGNOR hereby authorizes and directs the United States of America, its departments, agencies, offices, agents, and officers to draw and deliver, including by wire transfer, to the order of ASSIGNEE all payments now due or that may hereafter become due or owing under the CONTRACT as follows:

> ABN AMRO Bank, N.V.
> Rotterdam Branch
> Coolsingel 119
> 3012 AG Rotterdam
> The Netherlands
> SWIFT No. ABNANL2A   IBAN  NL42ABNA0423055410
> Account No. 42. 30. 55. ██

Page 2 of 2

3.    ASSIGNOR represents and warrants that it has been released from any and all prior assignments of payments and claims hereby assigned, or any part thereof, and warrants that this Assignment has been duly and validly executed and constitutes a first and paramount claim against payments and claims hereby assigned to the best of its knowledge; and

4.    ASSIGNEE shall have or be under no duty whatever to perform or carry out any of the obligations undertaken by ASSIGNOR under the CONTRACT; and

5.    This instrument may be executed in several counterparts, each of which shall be considered original.

IN WITNESS WHEREOF, ASSIGNOR has executed this Assignment on the date first written above.

INTERNATIONAL OIL TRADE CENTER (USA)

BY: _____ (SEAL)
    Harry Sargeant, III
    President
    International Oil Trading Company (IOTC USA)

STATE OF FLORIDA

COUNTY OF *PALM BEACH*

On this *8th* day of *MAY*, 2007, personally came before me, the undersigned Notary Public in the aforesaid State and County, Harry Sargeant, III, who being by me so duly sworn, states that he is the President of International Oil Trading Company (IOTC USA) and has signed his name to the foregoing instrument in attestation.

Witness my hand and notarial seal this *8th* day of *MAY*, 2007.

_____
Notary Public

My Commission expires: *08/30/2010*

Notary Public State of Florida
Angela L Marino
My Commission DD572135
Expires 08/30/2010

IOTC/002/ABN AMRO 0483 Assignment

2

CONFIDENTIAL

AL-SALEH / IOTC Litigation

IOTC - 007602

NOT A CERTIFIED COPY



# Peckar, Abramson, Bastianelli & Kelley, LLP

Attorneys & Counselors at Law

Two Lafayette Centre
1133 21st Street, N.W.
Suite 500
Washington, D.C. 20036
tel. 202.293.8815
fax 202.293.7994

New York

New Jersey

San Francisco

Los Angeles

Orange County

Miami

Fort Lauderdale

Chicago

London

www.govconlaw.com

May 14, 2007

**By E-mail (john.r.walker@dla.mil) and By Overnight Delivery**

Mr. John R. Walker
Contracting Officer
Defense Energy Support Center
8725 John J. Kingman Road, Suite 4950
Fort Belvoir, VA 22060-6222
Attn: DESC-B

> RE: **Assignment of Payments**
> International Oil Trading Company
> Notice of Assignment of Payments
> Contract No. SPO600-07-D-0483

Dear John:

On behalf of International Oil Trading Company ("IOTC"), we are forwarding to you documents notifying you of IOTC's assignment of payments under Contract No. SPO600-07-D-0483 to ABN AMRO Bank B.V., pursuant to the Assignment of Claims Act of 1940, as amended, 31 U.S.C. 3727, 41 U.S.C. 15. We are simultaneously sending these documents to the Disbursing Officer at the Defense Finance and Accounting Service (DFAS).

Attached are the following documents to accomplish the assignment in accordance with FAR 32.805:

1.      Original and three copies of the Notice of Assignment from ABN AMRO Bank B.V., and

2.      A copy of the Assignment by IOTC to ABN AMRO Bank B.V..

I trust that these documents are sufficient to effect the assignment of IOTC's payments under Contract No. ▆▆▆▆-D-▆▆▆ ABN AMRO Bank B.V.. Because we are coordinating the assignment process, please furnish me:

(a) A copy of your acknowledgement of the Notice of Assignment, including date and time; and

(b) A copy of the contract modification recognizing ABN AMRO B.V. as IOTC's assignee under Contract No. SPO600-07-D-0483.



CONFIDENTIAL _____ AL-SALEH / IOTC Litigation _____ IOTC - 007603

# Peckar, Abramson, Bastianelli & Kelley, LLP

Attorneys & Counselors at Law

John R. Walker
May 14, 2007
Page 2

If you have any questions regarding these documents, please call me.

Thank you for your assistance.

Very truly yours,

Ronald H. Uscher
Attorney for
International Oil Trading Company

5 Enclosures

cc:   Harry Sargeant, III (w. encls.)
      International Oil Trade Company

      Gerrard C. Verroen (w. encls.)
      ABN AMRO Bank N.V.

IOTC\002\ABN AMRO 0483 Cover Letter CO

NOT A CERTIFIED COPY

AL-SALEH / IOTC Litigation

## NOTICE OF ASSIGNMENT

TO:    Mr. John R. Walker
          Contracting Officer
          Defense Energy Support Center
          8725 John J. Kingman Road, Suite 4950
          Fort Belvoir, VA 22060-6222
          Attn: DESC-B

1.     PLEASE TAKE NOTICE: This has reference to **Contract No. SP0600-07-D-0483** (hereinafter "Contract") entered into between the U.S. Department of Defense, acting through its agency, the Defense Energy Support Center, and International Oil Trading Company (IOTC USA) for the supply of petroleum products.

2.     Moneys due or to become due under the Contract have been assigned to the undersigned pursuant to provisions of the Assignment of Claims Act of 1940, as amended, 31 U.S.C. 3727, 41 U.S.C. 15.

3.     A true copy of the instrument of assignment executed by International Oil Trading Company (IOTC USA) is attached to the original notice.

4.     Payments due or to become due under the Contract should be made to:

          ABN AMRO Bank N.V.
          Rotterdam Branch
          Coolsingel 119
          3012 AG Rotterdam
          The Netherlands
          SWIFT No. ABNANL2A IBAN NL42ABNA0423055410
          Account No. 42. 30. 55. 410
          Favour: International Oil trading Company B.V.

5.     Please return to the undersigned the three enclosed copies of this Notice with appropriate notations showing the date and hour of receipt and signed by the person acknowledging receipt on behalf of the Defense Energy Support Center.

NOT A CERTIFIED COPY

Page 2 of 2

**3N AMRO Bank N.V.**
Corporate Clients
Postbus 940
3000 DD Rotterdam

Very truly yours,

ABN AMRO Bank N.V.

BY: _Gerard Verroen_____

TITLE: _Relationship Manager_
Rotterdam Branch
Coolsingel 119
3012 AG Rotterdam
The Netherlands
Attn: Mr. Gerard Verroen
Telephone (+31 10 40) 25439
FAX (+31 10 40) 24425
e-mail: gerard.verroen@nl.abnamro.com

Enclosure

ACKNOWLEDGEMENT:

Receipt is acknowledgement of the above Notice of Assignment and a copy of the instrument of assignment. These were received at _____ (a.m.) (p.m.) on _____, 2007 or as indicated on the time/date stamp below.

_____
(Name: Print)

_____
(Title)

_____
(Signature)
On behalf of:
Defense Energy Support Center

cc:     Defense Finance and Accounting Service
        Columbus Center
        Stock Fund Directorate
        Fuels Accounting and Payments Division
        Attn: DFAS-BVDFB/CC
        P.O. Box 182317
        Columbus, OH 43218-6250

IOTC/002/ABN AMRO 0483 Notice Assignment CO

2

CONFIDENTIAL _____ AL-SALEH / IOTC Litigation _____ IOTC - 007606

## NOTICE OF ASSIGNMENT

TO:   Mr. John R. Walker
      Contracting Officer
      Defense Energy Support Center
      8725 John J. Kingman Road, Suite 4950
      Fort Belvoir, VA  22060-6222
      Attn: DESC-B

1.   PLEASE TAKE NOTICE:  This has reference to **Contract No.** ██████-**D-0483**
     (hereinafter "Contract") entered into between the U.S. Department of Defense, acting
     through its agency, the Defense Energy Support Center, and International Oil Trading
     Company (IOTC USA) for the supply of petroleum products.

2.   Moneys due or to become due under the Contract have been assigned to the undersigned
     pursuant to provisions of the Assignment of Claims Act of 1940, as amended, 31 U.S.C.
     3727, 41 U.S.C. 15.

3.   A true copy of the instrument of assignment executed by International Oil Trading
     Company (IOTC USA) is attached to the original notice.

4.   Payments due or to become due under the Contract should be made to:

         ABN AMRO Bank N.V.
         Rotterdam Branch
         Coolsingel 119
         3012 AG Rotterdam
         The Netherlands
         SWIFT No.  ABNANL2A  IBAN  NL42ABNA0423055410
         Account No. 42. 30.  55. ██
         Favour: International Oil trading Company B.V.

5.   Please return to the undersigned the three enclosed copies of this Notice with appropriate
     notations showing the date and hour of receipt and signed by the person acknowledging
     receipt on behalf of the Defense Energy Support Center.

NOT A CERTIFIED COPY

Page 2 of 2

3N AMRO Bank N.V.
Corporate Clients
Postbus 949
3000 DD Rotterdam

Very truly yours,

ABN AMRO Bank N.V.

BY: *Gerard Verroen*

TITLE: *Relationship Manager*
Rotterdam Branch
Coolsingel 119
3012 AG Rotterdam
The Netherlands
Attn: Mr. Gerard Verroen
Telephone (+31 10 40) 25439
FAX (+31 10 40) 24425
e-mail: gerard.verroen@nl.abnamro.com

Enclosure

ACKNOWLEDGEMENT:

Receipt is acknowledgement of the above Notice of Assignment and a copy of the instrument of assignment. These were received at _____ (a.m.) (p.m.) on _____, 2007 or as indicated on the time/date stamp below.

_____
(Name: Print)

_____
(Title)

_____
(Signature)
On behalf of:
Defense Energy Support Center

cc:     Defense Finance and Accounting Service
        Columbus Center
        Stock Fund Directorate
        Fuels Accounting and Payments Division
        Attn: DFAS-BVDFB/CC
        P.O. Box 182317
        Columbus, OH 43218-6250

IOTC/002/ABN AMRO 0483 Notice Assignment CO

2

NOT A CERTIFIED COPY

## NOTICE OF ASSIGNMENT

TO:   Mr. John R. Walker
      Contracting Officer
      Defense Energy Support Center
      8725 John J. Kingman Road, Suite 4950
      Fort Belvoir, VA  22060-6222
      Attn: DESC-B

1.    PLEASE TAKE NOTICE:  This has reference to **Contract No. SP0600-07-D-0483** (hereinafter "Contract") entered into between the U.S. Department of Defense, acting through its agency, the Defense Energy Support Center, and International Oil Trading Company (IOTC USA) for the supply of petroleum products.

2.    Moneys due or to become due under the Contract have been assigned to the undersigned pursuant to provisions of the Assignment of Claims Act of 1940, as amended, 31 U.S.C. 3727, 41 U.S.C. 15.

3.    A true copy of the instrument of assignment executed by International Oil Trading Company (IOTC USA) is attached to the original notice.

4.    Payments due or to become due under the Contract should be made to:

      ABN AMRO Bank N.V.
      Rotterdam Branch
      Coolsingel 119
      3012 AG Rotterdam
      The Netherlands
      SWIFT No.  ABNANL2A  IBAN  NL42ABNA0423055410
      Account No. 42. 30.  55.  410
      Favour: International Oil trading Company B.V.

5.    Please return to the undersigned the three enclosed copies of this Notice with appropriate notations showing the date and hour of receipt and signed by the person acknowledging receipt on behalf of the Defense Energy Support Center.

NOT A CERTIFIED COPY

Page 2 of 2

3N AMRO Bank N.V.
Corporate Clients
Postbus 940
3000 DD  Rotterdam

Very truly yours,

ABN AMRO Bank N.V.

BY: *Gerard Verroen*

TITLE: *Relationship Manager*

Rotterdam Branch
Coolsingel 119
3012 AG Rotterdam
The Netherlands
Attn: Mr. Gerard Verroen
Telephone (+31 10 40) 25439
FAX  (+31 10 40) 24425
e-mail: gerard.verroen@nl.abnamro.com

Enclosure

ACKNOWLEDGEMENT:

Receipt is acknowledgement of the above Notice of Assignment and a copy of the instrument of assignment.  These were received at _____ (a.m.) (p.m.) on _____, 2007 or as indicated on the time/date stamp below.

_____
(Name: Print)

_____
(Title)

_____
(Signature)
On behalf of:
Defense Energy Support Center

cc:     Defense Finance and Accounting Service
        Columbus Center
        Stock Fund Directorate
        Fuels Accounting and Payments Division
        Attn: DFAS-BVDFB/CC
        P.O. Box 182317
        Columbus, OH 43218-6250

*IOTC/002/ABN AMRO 0483 Notice Assignment CO*

2

NOT A CERTIFIED COPY

IOTC - 007611

## NOTICE OF ASSIGNMENT

TO:    Mr. John R. Walker
          Contracting Officer
          Defense Energy Support Center
          8725 John J. Kingman Road, Suite 4950
          Fort Belvoir, VA  22060-6222
          Attn: DESC-B

1.      PLEASE TAKE NOTICE:  This has reference to **Contract No. SP0600-07-D-0483** (hereinafter "Contract") entered into between the U.S. Department of Defense, acting through its agency, the Defense Energy Support Center, and International Oil Trading Company (IOTC USA) for the supply of petroleum products.

2.      Moneys due or to become due under the Contract have been assigned to the undersigned pursuant to provisions of the Assignment of Claims Act of 1940, as amended, 31 U.S.C. 3727, 41 U.S.C. 15.

3.      A true copy of the instrument of assignment executed by International Oil Trading Company (IOTC USA) is attached to the original notice.

4.      Payments due or to become due under the Contract should be made to:

          ABN AMRO Bank N.V.
          Rotterdam Branch
          Coolsingel 119
          3012 AG Rotterdam
          The Netherlands
          SWIFT No.  ABNANL2A  IBAN  NL42ABNA0423055410
          Account No. 42. 30. 55. 410
          Favour: International Oil trading Company B.V.

5.      Please return to the undersigned the three enclosed copies of this Notice with appropriate notations showing the date and hour of receipt and signed by the person acknowledging receipt on behalf of the Defense Energy Support Center.

CONFIDENTIAL

AL-SALEH / IOTC Litigation

Page 2 of 2

**3N AMRO Bank N.V.**
Co-porate Clients
Postbus 949
3000 DD  Rotterdam

Very truly yours,

ABN AMRO Bank N.V.

BY: _Gerard Verroen_____

TITLE: _Relationship Manager____
Rotterdam Branch
Coolsingel 119
3012 AG Rotterdam
The Netherlands
Attn: Mr. Gerard Verroen
Telephone (+31 10 40) 25439
FAX  (+31 10 40) 24425
e-mail: gerard.verroen@nl.abnamro.com

Enclosure

ACKNOWLEDGEMENT:

Receipt is acknowledgement of the above Notice of Assignment and a copy of the instrument of assignment. These were received at _____ (a.m.) (p.m.) on _____, 2007 or as indicated on the time/date stamp below.

_____
(Name: Print)

_____
(Title)

_____
(Signature)
On behalf of:
Defense Energy Support Center

cc:   Defense Finance and Accounting Service
Columbus Center
Stock Fund Directorate
Fuels Accounting and Payments Division
Attn: DFAS-BVDFB/CC
P.O. Box 182317
Columbus, OH 43218-6250

IOTC/002/ABN AMRO 0483 Notice Assignment CO

2

CONFIDENTIAL                    AL-SALEH / IOTC Litigation                    IOTC - 007612

## ASSIGNMENT

THIS ASSIGNMENT made this _8_ day of _May_, 2007 by INTERNATIONAL OIL TRADING COMPANY (IOTC USA) a Florida Limited Liability Company with its principal place of business at 3020 North Military Trail, Boca Raton, Florida 33431 hereinafter ("ASSIGNOR"), to ABN AMRO Bank N.V., Rotterdam Branch, with a business location at Coolsingel 119, 3012 AG Rotterdam, The Netherlands (SWIFT No. ABNANL2A   IBAN NL42ABNA0423055410 (hereinafter "ASSIGNEE");

WHEREAS, ASSIGNOR and the United States of America acting through its agency, The Defense Energy Support Center, have entered into Contract Number ▇▇▇▇▇▇-D-0483 (hereinafter "CONTRACT") for supplying petroleum products;

WHEREAS, under the provisions of the Assignment of Claims Act of 1940, as amended, 31 U.S.C. 3727, 41 U.S.C. 15, assignments of payments due or to become due under contracts are permitted to a financial institution which extends credit for financing the performance of such contracts; and

WHEREAS, the ASSIGNOR wishes to assign payments due or to become due under the CONTRACTS to ASSIGNEE;

NOW THEREFORE, for valuable consideration, receipt of which is hereby acknowledged:

1.   ASSIGNOR hereby assigns the payments due or to become due under the CONTRACT and any revisions, modifications, amendments, options, claims and extensions thereto to the ASSIGNEE, its successors and assigns; and

2.   ASSIGNOR hereby authorizes and directs the United States of America, its departments, agencies, offices, agents, and officers to draw and deliver, including by wire transfer, to the order of ASSIGNEE all payments now due or that may hereafter become due or owing under the CONTRACT as follows:

> ABN AMRO Bank, N.V.
> Rotterdam Branch
> Coolsingel 119
> 3012 AG Rotterdam
> The Netherlands
> SWIFT No. ABNANL2A   IBAN  NL42ABNA0423055410
> Account No. 42. 30. 55. 410

CONFIDENTIAL ——————————————— AL-SALEH / IOTC Litigation —————————————— IOTC - 007613

Page 2 of 2

3.     ASSIGNOR represents and warrants that it has been released from any and all prior assignments of payments and claims hereby assigned, or any part thereof, and warrants that this Assignment has been duly and validly executed and constitutes a first and paramount claim against payments and claims hereby assigned to the best of its knowledge; and

4.     ASSIGNEE shall have or be under no duty whatever to perform or carry out any of the obligations undertaken by ASSIGNOR under the CONTRACT; and

5.     This instrument may be executed in several counterparts, each of which shall be considered original.

    IN WITNESS WHEREOF, ASSIGNOR has executed this Assignment on the date first written above.

                INTERNATIONAL OIL TRADE CENTER (USA)

                BY: _____ (SEAL)
                     Harry Sargeant, III
                     President
                     International Oil Trading Company (IOTC USA)

STATE OF FLORIDA

COUNTY OF *PALM BEACH*

    On this 8th day of MAY, 2007, personally came before me, the undersigned Notary Public in the aforesaid State and County, Harry Sargeant, III, who being by me so duly sworn, states that he is the President of International Oil Trading Company (IOTC USA) and has signed his name to the foregoing instrument in attestation.

    Witness my hand and notarial seal this 8th day of MAY, 2007.

                    _____
                    Notary Public

| Notary Public State of Florida |
| Angela L Marino |
| My Commission DD572135 |
| Expires 08/30/2010 |

                    My Commission expires: 08/30/2010

IOTC/002/ABN AMRO 0483 Assignment

2

NOT A CERTIFIED COPY

| | |
|---|---|
| **From:** | Ron Uscher [uscher@govconlaw.com] |
| **Sent:** | Thursday, July 05, 2007 5:13 PM |
| **To:** | Harry Sargeant Jr; William Mauco - IOTC |
| **Cc:** | 'Ala'a Al-Ali'; Malsaleh9@aol.com; Msheleh@iotcjo.com; Majdi Bustami - IOTC; Larry Geraldson; Kevin Kirkeide; Zarina Daneshvar; 'Rashad Zubi'; WRafferty@rsglawyers.com; 'John Tenenholtz'; 'Toni Clark' |
| **Subject:** | IOTC Contract 07-D-0483 (Assignment of Payments to ABN) |
| **Attachments:** | 75 Assign.pdf |

HARRY and WILLIAM:

The attached letter and docs sent to DESC today (7/5) should complete the assignment of payments to ABN for the new Jordan Contract (0483). When DESC issues the mod recognizing ABN as IOTC's assignee for payment, I will send Gerard a copy.

I will keep you advised. Pls let me know if you have any questions.

Best Regards!
Ron Uscherf

**From:** Ron Uscher [mailto:uscher@govconlaw.com]
**Sent:** Thursday, July 05, 2007 4:00 PM
**To:** 'roger.wilson@dla.mil'
**Cc:** 'Walker, John R. (DESC)'
**Subject:** IOTC Contract 07-D-0483 (Assignment of Payments)

ROGER:

By letter of May 14th I forwarded several documents necessary to assign IOTC's payments to ABN AMRO. Your June 20th e-mail explained that the assignment must be attested by the Secretary of IOTC.

The attached July 5th letter forwards the required documents, including the necessary attestation. Original hard copies are being sent by Fed Ex for delivery to you tomorrow. Please let me know if anything further is needed. If not, pls return the Contracting Officer's acknowledgement of the Notice of Assignment and a copy of the contract mod recognizing ABN AMRO B.V. as IOTC's assignee under Contract SPO600-07-D-0483.

Thanks.

Ron Uscher
Attorney for
IOTC
(202) 293-8815 (ext.7110)

1

**PLAINTIFF'S
EXHIBIT
460**

CONFIDENTIAL                          AL-SALEH / IOTC Litigation                          IOTC - 017749



# Peckar & Abramson
### A Professional Corporation • Attorneys & Counselors at Law

July 5, 2007

Two Lafayette Centre
1133 21st Street, N.W.
Suite 500
Washington, D.C. 20036
tel. 202.293.8815
fax 202.293.7894

New York

New Jersey

San Francisco

Los Angeles

Orange County

Miami

Fort Lauderdale

Orlando

Chicago

London

www.pecklaw.com

By E-mail (roger.wilson@dla.mil and By Overnight Delivery

Mr. Roger Wilson
Contract Specialist
Defense Energy Support Center
8725 John J. Kingman Road, Suite 4950
Fort Belvoir, VA. 22060-6222
Attn: DESC-B

RE:  Assignment of Payments
     International Oil Trading Company
     Notice of Assignment of Payments
     Contract No. ████████-D-0483

Dear Roger:

This firm represents International Oil Trading Company ("IOTC").

By letter of May 14, 2007 (Exhibit One) we forwarded documents notifying you of IOTC's assignment of payments under Contract No. ████████-D-0483 to ABN AMRO Bank B.V., pursuant to the Assignment of Claims Act of 1940, as amended, 31 U.S.C. 3███, 41 U.S.C. 15.  Simultaneously, similar documents were forwarded (Exhibit Two) to the Disbursing Officer at the Defense Finance and Accounting Service (DFAS).

In a June 20, 2007 e-mail (Exhibit Three) you explained that the Assignment must be attested by the Secretary of IOTC to comply with FAR 32.805(1) (ii) and (iii).

Attached is the original May 8, 2007 Assignment, now accompanied by the original June 28, 2007 Attestation of Mr. Mustafa Abu Nab'a, Secretary of IOTC (Exhibit Four).  Both documents are impressed with the seal of International Oil Trading Company, LLC.  In addition to these originals, three copies of all documents are attached.

I trust that these documents are now sufficient to effect the assignment of IOTC's payments under Contract No. ████████-D-0483 to ABN AMRO Bank B.V.  If not, please let me know.

a member of the


---

CONFIDENTIAL                AL-SALEH / IOTC Litigation                IOTC - 017750

# Peckar & Abramson
**A Professional Corporation • Attorneys & Counselors at Law**

Mr. Roger Wilson
July 5, 2007
Page two

Because we are coordinating the assignment process, please furnish me:

(a) A copy of the Contracting Officer's acknowledgement of the Notice of Assignment, including date and time; and

(b) A copy of the contract modification recognizing ABN AMRO B.V. as IOTC's assignee under Contract No. SPO600-07-D-0483.

If you have any questions regarding these documents, please call me.

Thank you for your assistance.

Very truly yours,

Ronald H. Uscher
Attorney for
International Oil Trading Company

4 Enclosures

cc:     Harry Sargeant, III (w. encls.)
        International Oil Trade Company

NOT A CERTIFIED COPY

# EXHIBIT 1

NOT A CERTIFIED COPY



# Peckar, Abramson, Bastianelli & Kelley, LLP

Attorneys & Counselors at Law

Two Lafayette Centre
1133 21st Street, N.W.
Suite 500
Washington, D.C. 20036
tel. 202.293.8815
fax 202.293.7994

New York

New Jersey

San Francisco

Los Angeles

Orange County

Miami

Fort Lauderdale

Chicago

London

www.govconlaw.com

May 14, 2007

**By E-mail (john.r.walker@dla.mil)  and By Overnight Delivery**

Mr. John R. Walker
Contracting Officer
Defense Energy Support Center
8725 John J. Kingman Road, Suite 4950
Fort Belvoir, VA  22060-6222
Attn:  DESC-B

RE:  Assignment of Payments
International Oil Trading Company
Notice of Assignment of Payments
Contract No. ██████-D-0483

Dear John:

On behalf of International Oil Trading Company ("IOTC"), we are forwarding to you documents notifying you of IOTC's assignment of payments under Contract No. SPO600-07-D-0483 to ABN AMRO Bank B.V., pursuant to the Assignment of Claims Act of 1940, as amended, 31 U.S.C. 3727, 41 U.S.C. 15.  We are simultaneously sending these documents to the Disbursing Officer at the Defense Finance and Accounting Service (DFAS).

Attached are the following documents to accomplish the assignment in accordance with FAR 32.805:

1.     Original and three copies of the Notice of Assignment from ABN AMRO Bank B.V., and

2.     A copy of the Assignment by IOTC to ABN AMRO Bank B.V..

I trust that these documents are sufficient to effect the assignment of IOTC's payments under Contract No. ██████-D-0483 to ABN AMRO Bank B.V.. Because we are coordinating the assignment process, please furnish me:

(a) A copy of your acknowledgement of the Notice of Assignment, including date and time; and

(b) A copy of the contract modification recognizing ABN AMRO B.V. as IOTC's assignee under Contract No. SPO600-07-D-0483.



a member of the
International
Construction Law
Alliance

CONFIDENTIAL

AL-SALEH / IOTC Litigation

IOTC - 017753

# Peckar, Abramson, Bastianelli & Kelley, LLP
Attorneys & Counselors at Law

John R. Walker
May 14, 2007
Page 2

If you have any questions regarding these documents, please call me.

Thank you for your assistance.

Very truly yours,

Ronald H. Uscher
Attorney for
International Oil Trading Company

5 Enclosures

cc:   Harry Sargeant, III (w. encls.)
      International Oil Trade Company

      Gerrard C. Verroen (w. encls.)
      ABN AMRO Bank N.V.

IOTC\012\ABN AMRO 0485 Cover Letter CO

NOT A CERTIFIED COPY

## ASSIGNMENT

THIS ASSIGNMENT made this _5_ day of _May_ , 2007 by INTERNATIONAL OIL TRADING COMPANY (IOTC USA) a Florida Limited Liability Company with its principal place of business at 3020 North Military Trail, Boca Raton, Florida 33431 hereinafter ("ASSIGNOR"), to ABN AMRO Bank N.V., Rotterdam Branch, with a business location at Coolsingel 119, 3012 AG Rotterdam, The Netherlands (SWIFT No. ABNANL2A   IBAN NL42ABNA0423055410 (hereinafter "ASSIGNEE");

WHEREAS, ASSIGNOR and the United States of America acting through its agency, The Defense Energy Support Center, have entered into **Contract Number** ███████-D-0483 (hereinafter "CONTRACT") for supplying petroleum products;

WHEREAS, under the provisions of the Assignment of Claims Act of 1940, as amended, 31 U.S.C. 3727, 41 U.S.C. 15, assignments of payments due or to become due under contracts are permitted to a financial institution which extends credit for financing the performance of such contracts; and

WHEREAS, the ASSIGNOR wishes to assign payments due or to become due under the CONTRACTS to ASSIGNEE;

NOW THEREFORE, for valuable consideration, receipt of which is hereby acknowledged:

1.  ASSIGNOR hereby assigns the payments due or to become due under the CONTRACT and any revisions, modifications, amendments, options, claims and extensions thereto to the ASSIGNEE, its successors and assigns; and

2.  ASSIGNOR hereby authorizes and directs the United States of America, its departments, agencies, offices, agents, and officers to draw and deliver, including by wire transfer, to the order of ASSIGNEE all payments now due or that may hereafter become due or owing under the CONTRACT as follows:

> ABN AMRO Bank, N.V.
> Rotterdam Branch
> Coolsingel 119
> 3012 AG Rotterdam
> The Netherlands
> SWIFT No. ABNANL2A   IBAN  NL42ABNA0423055410
> Account No. 42. 30. 55.███

CONFIDENTIAL      AL-SALEH / IOTC Litigation      IOTC - 017755

Page 2 of 2

3.   ASSIGNOR represents and warrants that it has been released from any and all prior assignments of payments and claims hereby assigned, or any part thereof, and warrants that this Assignment has been duly and validly executed and constitutes a first and paramount claim against payments and claims hereby assigned to the best of its knowledge; and

4.   ASSIGNEE shall have or be under no duty whatever to perform or carry out any of the obligations undertaken by ASSIGNOR under the CONTRACT; and

5.   This instrument may be executed in several counterparts, each of which shall be considered original.

IN WITNESS WHEREOF, ASSIGNOR has executed this Assignment on the date first written above.

INTERNATIONAL OIL TRADE CENTER (USA)

BY: _____ (SEAL)

Harry Sargeant, III
President
International Oil Trading Company (IOTC USA)

STATE OF FLORIDA

COUNTY OF PALM BEACH

On this 8th day of MAY, 2007, personally came before me, the undersigned Notary Public in the aforesaid State and County, Harry Sargeant, III, who being by me so duly sworn, states that he is the President of International Oil Trading Company (IOTC USA) and has signed his name to the foregoing instrument in attestation.

Witness my hand and notarial seal this 8th day of MAY, 2007.

_____
Notary Public

My Commission expires: 08/30/2010

Notary Public State of Florida
Angela L Marino
My Commission DD572135
Expires 08/30/2010

IOTC/002/ABN AMRO 0483 Assignment

2

NOT A CERTIFIED COPY

## NOTICE OF ASSIGNMENT

TO:   Mr. John R. Walker
      Contracting Officer
      Defense Energy Support Center
      8725 John J. Kingman Road, Suite 4950
      Fort Belvoir, VA  22060-6222
      Attn: DESC-B

1.   PLEASE TAKE NOTICE:  This has reference to **Contract No. SP0600-07-D-0483** (hereinafter "Contract") entered into between the U.S. Department of Defense, acting through its agency, the Defense Energy Support Center, and International Oil Trading Company (IOTC USA) for the supply of petroleum products.

2.   Moneys due or to become due under the Contract have been assigned to the undersigned pursuant to provisions of the Assignment of Claims Act of 1940, as amended, 31 U.S.C. 3727, 41 U.S.C. 15.

3.   A true copy of the instrument of assignment executed by International Oil Trading Company (IOTC USA) is attached to the original notice.

4.   Payments due or to become due under the Contract should be made to:

               ABN AMRO Bank N.V.
               Rotterdam Branch
               Coolsingel 119
               3012 AG Rotterdam
               The Netherlands
               SWIFT No.  ABNANL2A  IBAN  NL42ABNA0423055410
               Account No. 42. 30.  55. ▇
               Favour: International Oil trading Company B.V.

5.   Please return to the undersigned the three enclosed copies of this Notice with appropriate notations showing the date and hour of receipt and signed by the person acknowledging receipt on behalf of the Defense Energy Support Center.

NOT A CERTIFIED COPY

Page 2 of 2

ABN AMRO Bank N.V.
Corporate Clients
Postbus 949
3000 DD  Rotterdam

Very truly yours,

ABN AMRO Bank N.V.

BY: _Gerard Verroen_

TITLE: _Relationship Manager_
Rotterdam Branch
Coolsingel 119
3012 AG Rotterdam
The Netherlands
Attn: Mr. Gerard Verroen
Telephone (+31 10 40) 25439
FAX  (+31 10 40) 24425
e-mail: gerard.verroen@nl.abnamro.com

Enclosure

ACKNOWLEDGEMENT:

     Receipt is acknowledgement of the above Notice of Assignment and a copy of the instrument of assignment.  These were received at _____ (a.m.) (p.m.) on _____, 2007 or as indicated on the time/date stamp below.

_____
(Name: Print)

_____
(Title)

_____
(Signature)
On behalf of:
Defense Energy Support Center

cc:    Defense Finance and Accounting Service
       Columbus Center
       Stock Fund Directorate
       Fuels Accounting and Payments Division
       Attn: DFAS-BVDFB/CC
       P.O. Box 182317
       Columbus, OH 43218-6250

IOTC/002/ABN AMRO 0483 Notice Assignment CO

2

CONFIDENTIAL        AL-SALEH / IOTC Litigation        IOTC - 017758

NOT A CERTIFIED COPY

# EXHIBIT 2

NOT A CERTIFIED COPY



# Peckar, Abramson, Bastianelli & Kelley, LLP

Attorneys & Counselors at Law

Two Lafayette Centre
1133 21st Street, N.W.
Suite 500
Washington, D.C. 20036
tel. 202.293.8815
fax 202.293.7994

New York

New Jersey

San Francisco

Los Angeles

Orange County

Miami

Fort Lauderdale

Chicago

London

www.govconlaw.com

May 14, 2007

By E-mail (dfascolumbus@dfas.mil) and By Overnight Delivery

Defense Finance and Accounting Service
Columbus Center
Stock Fund Directorate
Fuels Accounting and Payments Division
Attn: DFAS-BVDFB/CC
P.O. Box 182317
Columbus, OH  43218-6250

      RE:  Assignment of Payments
          International Oil Trading Company
          Notice of Assignment of Payments
          Contract No. ███████-D-0483

Dear Sir or Madam:

    On behalf of International Oil Trading Company ("IOTC"), we are forwarding to you documents notifying you of IOTC's assignment of payments under Contract No. ███████████ to ABN AMRO Bank B.V., pursuant to the Assignment of Claims Act of 1940, as amended, 31 U.S.C. 3727, 41 U.S.C. 15. We are simultaneously sending these documents to the Defense Energy Support Center ((DESC) Contracting Officer.

    Attached are the following documents to accomplish the assignment in accordance with FAR 32.805:

1.    Three originals of the Notice of Assignment from ABN AMRO Bank B.V., and

2.    A copy of the Assignment by IOTC to ABN AMRO Bank B.V..

    I trust that these documents are sufficient to effect the assignment of IOTC's payments under Contract No. SPO600-07-D-0483 to ABN AMRO Bank B.V.. Because we are coordinating the assignment process, please furnish me a copy of your acknowledgement of the Notice of Assignment, including date and time.

a member of the
 International Construction Law Alliance

---

CONFIDENTIAL          AL-SALEH / IOTC Litigation          IOTC - 017760

# Peckar, Abramson, Bastianelli & Kelley, LLP
Attorneys & Counselors at Law

Defense Finance and Accounting Service
May 14, 2007
Page 2

If you have any questions regarding these documents, please call me. Thank you for your assistance.

Very truly yours,

Ronald H. Uscher
Attorney for
International Oil Trading Company

4 Enclosures

cc:   Harry Sargeant, III (w. encls.)
      International Oil Trading Company

      Gerrard C. Verroen (w. encls.)
      ABN AMRO Bank N.V.

IOTC\002\ABN AMRO 0483 Cover Letter DFAS

NOT A CERTIFIED COPY

## NOTICE OF ASSIGNMENT

TO:    Defense Finance and Accounting Service
Columbus Center
Stock Fund Directorate
Fuels Accounting and Payments Division
Attn: DFAS-BVDFB/CC
P.O. Box 182317
Columbus, OH 43218-6250

1.    PLEASE TAKE NOTICE:  This has reference to Contract No. ███████-D-0483 (hereinafter "Contract") entered into between the U.S. Department of Defense, acting through its agency, the Defense Energy Support Center, and International Oil Trading Company (IOTC USA) for the supply of petroleum products.

2.    Moneys due or to become due under the Contract have been assigned to the undersigned pursuant to provisions of the Assignment of Claims Act of 1940, as amended, 31 U.S.C. 3727, 41 U.S.C. 15.

3.    A true copy of the instrument of assignment executed by International Oil Trading Company (IOTC USA) is attached to the original notice.

4.    Payments due or to become due under the Contract should be made to:

        ABN AMRO Bank N.V.
        Rotterdam Branch
        Coolsingel 119
        3012 AG Rotterdam
        The Netherlands
        SWIFT No.  ABNANL2A  IBAN  NL42ABNA0423055410
        Account No. 42. 30. 55. ███

5.    Please return to the undersigned the three enclosed copies of this Notice with appropriate notations showing the date and hour of receipt and signed by the person acknowledging receipt on behalf of the Defense Finance and Accounting Service.

Page 2 of 2

**ABN AMRO Bank N.V.**
**Corporate Clients**
Postbus 949
3000 DD Rotterdam

Very truly yours,

ABN AMRO Bank N.V.

BY: _Gerard Verroen_

TITLE: _Relationship Manager_
Rotterdam Branch
Coolsingel 119
3012 AG Rotterdam
The Netherlands
Attn: Mr. Gerard Verroen
Telephone (+31 10 40) 25439
FAX (+31 10 40) 24425
e-mail: gerard.verroen@nl.abnamro.com

Enclosure

ACKNOWLEDGEMENT:

Receipt is acknowledgement of the above Notice of Assignment and a copy of the instrument of assignment. These were received at _____ (a.m.) (p.m.) on _____, 2007 or as indicated on the time/date stamp below.

_____

_____
(Name: Print)

_____
(Title)

_____
(Signature)
On behalf of:
Defense Finance and Accounting Service

cc:   Mr. John R. Walker
Contracting Officer
Defense Energy Support Center
8725 John J. Kingman Road, Suite 4950
Fort Belvoir, VA 22060-6222
Attn: DESC-B
Telephone (703) 767-9267
FAX (703) 767-9269
e-mail: john.r.walker@dla.mil
IOTC/002/ABN AMRO 0483 Notice Assignment DFAS

2

NOT A CERTIFIED COPY

## NOTICE OF ASSIGNMENT

TO:   Defense Finance and Accounting Service
      Columbus Center
      Stock Fund Directorate
      Fuels Accounting and Payments Division
      Attn: DFAS-BVDFB/CC
      P.O. Box 182317
      Columbus, OH 43218-6250

1.   PLEASE TAKE NOTICE:  This has reference to Contract No. SPO600-07-D-0483 (hereinafter "Contract") entered into between the U.S. Department of Defense, acting through its agency, the Defense Energy Support Center, and International Oil Trading Company (IOTC USA) for the supply of petroleum products.

2.   Moneys due or to become due under the Contract have been assigned to the undersigned pursuant to provisions of the Assignment of Claims Act of 1940, as amended, 31 U.S.C. 3727, 41 U.S.C. 15.

3.   A true copy of the instrument of assignment executed by International Oil Trading Company (IOTC USA) is attached to the original notice.

4.   Payments due or to become due under the Contract should be made to:

     ABN AMRO Bank N.V.
     Rotterdam Branch
     Coolsingel 119
     3012 AG Rotterdam
     The Netherlands
     SWIFT No. ABNANL2A IBAN NL42ABNA0423055410
     Account No. 42. 30. 55. ███

5.   Please return to the undersigned the three enclosed copies of this Notice with appropriate notations showing the date and hour of receipt and signed by the person acknowledging receipt on behalf of the Defense Finance and Accounting Service.

NOT A CERTIFIED COPY

ABN AMRO Bank N.V.
Corporate Clients
Postbus 949
3000 DD  Rotterdam

Page 2 of 2

Very truly yours,

ABN AMRO Bank N.V.

BY: _Gerard Verroen_____

TITLE: _Relationship Manager_
Rotterdam Branch
Coolsingel 119
3012 AG Rotterdam
The Netherlands
Attn: Mr. Gerard Verroen
Telephone (+31 10 40) 25439
FAX  (+31 10 40) 24425
e-mail: gerard.verroen@nl.abnamro.com

Enclosure

ACKNOWLEDGEMENT:

Receipt is acknowledgement of the above Notice of Assignment and a copy of the instrument of assignment.  These were received at _____ (a.m.) (p.m.) on _____, 2007 or as indicated on the time/date stamp below.

_____
(Name: Print)

_____
(Title)

_____
(Signature)
On behalf of:
Defense Finance and Accounting Service

cc:   Mr. John R. Walker
Contracting Officer
Defense Energy Support Center
8725 John J. Kingman Road, Suite 4950
Fort Belvoir, VA  22060-6222
Attn: DESC-B
Telephone (703) 767-9267
FAX (703) 767-9269
e-mail: john.r.walker@dla.mil
IOTC/002/ABN AMRO 0483 Notice Assignment DFAS

NOT A CERTIFIED COPY

2

## NOTICE OF ASSIGNMENT

TO:   Mr. John R. Walker
Contracting Officer
Defense Energy Support Center
8725 John J. Kingman Road, Suite 4950
Fort Belvoir, VA 22060-6222
Attn: DESC-B

1. PLEASE TAKE NOTICE: This has reference to **Contract No.** ██████-D-0483 (hereinafter "Contract") entered into between the U.S. Department of Defense, acting through its agency, the Defense Energy Support Center, and International Oil Trading Company (IOTC USA) for the supply of petroleum products.

2. Moneys due or to become due under the Contract have been assigned to the undersigned pursuant to provisions of the Assignment of Claims Act of 1940, as amended, 31 U.S.C. 3727, 41 U.S.C. 15.

3. A true copy of the instrument of assignment executed by International Oil Trading Company (IOTC USA) is attached to the original notice.

4. Payments due or to become due under the Contract should be made to:

> ABN AMRO Bank N.V.
> Rotterdam Branch
> Coolsingel 119
> 3012 AG Rotterdam
> The Netherlands
> SWIFT No. ABNANL2A IBAN NL42ABNA0423055410
> Account No. 42. 30. 55. ██
> Favour: International Oil trading Company B.V.

5. Please return to the undersigned the three enclosed copies of this Notice with appropriate notations showing the date and hour of receipt and signed by the person acknowledging receipt on behalf of the Defense Energy Support Center.

NOT A CERTIFIED COPY

Page 2 of 2

ABN AMRO Bank N.V.
Corporate Clients
Postbus 949
3000 DD Rotterdam

Very truly yours,

ABN AMRO Bank N.V.

BY: *Gerard Verroen*

TITLE: *Relationship Manager*
Rotterdam Branch
Coolsingel 119
3012 AG Rotterdam
The Netherlands
Attn: Mr. Gerard Verroen
Telephone (+31 10 40) 25439
FAX  (+31 10 40) 24425
e-mail: gerard.verroen@nl.abnamro.com

Enclosure

ACKNOWLEDGEMENT:

Receipt is acknowledgement of the above Notice of Assignment and a copy of the instrument of assignment.  These were received at _____ (a.m.) (p.m.) on _____, 2007 or as indicated on the time/date stamp below.

_____
(Name: Print)

_____
(Title)

_____
(Signature)
On behalf of:
Defense Energy Support Center

cc:    Defense Finance and Accounting Service
       Columbus Center
       Stock Fund Directorate
       Fuels Accounting and Payments Division
       Attn: DFAS-BVDFB/CC
       P.O. Box 182317
       Columbus, OH 43218-6250

IOTC/002/ABN AMRO 0483 Notice Assignment CO

2

NOT A CERTIFIED COPY

# EXHIBIT 3

NOT A CERTIFIED COPY

From: Wilson, Roger (DESC) [mailto:Roger.Wilson@dla.mil]
Sent: Wednesday, June 20, 2007 9:00 AM
To: wmauco@iotcjo.com
Cc: uscher@govconlaw.com; Walker, John R. (DESC)
Subject: FW: IOTC Contract 07-D-0483 (Assignment to ABN AMRO)

Dear Mr. Mauco,

In order for DESC to process the assignment of IOTC's payments, request the assignment document be attested by the secretary or assistant secretary and impressed with the corporate seal or accompanied by a true copy of the resolution of the corporation's board of directors authorizing the signing representative to execute the assignment IAW FAR 32.805 (1) (ii) and (iii).

Since IOTC is a Florida limited liability company rather than a partnership, it is DESC's determination that the requirements described under paragraph (1) are applicable.

If you have any questions please advise.

Very best regards

Roger Wilson
Contract Specialist
Ph: 703-767-9310
Fx:  703-767-9044

---

From: Walker, John R. (DESC)
Sent: Monday, May 14, 2007 2:48 PM
To: Wilson, Roger (DESC)
Subject: FW: IOTC Contract 07-D-0483 (Assignment to ABN AMRO)

John R. Walker
Contracting Officer
DESC-B

Office (703) 767-9267
DSN (312) 427-9267
Cell (571) 243-2956
Home (703) 799-1895

Nipr: john.r.walker@dla.mil
Sipr: john.r.walker@dla.smil.mil

---

From: Ron Uscher [mailto:uscher@govconlaw.com]
Sent: Monday, May 14, 2007 2:36 PM
To: Walker, John R. (DESC)
Subject: IOTC Contract 07-D-0483 (Assignment to ABN AMRO)

JOHN:

5/20/2007

NOT A CERTIFIED COPY

CERTIFIED COPY

CONFIDENTIAL
AL-SALEH / IOTC Litigation
IOTC - 017769

# EXHIBIT 4

NOT A CERTIFIED COPY

## ASSIGNMENT

THIS ASSIGNMENT made this _8_ day of _May_, 2007 by INTERNATIONAL OIL TRADING COMPANY (IOTC USA) a Florida Limited Liability Company with its principal place of business at 3020 North Military Trail, Boca Raton, Florida 33431 hereinafter ("ASSIGNOR"), to ABN AMRO Bank N.V., Rotterdam Branch, with a business location at Coolsingel 119, 3012 AG Rotterdam, The Netherlands (SWIFT No. ABNANL2A   IBAN NL42ABNA0423055410 (hereinafter "ASSIGNEE");

WHEREAS, ASSIGNOR and the United States of America acting through its agency, The Defense Energy Support Center, have entered into **Contract Number** ███████-D-0483 (hereinafter "CONTRACT") for supplying petroleum products;

WHEREAS, under the provisions of the Assignment of Claims Act of 1940, as amended, 31 U.S.C. 3727, 41 U.S.C. 15, assignments of payments due or to become due under contracts are permitted to a financial institution which extends credit for financing the performance of such contracts; and

WHEREAS, the ASSIGNOR wishes to assign payments due or to become due under the CONTRACTS to ASSIGNEE;

NOW THEREFORE, for valuable consideration, receipt of which is hereby acknowledged:

1.      ASSIGNOR hereby assigns the payments due or to become due under the CONTRACT and any revisions, modifications, amendments, options, claims and extensions thereto to the ASSIGNEE, its successors and assigns; and

2.      ASSIGNOR hereby authorizes and directs the United States of America, its departments, agencies, offices, agents, and officers to draw and deliver, including by wire transfer, to the order of ASSIGNEE all payments now due or that may hereafter become due or owing under the CONTRACT as follows:

> ABN AMRO Bank, N.V.
> Rotterdam Branch
> Coolsingel 119
> 3012 AG Rotterdam
> The Netherlands
> SWIFT No. ABNANL2A   IBAN   NL42ABNA0423055410
> Account No. 42. 30. 55. ██

NOT A CERTIFIED COPY

Page 2 of 2

3.    ASSIGNOR represents and warrants that it has been released from any and all prior assignments of payments and claims hereby assigned, or any part thereof, and warrants that this Assignment has been duly and validly executed and constitutes a first and paramount claim against payments and claims hereby assigned to the best of its knowledge; and

4.    ASSIGNEE shall have or be under no duty whatever to perform or carry out any of the obligations undertaken by ASSIGNOR under the CONTRACT; and

5.    This instrument may be executed in several counterparts, each of which shall be considered original.

IN WITNESS WHEREOF, ASSIGNOR has executed this Assignment on the date first written above.

INTERNATIONAL OIL TRADE CENTER (USA) COMPANY LLG

BY: _____ (SEAL)

Harry Sargeant, III
President
International Oil Trading Company (IOTC USA)

STATE OF FLORIDA

COUNTY OF *PALM BEACH*

On this *8th* day of ___*MAY*___, 2007, personally came before me, the undersigned Notary Public in the aforesaid State and County, Harry Sargeant, III, who being by me so duly sworn, states that he is the President of International Oil Trading Company (IOTC USA) and has signed his name to the foregoing instrument in attestation.

Witness my hand and notarial seal this *8th* day of ___*MAY*___, 2007.

_____
Notary Public

My Commission expires: ___*08/30/2010*___

Notary Public State of Florida
Angela L Marino
My Commission DD572135
Expires 08/30/2010

IOTC/002/ABN AMRO 0483 Assignment

2

CONFIDENTIAL        AL-SALEH / IOTC Litigation        IOTC - 017772

## ATTESTATION OF SECRETARY

The undersigned, as Secretary of INTERNATIONAL OIL TRADING COMPANY, LLC, d/b/a IOTC USA, a Florida limited liability company (the "Company"), hereby attests that:

1.    The Company is a duly formed, validly existing company in good standing under the laws of the State of Florida.

2.    The attached assignment to ABN AMRO Bank, N.V. (the "Assignment"), was signed by Harry Sargeant, III, the President of the Company, who was duly authorized by the Manager and the Sole Member of the Company to sign the Assignment.

Dated this __28__ day of June, 2007.

_Mustafa Abu Naba'a, Secretary_

NOT A CERTIFIED COPY

L:\R. to S\Sargeant\International Oil Trading [1009]\[001] General\Int'l Oil Trading Company, LLC\Attestation ABN AMRO.doc

CONFIDENTIAL                    AL-SALEH / IOTC Litigation                    IOTC - 017773

# EXHIBIT L

**IOTC USA**
**General Ledger**
**As of August 31, 2015**

| Type | Date | Num | Name | Memo | Split | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|
| **1055 · Comerica Operating #1811058559** | | | | | | | | **100.00** |
| Check | 11/22/2011 | | Comerica Bank | Miscellaneous Debit | 6050 · Bank charges & Interest | | 99.00 | 1.00 |
| Total 1055 · Comerica Operating #1811058559 | | | | | | 0.00 | 99.00 | 1.00 |
| **1100 · Accounts Receivable-Contracts** | | | | | | | | **75,348,060.24** |
| **1110 · A/R - 0497** | | | | | | | | **0.00** |
| Payment | 05/15/2012 | 1200635 | DESC:0497 | 1200635; 20120511 05D0497 | 1448 · Due from IOTC BV - BV Pd direct | | 226,150.00 | -226,150.00 |
| Total 1110 · A/R - 0497 | | | | | | 0.00 | 226,150.00 | -226,150.00 |
| **1115 · A/R - 0483** | | | | | | | | **73,944,616.71** |
| Total 1115 · A/R - 0483 | | | | | | | | 73,944,616.71 |
| **1117 · A/R - 0515** | | | | | | | | **1,403,443.53** |
| Total 1117 · A/R - 0515 | | | | | | | | 1,403,443.53 |
| **1100 · Accounts Receivable-Contracts - Other** | | | | | | | | **0.00** |
| Total 1100 · Accounts Receivable-Contracts - Other | | | | | | | | 0.00 |
| Total 1100 · Accounts Receivable-Contracts | | | | | | 0.00 | 226,150.00 | 75,121,910.24 |
| **1350 · Investment in Subsidiaries** | | | | | | | | **14,177,030.84** |
| **1351 · Inv in Solvochem Logistics Ltd.** | | | | | | | | **14,177,030.84** |
| Total 1351 · Inv in Solvochem Logistics Ltd. | | | | | | | | 14,177,030.84 |
| **1350 · Investment in Subsidiaries - Other** | | | | | | | | **0.00** |
| Total 1350 · Investment in Subsidiaries - Other | | | | | | | | 0.00 |
| Total 1350 · Investment in Subsidiaries | | | | | | | | 14,177,030.84 |
| **1440 · Due From Affiliates** | | | | | | | | **213,951,799.43** |
| **1355 · Due from Jordan** | | | | | | | | **30,076,400.14** |
| **1445 · IOTC Jordan- Due from related** | | | | | | | | **40,677,601.67** |
| Total 1445 · IOTC Jordan- Due from related | | | | | | | | 40,677,601.67 |
| **1447 · Due from Independent Oil Jordan** | | | | | | | | **-10,601,201.53** |
| Total 1447 · Due from Independent Oil Jordan | | | | | | | | -10,601,201.53 |
| **1355 · Due from Jordan - Other** | | | | | | | | **0.00** |
| Total 1355 · Due from Jordan - Other | | | | | | | | 0.00 |
| Total 1355 · Due from Jordan | | | | | | | | 30,076,400.14 |
| **1353 · Due from IOTC BV, net** | | | | | | | | **183,875,399.29** |
| **1446 · Due to IOTC BV-IOTCenter** | | | | | | | | **-90,110,000.00** |
| Total 1446 · Due to IOTC BV-IOTCenter | | | | | | | | -90,110,000.00 |
| **1448 · Due from IOTC BV - BV Pd direct** | | | | | | | | **273,985,399.29** |
| Payment | 05/15/2012 | 1200635 | DESC:0497 | 1200635; 20120511 05D0497 | 1110 · A/R - 0497 | 226,150.00 | | 274,211,549.29 |
| Total 1448 · Due from IOTC BV - BV Pd direct | | | | | | 226,150.00 | 0.00 | 274,211,549.29 |
| **1353 · Due from IOTC BV, net - Other** | | | | | | | | **0.00** |
| Total 1353 · Due from IOTC BV, net - Other | | | | | | | | 0.00 |
| Total 1353 · Due from IOTC BV, net | | | | | | 226,150.00 | 0.00 | 184,101,549.29 |
| **1440 · Due From Affiliates - Other** | | | | | | | | **0.00** |
| Total 1440 · Due From Affiliates - Other | | | | | | | | 0.00 |
| Total 1440 · Due From Affiliates | | | | | | 226,150.00 | 0.00 | 214,177,949.43 |
| **2000 · Accounts Payable** | | | | | | | | **-355,575.30** |

**IOTC USA**
**General Ledger**
**As of August 31, 2015**

| Type | Date | Num | Name | Memo | Split | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|
| General Journal | 05/03/2012 | 12062029 | Mercuria | Demurrage Invoice DEM: V105033 M/T Ocean Venture BOL Date 09.01.08 | 2415 · Due to IOTFZCO | 50,000.00 | | -305,575.30 |
| Total 2000 · Accounts Payable | | | | | | 50,000.00 | 0.00 | -305,575.30 |
| **2200 · Accounts Payable and Acc Exp** | | | | | | | | **-62,611,754.34** |
| Total 2200 · Accounts Payable and Acc Exp | | | | | | | | -62,611,754.34 |
| **2215 · Accrued Storage - Tanks** | | | | | | | | **-1,008,000.00** |
| Total 2215 · Accrued Storage - Tanks | | | | | | | | -1,008,000.00 |
| **2405 · Due to Shareholders/Affiliates** | | | | | | | | **-56,009,795.95** |
| **2415 · Due to IOTFZCO** | | | | | | | | **-56,009,795.95** |
| General Journal | 09/15/2011 | | Rafferty Stolzenberg Gelles | SVCE 7/28/11 and 7/28/11 - Also svces 08/01/11-08/31/11 | 6010 · Legal Fees | | 70,831.35 | -56,080,627.30 |
| General Journal | 09/15/2011 | | Rafferty Stolzenberg Gelles | SVCE7/28/11-7/29/11 and 08/01/11-08/31/11 in addition to fedex charges 8/15/11 and 9/15/11 | 6010 · Legal Fees | | 30,650.55 | -56,111,277.85 |
| General Journal | 09/20/2011 | | Vinson & Elkins, LLP - 91005-AILS | SVCES RENDERED THROUGH 8/31/11 | 6010 · Legal Fees | | 4,800.15 | -56,116,078.00 |
| General Journal | 09/22/2011 | | White & Case LLP | Professional Services rendered through August 31,2011 | 6010 · Legal Fees | | 7,833.28 | -56,123,911.28 |
| General Journal | 09/23/2011 | | Marty Martin | 20-23 Sep 2011 | 6650 · Travel & Subsistence | | 6,918.09 | -56,130,829.37 |
| General Journal | 09/26/2011 | 06262034 | David Millard | OCTOBER 2011 DM | 6040 · Contractors | | 8,333.33 | -56,139,162.70 |
| General Journal | 09/26/2011 | 06262034 | Kevin Hanebrink | OCTOBER 2011 KH | 6040 · Contractors | | 8,333.33 | -56,147,496.03 |
| General Journal | 09/27/2011 | | Gardere Wynne Sewell LLP | Svces p/e 8/31/11 | 6010 · Legal Fees | | 3,796.00 | -56,151,292.03 |
| General Journal | 09/28/2011 | | Dr Basem Mommamad Melhem | Al Saleh v. HS III,Mustafa & IOTC, LLC. | 6010 · Legal Fees | | 32,417.45 | -56,183,709.48 |
| General Journal | 09/30/2011 | | Peckar & Abramson-155090 | Services rendered through September 30,2011 | 6010 · Legal Fees | | 15,822.00 | -56,199,531.48 |
| General Journal | 09/30/2011 | | Peckar & Abramson-181800 | Services rendered through September 30,2011 | 6010 · Legal Fees | | 66,067.00 | -56,265,598.48 |
| General Journal | 10/06/2011 | | Rafferty Stolzenberg Gelles | svces 09/01/11-09/30/11 | 6010 · Legal Fees | | 4,315.82 | -56,269,914.30 |
| General Journal | 10/06/2011 | | Rafferty Stolzenberg Gelles | SVCES 09/01/11-09/30/11 AND 10/04/11 FEDEX CHARGES | 6010 · Legal Fees | | 27,353.04 | -56,297,267.34 |
| General Journal | 10/06/2011 | | Rafferty Stolzenberg Gelles | SVCES 09/07/11-09/30/11 - IOTC V. ALSALEH | 6010 · Legal Fees | | 34,619.50 | -56,331,886.84 |
| General Journal | 10/10/2011 | | KAUFMAN ROSSIN CO. | 9/26/11 parking /client Lunch/Dinner Mileage Per Diem Hotel Chgs P.Gannon July1st thru 9/30/11 | 6010 · Legal Fees | | 838.00 | -56,332,724.84 |
| General Journal | 10/21/2011 | | Kasowitz,Benson,Torres & Freidman,LLP | Professional Services rendered from May 2011 through September 2011 | 6010 · Legal Fees | | 25,939.12 | -56,358,663.96 |
| General Journal | 10/26/2011 | | David Millard | | 6040 · Contractors | | 8,333.33 | -56,366,997.29 |
| General Journal | 10/26/2011 | | Kevin Hanebrink | | 6040 · Contractors | | 8,333.33 | -56,375,330.62 |
| General Journal | 10/26/2011 | | White & Case LLP | Services rendered through September 30,2011 | 6010 · Legal Fees | | 2,503.14 | -56,377,833.76 |
| General Journal | 10/31/2011 | | Peckar & Abramson-155090 | Services rendered through 10/31/2011 | 6010 · Legal Fees | | 15,365.00 | -56,393,198.76 |
| General Journal | 10/31/2011 | | Peckar & Abramson-181800 | Services rendered through 10/31/2011 | 6010 · Legal Fees | | 52,467.00 | -56,445,665.76 |
| General Journal | 11/01/2011 | | Rafferty Stolzenberg Gelles | AS PER E-MAIL DATED 11/1/11 FROM KK - DE 213 ORDER DETERMINING AMOUNT OF FEES & COST re DISCOVER... | 6010 · Legal Fees | | 9,393.41 | -56,455,059.17 |
| General Journal | 11/07/2011 | | Rafferty Stolzenberg Gelles | svces 10/03/11-10/31/11 | 6010 · Legal Fees | | 15,838.22 | -56,470,897.39 |
| General Journal | 11/07/2011 | | Rafferty Stolzenberg Gelles | SVCES 10/01/11-10/31/11 AND 10/12/11 Minit Print $ 427.48 and 10/25/11 FEDEX CHARGES | 6010 · Legal Fees | | 9,783.36 | -56,480,680.75 |
| General Journal | 11/07/2011 | | Rafferty Stolzenberg Gelles | SVCES 10/01/11-10/25/11 - IOTC V. ALSALEH + $428.86 8/25-31/11 Travel Expenses | 6010 · Legal Fees | | 4,660.86 | -56,485,341.61 |
| General Journal | 11/11/2011 | 06262035 | White & Case LLP | Services rendered through October 31,2011 | 6010 · Legal Fees | | 10,192.98 | -56,495,534.59 |
| General Journal | 11/16/2011 | | Kasowitz,Benson,Torres & Freidman,LLP | Services rendered through October 31,2011 | 6010 · Legal Fees | | 317.50 | -56,495,852.09 |
| General Journal | 11/26/2011 | 06262034 | David Millard | DECEMBER 2011 DM | 6040 · Contractors | | 8,333.33 | -56,504,185.42 |
| General Journal | 11/26/2011 | 06262034 | Kevin Hanebrink | DECEMBER 2011 KH | 6040 · Contractors | | 8,333.33 | -56,512,518.75 |
| General Journal | 11/30/2011 | 12062012 | Peckar & Abramson-155090 | Services rendered through November 30,2011 | 6010 · Legal Fees | | 18,222.50 | -56,530,741.25 |

**IOTC USA**
**General Ledger**
**As of August 31, 2015**

| Type | Date | Num | Name | Memo | Split | Debit | Credit | Balance |
|------|------|-----|------|------|-------|-------|--------|---------|
| General Journal | 11/30/2011 | 12062012 | Peckar & Abramson-181800 | Services rendered through 11/30/2011 | 6010 · Legal Fees | | 44,563.77 | -56,575,305.02 |
| General Journal | 12/06/2011 | | Rafferty Stolzenberg Gelles | Legal services rendered through November 30, 2011 | 6010 · Legal Fees | | 967.50 | -56,576,272.52 |
| General Journal | 12/06/2011 | | Rafferty Stolzenberg Gelles | Legal services rendered through November 30, 2011 | 6010 · Legal Fees | | 3,777.90 | -56,580,050.42 |
| General Journal | 12/06/2011 | | Rafferty Stolzenberg Gelles | Legal services rendered through November 30, 2011 | 6010 · Legal Fees | | 11,655.80 | -56,591,706.22 |
| General Journal | 12/06/2011 | | Rafferty Stolzenberg Gelles | Legal services rendered through November 30, 2011 | 6010 · Legal Fees | | 19,397.00 | -56,611,103.22 |
| General Journal | 12/06/2011 | 12062011 | KAUFMAN ROSSIN CO. | Consulting  & Professional fees and services inv# 179132 | 6010 · Legal Fees | | 988.00 | -56,612,091.22 |
| General Journal | 12/14/2011 | 12062013 | Gardere Wynne Sewell LLP | Legal services rendered through 11/30/2011 | 6010 · Legal Fees | | 327.50 | -56,612,418.72 |
| General Journal | 12/16/2011 | 12062014 | Vinson & Elkins, LLP - 91005-AILS | Services rendered through November 30,2011 | 6010 · Legal Fees | | 585.47 | -56,613,004.19 |
| General Journal | 12/21/2011 | 12062015 | Colson Hicks Edison | INTEREST DUE ON PAST DUE BALANCES | 6010 · Legal Fees | | 69.10 | -56,613,073.29 |
| General Journal | 12/22/2011 | 12062016 | White & Case LLP | Services rendered through 11/30/2011 | 6010 · Legal Fees | | 44,234.42 | -56,657,307.71 |
| General Journal | 12/26/2011 | 06262034 | David Millard | January 2012 | 6040 · Contractors | | 8,333.33 | -56,665,641.04 |
| General Journal | 12/26/2011 | 06262034 | Kevin Hanebrink | January 2012 | 6040 · Contractors | | 8,333.33 | -56,673,974.37 |
| General Journal | 12/31/2011 | 12062021 | Peckar & Abramson-155090 | Services rendered through December 31,2011 | 6010 · Legal Fees | | 8,365.00 | -56,682,339.37 |
| General Journal | 12/31/2011 | 12062021 | Peckar & Abramson-174300 | Services rendered through December 31,2011 | 6010 · Legal Fees | | 560.00 | -56,682,899.37 |
| General Journal | 12/31/2011 | 12062021 | Peckar & Abramson-181800 | Services rendered through December 31,2012 | 6010 · Legal Fees | | 51,784.88 | -56,734,684.25 |
| General Journal | 01/12/2012 | 12062018 | Rafferty Stolzenberg Gelles | # 12337 Legal Services rendered through Dec 30,2011 | 6010 · Legal Fees | | 32,132.50 | -56,766,816.75 |
| General Journal | 01/12/2012 | 12062018 | Rafferty Stolzenberg Gelles | # 12336 Legal Services rendered through Dec 30,2011 | 6010 · Legal Fees | | 14,396.47 | -56,781,213.22 |
| General Journal | 01/12/2012 | 12062018 | Rafferty Stolzenberg Gelles | # 12333 Legal Services rendered through Dec 30,2011 | 6010 · Legal Fees | | 12,437.33 | -56,793,650.55 |
| General Journal | 01/19/2012 | 12062022 | White & Case LLP | Services rendered through 12/31/2011 | 6010 · Legal Fees | | 16,200.55 | -56,809,851.10 |
| General Journal | 01/26/2012 | 12062019 | David Millard | February 2012 | 6040 · Contractors | | 8,333.33 | -56,818,184.43 |
| General Journal | 01/26/2012 | 12062019 | Kevin Hanebrink | February 2012 | 6040 · Contractors | | 8,333.33 | -56,826,517.76 |
| General Journal | 01/31/2012 | 12062023 | Peckar & Abramson-155090 | Services rendered through 1/31/2012 | 6010 · Legal Fees | | 1,537.50 | -56,828,055.26 |
| General Journal | 01/31/2012 | 12062023 | Peckar & Abramson-181800 | Services rendered through 01/31/2012 | 6010 · Legal Fees | | 85,009.00 | -56,913,064.26 |
| General Journal | 02/06/2012 | 12062024 | Colson Hicks Edison | INTEREST DUE ON PAST DUE BALANCES | 6010 · Legal Fees | | 15.74 | -56,913,080.00 |
| General Journal | 02/06/2012 | 12062024 | Rafferty Stolzenberg Gelles | Inv# 12111 variance | 6010 · Legal Fees | 0.01 | | -56,913,079.99 |
| General Journal | 02/07/2012 | 12062025 | Rafferty Stolzenberg Gelles | Services rendered through 01/31/2012 | 6010 · Legal Fees | | 465.83 | -56,913,545.82 |
| General Journal | 02/07/2012 | 12062025 | Rafferty Stolzenberg Gelles | Services rendered through 01/31/2012 | 6010 · Legal Fees | | 831.60 | -56,914,377.42 |
| General Journal | 02/07/2012 | 12062025 | Rafferty Stolzenberg Gelles | Services rendered through 01/31/2012 | 6010 · Legal Fees | | 39,772.10 | -56,954,149.52 |
| General Journal | 02/26/2012 | 12062026 | David Millard | March 2012 | 6040 · Contractors | | 8,333.33 | -56,962,482.85 |
| General Journal | 02/26/2012 | 12062026 | Kevin Hanebrink | March 2012 | 6040 · Contractors | | 8,333.33 | -56,970,816.18 |
| General Journal | 02/27/2012 | 12062027 | Vinson & Elkins, LLP - 91005-AILS | Services posted through January 31,2012 | 6010 · Legal Fees | | 610.50 | -56,971,426.68 |
| General Journal | 02/29/2012 | 12062028 | Peckar & Abramson-155090 | Services rendered through 2/29/2012 | 6010 · Legal Fees | | 1,837.50 | -56,973,264.18 |
| General Journal | 02/29/2012 | 12062028 | Peckar & Abramson-174300 | Services rendered through February 29 2012 | 6010 · Legal Fees | | 9,562.50 | -56,982,826.68 |
| General Journal | 02/29/2012 | 12062028 | Peckar & Abramson-181800 | Services rendered through 02/29/2012 | 6010 · Legal Fees | | 84,445.00 | -57,067,271.68 |
| General Journal | 03/05/2012 | 12062029 | White & Case LLP | Services rendered through 01/31/2012 | 6010 · Legal Fees | | 36,553.58 | -57,103,825.26 |
| General Journal | 03/07/2012 | 12062030 | Rafferty Stolzenberg Gelles | services rendered through 02/29/2012 | 6010 · Legal Fees | | 64,725.68 | -57,168,550.94 |
| General Journal | 03/07/2012 | 12062030 | Rafferty Stolzenberg Gelles | services rendered through 02/29/2012 | 6010 · Legal Fees | | 110.40 | -57,168,661.34 |
| General Journal | 03/07/2012 | 12062031 | KOZYAK, TROPIN, THROCKMORTON | Payment sent from Rafferty - Ref# 9812211 per KK Al Saleh Case | 6010 · Legal Fees | | 15,000.00 | -57,183,661.34 |
| General Journal | 03/26/2012 | 12062032 | David Millard | DAVID MILLARD APRIL 2012 | 6040 · Contractors | | 8,333.33 | -57,191,994.67 |
| General Journal | 03/26/2012 | 12062032 | Kevin Hanebrink | KEVIN HANEBRINK APRIL 2012 | 6040 · Contractors | | 8,333.33 | -57,200,328.00 |
| General Journal | 03/31/2012 | 12062033 | White & Case LLP | Services rendered through 02/29/12 | 6010 · Legal Fees | | 22,862.03 | -57,223,190.03 |
| General Journal | 03/31/2012 | 12062034 | Peckar & Abramson-174300 | Services rendered through March 31,2012 | 6010 · Legal Fees | | 4,492.50 | -57,227,682.53 |

**IOTC USA**
**General Ledger**
**As of August 31, 2015**

| Type | Date | Num | Name | Memo | Split | Debit | Credit | Balance |
|------|------|-----|------|------|-------|-------|--------|---------|
| General Journal | 03/31/2012 | 12062034 | Peckar & Abramson-181800 | Services rendered through 3/31/2012 | 6010 · Legal Fees | | 67,616.00 | -57,295,298.53 |
| General Journal | 04/06/2012 | 12062035 | Rafferty Stolzenberg Gelles | Legal services rendered through 03/31/2012 1009.015 | 6010 · Legal Fees | | 9,838.93 | -57,305,137.46 |
| General Journal | 04/06/2012 | 12062035 | Rafferty Stolzenberg Gelles | Legal services rendered through 03/31/2012 1009.025 | 6010 · Legal Fees | | 67,511.50 | -57,372,648.96 |
| General Journal | 04/17/2012 | 12062036 | KOZYAK, TROPIN, THROCKMORTON | IOTC LLC Sargeant Mohammad Anwar Farid Al Saleh P/E 3/31/12 | 6010 · Legal Fees | | 14,553.13 | -57,387,202.09 |
| General Journal | 04/25/2012 | 12062037 | David Millard | MAY 2012 DM | 6040 · Contractors | | 8,333.33 | -57,395,535.42 |
| General Journal | 04/25/2012 | 12062037 | Kevin Hanebrink | MAY 2012 KH | 6040 · Contractors | | 8,333.33 | -57,403,868.75 |
| General Journal | 04/25/2012 | 12062038 | Vinson & Elkins, LLP - 91005-AILS | Services rendered through 3/31/12 | 6010 · Legal Fees | | 203.50 | -57,404,072.25 |
| General Journal | 04/30/2012 | 12062039 | White & Case LLP | Services rendered through March 31,2012 | 6010 · Legal Fees | | 44,894.76 | -57,448,967.01 |
| General Journal | 04/30/2012 | 12062028 | Peckar & Abramson-155090 | Services rendered through 4/30/2012 | 6010 · Legal Fees | | 712.50 | -57,449,679.51 |
| General Journal | 04/30/2012 | 12062028 | Peckar & Abramson-174300 | Services rendered through 4/30/2012 | 6010 · Legal Fees | | 2,662.50 | -57,452,342.01 |
| General Journal | 04/30/2012 | 12062028 | Peckar & Abramson-181800 | Services rendered through 4/30/2012 | 6010 · Legal Fees | | 49,665.00 | -57,502,007.01 |
| General Journal | 05/03/2012 | 12062029 | Mercuria | Demurrage Invoice DEM: V105033 M/T Ocean Venture BOL Date 09.01.08 | 2000 · Accounts Payable | | 50,000.00 | -57,552,007.01 |
| General Journal | 05/07/2012 | 12062040 | Rafferty Stolzenberg Gelles | Services rendered through 4/30/2012 | 6010 · Legal Fees | | 9,907.79 | -57,561,914.80 |
| General Journal | 05/07/2012 | 12062040 | Rafferty Stolzenberg Gelles | Services rendered through 4/30/2012 | 6010 · Legal Fees | | 34,227.20 | -57,596,142.00 |
| General Journal | 05/07/2012 | 12062040 | Rafferty Stolzenberg Gelles | Services rendered through 3/20/2012-4/30/2012 | 6010 · Legal Fees | | 8,686.50 | -57,604,828.50 |
| General Journal | 05/17/2012 | 12062041 | KOZYAK, TROPIN, THROCKMORTON | Services rendered & expenses incurred through April 30,2012 | 6010 · Legal Fees | | 4,865.15 | -57,609,693.65 |
| General Journal | 05/26/2012 | 12062042 | David Millard | June 2012 DM | 6040 · Contractors | | 8,333.33 | -57,618,026.98 |
| General Journal | 05/26/2012 | 12062042 | Kevin Hanebrink | June 2012 KH | 6040 · Contractors | | 8,333.33 | -57,626,360.31 |
| General Journal | 05/29/2012 | 12062030 | White & Case LLP | | 6010 · Legal Fees | | 99,000.06 | -57,725,360.37 |
| General Journal | 06/05/2012 | 12062043 | KOZYAK, TROPIN, THROCKMORTON | Services rendered through 05/31/2012 | 6010 · Legal Fees | | 1,155.00 | -57,726,515.37 |
| General Journal | 06/26/2012 | 12062042 | David Millard | July 2012 DM | 6040 · Contractors | | 8,333.33 | -57,734,848.70 |
| General Journal | 06/26/2012 | 12062042 | Kevin Hanebrink | July 2012 KH | 6040 · Contractors | | 8,333.33 | -57,743,182.03 |
| Total 2415 · Due to IOTFZCO | | | | | | 0.01 | 1,733,386.09 | -57,743,182.03 |
| **2405 · Due to Shareholders/Affiliates - Other** | | | | | | | | **0.00** |
| Total 2405 · Due to Shareholders/Affiliates - Other | | | | | | | | 0.00 |
| Total 2405 · Due to Shareholders/Affiliates | | | | | | 0.01 | 1,733,386.09 | -57,743,182.03 |
| **3999 · Retained Earnings** | | | | | | | | **-183,491,864.92** |
| Closing Entry | 12/31/2011 | | | | | 724,987.30 | | -182,766,877.62 |
| Closing Entry | 12/31/2012 | | | | | 958,497.78 | | -181,808,379.84 |
| Closing Entry | 12/31/2013 | | | | | | | -181,808,379.84 |
| Closing Entry | 12/31/2014 | | | | | | | -181,808,379.84 |
| Total 3999 · Retained Earnings | | | | | | 1,683,485.08 | 0.00 | -181,808,379.84 |
| **3930 · Legal Reserve** | | | | | | | | **0.00** |
| Total 3930 · Legal Reserve | | | | | | | | 0.00 |
| **4999 · *Uncategorized Income** | | | | | | | | **0.00** |
| Total 4999 · *Uncategorized Income | | | | | | | | 0.00 |
| **4000 · Revenues** | | | | | | | | **0.00** |
| **4005 · JP8** | | | | | | | | **0.00** |
| Total 4005 · JP8 | | | | | | | | 0.00 |
| **4010 · DT2** | | | | | | | | **0.00** |
| Total 4010 · DT2 | | | | | | | | 0.00 |

**IOTC USA**
**General Ledger**
**As of August 31, 2015**

| Type | Date | Num | Name | Memo | Split | Debit | Credit | Balance |
|------|------|-----|------|------|-------|-------|--------|---------|
| **4015 · MUJ** | | | | | | | | **0.00** |
| Total 4015 · MUJ | | | | | | | | 0.00 |
| **4000 · Revenues - Other** | | | | | | | | **0.00** |
| Total 4000 · Revenues - Other | | | | | | | | 0.00 |
| Total 4000 · Revenues | | | | | | | | 0.00 |
| **4200 · Finance Charge Income** | | | | | | | | **0.00** |
| Total 4200 · Finance Charge Income | | | | | | | | 0.00 |
| **4300 · Other Income** | | | | | | | | **0.00** |
| Total 4300 · Other Income | | | | | | | | 0.00 |
| **4900 · Sales Discounts** | | | | | | | | **0.00** |
| Total 4900 · Sales Discounts | | | | | | | | 0.00 |
| **5000 · Cost of Goods Sold** | | | | | | | | **0.00** |
| **5100 · Total Costs of Product** | | | | | | | | **0.00** |
| **5110 · Cost of Product** | | | | | | | | **0.00** |
| Total 5110 · Cost of Product | | | | | | | | 0.00 |
| **5150 · Jordan Operator's Costs** | | | | | | | | **0.00** |
| **5200 · Transportation Costs** | | | | | | | | **0.00** |
| Total 5200 · Transportation Costs | | | | | | | | 0.00 |
| **5300 · Transit Fees** | | | | | | | | **0.00** |
| Total 5300 · Transit Fees | | | | | | | | 0.00 |
| **5640 · Testing, QC & Research expenses** | | | | | | | | **0.00** |
| Total 5640 · Testing, QC & Research expenses | | | | | | | | 0.00 |
| **5860 · Storage - Tanks** | | | | | | | | **0.00** |
| Total 5860 · Storage - Tanks | | | | | | | | 0.00 |
| **5035 · IOTC Jordan Service Charge** | | | | | | | | **0.00** |
| Total 5035 · IOTC Jordan Service Charge | | | | | | | | 0.00 |
| **5660 · Truck Loss Compensation** | | | | | | | | **0.00** |
| Total 5660 · Truck Loss Compensation | | | | | | | | 0.00 |
| **5150 · Jordan Operator's Costs - Other** | | | | | | | | **0.00** |
| Total 5150 · Jordan Operator's Costs - Other | | | | | | | | 0.00 |
| Total 5150 · Jordan Operator's Costs | | | | | | | | 0.00 |
| **5100 · Total Costs of Product - Other** | | | | | | | | **0.00** |
| Total 5100 · Total Costs of Product - Other | | | | | | | | 0.00 |
| Total 5100 · Total Costs of Product | | | | | | | | 0.00 |
| **5900 · Inventory Adjustments** | | | | | | | | **0.00** |
| Total 5900 · Inventory Adjustments | | | | | | | | 0.00 |
| **5000 · Cost of Goods Sold - Other** | | | | | | | | **0.00** |
| Total 5000 · Cost of Goods Sold - Other | | | | | | | | 0.00 |
| Total 5000 · Cost of Goods Sold | | | | | | | | 0.00 |
| **6250 · Advertising expenses** | | | | | | | | **0.00** |
| Total 6250 · Advertising expenses | | | | | | | | 0.00 |
| **6025 · Logistics/Profit Sharing fees** | | | | | | | | **0.00** |
| Total 6025 · Logistics/Profit Sharing fees | | | | | | | | 0.00 |

**IOTC USA**
**General Ledger**
**As of August 31, 2015**

| Type | Date | Num | Name | Memo | Split | Debit | Credit | Balance |
|------|------|-----|------|------|-------|-------|--------|---------|
| **6801 · Agency Fees** | | | | | | | | **0.00** |
| Total 6801 · Agency Fees | | | | | | | | 0.00 |
| **6000 · Salaries & Wages Expense** | | | | | | | | **0.00** |
| Total 6000 · Salaries & Wages Expense | | | | | | | | 0.00 |
| **6002 · Bonus expenses** | | | | | | | | **0.00** |
| Total 6002 · Bonus expenses | | | | | | | | 0.00 |
| **6050 · Bank charges & Interest** | | | | | | | | **0.00** |
| Total 6050 · Bank charges & Interest | | | | | | | | 0.00 |
| **6005 · Business Development exp** | | | | | | | | **0.00** |
| Total 6005 · Business Development exp | | | | | | | | 0.00 |
| **6100 · Commission expenses** | | | | | | | | **0.00** |
| Total 6100 · Commission expenses | | | | | | | | 0.00 |
| **6040 · Contractors** | | | | | | | | **0.00** |
| Total 6040 · Contractors | | | | | | | | 0.00 |
| **6130 · Due's and Subscriptions** | | | | | | | | **0.00** |
| Total 6130 · Due's and Subscriptions | | | | | | | | 0.00 |
| **6700 · Depreciation** | | | | | | | | **0.00** |
| Total 6700 · Depreciation | | | | | | | | 0.00 |
| **6710 · Equipment usage pass through** | | | | | | | | **0.00** |
| Total 6710 · Equipment usage pass through | | | | | | | | 0.00 |
| **6800 · Electricity & Water** | | | | | | | | **0.00** |
| Total 6800 · Electricity & Water | | | | | | | | 0.00 |
| **6550 · Goverment expense** | | | | | | | | **0.00** |
| Total 6550 · Goverment expense | | | | | | | | 0.00 |
| **6150 · Bad Debt Expense** | | | | | | | | **0.00** |
| Total 6150 · Bad Debt Expense | | | | | | | | 0.00 |
| **6530 · Health Insurance** | | | | | | | | **0.00** |
| Total 6530 · Health Insurance | | | | | | | | 0.00 |
| **6500 · Insurance Exp.** | | | | | | | | **0.00** |
| Total 6500 · Insurance Exp. | | | | | | | | 0.00 |
| **6505 · Interest expense** | | | | | | | | **0.00** |
| Total 6505 · Interest expense | | | | | | | | 0.00 |
| **6020 · IOTC Management Fee Expense** | | | | | | | | **0.00** |
| Total 6020 · IOTC Management Fee Expense | | | | | | | | 0.00 |
| **6350 · Motor Vehicles Expense** | | | | | | | | **0.00** |
| **6355 · Auto lease expense** | | | | | | | | **0.00** |
| Total 6355 · Auto lease expense | | | | | | | | 0.00 |
| **6360 · Fuel Expenses** | | | | | | | | **0.00** |
| Total 6360 · Fuel Expenses | | | | | | | | 0.00 |
| **6350 · Motor Vehicles Expense - Other** | | | | | | | | **0.00** |
| Total 6350 · Motor Vehicles Expense - Other | | | | | | | | 0.00 |
| Total 6350 · Motor Vehicles Expense | | | | | | | | 0.00 |
| **6740 · Office Expense** | | | | | | | | **0.00** |

**IOTC USA**
**General Ledger**
**As of August 31, 2015**

| Type | Date | Num | Name | Memo | Split | Debit | Credit | Balance |
|------|------|-----|------|------|-------|-------|--------|---------|
| Total 6740 · Office Expense | | | | | | | | 0.00 |
| **6750 · Passage** | | | | | | | | **0.00** |
| Total 6750 · Passage | | | | | | | | 0.00 |
| **6400 · Utilities Expense** | | | | | | | | **0.00** |
| Total 6400 · Utilities Expense | | | | | | | | 0.00 |
| **6450 · Shipping exp** | | | | | | | | **0.00** |
| Total 6450 · Shipping exp | | | | | | | | 0.00 |
| **6760 · Payroll Expenses** | | | | | | | | **0.00** |
| Total 6760 · Payroll Expenses | | | | | | | | 0.00 |
| **6200 · Postage & Telephone/Telex** | | | | | | | | **0.00** |
| Total 6200 · Postage & Telephone/Telex | | | | | | | | 0.00 |
| **6300 · Printing & Stationary** | | | | | | | | **0.00** |
| Total 6300 · Printing & Stationary | | | | | | | | 0.00 |
| **6950 · Professional & Audit fees** | | | | | | | | **0.00** |
| **6010 · Legal Fees** | | | | | | | | **0.00** |
| Total 6010 · Legal Fees | | | | | | | | 0.00 |
| **6955 · Accounting and Audit fees** | | | | | | | | **0.00** |
| Total 6955 · Accounting and Audit fees | | | | | | | | 0.00 |
| **6960 · Consulting fees** | | | | | | | | **0.00** |
| Total 6960 · Consulting fees | | | | | | | | 0.00 |
| **6950 · Professional & Audit fees - Other** | | | | | | | | **0.00** |
| Total 6950 · Professional & Audit fees - Other | | | | | | | | 0.00 |
| Total 6950 · Professional & Audit fees | | | | | | | | 0.00 |
| **6850 · Service Charge Expense** | | | | | | | | **0.00** |
| Total 6850 · Service Charge Expense | | | | | | | | 0.00 |
| **6600 · Rent expense** | | | | | | | | **0.00** |
| Total 6600 · Rent expense | | | | | | | | 0.00 |
| **6610 · Residence Expense** | | | | | | | | **0.00** |
| Total 6610 · Residence Expense | | | | | | | | 0.00 |
| **6620 · Repairs & Maintenance** | | | | | | | | **0.00** |
| Total 6620 · Repairs & Maintenance | | | | | | | | 0.00 |
| **6630 · Telephone** | | | | | | | | **0.00** |
| Total 6630 · Telephone | | | | | | | | 0.00 |
| **6015 · Aircraft Expenses** | | | | | | | | **0.00** |
| **6016 · Training** | | | | | | | | **0.00** |
| Total 6016 · Training | | | | | | | | 0.00 |
| **6017 · Aircraft Fuel/Costs** | | | | | | | | **0.00** |
| Total 6017 · Aircraft Fuel/Costs | | | | | | | | 0.00 |
| **6019 · Pilot expenses** | | | | | | | | **0.00** |
| Total 6019 · Pilot expenses | | | | | | | | 0.00 |
| **6015 · Aircraft Expenses - Other** | | | | | | | | **0.00** |
| Total 6015 · Aircraft Expenses - Other | | | | | | | | 0.00 |
| Total 6015 · Aircraft Expenses | | | | | | | | 0.00 |

**IoTc USA**
**General Ledger**
**As of August 31, 2015**

| Type | Date | Num | Name | Memo | Split | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|
| **6650 · Travel & Subsistence** | | | | | | | | **0.00** |
| Total 6650 · Travel & Subsistence | | | | | | | | 0.00 |
| **6900 · Accommodation expense** | | | | | | | | **0.00** |
| Total 6900 · Accommodation expense | | | | | | | | 0.00 |
| **7000 · Miscelaneous expenses** | | | | | | | | **0.00** |
| Total 7000 · Miscelaneous expenses | | | | | | | | 0.00 |
| **7100 · Gain/Loss - Sale of Assets Exp** | | | | | | | | **0.00** |
| Total 7100 · Gain/Loss - Sale of Assets Exp | | | | | | | | 0.00 |
| **7150 · Prior year Adjustment** | | | | | | | | **0.00** |
| Total 7150 · Prior year Adjustment | | | | | | | | 0.00 |
| **7151 · Income Tax A/C** | | | | | | | | **0.00** |
| Total 7151 · Income Tax A/C | | | | | | | | 0.00 |
| **7200 · Leave Salary** | | | | | | | | **0.00** |
| Total 7200 · Leave Salary | | | | | | | | 0.00 |
| **7999 · *Uncategorized Expenses** | | | | | | | | **0.00** |
| Total 7999 · *Uncategorized Expenses | | | | | | | | 0.00 |
| **8100 · Interest Income** | | | | | | | | **0.00** |
| Total 8100 · Interest Income | | | | | | | | 0.00 |
| **8150 · Dividend Income** | | | | | | | | **0.00** |
| Total 8150 · Dividend Income | | | | | | | | 0.00 |
| **8000 · Management Fee Income** | | | | | | | | **0.00** |
| Total 8000 · Management Fee Income | | | | | | | | 0.00 |
| **8010 · Income/(Loss) from Hedging** | | | | | | | | **0.00** |
| Total 8010 · Income/(Loss) from Hedging | | | | | | | | 0.00 |
| **8025 · Insurance Claim Reserve Recover** | | | | | | | | **0.00** |
| Total 8025 · Insurance Claim Reserve Recover | | | | | | | | 0.00 |
| **8020 · Miscelaneous Income** | | | | | | | | **0.00** |
| Total 8020 · Miscelaneous Income | | | | | | | | 0.00 |
| **8030 · Half Cent Account*** | | | | | | | | **0.00** |
| Total 8030 · Half Cent Account* | | | | | | | | 0.00 |
| **No accnt** | | | | | | | | **0.00** |
| Total no accnt | | | | | | | | 0.00 |
| **TOTAL** | | | | | | **1,959,635.08** | **226,249.00** | **57,743,182.03** |

# EXHIBIT M

NO. T-1226-10

**FEDERAL COURT**
**ADMIRALTY ACTION *IN REM* AGAINST THE VESSEL "QE014226C010"**
**AND *IN PERSONAM***

BETWEEN:

OFFSHORE INTERIORS INC.

AND:

WORLDSPAN MARINE INC., CRESCENT CUSTOM YACHTS INC.,
THE OWNERS AND ALL OTHERS INTERESTED IN THE
VESSEL "QE14226C010" and THE VESSEL "QE14226C010"

DEFENDANTS

FEDERAL COURT
COUR FÉDÉRALE
FILED
OCT 1 4 2011
PLAINTIFF
Frank Fedorek
VANCOUVER, B.C.  132
DEPOSE

NOT A CERTIFIED COPY

**AFFIDAVIT**

I, Harry Sargeant III, Businessman, of the City of Gulf Stream, in the State of Florida of the United States of America, SWEAR AND SAY AS FOLLOWS:

1.     I am an Intervenor in the within proceedings and as such have personal knowledge of the facts and matters hereinafter deposed to save and except where the same are stated to be based on information and belief and where so stated I verily believe them to be true.

2.     I make this affidavit pursuant to the Order of Roger Lafreniere, Case Management Judge, pronounced August 29, 2011.

3.     This affidavit supports my claim against the vessel bearing hull number "QE014226C010" (the "Vessel").

4.     My claim against the Vessel is derived from payments that were made by me or on my behalf, at my direction and for my benefit to the legal owner of the Vessel, the Defendant Worldspan Marine Inc. ("Worldspan"), totaling $20,965,924.05 (of which $20,946,924.05 represents US funds and $20,000 represents Canadian funds) for the construction of the Vessel, and from the security interest in the Vessel granted to me by Worldspan to secure these payments, all as further described below.



EXHIBIT

742

2

5.   By a Vessel Construction Agreement dated for reference February 29, 2008 (the "VCA") made between myself and WorldSpan Marine Inc. ("Worldspan"), Worldspan undertook to design, construct, outfit, launch, complete and sell and deliver the Vessel to me.

6.   Attached as **Exhibit "A"** to this my affidavit is a copy of the VCA.

7.   The VCA provided, among other things, that:

(a)   Worldspan was to retain title to the Vessel until the Vessel was delivered to me (section 12.1);

(b)   the cost of the Vessel and the final purchase price (the "Final Purchase Price") payable by me was to be determined on a time and materials basis as provided in the VCA and as adjusted for agreed changes to the plans and specifications for the Vessel (section 4.1);

(c)   I would pay a deposit of $1.0 million USD to Worldspan (section 4.3);

(d)   delivery of the completed Vessel was to occur within 24 months of receiving the deposit, subject to permitted delays under the VCA including agreed changes (section 3.1);

(e)   direct labour was to be charged at the rate of $39.00 USD per hour times the actual number of hours worked, and administrative, supervisory, and design labour was to be charged at a rate of $49.00 USD per hour times the number of hours worked (section 4.3(b));

(f)   all equipment, inventory, design fees, subcontractors, equipment, materials, insurance and other third party costs were to be billed to me at 110% cost to Worldspan (section 4.3(b));

(g)   during construction of the Vessel, I would make monthly payments in arrears to cover Worldspan's expenditure for the previous month, such payments being in the nature of advances to Worldspan on account of the Final Purchase Price (section 4.3(a));

(h)   each month Worldspan would submit to Sargeant a Claim Certificate setting out that month's expenditure (section 4.3(c)); and

(i)   all payments claimed by Worldspan would be subject to verification and audit and Worldspan would consistently maintain records and take an open book and transparent approach (section 4.3(a)).

8.   On May 14, 2008, the Vessel was recorded in the Vancouver Ship Registry as record no. 3 in 2008.  Attached as **Exhibit "B"** to this my affidavit is a copy of the Vancouver Ship Registry's entry for the Vessel.

NOT A CERTIFIED COPY

743

3

9.      By section 12.1 of the VCA, Worldspan granted to me a continuing first priority security interest in the Vessel including all work, materials, machinery, and equipment related to the Vessel to secure the sums advanced or paid to Worldspan.

10.      In support of the security interest granted to me:

    (a)      a Builder's Mortgage in my favour as against the Vessel was filed in the Vancouver Ship Registry on May 14, 2008 as transaction no. 1A;

    (b)      a financing statement was registered in the British Columbia Personal Property Registry (the "PPR") on May 1, 2008 and designated base registration no. 334150E.

11.      Attached as **Exhibit "C"** to this my affidavit is a copy of the Builder's Mortgage in respect of the Vessel.  Attached as **Exhibit "D"** to this my affidavit is a copy of the PPR search for Worldspan confirming the registration of the financing statement in my favour.

12.      Construction of the Vessel began in or around March 2008.

13.      By August 2009, monies advanced to Worldspan totaled $11,064,525.38 USD including:

    (a)      pre-contractual advances associated with the design of the Vessel in the sum of $575,000 USD;

    (b)      a deposit of $1,000,000 USD, paid to Worldspan in March 2008 pursuant to the VCA; and

    (c)      the balance being payments of monthly Claims Certificates issued by Worldspan under the VCA.

14.      In August 2009, I arranged a construction loan with Comerica Bank ("Comerica") for $9,400,000 USD to finance the remaining cost to complete construction of the Vessel.

15.      Particulars of the Comerica financing are set out in the affidavit of Cynthia B. Jones sworn October 7, 2011 and filed in these proceedings.

16.      In the period August 2009 to March 2010, pursuant to the financing arrangements referenced above Comerica paid to Worldspan on my behalf the sum of $9,387,398.67 USD on account of Claims Certificates issued by Worldspan under the VCA.

NOT A CERTIFIED COPY

744

4

17.   In April 2010 the sum of $200,000 USD was advanced to Worldspan on my behalf to pay employee wages.

18.   Attached as **Exhibit "E"** to this my affidavit is a spreadsheet summarizing the Claims Certificates issued by Worldspan and the payments totaling $20,651,924.05 that were made to Worldspan in the period March 2007 to April 2010.

19.   The payments set out in lines 1 and 2 of Exhibit E made in March and June 2007 were paid to Worldspan on my behalf at my direction and for my benefit by Sargeant Marine S.A., a Bahamian company of which I am a Director.  Attached hereto as **Exhibit "F"** is a copy of the bank account statements of Sargeant Marine S.A. for the relevant period, as redacted, showing the funds transfers to Worldspan's bank.

20.   The payments set out in lines 3 to 16 of Exhibit E made in the period March to December 2008 were paid to Worldspan on my behalf at my direction and for my benefit by International Oil Trading Company Ltd. ("IOTC Ltd.", formerly known as International Oil Trading FZCO), a Bahamian company of which I am a Director and President.  Attached hereto as **Exhibit "G"** is a copy of the bank account statements of International Oil Trading FZCO for the relevant period, as redacted, showing the funds transfers to Worldspan's bank.

21.   The payments set out in lines 17 to 21 of Exhibit E made in the period January to April 2009 and the payment set out in line 30 made in April 2010 were paid to Worldspan on my behalf at my direction and for my benefit by IOTC Ltd.  Attached hereto as **Exhibit "H"** is a copy of the bank account statements of IOTC Ltd. for the relevant period, as redacted, showing the funds transfers to Worldspan's bank.

22.   The payments set out in lines 22 to 29 of Exhibit E made in the period August 2009 to March 2010 were paid to Worldspan on my behalf by Comerica Bank.  Attached hereto as **Exhibit "I"** is a copy of a statement from Comerica for the relevant period showing the funds transfers to Worldspan.

23.   Attached as **Exhibit "J"** to this my affidavit are copies of Claims Certificates issued by Worldspan in the period March 2008 to December 2009 and which are summarized in Exhibit F.

24.   In addition to the payments set out above, I have also made other payments in connection with the Vessel construction including:

NOT A CERTIFIED COPY

745

5

(a)    Payments to Capri Insurance of $144,000 USD for insurance on the Vessel as follows:

(i)    $96,000 USD on October 22, 2010; and

(ii)   $ 48,000 on April 20, 2011.

(b)    Payment to Offshore Interiors Inc. of $20,000 on September 20, 2011 on account of work to be performed in connection with the cost to complete analysis for Vessel construction; and

(c)    Payment of $150,000 to Wolrige Mahon Ltd., the court-appointed Vessel Construction Officer, which payment is subject to a court-ordered priority charge in this proceeding;

25.    The amounts set out in the preceding paragraph were paid to the various payees with funds advanced by IOTC Ltd. on my behalf at my direction and for my benefit.

SWORN BEFORE ME at the City of
PALM BEACH _____, in the
State of Florida this 13th day of October,
2011.

YVETTE MEDINA
MY COMMISSION # DD 811402
EXPIRES: August 4, 2012
Bonded Thru Notary Public Underwriters

A Commissioner for taking Affidavits in
the State of Florida

HARRY SARGEANT III

NOT A CERTIFIED COPY

746

NOT A CERTIFIED COPY

This is Exhibit "A" referred to in the
Affidavit of Harry Sargeant III
Sworn before me at  *COUNTY OF PALM BEACH*
this ____ day of October, 2011

YVETTE MEDINA
MY COMMISSION # DD 811402
EXPIRES: August 4, 2012
Bonded Thru Notary Public Underwriters

A Commissioner for taking Affidavits
for the State of Florida

NOT A CERTIFIED COPY

## VESSEL CONSTRUCTION AGREEMENT

THIS VESSEL CONSTRUCTION AGREEMENT (this "Agreement") is entered into as of the 29th day of February, 2008 (the "Effective Date") between WORLDSPAN MARINE INC., a company incorporated under the laws of British Columbia, Canada, hereinafter referred to as "Builder", and HARRY SARGEANT III of 3020 N Military Trail, Suite 100, Boca Raton 33431 in the State of Florida or such corporation as he may at any time nominate in his place and stead and the permitted assigns of any such corporation as determined in accordance with SECTION 8 hereof, hereinafter referred to as "Owner"

WHEREAS, Owner desires to have built and delivered by Builder, and Builder desires to build and deliver to Owner, one (1) Crescent Custom 142 foot trilevel motor yacht

NOW, THEREFORE WITNESSETH, for and in consideration of the premises contained herein, the parties agree as follows:

### SECTION 1 – SCOPE

1 1    Builder undertakes to design, construct, outfit, launch, complete and sell and deliver to Owner, subject to the provisions and stipulations hereinafter set forth, one (1) fibreglass composite motor yacht known as a Crescent Custom 142' trilevel motor yacht, carrying Builder's Hull N° QEO14226C010 (hereinafter called the "Vessel"), which Vessel shall be designed, constructed, outfitted, launched and completed in accordance with the Contract Specifications ("Specifications") and the General Arrangement Plans ("Plans") attached hereto as ANNEX A as amended (collectively, the "Plans and Specifications") (which, together with this Agreement, including any Change Orders, user manuals and any other written materials relating to the design or functionality of the Vessel are called the "Contract Documents"), as they may be amended from time to time by written agreement of the parties.

The Vessel shall have the dimensions and characteristics set out in the Specifications.

1 2    All services and work product provided hereunder by Builder or its subcontractors, independent contractors and other persons or entities retained by Builder or otherwise given access to the Vessel or any part thereof or equipment or materials related thereto by Builder (collectively, "Subcontractors") shall be referred to as "Services"

1 3    The Plans and Specifications remain the exclusive property of Builder, provided that Builder hereby grants to Owner a perpetual, irrevocable, transferable right and license to use the Plans and Specifications as are necessary for the operation, repair, maintenance, modification or completion of the Vessel.

1 4    The Vessel will be constructed with first-class workmanship and materials to Builder's standards, which standards in all aspects are in accordance with first-class yacht building, as currently practiced in North America, for yachts of this size, type and value, which are intended for extended transit in open seas  Also, the yacht will be constructed in conformity with:

(a)    the Classification Society for a vessel to be classed ℞ A1 Commercial Yachting Service AMS;

(b)    the laws and regulations of the Flag State;

(c)    the MCA Code (LY2) not restricted to any specified distance from a safe haven;

(d)   US Coast Guard Requirements for foreign flagged vessels; and

(e)   the requirements of all applicable maritime conventions

The Flag State will be the Cayman Islands and the Classification Society will be American Bureau of Shipping.

Builder will be responsible for the production of all necessary design and construction drawings, for the engineering of all shipboard systems, for the production and suitability of all drawings required by the Classification Society and regulatory bodies, and for all supporting weight and stability calculations

1.5   Builder agrees to furnish all plant, labour, tools, equipment, materials and outfit necessary or expedient for the construction of the Vessel, except such items expressly stated in the Specifications, if any, to be furnished by Owner  However, Builder will provide safe storage and insurance coverage for such items of Owner-furnished equipment from the time of receipt of said equipment until delivery of the same to Owner

1.6   ANNEX B hereto comprises a preliminary master construction schedule (the "Preliminary Master Construction Schedule") which will be adjusted within 30 days after the Effective Date in accordance with subsection 7.1 below to take into account a circumstances and conditions which have changed since the Preliminary Master Construction Schedule was prepared.  The Master Construction Schedule to be prepared in accordance with subsection 7 1 below (the "Master Construction Schedule") will specify the date by which each important stage in the construction of the Vessel will be completed, including a number of Key Fixed Dates which will not be subject to any change (other than Change Orders and other delays described in subsection 3 2 below), and the date prior to which each item of Owner-furnished material and equipment should be delivered to Builder's yard and each Owner construction or decoration decision must be communicated to Builder  It is understood by Owner that if Owner-furnished item(s) and Owner decision are not received by the dates specified by Builder, the Vessel's completion estimate and costing estimates may be negatively impacted.  Except in the case of Key Fixed Dates, Builder may depart from the Master Construction Schedule without Owner's prior written agreement provided that such departure will not, in the professional opinion of the Technical Expert (hereinafter defined) cause the delivery of the Vessel to be delayed beyond the Extended Delivery Date (hereinafter defined)  Builder may not for any reason (other than delays caused by Owner's breach of this Agreement, Change Orders and other delays described in subsection 3.2 below), alter or depart from the Key Fixed Dates specified in the Master Construction Schedule

## SECTION 2 – COMPLETION AND DELIVERY

2.1   Upon completion, Builder agrees to deliver the Vessel to Owner ("Delivery")

2.2   Prior to Delivery, Builder will properly and sufficiently test the Vessel to ensure that the Vessel and its equipment and other features are operating properly  Owner shall be invited to observe and may also bring a reasonable number of representatives and technical advisers (not exceeding six at any one time) to observe such tests.  Owner acknowledges that to properly test the Vessel's engines, equipment and systems, it is likely that significant running time may be required  Further particulars of dock and sea trials to be carried out appear in SECTION 17 and in the Specifications

2.3   Upon Delivery, the Vessel, including any equipment, materials, supplies, parts or other components to be delivered with or as part of the Vessel (each, a "Component"), shall be free and clear of all liens, mortgages, and encumbrances (except liens and encumbrances approved by Owner in favour of Owner's construction finance lender, if any), and free and clear of all

Canadian, Provincial, city and all other taxes and assessments, (except export duties or as otherwise provided in SECTION 11) which arise or attach prior to the delivery of the Vessel to Owner, against the Vessel or against the materials, labour, supplies or equipment furnished by Builder in performance of this Agreement

2.4 The Vessel will be delivered to Owner in full conformity with the Contract Documents as amended, thoroughly cleaned, inside and out, with all parts in good working condition suitable for immediate use by Owner. The Vessel will be delivered in International waters closest to Builder's shipyard or at such other place as agreed to by Builder and Owner   Subject to this subsection 2.4 and subsections 2.5, 2.6 and 2 7 below, Owner agrees to accept delivery when so tendered, such delivery also transferring to Owner risk of loss

2.5 At the time and place of Delivery, Builder shall deliver to Owner the following:

(a) An original United States Coast Guard Form of Builder's Certificate naming Owner as first owner.

(b) A bill of sale from Builder to Owner incorporating a warranty that the Vessel is free and clear of any and all claims, debts, liabilities, liens, charges, mortgages and encumbrances of any nature whatsoever

(c) If required and available, a North American Free Trade Agreement Certificate of Origin

(d) An affidavit, executed by Builder, that all materials, equipment, parts, components and supplies furnished by Builder with or as part of the Vessel have been or will be paid for in full; and that all laborers, craftsmen, subcontractors and others providing labor or materials to the Vessel, who have been hired, engaged or retained by Builder, have been paid in full

(e) Assignments and copies of warranties provided by manufacturers and suppliers of the Components furnished by or through Builder

(f) A full set of as-built plans and specifications on paper and in electronic format.

(g) All user manuals, instructions, maintenance and repair manuals, and a complete set of as-built drawings, to include vessel structure and vessel systems.

(h) Certificate of Class in the terms required by the Specifications free and clear of qualifications, recommendations and/or notations.

(i) Certificates of Compliance with the MCA Code (LY2) not restricted to any specified distance from a safe haven and US Coast Guard requirements for foreign-flagged yachts

(j) All other documents and certificates as required by the Specifications

(k) Such other things and documents as Owner may reasonably require for the purpose of perfecting and registering its ownership of the Vessel

It is acknowledged and agreed that the certificates mentioned in paragraphs (h) and (i) above may be provisional at the time of delivery of the Vessel. Builder nevertheless undertakes to do all things necessary or expedient on its part to ensure that Owner is able to obtain permanent certificates as soon as practicable after delivery of the Vessel and always before the expiry of the provisional certificates

2.6 Subject only to the following provisions of this SECTION 2, the Vessel shall not be tendered

NOT A CERTIFIED COPY

for Delivery, nor shall Owner have any obligation to accept Delivery, unless:

(a)   the Vessel has been constructed in full conformity with the Contract Documents; and

(b)   system tests and the sea trials described in subsection 2 2 of SECTION 2 and SECTION 17 are completed to the reasonable satisfaction of the parties

2 7   If the Vessel contains any material defects or deficiencies including, without limitation, malfunctions of mechanical or electrical equipment not manufactured by Builder (such as pumps, underwater exhausts, mufflers, controls, gensets, air conditioning equipment, etc.) that is covered by its own manufacturer's warranty ("Deficiencies"), Owner may, at its discretion, either:

(a)   unless such Deficiencies constitute Minor Noncomformities (defined below), refuse to accept delivery of the Vessel until such Deficiencies have been rectified to its reasonable satisfaction; or

(b)   accept delivery of the Vessel without prejudice to Owner's rights hereunder, and agree in writing with Builder regarding the nature of the Deficiencies to be completed or remedied and the amount of holdback ("Holdback") from the final payment due Builder   All additional costs and expenses relating to curing the Deficiencies Including, without limitation, transportation costs (the "Deficiency Costs), shall be borne by Builder   The Holdback minus any Deficiency Costs will be released to Builder in stages as it completes the work for which it was held back   Any such work to correct or complete the Deficiencies shall be completed by Builder or its authorized subcontractors within ninety (90) business days of Delivery provided that Builder has reasonable access to the Vessel for this purpose and Owner shall, where reasonably necessary and at Builder's expense, allow Builder and its subcontractors or agents reasonable access to the Vessel for such purpose   Owner will be responsible for getting the Vessel to a suitable facility arranged by Builder where the necessary work can be carried out, such facility to be reasonably near the Vessel's area of operation   Provided always that if Builder has had reasonable access to the Vessel but has not corrected or completed the Deficiencies within ninety (90) business days as aforesaid then Owner (without prejudice to its rights against Builder) may have the necessary work done elsewhere in its discretion and recover the cost from the Holdback.

2 8   If the Deficiencies are covered by Builder's warranty, do not constitute structural deficiencies or otherwise threaten the safe operation of the Vessel or Owner's reasonable use and enjoyment of the Vessel and do not, in the aggregate, total a cost to repair of more than US$150,000 as agreed to by the parties, such Deficiencies shall be considered "Minor Noncomformities" and shall not provide a basis for Owner to reject delivery of the Vessel.  Notwithstanding the foregoing, any dispute relating to determining the "cost to repair." under this paragraph shall be submitted to determination by the Technical Expert as provided in SECTION 14 hereof.  In the event of any such dispute, Owner shall not be obligated to accept delivery of the Vessel, provided that if Owner does accept delivery of the Vessel, it shall be without prejudice to Owner's rights hereunder and if Owner does not accept delivery, it shall be without prejudice to Builder's rights hereunder.

## SECTION 3 – COMPLETION AND DELIVERY DATE

3.1   Builder undertakes to deliver the completed Vessel in conformity with the Contract Documents on the date which is twenty four (24) months after the later of (a) the Effective Date and (b) the date on which Builder shall have received the balance of the Deposit (hereinafter defined) (the "Delivery Date") subject only to the Permitted Delay described in subsection 3.6 below, Change Orders and other delays described in subsection 3 2 below.

NOT A CERTIFIED COPY

3 2   The Delivery Date shall be extended to account for any delays in construction caused by Owner's failure to comply with its obligations under this Agreement including, without limitation, delays caused by Owner's failure to make timely payment; the occurrences of any events of force majeure which is defined for purposes of the Agreement as any fire, accident, war, riots, explosion, flood, earthquake, acts of God or other matters similarly beyond Builder's control, including, without limitation, delays caused by the inability to obtain delivery of any Component when required in spite of the timely order of such Component by Builder or its Subcontractor, and Builder's or Subcontractor's continued commercially reasonable efforts to obtain the same as soon as reasonably practical; delays caused by Owner's failure to select materials or provide decision per Builder's Master Construction Schedule; and delays caused by Change Orders (to the extent specified in the written Change Orders themselves).

For the avoidance of doubt the Delivery Date shall not be extended for any of the matters aforesaid except and to the extent that they actually cause a delay in construction – for example, if Owner fails to select materials or provide a decision by the date specified in Builder's Master Construction Schedule but the date specified is not critical because construction of the Vessel is delayed for other reasons not constituting a default of Owner under this Agreement

3 3   Builder will as soon as possible take all reasonable steps (including the rearrangement of work programmes) which do not delay other projects under construction and provided Builder can obtain a qualified workforce at planned costs to overcome or reduce the effects of any delay as aforesaid   It will be Builder's responsibility to prove that any delay has been caused by the events or circumstances stated above and that Builder has taken reasonable steps to overcome or reduce the effects thereof.

3 4   It will be a condition of Builder's entitlement to claim an extension of the Delivery Date by reason of delays as described above that:

(a)   within ten business days after the commencement of the relevant events and circumstances Builder notifies Owner of the nature, effects and likely duration and future effects thereof, and the steps taken and intended to be taken to overcome or reduce such effects; and

(b)   within ten business days after the cessation of the relevant events and circumstances Builder notifies Owner of the period of delay actually caused

3 5   In the event Builder fails to complete and deliver the Vessel to Owner in accordance with the Contract Documents by the sixtieth (60th) day after the Delivery Date, Owner shall be allowed to charge Builder liquidated damages for each subsequent day's delay calculated as daily interest at the rate of eight percent (8%) per annum on all sums paid by Owner to Builder under this Agreement ("Late Fee").   In no event shall Builder be liable for liquidated damages which would otherwise accrue after the Extended Delivery Date nor shall Builder be liable for liquidated damages should Owner terminate this Agreement   Any amounts payable by Builder under this subsection may be withheld by Owner from the Final Purchase Price

3.6   If the delay in delivery of the Vessel exceeds:

(a)   180 days from the Delivery Date as extended for permissible extensions by the terms of this Agreement (the "Extended Delivery Date"); or

(b)   320 days from the Delivery Date as extended for Change Orders and permissible extensions caused by Owner's failure to comply with its obligations under this Agreement, but not taking into account any other causes of delay whether permissible or not;

then Owner will have the option to terminate this Agreement with the consequences provided

for in SECTION 13

SECTION 4 – COST AND PAYMENT

4.1    The cost of the Vessel and the final purchase price payable by Owner (the "Final Purchase Price") will be finally determined on a time-and-materials basis subject to reasonable verification / audit as set forth below and as adjusted for changes pursuant to SECTION 7. During the course of construction of the Vessel Owner will make payments on account of the Final Purchase Price as hereinafter provided but these payments will be in the nature of advances to Builder and the Final Purchase Price will not be earned by Builder until delivery and acceptance of the Vessel in accordance with this Agreement

4.2    Based upon the Plans and Specifications, Builder estimates that the cost of the Vessel will be Fifteen Million U S Dollars (US$15,000,000.00) subject to changes as provided in SECTION 7 (the "Estimated Purchase Price") but, based on said Plans and Specifications and subject to changes as provided in SECTION 7, the Final Purchase Price will not be more than ten percent (10%) greater than the Estimated Purchase Price. If and to the extent that the Final Purchase Price exceeds the Estimated Purchase Price by more than ten percent (10%), the excess above ten percent (10%) shall be shared equally between Builder and Owner and (without limiting the right to recover by other means) Owner may deduct Builder's contribution to this excess from Owner's final payment when taking delivery of the Vessel. If at any time it becomes evident that the Final Purchase Price will be more than ten percent (10%) greater than the Estimated Purchase Price plus agreed changes as provided in SECTION 7 then Owner will have the option to terminate this Agreement with the consequences provided for in SECTION 13.

4.3    Upon execution of this Agreement, Owner shall pay to Builder a deposit (the "Deposit") in the amount of US$1,000,000.00 which shall stand as security for all payments due and payable by Owner under this Agreement. Builder shall have no obligations to commence construction of the Vessel until receipt of the Deposit   Thereafter Owner will make monthly payments in arrears by wire transfer to the account described in ANNEX C as follows:

(a)    Each monthly payment will cover Builder's expenditure for the previous month in accordance with this Agreement. All payments claimed by Builder under this Agreement shall be subject to such verification and audit as Owner and its professional advisers and representatives may reasonably require and Builder shall consistently maintain records and take an open book / transparent approach so as to ensure that correct figures can be calculated and checked for accuracy at any and all times.

(b)    Direct labor will be charged to Owner at the rate of US$39.00 per hour times the actual number of hours worked and administrative, supervisory and design labor will be charged to Owner at the rate of US$49.00 per hour times the number of hours worked.   All equipment, inventory, design fees, subcontractors, equipment, materials, insurance and other third party costs shall be billed to Owner at 110% of the cost to Builder.

(c)    Not later than the tenth working day after the end of each month Builder will submit for Owner's verification and approval a Claim Certificate substantially in the form of ANNEX C, setting out that month's expenditure for labor, materials, subcontractors, etc in accordance with this Agreement and accompanied and accompanied by all relevant worksheets, purchase orders, invoices, receipts, correspondence, etc necessary to substantiate the same. Thereafter Builder will cooperate in providing Owner with such additional information and documentation as it may require for the purpose of verifying the payment claimed in the Claim Certificate

(d)    Amounts properly claimed in a Claim Certificate submitted and verified as aforesaid will be payable by the last working day of the month in which the Claim Certificate is

received by Owner. If any amount claimed in a Claim Certificate is disputed by Owner, Owner must pay all undisputed amounts and the amount in dispute will be referred to the Technical Expert in accordance with subsection 14.2. Builder will cooperate in providing the Technical Expert with such additional information and documentation as he may require for the purpose of determining whether the amount in question is properly payable

(e) It is acknowledged that the foregoing arrangements are intended to maintain positive cash flow and expedite payments to Builder and that on occasion Owner may pay amounts in good faith believing them to be due when that is not in fact the case   Payment by Owner will not constitute an admission of liability and all amounts claimed and/or paid will be subject to audit from time to time by Owner and/or its professional advisers and if any amount paid is found not to have been properly claimed then future payments due from Owner will be adjusted accordingly

(f) Notwithstanding anything stated above, the maximum payable by Owner in respect of any month will be an amount equal to ten percent (10%) of the Estimated Purchase Price and if (but for this subparagraph (f)) the amount payable in any month would exceed ten percent (10%) of the Estimated Purchase Price then the excess will be deferred and added to the payment due in respect of the next succeeding month(s) but not later than the date of delivery and acceptance of the Vessel in accordance with this Agreement.

All payments under this subsection 4 3 shall be made by wire transfer to the account described in ANNEX C

4 4 In addition to all other remedies to which Builder will be entitled, at law or otherwise:

(a) Amounts due hereunder which are not advanced or paid when due as set forth in subsection 4.3 shall bear interest at the rate of eight percent (8%) per annum from the date such amounts are due until paid in full to Builder

(b) If any payment due is not received by Builder by the due date for payment, Builder shall re-invoice Owner in writing with the words "Second Notice" conspicuously appearing thereon (the "Second Notice")   The Second Notice shall, in all cases, be sent to Owner entities listed in SECTION 20 hereof.

(c) Unless the relevant unpaid amount is the subject of a good-faith dispute between the parties, if any such payment is not received by Builder within five (5) business days of the Second Notice Due Date (the "Final Due Date"), Builder may, if reasonably necessary, suspend all or any portion of the work on the Vessel for a maximum of sixty (60) days or (if sooner) until Owner cures its default. If work is suspended under this subsection (c), the Vessel may, if reasonably necessary, be rescheduled on Builder's production schedule, the Vessel's construction schedule recalculated, and a revised Delivery Date and Extended Delivery Date set as soon as reasonably practical   Owner shall be liable, in addition to the Final Purchase Price, for all of Builder's actual out of pocket costs and expenses which are a direct result of suspension of work, including but not limited to, any necessary relocation of the Vessel to storage, storage within Builder's premises (at a commercially reasonable rate), insurance, restarting construction, if necessary, direct and administrative wages and other necessary out-of pocket costs In excess of those that would have been incurred but for the default.

(d) Builder shall not be entitled to suspend work on the Vessel for any period in excess of sixty (60) days and if any payment due remains outstanding for longer than that time Builder's sole remedies shall be interest under subparagraph (a) above or termination in accordance with subsection 13 5

## SECTION 5 – RISKS AND INSURANCE

5.1    Builder shall have risk of loss of and damage to the Vessel and the work hereunder and all material, machinery, and equipment, whether or not already attached to or installed in the Vessel, provided that with respect to items furnished by parties other than Builder, such risk of loss on the part of Builder shall not commence until said items have been received by Builder at its yard at Mapleridge, British Columbia, Canada. Delivery to and acceptance of the Vessel by Owner shall immediately transfer to Owner such risk of loss.

5.2    During the entire period of construction and until the performance by Builder of the entirety of its obligations under the Contract Documents, Builder will pay for Owner's account all required Workers' Compensation taxes to the Province of British Columbia and hold harmless Owner therefrom, and shall maintain policies of insurance with the following minimum coverage's:

(a)    Hull, P & I (Protection & Indemnity) and other marine coverage (to the extent that coverage is not provided by insurance described in subparagraph (c)) including transportation, wages, maintenance and cure, all with limits not less than specified in subparagraph (c) and subrogation waived against Owner;

(b)    Comprehensive general liability insurance against bodily injury, death and property damage, including broad form contractual liability coverage, with combined single liability limits of not less than US$5,000,000 per occurrence. Said insurance shall name Owner and, if required, Owner's lender as additional insured(s) with waiver of subrogation against Owner;

(c)    Standard builder's risk insurance (including protection and indemnity clauses, including employees of Builder and Owner, pollution liability, fire, sinking, war, strikes, riots and civil commotion) covering all periods (including sea trials) up to delivery and acceptance of the Vessel and work hereunder by Owner, including all materials and equipment to be furnished by parties other than Builder from the time that same are received by Builder at its yard at Mapleridge, British Columbia, Canada. The deductible for such builder's risk insurance will be not more than US$250,000, and all deductibles shall be for Owner's account. All first party coverages shall be maintained in an amount at least equal to the value of the completed work plus the value to Owner of materials and equipment received by Builder specifically for use on or for incorporation into the Vessel. All liability coverages shall be maintained with limits of not less than US$5,000,000 per occurrence. Said insurance shall name Owner and, if required, Owner's lender as additional insured with waiver of subrogation against Owner and Owner's lender, and shall provide that payments thereunder shall be made to Builder and Owner or Owner's lender as their respective interests may appear

(d)    The full premium cost of each policy of insurance hereinabove referred to shall be borne solely by Owner and billed to Owner by Builder. Builder agrees to promptly notify Owner in writing in the event of any modification, cancellation, or notice of either, which may be received by Builder and of any circumstances or events that would trigger coverage under the insurance policies required hereunder  All policies of insurance shall be taken out in the name of Builder and Owner, with copies of same to be provided to Owner and Owner's lender and all losses thereunder shall be payable to Builder and, if required, Owner's lender and Builder as their respective interests may appear.   All policies shall provide for fifteen (15) days minimum written notice of cancellation or material change in coverage to Owner and Builder at the addresses stipulated in SECTION 20 of this Agreement   Within fifteen (15) days of the execution of this Agreement, Builder shall furnish Owner with Certificates of Insurance for all insurance coverage required under this Agreement

5.3    In the event Builder is unable or otherwise fails to deliver the Vessel to Owner as required hereunder due to total loss of the Vessel during construction, Owner shall be entitled to recover all amounts paid to Builder hereunder, whether by insurance or otherwise (the "Refund"). The Refund shall be without prejudice to any other rights of Owner under law, this Agreement or otherwise.

## SECTION 6 – PATENT INDEMNITY

6.1    Builder agrees to indemnify, defend, and hold harmless Owner, the Vessel (and if required Owner's lender), and all machinery, equipment, and supplies used in connection therewith, against claims of third persons for damage sustained, including costs, by reason of the infringement of patent or trademark or other intellectual property rights by Builder with respect to designs, materials, processes, machinery, equipment and other such things selected or used by Builder in performing its work and constructing the Vessel. Owner will reasonably cooperate with Builder, at Builder's expense, in the defense of any such suit.

6.2    Owner agrees to reasonably cooperate with Builder should a third party file suit against Builder for infringement of patent rights with respect to materials, processes, machinery or equipment supplied by Owner or other party on behalf of Owner.

6.3    If at any time a third party commences proceedings alleging that any part of the Vessel for which Builder is responsible infringes a patent, trademark or other intellectual property right, and whether or not such allegation in question is proven, Builder shall promptly take all actions necessary to permit the Vessel to be operated without let or hindrance

## SECTION 7 – CHANGES OR EXTRAS & ALLOWANCES

7.1    Within thirty (30) days after the Effective Date, Builder will provide Owner with the Master Construction Schedule which sets out the due date for completion of each Milestone in the construction of the Vessel; the Key Fixed Dates in the construction of the Vessel which will not be subject to any change (other than Change Orders and other delays described in subsection 3.2 above); the due date for tests and trials of the Vessel's machinery, equipment and systems; and the critical dates before which time Owner's final decisions can be changed. For example these items may include, but are not limited to, the choice of finishing wood, interior fabric selections, optional equipment and navigation electronics. Owner acknowledges that if final decisions are not made before the dates set out by Builder the result may be that the Vessel's completion schedule may be negatively affected   The Master Construction Schedule will be subject to Owner's approval (not to be unreasonably withheld or delayed) and, once approved by Owner, Builder will not alter or depart from the Master Construction Schedule without Owner's approval (not to be unreasonably withheld or delayed) except as provided in subsection 1.6 above

7.2    Owner may request Builder in writing to make modifications to the Plans and Specifications and Builder will implement such modifications and (unless they have an unreasonable adverse effect on Builder's production schedule for other projects or substantially alter the appearance or function of the Vessel in Builder's reasonable opinion substantiated by the Technical Expert) carry them out, provided that Builder and Owner first agree in writing upon:

(a)    any adjustment to the Final Purchase Price;

(b)    any alteration of the Delivery Date; and

(c)    any other adjustment to the characteristics of the Vessel as set out in this Agreement, the Plans and Specifications (including without limitation the Vessel's guaranteed Trim / List, Maximum Speed, Range, Noise Levels and Vibration Levels);

reasonably required by reason or in consequence of such modifications

7.3    Subject to the following provisions of this SECTION 7, if after the date of this Agreement any modifications, deletions or additions are made to the laws, rules, regulations and enactments applicable to the Vessel or their interpretation or their application (including withdrawal of provisional approvals of the Classification Society and/or additional requirements of the Classification Society as compared with the basis of this Agreement and/or similar measures of other regulatory bodies), and such modifications, deletions or additions are compulsory for the Vessel, Builder will effect them and notify to Owner:

(a)    any adjustment to the Final Purchase Price;

(b)    any alteration of the Delivery Date; and

(c)    any other adjustment to the characteristics of the Vessel as set out in this Agreement, the Plans and Specifications (including without limitation the Vessel's guaranteed Trim / List, Maximum Speed, Range, Noise Levels and Vibration Levels);

reasonably required by reason or in consequence of such modifications, deletions or additions

Owner may (but will not be obliged to) authorise Builder first to apply for a formal waiver of compliance with such modifications, deletions or additions from the authority by whom the modifications, deletions or additions have been promulgated should Owner consider that the operation of the Vessel in its intended service would permit of such waiver, provided that if such waiver has not been obtained within twenty (20) business days after application (or within such other period as Owner may specify), Builder will carry out the required modifications, deletions or additions   Modifications by regulatory bodies and by the Classification Society which are not compulsory for the Vessel will be treated as owner's modifications to which the provisions of subsection 7.2 will apply if Owner requests Builder to carry out the same.

7 4    Builder will use its best endeavours to minimise the additional cost and adverse consequences for Owner of all modifications, additions and deletions of a kind referred to in this SECTION 7 The cost of all additional labour, materials and equipment will be calculated in accordance with subsection Upon request Builder will provide fully detailed documentary verification of all additional costs for which an adjustment is sought to the Final Purchase Price

7.5    Builder will notify its claim for adjustments to the Final Purchase Price, Delivery Date and other matters required under this SECTION 7 as soon as practicable but in all events within fifteen (15) business days after Owner's request for modification or after Builder becomes aware of the relevant laws, rules, regulations, enactments or interpretation (as the case may be) Thereafter Builder and Owner will negotiate in good faith with a view to reaching agreement on the matters notified within ten business days, provided that in default of agreement such matters will be resolved in accordance with subsection 14 2

## SECTION 8 – ASSIGNMENT

8.1    Owner may freely assign the benefit of this Agreement to any corporation owned or controlled by Mr Harry Sargeant of Gulf Stream in the State of Florida   Owner may also freely assign the benefit of this Agreement by way of security to any bank or financial institution providing finance in connection with the construction of the Vessel and in that event Builder will cooperate as necessary in the assignment and provide such acknowledgments and assurances consistent with the terms of this Agreement as the bank or financial institution may require. Otherwise Owner shall have no right to assign any or all of its rights under this Agreement or to the Vessel at any time without Builder's written consent except   Notwithstanding the assignment by Owner of this Agreement, Owner shall remain liable for the obligations of

Owner hereunder

8 2   Builder shall no right to assign, transfer, delegate or subcontract any of its rights, obligations and duties under this Agreement except as expressly provided by this Agreement or with Owner's written consent

## SECTION 9 – WARRANTY

9 1   Builder will remedy by repairing to as-new standard or if necessary replacing:

(a)   all defects in the Vessel or her engines, machinery or equipment; and

(b)   all nonconformities with the Plans and Specifications which have not been agreed by Owner or Owner's Project Supervisor;

which are notified in writing by Owner at the time of delivery and acceptance of the Vessel

9 2   Builder will further remedy by repairing to as-new standard or if necessary replacing:

(a)   all defects in the Vessel or her engines, machinery or equipment flowing from poor design or engineering, defective materials or bad workmanship;

(b)   all nonconformities with the Plans and Specifications which have not been agreed by Owner or Owner's Project Supervisor; and

(c)   any and all defects in the Vessel and physical damage caused by or resulting directly from defects and nonconformities as aforesaid;

which become apparent during the period of twelve (12) months after delivery and acceptance of the Vessel provided that in each case notice of such defect or nonconformity giving known details is given to Builder as soon as reasonably practicable after such defect or nonconformities becomes apparent.

9 3   Notwithstanding anything contained in subsections 9.1 and 9 2, if the Final Purchase Price for the Vessel is not more than 10% greater than the Estimated Purchase Price then Owner will bear and/or reimburse Builder for 50% of the verified cost of all work necessary to remedy Minor Nonconformities (within the meaning of subsection 2 8), until the total amount of such verified cost (of which Owner bears 50%) is equal to six percent (6%) of the Final Purchase Price. Otherwise Builder will bear all such cost   By way of illustration, if the Final Purchase Price is $15,000,000 and the total verified cost of all work necessary as aforesaid is $1,000,000, then Owner will bear $450,000 and Builder will bear the rest.  Sums payable by Owner under this subsection 9.3 will be calculated and verified in the manner provided by subsection 4 3 *mutatis mutandis*.

9.4   The foregoing warranty does not cover:

(a)   the items identified in ANNEX E, on condition that Builder arranges a warranty from the relevant manufacturer or supplier on terms and for a duration at least equivalent to the terms and duration of the warranty provided by this SECTION 9;

(b)   any condition or work which would be considered routine care or maintenance of a luxury motor yacht; or

(c)   damage not caused by a defect in the Vessel herself but by ordinary wear or tear, overloading, operation beyond capacity, wind, storm, fire, misuse, mismanagement or negligence in the use or maintenance of the boat or accident; or

(d)     damage caused by repairs or alterations not performed in accordance with this SECTION 9 or otherwise with Builder's approval, or by substitution of parts or materials of a kind not approved by Builder.

9.5     All repair and replacement work will be carried out promptly at Builder's shipyard and at Builder's sole expense but if Owner considers that the replacement or repair of any defect under this SECTION 9 cannot be conveniently carried out at Builder's shipyard then subject as follows Owner may require Builder to pay the verified cost of having such repair or replacement carried out at some other convenient port or place. Before having any repair or replacement carried out elsewhere than at Builder's shipyard Owner will ask Builder either to recommend a suitable shipyard or contractor to carry out the necessary work or to propose satisfactory arrangements to send Builder's own employees or a specifically authorized service representative to carry it out. Builder will make any such recommendation or proposal within a reasonable time (having regard to the nature of the defect and the urgency of the situation) but latest three (3) business days after Owner's request   If Builder makes a recommendation or proposal within this timescale which Owner unreasonably declines to follow, Builder's liability in respect of the repair or replacement will be limited to the amount which would have been payable by Builder had Owner followed such recommendation or proposal   Builder will have the right to attend and inspect any warranty work being done at a location other than Builder's shipyard.

9 6     THE WARRANTY PROVISIONS SET FORTH HEREIN AND IN ADDENDUM C ARE THE ONLY WARRANTIES GIVEN AND ARE IN LIEU OF AND BUILDER DISCLAIMS TO THE EXTENT IT LEGALLY CAN AND ALL OTHER WARRANTIES, EXPRESS, IMPLIED OR STATUTORY, WHATSOEVER INCLUDING, WITHOUT LIMITATION, ANY IMPLIED WARRANTIES UNDER ANY SALE OF GOODS ACT OR SIMILAR LEGISLATION, ANDY IMPLIED WARRANTY OF MERCHANTABILITY AND ANY IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE. THE REPLACEMENT OR REPAIR OF DEFECTIVE PARTS AS STATED ABOVE IN THIS WARRANTY SHALL BE THE SOLE AND EXCLUSIVE REMEDY OF OWNER OR ANY OTHER PERSON AND SHALL BE THE SOLE LIAVILITY OF THE ASR AND BUILDER UNDER THIS WARRANTY AND ANY IMPLIED WARRANTIES WHICH ARE NOT EFFECTIVELY DISCLAIMED HEREIN NEITHER BUILDER NOR ANY ASR SHALL BE LIABLE UNDER ANY CIRCUMSTANCES FOR LOSS OF TIME, INCONVENIENCE, LOSS OF USE, OR FOR ANY OTHER INCIDENTAL, SPECIAL, CONSEQUENTIAL OR INDIRECT DAMAGES.

9.7     THIS WARRANTY IS EXPRESSLY IN LIEU OF ANY NON-CONTRACTUAL LIABILITIES INCLUDING, WITH OUT LIMITATION, PRODUCT LIABILITY BASED UPON NEGLIGENCE OR STRICT LIABILITY

9.8     Owner may secure performance of warranty obligations hereunder by:

(a)     Written communication (which includes facsimile and email) with Builder

(b)     Delivering the Vessel to Builder's shipyard or to a service representative which Builder.

9 9     Any other communications, necessary in connection with this warranty, should be sent to the following address:

WorldSpan Marine Inc.
27222 Lougheed Highway
PO Box 10, Station Whonnock
Maple Ridge, British Columbia
V2W 1V9 Canada

NOT A CERTIFIED COPY

## SECTION 10 – SUBCONTRACTORS

10 1    Builder will be entitled to subcontract work associated with the construction of the Vessel (but not the whole or substantially the whole of the work) to reputable and suitably qualified specialist subcontractors set forth in ANNEX F    Builder will not, without Owner's prior approval (not to be unreasonably withheld or delayed), be entitled to place with any subcontractor or related subcontractors any subcontract or series of subcontracts exceeding US$50,000.

10 2    Save as provided by this Agreement no subcontract as aforesaid will in any way affect Owner's rights and Builder's obligations under this Agreement and Builder unconditionally guarantees the due and punctual performance by every subcontractor of the obligations subcontracted to them

10 3    As security for Builder's obligations under this Agreement Owner will be entitled at any time to call for an assignment by Builder of its rights under any material subcontract made in relation to the construction of any part of the Vessel, or of the benefit of any claim or cause of action arising under any such subcontract, and Builder will ensure that all such subcontracts contain adequate provisions to permit such assignments at Owner's request.

## SECTION 11 – TAXES AND UNEMPLOYMENT CONTRIBUTION

11 1    Builder does hereby acknowledge and accept full responsibility for the payment of all duty for importing materials, machinery, or equipment into Canada (except owner furnished items); franchise taxes; income taxes; taxes measured by Builder's receipts or earnings; payroll taxes or unemployment contributions; or other taxes or contributions now or hereafter imposed by any government or taxing authority having jurisdiction in the premises, and which are measured or computed in accordance with salaries or other compensations, and which shall become due or payable by virtue of the performance of Builder's obligations hereunder up to, but excluding, Delivery, and Builder hereby agrees to indemnify Owner accordingly

11 2    Subject to subsection 11.1 above, Owner does hereby acknowledge and accept exclusive liability for the payment of all taxes that may be levied based upon the sale or Delivery to or use by Owner or its representatives, successors or assigns of the delivered Vessel itself. In the event there is duty payable for importing the completed Vessel into the United States or any country other than Canada, Owner will pay it in a timely manner.

## SECTION 12 – TITLE

12 1    Builder will retain title to the Vessel until delivery to Owner.  Builder grants to Owner a continuing first priority security interest in the Vessel, including all work, materials, machinery, and equipment relating to the Vessel, to secure any sums advanced or paid to Builder under this Agreement; provided, however, that such security interest shall be subordinate to Owner's obligations under the Contract Documents including Builder's right to receive payments pursuant to this Agreement  In support of Owner's security interest in the Vessel Builder agrees to register a Ship's Mortgage in favour of Owner or Owner's construction lender (the form of the mortgage document is to be agreed upon between the parties acting reasonably) if Owner requests that this be done for any purpose.

## SECTION 13 – TERMINATION

### Builder's Default

13.1    Owner shall have the right and power, without prejudice to any other right or remedy, to terminate this Agreement in whole or in part, in the event of any of the following events (each,

an "Event of Default"):

(a)     if a bona fide petition is granted or an order is made or an effective resolution is passed for the winding up, liquidation or dissolution of Builder otherwise than for the purpose of an amalgamation or reconstruction previously approved in writing by Builder);

(b)     if a receiver, receiver and manager or administrator is appointed of the whole or a substantial part of the undertaking or property of Builder;

(c)     if Builder suspends payment of its debts or ceases to carry on its business or makes any arrangement or composition with its creditors;

(d)     if any event or circumstance should occur or arise rendering Builder liable to the making of any order for the commencement of any proceedings under the applicable insolvency laws of any part of the world; or

(e)     if Builder, otherwise than by reason of force majeure within the meaning of subsection 3.2 or default of Owner under this Agreement fails to achieve the stage of construction of the Vessel required at any Key Fixed Date indicated in the Master Construction Schedule by the one hundred eightieth (180th) day after such Key Fixed Date

13.2    Upon termination of this Agreement by Owner, Owner will be freely entitled to take over and complete the Vessel elsewhere in which event Builder will be liable:

(a)     to deliver up the Vessel and/or such parts as have been constructed and all materials, engines, machinery, outfit and equipment from time to time appropriated to the Vessel and/or pertaining to this Agreement (including Owner's Supplies) free and clear of all mortgages, maritime liens and debts and claims whatsoever for removal from Builder's shipyard;

(b)     to do and execute all acts, matters, things and documents necessary or reasonably required by Owner to transfer and convey all right, title and interest to and in the Vessel to Owner and protect the same against claims by other persons (including suppliers, subcontractors and creditors of Builder and persons from time to time representing such suppliers, subcontractors and creditors);

(c)     to assign to Owner or as it may direct the benefit of any or all agreements for the supply of materials, engines, machinery, outfit or equipment or the execution of work in relation to this Agreement; and

(d)     to indemnify Owner on written demand for any additional cost (over and above the Capped Purchase Price described in subsection 13.5) of completing the Vessel in accordance with the Plans and Specifications (all expenses of moving the Vessel to another place for completion being included in such cost) provided that Owner will take reasonable steps to minimise any such additional cost

13.3    As an alternative to its rights under the preceding provisions of this SECTION 13 Owner will be entitled by notice in writing given at any time within thirty (30) days after termination of this Agreement to require Builder to cooperate in the prompt sale of the Vessel on such terms and in such manner as Owner may decide and Builder may approve (approval not to be unreasonably withheld or delayed) and following such sale the provisions of SECTION 24 will apply.

13.4    Notwithstanding anything contained elsewhere in this Agreement if Owner has taken delivery of the Vessel in circumstances in which Owner would otherwise have been entitled under this Agreement to reject the Vessel and/or terminate this Agreement then at any time within three (3)

NOT A CERTIFIED COPY

months after taking delivery Owner will have the option to reject the Vessel and terminate this Agreement whereupon the Vessel will be sold in the manner contemplated by subsection 13.3 and following such sale the provisions of SECTION 24 will apply.

*Owner's Default*

13 5   Except for payments which are the subject of a good-faith dispute and have been submitted to arbitration as provided in SECTION 14, if Owner fails to make a payment required hereunder by the Final Due Date, Builder shall re-invoice Owner with the words Termination Notice written conspicuously thereon (the "Termination Notice")   The Termination notice shall, in all cases, be sent to all Owner entities listed in SECTION 20 hereof.  If such failure continues unremedied for a period of sixty (60) days after the Termination Notice, Builder may terminate this Agreement and notify Owner that Builder intends to offer the Vessel for sale; and in such case property in the Vessel (and in all Owner's Supplies integrated in the Vessel and incapable of being removed without causing damage) will revert or pass to Builder and Owner will promptly do and execute all acts, matters, things and documents necessary or reasonably required by Builder to perfect Builder's property therein

In the remainder of this subsection 13 5 "Capped Purchase Price" shall mean the lesser of (1) the Final Purchase Price and (2) an amount ten percent (10%) greater than the Estimated Purchase Price.  If Builder resells the Vessel for an amount less than the Capped Purchase Price, Builder shall refund to Owner all installment payments made to Builder less Builder's direct out-of-pocket costs and expenses for storage and resale (provided such cost and expenses are standard and customary in the industry), and less the difference between the Capped Purchase Price and the actual resale price of the Vessel  If Builder resells the Vessel for an amount equal to or in excess of the Capped Purchase Price, Builder shall refund to Owner any installment payments made to Builder, less Builder's costs and expense for storage and resale (provided such cost and expenses are standard and customary in the industry)  Builder's out-of-pocket costs for storage and resale shall not include the costs of any modifications required by the new purchaser; but shall include brokerage fees and reasonable advertising costs attributable solely to the sale of Vessel.  Owner shall not be liable for any losses or damages including special, consequential, incidental or direct losses or damages other than set out in this Agreement

## SECTION 14 – GOVERNING LAW; TECHNICAL EXPERT; ARBITRATION OF DISPUTES

14 1   This Agreement shall be governed by and construed in accordance with the laws of the United States including its maritime law and the State of Washington

14 2   All disputes relating to technical aspects of the construction of the Vessel (including but without limiting the generality of the foregoing disputes as to whether the Vessel suffers from any defect and/or complies with the Contract Documents when tendered for delivery by Builder and disputes relating to the consequential effects of modifications within the meaning of SECTION 7) which cannot be resolved by negotiation and agreement between the parties will at the written request of either party be submitted to and finally determined by TOM CORNESS or another suitably qualified surveyor of the company PATTON MARINE INC acting as a technical expert and not as an arbitrator provided that if neither Mr Corness nor any such other surveyor is willing and able to act then another technical expert will be appointed by agreement between the parties or (failing agreement within fourteen days after the aforesaid written request) by the Classification Society.

14 3   Except as otherwise provided in Section 14 2 above for disputes relating to technical aspects of the construction of the Vessel), any dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this Agreement, shall be submitted

NOT A CERTIFIED COPY

exclusively to arbitration in the City of Seattle, Washington, United States of America under the auspices of the Washington Arbitration & Mediation Service ("WAMS"). Either party may initiate arbitration by sending written notice to the other of their intent to arbitrate specifying the dispute to be arbitrated and the specific relief sought. Within ten (10) business days after receipt of a notice to arbitrate a dispute, Owner and Builder shall agree upon and appoint an arbitrator. If the parties are unable to agree upon an arbitrator within such ten (10) day period, then each party shall select an arbitrator and the selected arbitrators shall select a third. The arbitrator may grant any relief and render any award, which the arbitrator deems just and equitable and within the scope of the Agreement and consistent with the laws of the State of Washington, including, but not limited to, specific performance, costs and reasonable attorneys' fees. The arbitrator's decision shall be final and legally binding. The parties further agree to submit exclusively to the jurisdiction of the federal or state courts in King County, Washington, United States of America for any action to enforce an arbitration award. The arbitrator shall award the expenses and costs of arbitration, including attorneys' fees, to the prevailing party in such amount as the arbitrator sees fit. This Section 14.3 may only be waived by mutual written agreement of the parties hereto

## SECTION 15 – OIL POLLUTION

Builder shall hold harmless, defend, and indemnify the Vessel and Owner from any and all liability, fines or penalties to any federal, provincial, state or municipal authority by reason of pollution of waters by oil or refuse from the Vessel during the course of construction or while the Vessel is in the custody of Builder during dock trials or water running trials, up to the time of delivery to Owner under this Agreement

## SECTION 16 – CONSTRUCTION DRAWINGS AND RIGHT TO INSPECT

16.1 Builder will prepare and submit all necessary Construction Drawings to Owner in triplicate not later than the requisite date (if any) specified in the Master Construction Schedule and in any event within reasonably good time to enable Owner properly to consider and comment thereon before the same are required to be implemented. Within ten (10) business days after receipt thereof from Builder, Owner will ensure that one copy of each Construction Drawing is returned to Builder, endorsed either with Owner's approval or with such remarks and/or amendments as Owner wishes to make. Owner will in any event endeavour to ensure that the Construction Drawings are returned as soon as possible within the time limit stated. If Owner wishes to make any amendment to any Construction Drawing, Builder will make such amendment and re-submit such Construction Drawing to Owner for approval as soon as reasonably practicable, provided that any such amendment which constitutes a modification to the Plans and the Specifications will be dealt with in accordance with SECTION 7. Owner's approval of the Construction Drawings will not in any way displace, limit or exclude Builder's responsibility for the design, construction, outfitting, launching and completion of the Vessel in accordance with this Agreement.

16.2 Owner will have the right to inspect the Vessel and all engines, machinery, equipment, outfit, materials and workmanship intended therefor and to photograph and film the same at Builder's shipyard during construction and Builder will grant Owner's authorised representatives free access for such purposes during working hours. Owner's authorised representatives will include the Project Supervisor and the names of additional and substituted representatives from time to time will be notified to Builder before their first attendance at Builder's shipyard and workshops. Owner will ensure that at any given time one of Owner's representatives is designated as the point of contact and authorised to make decisions on all material technical matters on Owner's behalf. Builder will use best endeavours to ensure that Owner's authorised representatives have the same right of access to all its subcontractors' premises for inspection purposes. Access and inspection will be at Owner's risk and expense

NOT A CERTIFIED COPY

16 3 Builder at its own expense will provide Owner's authorised representatives with reasonably adequate and secure office space and furniture at Builder's shipyard and facilities including telephone, fax, modem, photocopier, refrigerator and shower. Telephone and fax charges will be for Owner's account.

16 4 Owner's authorised representatives will observe the works' rules prevailing at Builder's and its subcontractors' premises and address their remarks exclusively to Builder's appointed representatives whose names will be made known to Owner in advance.

16.5 Owner's authorised representatives will at all times be deemed employees of Owner and not of Builder  Neither Builder nor any of its servants or agents will be under any liability for (and Owner will indemnify Builder and its servants and agents from and against) personal injury (including death) or loss or damage to property suffered by Owner or its servants or agents (including the Project Supervisor and Owner's authorised representatives) during their performance of the works envisaged in this SECTION 16 or presence at Builder's premises for any other reason unless the same has been caused by Builder's negligence or that of its servants or agents  Owner shall provide proof of insurance covering such risks in amounts and with coverage reasonably satisfactory to Builder listing Builder as an additional insured. Neither Owner nor any of its servants or agents (including the Project Supervisor and Owner's authorised representatives) will be under any liability for (and Builder will indemnify Owner and its servants and agents from and against) personal injury (including death) or loss or damage or to property suffered by Builder or any of its servants or agents unless the same has been caused by Owner's negligence or that of its servants or agents

16.6 If Owner's authorised representatives claim that any item of construction, machinery, equipment, materials or workmanship does not conform to the requirements of this Agreement, the Plans and Specifications, they will promptly give notice thereof in writing to Builder's appointed representatives.    Within five (5) business days after receipt of such notice Builder will investigate the matter to determine whether such non-conformity exists and, if it does, correct the same as soon as possible   Any dispute as to whether or not a non-conformity exists or has been properly corrected will be resolved in accordance with subsection 14 2.

16 7 Errors and omissions in the Construction Drawings (whether or not approved by Owner) will be Builder's sole responsibility.  Builder will be obliged to rectify all consequences of such errors and omissions at its sole cost and they will not constitute grounds for an extension to the Delivery Date.

## SECTION 17 – TRIALS

17.1 On completion of construction and outfitting and prior to delivery and acceptance the Vessel and her machinery and equipment will be subject to the following trials and tests:

(a) An inclination test in accordance with SOLAS Regulation II-1/22 to determine the Vessel's correct stability figures, the manner of testing to be approved by the Classification Society and the MCA

(b) Trials to determine the Vessel's inherent trim / list corresponding to empty fuel and water tanks and with an allowance for fifteen tons of constant deadweight

(c) Sea trials to be conducted with clean bottom, in smooth and deep water, in calm weather (wind and sea force not exceeding Beaufort Scale 2) during which:

(i) the Vessel's maximum speed (100% MCR) and cruising speed (85% MCR) corresponding to half load condition will be determined;

NOT A CERTIFIED COPY

(ii) the Vessel's range at cruising speed (15 knots) with 6000 gallons of consumable fuel of fuel and otherwise in half-load condition will be calculated on the following basis:

Deep Salt water at 15°C and 3.5% salinity

Wind speed 0 knots and air temperature 15°C

Current speed 0 knots

Wave height 0 in significant

(iii) noise level measurements will be taken, both at the Vessel's cruising speed and while lying alongside, in Owner's, Guest and VIP areas (including without limitation main saloon, main dining room and wheelhouse) and in the crew and staff areas, the measuring points in each case being at a height of one metre, not nearer than one metre to the walls or the ceiling and approximately in the centre of the room (more than one measuring point being used in more spacious areas and the arithmetic average used to determine the result); and

(iv) vibration level measurements will be taken at the Vessel's cruising speed in Owner's, Guest and VIP areas (including without limitation main saloon, main dining room and wheelhouse) and in the crew and staff areas.

(d) At least one further sea trial to be conducted in rough weather (wind and sea force exceeding Beaufort Scale 3 but not exceeding Beaufort Scale 5) but always within the Vessel's operational limits as defined by the Classification Society and the MCA

(e) Trials of at least four hours' duration to determine the Vessel's Range at cruising speed with 90% bunkers and full water tanks.

(f) Other trials and tests as set out in the Specifications or as reasonably required by Owner to verify the performance of the Vessel and her systems

17.2 All tests, trials and measurements will be conducted in a manner and to an extent as prescribed in the Contract Documents and by the Classification Society and the MCA, and in accordance with customary luxury yacht construction practices.

17.3 If on the day scheduled for the sea trials the weather and/or sea conditions are not suitable to enable them to be carried out in accordance with the Contract Documents then Builder may postpone the trials or such part thereof as deemed necessary until the next suitable day. In such case Builder will be entitled to an extension of the Delivery Date equivalent to the delay caused by such postponement

17.4 Builder will be entitled to conduct preliminary sea trials following which the main engines and other characteristics of the Vessel will be adjusted to comply with the Contract Documents If at any trial or test the Vessel or any part of her machinery or equipment fails to satisfy the requirements of the Contract Documents either Builder or Owner will be entitled by notice in writing to the other to require such trial to be repeated but no such repetition will allow Builder an extension of to the Delivery Date

17.5 Within seventy-two (72) hours after completion of the aforesaid trials Owner or Owner's duly authorised representatives will notify Builder in writing of any deficiencies found as to the compliance with the Contract Documents When Builder has remedied such deficiencies and conducted such trials and tests as may reasonably be necessary to demonstrate that the Vessel

NOT A CERTIFIED COPY

complies with the Contract Documents, or if no deficiencies are notified to Builder, Owner will accept the Vessel.

17.6 Builder will provide Owner with a trial and test program at least two months before the trials and tests referred to in subsection 17.1 are due to commence. Builder will also give to Owner's representative for the time being designated as the point of contact at least ten (10) business days' prior written notice of the trials and tests and Owner's representatives will be entitled to be present on board the Vessel or otherwise during all such trials and tests. Notwithstanding the foregoing no notice of a trial or test need be given if such trial or test follows immediately upon another trial or test and Owner's representatives are present.

17.7 Builder will supply the master and crew for the Vessel's sea trials. Builder will also supply all fuel oil, diesel/gas oil, lubrication oil and hydraulic oil required for the purpose of completing the Vessel's trials and Owner will on delivery and acceptance of the Vessel reimburse Builder the price paid by Builder for such quantities as are not consumed on trials and which remain on board.

17.8 Builder will have full responsibility for the Vessel during trials and tests and be liable for all loss and damage sustained to the Vessel, howsoever caused unless caused by the wilful misconduct or gross negligence of Owner's representatives.

## SECTION 18 – GUARANTEED CHARACTERISTICS

18.1 Builder acknowledges that the Vessel's maximum speed, range, noise levels, vibration levels and trim are of critical importance to Owner and the liquidated damages provided for in this SECTION 18 are intended as a last resort in case a particular problem with the Vessel's maximum speed, range, noise levels, vibration levels and trim cannot be remedied. Subject always to Owner's rights and remedies under this SECTION 18 Builder shall use its best endeavours throughout the construction of the Vessel to ensure that the requirements of the Specifications as regards maximum speed, range, noise levels, vibration levels and trim are met. Without limiting the generality of the foregoing if any problem with the Vessel's maximum speed, range, noise levels, vibration levels and trim should become apparent then Builder shall at its own expense use best endeavours (without thereby adversely affecting any other characteristic of the Vessel) to correct the same, provided that no such remedial action shall constitute grounds for an extension to the Delivery Date.

18.2 If the Vessel's actual maximum speed in half-load condition, measured in accordance with subsection 17.1 and the Contract Documents, is less than 20.5 knots, and Builder using its best endeavours cannot remedy the problem, then Builder shall pay to Owner as liquidated damages the following amounts:

(a)     for the first half knot of speed deficiency, nothing; and

(b)     for each half knot or part thereafter, $15,000;

provided that if the deficiency in the Vessel's maximum speed as aforesaid is more than two full knots then, as an alternative to claiming any liquidated damages for speed deficiency, Owner shall have the option to terminate this Agreement with the consequences provided for in SECTION 13. In no event shall Builder be liable for liquidated damages for any speed deficiency in excess of two full knots and nor shall Builder be liable for liquidated damages should Owner terminate this Agreement.

18.3 If the Vessel's actual range at cruising speed (15 knots) with 6,000 gallons of consumable fuel of fuel and otherwise in half-load condition, calculated or extrapolated in accordance with subsection 17.1, is less than 1,350 nautical miles, and Builder using its best endeavours cannot

remedy the problem, then Builder shall pay to Owner as liquidated damages the following amounts:

(a)    for the first 50 nautical miles of range deficiency, nothing; and

(b)    for each successive 50 nautical miles or part thereafter, $15,000;

provided that if the deficiency in the Vessel's range as aforesaid is more than 200 nautical miles then, as an alternative to claiming any liquidated damages for range deficiency, Owner shall have the option to terminate this Agreement with the consequences provided for in SECTION 13   In no event shall Builder be liable for liquidated damages for any range deficiency in excess of 200 nautical miles and nor shall Builder be liable for liquidated damages should Owner terminate this Agreement.

18 4    If the actual noise level in any interior accommodation area of the Vessel (excluding service and mechanical spaces), measured either at cruising speed or while lying alongside in accordance with subsection 17 1 and the Contract Documents, exceeds 58 dBA (Owner's or guest areas) or 60 dBA (crew areas), and Builder using its best endeavours cannot remedy the problem, then in respect of each area and each condition in which the actual noise level exceeds 58 dBA (Owner's or guest areas) or 60 dBA (crew areas), Builder shall pay to Owner as liquidated damages the following amounts:

(a)    for the first two dBA of excessive noise, nothing; and

(b)    for each successive dBA or part thereafter, $5,000;

provided that if the actual noise level as aforesaid in any area in either condition is more than 63 dBA (Owner's or guest areas) or 65 dBA (crew areas) then, as an alternative to claiming any liquidated damages for excessive noise, Owner shall have the option to terminate this Agreement with the consequences provided for in SECTION 13   In no event shall Builder be liable for liquidated damages for any noise in excess of 63 dBA (Owner's or guest areas) or 65 dBA (crew areas), and nor shall Builder be liable for liquidated damages should Owner terminate this Agreement

18 5    If the actual vibration level in any interior accommodation area of the Vessel (excluding service and mechanical spaces), measured at cruising speed (15 knots) in accordance with subsection 17 1 and the Contract Documents, exceeds a velocity of 1.5mm/sec RMS for frequencies above 5Hz or a peak acceleration of 32mm/sec$^2$ for frequencies below 5Hz, and Builder using its best endeavours cannot remedy the problem, then Builder will pay to Owner as liquidated damages the following amounts:

(a)    for the first 0 5mm/sec RMS above 5Hz of velocity or the first 16mm/sec$^2$ below 5Hz of peak acceleration, nothing; and

(b)    for each successive 0 5mm/sec RMS above 5Hz of velocity or part thereafter or each successive 16mm/sec$^2$ below 5Hz of peak acceleration or part thereafter, $5,000;

provided that if the actual vibration level in any area as aforesaid exceeds a velocity of 3.0mm/sec RMS above 5Hz or a peak acceleration of 80mm/sec$^2$ below 5Hz then, as an alternative to claiming any liquidated damages for excessive vibration, Owner shall have the option to terminate this Agreement with the consequences provided for in SECTION 13   In no event shall Builder be liable for liquidated damages for any vibration exceeding a velocity of 3.0mm/sec RMS above 5Hz or a peak acceleration of 80mm/sec$^2$ below 5Hz, and nor shall Builder be liable for liquidated damages should Owner terminate this Agreement

NOT A CERTIFIED COPY

18.6  If the Vessel's inherent trim, including an allowance for fifteen (15) tons of permanent ballast but on the basis of empty fuel, water and ballast tanks, measured in accordance with subsection 17.1 and the Contract Documents, is not level, and Builder using its best endeavours cannot remedy the problem before delivery of the Vessel, then Builder will pay to Owner as liquidated damages the following amounts:

(a)  for negative (bow-down) trim and/or list: (1) for the first 100 mm of negative trim and/or list, nothing and (2) for each successive 50 mm or part thereafter, $5,000 provided that if the negative trim and/or list as aforesaid is more than 250 mm then, as an alternative to claiming any liquidated damages for negative (bow-down) trim and/or list, Owner will have the option to terminate this Agreement with the consequences provided for in SECTION 13; and

(b)  for positive (bow-up) trim: (1) for the first 200 mm of positive trim, nothing and (2) for each successive 100 mm or part thereafter, $5,000 provided that if the positive trim as aforesaid is more than 500 mm then, as an alternative to claiming any liquidated damages for positive (bow-up) trim, Owner will have the option to terminate this Agreement with the consequences provided for in SECTION 13

In no event shall Builder be liable for liquidated damages for any negative (bow-down) trim and/or list exceeding 250 mm or for any positive (bow-up) trim exceeding 500 mm, and nor shall Builder be liable for liquidated damages should Owner terminate this Agreement.

## SECTION 19 – SUCCESSORS

This Agreement shall be binding upon Builder and Owner and upon their respective heirs, legal representatives, successors, and approved assigns

## SECTION 20 – NOTICES

All notices or communications hereunder shall be in writing, shall be effective on receipt, and shall be sent by form of registered mail or courier requiring a receipt with a copy transmitted by fax and email as follows:

If to Builder:      WorldSpan Marine Inc.
           Attention: Mr. Jim Hawkins
           27222 Lougheed Highway
           PO Box 10, Station Whonnock
           Maple Ridge, British Columbia
           V2W 1V9 Canada

           Fax +1 606 462 1677

With a mandatory copy to:  David H Baker
           PO Box 431
           340 Royal Poinciana Way
           Suite 321
           Palm Beach, Florida 33480

           Facsimile +1 561 833 2261
           Email david.baker@amrl.com

<table>
<tr><td>If to Owner</td><td>Harry Sargeant<br>C/O Sargeant Marine<br>3020 N Military Trail<br>Suite 100<br>Boca Raton<br>FL 33431<br><br>Fax +1 561 999 9506<br>Email hsargeantjr@sargeant.net</td></tr>
<tr><td>With a mandatory copy to:</td><td>Jay Tooker<br>Holman Fenwick & Willan<br>Marlow House<br>Lloyds Avenue<br>London EC3N 3AL<br>United Kingdom<br><br>Fax +44 20 7481 0316</td></tr>
</table>

## SECTION 21 – PROMOTIONAL PHOTOGRAPHIC RIGHTS; CONFIDENTIALITY

21.1 Owner authorises Builder to photograph the Vessel during construction and in the period immediately before delivery and at other times reasonably acceptable to Owner after delivery, with Owner's prior approval (not to be unreasonably withheld) to use a selection of the photography for promotional and editorial purposes in reputable publications, provided that Owner shall not be identified by name without Owner's express written consent. If Builder does photograph the Vessel it will provide a selection of the photographs to Owner. Owner agrees that the Vessel will be built with the Crescent logo permanently attached to the Vessel's superstructure as specified in the Contract Documents and in such other aesthetically pleasing places as Owner may agree (agreement not to be unreasonably withheld)

21.2 Save as provided in subsection 21.1 neither party will disclose the contents or import of the Contract Documents to any person (except its legal and other professional representatives or as required by law or as reasonably necessary in connection with the construction of the Vessel) without the prior written approval of the other. Builder will not disclose and will take all reasonable precautions to ensure that its servants and agents do not disclose the identity of the beneficial owner of the Vessel, the Final Purchase Price or any information concerning the design, performance or characteristics of the Vessel which is not already in the public domain otherwise than as a result of a breach of Builder's obligations. All press releases concerning the Vessel and the publication of all information and articles thereon and photographs thereof will be subject to Owner's prior written approval in its sole discretion not to be unreasonably withheld

## SECTION 22 – OTHER BUILDER RIGHTS

As a material inducement for Builder to enter into this Agreement which provides for labor rates and material, equipment and subcontract mark ups at below market rates, Owner shall make the Vessel available to Builder from time to time after reasonable notice from Builder for demonstration by Builder to others of the work product and craftsmanship of Builder. Such use by Builder shall be at no charge to Builder except for consumable supplies, for example, fuel, and the cost of the crew used prorated on a daily basis. Additionally, Owner agrees to allow the Vessel to be placed in up to 4 boat shows per year in the United States at no charge to Builder except for Builder's expense for crew, docking space and consumables. As further consideration for the below market rates paid by Owner for the construction of the Vessel, upon sale of the Vessel by Owner, the gross profit from the Vessel,

that is, the profit after deducting the cost of the Vessel and the direct costs of sale, for example, any brokerage commission to an unrelated third party, shall be split equally between the parties.

## SECTION 23 – GENERAL CONDITIONS

23.1   Except as otherwise provided herein, the Contract Documents represent the entire agreement between the parties and supersedes and makes void all prior agreements, ship's mortgage documentation, general information found in promotional or editorial literature, negotiations, correspondence, other specifications, undertakings or commitments, whether written or oral, and shall constitute the entire agreement between the parties regarding the construction of the Vessel Any amendment hereof shall be in writing and signed by the party against whom it is sought to be enforced; any purported amendment, not in writing and not so signed shall be void. Except for Builder's warranty described in SECTION 9 hereof, Builder's delivery warranty of good title and freedom from liens and encumbrances as of the delivery of the Vessel to Owner and Builder's rights under SECTION 21 and SECTION 22, this Agreement shall terminate and expire upon the acceptance of delivery of the Vessel by Owner.

23.2   In the event of any conflict between this Agreement and any of its Addenda, this Agreement shall take precedence. In addition, in the event of any conflict between the Contract Documents and this Agreement, this Agreement shall take precedence over the provisions of the Specifications, which shall in turn take precedence over the Plans  Any conflict in the provisions of the said Contract Documents shall be resolved with proper regard for said order of precedence.

23.3   The provisions of this Agreement are severable, and if any provisions shall be held illegal, invalid, or unenforceable, such holding shall not offset the legality, validity or enforceability of any other provision. In addition, if any term or provision of this Agreement shall be found invalid, illegal or otherwise unenforceable, the provision shall be deemed modified to the extent necessary to render such term or provision enforceable, and the rights and obligations of the parties shall be construed and enforced accordingly, preserving to the fullest permissible extent the intent and agreements of the parties herein set forth.

23.4   All dollar amounts in this Agreement are stated in terms of United States dollars.

23.5   The term "business days" shall mean days on which commercial banks located in Vancouver, British Columbia, Canada are open for the conduct of regular business.

## SECTION 24 – EVENTUAL SALE OF VESSEL

24.1   The provisions of this Article SECTION 24 will apply if (and only if) Owner sells the Vessel, whether complete or incomplete, at any time within three years after the Delivery Date.

24.2   For the purposes of this SECTION 24:

A   =   a sum 10% greater than the Estimated Purchase Price plus changes as provided in SECTION 7 ($16,500,000 if there are no such changes)

B   =   the Final Purchase Price taking into account all sums contributed by Owner and Builder

C   =   the net proceeds of sale of the Vessel (after any brokerage and expenses connected with the sale and transfer of the Vessel)

D   =   the profit (if any) on sale of the Vessel (C – B)

E   =   the loss (if any) on sale of the Vessel (B – C)

NOT A CERTIFIED COPY

24.3 If B is not more than A and if C is more than B, then Owner will promptly account to Builder for either:

    (a) one-half of D; or

    (b) one half of A – B;

    whichever is the lesser

24.4 If B is not more than A and if C is less than B, then Builder will promptly pay to Owner either:

    (a) one-half of E; or

    (b) one half of A – B;

    whichever is the lesser

24.5 If B is more than A and if C is more than B, then Owner will promptly account to Builder for either:

    (a) one-half of D; or

    (b) one half of B – A;

    whichever is the lesser

24.6 If B is more than A and if C is less than B, then Builder will promptly pay to Owner either:

    (a) one-half of E; or

    (b) one half of B – A;

    whichever is the lesser

24.7 If B = C then neither party will have any liability to the other under this SECTION 24.

24.8 When making any payment under this SECTION 24 each party will be entitled to set off and deduct from the amount due to the other party any amount then due and owing by that party under or pursuant to this Agreement, to the intent that so far as possible this SECTION 24 will operate as a final adjustment and accounting between the parties of their liabilities to each other under this Agreement

## SECTION 25 – GUARANTEE OF PRINCIPALS

25.1 Steven L. Barnett of 825 18th Street, Suite 200, Vero Beach ▆▆▆▆ the State of Florida and W. Chris Blane of 505 Beachland Boulevard, Suite 1, PMB 270, Vero Beach 32963 in the State of Florida, being the principals of Builder, as principal debtors and not as surety only, jointly and severally guarantee the due and punctual performance of Builder's obligations under or pursuant this Agreement or arising out of any breach or termination of this Agreement and the due and punctual payment of all sums of money, interest and damages at any time payable by Builder under or pursuant this Agreement or arising out of any breach or termination of this Agreement, provided that the maximum aggregate liability of the said principals will be Two Million Dollars ($2,000,000)

25.2 The said Harry Sargeant III, being the principal of Owner, as principal debtor and not as surety only, guarantees the due and punctual performance of Owner's obligations under or pursuant

NOT A CERTIFIED COPY

this Agreement or arising out of any breach or termination of this Agreement and the due and punctual payment of all sums of money, interest and damages at any time payable by Owner under or pursuant this Agreement or arising out of any breach or termination of this Agreement, provided that the maximum aggregate liability of the said principal will be Two Million Dollars ($2,000,000).

IN WITNESS WHEREOF, the parties hereto have executed this Agreement in multiple counterpart originals as of the date first above written

BUILDER: WORLDSPAN MARINE INC.

By:_____

Name:

Its:

OWNER: HARRY SARGEANT III

By:_____

Name:

Its:

PRINCIPALS:

For the purpose of agreeing to subsection 25.1 only:

_____

Steve Barnett

_____

Chris Blane

For the purpose of agreeing to subsection 25.2 only:

_____

Harry Sargeant III

NOT A CERTIFIED COPY

List of Schedules:

| | |
|---|---|
| ANNEX A | Plans and Specifications |
| ANNEX B | Master Construction Schedule |
| ANNEX C | Claim Certificate |
| ANNEX D | Wire Transfer Instructions to Builder's Account |
| ANNEX E | Supplier Warranties |
| ANNEX F | Subcontractors |

NOT A CERTIFIED COPY

ANNEX A – PLANS AND SPECIFICATIONS

The following Construction Specifications dated 29 February 2008 and General Arrangement Plans dated 11 February 2007 are respectively, the Specification and Plans referred to in the Vessel Construction Agreement for Crescent Custom 142' trilevel motor yacht, Builder's Hull N° QEO14226C010 made between WORLDSPAN MARINE INC., as Builder and HARRY SARGEANT III as Owner



# CRESCENT CUSTOM YACHTS

### CRESCENT CUSTOM YACHTS INC.
### CRESCENT 2010 142' TRI-LEVEL
### MOTORYACHT

*\*Prepared for\**

## Mr. Harry Sargeant

## CONSTRUCTION SPECIFICATIONS



**CRESCENT CUSTOM YACHTS**
27222 Lougheed Highway, Maple Ridge, BC V2W 1V9
Telephone (604) 462-1388   Facsimile (604) 462-167

NOT A CERTIFIED COPY

## CONSTRUCTION SPECIFICATIONS

2

| | |
|---|---|
| Length Overall: | 142' 0"    (Approx.)* |
| Length Waterline: | 125' 2"    (Approx.)* |
| Beam (B.O.A): | 28'    (Approx.)* |
| Draft: | 7' 0"    (Approx.)* |
| Displacement (Half load.): | 265 Long Tons Approx |
| Construction: | Fiberglass/foam core |
| Propulsion: | Twin Screw |
| Engines (2): | 12V4000 MTU/Detroit |
| Horsepower: | 2735hp each |
| Transmission(s): | 2 x ZF 4650A |
| Generators (2): | 2 x Northern Lights rated @ 92 Kw.  (Three Phase) |
| Fuel Capacity: | 12,000 US Gallons (Approx.)* |
| Fresh Water Capacity: | 2000 US Gallons  (Approx.)* |
| Holding Tank Capacity: | 1400 US Gallons    (Approx.)* |
| Reserve Lube Oil Capacity: | 120 US Gallons    (Approx.)* |
| Waste Lube Oil Capacity: | 120 US Gallons    (Approx.)* |

*Note: Above dimensions are approximate

CCY142          FINAL CONTRACT DOCUMENT          2/29/2008

NOT A CERTIFIED COPY

3

## TABLE OF CONTENTS

**SECTION 1.0**
GENERAL CONSTRUCTION PHILOSOPHY

**SECTION 2.0**
CCY GENERAL VESSEL CONSTRUCTION

**SECTION 3.0**
ENGINE ROOM

**SECTION 4.0**
HYDRAULIC SYSTEMS

**SECTION 5.0**
MECHANICAL SYSTEMS

**SECTION 6.0**
DOMESTIC PLUMBING SYSTEMS

**SECTION 7.0**
EXTERIOR DECKS & EQUIPMENT

**SECTION 8.0**
ELECTRICAL SYSTEM/ LIGHT/ SWITCH/ RECEPTACLE

**SECTION 9.0**
DOCKING/ANCHOR PACKAGE

**SECTION 10.0**
SAFETY PACKAGE

**SECTION 11.0**
MISCELLANEOUS EQUIPMENT & OUTFITTING

**SECTION 12.0**
DOCK TRIALS, SEA TRIALS, DELIVERY & PLANS

**SECTION 13.0**
WARRANTY CLAIM INFORMATION

**SECTION 14.0**
INTERIOR SPECIFICATIONS

NOT A CERTIFIED COPY

4

## SECTION 1.0
## GENERAL CONSTRUCTION PHILOSOPHY

It is the intent and spirit of Crescent Custom Yachts Inc, to construct, equip and furnish this yacht complete as outlined in the following Specification. Some items in this specification may be options on subsequent vessels.

All selected materials and manufactured articles for the vessels construction are new, of high quality and suited for marine use or purpose intended. The workmanship is guaranteed to be in keeping with current yacht building practices.

## SECTION 2.0
## CCY GENERAL VESSEL CONSTRUCTION

The Crescent Custom Yachts Inc 142' CRESCENT is a fiberglass twin screw tri-level motor yacht.

Hull form was developed by Jack Sarin Naval Architects of Seattle, WA  Exterior styling and interior arrangement by Jonathon Quinn Barnett of Seattle, WA

Classification and certificates: The vessel, including its machinery, equipment and systems will be constructed in accordance with the rules and regulations in force at the contract date for the following classification:
- American Bureau of Shipping Class notation Maltese Cross, A1  Commercial Yachting Service AMS (Commercial yacht is require because of MCA compliance)
- Convention on the International Regulation for the Preventing Collisions at Sea, 1972
- Country of Registry Regulations
- Letter of Compliance to "The code of practice for safety of large commercial sailing & motor vessels" by the Maritime and Coastguard Agency (MCA)

The hull construction is of sandwich type composite laminate, with multi-axial E-glass over SAN (Core Cell) cores (A-500 above the waterline and A-800 below the waterline). Vinylester skin coating of the hull and Isophtalic laminating resin are Crescent Custom Yacht Standards. In addition; Gurit/SP Systems has been engaged to review vessel and design within ABS guidelines the laminate and structural requirements for the hull and superstructure. Gurit/SP Systems engineers are industry recognized specialists in leading edge laminate design and experts in ABS regulations. Gurit/SP Systems will submit all plans, drawings and lamination specs to ABS for approval.
In addition, a combination of composite bulkheads and longitudinal girders allow for an extremely durable structure of medium/ lightweight. A number of safety features have been included such as collision bulkheads and watertight compartments  The vessel will be built and surveyed under the auspices of the "American Bureau of Shipping "and will be "MCA" compliant.

NOT A CERTIFIED COPY

5

The hull bottom will receive a barrier coat (InterProtect 2000E and 2001E) with Micron CSC, antifouling bottom paint.

Through-hull fittings and all other mechanical fastenings shall be bedded and sealed with polyurethane adhesive/sealant, 3M-5200 or equal

### Limbers

All framing members except watertight bulkheads shall incorporate limber holes to ensure free drainage to the bilge sumps   Limber holes shall be lined with FRP tubes sealed to the laminate   Limber holes shall be arranged as to limit stagnant bilge water accumulating in isolated pockets.

### Deck/House

The deck house and pilothouse bulkhead structure are designed and constructed to be as light-weight as possible consistent with the required scantlings

Primary structural bulkheads, house sides and house tops shall be laminated with multiple layers of E-glass roving (woven and/or knit) and mat with integral molded FRP stiffeners.

The deck and house core shall be cross-linked PVC or linear polymer foam (Divinycel H 80 or Core-Cell A-500 or equal) in thicknesses specified in the construction plans. Through-deck and through-house penetrations shall be locally reinforced and exposed core shall be sealed.

Through-laminate fittings and all other mechanical fastenings shall be bedded and sealed with polyurethane adhesive/sealant, 3M-5200 or equal.

### Non-Structural Laminates

Exterior laminates which are not related to the basic structure, such as soffits, deck coamings, bulwark liners, and styling features shall be laminated of light FRP skins over core. Every effort shall be made by the Builder to avoid weight build-up in such non-structural components

### Finishes

The hull shall be painted in Awlgrip. The superstructure (main deck and upper deck) is to be painted in Awlcraft 2000
Fairing and paint will be applied as per written instructions and confirmed by onsite inspection by US Paints (Awlgrip) representative.  This has been the procedure for all previous Crescent yachts.

Engine room bilge is painted with two separate products depending on the area. Awlgard (Cloud White) and Awlcraft 2000  Areas which cannot be painted are powder coated  All paint and powder coat applications in this area are at the discretion of CCY

NOT A CERTIFIED COPY

6

## Sound Insulation

Crescent Custom Yachts will be retaining the services of an independent outside Marine Sound and Vibration specialist that will evaluate and design a sound and vibration attenuation system for this vessel, this system will be in keeping with best practices and industry standards for yachts of this size Van Cappellen Consultancy has been engaged to review plans and specifications and design a sound attenuation system for the CCY 142.

The vessels main salon and dining will have 3/8" sound deadening, loaded under-pad in addition to 3/8" Dura-cushion™ carpet underlay The Dura-cushion™ carpet underlay will be used throughout the under all carpeted areas of the yacht.

Generators are equipped with manufacturer supplied sound shields, mounted on factory supplied electro-hydrostatic mounts to reduce vibration while in operation

The engine room is isolated from the accommodation areas of the vessel by sound proofing using Class approved sound insulation covered with white perforated aluminum The (2) engine room air vents that originate on the boat deck are heavily insulated for sound deadening and vibration Additional fiberglass bat style insulating material is used over the owner's stateroom to assist in reducing noise and heat transfer Lower level stateroom partitions are insulated where possible.

Note: All specifications listed hereunder will be upgraded as necessary to comply with ABS and MCA standards at no extra cost to Customer. Builder reserves the right to substitute materials of equal or greater value at its discretion.

CCY142                    FINAL CONTRACT DOCUMENT                    2/29/2008

NOT A CERTIFIED COPY

7

### CCY General Construction Features

| 2.1 | Interior Decking | Sound absorbing 1 1/2" cored FRP panels over FRP beams |
|---|---|---|
| 2.2 | Hull Side Rub Rails | FRP rub rails capped with 1 5" SS half oval. |
| 2.3 | Cap Rails | CCY custom FRP application. |
| 2.4 | Limber Holes | 2" FRP tubing sealed to laminate through the vessels structural longitudinal frames. |
| 2.5 | Bilges | All of the vessels bilges will be coated with Isophalic gel coat. All accessible bilges will be suitably lit. |
| 2.6 | Engine Beds | Fabricated aluminum engines beds mounted over FRP stringers with Corecell A1200, high compression foam core. |
| 2.7 | Thru-Hulls | Hull Side: Flanged FRP standpipes with Bronze gate valves<br><br>* Hull Bottom: Flanged FRP w/ 316 flange and 316 ball valve rated at 1000 PSI.  (*) Note: For black water discharge only. |
| 2.8 | Anchor Locker | Sprayed with Isophalic gel coat (grey) self draining through 1 ½" FRP pipe w/ clamshell covers port and starboard |
| 2.9 | Aft Deck and Flybridge Overhead | Satin; painted white |
| 2.10 | Freeing Ports | Freeing ports sized as per architects drawings and Class requirements. |
| 2.11 | Tanks<br> Note<br>Unless noted, all tanks are constructed of ¼" 5052 and 5086 Aluminum. | Diesel Fuel: 12,000 US Gal. (approx ) capacity<br><br>Clean Oil Reserve: 120  US Gal. (approx.) capacity<br><br>Waste Oil Storage: 120  US Gal. (approx ) capacity<br><br>Hydraulic Oil: 20 US Gal  (approx.) capacity<br><br>Steering Oil: 10 US Gal  (approx ) capacity<br><br>Fresh Water Tank: 2,000 US Gal. (approx ) capacity (Stainless)<br><br>Holding Tank: 1,400 US Gal. (approx.) capacity (FRP) |
| 2.12 | Fills & Vents | Fills:  Fuel:        (2) P/S 2" SS flush mount fill<br><br>        Water:        (1) 1 ½" deck fill |

NOT A CERTIFIED COPY

NOT A CERTIFIED COPY

8

| | | |
|---|---|---|
| | | New Oil: (1) 1 ½" fill |
| | | Vents: Vents shall be sized and installed as per the builder's standard design. and complying with ABS and MCA requirements |
| 2.13 | Piping Systems Materials | Fresh Water: "PEX" tubing |
| | | Black Water: PVC SCH 40 ("Headhunter" system) & "Sealand" flex hose ("Sealand" system). |
| | | Grey Water: PVC SCH 40 runs & ABS piping. |
| | | Chiller Mains:3/4" insulated ("Insultube") 2 1/2" to 1 1/4" copper (1" – ¾" "PEX" used when required) |
| | | Fuel: "Parker" 221 FR USCG rated fuel hose & 1 ½" SS SCH. 40 pipe |
| | | Hydraulics: High pressure lines "Parker" #451TC rated at 3000 PSI. Case drain lines are "Parker" #451TC rated at 3000 PSI. Stainless tubing for hydraulic equipment outside of engineroom |
| | | Fire & Bilge: Schedule 80, PVC piping Cupro-Nikel (CUNI) in E.R. and machinery compartments, according to ABS &MCA. |
| 2.14 | Windows | All windows are frameless bonded using tempered glass with grey tint. Final sizes and thickness as per "Class" society. Sizing as follows; |
| | | Aft House – 3/8" |
| | | Forward House – 3/8" |
| | | Pilothouse Aft – 3/8" |
| | | Pilothouse, Port & Stb – 3/8" |
| | | Pilothouse, Forward Facing – 3/4" , ( non tinted ) Thickness to be approved for "Class" |
| 2.15 | Windshield Wiper/ Washer System/ Defrost | Wipers: (3) "Hepworth wipers with "Exalto" wiper control in pilothouse. |
| | | Washer: Fresh water supplied washers with electrically activated solenoid valve |
| | | Defrost: (1) In line fan with heat coil |
| 2.16 | Flybridge Windscreen | ¼" acrylic windscreen housed within a custom frame. |

9

| 2.17 | Portlights | Fixed portlights to have interior metal frame as per "Class" |
|---|---|---|
| 2.18 | Radar Mast and Flybridge Hardtop | Fabricated of aluminum and painted to match vessel. Mast to be multi-level, CCY design to accommodate all electronics and antennas. |
| 2.19 | Propellers | (2) Five Blade, certified S class props, manufactured by "Bird-Johnson or Michigan Wheel" NiBrAl (to be sized for application) |
| 2.20 | Shafts | "Aquamet 22" High Strength SS, with 5" Diameter or as specified by ABS |
| 2.21 | Shaft Logs & Packing Glands | Shaft Logs are one piece FRP construction each equipped with "Tides Marine" drip-less, water lubricated, shaft seals inboard and "Duramax" under water bearings outboard with cooling water pick-up |
| 2.22 | Struts | Constructed of cast bronze alloy with "Duramax" under water bearings. |
| 2.23 | Rudders | Each having (approx.) 14 sq. ft area |
| 2.24 | Rudder Stock | "Aquamet 22" High Strength SS, with 5" Diameter or as specified by ABS. |
| 2.25 | Rudder Bearings/ Seals | Tides Marine "Dripless" rudder glands with Tides Marine upper steady bearings mounted on aluminum steering support structure |
| 2.26 | Zinc Anodes | (4) Zinc Anodes located on the hull bottom at the stern of the vessel |
| 2.27 | Bonding | Main Strap: 1" X 1/8" copper bar (See CCY Electrical Bonding Diagram) |
| 2.28 | Steering Wheel | Custom made wooden wheel with inlays |

NOT A CERTIFIED COPY

10

## SECTION 3.0
## ENGINE ROOM

### Engine Room Machinery & Equipment

| 3.1 | Engine Room Flooring | Powder coated aluminum checker plate supported by aluminum frames |
|---|---|---|
| 3.2 | Main Engine Mounts | "Soundown TT Rubber Design" engine mounts. |
| 3.3 | Sea Chests / Raw Water Cooling | (2) FRP (Located in Engine Room). Each chest is engineered to have the necessary capacity to operate cooling functions associated with a particular system. The top of the each sea chest is 1/8" SS plate. Sea chest strainers are non-corrosive, low maintenance polymer screens  System also utilizes FRP piping with flanges and butterfly valving for ease of disassembly and maintenance. |
| 3.4 | Main Engines | (2) 12V4000M90  MTU/Detroit common rail rated at 2735hp ea |
| 3.5 | Main Engine Exhaust | "DeAngelo or Marine Exhaust" exhaust system. Each underwater exhaust is directed through a 14" Diameter "HETRON" FRP pipe equipped with a 10" diameter by-pass.  The exhaust by-pass pipes pass through a "Vernay" silencer prior to exiting the vessel while @ idle speeds. Emergency shutoff Butterfly valves in bypass exhaust are manually deployed. An underwater venturei draws exhaust gases down though the hull bottom thus eliminating the need to automatically close the bypass when underway. |
| 3.6 | Generator Mounts | Hydro Elastic mounts supplied by engine manufacturer with secondary Novibra #400 EMB mounts for reduced noise and vibration. |
| 3.7 | Generator Exhaust | Manufacturer supplied Northern Lights combo water separator. |
| 3.8 | Engine Controls | (3) ICM stations located at P/S wing stations on Portuguese deck and pilothouse helm |
| 3.9 | Generators | (2) Northern Lights rated @ 92 Kw. (Each). Three phase 120/208 VAC @ 1800RPM with paralleling modules (see Shore Power System). Includes Northern Lights ventilated removable sound shields. |
| 3.10 | Transmissions | ZF4650A |
| 3.11 | Fire Suppression System (For Engine Room) | FM200 Manually activated with pull release located aft of the engine room. Type, capacity and location to be ABS & MCA approved. |

CCY142          FINAL CONTRACT DOCUMENT          2/29/2008

11

| 3.12 | Chiller Compressors ( Air Conditioning System ) | "Marine Air" chilled water, reverse cycle system, with (4) 8 ton compressors located in engine room, (32 ton capacity minimum). System equipped with soft starts when coming on line and "Marine Air" supplied controls CCY to determine equipment specs upon final plan. ( See 5 13, Air Conditioning System ) |
|------|---|---|
| 3.13 | Air Compressor | "Craftsman" model #152102 or equal (4) Air supply outlets, located; in Engine Room, Fly bridge, Aft deck and foredeck Includes (1) additional 20 ga l. Accumulator tank located on fly bridge for horn. |
| 3.14 | E/R Air Intakes & Blowers | CCY custom application using (2) 24" intake blower units with variable frequency drives controlled by engine speed The system incorporates a four speed manual control and an automatic variable speed control for unattended cool-down<br>Delta "T" will be utilized to design and supply equipment for engineroom ventilation and *dry air supply* to the main engines and auxiliary power units<br>Moisture eliminators will be used on ER air intakes. |
| 3.15 | Recovery Tanks | (2) CRS 300 Coolant Recovery System Reservoirs |
| 3.16 | Vacuum System | "Hayden" Super Vacuum Model #SV60-00.<br>Includes "Hayden" Electric power head (CCY selected model)<br>Outlets will be placed to reach all interior accommodation areas within the vessel |
| 3.17 | Tool Box | (1)  Craftsman, Mechanics Chest & Work Bench – Color: Stainless |

## SECTION 4
## HYDRAULIC SYSTEMS

| 4.1 | Hydraulic System | Vessels main hydraulics system consists of a combination of main engine and genset driven hydraulic pumps. This system provides hydraulics for the vessels stabilizer system, bow and stern thrusters, anchor winches, passerelle, davit and stern warping winches The system also includes an electrically driven back-up pump which allows for use of davit functions while at anchor without main engine startup. System design by ABT |
|------|---|---|
| 4.2 | Bow and Stern Thrusters | "American Bow Thruster" hydraulically driven, rated @ 80 hp<br>(3) Station levers located at pilothouse and port and starboard wing stations |
| 4.3 | Stabilizer | "Trac" by American Bow Thruster" model # 440 stabilizer units with 16 sq. ft. stabilizer fins and reverse-lock The "touch screen" control is located in the pilothouse Final sizing and model TBD by Vendor |

NOT A CERTIFIED COPY

12

| 4.4 | Steering System | Jastram Hydraulic full follow up power unit with Jastram Steering rams, Wing stations to have jog control |
|-----|-----------------|-----------------------------------------------------------------------------------------------------------|
| 4.5 | Tender Crane | "Nautical Structures" Designed to accommodate launch and retrieval of vessels tender and water toys. CCY design. |
| 4.6 | Anchoring System | Hydraulic operation ( See section 9 for details ) |
| 4.7 | Warping Winches | Hydraulic operation ( See section 9 for details ) |
| 4.8 | Passerelle | "Nautical Structures" located at aft starboard allowing boarding from astern or Stb aft |

## SECTION 5.0
## MECHANICAL SYSTEMS

| 5.1 | Fuel System | CCY's fuel system allows for filling and transferring of fuel at 90-GPM  The CCY designed manifold system also allows for cleaning of fuel while transferring, All tank vents run through a common" splash box " ( 1 per side ) This feature allows for fuel filling at maximum flow while virtually eliminating blow backs and spillage Refer to systems drawing/ CCY Design Dept |
|-----|-------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 5.2 | Fuel Transfer Pump | TEFC 2HP, 90 GPM, Three Phase Centrifugal, self priming pump with bronze impellor. |
| 5.3 | Fuel Transfer Manifold (System) | CCY custom application, Programmable Logic Control (PLC), controlled electric valves with manual override. Internal piping in the main tank returns overflow fuel automatically to port or starboard tank.<br><br>Fuel transfer control and management is in the engineroom.<br><br>This yacht is being built and surveyed to ABS/MCA rules and will achieve ABS/MCA certification and will comply too any fuel transfer safety requirements |
| 5.4 | Fuel Sight Gauges | (3) CCY custom application with back lighting located in engine room, displaying levels in port, starboard, and day tanks. Individual (one for each tank) fuel tank electric level system with control panel in wheelhouse (ship's monitoring system). |
| 5.5 | Fuel Filters Main Engines | SeaPro supplied by engine manufacturer |
| | Generators | Racor MA500 ( 1 per generator ) |

NOT A CERTIFIED COPY

13

| 5.6 | Fuel Polisher | Alfa Laval #303 fuel separator |
|---|---|---|
| 5.7 | Bilge System | One "Rule" 3700 bilge pump for each watertight bilge compartment with manual and automatic switches. (model #2000 may be substituted if pump does not fit in the required location). Each compartment also includes a high water level alarm  Bilge pumps and high level alarms are monitored by ships monitoring system. See mechanical drawing plan for bilge pump locations  Refer to systems drawing/ CCY Design Dept |
| 5.8 | Emergency Bilge / Fire System | System consists of 1 ½' PVC piping with bilge pickup and foot valve in each watertight compartment. (4) Fire hydrants located (1) on aft deck and (1) main level Stb foyer  (1) foredeck (1) upper aft deck ( final locations determined by Interior design ) (1) MP1 5 HP electric pump and (1) MP1 5 HP hydraulic pump with solenoid operated priming system |
| 5.9 | Emergency Bilge / Fire System Control Station | CCY custom Flow Chart Controls make it possible to use either pump as fire fighting or bilge suction, simultaneously, through the Programmable Logic Control (PLC) controlled electric valves |
| 5.10 | Fire Sprinkler System | Semco Maritime low pressure fresh water sprinkler system, (automatically switching to salt water when fresh water supply exhausted) Copper/Nickel piping, sprinkler head in each accommodation space. Control panels in engine room and pilothouse. |
| 5.11 | Galley Range Hood Fire System | Self contained CO2 unit with heat sensitive nozzle located inside hood per ABS/MCA rules |
| 5.11 | Oil Change System | (1) ½ HP Oberdorfer portable pump with quick disconnects located at new oil and used oil tanks and at each engine. The new oil tank and used oil tank are each equipped with a sight glass. Refer to systems drawing/ CCY Design Dept. |

## SECTION 6.0
## DOMESTIC PLUMBING SYSTEMS

### Fresh Water System

| 6.1 | Water maker System | (2) "Village Marine" PW1500 Watermaker providing 3000 Gallons per day. |
|---|---|---|
| 6.2 | Fresh Water Pumps | (2) "Headhunter" Mach 5 208 V 20 GPM max. All house supply is directed through UV and charcoal filtration. System has two accumulation tanks, one for domestic system pressure and one designated for vessels heads with output pressure factory set at 58 psi. |

CCY142                    FINAL CONTRACT DOCUMENT                    2/29/2008

NOT A CERTIFIED COPY

14

| 6.3 | Hot Water Tanks | Multiple tanks with 200 gals total capacity with circulation system Each tank has dual 6000 watt elements for fast recovery |
| 6.4 | Fresh Water Hose Bibs (exterior) | (6) Cold water; chrome plated taps, located at the fore deck, boat deck, flybridge, Portuguese bridge, upper aft deck and main level aft deck.  Engine room has hot and cold water hose bib. |
| 6.5 | Salt Water Hose Bibs | (2) Cold water; chrome plated taps located at fore deck and swim grid |

### Black Water System

| 6.6 | Owners/Guest Toilets | "Headhunter Royal Flush" - gravity fed to mid ship holding tank |
| 6.7 | Crew Toilets | "Headhunter Royal Flush" -- gravity fed to crew holding tank which is batch fed to mid-ship holding tank |
| 6.8 | Suction Pump (Overboard Pump out) | "Edson" #ELB 120 |
| 6.9 | Sewage Treatment Plant | "Headhunter"  TW-HMX 502 |

### Grey Water System

| 6.10 | Mid Ship Sump Pump | (2) "Rule" 3700 pump. Serving grey water system forward of the Engine room  (Upper & lower decks) |
| 6.11 | Grey Water Drainage | All sinks, showers, and air handlers, with the exception of the galley, salon, aft deck and fly bridge sinks, drain into two separate gray water sumps equipped with "Rule" 3700 pumps  The galley sink, aft deck, flybridge and salon bar sinks drain directly overboard with "Y" valve to divert to gray water holding tanks. |

### Air Conditioning System (HVAC)

| 6.12 | Air Conditioning System | "Marine Air" 32 Ton (min)  4-Compressor, 208 VAC system with 1 1/2 hp. sea circulation pump and 1 1/2 hp. chill circulation pump. Air handlers are located in Pilothouse, sky lounge, salon, dining, galley, staterooms, crew areas and (1) AHU in engine room. A make-up air unit will be included in the package supplied by the HVAC manufacturer  As with previous Crescent vessels, the HVAC manufacturer will be given the parameters of expected exterior and corresponding interior temperatures and the system will be designed to function within those parameters. (Specification of this equipment is to be determined by the equipment manufacturer upon final layout.) |

NOT A CERTIFIED COPY

15

### Exterior Deck Drains

| 6.13 | Exterior Drain System | 2" SCH. 40 PVC piping with drains to be positioned for sufficient drainage of fly bridge and boat deck. Each drain is covered with SS CCY embossed strain plates. |
|---|---|---|

NOT A CERTIFIED COPY

### SECTION 7.0
### EXTERIOR DECKS

### General

| 7.1 | Exterior Handrails, And Grab Rails | All exterior handrails to be polished 316-L SS, flange mounted rails.<br><br>Foredeck<br>1 ½" diameter rails to run around perimeter of foredeck, on top of bulwarks port and starboard. Handrails on cabin walkway from Portuguese bridge to fore deck<br><br>Side and aft deck<br>1 ½" diameter rails to run on top of bulwarks, port and Stb Varnished Teak cap rail on side decks and Portuguese bridge and aft Bridge deck rail<br><br>(1) 1 ¼" handrail for aft deck to boat deck stairwell and boatdeck to flybridge deck stairwell<br><br>(1) 1 ½" handrails, port side, located on the back of cal-deck seat for swim step to aft deck stairwells<br><br>Swim grid and flybridge/boat deck<br>(5) 2 ½" custom designed, removable Hoop-rails |
|---|---|---|
| 7.2 | Exterior/ Interior Doors | *Salon Port & Starboard – weathertight, dual axis, single slider.<br><br>Salon Aft Door/s – Custom, SS door/s, Final design as per stylist<br><br>*Pilothouse Port and Starboard - weathertight, single slider<br><br>*Sky Lounge –weathertight, single slider. |

CCY142                    FINAL CONTRACT DOCUMENT                    2/29/2008

16

| | | |
|---|---|---|
| | | *Aft deck to Engineroom door – dogged weathertight door.<br><br>*Engine Room – watertight door w/ sight window<br><br>* Transom- Watertight gull wing<br><br>(*) Note: Doors to be factory painted white to match vessel color unless noted as Stainless |
| 7.3 | Hatches | Anchor Hatch – (1) Aluminum hatch painted to match vessel color<br><br>Escape Hatches Foredeck, (2) Aluminum hatch painted to match vessel color<br><br>Lower Accommodation area escape hatches - (1) Aluminum hatch painted<br><br>Note: Hatches to be determined by CCY upon final install |
| 7.4 | Exterior Deck Finishes | Teak deck layout (patterns, margin boards, ect.) will be designed by Jonathan Quinn Barnett Teak deck will be built by Crescent Custom Yachts to mega yacht quality standards as has been done on all previous Crescent Yachts<br>The Teak planking will be 1 7/8" wide and ½" in thickness with a 3/16" caulked seam backed with fiberglass mat and resin prior to vacumn bagging to vessels decks. Custom blended caulking, SIS440, and flexible epoxy, FE180A, (or equivalent) from Teak Decking Systems will be used for the installation of teak decks |
| 7.5 | Upholstery | All exterior upholstery to be Sunbrella or equal. |
| 7.6 | Exterior Covers | All exterior covers to be Stamoid or equal<br>Covered items,<br><br>Flybridge - Hot tub, barbeque, settees, tables, bar stools and bar top<br><br>Portuguese Deck - Wing stations,<br><br>Foredeck - Settee<br><br>Bridge Deck - Sunpads and settees and tables<br><br>Upper and Main Level Aft Decks - Settee, tables and chairs |

Aft Deck

CCY142            FINAL CONTRACT DOCUMENT            2/29/2008

NOT A CERTIFIED COPY

17

| 7.7 | Aft Settee | Custom FRP settee with cushions and cover |
| 7.8 | Aft Deck Table | Table mounted on (2) fixed height 6" Stainless pedestals  Table top surface TBD |
| 7.9 | Aft deck to upper aft deck Stairwell | Custom built stairs in Starboard fashion plate/engine air column with teak treads and SS handrail. |
| 7.10 | Fire Hydrant | (1) Fire hydrant located in port side bulwark locker with system activation switch and 50' hose with nozzle. ( see section 5.8 ) |
| 7.11 | Swim Shower | Custom built enclosed shower on Main Level Aft/swimgrid |
| 7.12 | Swim Ladder | (1) custom made stainless boarding ladder to replace Hoop rail on swim,  secondary (1) Garelick swim ladder, model # 19803 with custom CCY fabricated SS mount |

### Fore Deck

| 7.13 | Bell Tower | CCY selected SS standard design with anchor and windlass control Switches. Included is a 12" chrome ship's bell "Perko" model #420-8-CHR. (Note: Design TBD upon final anchor installation ) |
|  | Settee | Custom FRP settee with cushions and cover |

### Side Decks

| 7.14 | Boarding Ladder | 1) One set of Nautical Structures Deluxe Tri-Rail Yacht Stairs are specified for this boat. These stairs features an architecturally correct run over rise ratio, visual 'Floating Effect' fiberglass treads with aluminum frame, non-pinching side-rail design and stainless steel removable castors  One off-set handrail and Rotation Platform is provided with stair  An additional off-set handrail is available as a special order option. Mounting brackets will be provided at both Port and Starboard side entries.  Please note: The two Yacht Stairs shown in the GA represent the two mounting locations |
| 7.15 | Side Deck Boarding Gates | CCY Custom FRP application, (2) bulwark door's port and starboard hinged with SS butt hinges and custom fabricated SS boarding gate latches. |

### Portuguese Deck

NOT A CERTIFIED COPY

18

| 7.16 | Walkway | Teak covered walkway to foredeck |
|------|---------|----------------------------------|
| 7.17 | Wing Stations | (2) Wing stations (one port and one starboard) each with engine gear and throttle control, jog steering lever, rudder angle indicator, bow thruster control and horn activation. |

### Flybridge/Boat Deck

| 7.18 | Boatdeck Stairwell | Enclosed stairwell with teak treads and SS handrail |
|------|--------------------|-----------------------------------------------------|
| 7.19 | Davit | "Nautical Structures" 4,000lbs davit for tender and toy launch and retrieval |
| 7.20 | Rails | 2 ½" Stainless steel Hoop rails across aft section of deck |

### Fly Bridge

| 7.21 | Settees and seating | CCY determined upon final design |
|------|---------------------|----------------------------------|
| 7.22 | Bar | Full functional wet bar complete with sink, fridge/freezer, bottle and glass storage and access to dumb waiter to galley |
| 7.23 | Hot Tub | 6-man person hot tub (color to be CCY selected) |
| 7.24 | BBQ | "Viking" BBQ model VGBQ300-2RT w/ rotisserie |
| 7.25 | Dayhead | Located on Starboard side complete with head and Lav, dayhead will be air- conditioned |
| 7.26 | Hardtop | Integrated hardtop and radar mast fabricated in aluminum and painted to match vessel |
| 7.27 | Barstools | (4) Stainless Steel with round cushion permanently mounted to deck |
| 7.28 | Bar top and tables | Surface TBD |
| 7.29 | Decking | Teak |

NOT A CERTIFIED COPY

19

## SECTION 8.0
## ELECTRICAL

| 8.1 | Wiring | 120/ 208 VAC three phase and 24 Volt DC Ship's Services power wiring of marine grade standard wire. Other wiring for on board systems to be suitable for the purpose intended, or recommended by equipment manufacturer. |
|---|---|---|
| 8.2 | Wiring/ Cable Runs | CCY fabricates wire and cable runs to be fully supported and neatly arranged  All wiring and cables passing through watertight bulkheads will maintain watertight integrity. Where required, conduits to be routed through FRP pipe and cable trays. |
| 8.3 | 120/208 Volt System (Three Phase) | AC loads such as appliances, watermaker, HVAC, engine room vent fans, domestic lighting, and air conditioning run equipment are powered by one or two generator sets while at anchor or through ship's AC system at the dock. |
| 8.4 | 24 Volt DC System | Ships DC systems, selected electronics, navigation equipment are supplied by the "house bank"  The main engines and generators are started from two "start" battery banks  One bank will serve the port generator and port engine and the second bank will serve starboard generator and starboard engine. |
| 8.5 | 12 Volt DC System | Selected electronics and navigation instruments via 24 volt to 12 volt converter |
| 8.6 | Shore Power System | The vessels shore power system is comprised of "Atlas Energy Systems" 75 KVA, Shore Power Conditioner |
| 8.7 | Main AC Distribution | The vessels main AC distribution system consists of an " Atlas Energy Systems" engineered, AC distribution panel with touch screen control, auto paralleling, seamless transfer |
| 8.8 | Distribution Panels | AC distribution: Square "D" breaker panels  DC distribution: Custom manufactured by CCY |
| 8.9 | Shore Power Connections | 100 Amp Power Connection:  (2) Glendinning shore power units located in Starboard aft:  All shore power cords and equipment shall be North American standard 120/240 VAC type as selected by CCY  Cable TV:   (1) located port aft & (1) located starboard aft |

NOT A CERTIFIED COPY

20

|  |  | Telephone:  (1) located port aft & (1) located starboard aft |
|---|---|---|
| 8.10 | Power Cords | (2) 75 foot 100amp cords for Glendinnings(Three-phase)<br><br>(2) 50 foot 100amp extension cords (Three-phase)<br><br>(2) 5 foot (single phase) to (three phase) adapter cords<br><br>(1) 50 foot telephone cable<br><br>(1) 50 foot TV cable<br><br>All shore power cords and equipment shall be North American standard 120/240 VAC type as selected by CCY. |
| 8.11 | Batteries | House:             4 x 12 volt 8D AGM batteries<br><br>Stb Starting:        2 x 12 volt 8D AGM batteries for 24 volt total<br><br>Port Starting:       2 x 12 volt 8D AGM batteries for 24 volt total<br><br>Emergency Bank:   4 x 12 volt 8D AGM battery<br><br>Radio Bank:        1 x 12 volt 8D AGM battery |
| 8.12 | Battery Charging (Inverters/ Charging) | House:             1 x Trace Inverter/Chargers SW 4024<br><br>Port/ Stb Starting:   1x Newmar triple output 3 stage process battery charger  Model #PT-24-20<br><br>Emergency Bank:    1x Newmar triple output 3 stage process battery charger  Model #PT-24-20<br><br>Radio:      1x Statpower 101 battery charger |
| 8.13 | Electrical, Interior Lighting & Receptacles | CCY custom lighting system utilizing switches with dimmers on selected circuits. Exact number and positioning of lights and receptacles to be determined by interior design. |
| 8.14 | Emergency Lighting System | Emergency lights located in strategic locations such as exits and stair wells activate automatically upon loss of main AC power. Emergency lighting power is supplied from the Emergency battery bank and emergency Genset. System as determined by "Class" society |
| 8.15 | Exterior Lighting | CCY custom lighting package combines overhead and deck level |

NOT A CERTIFIED COPY

21

| | | | |
|---|---|---|---|
| | | lighting to illuminate all exterior social and work areas. Lighting will be laid out for both efficiency and dramatic effect | |
| 8.16 | Exterior Receptacles | Location: | Type: |
| | | Flybridge/boatdeck: | 4 GFCI |
| | | Upper aft deck | 2 GFCI |
| | | Main level aft deck: | 2 GFCI |
| | | Foredeck | 1 GFCI |
| 8.17 | Ship's Monitoring/ Status | Comprehensive ship wide monitoring system utilizing both Ethernet and AcrNet/CanBus technology. Control of system centered in pilothouse with repeater stations in Captains cabin, crew area and aft control room. System monitors, at minimum, the following functions:

Security:
Watertight Door to engineroom
Side deck door to engineroom
Door to aft utility space
Aft salon door/s
Side deck doors
Pilothouse side doors
Skylounge aft door/s
Flybridge dumb waiter door
Escape hatches
Fore deck locker doors

Fire and Smoke detection:
Engineroom
Control room
Aft utility area
All accommodation spaces

Tanks:
Fuel
Fresh Water
Gray water holding tank/s
Black Water

Carbon Monoxide:
Engineroom
Control room
Aft utility area

Bilges
Watertight compartments are monitored for flooding (No exceptions)

Navigation:
Bow light | |

NOT A CERTIFIED COPY

22

| | | Stern light<br>Port and Starboard lights<br>Anchor light |
|---|---|---|
| 8.18 | Engine Alarms and Indicators | MTU/Detroit Diesel engine alarm and indicators will be utilized. Alarms and indicators will also be tied into vessel monitoring system per engine manufacturer's specification. |
| 8.19 | Telephone System | Panasonic 4CO 16 Line Phone System KX-TD816 with 14 KX-T7431 telephones or equal |

## SECTION 9.0
## DOCKING/ANCHOR PACKAGE

| 9.1 | Anchoring System (Windlass)<br><br><br><br><br><br><br><br>Warping Winches | (2) "Muir" 8000 lbs vertical capstan windlass (hydraulic) Each equipped with SS chain stops and devils claw chain tensioners.<br><br>(2) "Poole" 450 lbs. Anchors (Galvanized) located in the Port/ Starboard fabricated stainless steel anchor pockets w/ stem guard 500 feet Port and 300 feet Starboard of 5/8" diameter (grade 40 hi-test) chain for each anchor.<br>Anchor wash (fresh water/ solenoid activated) Chain and anchor sizing to be confirmed by "Class" society<br><br>(2) "Muir" 3500 lb hydraulically operated warping winches located aft P/S |
|---|---|---|
| 9.2 | Fenders | (8) "Polyform" F7 15" X 41" fenders |
| 9.3 | Docking Lines | (4) 40' – 1 ¼" Nylon braid lines with spliced eye's |
| 9.4 | Spring Lines<br>Spring Aft | (2) 60'- 1 ¼ " Nylon braid lines with spliced eye's<br><br>(2) 20' – 1 ¼ " Nylon braid lines with spliced eye's |
| 9.5 | Boat Hook | (1) 8 - 12ft  Boat hook |
| 9.6 | Boarding Ladder | (1) One set of Nautical Structures Deluxe Tri-Rail Yacht Stairs are specified for this boat. These stairs features an architecturally correct run over rise ratio, visual 'Floating Effect" fiberglass treads with aluminum frame, non-pinching side-rail design and stainless steel removable castors. One off-set handrail and Rotation Platform is |

NOT ACCEPTED COPY

CCY142          FINAL CONTRACT DOCUMENT          2/29/2008

NOT A CERTIFIED COPY

23

|  |  | provided with stair An additional off-set handrail is available as a special order option. Mounting brackets will be provided at both Port and Starboard side entries Please note: The two Yacht Stairs shown in the GA represent the two mounting locations (as per section 7 14) |
|---|---|---|
| 9.7 | SS Horn Hauser* | Hauser cleats; (2) port and (2) starboard located on side decks midship |
|  | SS Cleats* | (2) SS cleats located on swim step at each warping winches P/S. *CCY selected sizes |
| 9.8 | SS Hawsers | Fore Deck: (2) port and (1) starboard<br><br>Aft Deck: (1) port and (1) starboard at warping winches |
| 9.9 | SS Bollards | Fore Deck: (2) port and (2) starboard |

### SECTION 10.0
### SAFETY PACKAGE

| 10.1 | Life Rafts | (2) 18-man "DBC- Zodiac Model" Life rafts w/ pack "B" c/w hydrostatic releases. Located on upper aft deck Solas type. MCA approved |
|---|---|---|
| 10.2 | Life Rings | (4) 30" Life Rings w/ yacht name (vinyl decal) MCA approved |
| 10.3 | Life Jackets | (24) Adult USCG approved;<br><br>(6) Child USCG approved life jackets<br><br>(30) Whistles and lights for life jackets<br>All MCA approved<br><br>CCY to select models. |
| 10.4 | Medical Kit | "Zee" medical kit model #166 All MCA approved |
| 10.5 | Ship's Horn | "Kahlenburg" T2 model, chrome plated, low profile triple air horn. |
| 10.6 | Fire Axe | (1) Fire axe with mounting bracket |
| 10.7 | Epirb | (1) "ACR" Sat 2 406 MHz. w/ hydrostatic release |
| 10.8 | Flares | (6) USCG approved hand held flares<br><br>(6) parachute flares |

24

| 10.9 | Fog Horn (Hand Held) | (1) "Falcon" series hand held air horn |
|------|---------------------|----------------------------------------|
| 10.10 | Fire Extinguishers | (15)One 5lb ABC Fire extinguishers per each crew and guest accommodation areas<br><br>(1) 15 lb Co2 extinguisher for Engine Room ( additional to FM200 system)<br>Portable fire extinguishers type and location to be in accordance with ABS and MCA rules. |
| 10.11 | Navigation Lights | "Aqua Signal" 55 Series, 24 volt.<br><br>Port/ Starboard lights: 112  5 degrees<br><br>Stern light: 135 0 degrees<br><br>Mast light: 225 0 degrees<br><br>Anchor light: 360 degrees |
| 10.12 | Search Lights | TBD |

NOT A CERTIFIED COPY

### SECTION 11.0
### MISCELLANEOUS EQUIPMENT/ OUTFITTING

Spare Parts

| 11.1 | Spare Parts | CCY will provide a list of these items after final equipment selection. |
|------|-------------|-------------------------------------------------------------------------|

CCY142                 FINAL CONTRACT DOCUMENT                 2/29/2008

25

Name, Draft & Hailing Ports

| 11.2 | Port and Starboard | Custom Made; Design to be confirmed by exterior stylist. |
|------|--------------------|---------------------------------------------------------|
| 11.3 | Transom | To be computer cut vinyl decal with Purchaser's custom font. |
| 11.4 | Life Rings (name only) | To be computer cut vinyl decal with Purchaser's custom font |
| 11.5 | Stern Flag Staff | (1) Teak flag staff with SS mounting bracket |
| 11.6 | Bow flag staff | (1) SS YC flagstaff |

NOT A CERTIFIED COPY

## SECTION 12.0
## DOCK TRIALS, SEA TRIALS, DELIVERY, PLANS.

Builder to furnish owner with (1) one set of Architect's construction drawings and Crescent Custom Yachts Design Department as-built drawings of mechanical, electrical and plumbing systems. All purchaser's manuals, warranty cards, and product documentation will be supplied to the owner at hand-over

### Dock Trial

After launch, the builder will conduct at shipyard expense a dock trial of sufficient duration during which time the main and auxiliary machinery shall be thoroughly tested. The dock trial will be carried out at the Builder's wharf A scheduled list of dock trials will be provided to the Purchaser's representative prior to commencement of said trials, a delegate from class society will be present at appropriate times during trials These trials will include but will not be limited to the following;

        Stability testing
        Main engines
        Hose testing of all windows, port lights, hatches, decks, doors, etc.
        Tender davit
        Safety equipment, including fire fighting equipment and alarms
        Steering gear
        Ventilation and heating systems
        Generators, main and emergency electrical systems, including seamless

26

Transfer, paralleling and power conditioning
Monitoring and alarms
Anchoring and mooring systems
Bilge and sanitary systems
All deck machinery
Radio, communications and navigation equipment
Galley, domestic equipment and systems
Priming, pumping tests for all pumps and piping systems
HVAC and ventilation systems, functioning of temperature controls, air
changes, balancing of system, etc

Any defects found during dock trials will be rectified by the Builder. Builder shall furnish competent personnel to obtain necessary data in machinery spaces and on deck and supply necessary additional testing gauges, thermometers and/or portable instrumentation as required. All working parts of machinery shall meet manufacturer's parameters and show no tendency to overheat

## Sea Trials

After satisfactory completion of dock trials, the builder shall conduct sea trials of suitable length during which time the operation of the vessel, including all machinery and equipment shall be examined.

- Vessel speed (measured by GPS system)
- Consumption at two different speeds
- Main engines exhaust back-pressures
- Engine controls, alarm and monitoring
- Maneuvering and steering gear
- Noise level measurement in navigation
- Windlass
- Watermakers
- Magnetic compass calibration
- Bow thruster and stern thruster
- Fin stabilizers
- Navigation electronics

Crescent Custom Yachts will provide a support person to travel with the vessel during the first 7 days of use

CCY142          FINAL CONTRACT DOCUMENT          2/29/2008

NOT A CERTIFIED COPY

27

## SECTION 13.0
### WARRANTY

Crescent Custom Yachts provides a One Year Limited Warranty as outlined in the client contract

NOT A CERTIFIED COPY

CCY142          FINAL CONTRACT DOCUMENT          2/29/2008

28

<u>SECTION 14.0</u>
<u>Interior Specifications</u>

# CRESCENT
## CUSTOM YACHTS

CRESCENT CUSTOM YACHTS INC.
CRESCENT 2010 142' TRI-LEVEL MOTORYACHT

*Prepared for*

*Mr. Harry Sargeant*

## *INTERIOR SPECIFICATIONS*

**CRESCENT CUSTOM YACHTS**
27222 Lougheed Highway, Maple ridge, BC, V2W 1V9
Telephone (604) 462-1388  Facsimile (604) 462-1677

NOT A CERTIFIED COPY

29

## INTRODUCTION

- 2009 model 142' Tri-level Motoryacht — Five staterooms in the Owner's party, comfortable crew quarters for 6 in the forward crew section and spacious pilothouse level Captain's quarters.

- The 142' Tri-level interior will feature a variety of exotic woods. All areas of the vessel will feature rich vibrant fabrics and furnishings with complimentary fixtures.

- Audio/Video package allowance: $200,000.

- Navigation package allowance: $250,000.

- Some items listed in the following interior schedule are covered by an interior allowance of $498,398.  Please refer to allowance in case of material changes.

NOT A CERTIFIED COPY

CCY142                   FINAL CONTRACT DOCUMENT                2/29/2008

30

## Main Salon and Entry Foyer

Cabinetry as per the arrangement plan, custom built sofas with coffee tables and end tables.

- Flooring : Wool carpet & limestone tile
- Wall / bulkhead: Fabric wrapped panel w/ veneer casings
- Overhead: Combination of Majilite vinyl wrapped panels and whisper ceiling
- Ceiling detail: Custom built ceiling detail as per JQB design
- Overhead lights: Multiple recessed halogen fixtures arranged and switched for maximum efficiency and effect
- Cabinet hardware: Concealed Blum™ European cabinetry hinges with Lamp™ push-button latches, for secure closure in seaway
- Club chairs: Style and design tbd
- Bar stools: Style and design tbd.
- Coffee table: Custom design by JQB (JQB design)
- Settee custom fit: Custom design by JQB
- End table custom: Custom design by JQB
- Table lamps: Design and style to tbd
- Art plinth: Custom design by JQB
- Aft Bar area: custom design and built (JQB design)
- Bar reefer Sub-Zero under-counter model
- Dishwasher: Meile under-counter model
- Ice maker: Under-counter model
- Sink: Kohler model #tbd
- Faucet: Kohler model # tbd
- Drapery: Custom fabric, design and style by JQB
- Window treatment: roller shade

## Dining

Cabinetry as per the arrangement plan,

- Flooring: Wool carpet.
- Wall / bulkhead: Fabric wrapped panel w/ veneer casings
- Overhead: Combination of Majilite vinyl wrapped panels and whisper ceiling
- Ceiling detail: Custom built ceiling detail as per JQB design
- Overhead lights: Multiple recessed halogen fixtures arranged and switched for maximum efficiency and effect
- Cabinet hardware: Concealed Blum™ European cabinetry hinges with Lamp™ push-button latches, for secure closure in seaway
- Port and Starboard buffets: Custom designed and built with built-in china and flatware storage
- Counter tops : Designer selected Granite and/or marble
- Dining table: Gulassa – custom design selected by JQB
- Chairs – 10 designer selected chairs
- Drapery: Custom fabric, design and style by JQB
- Window treatment: roller shade

NOT A CERTIFIED COPY

31

## Galley

Cabinetry as per the arrangement plan, complete with center island with barstools for causal dining or prep work. Galley is fully equipped with all items for food preparation (See "Allowances") and professional style and quality appliances.

- Flooring: Wood plank
- Wall Treatment: Wood and granite
- Overhead: Combination of Majilite vinyl wrapped panels and whisper ceiling
- Overhead lights: Multiple recessed halogen fixtures arranged and switched for maximum efficiency and effect
- Cabinet hardware: Concealed Blum™ European cabinetry hinges with Lamp™ push-button latches, for secure closure in seaway
- Door hardware: Valli & Valli
- Bar stools: Design and style to be selected by JQB
- Window treatment: Roller shade
- Counter tops: Granite with lightweight honeycomb cored backing.
- Stove: Ceramic glass top by Gaggenau
- Ovens: Built- in wall oven by Gaggenau
- Dishwasher: Meile
- Reefer: Sub Zero
- Freezer: Drawer Sub Zero
- Dumb waiter: custom designed and built, servicing the skylounge
- Sink: Kohler
- Faucet: Kohler
- Extractor hood: Gaggenau

## Master Stateroom and Ensuite

Cabinetry as per the arrangement plan, Large Master suite with private office and his and hers heads complete with large oversized shower enclosure and jetted tub. Large walk-in closet on port side with additional hanging locker space on starboard side.

- Flooring: Stateroom and office, carpet w/ walnut border
- Wall Treatment: Wood and granite veneers
- Overhead: Combination of Majilite vinyl wrapped panels and whisper ceiling
- Overhead lights: Multiple recessed halogen fixtures arranged and switched for maximum efficiency and effect
- Cabinet hardware: Concealed Blum™ European cabinetry hinges with Lamp™ push-button latches, for secure closure in seaway
- Door hardware: Valli & Valli
- Bedside lamps Table lamps
- Side tables: Wood veneer
- Counter tops: Granite or Marble
- Vanity/dressing table: Custom design and built
- Vanity chair: Designer selected tbd
- Bedding: Duvet, sheets and pillows ( See "Interior Allowances" for details)


- Headboard: Fabric wrapped padded panels

CCY142                FINAL CONTRACT DOCUMENT                2/29/2008

NOT A CERTIFIED COPY

32

- Loveseat: Custom designed built-in loveseat with coverable seating and high quality fabric covering
- Ottoman: Custom design
- Mattress: King size, Owner selected firmness.
- Drapery: Custom fabric, design and style by JQB
- Window treatment: Roller shade
- Ensuite flooring: Granite or marble
- Ensuite wall / bulkheads: Granite or marble
- Ensuite Overhead: Designer selected
- Ensuite wall sconce: Circa
- Ensuite countertops: Granite or onyx
- Toilet: Headhunter "Royal Flush"
- Sink: Kohler
- Faucet: Dornbracht
- Towel bar: Designer selected robe hook: Designer selected
- Shower enclosure: Oversized custom built shower with granite and onyx walls and floor details
- Shower fixtures/controls: Dornbracht
- Mirror: locations to be determined

## Main Deck Powder Room

- Flooring: limestone
- Wall / bulkhead: Designer selected high quality wallcovering
- Overhead: Combination of Majilite vinyl wrapped panels and whisper ceiling
- Overhead lights: Multiple recessed halogen fixtures arranged and switched for maximum efficiency and effect
- Cabinet hardware: Concealed Blum™ European cabinetry hinges with Lamp™ push-button latches, for secure closure in seaway
- Door hardware: Valli & Valli
- Toilet: Headhunter "Royal Flush"
- Sink: Kohler
- Faucet: Dornbracht
- Towel ring: Towel ring and other fixtures to be designer selected and matched
- Window treatment: roller shade

## Stairway to lower Deck

- Flooring: Wool carpet.
- Wall / bulkhead: Fabric wrapped panel w/ veneer casings
- Overhead: Combination of Majilite vinyl wrapped panels and whisper ceiling
- Overhead lights: Multiple recessed halogen fixtures arranged and switched for maximum efficiency and effect.
- Handrail: Wood and metal

33

### Stairway to Upper Deck
- Flooring: Wool carpet
- Wall / bulkhead: Fabric wrapped panel w/ veneer casings
- Overhead: Combination of Majilite vinyl wrapped panels and whisper ceiling
- Overhead lights: Multiple recessed halogen fixtures arranged and switched for maximum efficiency and effect.
- Handrail: Wood and metal

### Pilot House
Cabinetry as per the arrangement plan,
- Flooring : Wool carpet with wood border
- Wall / bulkhead: Fabric wrapped panel w/ veneer casings
- Overhead: Combination of Majilite vinyl wrapped panels and whisper ceiling and painted panels
- Overhead lights: Multiple recessed halogen fixtures arranged and switched for maximum efficiency and effect
- Cabinet hardware: Concealed Blum™ European cabinetry hinges with Lamp™ push-button latches, for secure closure in seaway
- Helm chairs: Stidd
- Dash console: Flat glass dash design with multiple monitors and Majilite surface treatments
- Window mullions:Majilite
- Door hardware:Valli & Valli
- Settee: Leather
- Table: Custom design and built
- Communication chair: Designer selected
- Window treatment: Roller shade - electric

### Skylounge
Cabinetry as per the arrangement plan, large social area with comfortable settee and club chair seating with fully functioning wet bar and games table.
- Flooring : Wool carpet with wood border
- Wall / bulkhead: Fabric wrapped panel w/ veneer casings
- Overhead: Combination of Majilite vinyl wrapped panels and whisper ceiling and painted panels
- Overhead lights: Multiple recessed halogen fixtures arranged and switched for maximum efficiency and effect
- Cabinet hardware: Concealed Blum™ European cabinetry hinges with Lamp™ push-button latches, for secure closure in seaway
- Club chairs: Designer selected
- Coffee table: Custom design by JQB
- Settee: Custom design by JQB
- End table: Custom design by JQB

NOT A CERTIFIED COPY

34

- Table lamp: Designer selected
- Art plinth: Custom design by JQB
- Game table: Designer selected
- Game table chairs: Designer selected
- Bar stools Designer selected
- Bar top: Marble or granite
- Bar face: Custom designed surface treatment by JQB
- Reefer: Sub-Zero under counter refrigerator
- Icemaker: Sub-Zero under counter
- Sink: Stainless
- Faucet: Kohler

## Captain's Cabin
Cabinetry as per the arrangement plan, Comfortable stateroom and ensuite with shower and direct access to pilothouse
- Flooring: Wool carpet.
- Wall / bulkhead: Fabric wrapped panel w/ veneer casings
- Overhead: Combination of Majilite vinyl wrapped panels and whisper ceiling
- Ceiling detail: Custom built ceiling detail as per JQB design
- Overhead lights: Multiple recessed halogen fixtures arranged and switched for maximum efficiency and effect
- Cabinet hardware: Concealed Blum™ European cabinetry hinges with Lamp™ push-button latches, for secure closure in seaway
- Door hardware: Valli & Valli
- Window treatment: Roller shade
- Bedside lamps: Swing-arm bulkhead mount designer selected
- Side table: Built in with wood veneer top
- Ensuite flooring: marble
- Ensuite wall / bulkhead: Wallcovering and marble veneers
- Ensuite overhead: Painted panels
- Ensuite overhead lights : Recessed halogen
- Ensuite wall sconce: Designer selected                    tbd
- Ensuite counter tops: Marble
- Toilet: Headhunter "Royal Flush"
- Sink: Kohler
- Faucet: Dornbracht
- Towel bar: Designer selected
- Shower enclosure: Custom built shower with granite walls and floor details
- Shower fixtures/controls: Dornbracht
- Mirror: locations to be determined

NOT A CERTIFIED COPY

35

## Upper Deck Corridor
- Flooring: Wool carpet.
- Wall / bulkhead: Fabric wrapped panel w/ veneer casings
- Overhead: Combination of Majilite vinyl wrapped panels and whisper ceiling
- Ceiling detail: Custom built ceiling detail as per JQB design
- Overhead lights: Multiple recessed halogen fixtures arranged and switched for maximum efficiency and effect
- Cabinet hardware: Concealed Blum™ European cabinetry hinges with Lamp™ push-button latches, for secure closure in seaway
- Table lamps: Designer selected
- Window treatment: roller shade

## Upper Deck Powder Room
- Flooring: limestone
- Wall / bulkhead: Designer selected high quality wallcovering
- Overhead: Combination of Majilite vinyl wrapped panels and whisper ceiling
- Overhead lights: Multiple recessed halogen fixtures arranged and switched for maximum efficiency and effect
- Cabinet hardware: Concealed Blum™ European cabinetry hinges with Lamp™ push-button latches, for secure closure in seaway
- Door hardware: valli & valli
- Toilet: Headhunter "Royal Flush" Sink: Kohler
- Faucet: Dornbracht
- Towel ring: Towel ring and other fixtures to be designer selected and matched

## Guest Cabin and Ensuite - Port Aft – Convertible
Cabinetry as per the arrangement plan. Convertible from stateroom to a seating and lounging area adjacent to Starboard aft stateroom, large sliding wall panels allow port and starboard staterooms to be combined to form a large VIP cabin
- Flooring: Wool carpet
- Wall / bulkhead: Fabric wrapped panel w/ veneer casings
- Overhead: Combination of Majilite vinyl wrapped panels and whisper ceiling
- Ceiling detail: Custom built ceiling detail as per JQB design
- Overhead lights: Multiple recessed halogen fixtures arranged and switched for maximum efficiency and effect
- Cabinet hardware: Concealed Blum™ European cabinetry hinges with Lamp™ push-button latches, for secure closure in seaway
- Door hardware: Valli & Valli
- Window treatment: Roller shade
- Bedside lamps: Swing-arm bulkhead mount designer selected

CCY142              FINAL CONTRACT DOCUMENT              2/29/2008

NOT A CERTIFIED COPY

36

- Side table: Built in with Granite top
- Writing desk: Custom designed built-in unit
- Desk chair: Designer selected
- Dresser unit: Built in
- Bedding: Duvet, sheets and pillows ( See "Interior Allowances" for details)
- Headboard: Fabric-wrapped padded panel
- Mattress: Convertible sofa/bed
- Window treatment: Roller shade
- Ensuite flooring: Granite or marble
- Ensuite wall / bulkheads: Granite or marble
- Ensuite Overhead: Painted panel
- Ensuite wall sconce: Circa
- Ensuite countertops: Granite
- Toilet: Headhunter "Royal Flush"
- Sink: Kohler
- Faucet: Dornbracht
- Towel bar: Designer selected towel bar, robe hook and accessories, designer selected
- Shower enclosure: Custom built shower with granite walls and floor details
- Shower fixtures/controls: Dornbracht
- Mirror: locations to be determined

## Guest Cabin and Ensuite - Starboard Aft
Cabinetry as per the arrangement plan
- Flooring : Wool carpet.
- Wall / bulkhead: Fabric wrapped panel w/ veneer casings
- Overhead: Combination of Majilite vinyl wrapped panels and whisper ceiling
- Ceiling detail: Custom built ceiling detail as per JQB design
- Overhead lights: Multiple recessed halogen fixtures arranged and switched for maximum efficiency and effect
- Cabinet hardware: Concealed Blum™ European cabinetry hinges with Lamp™ push-button latches, for secure closure in seaway
- Door hardware: Valli & Valli
- Window treatment: Roller shade
- Bedside lamps: Swing-arm bulkhead mount designer selected
- Side table: Built in with Granite top
- Writing desk: Custom designed built-in unit
- Desk chair: Designer selected
- Dresser unit: Built in
- Bedding: Duvet, sheets and pillows. ( See "Interior Allowances" for details).
- Headboard: Fabric-wrapped padded panel
- Mattress: Owner selected firmness
- Window treatment: Roller shade
- Ensuite flooring: Granite or marble
- Ensuite wall / bulkheads: Granite or marble
- Ensuite Overhead: Painted panel

CCY142              FINAL CONTRACT DOCUMENT              2/29/2008

NOT A CERTIFIED COPY

37

- Ensuite wall sconce: Circa
- Ensuite countertops: Granite
- Toilet: Headhunter "Royal Flush"
- Sink: Kohler
- Faucet: Dornbracht
- Towel bar: Designer selected towel bar, robe hook and accessories, designer selected
- Shower enclosure: Custom built shower with granite walls and floor details
- Shower fixtures/controls: Dornbracht
- Mirror: locations to be determined

### Guest Cabin and Ensuite - Port Fwd
Cabinetry as per the arrangement plan
- Flooring: Wool carpet
- Wall / bulkhead: Fabric wrapped panel w/ veneer casings
- Overhead: Combination of Majilite vinyl wrapped panels and whisper ceiling
- Ceiling detail: Custom built ceiling detail as per JQB design
- Overhead lights: Multiple recessed halogen fixtures arranged and switched for maximum efficiency and effect
- Cabinet hardware: Concealed Blum™ European cabinetry hinges with Lamp™ push-button latches, for secure closure in seaway
- Door hardware: Valli & Valli
- Window treatment: Roller shade
- Bedside lamps: Swing-arm bulkhead mount designer selected
- Side table: Built in with Granite top
- Writing desk: Custom designed built-in unit
- Desk chair: Designer selected
- Dresser unit: Built in
- Bedding: Duvet, sheets and pillows ( See "Interior Allowances" for details)
- Headboard: Fabric-wrapped padded panel
- Mattress: Owner selected firmness
- Window treatment: Roller shade
- Ensuite flooring: Granite or marble
- Ensuite wall / bulkheads: Granite or marble
- Ensuite Overhead: Painted panel
- Ensuite wall sconce: Circa
- Ensuite countertops: Granite
- Toilet: Headhunter "Royal Flush"
- Sink: Kohler
- Faucet: Dornbracht
- Towel bar: Designer selected towel bar, robe hook and accessories, designer selected
- Shower enclosure: Custom built shower with granite walls and floor details
- Shower fixtures/controls: Dornbracht
- Mirror: locations to be determined

NOT A CERTIFIED COPY

38

### Guest Cabin and Ensuite - Starboard Fwd

Cabinetry as per the arrangement plan.

- Flooring: Wool carpet
- Wall / bulkhead: Fabric wrapped panel w/ veneer casings
- Overhead: Combination of Majilite vinyl wrapped panels and whisper ceiling
- Ceiling detail: Custom built ceiling detail as per JQB design
- Overhead lights: Multiple recessed halogen fixtures arranged and switched for maximum efficiency and effect
- Cabinet hardware: Concealed Blum™ European cabinetry hinges with Lamp™ push-button latches, for secure closure in seaway
- Door hardware: Valli & Valli
- Window treatment: Roller shade
- Bedside lamps: Swing-arm bulkhead mount designer selected
- Side table: Built in with Granite top
- Writing desk: Custom designed built-in unit
- Desk chair: Designer selected
- Dresser unit: Built in
- Bedding: Duvet, sheets and pillows ( See "Interior Allowances" for details)
- Headboard: Fabric-wrapped padded panel
- Mattress: Owner selected firmness
- Window treatment: Roller shade
- Ensuite flooring: Granite or marble
- Ensuite wall / bulkheads: Granite or marble
- Ensuite Overhead: Painted panel
- Ensuite wall sconce: Circa
- Ensuite countertops: Granite
- Toilet: Headhunter "Royal Flush"
- Sink: Kohler
- Faucet: Dornbracht
- Towel bar: Designer selected towel bar, robe hook and accessories, designer selected
- Shower enclosure: Custom built shower with granite walls and floor details
- Shower fixtures/controls: Dornbracht
- Mirror: locations to be determined

### Lower Foyer

- Flooring: Wool carpet.
- Wall / bulkhead: Fabric wrapped panel w/ veneer casings
- Overhead: Combination of Majilite vinyl wrapped panels and whisper ceiling
- Overhead lights: Multiple recessed halogen fixtures arranged and switched for maximum efficiency and effect

### Crew Area/Galley

CCY142                    FINAL CONTRACT DOCUMENT                    2/29/2008

NOT A CERTIFIED COPY

39

Cabinetry as per the arrangement plan
- Flooring: Pergo & carpet
- Wall / bulkhead: Donghia
- Overhead: Combination of Majilite vinyl wrapped panels and whisper ceiling
- Overhead lights: Multiple recessed halogen fixtures arranged and switched for maximum efficiency and effect
- Crew settee: Custom built
- Crew table: Custom Built
- Cabinet hardware: Concealed Blum™ European cabinetry hinges with Lamp™ push-button latches, for secure closure in seaway
- Counter top: To be selected
- Microwave: To be selected
- Dishwasher: Meile
- Sink: Kohler
- Faucet: Kohler
- Reefer: Sub zero

## Crew Staterooms
Cabinetry as per the arrangement plan
- Flooring: Pergo & carpet
- Wall / bulkhead: Donghia
- Overhead: Combination of Majilite vinyl wrapped panels and whisper ceiling
- Overhead lights: Multiple recessed halogen fixtures arranged and switched for maximum efficiency and effect
- Mattress: custom
- Cabinet hardware: Concealed Blum™ European cabinetry hinges with Lamp™ push-button latches, for secure closure in seaway
- Door hardware: Valli & Valli
- Counter top: tbd
- Crew mattresses: custom
- Reading lights: tbd

## Crew Area - Baths
- Flooring: Pergo & carpet
- Wall / bulkhead: Donghia
- Overhead: Combination of Majilite vinyl wrapped panels and whisper ceiling and painted panels
- Overhead lights: Multiple recessed halogen fixtures arranged and switched for maximum efficiency and effect
- Cabinet hardware: Concealed Blum™ European cabinetry hinges with Lamp™ push-button latches, for secure closure in seaway
- Door hardware: Valli & Valli
- Counter top: tbd
- Toilet: Headhunter "Royal Flush"
- Sink: Kohler
- Faucet: Kohler

NOT A CERTIFIED COPY

40

### Upper Aft Deck
- Dining table: custom designed and built
- Dining chairs: triconfort
- Settee: Built-in fiberglass settee
- Cocktail tables: triconfort

### Exterior – Main deck Aft
- Settee: Built-in fiberglass settee
- Dining table: custom - convertible
- Dining chairs: triconfort

### Exterior - Fwd
- Settee: Built-in fiberglass settee
- Cocktail tables: custom

### Sundeck Powder Room
- Flooring: Teak
- Wall / bulkhead: Donghia
- overhead: Painted panel
- Overhead lights: Multiple recessed halogen fixtures arranged and switched for maximum efficiency and effect
- Door hardware: Valli & Valli
- Toilet: Headhunter "Royal Flush"
- Sink: Kohler
- Faucet: Dornbracht
- Towel bar: Designer selected towel bar, robe hook and accessories, designer selected
- Counter top: Granite with lightweight honeycomb cored backing

### Sundeck Bar
- Flooring: Teak
- Barstools: Crown (JQB design)
- Counter top: Granite with lightweight honeycomb cored backing
- Cabinet hardware: Exterior grade push-catch
- Reefer: Under counter sub zero
- Icemaker: Under counter sub zero
- Sink: Stainless steel
- Faucet: Stainless steel

NOT A CERTIFIED COPY

## ANNEX B – MASTER CONSTRUCTION SCHEDULE

The following two schedules comprise the Master Construction Schedule referred to in the Vessel Construction Agreement for Crescent Custom 142' trilevel motor yacht, Builder's Hull N° QEO14226C010 made between WORLDSPAN MARINE INC.. as Builder and HARRY SARGEANT III as Owner

The word "Milestone" in the attached Construction Schedule shall mean "Key Fixed Date".

NOT A CERTIFIED COPY

HFWLDN\5008358-1
Vessel Construction Agreement                                          Worldspan Marine – Sargeant

NOT A CERTIFIED COPY

PDF
Complete

Click Here & Upgrade
Expanded Features
Unlimited Pages

| # | Task Name | Duration | Start | Finish |
|---|---|---|---|---|
| 2 | Exterior design | 282.78 days | Mon 4/2/07 | Wed 4/30/08 |
| 3 | Interior design | 392.78 days | Mon 4/2/07 | Wed 10/1/08 |
| 4 | Modify hull mold to suit | 117.78 days | Thu 6/21/07 | Mon 12/3/07 |
| 5 | Laminate hull and support structures | 95.78 days | Mon 12/17/07 | Mon 4/28/08 |
| 6 | Pull hull from Mold | 0 days | Mon 4/28/08 | Mon 4/28/08 |
| 7 | Move hull to CMI Building | 2.78 days | Tue 4/29/08 | Thu 5/1/08 |
| 8 | build main level superstructure mold | 71 days | Wed 4/30/08 | Wed 8/6/08 |
| 9 | laminate main level superstructure | 42.78 days | Thu 8/7/08 | Mon 10/6/08 |
| 10 | build pilothouse mold | 49.78 days | Wed 9/3/08 | Tue 11/11/08 |
| 11 | Laminate pilothouse/lounge | 47.78 days | Mon 11/17/08 | Wed 1/21/09 |
| 12 | Build tanks Fuel/ Water/Black/Grey | 42.78 days | Mon 3/24/08 | Wed 5/21/08 |
| 13 | Install all below/lower deck mechanicals and systems | 85.78 days | Wed 5/21/08 | Tue 9/16/08 |
| 14 | Cabinet construction Guest Accommodations | 150.78 days | Fri 2/15/08 | Fri 9/12/08 |
| 15 | Cabinet construction Crew Accommodations | 36.78 days | Tue 7/1/08 | Wed 11/12/08 |
| 16 | Cabinet Construction Galley and Master Stateroom | 287.78 days | Fri 5/23/08 | Tue 6/30/09 |
| 17 | Cabinet construction Skylounge/pilothouse | 204.78 days | Mon 9/22/08 | Fri 7/3/09 |
| 18 | Cabinet construction Main Salon and Dinning | 144.78 days | Thu 12/18/08 | Wed 7/8/09 |
| 19 | Install accomodation deck | 0 days | Tue 9/16/08 | Tue 9/16/08 |
| 20 | Install lower deck and structural Bulkheads | 38.22 days | Tue 9/16/08 | Fri 11/7/08 |
| 21 | Install large cabinetry items (beds etc) | 40 days | Fri 11/7/08 | Fri 5/2/09 |
| 22 | Install Engines and equipment in Engineroom | 148.78 days | Wed 10/1/08 | Mon 4/27/09 |
| 23 | Engine Install | 0 days | Wed 10/1/08 | Wed 10/1/08 |
| 24 | Install main deck | 5 days | Mon 10/20/08 | Fri 10/24/08 |
| 25 | Continue Mechanical & Electrical Installations | 223 days | Mon 10/27/08 | Wed 9/2/09 |
| 26 | Install main level superstructure | 14.78 days | Mon 10/27/08 | Fri 11/14/08 |
| 27 | Superstructure install | 0 days | Fri 11/14/08 | Fri 11/14/08 |
| 28 | Install skylounge/pilothouse deck | 10 days | Fri 11/14/08 | Fri 11/28/08 |
| 29 | install pilothouse level superstructure | 15 days | Wed 1/21/09 | Wed 2/11/09 |
| 30 | Pilothouse install | 0 days | Wed 1/21/09 | Wed 1/21/09 |
| 31 | Install cabinetry in lower staterooms | 154 days | Fri 1/2/09 | Thu 8/6/09 |
| 32 | Install crew quarters cabinetry | 95 days | Wed 2/4/09 | Wed 6/17/09 |
| 33 | Lower cabinetry install complete | 0 days | Mon 8/10/09 | Mon 8/10/09 |
| 34 | Install cabinetry in forward areas of main level (Master/Galley) | 69 days | Tue 6/30/09 | Wed 9/30/09 |
| 35 | Install cabinetry in pilothouse/skylounge | 55.22 days | Fri 7/3/09 | Fri 11/6/09 |
| 36 | Install cabinetry on main level (Salon/ Dinning) | 85 days | Tue 4/14/09 | Mon 8/10/09 |
| 37 | Complete cabinetry install | 64.78 days | Mon 8/3/09 | Fri 10/30/09 |
| 38 | Install soft goods | 55 days | Mon 8/31/09 | Mon 11/16/09 |
| 39 | Test Mechanical and Electrical systems | 41 days | Mon 9/7/09 | Mon 11/2/09 |
| 40 | Move vessel outside building for final prep before launch | 0 days | Mon 11/2/09 | Mon 11/2/09 |
| 41 | Prep for Launch and Seatrials | 24.78 days | Tue 11/3/09 | Mon 12/7/09 |

Project: CCY140 Short form May 07
Date: Tue 11/6/07

| | | | |
|---|---|---|---|
| Task | Progress | Summary | External Tasks |
| Split | Milestone | Project Summary | External Milestone |
| | | | Deadline |

Page 1

PDF Complete

Click Here & Upgrade
Expanded Features
Unlimited Pages



NOT A CERTIFIED COPY



NOT A CERTIFIED COPY



NOT A CERTIFIED COPY

Click Here & Upgrade
Expanded Features
Unlimited Pages

PDF
Complete

PDF Complete

Click Here & Upgrade
Expanded Features
Unlimited Pages



NOT A CERTIFIED COPY



NOT A CERTIFIED COPY

PDF Complete
Click Here & Upgrade
Expanded Features
Unlimited Pages

NOT A CERTIFIED COPY





NOT A CERTIFIED COPY

ANNEX C – CLAIMS CERTIFICATE

The following document is the Claims Certificate referred to in the Vessel Construction Agreement for Crescent Custom 142' trilevel motor yacht, Builder's Hull N° QEO14226C010 made between WORLDSPAN MARINE INC., as Builder and HARRY SARGEANT III as Owner

NOT A CERTIFIED COPY

## ANNEX C

# CRESCENT
### CUSTOM YACHTS

## Claim Certificate

**Vessel #**   CCY142/26

| CODE | Function | Cost Per Unit | Units | Total |
|---|---|---|---|---|
| CCY1 | Direct Labor | | | |
| CCY2 | Admin/design Labor | | | |
| CCY3 | Design Services | | | |
| CCY4 | Equipment Purchases | | | |
| CCY5 | Inventory Purchases | | | |
| CCY6 | Sub contractors | | | |
| CCY7 | Materials | | | |
| CCY8 | Insurance | | | |
| CCY9 | Third Party Costs | | | |
| CCY10 | Other | | | |

Total

Verified by Shipyard

NOT A CERTIFIED COPY

## ANNEX D – WIRE TRANSFER INSTRUCTIONS

The following document contains the Wire Transfer Instructions to Builder's Account referred to in the Vessel Construction Agreement for Crescent Custom 142' trilevel motor yacht, Builder's Hull N° QEO14226C010 made between WORLDSPAN MARINE INC., as Builder and HARRY SARGEANT III as Owner

NOT A CERTIFIED COPY

# ANNEX D

## Wire Transfer Information.

WorldSpan  Marine :
Acct# 000400014687261

Swift # BOFMCAM2

Bank of Montreal
Vancouver Main Office
595 Burrard Street
Vancouver, BC
V7X 1L7

NOT A CERTIFIED COPY

## ANNEX E – SUPPLIER WARRANTIES

The following document sets fourth the Supplier Warranties referred to in the Vessel Construction Agreement for Crescent Custom 142' trilevel motor yacht, Builder's Hull N° QEO14226C010 made between **WORLDSPAN MARINE INC.**, as Builder and **HARRY SARGEANT III** as Owner

NOT A CERTIFIED COPY

## ANNEX E



## Vendor Supplied Warrantees

### Vendor

| Vendor | |
|---|---|
| Detroit Diesel | Main propulsion |
| Northern Lights | Generators |
| Atlas Energy Systems | Electrical panels and distribution |
| Marine Air | Air conditioning |
| Tides Marine | Shaft Seals and glands |
| De Angelo Marine Exhaust | Main Engine Exhaust |
| American Bow Thruster | Thrusters and Stabilizers |
| Jastram | Steering Pump |
| Nautical Structures | Passerelle & Davit |
| Alfa Laval | Fuel Polisher |
| Village Marine | Watermakers |
| Headhunter | Toilets and sewage treatment |
| Glendinning | shore power units |
| Muir | Anchor Windlass |
| TBD | Navigation Electronics |
| TBD | Entertainment Electronics |
| TBD | Tenders |
| TBD | Lift Rafts |

NOT A CERTIFIED COPY

ANNEX F – SUBCONTRACTORS

The following document lists the Subcontractors referred to in the Vessel Construction Agreement for Crescent Custom 142' trilevel motor yacht, Builder's Hull N° QEO14226C010 made between WORLDSPAN MARINE INC., as Builder and HARRY SARGEANT III as Owner

NOT A CERTIFIED COPY

## ANNEX F

# CRESCENT
### CUSTOM YACHTS

## Sub-contractors on CCY 142

| | |
|---|---|
| Platinum Marine Services | Fiberglass |
| Platinum Marine Services | Fairing and Paint |
| Offshore Interiors | Cabinetmaking |
| Hari Stone | Countertops |
| Michael Homchick Stoneworks | Interior Decorative Stone and Granite |
| Teak Decking Systems | Exterior Teak Deck |
| Janicki Industries | Mold Building |
| Apex Equipment Movers | Moving and Launching |
| Crystal Glass | Shower doors & Mirrors |
| TBD | Navigation Electronics |
| TBD | Entertainment Systems |
| TBD | Carpet and Wallcoverings |

NOT A CERTIFIED COPY

This Is Exhibit "B" referred to in the
Affidavit of Harry Sargeant III
Sworn before me at _COUNTY OF PALM BEACH_
this _13th_ day of October, 2011

YVETTE MEDINA
MY COMMISSION # DD 811462
EXPIRES August 2012
Bonded Thru Notary Public Underwriters

A Commissioner for taking Affidavits
for the State of Florida

NOT A CERTIFIED COPY

RECORD OF SHIPS ABOUT TO BE BUILT, OR BEING BUILT

INSCRIPTION DES BÂTIMENTS QUI DOIVENT CONSTRUITS OU SONT PRÉSENTEMENT EN ÉTAT DE CONSTRUCTION

UNDER THE PROVISIONS OF PART I OF THE CANADA SHIPPING ACT

SELON LES MESURES PRISES SOUS LA PARTIE I DE LA LOI SUR LA MARINE MARCHANDE DU CANADA

| RECORD NUMBER / NUMÉRO D'INSCRIPTION | TEMPORARY NAME / NOM PROVISOIRE | PORT OF RECORD AND FIRST REGISTRY / PORT D'INSCRIPTION ET PREMIÈRE IMMATRICULATION | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 3 2008 | QE0142266010 | NOT IN CANADA | ☐ NONE — AUCUNE ☑ MOTOR — MOTEUR ☐ SAIL — VOILE ☐ STEAM — VAPEUR ☐ AUXILIARY — AUXILIAIRE | | | | | | | |

| ESTIMATED / ESTIMÉ | FEET / PIEDS | METRES / MÈTRES | | TONS / TONNEAUX | | PLACE OF BUILD / LIEU DE CONSTRUCTION |
|---|---|---|---|---|---|---|
| LENGTH / LONGUEUR | | 45.03 | GROSS TONNAGE / JAUGE BRUTE | 425 | | XXXXXXXX MARINE INC. XXXXX LOUGHEED HIGHWAY MAPLE RIDGE, B.C. CANADA V2W 1V9 |
| BREADTH / LARGEUR | | 8.48 | REGISTER TONNAGE / JAUGE AU REGISTRE | | | |
| DEPTH / CREUX | | 3.93 | | | | |

| DETAILS OF OWNERS — DÉTAILS CONCERNANT LE PROPRIÉTAIRE | | | |
|---|---|---|---|
| FULL NAME — NOM ET PRÉNOMS | ADDRESS — ADRESSE | OCCUPATION | NUMBER OF SHARES / NOMBRE DE PARTS |
| HOULSTON MARINE INC. | 27222 LOUGHEED HIGHWAY MAPLE RIDGE, B.C., CANADA V2W 1V9 | | 64 |

| DETAILS OF OWNERS — DÉTAILS CONCERNANT LE PROPRIÉTAIRE | | | |
|---|---|---|---|
| FULL NAME — NOM ET PRÉNOMS | ADDRESS — ADRESSE | OCCUPATION | NUMBER OF SHARES |

| NO. OF TRANS-ACTION | NAME OF PERSON GIVING TITLE TO DONOR | NO. OF SHARES | DATE AND HOUR OF REGISTRATION | NATURE AND DATE OF TRANSACTION | NAME, RESIDENCE AND OCCUPATION OF TRANSFEREE | | NO. OF TRANSACTION | NO. OF SHARES | NAME OF GRANTEE | REMARKS — REMARQUES |
|---|---|---|---|---|---|---|---|---|---|---|
| 1A | HOULSTON MARINE INC. | 64 | MAY 14, 2008 10:25 | BUILDERS MORTGAGE "A" RECEIPT DATED MAY 6 2008 TO SECURE SAME AND ACCOUNT CURRENT AND INTEREST | HARRY SARGEANT III 5050 N MILITARY TRAIL SUITE 100, BOCA RATON, FLORIDA USA, 33431 | | 1A | 64 | HOULSTON MARINE INC. | MORTGAGE "A" FOR ACCOUNT CURRENT AND INTEREST |

TRANSPORT CANADA
TRANSPORTS CANADA

MAY 14 2008

SHIP REGISTRY
VANCOUVER, B.C.

NOT A CERTIFIED COPY



This is Exhibit "C" referred to in the
Affidavit of Harry Sargeant III
Sworn before me at _COUNTY OF PALM BEACH_
this _13th_ day of October, 2011

YVETTE MEDINA
MY COMMISSION # DD 811402
EXPIRES: August 4, 2012
Bonded Thru Notary Public Underwriters

A Commissioner for taking Affidavits
for the State of Florida

NOT A CERTIFIED COPY

Transport   Transports
Canada    Canada

PROTECTED "A" WHEN COMPLETED · PROTÉGÉ « A » LORSQUE REMPLI     FORM/FORMULAIRE 18

**BUILDER'S MORTGAGE**
**HYPOTHÈQUE DE CONSTRUCTEUR**

Entered as Mortgage "A" in the Record Book
Inscit/Comme hypothèque "     " au livre d'inscription     14-05-2008
Date (dd-mm-yyyy / j-mm-aaaa)

10:25

Register - Registaire.

| Record no. - N° d'inscription | Temporary name or Hull no. - Nom provisoire ou numéro de coque | Intended / port of registry - Port d'immatriculation / prévu |
|---|---|---|
| 3 in 2008 | QB014216C010 | Not in Canada |

**A. BUILDER'S MORTGAGE · HYPOTHÈQUE DE CONSTRUCTEUR**

| Full legal name(s) and address(es) of registered owner(s)/mortgagor(s)  Nom(s) officiel(s) au complet et adresse(s) du(des) propriétaire(s)/débiteur(s) hypothécaire(s) | Number of shares  Nombre de parts |
|---|---|
| WORLDSPAN MARINE INC., 27222 Lougheed Highway, Maple Ridge, BC   V2W 1V9 | 64 |

Whereas (State that there is an account current between mortgagor and mortgagee (describing both), and describe the nature of the transaction so as to show how the amount of principal and interest due at any given time is to be ascertained and the manner and time of payment).
Considérant que (Indiquer qu'il existe un compte courant entre le débiteur hypothécaire et le créancier hypothécaire en désignant l'un et l'autre et décrire la nature de l'opération de façon à indiquer comment le montant du principal et des intérêts dus à date fixe, doivent être déterminés, et le mode et la date du paiement).

There is an account current pursuant to that certain Vessel Construction Agreement dated February 29, 2008 among mortgagor and mortgagee which Agreement specifies the obligations hereby secured.

Full legal name(s) and address(es) of mortgagee(s) - Nom(s) officiel(s) au complet et adresse(s) du(es) créancier(s) hypothécaire(s)

HARRY SARGEANT III, 3020 N. Military Trail, Suite 100, Boca Raton, Florida 33431

I/We, the mortgagor(s) in consideration of the above now covenant with the mortgagee(s) to pay to the mortgagee(s) the sums for the time being due on this security, whether by way of principal or interest, at the times and in the manner set out. For the purpose of better securing payment to the mortgagee(s), the mortgagor(s) hereby mortgage to the mortgagee(s)    64    shares (number of shares must be indicated) of which the mortgagor(s) are the owner(s) in the vessel described above, and in its boats and appurtenances. Further, the mortgagor(s) covenant with the mortgagee(s) that the mortgagor(s) have the power to mortgage the shares and that they are free of encumbrances except as appears in the record of the said vessel. (delete if not applicable)

Je/Nous, débiteur(s) hypothécaire(s) en contrepartie, nature de laquelle est décrite ci-dessus, convenons avec le(s) créancier(s) hypothécaire(s) de lui/leur payer dès lors les sommes dues sur la présente garantie, soit en principal, soit en intérêts, aux dates et de la manière indiquées. Afin de mieux garantir au(x) créancier(s) hypothécaire(s) le paiement de ces sommes, déclarant hypothéquer au(x) créancier(s) hypothécaire(s)     parts (indiquer le nombre de parts) dans le bâtiment susmentionné et appareaux. En outre, le(s) débiteur(s) hypothécaire(s) conviennent avec le(s) créancier(s) hypothécaire(s) que celui-ci(ceux ci) a(ont) le pouvoir d'hypothéquer ces parts et que celles-ci sont libres de charge sauf pour ce qui figure d'après l'inscription dudit bâtiment. (rayer si non applicable)

| Issued at  Délivré à | Maple Ridge, B.C. | on  le | 06-05-2008 |
|---|---|---|---|
| | Place - Endroit | | Date (dd-mm-yyyy / j-mm-aaaa) |

IN THE PRESENCE OF: - EN PRÉSENCE DE :

INDIVIDUAL: - PARTICULIER:

_____
Signature

Signature of registered owner/mortgagor - Signature du propriétaire enregistré/débiteur hypothécaire

_____
Name and title (please print) - Nom et titre (en lettres moulées)

Signature of registered owner/mortgagor - Signature du propriétaire enregistré/débiteur hypothécaire

Signature of registered owner/mortgagor - Signature du propriétaire enregistré/débiteur hypothécaire

_____
Address - Adresse

Signature of registered owner/mortgagor - Signature du propriétaire enregistré/débiteur hypothécaire

Signature of registered owner/mortgagor - Signature du propriétaire enregistré/débiteur hypothécaire

CORPORATION OR
INDIAN BAND
PERSONNE MORALE
OU BANDE INDIENNE    →    WORLDSPAN MARINE INC.
Name of Corporation / Indian Band (please print) - Nom de la personne morale/Bande Indienne (en lettres moulées)

Jim Hawkins, Director
Name and title of person signing above (please print) - Nom et titre de la personne signant ci-dessus (en lettres moulées)

SEAL
SCEAU

84-0067 (0712-06)     Page 1 of/de 3     Canada

NOT A CERTIFIED COPY

| Record no. - N° d'inscription | Temporary name or Hull no. - Nom provisoire ou numéro de coque | Intended / port of registry - Port d'immatriculation / prévu |
|---|---|---|

DISCHARGE OF (SHIP) MORTGAGE - MAINLEVÉE DE L'HYPOTHÈQUE (CONSTRUCTEUR)

I/We, the mortgagee(s) authorize the discharge of the mortgage described above
Je/Nous, le(s) créancier(s) hypothécaire(s), autorise(autorisons) la mainlevée de l'hypothèque décrite ci-dessus

Issued at
Délivré à _____

on
le _____

Place - Endroit

Date (dd-mm-yyyy / jj-mm-aaaa)

IN THE PRESENCE OF: - EN PRÉSENCE DE :

INDIVIDUAL: - PARTICULIER:

_____
Signature

_____
Signature of mortgagee - Signature du créancier hypothécaire

_____
Name and title (please print) - Nom et titre (en lettres moulées)

_____
Signature of mortgagee - Signature du créancier hypothécaire

_____
Address - Adresse

CORPORATION
OR INDIAN BAND
PERSONNE MORALE
OU BANDE INDIENNE
→ _____
Name of Corporation / Indian Band (please print) - Nom de la personne morale/Bande indienne (en lettres moulées)

_____
Signature

SEAL
SCEAU

_____
Name and title of person signing above (please print) - Nom et titre de la personne signant ci-dessus (en lettres moulées)

CORPORATION
OR INDIAN BAND
PERSONNE MORALE
OU BANDE INDIENNE
→ _____
Name of Corporation / Indian Band (please print) - Nom de la personne morale/Bande indienne (en lettres moulées)

_____
Signature

SEAL
SCEAU

_____
Name and title of person signing above (please print) - Nom et titre de la personne signant ci-dessus (en lettres moulées)

NOTES: - REMARQUES :

1. The expressions "mortgagee" and "mortgagor" used in this document include their heirs, successors, assigns, executors, administrators and any other legal representative.
   Les termes "débiteur hypothécaire" et "créancier hypothécaire" employés dans le présent acte visent leurs héritiers, successeurs, ayants droit, exécuteurs, administrateurs et tout autre représentant légal.

2. This mortgage must be completed by all of the owner(s). If jointly owned, all the joint owners must act together.
   L'hypothèque doit être complétée par tous les propriétaires. Dans le cas d'un intérêt conjoint, tous les propriétaires conjoints doivent agir ensemble.

3. In the case of a corporation, this Mortgage must be made by an officer of the corporation authorized by company resolution or by affixing the seal of the corporation on this form. Dans le cas d'une personne morale, l'hypothèque doit être faite par un agent de la personne morale autorisé par une résolution de celle-ci ou doit porter le sceau de la personne morale.

4. In the case of an Indian Band, this Application must be made by person(s) authorized by Band Council Resolution.
   Dans le cas d'une bande indienne, la demande doit être faite par une(des) personne(s) autorisée(s) par une résolution du Conseil de bande.

5. The original builder's mortgage deed must be presented to discharge a builder's mortgage or if not available, by Statutory Declaration.
   L'acte hypothécaire original du constructeur ou, si cet acte n'est pas disponible, une déclaration solennelle doit être produite pour la mainlevée de l'hypothèque du constructeur.

NOT A CERTIFIED COPY

This is Exhibit "D" referred to in the
Affidavit of Harry Sargeant III
Sworn before me at _COUNTY  OF PALM BEACH_
this _13th_ day of October, 2011

YVETTE MEDINA
MY COMMISSION # DD 811402
EXPIRES: August 4, 2012
Bonded Thru Notary Public Underwriters
Commissioner for taking Affidavits
for the State of Florida

NOT A CERTIFIED COPY

```
                    PPRS SEARCH RESULT 2011-04-26 .TXT
                                                          Page:   1

                           BC OnLine: PPRS SEARCH RESULT            2011/04/26
    Lterm: XPSP0054      For: PE27345  BULL, HOUSSER & TUPPER LLP (VANCO  09:55:21

            Attn./Ref. No.: 10-4160

                                              Index: BUSINESS DEBTOR
    Search Criteria: WORLDSPAN MARINE

    **************** P P S A    S E C U R I T Y    A G R E E M E N T ****************

              Reg. Date: DEC 01, 2004        Reg. Length: 20 YEARS
              Reg. Time: 09:53:45            Expiry Date: DEC 01, 2024
              Base Reg. #: 068690C           Control #: B6351174

            This registration was selected and included for your protection
            because of close proximity to your search criteria.
    Block#

     +++     Secured Party: LAURENTIAN BANK OF CANADA
                            989 DERRY ROAD EAST
                            MISSISSAUGA ON  L5T 2J8

    D0001    Base Debtor: 0700205 BC LTD
             (Business) 27222 LOUGHEED HWY
                        MAPLE RIDGE BC  V2W 1V9

          General Collateral:
          ALL PRESENTLY OWNED OR HELD AND AFTER-ACQUIRED OWNED OR HELD
          PERSONAL PROPERTY OF THE DEBTOR, INCLUDING, WITHOUT LIMITATION,
          FIXTURES AND LICENSES.  AN UNCRYSTALLIZED FLOATING CHARGE ON
          LAND AND ANY INTEREST IN LAND OF THE DEBTOR.

          TERMS USED HEREIN THAT ARE DEFINED IN THE PERSONAL PROPERTY
          SECURITY ACT (BRITISH COLUMBIA), THE REGULATIONS MADE THEREUNDER
          OR ANY AMENDMENTS MADE THERETO HAVE THOSE DEFINED MEANINGS.

           Registering
                Party: GOWLING  LAFLEUR  HENDERSON LLP
                       2300-1055 DUNSMUIR,  BOX 49122
                       VANCOUVER BC  V7X 1J1

        *** Name/Address Changed on October 30, 2008 to:

           Registering
                Party: GOWLING  LAFLEUR  HENDERSON LLP
                       2300-550 BURRARD ST., BOX 3
                       VANCOUVER BC  V6C 2B5

        *** Name/Address Changed on October 30, 2008 to:

           Registering
                Party: GOWLING  LAFLEUR  HENDERSON LLP
                       2300-550 BURRARD ST. BOX 30
                       VANCOUVER BC  V6C 2B5
```

Continued on Page  2

```
                      PPRS SEARCH RESULT 2011-04-26 .TXT
Search Criteria: WORLDSPAN MARINE                            Page:  2


     *** Name/Address Changed on October 30, 2008 to:

          Registering
               Party: GOWLING  LAFLEUR  HENDERSON LLP
                      2300-550 BURRARD ST., BOX 30
                      VANCOUVER BC  V6C 2B5

--------------- A M E N D M E N T / O T H E R  C H A N G E ----------------
               Reg. #: 149109C          Reg. Date: JAN 21, 2005
                                         Reg. Time: 14:12:44
                                         Control #: B6450319
          Base Reg. Type: PPSA SECURITY AGREEMENT
               Base Reg. #: 068690C      Base Reg. Date: DEC 01, 2004

     Details Description:
      ADDITION OF DEBTOR AS A RESULT OF THE CHANGE OF NAME OF
      0700205 B.C. LTD. UNDER THE LAWS OF THE PROVINCE OF
      BRITISH COLUMBIA ON JANUARY 6, 2005, FROM 0700205 B.C. LTD.
      TO WORLDSPAN MARINE INC. AS EVIDENCED BY THE CERTIFICATE
      OF CHANGE OF NAME ISSUED BY THE BRITISH COLUMBIA REGISTRAR
      OF COMPANIES ON JANUARY 6, 2005.
Block#

     *** ADDED ***
=D0002    Bus. Debtor: WORLDSPAN MARINE INC
                      27222 LOUGHEED HWY
                      MAPLE RIDGE BC  V2W 1V9

          Registering
               Party: GOWLING  LAFLEUR  HENDERSON LLP
                      2300-1055 DUNSMUIR,  BOX 49122
                      VANCOUVER BC  V7X 1J1

     *** Name/Address Changed on October 30, 2008 to:

          Registering
               Party: GOWLING  LAFLEUR  HENDERSON LLP
                      2300-550 BURRARD ST., BOX 3
                      VANCOUVER BC  V6C 2B5

     *** Name/Address Changed on October 30, 2008 to:

          Registering
               Party: GOWLING  LAFLEUR  HENDERSON LLP
                      2300-550 BURRARD ST. BOX 30
                      VANCOUVER.BC  V6C 2B5

     *** Name/Address Changed on October 30, 2008 to:

          Registering
               Party: GOWLING  LAFLEUR  HENDERSON LLP
                      2300-550 BURRARD ST., BOX 30
                      VANCOUVER BC  V6C 2B5
```

Continued on Page  3

NOT A CERTIFIED COPY

NOT A CERTIFIED COPY

```
                          PPRS SEARCH RESULT 2011-04-26 .TXT
Search Criteria: WORLDSPAN MARINE                           Page:   3


------------------- S E C U R E D   P A R T Y   T R A N S F E R -------------------
                       Reg. #: 326226D          Reg. Date: NOV 01, 2006
                                                Reg. Time: 10:50:21
                                                Control #: B7665007
                 Base Reg. Type: PPSA SECURITY AGREEMENT
                      Base Reg. #: 068690C      Base Reg. Date: DEC 01, 2004
Block#

         ** DELETED **
 +++     Secured Party: LAURENTIAN BANK OF CANADA
                        989 DERRY ROAD EAST
                        MISSISSAUGA ON  L5T 2J8

         *** ADDED ***
 S0002   Secured Party: CSPAN FINANCIAL (B.C.) INC.
                        1500 - 1055 WEST GEORGIA ST.
                        VANCOUVER BC   V6E 4N7

         Registering
                 Party: LANG MICHENER LLP
                        BOX 11117,1500 1055 W. GEORGIA
                        VANCOUVER BC   V6E 4N7

      *** Name/Address Changed on January 5, 2011 to:

         Registering
                 Party: MCMILLAN LLP
                        BOX 11117,1500 1055 W. GEORGIA
                        VANCOUVER BC   V6E 4N7
------------------- A M E N D M E N T / O T H E R   C H A N G E -------------------
                       Reg. #: 000207E          Reg. Date: OCT 25, 2007
                                                Reg. Time: 11:29:22
                                                Control #: B8358364
                 Base Reg. Type: PPSA SECURITY AGREEMENT
                      Base Reg. #: 068690C      Base Reg. Date: DEC 01, 2004
Details Description:
 AMENDMENT TO GENERAL COLLATERAL DESCRIPTION

General Collateral:
 *** ADDED ***
 SUBORDINATED TO SECURITY INTERESTS HELD BY CATERPILLAR FINANCIAL
 SERVICES CORPORATION AND PERFECTED BY REGISTRATION UNDER BASE
 REGISTRATION NUMBER 931405D PURSUANT TO A SUBORDINATION AGREEMENT
 DATED 22 OCTOBER 2007

 Registering
         Party: LINDSAY KENNEY
                1800 -401 WEST GEORGIA STREET
                VANCOUVER B.C.   V6B 5A1
```

Continued on Page  4

```
                        PPRS SEARCH RESULT 2011-04-26 .TXT
Search Criteria: WORLDSPAN MARINE                              Page:   4


        *** Name/Address Changed on October 7, 2010 to:

             Registering
                  Party: LINDSAY KENNEY LLP
                         1800 -401 WEST GEORGIA STREET
                         VANCOUVER B.C.   V6B 5A1

----------------- A M E N D M E N T  /  O T H E R   C H A N G E ------------------
                  Reg. #: 344152E           Reg. Date: MAY 06, 2008
                                            Reg. Time: 15:59:15
                                            Control #: B8713751
             Base Reg. Type: PPSA SECURITY AGREEMENT
                  Base Reg. #: 068690C        Base Reg. Date: DEC 01, 2004

        Details Description:
         SUBORDINATED TO SECURITY INTERESTS HELD BY
         HARRY SARGEANT III (PERFECTED BY REGISTRATION UNDER
         BASE REGISTRATION NUMBER 334150E) PURSUANT TO
         SUBORDINATION AGREEMENT DATED MAY 1, 2008.

             Registering
                  Party: LANG MICHENER LLP
                         BOX 11117,1500 1055 W. GEORGIA
                         VANCOUVER BC   V6E 4N7

        *** Name/Address Changed on January 5, 2011 to:

             Registering
                  Party: MCMILLAN LLP
                         BOX 11117,1500 1055 W. GEORGIA
                         VANCOUVER BC  V6E 4N7

*************** P P S A   S E C U R I T Y   A G R E E M E N T ***************

             Reg. Date: DEC 01, 2004       Reg. Length: 20 YEARS
             Reg. Time: 10:50:32           Expiry Date: DEC 01, 2024
             Base Reg. #: 069139C          Control #: B6369395

        This registration was selected and included for your protection   .
        because of close proximity to your search criteria.
Block#

  +++   Secured Party: LAURENTIAN BANK OF CANADA
                       989 DERRY ROAD EAST
                       MISSISSAUGA ON   L5T 2J8

 D0001   Base Debtor: 0700205 BC LTD
           (Business) 27222 LOUGHEED HWY
                      MAPLE RIDGE BC   V2W 1V9

        General Collateral:
         ALL INDEBTEDNESS, LIABILITIES AND OBLIGATIONS OF 27222 DEVELOPMENTS
         LTD. (THE "BORROWER") TO THE DEBTOR, INCLUDING, WITHOUT LIMITATION,
         PRESENT OR FUTURE, DIRECT OR INDIRECT, ABSOLUTE OR CONTINGENT,
         MATURED OR NOT, JOINT, SEVERAL OR JOINT AND SEVERAL, AT ANY TIME
         OWING OR REMAINING UNPAID BY THE BORROWER TO THE DEBTOR IN ANY
```

Continued on Page   5

NOT A CERTIFIED COPY

Search Criteria: WORLDSPAN MARINE                                      Page:  5

       CURRENCY, WHETHER ARISING FROM DEALINGS BETWEEN THE DEBTOR AND
THE BORROWER OR FROM OTHER DEALINGS OR PROCEEDINGS BY WHICH THE
DEBTOR MAY BE OR BECOME IN ANY MANNER WHATEVER A CREDITOR OF THE
BORROWER AND HOWEVER INCURRED, AND WHETHER INCURRED BY THE
BORROWER ALONE OR WITH ANOTHER OR OTHERS AND WHETHER AS PRINCIPAL
OR SURETY.

ALL PROCEEDS INCLUDING, WITHOUT LIMITATION, MONEY, CHATTEL PAPER,
INTANGIBLES, GOODS, ACCOUNTS, DOCUMENTS OF TITLE, INSTRUMENTS,
SECURITIES AND ANY OTHER FORM OF PROCEEDS.

    Registering
        Party: GOWLING  LAFLEUR  HENDERSON LLP
              2300-1055 DUNSMUIR,  BOX 49122
              VANCOUVER BC  V7X 1J1

*** Name/Address Changed on October 30, 2008 to:

    Registering
        Party: GOWLING  LAFLEUR  HENDERSON LLP
              2300-550 BURRARD ST., BOX 3
              VANCOUVER BC  V6C 2B5

*** Name/Address Changed on October 30, 2008 to:

    Registering
        Party: GOWLING  LAFLEUR  HENDERSON LLP
              2300-550 BURRARD ST. BOX 30
              VANCOUVER BC  V6C 2B5

*** Name/Address Changed on October 30, 2008 to:

    Registering
        Party: GOWLING  LAFLEUR  HENDERSON LLP
              2300-550 BURRARD ST., BOX 30
              VANCOUVER BC  V6C 2B5

----------------- A M E N D M E N T  /  O T H E R   C H A N G E -----------------

          Reg. #: 149111C            Reg. Date: JAN 21, 2005
                               Reg. Time: 14:13:07
                               Control #: B6450324
        Base Reg. Type: PPSA SECURITY AGREEMENT
           Base Reg. #: 069139C        Base Reg. Date: DEC 01, 2004

Details Description:
 ADDITION OF DEBTOR AS A RESULT OF THE CHANGE OF NAME OF
 0700205 B.C. LTD. UNDER THE LAWS OF THE PROVINCE OF
 BRITISH COLUMBIA ON JANUARY 6, 2005, FROM 0700205 B.C. LTD.
 TO WORLDSPAN MARINE INC. AS EVIDENCED BY THE CERTIFICATE
 OF CHANGE OF NAME ISSUED BY THE BRITISH COLUMBIA REGISTRAR
 OF COMPANIES ON JANUARY 6, 2005.
Block#

      *** ADDED ***
=D0002   Bus. Debtor: WORLDSPAN MARINE INC
                27222 LOUGHEED HWY
                MAPLE RIDGE BC  V2W 1V9

Continued on Page  6

NOT A CERTIFIED COPY

PPRS SEARCH RESULT 2011-04-26 .TXT
Search Criteria: WORLDSPAN MARINE                                Page:   6

            Registering
                 Party: GOWLING  LAFLEUR  HENDERSON LLP
                        2300-1055 DUNSMUIR,  BOX 49122
                        VANCOUVER BC  V7X 1J1

        *** Name/Address Changed on October 30, 2008 to:

            Registering
                 Party: GOWLING  LAFLEUR  HENDERSON LLP
                        2300-550 BURRARD ST., BOX 3
                        VANCOUVER BC  V6C 2B5

        *** Name/Address Changed on October 30, 2008 to:

            Registering
                 Party: GOWLING  LAFLEUR  HENDERSON LLP
                        2300-550 BURRARD ST. BOX 30
                        VANCOUVER BC  V6C 2B5

        *** Name/Address Changed on October 30, 2008 to:

            Registering
                 Party: GOWLING  LAFLEUR  HENDERSON LLP
                        2300-550 BURRARD ST., BOX 30
                        VANCOUVER BC  V6C 2B5

    ------------------ S E C U R E D   P A R T Y   T R A N S F E R ------------------

                    Reg. #: 326236D          Reg. Date: NOV 01, 2006
                                             Reg. Time: 10:51:35
                                             Control #: B7665022
                 Base Reg. Type: PPSA SECURITY AGREEMENT
                      Base Reg. #: 069139C        Base Reg. Date: DEC 01, 2004
Block#

            ** DELETED **
   +++  Secured Party: LAURENTIAN BANK OF CANADA
                        989 DERRY ROAD EAST
                        MISSISSAUGA ON  L5T 2J8

            *** ADDED ***
  S0002  Secured Party: CSPAN FINANCIAL (B.C.) INC.
                        1500 - 1055 WEST GEORGIA ST.
                        VANCOUVER BC  V6E 4N7

            Registering
                 Party: LANG MICHENER LLP
                        BOX 11117,1500 1055 W. GEORGIA
                        VANCOUVER BC  V6E 4N7

        *** Name/Address Changed on January 5, 2011 to:

            Registering
                 Party: MCMILLAN LLP
                        BOX 11117,1500 1055 W. GEORGIA
                        VANCOUVER BC  V6E 4N7

Continued on Page  7

NOT A CERTIFIED COPY

```
                        PPRS SEARCH RESULT 2011-04-26 .TXT
Search Criteria: WORLDSPAN MARINE                          Page:   7


---------------- A M E N D M E N T  /  O T H E R   C H A N G E ----------------
                      Reg. #: 344153E            Reg. Date: MAY 06, 2008
                                                 Reg. Time: 15:59:27
                                                 Control #: B8713975
               Base Reg. Type: PPSA SECURITY AGREEMENT
                  Base Reg. #: 069139C       Base Reg. Date: DEC 01, 2004

        Details Description:
          SUBORDINATED TO SECURITY INTERESTS HELD BY
          HARRY SARGEANT III (PERFECTED BY REGISTRATION UNDER
          BASE REGISTRATION NUMBER 334150E) PURSUANT TO
          SUBORDINATION AGREEMENT DATED MAY 1, 2008.

          Registering
                 Party: LANG MICHENER LLP
                        BOX 11117,1500 1055 W. GEORGIA
                        VANCOUVER BC  V6E 4N7

       *** Name/Address Changed on January 5, 2011 to:

          Registering
                 Party: MCMILLAN LLP
                        BOX 11117,1500 1055 W. GEORGIA
                        VANCOUVER BC  V6E 4N7

**************** P P S A   S E C U R I T Y   A G R E E M E N T ****************

           Reg. Date: DEC 01, 2004       Reg. Length: 20 YEARS
           Reg. Time: 15:17:20           Expiry Date: DEC 01, 2024
           Base Reg. #: 070198C          Control #: B6370786

        This registration was selected and included for your protection
        because of close proximity to your search criteria.
Block#

   +++   Secured Party: LAURENTIAN BANK OF CANADA
                        989 DERRY ROAD EAST
                        MISSISSAUGA ON  L5T 2J8

  D0001    Base Debtor: 0700205 BC LTD
          (Business) 27222 LOUGHEED HWY
                        MAPLE RIDGE BC  V2W 1V9

        General Collateral:
          ALL OF THE PRESENTLY OWNED OR HELD AND AFTER ACQUIRED OWNED OR
          HELD INTEREST OF THE DEBTOR IN A DEPOSITORY ACCOUNT WITH AND FOR
          THE BENEFIT OF THE SECURED PARTY ESTABLISHED BY THE DEBTOR UNDER
          A DIVIDEND ACCOUNT AGREEMENT MADE AS OF NOVEMBER 30, 2004, BETWEEN
          THE DEBTOR AND THE SECURED PARTY AND ALL FUNDS DEPOSITED AND
          MAINTAINED THEREIN FROM TIME TO TIME AND ALL INTEREST, INCOME,
          PROFITS, ISSUES AND  PROCEEDS THEREFROM.  PROCEEDS:  ALL ACCOUNTS,
          CHATTEL PAPER, DOCUMENTS OF TITLE, INSTRUMENTS, INTANGIBLES,
          GOODS, MONEY AND SECURITIES.
```

NOT A CERTIFIED COPY

Continued on Page  8

PPRS SEARCH RESULT 2011-04-26 .TXT
Search Criteria: WORLDSPAN MARINE                          Page:   8

            Registering
                 Party: GOWLING  LAFLEUR  HENDERSON LLP
                        2300-1055 DUNSMUIR,  BOX 49122
                        VANCOUVER BC   V7X 1J1

       *** Name/Address Changed on October 30, 2008 to:

            Registering
                 Party: GOWLING  LAFLEUR  HENDERSON LLP
                        2300-550 BURRARD ST., BOX 3
                        VANCOUVER BC   V6C 2B5

       *** Name/Address Changed on October 30, 2008 to:

            Registering
                 Party: GOWLING  LAFLEUR  HENDERSON LLP
                        2300-550 BURRARD ST. BOX 30
                        VANCOUVER BC   V6C 2B5

       *** Name/Address Changed on October 30, 2008 to:

            Registering
                 Party: GOWLING  LAFLEUR  HENDERSON LLP
                        2300-550 BURRARD ST., BOX 30
                        VANCOUVER BC   V6C 2B5

----------------- A M E N D M E N T / O T H E R   C H A N G E -----------------

                        Reg. #: 149113C          Reg. Date: JAN 21, 2005
                                                 Reg. Time: 14:13:27
                                                 Control #: B6450328
                 Base Reg. Type: PPSA SECURITY AGREEMENT
                      Base Reg. #: 070198C       Base Reg. Date: DEC 01, 2004

       Details Description:
        ADDITION OF DEBTOR AS A RESULT OF THE CHANGE OF NAME OF
        0700205 B.C. LTD. UNDER THE LAWS OF THE PROVINCE OF
        BRITISH COLUMBIA ON JANUARY 6, 2005, FROM 0700205 B.C. LTD.
        TO WORLDSPAN MARINE INC. AS EVIDENCED BY THE CERTIFICATE
        OF CHANGE OF NAME ISSUED BY THE BRITISH COLUMBIA REGISTRAR
        OF COMPANIES ON JANUARY 6, 2005.
Block#

        *** ADDED ***
=D0002    Bus. Debtor: WORLDSPAN MARINE INC
                        27222 LOUGHEED HWY
                        MAPLE RIDGE BC   V2W 1V9

            Registering
                 Party: GOWLING  LAFLEUR  HENDERSON LLP
                        2300-1055 DUNSMUIR,  BOX 49122
                        VANCOUVER BC   V7X 1J1

Continued on Page   9

NOT A CERTIFIED COPY

```
                           PPRS SEARCH RESULT 2011-04-26 .TXT
     Search Criteria: WORLDSPAN MARINE                           Page:  9


        *** Name/Address Changed on October 30, 2008 to:

          Registering
                Party: GOWLING  LAFLEUR  HENDERSON LLP
                       2300-550 BURRARD ST., BOX 3
                       VANCOUVER BC   V6C 2B5

        *** Name/Address Changed on October 30, 2008 to:

          Registering
                Party: GOWLING  LAFLEUR  HENDERSON LLP
                       2300-550 BURRARD ST. BOX 30
                       VANCOUVER BC  V6C 2B5

        *** Name/Address Changed on October 30, 2008 to:

          Registering
                Party: GOWLING  LAFLEUR  HENDERSON LLP
                       2300-550 BURRARD ST., BOX 30
                       VANCOUVER BC  V6C 2B5

     ------------------ S E C U R E D   P A R T Y   T R A N S F E R ------------------

                          Reg. #: 326243D           Reg. Date: NOV 01, 2006
                                                     Reg. Time: 10:51:56
                                                     Control #: B7665032
                      Base Reg. Type: PPSA SECURITY AGREEMENT
                         Base Reg. #: 070198C       Base Reg. Date: DEC 01, 2004
     Block#

              ** DELETED **
       +++    Secured Party: LAURENTIAN BANK OF CANADA
                             989 DERRY ROAD EAST
                             MISSISSAUGA ON   L5T 2J8

              *** ADDED ***
     S0002    Secured Party: CSPAN FINANCIAL (B.C.) INC.
                             1500 - 1055 WEST GEORGIA ST.
                             VANCOUVER BC   V6E 4N7

              Registering
                    Party: LANG MICHENER LLP
                           BOX 11117,1500 1055 W. GEORGIA
                           VANCOUVER BC   V6E 4N7

        *** Name/Address Changed on January 5, 2011 to:

          Registering
                Party: MCMILLAN LLP
                       BOX 11117,1500 1055 W. GEORGIA
                       VANCOUVER BC   V6E 4N7
```

Continued on Page 10

NOT A CERTIFIED COPY

PPRS SEARCH RESULT 2011-04-26 .TXT
Search Criteria: WORLDSPAN MARINE                          Page: 10


---------------- A M E N D M E N T / O T H E R  C H A N G E ----------------
                    Reg. #: 344154E          Reg. Date: MAY 06, 2008
                                             Reg. Time: 15:59:38
                                             Control #: B8713981
              Base Reg. Type: PPSA SECURITY AGREEMENT
                  Base Reg. #: 070198C        Base Reg. Date: DEC 01, 2004
      Details Description:
        SUBORDINATED TO SECURITY INTERESTS HELD BY
        HARRY SARGEANT III (PERFECTED BY REGISTRATION UNDER
        BASE REGISTRATION NUMBER 334150E) PURSUANT TO
        SUBORDINATION AGREEMENT DATED MAY 1, 2008.

         Registering
               Party: LANG MICHENER LLP
                      BOX 11117,1500 1055 W. GEORGIA
                      VANCOUVER BC  V6E 4N7

      *** Name/Address Changed on January 5, 2011 to:

         Registering
               Party: MCMILLAN LLP
                      BOX 11117,1500 1055 W. GEORGIA
                      VANCOUVER BC  V6E 4N7

***************** P P S A  S E C U R I T Y  A G R E E M E N T *****************

            Reg. Date: JUN 02, 2005        Reg. Length: 6 YEARS
            Reg. Time: 18:22:37            Expiry Date: JUN 02, 2011
            Base Reg. #: 384427C            Control #: B6694733

      This registration was selected and included for your protection
      because of close proximity to your search criteria.
Block#

  S0001  Secured Party: ARROW TRANSPORTATION SYSTEMS INC
                        11580 MITCHELL ROAD
                        RICHMOND BC  V6V 1T7

  S0002  Secured Party: CRESCENT CUSTOM YACHTS INC
                        11580 MITCHELL ROAD
                        RICHMOND BC  V6V 1T7

  S0003  Secured Party: CCY HOLDINGS INC
                        11580 MITCHELL ROAD
                        RICHMOND BC  V6V 1T7

 =D0001    Base Debtor: WORLDSPAN MARINE INC
            (Business) 27222 LOUGHEED HIGHWAY
                       MAPLE RIDGE BC  V2W 1W9

        General Collateral:
          WHEREAS THE DEBTOR AND THE PARTIES COMPRISING THE SECURED PARTY ARE
          PARTIES, INTER ALIA, TO THAT CERTAIN ACCEPTED OFFER TO PURCHASE
          (THE "MAIN AGREEMENT") DATED FEBRUARY 23, 2005, AS AMENDED, WHEREBY
          THE DEBTOR ACQUIRES CERTAIN ASSETS, EFFECTIVE JUNE 2, 2005, FROM
          THE PARTIES COMPRISING THE SECURED PARTY, INCLUDING WITHOUT

                                                Continued on Page 11

PPRS SEARCH RESULT 2011-04-26 .TXT
Search Criteria: WORLDSPAN MARINE                                Page: 11

LIMITATION THOSE CERTAIN HULL MOLDS AND SUPERSTRUCTURE MOLDS
(COLLECTIVELY, THE "MOLDS"), NOW AT 11580 MITCHELL ROAD, RICHMOND,
BC AND AS MAY BE MOVED TO 27222 LOUGHEED HIGHWAY, MAPLE RIDGE, BC,
CONSTRUCTED BY OR FOR THE SECURED PARTY AND SOLD TO THE DEBTOR, FOR
THE MANUFACTURE THEREFROM OF MOLDED FIBERGLAS RESIN YACHTS, ALL AS
MORE PARTICULARLY DESCRIBED IN THE MAIN AGREEMENT, AND WHEREAS,
PURSUANT TO MAIN AGREEMENT, IN FAVOUR OF THE SECURED PARTY THE
DEBTOR HAS GRANTED, MORTGAGED, CHARGED, TRANSFERRED, ASSIGNED AND
CREATED TO AND IN FAVOUR OF THE SECURED PARTY A SECURITY INTEREST
IN AND TO:   (A)  THE MOLDS, AND (B) ALL PERSONAL PROPERTY, FIXTURES
AND CROPS IN ANY FORM DERIVED DIRECTLY OR INDIRECTLY FROM ANY
DEALING WITH THE MOLDS OR OTHER COLLATERAL HEREIN DESCRIBED OR
PROCEEDS THEREFROM  INCLUDING RIGHTS TO INSURANCE PAYMENTS AND ANY
OTHER PAYMENTS REPRESENTING INDEMNITY OR COMPENSATION FOR LOSS OF
OR DAMAGE TO THE COLLATERAL OR PROCEEDS THEREFROM.   THE AFORESAID
SECURITY INTEREST SHALL BE A CONTINUING SECURITY AND SECURITY
INTEREST (PURSUANT TO THE PERSONAL PROPERTY SECURITY ACT (BRITISH
COLUMBIA)) TO AND UNTO THE SECURED PARTY FOR THE PAYMENT OF ALL
PRESENT AND FUTURE INDEBTEDNESS AND LIABILITIES OF THE DEBTOR TO
THE SECURED PARTY, INCLUDING INTEREST THEREON, AND FOR THE PAYMENT
AND PERFORMANCE OF ALL OTHER PRESENT AND FUTURE OBLIGATIONS OF THE
DEBTOR TO THE SECURED PARTY, WHETHER DIRECT OR INDIRECT, CONTINGENT
OR ABSOLUTE, MATURED OR NOT, AND WHETHER THE DEBTOR IS BOUND ALONE
ALONE OR WITH ANOTHER OR OTHERS, INCLUDING OBLIGATIONS UNDER THAT
CERTAIN SECURITY AGREEMENT MADE JUNE 2, 2005 BETWEEN THE DEBTOR AND
SECURED PARTY.  WITHOUT LIMITING THE FOREGOING, SUCH SECURITY
INTERESTS INCLUDE PURCHASE MONEY SECURITY INTERESTS UNDER THE SAID
PERSONAL PROPERTY SECURITY ACT.

        Registering
            Party:  BERNARD & PARTNERS
                    1500-570 GRANVILLE STREET
                    VANCOUVER BC  V6C 3P1

**************** P P S A   S E C U R I T Y   A G R E E M E N T ****************

        Reg. Date: JUN 02, 2005        Reg. Length: 6 YEARS
        Reg. Time: 18:24:58            Expiry Date: JUN 02, 2011
        Base Reg. #: 384428C           Control #: B6694734

        This registration was selected and included for your protection
        because of close proximity to your search criteria.
Block#

    S0001   Secured Party:  ARROW TRANSPORTATION SYSTEMS INC
                            11580 MITCHELL ROAD
                            RICHMOND BC  V6V 1T7

    S0002   Secured Party:  CRESCENT CUSTOM YACHTS INC
                            11580 MITCHELL ROAD
                            RICHMOND BC  V6V 1T7

    S0003   Secured Party:  CCY HOLDINGS INC
                            11580 MITCHELL ROAD
                            RICHMOND BC  V6V 1T7

    =D0001     Base Debtor:  WORLDSPAN MARINE INC
              (Business) 27222 LOUGHEED HIGHWAY
                         MAPLE RIDGE BC  V2W 1W9

Continued on Page 12

```
                        PPRS SEARCH RESULT 2011-04-26 .TXT
Search Criteria: WORLDSPAN MARINE                           Page: 12


  D0002     Bus. Debtor: CRESCENT MANUFACTURING LTD
                         27222 LOUGHEED HIGHWAY
                         MAPLE RIDGE BC  V2W 1W9

          General Collateral:
           WHEREAS THE DEBTOR, ADDITIONAL DEBTOR AND THE PARTIES COMPRISING
           THE SECURED PARTY ARE PARTIES, INTER ALIA, TO THAT CERTAIN ACCEPTED
           OFFER TO PURCHASE (THE "MAIN AGREEMENT") DATED FEBRUARY 23, 2005,
           AS AMENDED, WHEREBY THE DEBTOR AND ADDITIONAL DEBTOR, RESPECTIVELY,
           ACQUIRE CERTAIN ASSETS, EFFECTIVE JUNE 2, 2005, FROM THE PARTIES
           COMPRISING THE SECURED PARTY,  MORE PARTICULARLY DESCRIBED IN THE
           MAIN AGREEMENT, AND WHEREAS, PURSUANT TO MAIN AGREEMENT, WORLDSPAN
           MARINE INC EXECUTED AND DELIVERED TO THE SECURED PARTY A CERTAIN
           PROMISSORY NOTE (THE "PROMISSORY NOTE") IN THE PRINCIPAL AMOUNT OF
           $500,000;  IN FAVOUR OF THE SECURED PARTY, THE DEBTOR AND
           ADDITIONAL DEBTOR HAVE ASSIGNED AND TRANSFERRED ALL BOOK ACCOUNTS,
           DEBTS, CLAIMS, DEMANDS AND CHOSES IN ACTION, (COLLECTIVELY OR
           RESPECTIVELY, THE "BOOK ACCOUNTS") WHICH ARE THE REVENUES,
           ENTITLEMENTS, OUTCOME, PROCEEDS, PRODUCT OR RESULTS OF THE SALE,
           TRANSFER OR ANY OTHER  DISPOSITION BY CRESCENT MANUFACTURING LTD OF
           THAT CANADIAN VESSEL UNDER CONSTRUCTION AT MAPLE RIDGE, BRITISH
           COLUMBIA, BEARING RECORDED HULL NAME C125-24 (THE "VESSEL"),
           RECORDED OR TO BE RECORDED AT TRANSPORT CANADA SHIP REGISTRY AT ITS
           OFFICES AT 800 BURRARD STREET, VANCOUVER, BRITISH COLUMBIA, ON OR
           ABOUT JUNE 3, 2005, UP TO A MAXIMUM OF $100,000.   THE AFORESAID
           ASSIGNMENT AND TRANSFER OF THE BOOK ACCOUNTS SHALL BE A CONTINUING
           SECURITY AND SECURITY INTEREST (PURSUANT TO THE PERSONAL PROPERTY
           SECURITY ACT (BRITISH COLUMBIA)) TO AND UNTO THE SECURED PARTY FOR
           THE PAYMENT OF THE AMOUNTS DUE UNDER THE PROMISSORY NOTE.


          Registering
                Party: BERNARD & PARTNERS
                       1500-570 GRANVILLE STREET
                       VANCOUVER V6C  3P1

**************** P P S A   S E C U R I T Y   A G R E E M E N T ****************

             Reg. Date: JUN 02, 2005        Reg. Length: 6 YEARS
             Reg. Time: 18:29:50            Expiry Date: JUN 02, 2011
             Base Reg. #: 384429C           Control #: B6694735

          This registration was selected and included for your protection
          because of close proximity to your search criteria.
Block#

  S0001   Secured Party: ARROW TRANSPORTATION SYSTEMS INC
                         11580 MITCHELL ROAD
                         RICHMOND BC  V6V 1T7

  S0002   Secured Party: CRESCENT CUSTOM YACHTS INC
                         11580 MITCHELL ROAD
                         RICHMOND BC  V6V 1T7

  S0003   Secured Party: CCY HOLDINGS INC
                         11580 MITCHELL ROAD
                         RICHMOND BC  V6V 1T7
```

Continued on Page 13

NOT A CERTIFIED COPY

PPRS SEARCH RESULT 2011-04-26 .TXT
Search Criteria: WORLDSPAN MARINE                                    Page: 13


=D0001      Base Debtor: WORLDSPAN MARINE INC
             (Business) 27222 LOUGHEED HIGHWAY
                        MAPLE RIDGE BC   V2W 1W9

  D0002     Bus. Debtor: CRESCENT MANUFACTURING LTD
                         27222 LOUGHEED HIGHWAY
                         MAPLE RIDGE BC   V2W 1W9

          General Collateral:
           WHEREAS THE DEBTOR, ADDITIONAL DEBTOR AND THE PARTIES COMPRISING
           THE SECURED PARTY ARE PARTIES, INTER ALIA, TO THAT CERTAIN ACCEPTED
           OFFER TO PURCHASE (THE "MAIN AGREEMENT") DATED FEBRUARY 23, 2005,
           AS AMENDED, WHEREBY THE DEBTOR AND ADDITIONAL DEBTOR, RESPECTIVELY,
           ACQUIRE CERTAIN ASSETS, EFFECTIVE JUNE 2, 2005, FROM THE PARTIES
           COMPRISING THE SECURED PARTY,  SUCH ASSETS BEING MORE PARTICULARLY
           DESCRIBED IN THE MAIN AGREEMENT, AND WHEREAS, PURSUANT TO THE MAIN
           AGREEMENT, IN FAVOUR OF THE SECURED PARTY, CRESCENT MANUFACTURING
           LTD AS MORTGAGOR AND WORLDSPAN MARINE INC AS CO-COVENANTOR EXECUTED
           AND DELIVERED, INTER ALIA, AS JOINT MAKERS THEREOF A CERTAIN
           PROMISSORY NOTE (THE "PROMISSORY NOTE") IN THE PRINCIPAL AMOUNT OF
           $920,000, TOGETHER WITH INTEREST THEREON;  AND WHEREAS CRESCENT
           MANUFACTURING LTD EXECUTED AND DELIVERED A BUILDER'S MORTGAGE (THE
           "MORTGAGE") OVER ALL 64 SHARES IN THAT CANADIAN VESSEL UNDER
           CONSTRUCTION AT MAPLE RIDGE, BRITISH COLUMBIA, BEARING RECORDED
           HULL NAME C125-24 (THE "VESSEL"), RECORDED OR TO BE RECORDED AT
           TRANSPORT CANADA SHIP REGISTRY AT ITS OFFICES AT 800 BURRARD
           STREET, VANCOUVER, BRITISH COLUMBIA, ON OR ABOUT JUNE 3, 2005; AND
           WHEREAS PURSUANT TO THE MORTGAGE, CRESCENT MANUFACTURING LTD AND
           WORLDSPAN MARINE INC ENTERED INTO A COLLATERAL MARINE AGREEMENT
           ("CMA") MADE AND DATED JUNE 2, 2005;   WITHOUT LIMITING THE
           PROVISIONS OF THE MORTGAGE AND CMA OR OTHERWISE, CRESCENT
           MANUFACTURING LTD GRANTED TO THE SECURED PARTY A SECURITY INTEREST
           IN AND TO SUCH COLLATERAL AND IN AND TO ALL PRESENTLY-HELD OR
           AFTER-ACQUIRED PERSONAL PROPERTY OF CRESCENT MANUFACTURING LTD
           BEING OR BECOMING SUCH COLLATERAL, ALL AS CONTINUING COLLATERAL
           SECURITY FOR THE INDEBTEDNESS AND OTHER OBLIGATIONS OF CRESCENT
           MANUFACTURING LTD TO THE SECURED PARTY UNDER THE CMA, SUCH
           COLLATERAL BEING:   ALL LICENSES, GRANTS OR PRIVILEGES GIVEN OR
           ISSUED BY ANY GOVERNMENT OR AGENCY TO OR FOR CRESCENT MANUFACTURING
           LTD IN CONNECTION WITH THE VESSEL AND ALL SUBSTITUTIONS,
           IMPROVEMENTS AND ADDITIONS NOW OR HEREAFTER MADE IN OR TO THE
           VESSEL INCLUDING, WITHOUT LIMITATION, ALL NAVIGATIONAL EQUIPMENT,
           ENGINES, COOKING AND REFRIGERATION EQUIPMENT, RADIOS,
           COMMUNICATIONS EQUIPMENT, BOATS, ANCHORS, LIGHTS, SAILS, RIGGING,
           SPARS, MASTS, BOOMS, FIXTURES, FURNISHINGS AND ALL APPARATUS AND
           EQUIPMENT APPURTENANT THERETO AND ALL PROCEEDS THEREOF AND
           THEREFROM.

           Registering
                  Party: BERNARD & PARTNERS
                         1500-570 GRANVILLE STREET
                         VANCOUVER BC   V6C 3P1




Continued on Page 14

PPRS SEARCH RESULT 2011-04-26 .TXT
Search Criteria: WORLDSPAN MARINE .                                    Page: 14

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* P P S A   S E C U R I T Y   A G R E E M E N T \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

                Reg. Date: SEP 21, 2007          Reg. Length: 5 YEARS
                Reg. Time: 10:28:32              Expiry Date: SEP 21, 2012
                Base Reg. #: 931405D             Control #: B8287715

        This registration was selected and included for your protection
        because of close proximity to your search criteria.
Block#

 S0001  Secured Party: CATERPILLAR FINANCIAL SERVICES
                       CORPORATION
                       2120 WEST END AVENUE
                       NASHVILLE TN   37203

=D0001   Base Debtor: WORLDSPAN MARINE INC.
         (Business) 1055 WEST GEORGIA ST.
                    VANCOUVER BC   V6E2K3

     General Collateral:
      THIS FINANCING STATEMENT SHALL COVER ALL OF THE RIGHT TITLE AND INTERE
      ST OF DEBTOR IN THE COLLATERAL.  THE WORD "COLLATERAL" MEANS THE VESSE
      L, THE RELATED MATERIALS AND COMPONENTS, THE RELATED EQUIPMENT, THE RE
      LATED ACCOUNTS AND CHATTEL PAPER, THE RELATED RIGHTS, AND ALL PROCEEDS
      THEREFROM. THE COLLATERAL ALSO INCLUDES ANY AND ALL PRESENT AND FUTUR
      E PARTS, ACCESSORIES, ATTACHMENTS, ADDITIONS, ACCESSIONS, SUBSTITUTION
      S AND REPLACEMENTS TO AND FOR ANY OF THE FOREGOING COLLATERAL, AS WELL
       AS ANY AND ALL PRESENT AND FUTURE RIGHTS TO ANY PROCEEDS DERIVED OR T
      O BE DERIVED FROM THE SALE, LEASE, CHARTER, HIRING, DAMAGE, CONDEMNATI
      ON, DESTRUCTION, INSURANCE LOSS, APPROPRIATION AND OTHER DISPOSITION O
      F THE COLLATERAL, INCLUDING WITHOUT LIMITATION ALL CLAIMS FOR DAMAGES
      ARISING OUT OF THE BREACH OF ANY COLLATERAL AND DEBTOR'S RIGHTS TO ENF
      ORCE COLLECTION AND PAYMENT OF SUCH PROCEEDS. FOR PURPOSES OF THIS FIN
      ANCING STATEMENT, THE FOLLOWING TERMS SHALL HAVE THE MEANINGS INDICATE
      D. THE WORD "BUILDER" MEANS WORLDSPAN MARINE INC. THE WORDS "CONSTRUCT
      ION CONTRACTS" MEAN ALL CONTRACTS ENTERED INTO BY DEBTOR IN CONNECTION
       WITH THE PERFORMANCE OF SERVICES AND THE SUPPLY OF RELATED MATERIALS
      AND COMPONENTS WITH RESPECT TO THE VESSEL. THE WORDS "RELATED ACCOUNTS
       AND CHATTEL PAPER" SHALL MEAN ACCOUNTS, CHATTEL PAPER, INSTRUMENTS AN
      D RECEIVABLES RELATED TO OR ARISING OUT OF THE USE, OPERATION, ENGAGEM
      ENT, EMPLOYMENT OR MANAGEMENT OF THE VESSEL, INCLUDING ALL RIGHTS UNDE
      R CHARTER AGREEMENTS, RIGHTS OF USE, LETTINGS, BILLS OF LADING, EMPLOY
      MENTS, ENGAGEMENTS FOR CARRIAGE OR TRANSPORT OF CARGO OR PASSENGERS, O
      R OTHER AGREEMENTS, AND ALL FREIGHTS, HIRE, CHARTER, PROFITS, COMPENSA
      TION AND OTHER MONEY, PAYMENT AND CONSIDERATION DUE THEREUNDER, WHETHE
      R EARNED OR TO BE EARNED, OF EVERY NATURE AND KIND WHATSOEVER. THE WOR
      DS "RELATED EQUIPMENT" MEAN ALL EQUIPMENT, MACHINERY, ENGINES, BOILERS
      , MASTS, BOATS, ANCHORS, CABLES, CHAINS, RIGGING, TACKLE, APPAREL, FUR
      NITURE, CAPSTANS, OUTFIT, TOOLS, PUMPS, GEARS, FURNISHINGS, APPLIANCES
      , FITTINGS AND SPARE AND REPLACEMENT PARTS AND ALL OTHER APPURTENANCES
       THERETO APPERTAINING OR BELONGING, WHETHER NOW OWNED OR HEREAFTER ACQ
      UIRED, WHETHER ON BOARD OR NOT ON BOARD, WHICH IS LOCATED ON THE VESSE
      L OR OBTAINED BY DEBTOR FOR INSTALLATION ON THE VESSEL. THE WORDS "REL
      ATED MATERIALS AND COMPONENTS" SHALL MEAN ALL ITEMS OF MACHINERY, PIPI
      NG, CABLES, SUPPLIES, SHEETMETAL, AND OTHER MATERIALS USED, CONSUMED,

                                         Continued on Page 15

NOT A CERTIFIED COPY

PPRS SEARCH RESULT 2011-04-26 .TXT
Search Criteria: WORLDSPAN MARINE                              Page: 15

FABRICATED OR INCORPORATED IN CONNECTION WITH THE CONSTRUCTION OF THE
VESSEL, AND SHALL INCLUDE ALL PARTS AND COMPONENTS FABRICATED IN CONNE
CTION WITH THE COMPLETION OF THE VESSEL. THE WORDS "RELATED RIGHTS" ME
AN AND INCLUDE:(A)  ANY AND ALL PRESENT AND FUTURE OPTIONS TO SELL, LE
ASE OR CHARTER THE VESSEL OR ANY INTEREST THEREIN, INCLUDING ANY LETTE
R OF CREDIT RIGHTS EXISTING IN CONNECTION THEREWITH;(B) ANY AND ALL OF
 DEBTOR'S ACCOUNTS, ACCOUNTS RECEIVABLE AND CONTRACT RIGHTS IN ANY WAY
 RELATED TO THE VESSEL AND/OR THE CONSTRUCTION THEREOF;(C)  ANY AND AL
L OF DEBTOR'S RIGHTS UNDER ANY PRESENT AND FUTURE CONSTRUCTION, ARCHIT
ECTURAL AND ENGINEERING CONTRACTS OR AGREEMENTS WITH REGARD TO THE CON
STRUCTION OF THE VESSEL, INCLUDING ALL RIGHTS UNDER THE CONSTRUCTION C
ONTRACTS, ALL PLANS, DETAIL DRAWINGS, BLUEPRINTS AND OTHER DESIGNS REL
ATED TO THE VESSEL TO THE EXTENT OF DEBTOR S ENTITLEMENT THERETO, AND
ANY AND ALL SURETY BONDS, LETTERS OF CREDIT AND GUARANTIES IN CONNECTI
ON THEREWITH OF EVERY NATURE AND KIND WHATSOEVER, INCLUDING WITHOUT LI
MITATION, THE RIGHTS OF DEBTOR AND ITS REMEDIES TO ENFORCE AND/OR TO R
ECEIVE PAYMENTS OR DAMAGES UNDER ANY SUCH CONSTRUCTION, ENGINEERING OR
 ARCHITECTURAL CONTRACTS AND SURETY BONDS, LETTERS OF CREDITS AND/OR G
UARANTIES, AS PROVIDED THEREIN, OR AS OTHERWISE PROVIDED UNDER APPLICA
BLE LAW;  (D)  ANY AND ALL OF DEBTOR'S PRESENT AND FUTURE CONTRACT RIG
HTS, INSTRUMENTS AND DOCUMENTS NECESSARY FOR USE OR USEFUL IN CONNECTI
ON WITH THE OWNERSHIP OR OPERATIONOF THE VESSEL; (E)  ANY AND ALL LICE
NSES, PRIVILEGES, FISHING RIGHTS, OR OTHER ENTITLEMENTS RELATING TO TH
E VESSEL. THE WORD "VESSEL" MEANS ONE (1) 2008 QUEENSHIP 70' PILOTHOUS
E MOTOR YACHT (HULL #A129, EQUIPPED WITH 2 CAT C18 ENGINES, TO BE CONS
TRUCTED BY BUILDER, TOGETHER WITH ANY AND ALL PRESENT AND FUTURE MATER
IALS, COMPONENTS, ENGINES, BOILERS, MACHINERY, MASTS, BOATS, ANCHORS,
CABLES, CHAINS, RIGGING, TACKLE, APPAREL, FURNITURE, CAPSTANS, OUTFIT,
 TOOLS, PUMPS, GEAR, FURNISHINGS, APPLIANCES, FITTINGS, SPARE AND REPL
ACEMENT PARTS FOR SUCH VESSEL AND ANY AND ALL MANUALS, MATERIALS, SUPP
LIES AND COMPONENTS IN ANY WAY RELATED TO THE CONSTRUCTION OF SUCH VES
SEL AND ANY AND ALL OTHER APPURTENANCES THERETO, APPERTAINING OR BELON
GING TO SUCH VESSEL, WHETHER NOW OR HEREAFTER ACQUIRED, AND WHETHER ON
BOARD OR NOT ONBOARD, TOGETHER WITH ANY AND ALL PRESENT AND FUTURE ADD
ITIONS, IMPROVEMENTS AND REPLACEMENTS THEREFOR, MADE IN OR TO SAID VES
SEL, OR ANY PART OR PARTS THEREOF.

----------------- A M E N D M E N T  /  O T H E R   C H A N G E -----------------

                    Reg. #: 989187D              Reg. Date: OCT 19, 2007
                                                 Reg. Time: 10:05:00
                                                 Control #: B8347024
               Base Reg. Type: PPSA SECURITY AGREEMENT
                    Base Reg. #: 931405D      Base Reg. Date: SEP 21, 2007

         Details Description:
          ADDITION OF DEBTOR
Block#

         *** ADDED ***
D0002    Bus. Debtor: WORLDSPAN MARINE INC.
                      27222 LOUGHEED HIGHWAY
                      MAPLE RIDGE BC  V2W 1V9

         Registering
               Party: LINDSAY KENNEY
                      1800 -401 WEST GEORGIA STREET
                      VANCOUVER B.C.  V6B 5A1

                                          Continued on Page 16

NOT ACCEPTED AS A COPY

PPRS SEARCH RESULT 2011-04-26 .TXT
Search Criteria: WORLDSPAN MARINE                         Page: 16

        *** Name/Address Changed on October 7, 2010 to:

            Registering
                 Party: LINDSAY KENNEY LLP
                        1800 -401 WEST GEORGIA STREET
                        VANCOUVER B.C.  V6B 5A1

**************** P P S A   S E C U R I T Y   A G R E E M E N T ****************

            Reg. Date: MAY 01, 2008          Reg. Length: 5 YEARS
            Reg. Time: 11:29:29              Expiry Date: MAY 01, 2013
            Base Reg. #: 334150E                Control #: B8703229

        This registration was selected and included for your protection
        because of close proximity to your search criteria.
Block#

 S0001  Secured Party: HARRY SARGEANT III
                       3020 N. MILITARY TRAIL, #100
                       BOCA RATON FL   33431

=D0001     Base Debtor: WORLDSPAN MARINE INC
            (Business) 27222 LOUGHEED HWY, PO BOX 10
                       MAPLE RIDGE BC   V2W 1V9

        General Collateral:
        A FIBREGLASS COMPOSITE MOTOR YACHT KNOWN AS A CRESCENT CUSTOM 142'
        TRILEVEL MOTOR YACHT CARRYING BUILDER'S HULL NUMBER QE014226C010
        (THE "VESSEL") BEING CONSTRUCTED BY WORLDSPAN MARINE INC.
        ("WORLDSPAN") AT OR ABOUT 27222 LOUGHEED HIGHWAY, MAPLE RIDGE,
        BRITISH COLUMBIA, AND ALL ITEMS IDENTIFIED FOR USE IN THE
        CONSTRUCTION OF THE VESSEL UNDER THE TERMS OF THAT VESSEL
        CONSTRUCTION AGREEMENT DATED FEBRUARY 29, 2008 MADE BETWEEN
        WORLDSPAN AS BUILDER AND HARRY SARGEANT III AS OWNER, WHETHER SUCH
        ITEMS ARE NOW EXISTING OR HEREAFTER ACQUIRED, INCLUDING, WITHOUT
        LIMITATION:
        .
        A.  ALL PARTS, MATERIAL, EQUIPMENT, INVENTORY AND OTHER GOODS (THE
        "COMPONENTS") CREATED, MANUFACTURED, ORDERED OR DELIVERED FOR
        PLACEMENT ON OR INCORPORATION INTO THE VESSEL OR WHICH ARE
        OTHERWISE IDENTIFIED FOR USE IN CONNECTION WITH CONSTRUCTION OF THE
        VESSEL OR IN THE VESSEL CONSTRUCTION AGREEMENT;
        B.  ALL ACCOUNTS, CHATTEL PAPER, DOCUMENTS, INSTRUMENTS,
        PROMISSORY NOTES, INVESTMENT PROPERTY, LETTERS OF CREDIT,
        COMMERCIAL TORT CLAIMS OR GENERAL INTANGIBLES IN RESPECT OF THE
        VESSEL OR THE VESSEL CONSTRUCTION AGREEMENT;
        C.  THE RIGHTS OF WORLDSPAN TO ANY PLANS, SPECIFICATIONS, SHOP
        DRAWINGS, COMPUTER PRINTOUTS, DIAGRAMS, MODELS AND ELECTRONIC
        DATA OR OTHERWISE RELATED TO OR FOR THE USE IN THE DESIGN OR
        CONSTRUCTION OF THE VESSEL OR IN RESPECT OF THE VESSEL;
        D.  THE RIGHTS OF WORLDSPAN TO ANY SOFTWARE, INCLUDING OPERATING
        PROGRAMS, APPLICATIONS AND ELECTRONIC DATA AND FILES FOR USE IN THE
        DESIGN OR CONSTRUCTION OF THE VESSEL OR IN RESPECT OF THE VESSEL
        INCLUDING ALL RIGHTS AND LICENSES OF WORLDSPAN TO USE SUCH
        SOFTWARE; AND
        E.  ALL PROCEEDS, INCLUDING, WITHOUT LIMITATION, ANY INSURANCE

                                            Continued on Page 17

```
                        PPRS SEARCH RESULT 2011-04-26 .TXT
Search Criteria: WORLDSPAN MARINE                         Page: 17
        CLAIMS OR PROCEEDS, IN RESPECT OF ANY OF THE FOREGOING.
        FOR THE PURPOSES OF PARAGRAPH A ABOVE EACH OF THE COMPONENTS
        SHALL BE CONSIDERED AS BEING IDENTIFIED TO THE VESSEL OR TO THE VESSEL
        CONSTRUCTION AGREEMENT, DEPENDING ON THE NATURE OF SUCH
        COMPONENT, AS FOLLOWS:
        1.  WHEN IT BEGINS TO BE MANUFACTURED IN ACCORDANCE WITH
        THE PLANS AND SPECIFICATIONS, IF IT IS SPECIFICALLY MANUFACTURED BY
        WORLDSPAN,
        2.  WHEN IT IS REMOVED FROM INVENTORY, IF IT IS TAKEN FROM THE
        GENERAL INVENTORY OF WORLDSPAN,
        3.  WHEN IT IS DELIVERED TO WORLDSPAN FOR THE VESSEL, IF IT IS
        ORDERED SPECIFICALLY FOR THE VESSEL AND PART OF THE SUPPLIER'S
        INVENTORY;
        4.  WHEN IT IS IDENTIFIED BY THE MANUFACTURER, IF IT IS ORDERED
        SPECIFICALLY FOR THE VESSEL; OR
        5.  WHEN IT IS INCORPORATED INTO, ATTACHED, OR PLACED ON THE
        VESSEL, IF IT IS ANYTHING OTHER THAN THE ITEMS SET FORTH ABOVE IN
        CLAUSES (1), (2), (3) OR (4).
        TERMS USED HEREIN THAT ARE DEFINED IN THE PERSONAL PROPERTY SECURITY
        ACT (BRITISH COLUMBIA), THE REGULATIONS MADE THEREUNDER OR ANY
        AMENDMENTS MADE THERETO HAVE THOSE DEFINED MEANINGS.

        Registering
             Party: LANG MICHENER LLP
                    BOX 11117,1500 1055 W. GEORGIA
                    VANCOUVER BC   V6E 4N7

      *** Name/Address Changed on January 5, 2011 to:

        Registering
             Party: MCMILLAN LLP
                    BOX 11117,1500 1055 W. GEORGIA
                    VANCOUVER BC   V6E 4N7

----------------- A M E N D M E N T  /  O T H E R   C H A N G E -----------------
                    Reg. #: 123780F         Reg. Date: AUG 12, 2009
                                            Reg. Time: 15:23:33
                                            Control #: B9514859
            Base Reg. Type: PPSA SECURITY AGREEMENT
                 Base Reg. #: 334150E      Base Reg. Date: MAY 01, 2008
     Details Description:
       ADDITION OF SECURED PARTY.
Block#

        *** ADDED ***
 S0002  Secured Party: COMERICA BANK
                    100 NE 3RD AVENUE, SUITE 100
                    FORT LAUDERDALE FL   33302

        Registering
             Party: LANG MICHENER LLP
                    BOX 11117,1500 1055 W. GEORGIA
                    VANCOUVER BC   V6E 4N7
```

Continued on Page 18

NOT A CERTIFIED COPY

```
                    PPRS SEARCH RESULT 2011-04-26 .TXT
Search Criteria: WORLDSPAN MARINE                        Page: 18


        *** Name/Address Changed on January 5, 2011 to:

            Registering
                 Party: MCMILLAN LLP
                        BOX 11117,1500 1055 W. GEORGIA
                        VANCOUVER BC   V6E 4N7

**************** P P S A   S E C U R I T Y   A G R E E M E N T ****************

            Reg. Date: MAR 18, 2011        Reg. Length: 5 YEARS
            Reg. Time: 14:54:00            Expiry Date: MAR 18, 2016
            Base Reg. #: 052689G            Control #: D0468504

        This registration was selected and included for your protection
        because of close proximity to your search criteria.
Block#

 S0001  Secured Party: DIRECTOR OF EMPLOYMENT STANDARDS
                       PO BOX 9570 STN PROV GOVT
                       VICTORIA BC   V8W 9K1

=D0001    Base Debtor: WORLDSPAN MARINE INC.
            (Business) 27222 LOUGHEED HWY
                       MAPLE RIDGE BC   V2W 1M4

 D0002    Bus. Debtor: QUEENSHIP MARINE INDUSTRIES LTD.
                       27222 LOUGHEED HWY
                       MAPLE RIDGE BC   V2W 1M4

 D0003    Bus. Debtor: CRESCENT CUSTOMS YACHTS INC.
                       27222 LOUGHEED HWY
                       MAPLE RIDGE BC   V2W 1M4

        Vehicle Collateral:
        Type              Serial #    Year       Make/Model       MH Reg.#

 V0001   BO            QE014226C010          YACHT

        General Collateral:
        ALL THE DEBTORS PRESENT AND AFTER AQUIRED PERSONAL PROPERTY INCLUDING
        BUT NOT RESTRICTED TO MACHINERY, EQUIPMENT, FURNITURE, VEHICLES,
        FIXTURES, TOOLS, THE VESSEL QE014226C010, STOCK AND INVENTORY.
        REFERENCE SUPREME COURT NEW WESTMINSTER REGISTRY #133864 AND
        EMPLOYMENT STANDARDS ER#: 164-924

            Registering
                 Party: WEST COAST COURT BAILIFFS INC.
                        101 - 668 CARNARVON STREET
                        NEW WESTMINSTER BC   V3M 5Y6
```

Continued on Page 19

NOT A CERTIFIED COPY

```
                            PPRS SEARCH RESULT 2011-04-26 .TXT
Search Criteria: WORLDSPAN MARINE                                    Page: 19

*******************************************************************************

   Some, but not all, tax liens and other Crown claims are registered at the
   Personal Property Registry (PPR) and if registered, will be displayed on
   this search result.  HOWEVER, it is possible that a particular chattel is
   subject to a Crown claim that is not registered at the PPR.  Please consult
   the Miscellaneous Registrations Act, 1992 for more details.  If you are
   concerned that a particular chattel may be subject to a Crown claim not
   registered at the PPR, please consult the agency administering the type
   of Crown claim.

>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>> END OF SEARCH <<<<<<<<<<<<<<<<<<<<<<<<<<<<<<<<
```

NOT A CERTIFIED COPY

This is Exhibit "E" referred to in the
Affidavit of Harry Sargeant III
Sworn before me at _COUNTY OF PALM BEACH_
this _13th_ day of October, 2011

YVETTE MEDINA
MY COMMISSION # DD 811402
EXPIRES: August 4, 2012
A Commissioner and Notary taking Affidavits
for the State of Florida

NOT A CERTIFIED COPY

Worldspan Marine Inc.
Summary of Claims Certificates and Sargeant Payments

| No. | Claim Cert Date | Claim amount (USD) | Paid Date | Paid Amount (USD) |
|---|---|---|---|---|
| 1. | | | Mar-07 | 175,000.00 |
| 2. | | | Jun-07 | 400,000.00 |
| 3. | | | Mar-08 | 1,000,000.00 |
| 4. | Mar-08 | 736,574.37 | Apr-08 | 736,574.37 |
| 5. | Apr-08 | 423,458.15 | Jun-08 | 423,458.15 |
| 6. | May-08 | 441,591.52 | Jul-08 | 441,591.52 |
| 7. | Jun-08 | 439,504.15 | Aug-08 | 439,504.15 |
| 8. | Jul-08 | 434,386.24 | Sep-08 | 434,386.24 |
| 9. | Aug-08 | 757,783.43 | Sep-08 | 757,783.43 |
| 10. | Sep-08 | 1,540,047.30 | Nov-08 | 418,047.30 |
| 11. | Oct-08 | 484,505.09 | Dec-08 | 484,505.09 |
| 12. | Nov-08 | 425,547.66 | Jan-09 | 425,547.66 |
| 13. | Nov-08 | 1,265,834.02 | Jan-09 | 1,265,834.02 |
| 14. | Dec-08 | 589,169.59 | Feb-09 | 589,169.59 |
| 15. | Jan-09 | 404,582.25 | Mar-09 | 404,582.25 |
| 16. | Feb-09 | 980,826.31 | Apr-09 | 980,826.31 |
| 17. | Mar-09 | 857,715.30 | May-09 | 857,715.30 |
| 18. | Apr-09 | 906,526.50 | Jun-09 | 200,000.00 |
| 19. | May-09 | 1,264,903.12 | Jul-09 | 500,000.00 |
| 20. | Jun-09 | 609,424.92 | Aug-09 | 100,000.00 |
| 21. | Jul-09 | 788,636.52 | Aug-09 | 30,000.00 |
| 22. | Aug-09 | 945,993.40 | Aug-09 | 1,024,485.00 |
| 23. | Sep-09 | 1,182,714.22 | Sep-09 | 1,672,824.40 |
| 24. | Oct-09 | 1,186,780.59 | Oct-09 | 945,993.40 |
| 25. | Nov-09 | 1,983,548.55 | Nov-09 | 1,182,714.22 |
| 26. | Dec-09 | 1,253,794.46 | Dec-09 | 1,186,780.59 |
| 27. | | | Jan-10 | 1,983,548.11 |
| 28. | | | Feb-10 | 1,253,794.46 |
| 29. | | | Mar-10 | 137,258.49 |
| 30. | | | Apr-10 | 200,000.00 |
| | | | | |
| TOTAL | | 19,903,847.66 | | 20,651,924.05 |
| | | | | |

NOT ACCEPTED AS CERTIFIED COPY

/3229449

This Is Exhibit "F" referred to in the
Affidavit of Harry Sargeant III
Sworn before me at _COUNTY OF PALM BEACH_
this _13th_ day of October, 2011

YVETTE MEDINA
MY COMMISSION # DD 811402
EXPIRES: August 24, 2012
Bonded Thru Notary Public Underwriting
Commissioner for Taking Affidavits
for the State of Florida

NOT A CERTIFIED COPY



CERTIFIED COPY

**Commercial Checking**

WACHOVIA

SARGEANT MARINE S.A.
3020 N MILITARY TRAIL
SUITE 100
BOCA RATON FL 33431

## Commercial Checking

3/01/2007 thru 3/30/2007

Account number
Account owner(s)    SARGEANT MARINE, S.A.

### Account Summary

Opening balance 3/01
Deposits and other credits
Checks
Other withdrawals and service fees
Closing balance 3/30

### Deposits and Other Credits

Date    Amount    Description

### Checks

| Number | Amount | Date posted | Number | Amount | Date posted | Number | Amount | Date posted |
|--------|--------|-------------|--------|--------|-------------|--------|--------|-------------|

* indicates a break in check number sequence

WACHOVIA BANK, N.A., COMMERCIAL BANKING PALM BEACH COUNTY

page 1 of 6





CERTIFIED COPY

**Commercial C___cking**

WACHOVIA

**Other Withdrawals and Service Fees** *continued*

6/25    400,000.00    INTL FUNDS TRANSFER (ADVICE 200700525000121001)
SENT TO WACHOVIA BANK N/A BANK OF COMMERCE
/BNF=WORLDSPAN MARINE REF 2000014 INTERNO
AMT= 400000.00 CUR=USD RATE
REF=20000V65 INTERNO REF 22-07-31742A REF

*Other Withdrawals and Service Fees continued on next page.*

WACHOVIA BANK, N.A. , COMMERCIAL BANKING PALM BEACH COUNTY    page 6 of 9

This is Exhibit "G" referred to in the
Affidavit of Harry Sargeant III
Sworn before me at _COUNTY OF PALM BEACH_
this _8th_ day of October, 2011

NOT A CERTIFIED COPY

YVETTE MEDINA
MY COMMISSION # DD 811402
EXPIRES: August 4, 2012
A Commissioner for taking Affidavits
for the State of Florida





CERTIFIED COPY



**Commercial Checking**

WACHOVIA

**Other Withdrawals and Service Fees** - *continued*

CERTIFIED COPY

WACHOVIA BANK, N.A., PALM BEACH PRVT ADVISORY #5



## Other Withdrawals and Service Fees - continued

| Date | Amount | Description |
|------|--------|-------------|



7/18  441,691.52  INTL FUNDS TRANSFER ADVICE 2006475000032259
SENT TO WACHOVIA BANK NATIONAL OF MONTREAL
BNF=WORLDSPAN MARINE BFBP2000187/INTERNOL
AMT=441,691.52/CUR=USD/DATE=
REF=2000187/INTERNO=20718031/ YBANK ET

Other Withdrawals and Service Fees continued on next page.

NOT A COPY



NOT A CERTIFIED COPY

NOT A CERTIFIED COPY

# Commercial Checking

WACHOVIA

4907 038 180

## Other Withdrawals and Service Fees — continued



Other Withdrawals and Service Fees continued on next page.



NOT A CERTIFIED COPY



NOT A CERTIFIED COPY



CERTIFIED COPY

**Commercial Checking**

WACHOVIA

**Other Withdrawals and Service Fees** *continued*



WELLS CERTIFIED COPY

NOT A CTIVE LON

## Commercial Checking

06  2000000807 038 130  0  41  103459

WACHOVIA

### Other Withdrawals and Service Fees - continued

| Date | Amount | Description |
| --- | --- | --- |



1/15  1,285,834.02  INTL FUNDS TRANSFER (ADVICE 20090114000528930) SENT TO WACHOVIA BANK NA BANK OF MONTREAL BNF WORLDSPAN MARINE REF B200901807 INTERNON AMT 1,285,834.02 CUR USD RATE 0 REF 20001807 INTERNON 011400 0209M EN

Other Withdrawals and Service Fees continued on next page

WACHOVIA BANK, N.A. PRIVATE BANKING NO PALM FFLLD





NOT CERTIFIED COPY

**Commercial Checking**

Other Withdrawals and Service Fees *continued*

INTL FUNDS TRANSFER ADVICE 2/2003200003757
SENT TO WACHOVIA BANK NA/ BANK OF MONTREAL
BNF=WORLD SPAN MARINE REF= 2000209 INTER NO
AMT=HK 404,582.25 CUR= USD RATE=
REF= 2000209 INTER NO 02/2003/01 28 RMTBIA

Other Withdrawals and Service Fees continued on next page.

WACHOVIA BANK, N.A.   PRIVATE BANKING NO PALM, FT LD.

## Commercial Checking

WACHOVIA

### Other Withdrawals and Service Fees



NON-NEGOTIABLE CERTIFIED COPY

WACHOVIA BANK, N.A.   PRIVATE BANKING PALM BCH FL

This is Exhibit "H" referred to in the
Affidavit of Harry Sargeant III
Sworn before me at _COUNTY OF PALMBEACH_
this _13th_ day of October, 2011

YVETTE MEDINA
MY COMMISSION # DD 811402
EXPIRES: August 4, 2012
Bonded Thru Notary Public Underwriters

A Commissioner for Taking Affidavits
for the State of Florida

NOT A CERTIFIED COPY



NOT A CERTIFIED COPY

INTERNATIONAL DILT TRADING COMPANY LTD
ONE N FEDERAL HIGHWAY
SUITE 500
BOCA RATON FL 33432

**Commercial Checking**
**statement**
May 1, 2009 to May 31, 2009
Account number: XXXXXX9886

**Account summary**

Beginning balance
on May 1, 2009
*Plus deposits*
Electronic deposits
Paper deposits

*Less withdrawals*
Checks
Electronic (EFT) withdrawals
Fees and service charges
Transfers to other accounts

Ending balance
on May 31, 2009

**To contact us**
Call us
(800) 249-5077

Visit our web site
www.comerica.com

Write to us
COMERICA BANK
100 N E 3RD AVENUE
FORT LAUDERDALE, FL 33301-5170

**Important information**
Effective June 1, 2009, the following fees will apply:
Counter Checks                $2.00/check
NSF (Return of Unpaid Items)
and Paid Overdraft            $35.00/each
Official Check                $8.00/each

Effective May 1, 2009, the FDIC Charge may change monthly and will be published in this message space. The FDIC Charge for May 2009 is $1.1417/$1,000.

**Thank you**
Thank you for being a Comerica customer. We value the trust and confidence that you continue to place in us.

Page 1 of 5



NOT A CERTIFIED COPY



NOT A CERTIFIED COPY



NOT A CORRECTFILE

Commercial Checking Statement
July 1 2008 to July 31 2008

**Commercial Checking** 8666

**Electronic withdrawals this statement period**

Page 3 of 6



NON-CERTIFIED COPY

Commercial Checking Statement
August 1, 2009 to August 31, 2009

**Commercial Checking:** [illegible]8666

**Checks paid this statement period (continued)**



NOT A CERTIFIED COPY

*Commercial Checking Statement*
*April 1, 2010 to April 30, 2010*

## Commercial Checking #########8666

### Electronic withdrawals this statement period (continued)

| Date | Amount ($) | Activity | Bank Reference Number |
|------|-----------|----------|----------------------|

Total Electronic Withdrawals
Total number of Electronic Withdrawals

### Other withdrawals this statement period

| Date | Amount ($) | Activity | Bank Reference Number |
|------|-----------|----------|----------------------|

Total Other Withdrawals
Total number of Other Withdrawals

### Fees and service charges this statement period

| Date | Amount ($) | Activity | Bank Reference Number |
|------|-----------|----------|----------------------|

Total Fees and Service Charges
Total number of Fees and Service Charges

Page 3 of 3

This is Exhibit "I" referred to in the
Affidavit of Harry Sargeant III
Sworn before me at _COUNTY OF PALM BEACH_
this _13th_ day of October, 2011

YVETTE MEDINA
MY COMMISSION # DD 811402
EXPIRES: August 6, 2012

A Commissioner for Taking Affidavits
for the State of Florida

NOT A CERTIFIED COPY

02   COMERICA BANK

SERV UNIT  00000

LOAN INTEREST AND PRINCIPAL STATEMENT

CUSTOMER NUMBER  98-9921459-0                                   DATE 12-31-09

| | | | | | |
|---|---|---|---|---|---|
| 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-8 | 051510 | 081709 | FUT-001 | | 940000000 | 940000000 |
| | | 081709 | FUT-001 | 102448500CR | 837551500 |
| | | 081709 | FUT-001 | 00 | 00 |
| | | 081709 | | | |
| | | 081709 | FUT-513 | 1250000CR | 1250000 |
| | | 090209 | FUT-001 | 167282440CR | 670269060 |
| | | 090209 | FUT-001 | 451987CR | 669817073 |
| | | 090409 | FUT-001 | 119931CR | 669697142 |
| | | 100109 | FUT-001 | 94599340CR | 575097802 |
| | | 100209 | FUT-001 | 137798CR | 574960004 |
| | | 100709 | FUT-001 | 137798CR | 574822206 |
| | | 110209 | FUT-001 | 118271422CR | 456550784 |
| | | 110269 | FUT-001 | 136695CR | 456414099 |
| | | 110309 | FUT-001 | 118271422CR | 338142677 |
| | | 120109 | FUT-001 | 118678059CR | 219464618 |
| | | 120109 | FUT-001 | 136347CR | 219328271 |

| | | | | | |
|---|---|---|---|---|---|
| TOTAL | 123109 | | | 1250000 | 219328271 |

| | | | | | |
|---|---|---|---|---|---|
| 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-6 | DEMAND | 081709 | PRIN-001 | 102448500 | 102448500 |
| | | 081709 | PRIN-001 | 00 | 00 |
| | 294 | 081709 | | | |
| | | 090209 | PRIN-001 | 167282440 | 269730940 |
| | | 090209 | PRIN-001 | 451987 | 270182927 |
| | | 090409 | PRIN-001 | 119931 | 270302858 |
| | | 091709 | PRIN-001 | 125499CR | 270177359 |
| | | 091709 | PRIN-001 | 125499 | 270302858 |
| | | 091709 | INT-100 | 125499CR | 125499 |
| | | 100109 | PRIN-001 | 94599340 | 364902198 |
| | | 100209 | PRIN-001 | 137798 | 365039996 |
| | | 100209 | PRIN-001 | 137798CR | 364902198 |
| | | 100709 | PRIN-001 | 137798 | 365039996 |
| | | 101909 | INT-100 | 648515CR | 774014 |
| | | 110209 | PRIN-001 | 118271422 | 483311418 |

FOR PERIOD STARTING 01-01-09

AND ENDING 12-31-09

HARRY SARGEANT III
DANIEL SARGEANT
ATTN: KEVIN KERVEEN, IOTC USA
1 N FEDERAL HWY, 0500
BOCA RATON  FL   33432

NOT A CERTIFIED COPY

02 COMERICA BANK

SERV UNIT 00000

LOAN INTEREST AND PRINCIPAL STATEMENT

CUSTOMER NUMBER 98-9521459-0 DATE 12-31-09

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| A | | 110209 | PRIN-001 | | 136685 | | 483448103 |
| | | 110209 | PRIN-001 | | 118271422CR | | 365176681 |
| | 27794 | 110209 | | | | | |
| | | 110309 | PRIN-001 | | 118271422 | | 483448103 |
| | | 110909 | INT-100 | 953903CR | | 1727917 | |
| | | 120109 | PRIN-001 | | 118678059 | | 602126162 |
| | | 120109 | PRIN-001 | | 136347 | | 602262509 |
| | | 120109 | INT-100 | 1073291CR | | 2801208 | |
| TOTAL | 123109 | | | | | 2801208 | 602262509 |

FOR PERIOD STARTING 01-01-09

AND ENDING 12-31-09

BARRY SARGEANT III
DANIEL SARGEANT
ATTN: KEVIN KIRKEIDE, IDTC USA
1 N FEDERAL HWY, #500
BOCA RATON FL 33432

PRINCIPAL PAID 0.00
INTEREST/FEE PAID 40,512.08

TOTAL AMOUNT PAID 40,512.08
THIS PERIOD

NOT A CERTIFIED COPY

SERV UNIT 00000

LOAN INTEREST AND PRINCIPAL STATEMENT

CUSTOMER NUMBER  98-9521459-0                              DATE 12-31-10

| | | | | | |
|---|---|---|---|---|---|
| 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-8 | 109110A | 100209 | FUT-001 | 137798 | 575097802 |
| | A | 110509 | FUT-001 | 118271422 | 456551897 |
| | | 123109 | FUT-001 | 00 | 337737491 |
| | | 010410 | FUT-001 | 136583CR | 337600908 |
| | | 010410 | FUT-001 | 198354811CR | 139246097 |
| | | 020110 | FUT-001 | 140802CR | 139105295 |
| | | 020110 | FUT-001 | 125379446CR | 13725849 |
| | | 030110 | FUT-001 | 13725849CR | 00 |
| | | 072910 | FUT-001 | 00 | 00 |
| | | | | | |
| TOTAL | 123110 | | | 00 | 00 |
| | | | | | |
| 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-6 | DISBUR | 123109 | PRIN-001 | 00 | 602262509 |
| | | 010410 | PRIN-001 | 136583 | 602399092 |
| | | 010410 | PRIN-001 | 198354811 | 800752907 |
| | | 010410 | INT-100 | 1580932CR | 1580932 |
| | | 020110 | PRIN-001 | 140802 | 800894705 |
| | | 020110 | PRIN-001 | 125379446 | 926274151 |
| 27451 | 020110 | | | | |
| | | 020110 | INT-100 | 1731034CR | 3311966 |
| | | 030110 | PRIN-001 | 13725849 | 940000000 |
| | | 030110 | INT-100 | 1980543CR | 5292515 |
| | | 040110 | INT-100 | 2225244CR | 7517759 |
| 28531 | 050310 | | | | |
| | | 050510 | INT-100 | 2297026CR | 9814785 |
| | | 060110 | INT-100 | 2160421CR | 11975216 |
| | | 070110 | INT-100 | 2234928CR | 14210144 |
| 34446 | 080210 | | | | |
| | | 080210 | INT-100 | 2383923CR | 16594067 |
| | | 090110 | INT-100 | 2698270CR | 19292337 |
| | | 100110 | INT-100 | 2698270CR | 21990607 |
| 32859 | 110110 | | | | |
| | | 110110 | INT-100 | 2788213CR | 24778820 |
| | | 120110 | INT-100 | 2573955CR | 27352775 |

FOR PERIOD STARTING 01-01-10

AND ENDING 12-31-10

DANNY SARGENT III
DANIEL SARGENT
3020 MILITARY TRAIL
BOCA RATON  FL  33431

Case 9:23-cv-80633-CMA   Document 34   Entered on FLSD Docket 12/18/2023   Page 277 of 491

NOT A CERTIFIED COPY

This is Exhibit "J" referred to in the
Affidavit of Harry Sargeant III
Sworn before me at _COUNTY OF PALM BEACH_
this _13th_ day of October, 2011

NOT A CERTIFIED COPY

YVETTE MEDINA
MY COMMISSION # DD 811202
EXPIRES: August 8, 2012
Bonded Thru Notary Public Underwriters

Commissioner for taking Affidavits
for the State of Florida



# CRESCENT

### Claim Certificate

Vessel # CCY14226

| CODE | Function | Cost Per Unit | Units | Total |
|---|---|---|---|---|
| CCY1 | Direct Labor | $39 pr hr | 570 | $22,315.00 |
| CCY2 | Admin/designation | $49 pr hr | 312 | $14,288.00 |
| CCY3 | Design Services | $101,376.88 | 110% | $111,641.27 |
| CCY4 | Equipment Purchases | $318,750.00 | G | $350,625.00 |
| CCY5 | Inventory Purchases | $0.00 | 110% | $0.00 |
| CCY6 | Subcontractors | $123,419.20 | 110% | $135,761.12 |
| CCY7 | Materials | $40,091.94 | 110% | $44,101.13 |
| CCY8 | Insurance | $0.00 | 110% | $0.00 |
| CCY9 | Third Party Costs | $35,700.00 | 110% | $39,270.00 |
| CCY10 | Other | $16,064.41 | 110% | $17,670.85 |
| | Subtotal CCY6 thru CCY10 | $691,399.43 | Total | $736,674.37 |

Verified by Shipyard

CERTIFIED COPY



| Recipient | Detail | Invoice amount | Cost |
|---|---|---|---|
| IGES | Lead Designer | $4,782.60 | $4,782.60 |
| Jack Wisam Naval Architect, llc | Hull Royalty | $15,000.00 | $15,000.00 |
| Plaurito Marine | Mold Modifications | $6,445.01 | $6,445.01 |
| Gritsch Systems | Hull Mold Building Fees | $14,775.00 | $14,775.00 |
| Platinum Marine | Deposit for Hull lamination | $50,000.00 | $50,000.00 |
| DB Bound Car Design | Construction Drawings (interior) | $1,509.88 | $1,509.88 |
| Plaurito Marine | Mold Modifications | $7,706.19 | $7,706.19 |
| Clarke Freightways | Shipping/Cutting regulator | $1,282.05 | $1,282.05 |
| Roddan Engineering | Contract performance calculations | $4,777.50 | $4,777.50 |
| Ashland Distributing | Laminating Supplies | $9,851.00 | $9,851.00 |
| ABS America | Class society fees | $5,100.00 | $5,100.00 |
| Crow Marine | Laminating Supplies | $1,598.00 | $1,598.00 |
| Multi Gauging | Temperature service and calibration | $4,307.80 | $4,307.80 |
| Labson Composite Marine | Core Tool | $16,652.80 | |
| Cummerbund Diesel Allison | Main Engine 37.5% deposit | $18,750.00 | $18,750.00 |
| Frank Wolf Design | Bridge floor exterior | $3,337.25 | $3,337.25 |
| Composites One | Laminating Supplies | $7,697.48 | |
| Ashland Distributing | Laminating Supplies | | |
| Composites One | Laminating Supplies | | |
| Van Frederick Naval Architects | Machinery and pipe layout | $15,000.00 | $15,000.00 |
| Harwood Specialty Products | Border Ply | $682.50 | $278.00 |
| Composites One | Laminating Supplies | $1,879.90 | $1,209.30 |
| McMaster and Carr | Scales for ABS | $105.03 | $105.03 |
| Rafael Hansen | Shop Supplies/Consumables | | |
| Rafael Hansen | Shop Supplies/Consumables | $90.92 | |
| Composites One | Core Materials for ABS testing | $2,148.27 | $2,148.27 |
| United Scaffold Supply | Mold material blanks | $772.00 | $772.00 |
| Ashland Distributing | Fiberglass supplies | $874.13 | $874.13 |
| Composites One | Fiberglass supplies | $19,708.95 | $19,708.95 |

| | | | $635,399.43 |
| | Times 110% | | $698,939.37 |

NOT A CERTIFIED COPY



NOT A CERTIFIED COPY



# CRESCENT

### Claim Certificate

Vessel #: CCX142/26

| CODE | Function | Cost Per Unit | Units | Total |
|---|---|---|---|---|
| CCY1 | Direct Labor | $89 per hr | 1650 | $73,384.00 |
| CCY2 | Admin/design Labor | $49 per hr | 799 | $38,906.00 |
| CCY3 | Design Services | $52,621.50 | 110% | $67,888.65 |
| CCY4 | Equipment Purchases | $0.00 | 110% | $0.00 |
| CCY5 | Inventory Purchases | $0.00 | 110% | $0.00 |
| CCY6 | Sub-contractors | $55,094.89 | 110% | $60,407.08 |
| CCY7 | Materials | $144,457.24 | 110% | $158,902.96 |
| CCY8 | Insurance | $0.00 | 110% | $0.00 |
| CCY9 | Third Party Costs | $32,633.91 | 110% | $35,897.30 |
| CCY10 | Other | $978.00 | 110% | $1,076.98 |

Subtotal CCY3-CCY10: $289,780.21

| | Total | $423,468.15 |

Verified by Shipyard:



| Code | Recipient | Detail | Invoice amount | Cost Allocation to 142-26 |
|---|---|---|---|---|
| CCY3 | DE Boudreau Design (Apr 1st-15th) | Construction Drawings (Interior) | $3,407.25 | $3,407.25 |
| CCY3 | DE Boudreau Design (Apr 15th-31st) | Construction Drawings (Interior) | $3,407.25 | $3,407.25 |
| CCY3 | Structural Composites Inc. | ABS fiberglass panel testing | $1,807.00 | $1,807.00 |
| CCY3 | Harbour Pointe Marine | Consulting | $18,208.08 | $16,069.88 |
| CCY3 | Gurit USA Inc. | Structural Design | $44,000.00 | $44,000.00 |
| CCY10 | Staples | Office supplies (50% of invoice) | $931.31 | $465.65 |
| CCY10 | Vector Reprographics | Plotter Paper (design Department) (50% of invoice) | $29.07 | $14.53 |
| CCY7 | Ashland Distribution | Laminating supplies (142-26 shipped to mould site) | $108,022.63 | $108,022.83 |
| CCY7 | Ashland Distribution | Laminating supplies (142-26 shipped to mould site) | $852.79 | $852.78 |
| CCY7 | Raider Hansen | shop supplies (as denoted on invoice) | $748.61 | $179.82 |
| CCY7 | Raider Hansen | shop supplies (as denoted on invoice) | $1,046.33 | $292.67 |
| CCY7 | Raider Hansen | shop supplies (as denoted on invoice) | $1,160.05 | $949.11 |
| CCY7 | Raider Hansen | shop supplies (as denoted on invoice) | $1,468.42 | $518.83 |
| CCY7 | Composites One | Laminating supplies (142-26 shipped to mould site) | $391.47 | $391.47 |
| CCY7 | Composites One | Laminating supplies (142-26 shipped to mould site) | $1,818.10 | $1,818.10 |
| CCY7 | Composites One | Laminating supplies (142-26 shipped to mould site) | $1,231.13 | $1,231.13 |
| CCY7 | Composites One | Laminating supplies (142-26 shipped to mould site) | $791.28 | $791.28 |
| CCY7 | Composites One | Laminating supplies (142-26 shipped to mould site) | $1,407.58 | $1,407.53 |
| CCY7 | Composites One | Laminating supplies (142-26 shipped to mould site) | $18,425.79 | $18,425.79 |
| CCY7 | Coast Fiber-Tek Products | Laminating supplies (142-26 shipped to mould site) | $33.89 | $33.83 |
| CCY10 | Canada Scaffold Supply | Mould Scaffold planks | $246.40 | $246.40 |
| CCY6 | Platinum Marine | Hull Lamination | $14,818.94 | $14,813.94 |
| CCY6 | Platinum Marine | Hull Lamination (Invoices 439 and 440) | $38,283.39 | $38,283.39 |
| CCY10 | Tycoon Logistics | Freight (From R410) | $262.47 | $252.47 |
| CCY7 | Milway Lumber Sales | Plywood and MDF mould building | $8,059.80 | $8,059.80 |
| CCY7 | Milway Lumber Sales | Lumber for mold building | $2,124.89 | $2,124.89 |
| CCY9 | R410 | Impregnator spare parts (Specialized equipment for 142-26) | $454.43 | $454.43 |
| CCY9 | R410 | Gelcoat wet gun (Specialized equipment for 142-26) | $7,635.60 | $7,635.60 |
| CCY9 | R410 | Spare parts for Gelcoat gun (Credit) | $2,078.94 | $2,078.94 |
| CCY9 | R410 | Spare parts for Gelcoat gun (Specialized equipment for 142-26) | $1,790.27 | $1,790.27 |
| CCY9 | R410 | Spare parts for Gelcoat gun (2 invoices) | $479.08 | $479.08 |
| CCY9 | R410 | Putty gun service and conversion (catalyst to Paste) as requested by ABS | $8,308.59 | $8,308.59 |
| | | | $288,221.89 | $283,789.23 |
| | | Times 1.10% | | $312,168.15 |

# CRESCENT

### Claim Certificate

Vessel #: CCY14/26

| CODE | Function | Cost Per Unit | Units | Total |
|---|---|---|---|---|
| CCY1 | Direct Labor | $99 p/hr | 1392 | $54,288.00 |
| CCY2 | Admin/design Labor | $49 p/hr | 362 | $17,713.00 |
| CCY3 | Design Services | $42,090.87 | 110% | $46,299.96 |
| CCY4 | Equipment Purchases | $16,660.50 | 110% | $17,527.05 |
| CCY5 | Inventory Purchases | $0.00 | 110% | $0.00 |
| CCY6 | Sub Contractors | $83,483.67 | 110% | $91,832.04 |
| CCY7 | Materials | $123,760.99 | 110% | $136,163.09 |
| CCY8 | Insurance | $0.00 | 110% | $0.00 |
| CCY9 | Third Party Costs | $85,089.85 | 110% | $93,598.29 |
| CCY10 | Other | $152.19 | 110% | $167.40 |
| | Subtotal CCY3:CCY10 | $401,780.96 | | |
| | | | Total | $441,159.52 |

Verified by Shipyard:

REPRODUCTION
CONTROLLED COPY





NOT A CERTIFIED COPY



| Hours | Design and Admin Hours assign to project | Labor hours assigned to project |
|---|---|---|
| J. Hawkins | 120 | |
| M. Bros | 160 | |
| Paul Blaker | 173 | |
| Mary Roberson | 88 | |
| Dale Roberson | 88 | |
| Sherry Peterson | 88 | |
| Todd Rayson | 160 | |
| Oleg Olenchenko | 40 | |
| Ryan Dunn | 40 | |
| Best, Ron | | 174 |
| Chiang, Kai Sai | | 120 |
| Coates, Andy | | 48 |
| Hicks, Scott | | 48 |
| Hixson, Ross | | 48 |
| Holmes, Steve | | 8 |
| Hurd, Steve | | 8 |
| Judd, Mike | | 16 |
| Keonisy, Joam | | 120 |
| Jann, Jonathon | | 120 |
| Leutakoun, Siphann | | 120 |
| Magee, Brian | | 173 |
| Stensby, Steven | | 120 |
| Stephens, Raphael | | 120 |
| Vongprachan, Khanthala | | 80 |
| Wolton, Brian | | 12 |
| Trent, Daryl | | 12 |
| David, Micheal | | 48 |
| | | |
| Total hours | 965 | 1392 |
| Total $45/hr | $47,283.00 | |
| Total $39/hr | | $54,288.00 |
| | | |
| Total labor billing | $101,571.00 | |

NOT A CERTIFIED COPY



# CRESCENT

## Claim Certificate

Vessel #: CCY 142/26

| CODE | Function | Cost Per Unit | Units | | Total |
|------|----------|---------------|-------|---|-------|
| CCY1 | Direct Labor | $39 per hr | 1130 1958 | | $76,401.00 |
| CCY2 | Admin/design Labor | $49 per hr | | 818 | $40,108.50 |
| CCY3 | Design Services | $30,510.65 | | 110% | $33,561.72 |
| CCY4 | Equipment Purchases | $8,404.27 | | 110% | $9,244.70 |
| CCY5 | Inventory Purchases | $0.00 | | 110% | $0.00 |
| CCY6 | Sub contractors | $113,540.08 | | 110% | $124,894.00 |
| CCY7 | Materials | $135,360.89 | | 110% | $148,896.98 |
| CCY8 | Insurance | $0.00 | | 110% | $0.00 |
| CCY9 | Third party costs | $5,810.53 | | 110% | $6,391.58 |
| CCY10 | Other | $0.00 | | 110% | $0.00 |

Subtotal CCY3-CCY10 $293,633.02        Total $439,804.15

Verified By Employer:



CERTIFIED COPY





# CRESCENT

## Claim Certificate

Vessel #: OCV14226

| CODE | Function | Cost per unit | Units | Total |
|---|---|---|---|---|
| CCY1 | Direct Labor | $39 per hr | 2436 | $95,004.00 |
| CCY2 | Admin/design labor | $39 per hr | 980 | $38,220.00 |
| CCY3 | Design Services | $31,169.72 | 110% | $34,286.69 |
| CCY4 | Equipment Purchases | $8,191.76 | 110% | $1,680.93 |
| CCY5 | Inventory Purchases | $0.00 | 110% | $0.00 |
| CCY6 | Sub-contractors | $63,601.38 | 110% | $69,961.64 |
| CCY7 | Materials | $94,236.51 | 110% | $103,660.16 |
| CCY8 | Insurance | $0.00 | 110% | $0.00 |
| CCY9 | Third Party Costs | $7,029.85 | 110% | $7,732.81 |
| CCY10 | Other | $72,000.00 | 110% | $79,200.00 |

Subtotal CCY3-CCY10: $296,528.01

Total: $911,386.24

Verified/shipyard:

NOT AN APPROVED COPY





NOT A CERTIFIED COPY

NON CERTIFIED COPY

| Hours | June 23th - July 22nd | Design and Admin Hours assign to project | Labor hours assigned to project |
|---|---|---|---|
| J. Hawkins | | 120 | |
| M. Bross | | 120 | |
| Paul Bleker | | 160 | |
| Mary Roberson | | 80 | |
| Dale Roberson | | 80 | |
| Sherry Peterson | | 80 | |
| Todd Bayson | | 120 | |
| Oleg Olenchenko | | 40 | |
| Ryan Dunn | | 80 | |
| Best Rott | | | 140 |
| Chiang, Kai Sak | | | 160 |
| Coates, Andy | | | 120 |
| Hicks, Scott | | | 120 |
| Hixson, Ross | | | 160 |
| Holmes, Steve | | | 144 |
| Hurd, Steve | | | 24 |
| Jury, Mike | | | 20 |
| Tscida, Joe | | | 120 |
| Patinson, Ryan | | | 80 |
| Keomisy, Joam | | | 180 |
| Jarn, Johnlhon | | | 160 |
| Lemakon, Siphanh | | | 160 |
| Magas, Brian | | | 151 |
| Stensby, Steven | | | 82 |
| Stephens, Raphael | | | 62 |
| Vongprachanh, Khanthala | | | 160 |
| Wojurn, Brian | | | 80 |
| Trent, Daryl | | | 80 |
| Nick Munroe | | | 144 |
| Flipsila, Phanihamath | | | 160 |
| Spulleno, Saumnoiahakdy | | | 80 |
| | | | |
| Total hours | | 880 | 2436 |
| Total $49 p/hr | | $43,120.00 | |
| Total $39 p/hr | | | $95,004.00 |
| | | | |
| Total labor billing | | $138,124.00 | |



# CRESCENT

## Claim Certificate

Vessel #: CCY 142126

| HCBR | Functions | Cost Per Unit | Units | Total |
|---|---|---|---|---|
| CCY1 | Direct Labor | $39 pr hr | 3356.25 | $130,893.75 |
| CCY2 | Admin/design Labor | $49 pr hr | 1560 | $76,440.00 |
| CCY3 | Design Services | $36,716.00 | 110% | $40,387.60 |
| CCY4 | Equipment Purchases | $0.00 | 110% | $0.00 |
| CCY5 | Inventory Purchases | $0.00 | 110% | $0.00 |
| CCY6 | Sub Contractors | $194,682.17 | 110% | $214,150.39 |
| CCY7 | Materials | $263,273.13 | 110% | $289,600.44 |
| CCY8 | Insurance | $0.00 | 110% | $0.00 |
| CCY9 | Third Party Costs | $5,737.50 | 110% | $6,311.25 |
| CCY10 | Other | $0.00 | 110% | $0.00 |

Subtotal CCY3-CCY10    $550,408.90

Total    $757,783.43

Vessel to be shipped to:



NOT AN OFFICIAL COPY



# CRESCENT

## Claim Certificate

Vessel #: CCY 142/28

| CODE | Function | Cost per Unit | Units | Total |
|---|---|---|---|---|
| CCY1 | Direct Labor | $39 p/hr | 2486.25 | $96,963.75 |
| CCY2 | Admin/design Labor | $49 p/hr | 1036.5 | $50,048.50 |
| CCY3 | Design Services | $41,823.30 | 110% | $46,005.63 |
| CCY4 | Equipment Purchases | $1,070,000.00 | 110% | $1,177,000.00 |
| CCY5 | Inventory Purchase | $0.00 | 110% | $0.00 |
| CCY6 | Sub-contractors | $66,817.24 | 110% | $73,498.96 |
| CCY7 | Materials | $71,798.46 | 110% | $78,978.31 |
| CCY8 | Insurance | $0.00 | 110% | $0.00 |
| CCY9 | Third Party Costs | $16,185.50 | 110% | $17,804.05 |
| CCY10 | Other | $0.00 | 110% | $0.00 |
| | Subtotal CCY3-CCY10 | $1,266,565.50 | Total | $1,540,044.30 |

This payment includes the final installment for main engines $1,020,000.

Verified by Shipyard

CERTIFIED COPY





| Hours | August 31st - September 26th | Design and Admin Hours assign to project | Labor hours assigned to project |
|---|---|---|---|
| | J. Hawkins | 160 | |
| | M. Biros | 160 | |
| | Paul Bleker | 70 | |
| | Mary Robertson | 80 | |
| | Dale Robertson | 80 | |
| | Sherry Peterson | 80 | |
| | Todd Payson | 80 | |
| | Derek Desaulniers | 40 | |
| | Oleg Olerchenko | 80 | |
| | Ryan Dunn | 160 | |
| | Best, Ron | | 73.5 |
| | Coates, Andy | | 84.5 |
| | Hicks, Scott | | 157.75 |
| | Huxsoll, Ross | | 160 |
| | Hurd, Steve | | 40 |
| | Jung, Mike | | 90 |
| | Tschanuer, Joe | | 120 |
| | Pattison, Ryan | | 190 |
| | Magas, Brian | | 190.8 |
| | Vongprachanh, Khanthala | | 80 |
| | Wojturi, Brian | | 80 |
| | Trent, Daryl | | 115 |
| | Hnatra, Phonthamath | | 161.75 |
| | Soulleng, Soumphalehakdy | | 160 |
| | Arno Cremmalchella | | 149.5 |
| | Tyler Mackenzie | | 80 |
| | Xaysom Thammalangu | | 159.75 |
| | John Stonehocker | | 30 |
| | Michael Sorano | | 44 |
| | Shalva Gottmanoltam | | 32 |
| | Victor Souvannong | | 160 |
| | Binh Van Le | | 160 |
| | Total hours | 1090.65 | 2468.25 |
| | Total @48per hr | 950/64160 | 180/448276 |
| | Total @90 hr | | |
| | Total labor billing | 2116 025.25 | |

Case 9:23-cv-80633-CMA Document 34 Entered on FLSD Docket 12/18/2023 Page 301 of 491



# CRESCENT

## Claim Certificate

Vessel #: CCY142126

| Code | Function | Cost per Unit | Units | Total |
|------|----------|--------------|-------|-------|
| CCY1 | Direct Labor | $39.66hr | 3891.25 | $151,758.75 |
| CCY2 | Admin/Design Labor | $49.95hr | 1005 | $49,246.00 |
| CCY3 | Design Services | $46,284.40 | 110% | $48,912.81 |
| CCY4 | Equipment Purchases | $140,000.00 | 110% | $154,000.00 |
| CCY5 | Inventory Purchases | $0.00 | 110% | $0.00 |
| CCY6 | Sub Contractors | $27,198.01 | 110% | $29,917.81 |
| CCY7 | Materials | $45,249.08 | 110% | $49,770.69 |
| CCY8 | Insurance | $0.00 | 110% | $0.00 |
| CCY9 | Third Party Costs | $0.00 | 110% | $0.00 |
| CCY10 | Other | $0.00 | 110% | $0.00 |

Subtotal CCY8-CCY10 $352,728.40

**Total** $484,605.99

Verified by: CrewVins

ACQUISITION EVALUATION



NOT A CERTIFIED COPY



NOT A TRUE COPY



# CRESCENT
## Claim Certificate

Vessel #: CCY10186

| Code | Function | Cost Per Unit | Units | Total |
|---|---|---|---|---|
| CCY1 | Direct Labor | $39 p/hr | 3698.25 | $144,231.75 |
| CCY2 | Admin/design Labor | $49 p/hr | 1398 | $68,502.00 |
| CCY3 | Design Service | $65,983.15 | 110% | $72,581.47 |
| CCY4 | Equipment Purchase | $0.00 | 110% | $0.00 |
| CCY5 | Inventory Purchases | $0.00 | 110% | $0.00 |
| CCY6 | Subcontractors | $14,897.52 | 110% | $16,387.27 |
| CCY7 | Materials | $112,586.52 | 110% | $123,845.17 |
| CCY8 | Insurance | $0.00 | 110% | $0.00 |
| CCY9 | Third Party Costs | $0.00 | 110% | $0.00 |
| CCY10 | Other | $0.00 | 110% | $0.00 |
| | Subtotal CCY3-CCY10 | $193,497.10 | | |
| | | | Total | $425,547.66 |

Verified by/Signature:

CERTIFIED COPY



CERTIFIED COPY



NOT A CERTIFIED COPY



STATE FILED COPY

# CRESCENT

## Claim Certificate

Vessel #: CCY142/20

| CODE | Function | Cost Per Unit | Units | Total |
|------|----------|---------------|-------|-------|
| CCY1 | Direct Labor | | | |
| CCY2 | Admin/design Labor | | | |
| CCY3 | Design Services | | | |
| CCY4 | Equipment Purchases | $1,265,834.02 | | $1,265,834.02 |
| CCY5 | Inventory Purchases | | | |
| CCY6 | Subcontractors | | | |
| CCY7 | Materials | | | |
| CCY8 | Insurance | | | |
| CCY9 | Third Party Costs | | | |
| CCY10 | Other | | | |
| | Subtotal CCY3-CCY10 | $1,265,834.02 | Total | $1,265,834.02 |

Verified by Shipyard:

COPY





# CRESCENT
## Claim Certificate

Vessel #: GO-11/12/13

| CODE | Function | Cost Per Unit | Units | Total |
|---|---|---|---|---|
| CCY1 | Direct Labor | $30/hour | 2825 | $108,712.50 |
| CCY2 | Admin/design Labor | $49/hour | 1011 | $49,539.00 |
| CCY3 | Design Services | $15,749.40 | 110% | $17,303.44 |
| CCY4 | Equipment Purchases | $188,911.97 | 110% | $207,803.17 |
| CCY5 | Inventory Purchase | $0.00 | 110% | $0.00 |
| CCY6 | Sub-contractors | $14,483.70 | 110% | $15,932.07 |
| CCY7 | Materials | $136,868.63 | 110% | $150,555.49 |
| CCY8 | Insurance | $0.00 | 110% | $0.00 |
| CCY9 | Third Party Costs | $35,749.02 | 110% | $39,323.92 |
| CCY10 | Others | $0.00 | 110% | $0.00 |
| | Subtotal CCY3-CCY10 | $391,746.72 | | |
| | | | Total: | $869,169.99 |

Verified by Shipyard



| Hours - November 26th - December 30th | Admin Hours assign to project | Labor hours assigned to project |
|---|---|---|
| J. Hawkins | 80 | |
| M. Gros | 144 | |
| Paul Blake | 144 | |
| Mary Robertson | 80 | |
| Dale Robertson | 80 | |
| Sherry Peterson | 80 | |
| Ray Pendroault | 40 | |
| Derek Desautniers | | |
| Oleg Olianchenko | 144 | |
| Ryan Dunn | 144 | |
| Andy Coates | | 115.50 |
| Dinh Van Leen | | 64.00 |
| Colin Pepin | | 22.00 |
| Ursula Peanthjangdi | | 64.00 |
| Mike Jung | | 135.00 |
| Ross Anson | | 144.00 |
| Scott Hicks | | 114.00 |
| Wade Hicks | | 125.50 |
| Xaysomi Khammalangsa | | 136.00 |
| Amo Claudia Cellar | | 28.00 |
| Brian Magas | | 62.50 |
| Joan Keomisy | | 140.50 |
| Joe Tschida | | 80.50 |
| King Sayavarath | | 144.00 |
| Phanom Somphanthacarsack | | 140.50 |
| Ron Besh | | 61.50 |
| Shaya Soulimanotham | | 136.00 |
| Somini Xyongsavang | | 25.00 |
| Sonpalbana Vanthavong | | 130.00 |
| Souleng Soumpholphakdy | | 34.50 |
| Yan Nguyen | | 50.50 |
| Vilai Bouvanyong | | 142.50 |
| Xaysom Thammalong | | 46.00 |
| Anousith Sithisour | | 40.00 |
| Metkeros Santona Ura | | 16.00 |
| Gary Trenh | | 64.00 |
| David Birth | | 8.00 |
| Grant Hardy | | 72.00 |
| Steve Hurd | | 48.00 |
| Dave Dubbery | | 4.00 |
| Total hours | | 2187.50 |
| Total $40 per hr | $90,639.00 | $108,712.50 |
| Total $39 per hr | | |
| Total Labor billing | $158,251.50 | |





Feb 07

# CRESCENT YACHTS

## Claim Certificate

**Vessel #: CCY142/46**

| CODE | Function | Cost Per Unit | Units | Total |
|------|----------|---------------|-------|-------|
| CCY1 | Direct Labor | $39.07 hr. | 4630.5 | $180,989.50 |
| CCY2 | Admin/oversight and | $49 p/hrs | 1582 | $77,818.00 |
| CCY3 | Design Services | $21,170.05 | 110% | $23,287.72 |
| CCY4 | Equipment Purchases | $376,654.59 | 110% | $414,320.05 |
| CCY5 | Inventory Purchases | $0.00 | 110% | $0.00 |
| CCY6 | Subcontractors | $14,364.00 | 110% | $15,800.40 |
| CCY7 | Materials | $244,847.86 | 110% | $269,310.65 |
| CCY8 | Insurances | $0.00 | 110% | $0.00 |
| CCY9 | Third Party Costs | $0.00 | 110% | $0.00 |
| CCY10 | Other | $0.00 | 110% | $0.00 |
| | Subtotal CCY3-CCY10 | $65,901.10 | | |
| | | | Total: | $980,826.41 |

Verified By Shipyard









# CRESCENT YACHTS

## Claim Certificate

Vessel #: CCY142/20

| CODE | Function | Cost Per Unit | Units | Total |
|------|----------|---------------|-------|-------|
| CCY1 | Direct Labor | $39/p.hr | 6580.5 | $259,859.50 |
| CCY2 | Admin/design Labor | $49 p.hr | 1980 | $72,420.00 |
| CCY3 | Design Services | $18,875.40 | 110% | $20,762.94 |
| CCY4 | Equipment Purchases | $100,323.30 | 100% | $100,323.30 |
| CCY5 | Inventory Purchases | $163.90 | 110% | $180.90 |
| CCY6 | Subcontractors | $85,364.00 | 110% | $93,900.40 |
| CCY7 | Materials | $411,341.40 | 110% | $452,475.81 |
| CCY8 | Insurance | $0.00 | 110% | $0.00 |
| CCY9 | Third Party Costs | $0.00 | 110% | $0.00 |
| CCY10 | Other | $130,189.00 | 110% | $143,208.80 |
| | Subtotal CCY3-CCY10 | $145,880.12 | Total | $657,715.30 |

* CCY10 includes return of deposit from Freeman Marine for Transom Door, a different vendor has been chosen.

Verified by Shipyard: _____

Case 9:23-cv-80633-CMA   Document 34   Entered on FLSD Docket 12/18/2023   Page 320 of 491









# CRESCENT YACHTS

## Claim Certificate

Vessel #: CCY02/20

| CODE | Function | Cost Per Unit | Units | Total |
|------|----------|---------------|-------|-------|
| CCY1 | Direct Labor | $49 p/hr | 6080 | $297,492.00 |
| CCY2 | Admin/design Labor | $49 p/hr | 1430 | $70,070.00 |
| CCY3 | Design Services | $15,989.55 | 110% | $17,588.51 |
| CCY4 | Equipment Purchases | $65,031.50 | 110% | $71,534.65 |
| CCY5 | Inventory Purchases | | 110% | $0.00 |
| CCY6 | Sub contractors | $15,574.00 | 110% | $14,135.00 |
| CCY7 | Materials | $328,240.71 | 110% | $360,864.78 |
| CCY8 | Insurance | $120,000.00 | 110% | $132,000.00 |
| CCY9 | Third Party Costs | | 110% | $0.00 |
| CCY10 | Other | $17,334.97 | 110% | $19,067.37 |
| | Subtotal CCY3-CCY10 | $542,567.73 | | |
| | | | Total | $906,526.60 |

Verified by shipyard:





| March 30th - April 24th | Design and Admin hours assign to project | Labor hours assigned to project |
|---|---|---|
| J Hawkins | 120 | |
| Dan Paasch | 80 | |
| M Prow | 160 | |
| Paul Bleker | 160 | |
| Mary Johnson | 80 | 80 |
| Dale Roberson | 80 | |
| Shady Peterson | 80 | |
| Hai Luu | 160 | |
| Derek Desaulniers | 160 | |
| Oleg Olshchenko | 40 | |
| Ryan Dunn | 160 | |
| Danielle Nesbit | 160 | |
| Blah Van Lug, Steven | | 160 |
| Bryson Bleker | | 0 |
| Daryl Trent | | 80 |
| Grant Hardy | | 88 |
| Kyle Gustafson | | 112 |
| Mike Jung | | 162 |
| Nicholas Coobs | | 44 |
| Ross Hubbard | | 144 |
| Scott Hicks | | 160 |
| Wade Hicks | | 152 |
| Xayxon Thammalong | | 152 |
| Arno Clemmacalla | | 140.5 |
| Boulthong Khammavanhvong | | 152 |
| Blah Magas | | 143 |
| Noam Kaomlsy | | 152 |
| Brad Tschida | | 158 |
| King Sayyarath | | 75.5 |
| Pharom Somphanthraksouk | | 140.25 |
| Ricky Chanthavong | | 147 |
| Rob Best | | 152 |
| Sbaiya Sorimatisham | | 158 |
| Simnuk Vongravang | | 158 |
| Sompanna Vanthavongkeo | | 149 |
| Souang Sysomphon Praxy | | 150 |
| Sousak Phorahauham | | 149.5 |
| Van Nguyen | | 48 |
| Victor Sosvanvong | | 48 |
| Anoulin Siululad | | 151 |
| Charles Ajibuy | | 160 |
| Clarence Tuos | | 118 |
| Danny Chavez | | 138.5 |
| Jason Asrse | | 104 |
| Jim Cloyd | | 120 |
| Jonathan Jann | | 180 |
| Khanthara Vongprachan | | 110 |





# CRESCENT YACHTS

## Claim Certificate

### April 2009

Vessel #: CCY14/28

| Code | Function | Unit Cost | Units | Cost | Multiplier | Total |
|------|----------|-----------|-------|------|------------|-------|
| CCY1 | Direct Labor | $38.00/hr | 7,144 hrs | $ 290,325.75 | 100% | $ 290,325.75 |
| CCY2 | Admin/design Labor | $49.00/hr | 1,684 hrs | $ 82,516.00 | 100% | $ 82,516.00 |
| CCY3 | Design Services | | | $ 16,663.15 | 110% | $ 17,429.47 |
| CCY4 | Equipment Purchases | | | $ 441,829.28 | 110% | $ 486,012.21 |
| CCY5 | Inventory Purchases | | | $ 235.20 | 110% | $ 258.72 |
| CCY6 | Subcontractors | | | $ 36,860.20 | 110% | $ 40,516.22 |
| CCY7 | Materials | | | $ 316,372.05 | 110% | $ 348,001.75 |
| CCY8 | Insurance | | | $ | 110% | $ |
| CCY9 | Third Party Costs | | | $ | 110% | $ |
| CCY10 | Other | | | $ | 110% | $ |
| | Total | | | | | $ 1,284,903.12 |

Verified by Shipyard:

CONFIDENTIAL.COM













# CRESCENT YACHTS

## Claim Certificate

June 2009

Vessel #: CCY142/26

| CODE | Function | Unit Cost | Units | Cost | Multiplier | Total |
|---|---|---|---|---|---|---|
| CCY1 | Direct Labor | $39.00/hr | 8,371 hrs | $ 326,459.25 | 100% | $ 325,469.25 |
| CCY2 | Admin/design labor | $19.00/hr | [illegible] hrs | $ 78,348.00 | 100% | $ 76,342.00 |
| CCY3 | Design Services | | | $ 16,030.65 | 110% | $ 17,633.72 |
| CCY4 | Equipment Purchases | | | $ 74,477.00 | 110% | $ 81,924.70 |
| CCY5 | Inventory Purchases | | | | 110% | $ |
| CCY6 | Sub contractors | | | $ 8,276.40 | 110% | $ 9,104.04 |
| CCY7 | Materials | | | $ 75,427.93 | 110% | $ 82,970.72 |
| CCY8 | Insurance | | | $ | 110% | $ |
| CCY9 | Third Party Costs | | | $ 13,627.72 | 110% | $ 14,990.49 |
| CCY10 | Other | | | $ | 110% | $ |
| | | | Total | | | $ 608,424.92 |

Verified by shipyard:

COPY

June 1st - July 3rd

| | Design and Admin Hours assign to project | Labor hours assigned to project |
|---|---|---|
| J. Hawkins | 100.00 | |
| Dan Hascon | 88.00 | |
| MBros | 176.00 | |
| Paul Bleker | 176.00 | |
| Mary Roberson | 88.00 | |
| Dale Roberson | 88.00 | |
| Sherry Peterson | 88.00 | |
| Ray Landreault | 192.00 | |
| Derek Desaulniers | 176.00 | |
| Oleg Olenchenko | 90.00 | |
| Ryan Dunn | 132.00 | |
| Danielle Nesbit | 101.00 | |
| Blthr Van Lee Steven | | 186.5 |
| Kyle Gustafson | | 199 |
| Mike Jung | | 186 |
| Nicholas Coots | | 112 |
| Ross Hickson | | 193.5 |
| Scott Hicks | | 192.5 |
| Wade Hicks | | 40 |
| Xayxom Thammalong | | 186 |
| Bounmong Khemmavanvong | | 176 |
| Brian Magas (Mitch Island) | | 192.5 |
| Joann Keomisy | | 100 |
| Joe Tschida | | 199 |
| Pharuom Somphanthasansouk | | 71 |
| Ricky Chanthavong | | 184 |
| Bon Best (Mitch Island) | | 191 |
| Shaiya Sourimanotham | | 190 |
| Sombuk Vongsavang | | 132 |
| Sompathana Vanthavong (Ko) | | 199 |
| Sbulong Soulmaldlanakdy | | 100 |
| Souksakhong Bouaphoe (Ian) | | 192 |
| Van Nouyad | | 192 |
| Victor Sowanvong | | 199 |
| Angustia Suhino | | 40 |
| Charles Agtarap | | 181.5 |
| Clarence Flores | | 179.5 |
| Dorry Cuevas | | 188.5 |
| Jason Ariz | | 188.5 |
| Jerry Reyes | | 112 |
| Jonathan Jalins | | 167 |
| Khanbalu Vongprachah | | 162.5 |
| Mamerto Cantoria Jr | | 182.5 |
| Marlon Munar | | 171.5 |
| Michael Sorento | | 188.5 |

UNCERTIFIED COPY


Case 9:23-cv-80633-CMA Document 34 Entered on FLSD Docket 12/18/2023 Page 336 of 491



# CRESCENT YACHTS

## Claim Certificate

### July 2009

Vessel #: CCY127/2b

| CODE | Function | Unit Cost | Units | Cost | Multiplier | Total |
|------|----------|-----------|-------|------|------------|-------|
| CCY1 | Direct Labor | $40.00/hr | 8025 hrs | $ 312,975.00 | 100% | $ 312,975.00 |
| CCY2 | Admin/design Labor | $40.00/hr | 1920 hrs | $ 76,830.00 | 100% | $ 76,830.00 |
| CCY3 | Design Service | | | $ 30,380.65 | 110% | $ 33,418.72 |
| CCY4 | Equipment Purchases | | | $ 193,382.05 | 110% | $ 212,720.26 |
| CCY5 | Inventory Purchases | | | $ | 110% | $ |
| CCY6 | Sub-contractors | | | $ 69,320.65 | 110% | $ 76,252.81 |
| CCY7 | Materials | | | $ 39,391.85 | 110% | $ 43,331.04 |
| CCY8 | Insurance | | | $ 9,892.80 | 110% | $ 10,882.08 |
| CCY9 | Third Party Costs | | | $ 20,116.00 | 110% | $ 22,126.03 |
| CCY10 | Other | | | $ | 110% | $ |
| | **Total** | | | $ | | $ 788,546.92 |

Verified by shipyard:





CERTIFIED COPY





| Name | | Hours |
|---|---|---|
| Michael Solano | | 120 |
| Ramiis Ombulan5 | | 168 |
| Ray Ramirez | | 1075 |
| Jayasook Lauandial | | 180 |
| Andy Robinson | | 1515 |
| Billy Zdorozhy | | 128 |
| Chris Lambthen | | 140 |
| Jody Carson | | 118 |
| Raphael Stephens | | 110 |
| Robby Gill | | 64 |
| Steve Sternby | | 140.25 |
| Jerry Nielson | | 72 |
| Raul Muray | | 246.75 |
| Ali 1250 | | 148 |
| Bryson Flaker | | 141.25 |
| Grant Jurdy | | 142.75 |
| Marc Jrager | | 1808 |
| Rick Rurd | | 142.75 |
| Steve Bluto | | 154.25 |
| Brody Whliford | | 144 |
| Dave Donnelly | | 142 |
| Graeme Cooke | | 129.75 |
| Joel Budfo | | 596 |
| Surya Rildvixay | | 106 |
| Brah Welona | | 80 |
| Ryan Penison | | 80 |
| Tyler Mackenzie | | 80 |

| | | | |
|---|---|---|---|
| Total hours | | 1,570.00 | 8,025.00 |
| Total $/hour | | 78,930.00 | |
| Total $/hour | | | 312,975.00 |
| | | | |
| Total labor billing | | 389,805.00 | |



# CRESCENT YACHTS

### Claim Certificate

### August 2009

Vessel as: CCY14/16

| CODE | Function | Unit Cost | Units | Cost | Multiplier | Total |
|------|----------|-----------|-------|------|-----------|-------|
| CCY1 | Direct Labor | $39.00/hr | 8288 hrs | $ 321,282.00 | 100% | $ 321,282.00 |
| CCY2 | Admin/design Labor | $49.00/hr | 1436 hrs | $ 70,315.00 | 100% | $ 70,315.00 |
| CCY3 | Design Services | | | $ 15,663.15 | 110% | $ 17,229.47 |
| CCY4 | Equipment Purchases | | | $ 247,954.08 | 110% | $ 272,749.49 |
| CCY5 | Inventory Purchases | | | $ | 110% | $ |
| CCY6 | Sub-contractors | | | $ 42,812.05 | 110% | $ 68,126.28 |
| CCY7 | Materials | | | $ 136,740.71 | 110% | $ 150,381.78 |
| CCY8 | Insurance | | | $ | 110% | $ |
| CCY9 | Third Party Costs | | | $ 4,263.56 | 110% | $ 4,669.92 |
| CCY10 | Other (Passes tender) | | | $ 51,340.00 | 100% | $ 51,340.00 |

| | Totals | | | | | $ 945,593.40 |

Verified by Shipyard



WORLDSPAN MARINE
Variances in Actual Billing vs Projected Billing
Vessel        CCYT 4726
August 2009 Claim Certificate

**Variance Analysis**

|  | Actual | Projected | Variance | % Variance |
|---|---|---|---|---|
| Labour | $ 391,592 | $ 396,000 | $ (4,408) | -2 .04% |
| DM | 354,696 | 350,000 | 204,696 | 58.33% |
| Total | $ 946,991 | $ 746,000 | $ 202,999 | 27.03% |

**Explanation for Variances**

Labours     No explanation required. Actual within 1% of Projected

DM:

| Variance | Explanation |
|---|---|
| $ 256,474 | Additional charge for new Charge Order: Nasner Inflatable Tender. |
| 80,010 | Revised deposit rates (timing difference) |
| 65,700 | Unprojected variances |
| $ 202,999 | Total Variance |

Comments     Many items are billed as vendor deposits for items not yet installed in the vessel. It is difficult to forecast the timing of deposits as the Purchasing Department does not always know in advance the timing or the amount of deposit required for a particular item.

The items below are deposits that were originally projected for a later billing date. However, as the items with these vendors have now been finalized and Proforma Invoices issued, the timing of the deposits has been moved forward from the projected dates.

| Item | Deposit |
|---|---|
| Night Vision Cameras | 49,819 |
| Ship's Monitoring System | 31,000 |
| Total | 80,819 |







AUTHENTICATED COPY



CERTIFIED TRUE COPY



# CRESCENT

## Claim Certificate

### September 2009

Vessel #: CCY1226

| CODE | Function | Unit Cost | Units | Cost | Multiplier | Total |
|---|---|---|---|---|---|---|
| CCY1 | Direct Labor | $19.00/hr | 7880 hours | $ 335,659.50 | 100% | $ 345,690.60 |
| CCY2 | Admin/design Labor | $19.00/hr | 503,670 | $ 276,556.00 | 100% | $ 76,916.00 |
| CCY3 | Design Services | | | | 110% | $ |
| CCY4 | Equipment Purchases | | | $ 750,636.94 | 110% | $ 965,398.40 |
| CCY5 | Inventory Purchases | | | | 110% | $ |
| CCY6 | Subcontractors | | | $ 85,550,120 | 110% | $ 4,985,601.66 |
| CCY7 | Material | | | $ 11,010,080 | 110% | $ 140,513.75 |
| CCY8 | Insurance | | | 1,808.50 | 110% | $ 1,989.35 |
| CCY9 | Third Party Costs | | | 270 | 110% | $ 289.97 |
| CCY10 | Other | | | $52,246.03 | 110% | $ 8,205.59 |
| | Total | | | | | $1,182,602.22 |

Verified by Shipyard

Case 9:23-cv-80633-CMA   Document 34   Entered on FLSD Docket 12/18/2023   Page 348 of 491



CERTIFIED COPY



CERTIFIED COPY

**August 30th - Sept 25th**

| | Design and Admin Hours assigned to project | Labor hours assigned to project |
|---|---|---|
| J Hawkins | 76.00 | |
| Dan Pascoe | 76.00 | |
| M Biro | 20.00 | |
| Paul Bieker | 52.00 | |
| Mary Roberson | 76.00 | |
| Dale Roberson | 76.00 | |
| Sherry Peterson | 76.00 | |
| Rays Landreault | 52.00 | |
| Derek Desaulniers | 52.00 | |
| Oleg Olenchenko | 52.00 | |
| Ryan Dunn | 52.00 | |
| Jim Mccrone | 52.00 | |
| Daniella Nechita | 52.00 | |
| Binh Van Lee Steven | | 72 |
| Darrell Broad | | 64 |
| Diego Lugo | | 112 |
| Kyle Gustafson | | 144 |
| Kyle Stovidge | | 145.5 |
| Mike Jung | | 40 |
| Nicholas Coops | | 161.5 |
| Ross Hixson | | 40 |
| Scott Hicks | | 151 |
| Kris Vallaster | | 152 |
| Xayxom Thammalongi | | 152 |
| Anousith Sithiso | | 80 |
| Boun Heng Khammavong | | 152 |
| Brian Maass (Mitch Island) | | 160 |
| Uaam Keon lay | | 56 |
| Joel Schild | | 160 |
| Phegom Soraphanhasansouk | | 161.25 |
| Nick Phetmavong | | 66 |
| Ron Best (Mitch Island) | | 152 |
| Sneva Soulmmaoghow | | 152 |
| Somnok Yohosavang | | 152 |
| Sompairama Vachavprakom | | 144 |
| Souleng Souliphonxay | | 88 |
| Soutsaktone Boraphet Lam | | 152 |
| Van Nguyen | | 152 |
| Victor Souvannong | | 144 |
| Charles Aquino | | 122.5 |
| Clarence Flores | | 162.5 |
| Danny Cubias | | 162.5 |
| Donald Uhlayao | | 170.00 |
| Jason Asis | | 162.5 |
| Jerry Reyes | | 137 |
| Jonathan Jann | | 144 |
| Khanthala Vongprachan | | 144 |







# CRESCENT YACHTS

## Claim Certificate

October 2009

Vessel #: CGY14226

| CODE | Function | Unit Cost | Units | Cost | Multiplier | Total |
|---|---|---|---|---|---|---|
| CGY1 | Direct Labor | $39.00/hr | 9,356 hrs | $ 364,874.26 | 100% | $ 364,874.26 |
| CGY2 | Admin/design Labor | $49.00/hr | 1,390 hrs | $ 68,110.00 | 100% | $ 68,110.00 |
| CGY3 | Design Services | | | $ - | 110% | $ - |
| CGY4 | Equipment Purchases | | | $ 460,144.30 | 110% | $ 506,158.73 |
| CGY5 | Inventory Purchases | | | $ - | 110% | $ - |
| CGY6 | Subcontractors | | | $ 9,761.22 | 110% | $ 10,737.34 |
| CGY7 | Materials | | | $ 140,117.26 | 110% | $ 154,128.99 |
| CGY8 | Insurance | | | $ 460.70 | 110% | $ 506.77 |
| CGY9 | Third Party Costs | | | $ 61,340.00 | 100% | $ 61,340.00 |
| CGY10 | Other | | | $ 28,113.19 | 110% | $ 30,924.51 |

Total $1,196,780.69

CGY9 is Pascoe Tender not subject to 10% upcharge

Verified by Shipyard

NOT FOR DISTRIBUTION

CERTIFIED COPY

Sept 26th - OCT 23rd

| | Design and Admin Hours assign to projects | Labor hours assigned to project |
|---|---|---|
| J Hawkins | 70.00 | |
| Dan Pascoe | 70.00 | |
| M Bliss | 130.00 | |
| Paul Bleker | 152.00 | |
| Mary Roberson | 76.00 | |
| Dale Robarson | 70.00 | |
| Sherry Peterson | 76.00 | |
| Derek Desaulniers | 152.00 | |
| Oleg Olenchenko | 152.00 | |
| Ryan Dunn | 152.00 | |
| Jim McCrone | 120.00 | |
| Danielle Nestor | 152.00 | |
| Binh Van Leeuwstaven | | 88 |
| Darell Broadi | | 77 |
| Diego Urige | | 157 |
| Kyle Gustafson | | 157 |
| Kyle Slawidge | | 145.25 |
| Mike Jung | | 151.5 |
| Mike Zadorozny | | 141 |
| Nicholas Coops | | 164.75 |
| Ross Hixson | | 152 |
| Scott Hicks | | 148 |
| Xaykou Thammavongsa | | 164 |
| Audsith Siurisse | | 160 |
| Bounmeng Khedrapavanivong | | 136 |
| Brett Magias (Mitch Island) | | 147.25 |
| Joann Kaomisy | | 162 |
| Joe Tschida | | 154 |
| Phonm Souphanhasahsouk | | 159.5 |
| Ricky Chanthavong | | 162 |
| Ron Dest (Mitch Island) | | 152 |
| Sbalya Southmanolhune | | 112 |
| Somnuk Vongsavang | | 189 |
| Sonpahnya Vanthavong | | 186 |
| Souliang Souphnophrakeva | | 120 |
| Soutsakhone Boraphet Rath | | 160 |
| Vah Nguyen | | 61 |
| Victor Souvanvong | | 160 |
| Charles Aslang | | 104 |
| Clarence Hucas | | 162 |
| Darryl Dueval | | 160 |
| Donato Linayao | | 160 |
| Jason Asis | | 160 |
| Jody Hayes | | 112 |
| Johathan Jarin | | 149.5 |
| Khantala Vongphachane | | 120 |
| Leonardo Pangabiban | | 160 |









NOT VALID FOR DISTRIBUTION

| OCT 24th - NOV 27th (5 weeks) | Design and Admin Hours assign to project | Labor hours assigned to project |
|---|---|---|
| J. Hawkins | 105.00 | |
| Dan Pascoe | 88.00 | |
| M. Bires | 140.00 | |
| Phillip Bleker | 192.00 | |
| Mary Roberson | 89.00 | |
| Dale Roberson | 80.00 | |
| Sherry Peterson | 88.00 | |
| Derek Desaulnier | 192.00 | |
| Oleg Onishchenko | 192.00 | |
| Ryan Dunn | 192.00 | |
| Jim Mearchier | 100.00 | |
| Danielle Nesbit | 192.00 | |
| Darrell Broad | | 200.5 |
| Diego Lugo | | 192 |
| Kyle Gustafson | | 136.5 |
| Kyle Slevidge | | 155 |
| Mike Jong | | 191.75 |
| Mike Zadorozny | | 147 |
| Nicholas Coops | | 172.5 |
| Ross Hixson | | 192 |
| Sean Hicks | | 191 |
| Xayxom Thammalong | | 192 |
| Anousith Sithiso | | 201 |
| Bounthong Khenmavanyvong | | 144 |
| Brian Magas (Mitch Island) | | 188 |
| Juan Keomisy | | 190 |
| Joel Tschida | | 200.5 |
| Phaboun Somphanhsanhsouk | | 189 |
| Ricky Chanthavong | | 194 |
| Ron Hash (Mitch Island) | | 186.75 |
| Shaya Sounmaolham | | 192 |
| Somluk Vongsavang | | 189 |
| Sompathana Vanthavong (Kou) | | 191 |
| Souleng Somphonphakdy | | 192 |
| Sousak Rchel Boranmet Lang | | 192 |
| Vary Nguyen | | 192 |
| Viktor Souvanvong | | 202 |
| Chaudos Agrano | | 229 |
| Clarence Flores | | 230.5 |
| Danny Cuevas | | 214 |
| Renata Ubilayao | | 216 |
| Jason Asi | | 229.5 |
| Jelly Reyes | | 200 |
| Jonathan Jann | | 214 |
| Josalito Castillo | | 75 |
| Khanhala Vongprachan | | 205 |
| Leonard Panganiban | | 184.25 |





# CRESCENT YACHTS

## Claim Certificate

### December 2010

Vessel: CCY11926

| CODE | Function | Unit Cost | Units | Cost | Multiplier | Total |
|---|---|---|---|---|---|---|
| CCY1 | Direct Labor | $39.00/hr | 9,696 hrs | $ 378,124.50 | 100% | $ 378,124.50 |
| CCY2 | Admin/design Labor | $49.00/hr | 1,080 hrs | $ 52,920.00 | 100% | $ 52,920.00 |
| CCY3 | Design Services | | | $ 7,243.85 | 110% | $ 7,968.04 |
| CCY4 | Equipment Purchases | | | $ 637,153.61 | 110% | $ 700,869.97 |
| CCY5 | Inventory Purchases | | | $ | 110% | $ |
| CCY6 | Subcontractors | | | $ 102,407.06 | 110% | $ 112,647.77 |
| CCY7 | Materials | | | $ (3,468.59) | 110% | $ (3,815.59) |
| CCY8 | Insurance | | | $ | 110% | $ |
| CCY9 | Third Party Costs | | | $ | 110% | $ |
| CCY10 | Other | | | $ 4,620.68 | 110% | $ 5,082.75 |
| | Total | | | | | $ 1,253,794.46 |

Verified by Shipyard:

COPY









NOT A CERTIFIED COPY

# Worldspan Marine
## Construction Payments

| Company | 4b | | 4d | 4e | 4g | Debit |
|---|---|---|---|---|---|---|
| Sargeant Marine, Ltd | Wachovia # ████ | 3090 | Wire Trsf | 03/21/2007 | Operating Funds | 175,000.00 |
| Sargeant Marine, Ltd | Wachovia # ████ | 3090 | Wire Trsf | 06/25/2007 | Operating Funds | 400,000.00 |
| International Oil Trading Company, Ltd. | Wachovia # ████ | 4807 | Wire Trsf | 03/07/2008 | Operating Funds | 1,000,000.00 |
| International Oil Trading Company, Ltd. | Wachovia # ████ | 4807 | Wire Trsf | 04/16/2008 | Operating Funds | 736,574.37 |
| International Oil Trading Company, Ltd. | Wachovia # ████ | 4807 | Wire Trsf | 06/20/2008 | Operating Funds | 423,458.15 |
| International Oil Trading Company, Ltd. | Wachovia # ████ | 4807 | Wire Trsf | 07/18/2008 | Operating Funds | 441,591.52 |
| International Oil Trading Company, Ltd. | Wachovia # ████ | 4807 | Wire Trsf | 08/18/2008 | Operating Funds | 439,504.15 |
| International Oil Trading Company, Ltd. | Wachovia # ████ | 4807 | Wire Trsf | 09/05/2008 | Operating Funds | 434,386.24 |
| International Oil Trading Company, Ltd. | Wachovia # ████ | 4807 | Wire Trsf | 09/29/2008 | Operating Funds | 757,783.43 |
| International Oil Trading Company, Ltd. | Wachovia # ████ | 4807 | Wire Trsf | 11/13/2008 | Operating Funds | 418,047.30 |
| International Oil Trading Company, Ltd. | Wachovia # ████ | 4807 | Wire Trsf | 12/17/2008 | Operating Funds | 484,505.09 |
| International Oil Trading Company, Ltd. | Wachovia # ████ | 4807 | Wire Trsf | 01/14/2009 | Operating Funds | 425,547.66 |
| International Oil Trading Company, Ltd. | Wachovia # ████ | 4807 | Wire Trsf | 01/15/2009 | Operating Funds | 1,265,834.02 |
| International Oil Trading Company, Ltd. | Wachovia # ████ | 4807 | Wire Trsf | 02/25/2009 | Operating Funds | 589,169.59 |
| International Oil Trading Company, Ltd. | Wachovia # ████ | 4807 | Wire Trsf | 03/20/2009 | Operating Funds | 404,582.25 |
| International Oil Trading Company, Ltd. | Wachovia # ████ | 4807 | Wire Trsf | 04/17/2009 | Operating Funds | 980,826.31 |
| International Oil Trading Company, Ltd. | Comerica # ████ | 8666 | Wire Trsf | 05/27/2009 | Operating Funds | 857,715.30 |
| International Oil Trading Company, Ltd. | Comerica # ████ | 8666 | Wire Trsf | 06/25/2009 | Operating Funds | 200,000.00 |
| International Oil Trading Company, Ltd. | Comerica # ████ | 8666 | Wire Trsf | 07/10/2009 | Operating Funds | 500,000.00 |
| International Oil Trading Company, Ltd. | Comerica # ████ | 8666 | Wire Trsf | 08/05/2009 | Operating Funds | 100,000.00 |
| International Oil Trading Company, Ltd. | Comerica # ████ | ████ | Wire Trsf | 08/13/2009 | Operating Funds | 30,000.00 |
| International Oil Trading Company, Ltd. | Comerica # ████ | 8666 | Wire Trsf | 04/30/2010 | Operating Funds | 200,000.00 |
| | | | | | **TOTAL** | **11,264,525.38** |

HIGHLY CONFIDENTIAL

SARG 0481

# EXHIBIT N

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA
AL-SALEH V. HARRY SARGEANT, III, et al

CASE NO.50 2008 CA 010187 XXXX MB AJ

## WIRES FROM IOTC BAHAMAS TO RAFFERTY, KOBERT, TENENHOLTZ & HEZZ, P.A.

IOTC BAHAMAS= International Oil Trading Company, Ltd.

Prepared: 11/20/12

| DATE | SENDER REFERENCE | SENDER/OFFSET ACCOUNT No. | BENEFICIARY REF No. | BENEFICIARY CREDIT ACCOUNT | USD AMOUNT | PAGE BATES No |
|------|------------------|---------------------------|---------------------|----------------------------|------------|---------------|
| 02/28/10 | Invoice #11015 | IOTC BAHAMAS ████ 8666 | N/A | ████ 1236 | $26,989.05 | RKT017 |
| 02/26/10 | Invoice #11065 | IOTC BAHAMAS ████ 8666 | N/A | ████ 1236 | $24,104.15 | RKT018 |
| 03/26//10 | Invoices #11240-11239 | IOTC BAHAMAS ████ 8666 | N/A | ████ 1236 | $63,240.03 | RKT019 |
| 04/29/10 | N/A | IOTC BAHAMAS ████ 8666 | N/A | ████ 1236 | $30,000.00 | RKT020 |
| 06/2310 | Client Matters 1009-001; 1009-015 | IOTC BAHAMAS ████ 8666 | N/A | ████ 1236 | $77,158.56 | RKT021 |
| 10/19/10 | N/A | IOTC BAHAMAS ████ 8666 | N/A | ████ 1236 | $273,073.11 | RKT022 |
| 10/19/10 | INV. 11443, 11492,11442, 11494, 11441, 11495, 11437, 11493 | IOTC BAHAMAS ████ 8666 | N/A | ████ 1236 | $95,114.15 | RKT023 |
| 03/03/11 | N/A | IOTC BAHAMAS ████ 8666 | N/A | ████ 1236 | $323,879.41 | RKT025 |
| 04/14/11 | INV. 11825, 11826, 11827 | IOTC BAHAMAS ████ 8666 | N/A | ████ 1236 | $171,788.39 | RKT026 |
| 05/12/11 | N/A | IOTC BAHAMAS ████ 8666 | N/A | ████ 1236 | $225,000.00 | RKT027 |
| 07/01/11 | 110701011139 | IOTC BAHAMAS ████ 1050 | 20110701/054410 | ████ 1236 | $3,843.75 | RKT09 |
| 07/19/11 | 110719006813 | IOTC BAHAMAS ████ 1050 | 20110719/036976 | ████ 1236 | $30,000.00 | RKT10 |
| 10/11/11 | 111011007506 | IOTC BAHAMAS ████ 1050 | 20111011/002697 | ████ 1236 | $200,767.45 | RKT012 |

NOT A CERTIFIED COPY

Case 9:08-cv-81215-CMA   Document 248   Entered on FLSD Docket 09/08/2021   Page 50 of 145

| DATE | SENDER REFERENCE | SENDER/OFFSET ACCOUNT No. | BENEFICIARY REF No. | BENEFICIARY CREDIT ACCOUNT | USD AMOUNT | PAGE BATES No. |
|---|---|---|---|---|---|---|
| 11/17/11 | 111116010342 | IOTC BAHAMAS ▇ 1050 | 111116/62003287 | ▇ 1236 | $9,393.41 | RKT013 |
|  |  |  |  | **TOTAL** | $1,554,351.46 | |

F:\WDOX\CLIENTS\10184\4001\00169072.DOCX

NOT A CERTIFIED COPY

Case 9:08-cv-80035-CMA  Document 248  Entered on FLSD Docket 09/08/2021  Page 373 of 491

Floridian Community Bank                    WIRE TRANSFER INQUIRY                        10/11/12  12:31PM      PAGE   1   WTS000

TRANSFER DATE...    2/09/10
TRANSFER TIME...    9:40AM      TRANSFER TYPE...   Non-Repetitive      WORKSTATION.....   WT2601C       TRANSFER CODE...   Incoming
Credit Account                                                        USER............   B11BRUWAR     FOREIGN WIRE....   N
     Account Number / Type...    1236  D
     Account Name...........   RAFFERTY, KOBERT, TENENHOLTZ, BOUNDS & H
                               TENENHOLTZ & FLYNN, P.A.
                               OPERATING ACCOUNT
                               1401 BRICKELL AVE.-SUITE 825
                               MIAMI FL  33131
Transfer Amount............       26,989.05
Debit Account
     Account Number / Type...     8666*                           D
     Beneficiary Name........   RAFFERTY STOLTZENBERG 200 S BISCAYN
     Originator Name.........   INTERNATIONAL OIL TRADING CO LTD
Sending Bank
     ABA Number........         0096
     Bank Name........         COMERICA DETROIT
     Address...........
     Address...........
     Address...........
     Address...........
Remarks......    INVOICE 11015


Beneficiary information:
     Intermediary FI...............IBK=                          {4000}
     Beneficiary FI................BBK=                          {4100}
     Reference for beneficiary.....RFB=    03900004*        {4320}
Originator information:
     Originator FI.................OGB=                          {5100}
     Instructing FI................INS=                          {5200}
FI-to-FI information:
     Intermediary FI information....IBK=              {6210}
     Beneficiary FI information.....BBK=              {6310}
     Beneficiary advice information.BNP=              {6410}
     FI-to-FI information...........BBI=                    {6500}
Wire transfer fee....        .00      Print notice.........   Y            Repetitive Code......
Reference number.....    208 QM3FNP31   7062
Type Subtype................ 00 00                           {1510}
Business Function Code.....                                  {1600}

RKT017

HIGHLY CONFIDENTIAL

NOT A CERTIFIED COPY

Case 9:08-cv-80035-CMA Document 248 Entered on FLSD Docket 09/08/2021 Page 352 of 495

```
TRANSFER DATE...    2/26/10
TRANSFER TIME...   12:29PM          TRANSFER TYPE...  Non-Repetitive        WORKSTATION.....   WT2601C        TRANSFER CODE...  Incoming
Credit Account                                                             USER...........   311HFORSBC      FOREIGN WIRE....  N
    Account Number / Type...    ...   1236  D
    Account Name...........     RAFFERTY, KOBERT, TENENHOLTZ, BOUNDS & H
                                TENENHOLTZ & FLYNN, P.A.
                                OPERATING ACCOUNT
                                1401 BRICKELL AVE.-SUITE 825
                                MIAMI FL  33131
Transfer Amount...........          24,104.15
Debit Account
    Account Number / Type...    .8666*                       D
    Beneficiary Name........    RAFFERTY STOLZENBERG GELLES 200 S B
    Originator Name.........    INTERNATIONAL OIL TRADING CO LTD
Sending Bank
    ABA Number........          .0096
    Bank Name.........         COMERICA DETROIT
    Address..........
    Address..........
    Address..........
    Address..........
Remarks......   INVOICE 11065


Beneficiary information:
    Intermediary FI..............IBK=                          {4000}
    Beneficiary FI...............BBK=                          {4100}
    Reference for beneficiary......RFB=  05700025*       {4320}
Originator information:
    Originator FI................OGB=                          {5100}
    Instructing FI...............INS=                          {5200}
FI-to-FI information:
    Intermediary FI information....IBK=              {6210}
    Beneficiary FI information.....BBK=              {6310}
    Beneficiary advice information.BNF=              {6410}
    FI-to-FI information..........BBI=                    {6500}
Wire transfer fee....    .00          Print notice.........   Y          Repetitive Code......
Reference number.....   226 QMGFNP31 16071
Type Subtype...............  00 00                           {1510}
Business Function Code.....                                  {3600}
```

RKT018

HIGHLY CONFIDENTIAL

NOT A CERTIFIED COPY

Case 9:08-cv-80035-CMA    Document 248    Entered on FLSD Docket 09/08/2021    Page 375 of 491

Floridian Community Bank       WIRE TRANSFER INQUIRY       10/11/12  12:37PM    PAGE   1   WT5000

```
TRANSFER DATE...    3/26/10
TRANSFER TIME...    5:01PM        TRANSFER TYPE...   Non-Repetitive    WORKSTATION.....  WT2601C     TRANSFER CODE...  Incoming
                                                                      USER............  B11BHDWAR   FOREIGN WIRE....  N
Credit Account
    Account Number / Type...     1236  D
    Account Name...........   RAFFERTY, KOBERT, TENENHOLTZ, BOUNDS & H
                              TENENHOLTZ & FLYNN,P.A.
                              OPERATING ACCOUNT
                              1401 BRICKELL AVE.-SUITE 825
                              MIAMI FL  33131
Transfer Amount...........       53,240.03
Debit Account
    Account Number / Type...     8666*           D
    Beneficiary Name.......   RAFFERTY STOLZENBERG GELLES 200 S B
    Originator Name........   INTERNATIONAL OIL TRADING CO LTD
Sending Bank
    ABA Number........      0096
    Bank Name.........   COMERICA DETROIT
    Address..........
    Address..........
    Address..........
    Address..........
Remarks......   INVOICE 11240 11239


Beneficiary information:
    Intermediary FI.............IBK=                        {4000}
    Beneficiary FI..............BBK=                        {4100}
    Reference for beneficiary...RFB=   08500073*    {4320}
Originator information:
    Originator FI...............OGB=                        {5100}
    Instructing FI..............INS=                        {5200}
FI-to-FI information:
    Intermediary FI information....IBK=           {6210}
    Beneficiary FI information.....BBK=           {6310}
    Beneficiary advice information.BNF=           {6410}
    FI-to-FI information...........BBI=                  {6500}
Wire transfer fee....    .00        Print notice.........  Y        Repetitive Code......
Reference number.....   326 QMGFNP31   52545
Type Subtype................ 00 00                 {1510}
Business Function Code.....                        {3600}
```

NOT A CERTIFIED COPY

RKT019

HIGHLY CONFIDENTIAL

Case 9:08-cv-80035-CMA  Document 248  Entered on FLSD Docket 09/08/2021  Page 376 of 491



Floridian Community Bank                    WIRE TRANSFER INQUIRY                              10/11/12  12:37PM      PAGE    1   WT5000

TRANSFER DATE...   4/29/10
TRANSFER TIME...    4:30PM     TRANSFER TYPE...  Non-Repetitive     WORKSTATION.....  WT2601C     TRANSFER CODE...  Incoming
Credit Account                                                     USER...........   311TALONSO   FOREIGN WIRE....  N
    Account Number / Type..,         1236  D
    Account Name............         RAFFERTY, KOBERT, TENENHOLTZ, BOUNDS & K
                                     TENENHOLTZ & FLYNN, P.A.
                                     OPERATING ACCOUNT
                                     1401 BRICKELL AVE.-SUITE 825
                                     MIAMI FL  33131
Transfer Amount............          30,000.00
Debit Account
    Account Number / Type...         8666*                           D
    Beneficiary Name........         RAFFERTY STOLZENBERG GELLES 200 S B
    Originator Name.........         INTERNATIONAL OIL TRADING CO LTD
Sending Bank
    ABA Number........             . 30096
    Bank Name.........             -COMERICA DETROIT
    Address...........
    Address...........
    Address...........
    Address...........
Remarks......


Beneficiary information:
    Intermediary FI.............IBK=                               {4000}
    Beneficiary FI..............BBK=                               {4100}
    Reference for beneficiary......RFB=  11900070*      {4320}
Originator information:
    originator FI................OGB=                              {5100}
    Instructing FI...............INS=                              {5200}
FI-to-FI information:
    Intermediary FI information....IBK=            {6210}
    Beneficiary FI information.....BBK=            {6310}
    Beneficiary advice information.BNF=            {6410}
    FI-to-FI information...........BBI=                 {6500}
Wire transfer fee....     .00          Print notice.........   Y          Repetitive Code......
Reference number.....   429 CMGFNF11  49040
Type Subtype................ 00 00                                {1510}
Business Function Code.....                                       {3600}

RKT020

HIGHLY CONFIDENTIAL

Case 9:08-cv-80035-CMA   Document 348   Entered on FLSD Docket 09/08/2021   Page 355 of 405



Floridian Community Bank                    WIRE TRANSFER INQUIRY                        10/11/12  12:35PM      PAGE   1   WT5000

TRANSFER DATE...    6/23/10
TRANSFER TIME...    1:45PM        TRANSFER TYPE...  Non-Repetitive        WORKSTATION.....  WT2601C        TRANSFER CODE...  Incoming
Credit Account                                                           USER............  B12BHUWAR      FOREIGN WIRE....  N
    Account Number / Type...      .1236  D
    Account Name............,     RAFFERTY, ROBERT, TENENHOLTZ, BOUNDS & H
                                  TENENHOLTZ & FLYNN,P.A.
                                  OPERATING ACCOUNT
                                  1401 BRICKELL AVE.-SUITE 825
                                  MIAMI FL  33131
Transfer Amount...........        77,158.56
Debit Account
    Account Number / Type...      _  ..  8666*                      D
    Beneficiary Name........      RAFFERTY STOLZENBERG GELLES 200 S B
    Originator Name.........      INTERNATIONAL OIL TRADING CO LTD
Sending Bank
    ABA Number........            .0096
    Bank Name.........            COMERICA DETROIT
    Address...........
    Address...........
    Address...........
    Address...........
Remarks......    CLIENT MATTER 1009 001 CLIENT MATTE
                                           R 1009 015

Beneficiary information:
    Intermediary FI................IBK=                          (4000)
    Beneficiary FI.................BBK=                          (4100)
    Reference for beneficiary......RFB=   17400025*      (4320)
Originator information:
    Originator FI..................OGB=                          (5100)
    Instructing FI.................INS=                          (5200)
FI-to-FI information:
    Intermediary FI information....IBK=                  (6210)
    Beneficiary FI information.....BBK=                  (6310)
    Beneficiary advice information.BNF=                  (6410)
    FI-to-FI information..........BBI=                       (6500)
Wire transfer fee....    .00          Print notice.........   Y          Repetitive Code......
Reference number.....   623 QMGWNP31  27774
Type Subtype.............. 00 00                      (1510)
Business Function Code.....                           (3600)

RKT021

HIGHLY CONFIDENTIAL

NOT A CERTIFIED COPY

Case 9:08-cv-80035-CMA Document 248 Entered on FESD Docket 09/08/2021 Page 378 of 491

NOT A CERTIFIED COPY

HIGHLY CONFIDENTIAL

```
Floridian Community Bank                    WIRE TRANSFER INQUIRY                           10/11/12  12:34PM      PAGE   1  WT5000

  TRANSFER DATE...  10/19/10
  TRANSFER TIME...    3:02PM      TRANSFER TYPE...  Non-Repetitive      WORKSTATION.....  WT2601C      TRANSFER CODE...  Incoming
  Credit Account                                                       USER...........   B11TALONSO   FOREIGN WIRE....  N
    Account Number / Type...     .1236  D
    Account Name............     RAFFERTY, ROBERT, TENENHOLTZ, BOUNDS & H
                                 TENENHOLTZ & FLYNN, P.A.
                                 OPERATING ACCOUNT
                                 1401 BRICKELL AVE.-SUITE 825
                                 MIAMI FL  33131
  Transfer Amount............       273,073.11
  Debit Account
    Account Number / Type...     ...  8666*                  D
    Beneficiary Name........     RAFFERTY STOLZENBERG GELLES 200 S B
    Originator Name.........     INTERNATIONAL OIL TRADING CO LTD
  Sending Bank
    ABA Number.......            .0096
    Bank Name.........          COMERICA DETROIT
    Address..........
    Address..........
    Address..........
    Address..........
  Remarks......

Beneficiary information:
  Intermediary FI...............IBK=                               {4000}
  Beneficiary FI................BBK=                               {4100}
  Reference for beneficiary......RFB=  29200042*        {4320}
Originator information:
  Originator FI................OGB=                                {5100}
  Instructing FI...............INS=                                {5200}
FI-to-FI information:
  Intermediary FI information....IBK=             {6210}
  Beneficiary FI information.....BBK=             {6310}
  Beneficiary advice information.BNF=             {6410}
  FI-to-FI information..........BBI=                       {6500}
Wire transfer fee....     .00        Print notice.........  Y         Repetitive Code......
Reference number.....  1019 QMGFMP31  31482
Type Subtype................ 00 00                          {1510}
Business Function Code.....                                 {3600}
```

RKT022

Case 9:08-cv-80035-CMA Document 348 Entered on FLSD Docket 09/08/2021 Page 379 of 491



Floridian Community Bank                    WIRE TRANSFER INQUIRY                              10/11/12  12:34PM      PAGE   1   WTS000

TRANSFER DATE...   10/19/10
TRANSFER TIME...   12:17PM      TRANSFER TYPE...  Non-Repetitive      WORKSTATION.....   WT2601C       TRANSFER CODE...  Incoming
Credit Account                                                       USER...........    B11TALONSO    FOREIGN WIRE....   N
    Account Number / Type...     1236  D
    Account Name...........   RAFFERTY, KOBERT, TENENHOLTZ, BOUNDS & H
                              TENENHOLTZ & FLYNN, P.A.
                              OPERATING ACCOUNT
                              1401 BRICKELL AVE.-SUITE 825
                              MIAMI FL  33131
Transfer Amount...........        95,114.15
Debit Account
    Account Number / Type...     8666*                    D
    Beneficiary Name........   RAFFERTY STOLZENBERG GELLES 200 S B
    Originator Name.........   INTERNATIONAL OIL TRADING CO LTD
Sending Bank
    ABA Number.......       2096
    Bank Name.........   COMERICA DETROIT
    Address..........
    Address..........
    Address..........
    Address..........
Remarks......    INV 11443 11492 11442 11494 11441 1
                              * 1495 11437 11493

Beneficiary information:
    Intermediary FI...............IBK=                           {4000}
    Beneficiary FI................BBK=                           {4100}
    Reference for beneficiary.....RFB=   29200608*      {4320}
Originator information:
    Originator FI.................OGB=                           {5100}
    Instructing FI................INS=                           {5200}
FI-to-FI information:
    Intermediary FI information....IBK=              {6210}
    Beneficiary FI information.....BBK=              {6310}
    Beneficiary advice information.BMF=              {6410}
    FI-to-FI information...........BBI=                    {6500}
Wire transfer fee....      .00          Print notice.........   Y              Repetitive Code......
Reference number.....    1019 QMGFNP31  18494
Type Subtype............... 00 06                           {1510}
Business Function Code.....                                 {3600}

RKT023

HIGHLY CONFIDENTIAL

Case 9:08-cv-80035-CMA   Document 248   Entered on FLSD Docket 09/08/2021   Page 380 of 491

Floridian Community Bank                 WIRE TRANSFER INQUIRY                                10/11/12  12:33PM      PAGE   1   WT5000

TRANSFER DATE...    3/03/11
TRANSFER TIME...   10:06AM       TRANSFER TYPE...   Non-Repetitive      WORKSTATION.....   WT2601C      TRANSFER CODE...   Incoming
Credit Account                                                         USER............   B11BHUBAR    FOREIGN WIRE....   N
    Account Number / Type....     1236  D
    Account Name............     RAFFERTY, KOBERT, TENENHOLTZ, BOUNDS & H
                                 TENENHOLTZ & FLYNN,P.A.
                                 OPERATING ACCOUNT
                                 1401 BRICKELL AVE.-SUITE 925
                                 MIAMI FL  33131
Transfer Amount.............        323,879.41
Debit Account
    Account Number / Type...     18666*                       D
    Beneficiary Name........     RAFFERTY STOLZENBERG GELLES 200 S B
    Originator Name.........     INTERNATIONAL OIL TRADING CO LTD
Sending Bank
    ABA Number.......:          2099
    Bank Name.........:         COMERICA CLN
    Address..........:
    Address..........:
    Address..........:
    Address..........:
Remarks......

Beneficiary information:
    Intermediary FI....:..........IBK=                             {4000}
    Beneficiary FI.....:..........BBK=                             {4100}
    Reference for beneficiary......RFB=    05200004*    {4320}
Originator information:
    Originator FI......:..........OGB=                             {5100}
    Instructing FI.....:..........INS=                             {5200}
FI-to-FI information:
    Intermediary FI information....IBK=                  {6210}
    Beneficiary FI information.....BBK=                  {6310}
    Beneficiary advice information.BNP=                  {6410}
    FI-to-FI information..........BBI=                        {6500}
Wire transfer fee...:        .00        Print notice.........   Y              Repetitive Code......
Reference number....:      303 QMGFNP31   8773
Type Subtype........:      00 00                         {1510}
Business Function Code.....                              {3600}



RKT025

HIGHLY CONFIDENTIAL

Case 9:08-cv-80035-CMA   Document 248   Entered on FLSD Docket 09/08/2021   Page 381 of 491

```
Floridian Community Bank              WIRE TRANSFER INQUIRY                        10/11/12  12:33PM      PAGE    1   WT5000

TRANSFER DATE...   4/14/11
TRANSFER TIME...   4:05PM      TRANSFER TYPE...  Non-Repetitive      WORKSTATION.....  WT2601C       TRANSFER CODE...  Incoming
Credit Account                                                      USER............  811BHUWAR     FOREIGN WIRE....  N
    Account Number / Type...      1236  D
    Account Name...........   RAFFERTY, KOBERT, TENENHOLTZ, BOUNDS & H
                              TENENHOLTZ & FLYNN,P.A.
                              OPERATING ACCOUNT
                              1401 BRICKELL AVE.-SUITE 825
                              MIAMI FL  33131
Transfer Amount...........      171,788.39
Debit Account
    Account Number / Type...      8666*                    D
    Beneficiary Name........   RAFFERTY STOLZENBERG GELLES 200 S B
    Originator Name.........   INTERNATIONAL OIL TRADING CO LTD
Sending Bank
    ABA Number........      2095
    Bank Name.........   COMERICA CLN
    Address...........
    Address...........
    Address...........
    Address...........
Remarks......   INVOICE 11825 11826 11827


Beneficiary information:
    Intermediary FI...............IBK=                                       {4000}
    Beneficiary FI................BBK=                                       {4100}
    Reference for beneficiary.....RFB=   10400037*        {4320}
Originator information:
    Originator FI.................OGB=                                       {5100}
    Instructing FI................INS=                                       {5200}
FI-to-FI information:
    Intermediary FI information....IBK=                            {6210}
    Beneficiary FI information.....BBK=                            {6310}
    Beneficiary advice information.BNF=                            {6410}
    FI-to-FI information..........BBI=                  {6500}
Wire transfer fee....      .00          Print notice.........   Y           Repetitive Code......
Reference number.....   414 CMGFNY31 29037
Type Subtype............... 00 00                        {1510}
Business Function Code.....                              {3600}
```

Case 9:08-cv-80035-CMA   Document 248   Entered on FLSD Docket 09/08/2021   Page 382 of 491

Floridian Community Bank      WIRE TRANSFER INQUIRY      10/11/12  12:33PM    PAGE   1    WT5000



```
TRANSFER DATE...   5/12/11
TRANSFER TIME...   1:32PM          TRANSFER TYPE...  Non-Repetitive      WORKSTATION.....  WT2601C        TRANSFER CODE...  Incoming
Credit Account                                                          USER...........   811BHUMAR      FOREIGN WIRE....  N
     Account Number / Type...      1236  D
     Account Name............      RAFFERTY, ROBERT, TENENHOLTZ, BOUNDS & B
                                   TENENHOLTZ & FLYNN,P.A.
                                   OPERATING ACCOUNT
                                   1401 BRICKELL AVE.-SUITE 825
                                   MIAMI FL  33131
Transfer Amount............        225,000.00
Debit Account
     Account Number / Type...      8666*                             D
     Beneficiary Name........      RAFFERTY STOLZENBERG GELLES 200 S B
     Originator Name.........      INTERNATIONAL OIL TRADING CO LTD
Sending Bank
     ABA Number........           2099
     Bank Name.........     COMERICA CLH
     Address..........
     Address..........
     Address..........
     Address..........
Remarks......


Beneficiary information:
     Intermediary FI..............IBK=                              {4000}
     Beneficiary FI...............BBK=                              {4100}
     Reference for beneficiary.....RFB=  13200039*      {4320}
Originator information:
     Originator FI................OGB=                           {5100}
     Instructing FI...............INS=                           {5200}
FI-to-FI information:
     Intermediary FI information....IBK=            {6210}
     Beneficiary FI information.....BBK=            {6310}
     Beneficiary advice information.BNF=            {6410}
     FI-to-FI information..........BBI=                    {6500}
Wire transfer fee....    .00           Print notice.........   Y           Repetitive Code......
Reference number.....   512 QMGFNP31  24176
Type Subtype..............  00 00                          {1510}
Business Function Code.....                                {3600}
```



NOT A CERTIFIED COPY

| | | | |
|---|---|---|---|
| Printed: 10/04/2012 | 13:33:26 | Transfer Search Detail | Page: 1 |

| | | | | | | |
|---|---|---|---|---|---|---|
| IMAD #: | 20110701F6QC949C000082 | Ref#: 201107011054410 | | Incoming Wire | CTR/1000 | |
| Account # | 1238 | RAFFERTY,STOLZENBERG,GELLES, | | | | |
| Offset Acc # | 1050 | GL WIRE TRANSFER DEBIT | | Value Dte: | 07/01/2011 | |
| Amount | ███ | Fee Amount: 0.00 | | Fed Cycle: | 07/01/2011 | |
| Date Received/Sent | 07/01/2011 | Time In | 07011519 | IMAD = | 20110701F6QC949C000082 | |
| Date Generated | 07/01/2011 | Auto Post | Yes | OMAD = | 20110701QMGFNP3105441007011519FT0 | |
| Sender ABA | 067012099 | COMERICA CLW | | Sender Ref.= 110701011139 | | |
| Receiver ABA | 067015313 | FLORIDIAN COMM BK | | RFB = 18200080 | | |

ORG = INTERNATIONAL OIL TRADING CO LTD
D       9888
ONE N FEDERAL HIGHWAY STE 500
BOCA RATON,FL 334323954

OGB =

BNF = RAFFERTY STOLZENBERG GELLES 200 S B
D       1236
ISLCAYNE BLVD SUITE 2560 CORAL GABLE
S, FL

US

IBK =

US

BBK =

US

OBI = TRIGEANT

INS =

**HIGHLY CONFIDENTIAL**                    **RKT09**

Printed: 10/04/2012     13:33:26              Transfer  Search  Detail              Page: 2

IMAD #:        20110719F6QC949C000084        Ref#: 201107191036976        Incoming Wire       CTR/1000
Account #      ▉                             RAFFERTY,STOLZENBERG,GELLES,
Offset Acc #   ⌐1050                          GL WIRE TRANSFER DEBIT                     Value Dte:    07/19/2011
Amount         30000.00      Fee Amount:   0.00                                          Fed Cycle:   07/19/2011
Date Received/Sent  07/19/2011    Time in   07191600     IMAD =  20110719F6QC049C000084
Date Generated  07/19/2011    Auto Post   Yes          OMAD =  20110719QMGFNP3103697607191600FT0
Sender ABA     067012099      COMERICA CLW              Sender Ref.=  110719005813
Receiver ABA   067015313.     FLORIDIAN COMM.BK         RFB =    1049093

ORG = INTERNATIONAL OIL TRADING CO LTD                 BNF = RAFFERTY STOLZENBERG GELLES
     D      ⌐8888                                           D  .    ⌐1236
     ONE N FEDERAL HIGHWAY STE 600                          200 S BISCAYNE BLVD SUITE 2850
     BOCA RATON,FL 334323954                                CORAL GABLES, FL.
                                                                                              US
OGB =                                                  ·IBK =

                                              US
                                              BBK =
                                                                                              US
                                              OBI =

                                              INS =

NOT A CERTIFIED COPY

HIGHLY CONFIDENTIAL                           RKT010

Printed: 10/04/2012       13:33:26                    Transfer  Search  Detail                    Page: 6

| | | | | | |
|---|---|---|---|---|---|
| IMAD #: | 20111011F6QC949C000079 | | Ref#: 2011101110026897 | Incoming Wire | CTR/1000 |
| Account # | 1236 | RAFFERTY,STOLZENBERG,GELLES, | | | |
| Offset Acc # | 1050 | GL WIRE TRANSFER DEBIT | | Value Dte: | 10/11/2011 |
| Amount | 200767.45 | Fee Amount: | 0.00 | Fed Cycle: | 10/11/2011 |
| Date Received/Sent | 10/11/2011 | Time in | 10111302 | IMAD = | 20111011F6QC949C000079 |
| Date Generated | 10/11/2011 | Auto Post | Yes | OMAD = | 20111011QMGFNP6600269710111302FT0 |
| Sender ABA | 067012099 | COMERICA CLW | | Sender Ref.= | 111011007508 |
| Receiver ABA | 067015313 | FLORIDIAN COMM BK | | RFB = | 1452680 |

ORG = INTERNATIONAL OIL TRADING CO LTD
D      3868
ONE N FEDERAL HIGHWAY STE 500
BOCA RATON,FL 334323954

BNF = RAFFERTY STOLZENBERG GELLES
D      1236
200 S BISCAYNE BLVD SUITE 2850
CORAL GABLES, FL

US

OGB =

IBK =

US

BBK =

US

OBI = INVOICE 11991 11908 11989
11928

INS =

NOT A CERTIFIED COPY

HIGHLY CONFIDENTIAL                    RKT012

Printed: 10/04/2012    13:33:26          Transfer Search  Detail          Page: 10

IMAD #:        20111116F6QC949C000096      Ref#: 111116162003287      Incoming Wire      CTR/1000

Account #        ▮                RAFFERTY,STOLZENBERG,GELLES,        :
Offset Acc #      ▮                GL WIRE TRANSFER DEBIT                      Value Dte:    11/17/2011
Amount          9393.41      Fee Amount:  0.00                                          Fed Cycle:    11/18/2011
Date Received/Sent  11/17/2011    Time In      11161719      IMAD =  20111116F6QC949C000096
Date Generated    11/17/2011    Auto Post    Yes          OMAD = 20111116QMGFNP6200328711161719FT0
Sender ABA      067012099    COMERICA CLW          Sender Ref.=  111116010342
Receiver ABA    067015313 ·  FLORIDIAN COMM BK ·        RFB =  1712966.

ORG = INTERNATIONAL OIL TRADING CO LTD          BNF = RAFFERTY STOLZENBERG GELLES
      D      8866                                          D      1236
      ONE N FEDERAL HIGHWAY STE 500 .                        200 S BISCAYNE BLVD SUITE 2650
      BOCA RATON, FL 334323954                              CORAL GABLES, FL
                                                                                                    US
OGB = .                                        IBK =

                                                                    US
                                      US          BBK =

                                                                                                    US
                                              OBI = INVOICE DE213 DISC DISPUTE

                                              INS =

NOT A CERTIFIED COPY

                              HIGHLY CONFIDENTIAL                              RKT013

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA
AL-SALEH V. HARRY SARGEANT, III, et al

CASE NO.50 2008 CA 010187 XXXX MB AJ

**WIRES FROM IOTC BAHAMAS TO BULL HOUSSER TUPPER**

IOTC BAHAMAS= International Oil Trading Company, Ltd.
RBC=Royal Bank of Canada

Prepared: 11/14/12

| DATE | BANK/BRANCH/REF NUMBER | ORDERING CUSTOMER | BENEFICIARY/REF No. | BENEFICIARY CREDIT ACCOUNT | AMOUNT | PAGE BATES No. |
|---|---|---|---|---|---|---|
| 03/21/11 | CA110318550593 | IOTC BAHAMAS | 110318550593 | ████1350 | 20,000.00 CAD [$20,462.45] | BH 001 |
| 06/13/11 | 00762-11161-146576 | IOTC BAHAMAS | N/A | ████1350 [RBC Main Branch Vancouver BC] | $7,322.81 | BH 002 |
| 07/20/11 | CA110720380383 | IOTC BAHAMAS | 110720501153 | ████6961 | $25,000.00 | BH 003 |
| 07/22/11 | 00762-11203-149706 | IOTC BAHAMAS | N/A | ████695-3 [RBC Main Branch Vancouver BC] | $150,000.00 | BH 004 |
| 08/09/11 | CA110809362981 | IOTC BAHAMAS | 110809500279 | ████6961 | $25,000.00 | BH 005-06 |
| 08/12/11 | CA110812429522 | IOTC BAHAMAS | 110812500668 | ████6961 | $38,945.46 | BH 007 |
| 09/02/11 | CA110902480787 | IOTC BAHAMAS | 110902501641 | ████6961 | $25,000.00 | BH 008 |
| 09/15/11 | CA110915472267 | IOTC BAHAMAS | 110915501248 | ████6961 | $25,000.00 | BH 009 |
| 09/21/11 | 00762-11264-138183 | IOTC BAHAMAS | N/A | ████1350 [RBC Main Branch Vancouver BC] | $20,000.00 | BH 010 |
| 09/30/11 | 00762-11272-137193 | IOTC BAHAMAS | N/A | ████1350 [RBC Main Branch Vancouver BC] | $34,178.07 | BH 011 |
| 09/30/11 | 00762-11272-137697 | IOTC BAHAMAS | N/A | ████1350 [RBC Main Branch Vancouver BC] | $25,211.29 | BH 012 |

| DATE | BANK/BRANCH/REF NUMBER | ORDERING CUSTOMER | BENEFICIARY REF No. | BENEFICIARY CREDIT ACCOUNT | AMOUNT | PAGE BATES No. |
|---|---|---|---|---|---|---|
| 11/03/11 | 00762-11307-147585 | IOTC BAHAMAS | N/A | ███ 103-8 [RBC Main Branch Vancouver BC] | $25,000.00 | BH 013 |
| 11/17/11 | 00762-11321-149983 | IOTC BAHAMAS | N/A | ███ 1350 [RBC Main Branch Vancouver BC] | $10,000.00 | BH 014 |
| 12/07/11 | 00762-11341-114671 | IOTC BAHAMAS | N/A | ███ 1350 [RBC Main Branch Vancouver BC] | $25,000.00 | BH 015 |
| 02/08/12 | 00762-12039148983 | IOTC BAHAMAS | N/A | ███ 1350 [RBC Main Branch Vancouver BC] | $25,174.30 | BH 017 |
| 06/08/12 | 00762-12158-141775 | IOTC BAHAMAS | N/A | ███ 1350 (███ 103-8) [RBC Main Branch Vancouver BC] | $6,625.16 | BH 021 |
| 06/12/12 | 00762-12160-145745 | IOTC BAHAMAS | N/A | ███ 1350 (███ 103-8) [RBC Main Branch Vancouver BC | $34,368.36 | BH 022 |
|  |  |  |  | TOTAL | $522,287.90 |  |

F:\WDOX\CLIENTS\10184\4001\00169070.DOCX

NOT A CERTIFIED COPY

Incoming Wires - Report

Diana McGonigal , BULL HOUSSER TUPPER
Report Creation Date: Mar 21, 2011 at 11:21:31 AM ET

Value Date Range: From   Mar 21, 2011  To  Mar 21, 2011

Credit Account(s) : All selected

Amount Range: From                 To                      Payment Currency :

Payment Currency:     CAD

| | | | |
|---|---|---|---|
| Value Date: | Mar 21, 2011 | | |
| Date Received: | Mar 21, 2011 | Amount: | 20,000.00 CAD |
| Bank Ref Number: | 0593 | | |
| Beneficiary Ref Number: | 110318501296 | Credit Account: | ▬ |
| Ordering Customer or Bank: | 8666 | | |
| | INTERNATIONAL OIL TRADING CO LTD | | |
| | ONE N FEDERAL HIGHWAY STE 500 | | |
| | BOCA RATON,FL 334323954 | | |

Intermediary Institution:

Information to Receiver:     /RFB/07700053//
                            FILE NUMBER 10 4160
                            SARGEANT···
                            /RFB/07700053//
                            FILE NUMBER 10 4160
                            SARGEANT

SAC / 10-4160

Total Payment Amount:          20,000.00          Number of Wire Payments:  1

*** End of Report ***

Al-Saleh v. Sargeant et al.                Highly Confidential                       BH 001

NOT A CERTIFIED COPY

CH32 1300 B3          6/13/2011 4:40:22 PM   PAGE   2/002   Fax Server

ROYAL BANK OF CANADA                          ROYAL FUNDS TRANSFER

Repaired

Branch Ref No...00762-11161-146576            Value Date.....2011 JUN 13
ICN..........   110610-343291 From OIC Send Ref.... 110610500794

Payment Amount...........$        7,322.81 USD Charges For... Beneficiary
Fees         .........$        Billed Monthly
Net Payment Amount.......$
Client Rate..............   0.95690000             Serial No.....
Client Receives..........$        (7,007.20 CAD)
Client billed monthly as per negotiated fee.

Beneficiary Account:          ▇▇-0
Assigned Transit: ▇▇▇..
Beneficiary  Customer:                    Account With Bank: (        00010 )
BULL, HOUSSER+TUPPER - TRUST ACC           RBC MAIN BRANCH VANCOUVER BC
VANCOUVER BC CANADA                        MAIN BR ROYAL CTR - TRANSIT 00010
                                           1025 WEST GEORGIA STREET
  .1350   .                                VANCOUVER CANADA

Ordering Customer:                         Ordering Bank:
INTERNATIONAL OIL TRADING CO LTD
ONE N FEDERAL HIGHWAY STE 500
BOCA RATON,FL 334323954

Received From: ( 00762 )                   Intermediary Bank:
COMERICA BK.,DETROIT +RS
P.O. BOX 64200

DETROIT UNITED STATES

Details of Payment:                        Bank to Bank Information:
/RFB/16100048                              Credit Account Under Advice

Comments:

10-4160 / JWB

NOT A CERTIFIED COPY

Incoming Wires - Report

Diana McGonigal , BULL HOUSSER TUPPER
Report Creation Date: Jul 21 2011 at 12:29:40 PM ET

Value Date Range: From   Jul 20 2011   To   Jul 21 2011

Credit Account(s) :   2 selected

Amount Range: From              To                    Payment Currency :

Payment Currency:     USD

| | | | |
|---|---|---|---|
| Value Date: | Jul 20 2011 | | |
| Date Received: | Jul 20 2011 | Amount: | 25,000.00 USD |
| Bank Ref Number: | 0383 | | |
| Beneficiary Ref Number: | 110720501153 | Credit Account: | 16981 |
| Ordering Customer or Bank: | | | |

INTERNATIONAL OIL TRADING CO LTD
ONE N FEDERAL HIGHWAY STE 500
BOCA RATON FL 334323954

Intermediary Institution:

Information to Receiver:    /RFB/1058586
                           /RFB/1058586

*9400*
*23500.00*

Total Payment Amount:     25,000.00        Number of Wire Payments:

*** End of Report ***

FOR DEPOSIT ONLY IN
The Royal Bank of Canada
TO THE CREDIT OF
BULL, HOUSSER & TUPPER LLI

Al-Saleh M Salah et al.          Highly Confidential                    BH 003

3

CH37 1321 B3          7/25/2011 2:43:38 PM   PAGE    3/004    Fax Server

CH30 1300 B3          7/25/2011 2:32:55 PM   PAGE    2/003    Fax Server
RPX & RFT - RBC Foreign Exchange and Payments System                    Page 1 of 2

RPX & RFT - RBC Foreign Exchange and Payments System

> Main Menu    Payment Inquiry                                    Print    Help    Exit

## Payment Inquiry                                                    2011 Jul 25

Transaction Details - Completed

| | | | |
|---|---|---|---|
| Branch Ref No: | 00762-11208-149706 | Value Date: | 2011 JUL 22 |
| ICN:  110722-282012 | From:  OIC | Send Ref: | 110722500473 |
| Payment Amount: | 150,000.00  USD | Charge for: | Beneficiary |
| Fees : | Billed Monthly | Client billed monthly as per negotiated fee. | |
| Net Payment Amount: | | | |
| 36 - Rate: | 1.00000000 | Serial No: | |
| Client Receives Amount: | 150,000.00  USD | CREDIT ON 2011 07 22 | |

59a - Beneficiary Customer
  Beneficiary Account:        {895-3 DDA
  Assigned Transit:

  Name:                       BULL HOUSSER TUPPER TRUST ACCOUNT
  Address:                    VANCOUVER BC CANADA

                                                  ·1350
  Telephone:

57a - Account With Institution
  Name:                       RBC MAIN BRANCH VANCOUVER BC
  (  0009  00010 )           MAIN BR ROYAL CTR - TRANSIT 00010
  Address:                    1025 WEST GEORGIA STREET
                                VANCOUVER      CANADA

50a - Ordering Customer:       INTERNATIONAL OIL TRADING CO LTD
  Account:
  Address:                    ONE N FEDERAL HIGHWAY STE 500
                                BOCA RATON,FL.334329954
  Telephone:

52a - Ordering Institution
  Name:
  Address:

Received From:                 COMERICA BK.,DETROIT     +RS
Address:                       P.O. BOX 84200

                                                07/25/11

Al-Saleh v. Sargeant et al.          Highly Confidential                    BH 004

NOT A CERTIFIED COPY

CH37 1321 B3          7/25/2011 2:43:38 PM   PAGE   4/004   Fax Server

CH30 1300 B3          7/25/2011 2:32:55 PM   PAGE   3/003   Fax Server

RFX & RFT - RBC Foreign Exchange and Payments System                    Page 2 of 2

                              DETROIT      UNITED STATES

56a - Intermediary Institution
    Name:
    Address:

70 - Remittance Information:              /RFB/1008515

72 - Sender To Receiver Information:

23B - Bank Operation Code:

RBC Internal Comments:

Operation Information Required:   [N Y]

Royal Bank of Canada 2005

Build 67.01

NOT A CERTIFIED COPY

07/25/11

Al-Saleh v. Sargeant et al.          Highly Confidential                    BH 005

Incoming Wires - Report :

Diana McGonigal , BULL HOUSSER TUPPER
Report Creation Date: Aug 09 2011 at 03:13:31 PM ET

Value Date Range: From   Aug 09 2011  To  Aug 09 2011

Credit Account(s) : All selected

| Amount Range: From | To | Payment Currency : |
|---|---|---|

Payment Currency USD

| Value Date: | Aug 09 2011 | | |
|---|---|---|---|
| Date Received: | Aug 09 2011 | Amount: | 25,000.00  USD |
| Bank Ref Number: | 2981 | | |
| Beneficiary Ref Number: | 110809500279 | Credit Account: | -6961 |
| Ordering Customer or Bank: | INTERNATIONAL OIL TRADING CO LTD<br>ONE N FEDERAL HIGHWAY STE 500<br>BOCA RATONFL 384323954 | | |

Intermediary Institution:

Information to Receiver:    /RFB/1135293
                           /RFB/1135293

Total Payment Amount:    25,000.00    Number of Wire Payments: 1

*** End of Report ***

4

Al-Saleh v. Sargeant et al.                    Highly Confidential                    BH 006

NOT A CERTIFIED COPY

Incoming Wires - Report

Diana McGonigal , BULL HOUSSER TUPPER
Report Creation Date: Aug 12 2011 at 06:33:48 PM ET

Value Date Range: From    Aug 12 2011  To  Aug 12 2011

Credit Account(s) : All selected

Amount Range: From                To                    Payment Currency :

*B  .97021/*

*S  1.0076*

Payment Currency:     USD

Value Date:              Aug 12 2011
Date Received:           Aug 12 2011          Amount:              25,000.00 USD  ✓
Bank Ref Number:         :9522
Beneficiary Ref Number:  110812500668        Credit Account:             :6961  *US general acct*
Ordering Customer or Bank:    :8666
                         INTERNATIONAL OIL TRADING CO LTD
                         ONE N FEDERAL HIGHWAY STE 500          *CA$ 24,255.00*
                         BOCA RATON FL 334323954

Intermediary Institution:

Information to Receiver:  /RFB/1157918
                         /RFB/1157918            *10 - 4160*

                                              *287001*

        Total Payment Amount:       38,945.46            Number of Wire Payments:   2

                                *** End of Report ***

                                                              *61989*

                                        *SWB*

Al-Saleh v. Sargeant et al.              Highly Confidential                    BH 007

*NOT A CERTIFIED COPY*

Incoming Wires - Report

Diana McGonigal , BULL HOUSSER TUPPER
Report Creation Date: Sep 02 2011 at 06:20:50 PM ET

Value Date Range: From   Sep 02 2011   To   Sep 02 2011

Credit Account(s) : All selected

Amount Range: From            To                     Payment Currency :

**Payment Currency:       USD**

| | |
|---|---|
| Value Date: | Sep 02 2011 |
| Date Received: | Sep 02 2011 |
| Bank Ref Number: | 9787 |
| Beneficiary Ref Number: | 110902501641 |
| Ordering Customer or Bank: | 8666 |

Amount:            25,000.00  USD ✓

Credit Account:            6961    U.S. gen acct.

INTERNATIONAL OIL TRADING CO LTD
ONE N FEDERAL HIGHWAY STE 500
BOCA RATON FL 334323954

Intermediary Institution:

*287001*            *10-4160*
*Sargeant Re world pay*

Information to Receiver:   /RFB/1272298
                          /RFB/1272298          *SWB*

*9842*
*24,605.001*

Total Payment Amount:            25,000.00            Number of Wire Payments:   1

*** End of Report ***

*62214   Sept 2*

Al-Saleh v. Sargeant et al.            Highly Confidential            3            BH 008

Incoming Wires - Report

Shaynez Nathani , BULL HOUSSER TUPPER
Report Creation Date: Sep 16 2011 at 12:50:23 PM ET

Value Date Range: From    Sep 16 2011   To   Sep 16 2011

Credit Account(s) : All selected

Amount Range: From            To                          Payment Currency :

Payment Currency:-    USD

Value Date:              Sep 15 2011
Date Received:           Sep 15 2011              Amount:          25,000.00  USD
Bank Ref Number:                    2267
Beneficiary Ref Number:  110915601248            Credit Account:
Ordering Customer or Bank:  ▮▮▮
                         INTERNATIONAL OIL TRADING CO LTD
                         ONE N FEDERAL HIGHWAY STE 800
                         BOCA RATONFL 334323954

Intermediary Institution:

Information to Receiver:   JRFB/1326093
                          JRFB/1326093

10-4160

@ 1:30.
     .9719

24,297.50

NOT A CERTIFIED COPY

Al-Salah v. Sargeant et al.              Highly Confidential                    BH 009

CH28 1301 B3          9/22/2011 1:39:08 PM  PAGE   2/002   Fax Server

Page 1 of 1

ROYAL BANK OF CANADA                                    ROYAL FUNDS TRANSFER

Notify & Pay

Branch Ref No...00762-11264-130183          Value Date.....2011 SEP 21
ICN...........  110921-338555 From OIC Send Ref.... 110921500343

Payment Amount...........$       20,000.00 USD Charges For:.. Beneficiary
Fees          .........$        0.00 USD
Net Payment Amount.......$       20,000.00 USD
Client Rate................              Serial No.....
Client Receives..........$       20,000.00 USD

Beneficiary Account:

Beneficiary  Customer:                 Account With Bank:        00010 )
BULL HOUSSER TUPPER TRUST ACCOUNT      RBC MAIN BRANCH VANCOUVER BC
VANCOUVER BC CANADA                    MAIN BR ROYAL CTR - TRANSIT 00010
                                       1025 WEST GEORGIA STREET
    1350                               VANCOUVER CANADA

Ordering Customer:                     Ordering Bank:
INTERNATIONAL OIL TRADING CO LTD
ONE N FEDERAL HIGHWAY STE 500
BOCA RATON, FL 334323954

Received From: ( 00762 )               Intermediary Bank:
COMERICA BK..DETROIT +RS
P.O. BOX 64200

DETROIT UNITED STATES

Details of Payment:                    Bank to Bank Information:
/RFB/1344319//                         Notify and Pay
MEMO-OFFSHORE INTERIORS

Comments:

10-4160 / KES

→ $20,226.00 CAD

NOT A CERTIFIED COPY

https://webocs2.fg.rbc.com/secureapp/yxb0/ftfx/PrintingConfidential.do    2011/09/2010

CH35 1901 B3          8/30/2011 2:48:32 PM   PAGE   2/002   Fax Server

Page 1 of 1

ROYAL BANK OF CANADA                               ROYAL FUNDS TRANSFER

Repaired

Branch Ref No...00762-11272-137193              Value Date.....2011 SEP 30
ICN............   110929-434182  From OIC  Send Ref.... 110929501327

Payment Amount...........$              34,178.07 USD Charges For... Beneficiary
Fees          .........$              Billed Monthly
Net Payment Amount.......$
Client Rate...............   1.03090000              Serial No.....
Client Receives..........$          35,234.17 CAD
Client billed monthly as per negotiated fee.

Beneficiary Account: .          -135-0
Assigned Transit:  00010
Beneficiary  Customer:                  Account With Bank:       00010 )
BULL, HOUSSER TUPPER TRUST ACCOUNT      RBC MAIN·BRANCH VANCOUVER BC
VANCOUVER BC CANADA                     MAIN.BR.ROYAL CTR - TRANSIT 00010
                                        1025 WEST GEORGIA STREET
   1350                                 VANCOUVER CANADA

Ordering Customer:                      Ordering Bank:
INTERNATIONAL OIL TRADING CO LTD
ONE N FEDERAL HIGHWAY STE 500
BOCA RATON,FL 334323954

Received From: ( 00762 )                Intermediary Bank:
COMERICA BK.,DETROIT +RS
P.O. BOX 64200

DETROIT UNITED STATES

Details of Payment:                     Bank to Bank Information:
/RFB/1397353                            Credit Account

Comments:

NOT A CERTIFIED COPY

https://webpc2.fg.rbc.com/secureapp/yxb0/ftfx/PrintIncomingPayment.do          2011/09/30

ROYAL BANK OF CANADA                                    ROYAL FUNDS TRANSFER

Repaired

Branch Ref No...00762-11272-137697                 Value Date.....2011 SEP 30
ICN...........   110929-369066  From OIC  Send Ref.... 110929500691

Payment Amount.............$           25,211.29 USD Charges For.... Beneficiary,
Fees           .........$           Billed Monthly
Net Payment Amount.......$
Client Rate..............   1.03090000            Serial No.....
Client Receives.........$           25,990.32 CAD
Client billed monthly as per negotiated fee.

Beneficiary Account:            ■-0
Assigned Transit: 00010
Beneficiary  Customer:                   Account With Bank:  (        00010 )
BULL HOUSSER TUPPER TRUST ACCOUNT         RBC MAIN BRANCH VANCOUVER BC
VANCOUVER BC CANADA                       MAIN BR ROYAL CTR ~ TRANSIT 00010
                                          1025 WEST GEORGIA STREET
   1350                                   VANCOUVER CANADA

Ordering Customer:                        Ordering Bank:
INTERNATIONAL OIL TRADING CO LTD
ONE N FEDERAL HIGHWAY STE 500
BOCA RATON, FL 334323954

Received From:  ( 00762 )                 Intermediary Bank:.
COMERICA BK., DETROIT +RS
P.O. BOX 64200

DETROIT UNITED STATES

Details of Payment:                       Bank to Bank Information:
/RFB/1398686                              Credit Account

Comments:

NOT A CERTIFIED COPY

CH17 1321 B2          11/3/2011 5:56:12 PM   PAGE   2/002   Fax Server

ROYAL BANK OF CANADA                                    ROYAL FUNDS TRANSFER

Repaired

Branch Ref No...00762-11307-147585          Value Date.....2011 NOV 03
ICN..........  111103-303068  From OIC  Send Ref.... 111103500359

Payment Amount...........$          25,000.00 USD Charges For.... Beneficiary
Fees         .........$          Billed Monthly
Net Payment Amount.......$
Client Rate..............   0:99080000.                 Serial No.....
Client Receives........:.$          24,770.00 CAD
Client billed monthly as per negotiated fee.

Beneficiary Account:         103-8
Assigned Transit: 00010
Beneficiary Customer:                        Account With Bank: (        0010 )
BULL HOUSSER TUPPER TRUST ACCOUNT            RBC MAIN BRANCH VANCOUVER BC
VANCOUVER BC CANADA                          MAIN BR ROYAL CTR - TRANSIT 00010
                                             1025 WEST GEORGIA STREET
-1350                                        VANCOUVER CANADA

Ordering Customer:                           Ordering Bank:
INTERNATIONAL OIL TRADING CO LTD
ONE N. FEDERAL HIGHWAY STE 500
BOCA RATON, FL 334323954

Received From: ( 00762 )                     Intermediary Bank:
COMERICA BK., DETROIT +RS
P.O. BOX 64200

DETROIT UNITED STATES

Details of Payment:                          Bank to Bank Information:
/RFB/1638246                                 Credit Account Under Advice

Comments: DZB CHAND FOR LEYLA -KYM

NOT A CERTIFIED COPY

Al-Salen v. Sargeant  Highly Confidential

BH 01
2011/11/03

CH13 1300 B2          11/18/2011 1:42:34 PM   PAGE   2/004    Fax Server

ROYAL BANK OF CANADA                                    ROYAL FUNDS TRANSFER

Notify & Pay

Branch Ref No...00762-11321-149983          Value Date.....2011 NOV 17
ICN...........  111117-370986 From OIC  Send Ref.... 111117501185

Payment Amount...........$      10,000.00 USD Charges For... Beneficiary
Fees          .........$         0.00 USD
Net Payment Amount.......$      10,000.00 USD
Client Rate...............            Serial No.....
Client Receives.........$       10,000.00 USD

Beneficiary Account:

Beneficiary Customer:                    Account With Bank:  (          )
BULL HOUSSER TUPPER TRUST ACCOUNT        RBC MAIN BRANCH VANCOUVER BC
VANCOUVER BC CANADA                      MAIN BR ROYAL CTR - TRANSIT 00010
                                         1025 WEST GEORGIA STREET
   1350                                  VANCOUVER CANADA

Ordering Customer:                       Ordering Bank:
INTERNATIONAL OIL TRADING CO LTD
ONE N FEDERAL HIGHWAY STE 500
BOCA RATON, FL 334323954

Received From: ( 00762 )                 Intermediary Bank:
COMERICA BK.,DETROIT +RS
P.O. BOX 54200

DETROIT UNITED STATES

Details of Payment:                      Bank to Bank Information:
/RFB/1720436                             Notify and Pay

Comments:

USD| . 10·4160 / KES

NOT A CERTIFIED COPY

CH45 1321 B3          12/8/2011 11:30:21 AM  PAGE  3/003   Fax Server

ROYAL BANK OF CANADA                                ROYAL FUNDS TRANSFER

Notify & Pay

Branch Ref.No...00762-11341-144671            Value Date.....2011 DEC 07
ICN...........  111207-402507 From OIC Send Ref.... 111207501149

Payment Amount..........$          25,000.00 USD Charges For... Beneficiary
Fees       .........$               0.00 USD
Net Payment Amount.......$         25,000.00 USD
Client Rate...............                    Serial No.....
Client Receives..........$         25,000.00 USD

Beneficiary Account: 00010

Beneficiary  Customer:               Account With Bank: (      ███   )
BULL HOUSSER TUPPER TRUST ACCOUNT    RBC MAIN BRANCH VANCOUVER BC
VANCOUVER BC CANADA.                 MAIN BR ROYAL CTR - TRANSIT 00010
                                     1025 WEST GEORGIA STREET
-1350-        -696-3                 VANCOUVER CANADA

Ordering Customer:                   Ordering Bank:
INTERNATIONAL OIL TRADING CO LTD
ONE N FEDERAL HIGHWAY STE 500
BOCA RATON, FL 334323954

Received From: ( 00762 )             Intermediary Bank:
COMERICA BK.,DETROIT +RS
P.O. BOX 64200

DETROIT UNITED STATES

Details of Payment:                  Bank to Bank Information:
/RFB/1826144                         Notify and Pay

Comments:

10 - 41160/ JWB.

NOT A CERTIFIED COPY

CH17 1300 B2        2/8/2012 5:23:52 PM   PAGE   2/002   Fax Server

Page 1 of 1

ROYAL BANK OF CANADA                          ROYAL FUNDS TRANSFER

Notify & Pay

Branch Ref No...00762-12039-148983          Value Date.....2012 FEB 08
ICN...........  120208-300095  From OIC Send Ref.... 120208500347

Payment Amount...........$          25,174.30 USD Charges For... Beneficiary
Fees         ..........$               0.00 USD
Net Payment Amount.......$          25,174.30 USD
Client Rate................              Serial No:....
Client Receives..........$          25,174.30 USD

Beneficiary Account:

Beneficiary  Customer:                      Account With Bank: ({        00010 )
BULL HOUSSER TUPPER TRUST ACCOUNT           RBC MAIN BRANCH VANCOUVER BC
VANCOUVER BC CANADA                         MAIN BR ROYAL CTR ~ TRANSIT 00010
                                            1025 WEST GEORGIA STREET
  ˉ1350                                      VANCOUVER CANADA

Ordering Customer:                          Ordering Bank:
INTERNATIONAL OIL TRADING CO LTD
ONE N FEDERAL HIGHWAY STE 500.
BOCA RATON, FL 334323954

Received From: ( 00762 )                    Intermediary Bank:
COMERICA BK., DETROIT +RS
P.O. BOX 64200

DETROIT UNITED STATES

Details of Payment:                         Bank to Bank Information:
/RFB/2157447                                Notify and Pay

Comments:

10-4160 / JWB

$ 24,688.44 CAD

NOT A CERTIFIED COPY

CH16 1300 B2   .   6/7/2012 10:44:18 AM   PAGE   2/003   Fax Server

Page 1 of 1

ROYAL BANK OF CANADA                                    ROYAL FUNDS TRANSFER

Notify & Pay                           08
Branch Ref No...00762-12158-141775          Value Date.....2012 JUN 06
ICN...........   120606-494805  From OIC  Send Ref.... 120606501421

Payment Amount..........$        6,625.16 USD  Charges For... Beneficiary
Fees          .........$             0.00 USD
Net Payment Amount.......$        6,625.16 USD
Client Rate..............                        Serial No.....
Client Receives..........$       6,625.16 USD    " 6,683.46  CDN

Beneficiary Account:

Beneficiary Customer:                   Account With Bank: ( 00003 00010 )
BULL HOUSSER TUPPER TRUST ACCOUNT       RBC MAIN BRANCH VANCOUVER BC .
VANCOUVER BC CANADA                     MAIN BR ROYAL CTR - TRANSIT 00010
                                        1025 WEST GEORGIA STREET
  1350    103-8                         VANCOUVER CANADA

Ordering Customer:                      Ordering Bank:
INTERNATIONAL OIL TRADING CO LTD
ONE N FEDERAL HIGHWAY STE 500
BOCA RATON, FL 334323954

Received From: ( 00762 ).
COMERICA BK.,DETROIT +RS               Intermediary Bank:
P.O. BOX 64200

DETROIT UNITED STATES

Details of Payment:                     Bank to Bank Information:
/RFB/2902998//                          Notify and Pay
INVOICE 306088


Comments:

10-4160

NOT A CERTIFIED COPY

Al-Saleh v. Sargeant et al.          Highly Confidential              2012/06/07
                                                                     BH 021

CH39 1320 83          6/11/2012 1:55:55 PM   PAGE   2/003   Fax Server

Page 1 of 1

ROYAL BANK OF CANADA                              ROYAL FUNDS TRANSFER

Notify & Pay

Branch Ref No...00762-12160-145745          Value Date.....2012 JUN 05   /2
ICN...........  120608-412393  From OIC Send Ref.... 120608501289

Payment Amount............$          34,368.36 USD Charges. For.....Beneficiary.
Fees          .........$              0.00 USD
Net Payment Amount.......$          34,368.36 USD
Client Rate...............                          Serial No.....
Client Receives..........$          34,368.35 USD     $34,839.21 CDN ✓

Beneficiary Account:

Beneficiary  Customer:                      Account With Bank:  ( ▆▆▆▆▆ )
BULL HOUSSER TUPPER TRUST ACCOUNT           RBC MAIN BRANCH VANCOUVER BC
VANCOUVER BC CANADA                         MAIN BR ROYAL CTR - TRANSIT 00010
                                            1025 WEST GEORGIA STREET
    1550   /038                             VANCOUVER CANADA

Ordering Customer:                          Ordering Bank:
INTERNATIONAL OIL TRADING CO LTD
ONE N FEDERAL HIGHWAY STE 500
BOCA RATON, FL 334323554

Received From: ( 00762 )                    Intermediary Bank:
COMERICA BK.;DETROIT +RS
P.O. BOX 64200

DETROIT UNITED STATES

Details of Payment:                         Bank to Bank Information:
/RFB/2913909//                              Notify and Pay
304417

                    30 6088

Comments:

NOT A CERTIFIED COPY

Al-Saleh v. Sargeant et al.          Highly Confidential          2012/06/11
                                                                  BH 022

# EXHIBIT O

September 13, 2013

Rodrigo Da Silva
Astigarraga Davis Mullins & Grossman PA
701 Brickell Avenue, Suite 1650
Miami, FL 33131

Dear Attorney Da Silva:

Subject:      Mohammad Anwar Farid Al Saleh v Harry Sargeant III, et al
              Case No.: 50-2008 CA 010187 XXXX MB AJ
              Our Reference No. 12-0695

In response to your subpoena regarding the matter referenced above, enclosed are
copies of the following bank records for the accounts captioned below:

1) **Account No.** ⬛⬛⬛13-5
   Caption:      Sargeant Marine Inc.
   Open date:    September 24, 2008
   Close date:   June 29, 2012
   Records:      Statements for the time period of September 24, 2008 through
                 June 30, 2012.

2) **Account No.** ⬛⬛⬛35-7
   Caption:      Sargeant Marine SA
   Open date:    August 3, 2010
   Records:      Statements for the time period of August 3, 2010 through
                 August 31, 2013.

3) **Account No.** ⬛⬛⬛
   Caption:      Harry Sargeant III
                 Daniel Sargeant, Annette Perez Sr Accountant
                 Global Oil Financial Services
   Open date:    August 26, 2009
   Records:      Payments were auto debited from account #⬛⬛8666
                 held in the name of INTERNATIONAL OIL TRADING
                 COMPANY LTD.

4) <u>Account No.</u> ███████████
   Caption:   Carribean Charter Holdings LTD
              Attn Angela Marino
   Records:   Payments were auto debited from account #████████ held
              in the name of CARIBBEAN CHARTER HOLDINGS LTD.

5) <u>Account No.</u> ████████████████
   Caption:    BTB Refining LLC
   Open date:  August 26, 2009
   Records:    Annual payments are auto debited from account
               #████68591 held in the name of BTB Refinancing LLC.

6) <u>Account No.</u> ██████████8356
   Caption:    Palm Beach Aviation Inc c/o Kevin Kirkeide
   Open date:  July 30, 2008
   Records:    Payments are auto debited from account #███████ held
               in the name of Palm Beach Aviation Inc.

Due to Comerica Bank's policy regarding our customers' privacy, the first five digits of the social security number have been redacted.

The blackened out lines on the enclosed statements, represents activity outside the scope of your request.

Per my search, based on the information provided by you, and found no lending and/or depository accounts held in the name of   with *Comerica Bank* for  the time period specified by you.

If you have any questions regarding these records, please feel free to contact me.

Sincerely,

*Cornelia C. Allen*

Cornelia Allen
Workflow Coordinator
Research, Subpoena & Internal Services
(734) 632-3224/MC 7546

Enclosures

**Comerica Bank**

## Automatic Loan Payment Authorization

145

| | | |
|---|---|---|
| Obligor Name: | Daniel Sargeant & Harry Sargeant III | Date: 10-19-09 |
| Obligor Number: | ████4590 | Cost Center: 92782 |
| Address: | Attn Kevin Kirkeide, Iotc Usa, 1 N Federal Hwy #500 | Boca Raton FL 33432 |

Street Address     City     State     ZIP Code

The undersigned hereby authorizes COMERICA BANK ("Bank") to charge to account designated below for the payments due on the loan(s) as designated below and all renewals, extensions, modifications and/or substitutions thereof. This authorization will remain in effect unless the undersigned requests a modification that is agreed to by the bank in writing. The undersigned remains fully responsible for all amounts outstanding to the Bank if the designated account is insufficient for repayment.

☒ Automatic Payment Authorization for **all** payments <u>on all current and future borrowings</u>, as and when such payments come due (which payments include, without limitation, principal, interest, fees, costs, & expenses)

☐ Automatic Payment Authorization for <u>all</u> payments <u>on only the specific borrowing identified below</u>, as and when such payments come due (which payments include, without limitation, principal, interest, fees, costs, & expenses)

Specific Obligation Number: _____

☐ Automatic Payment Authorization for less than **all** payments <u>on only the specific borrowing identified below</u>, as and when such payments come due.

Specific Obligation Number: _____

Charge bank account for: ☐ Principal & Interest only    ☐ Principal Only
☐ Interest Only    ☐ Special (See Below)

Special Instructions:

_____
_____
_____

### Payment Due Date

Your loan payments will be charged to your account as indicated above on the dates such payments become due (or on a date thereafter when there are available funds) unless that day is Saturday, Sunday, or holiday in which case such payments will be charged on the following business day, with interest to accrue during this extension as provided under the loan documents.

Account to be charged:     ☒ Checking     ☐ Savings

Comerica Account Number: ████8666     Routing/Transit Number: ████2099

Non-Comerica Account Number: _____     Routing/Transit Number: _____

Charges to account are withdrawals pursuant to account resolution.

By _____     Its: C FO
SIGNATURE OF KEVIN KIRKEIDE     Title (if applicable)

By _____     Its: _____
SIGNATURE OF I     Title (if applicable)

NOT A CERTIFIED COPY

02   COMERICA BANK

SERV UNIT   00000

LOAN INTEREST AND PRINCIPAL STATEMENT

CUSTOMER NUMBER   ███459-0

DATE 12-31-12

| | | | | | |
|---|---|---|---|---|---|
| 083112 | PRIN-001 | | 25000000CR | | 740000000 |
| 090412 | INT-100 | 2362650CR | | 22422192 | |
| 092812 | PRIN-001 | | 25000000CR | 715000000 | |
| 101012 | INT-100 | 3568270CR | | 25990462 | |
| 103112 | PRIN-001 | | 25000000CR | | 690000000 |
| 103112 | INT-100 | 2118974CR | | 28109436 | |
| 331275 | 110112 | | | | |
| 113012 | PRIN-001 | | 25000000CR | | 665000000 |
| 113012 | INT-100 | 2029430CR | | 30138866 | |
| | | | | 30138866 | 665000000 |

TOTAL   123112

FOR PERIOD STARTING 01-01-12

AND ENDING 12-31-12

| | |
|---|---|
| HARRY SARGEANT III | PRINCIPAL PAID   2,750,000.00 |
| DANIEL SARGEANT | INTEREST/FEE PAID   300,096.18 |
| ANNETTE PEREZ / SR. ACCOUNTANT | LATE CHGS PAID   1,292.48 |
| GLOBAL OIL FINANCIAL SERVICES | |
| 925 S. FEDERAL HIGHWAY STE 375 | |
| BOCA RATON  FL   33432 | |
| | TOTAL AMOUNT PAID   3,051,388.66 |
| | THIS PERIOD |

NOT A CERTIFIED COPY

Cornelia

```
LON1 REQ: 0464              OFFICER INQUIRY    09/19/13    PAGE 0004 OF 0005
BANK: 02    AP: 1    OBGOR: ████4590    OBGAT: 0000000026    SARGENT HARRY I
DATE:          CHG CODE:        INVOICE/ITEM:              PAGE:
BAL TYPE: 000        PRINCIPAL
TRAN     DESCRIPTION      EFFECT                              RUNNING
CODE                      DATE        RATE--OR--TRAN AMT      BALANCE
4042 CURR PRIN PYMNT     10-31-12          250,000.00-     6,900,000.00
1350 NEW ACCRUAL         11-01-12     3.31275000           6,900,000.00
4022 CURR INT PAYMNT     11-30-12           20,294.30-
4042 CURR PRIN PYMNT     11-30-12          250,000.00-     6,650,000.00
4022 CURR INT PAYMNT     01-04-13           18,289.14-
4042 CURR PRIN PYMNT     01-04-13          250,000.00-     6,400,000.00
1350 NEW ACCRUAL         02-01-13     3.29550000           6,400,000.00
4022 CURR INT PAYMNT     02-05-13           17,714.01-
4042 CURR PRIN PYMNT     02-05-13          150,000.00-     6,250,000.00
4022 CURR INT PAYMNT     03-20-13           16,074.71-
4042 CURR PRIN PYMNT     03-20-13          250,000.00-     6,000,000.00
4022 CURR INT PAYMNT     04-03-13           17,736.20-
4032 CUR FLAT FEE PY     04-03-13           18,303.30-
4042 CURR PRIN PYMNT     04-03-13          268,303.30-     5,731,696.70
4042 CURR PRIN PYMNT     04-03-13          250,000.00-     5,481,696.70
4542 PRIN PYMNT RVSL     04-03-13          268,303.30      5,750,000.00
1350 NEW ACCRUAL         05-01-13     3.27310000           5,750,000.00
```

NOT A CERTIFIED COPY

Date: 9/20/2013 Time: 9:22:17 AM

Cornelia

```
LON1 REQ: 0464              OFFICER INQUIRY    09/19/13   PAGE 0005 OF 0005
BANK: 02    AP: 1    OBGOR: ██████4590   OBGAT: 0000000026    SARGENT HARRY I
DATE:           CHG CODE:        INVOICE/ITEM:              PAGE:
BAL TYPE: 000       PRINCIPAL
TRAN    DESCRIPTION      EFFECT                              RUNNING
CODE                     DATE        RATE--OR--TRAN AMT      BALANCE
4022 CURR INT PAYMNT    07-01-13          47,452.08-
4032 CUR FLAT FEE PY    07-01-13          26,640.69-
4042 CURR PRIN PYMNT    07-01-13         175,907.23-       5,574,092.77
1350 NEW ACCRUAL        08-01-13    3.26560000            5,574,092.77
4022 CURR INT PAYMNT    08-26-13          15,710.60-
4042 CURR PRIN PYMNT    08-26-13         250,000.00-       5,324,092.77
```

NOT A CERTIFIED COPY

Date: 9/20/2013 Time: 9:22:21 AM

# EXHIBIT P

**Commercial Checking** statement
March 1, 2013 to March 31, 2013

# Commercial Checking account details: ████8666

## Electronic deposits this statement period

| Date | Amount ($) | Activity | Reference numbers Customer | Bank |
|---|---|---|---|---|
| Mar 07 | 30,000.00 | Wire # 003460 Org Rafferty, Kobe Fed # 000664 | | 9485000116 |
| Mar 12 | 18,000.00 | Wire # 006884 Org Rafferty, Kobe Fed # 001692 | | 9485000091 |
| Mar 18 | 250,000.00 | Wire # 003040 Org Rafferty, Kobe Fed # 000410 | | 9485000107 |
| Mar 19 | 100,000.00 | Wire # 004727 Org Rafferty, Kobe Fed # 001087 | | 9485000090 |
| Mar 21 | 100,000.00 | Wire # 003790 Org Rafferty, Kobe Fed # 000754 | | 9485000101 |
| Mar 27 | 30,000.00 | Wire # 003225 Org Rafferty, Kobe Fed # 000343 | | 9485000119 |

Total Electronic Deposits: $528,000.00
Total number of Electronic Deposits: 6

## Transfers from other accounts this statement period

| Date | Amount ($) | Activity | | Bank reference number |
|---|---|---|---|---|
| Mar 04 | 5,000.00 | Tmw Funds Transfer From Account | ████████ | ████████ |
| Mar 11 | 75,000.00 | Tmw Funds Transfer From Account | ████████ | ████████ |
| Mar 20 | 50,000.00 | Tmw Funds Transfer From Account | ████████ | ████████ |
| Mar 21 | 50,000.00 | Tmw Funds Transfer From Account | ████████ | ████████ |
| Mar 27 | ████.00 | Tmw Funds Transfer From Account | ████████ | ████████ |
| Mar 27 | 3,000.00 | Tmw Funds Transfer From Account | ████████ | |

Total Transferred from Other Accounts: $808,800.00
Total number of Transfers from Other Accounts: 6

## Checks paid this statement period

\* This symbol indicates a break in check number sequence
\# This symbol indicates an original item not enclosed
e This symbol indicates a break in check number sequence and an original item not enclosed

| Check number | Amount ($) | Date paid | Bank reference number | Check number | Amount ($) | Date paid | Bank reference number |
|---|---|---|---|---|---|---|---|
| # 1909 | -63.87 | Mar 19 | 0970895281 | e 1933 | -1,420.00 | Mar 25 | 0971808949 |
| e 1922 | -2,640.00 | Mar 04 | 0974976402 | e 2495 | -10,000.00 | Mar 18 | 0930001449 |
| # 1923 | -392.15 | Mar 12 | 0930001343 | e 2497 | -10,000.00 | Mar 11 | 0930000679 |
| # 1924 | -1,420.00 | Mar 05 | 0930001020 | # 2498 | -5,000.00 | Mar 11 | 0930001450 |
| # 1925 | -1,728.18 | Mar 11 | 0930001180 | # 2499 | -5,000.00 | Mar 11 | 0930001449 |
| e 1931 | -484.42 | Mar 29 | 0973038226 | | | | |

Total checks paid this statement period: -$38,148.62
Total number of checks paid this statement period: 11

## Electronic withdrawals this statement period

| Date | Amount ($) | Activity | Reference numbers Customer | Bank |
|---|---|---|---|---|
| Mar 01 | -5,500.00 | Wire # 014652 Bnf Mervyn Monger  Fed # 000118 | | 9485000270 |
| Mar 01 | -333.61 | Comcast Wp South Efts 01638 030113 | | 9488357096 |
| Mar 08 | -18,500.00 | Amex Epayment ACH Pmt 130306 | | 9488311927 |
| Mar 11 | -8,333.33 | Wire # 004100 Bnf David Millard  Fed # 000030 | | 9485000179 |
| Mar 11 | -8,333.33 | Wire # 004101 Bnf Kevin Hanebrin Fed # 000031 | | 9485000180 |
| Mar 15 | -107.18 | Tall Util Rdp Wutlha 130309 | | 9488636775 |
| Mar 18 | -4,866.52 | Wire # 500704 Bnf MI Hyang Kim   Swf # 629168 | | 9485000202 |
| Mar 18 | -6,696.38 | Att  Payment 031413 | | 9488212136 |
| Mar 19 | -15,000.00 | Wire # 008758 Bnf Palm Beach Mot Fed # 000065 | | 9485000167 |

# EXHIBIT Q

**Commercial Checking** statement
October 1, 2012 to October 31, 2012



# Commercial Checking: ⬛⬛8666

## Electronic withdrawals this statement period (continued)

Reference numbers

| Date | Amount ($) | Activity | Customer | Bank |
|------|-----------|----------|----------|------|
| Oct 10 | -35,682.70 | Wire # 004684 Bnf Commercial Ln Operations | | 9485000148 |
| Oct 10 | -5,845.01 | Wire # 004686 Bnf Sargeant Petro Fed # 000020 | | 9485000147 |
| Oct 10 | -462.72 | Usaa.com Paymnt Credit Crd 121008 | | 9488862367 |
| Oct 11 | -310.00 | Wire # 008180 Bnf Annette Perez Fed # 000046 | | 9485000157 |
| Oct 11 | -251.34 | Tall Util Wutlhassee 121011 | | 9488182306 |
| Oct 15 | -5,500.00 | Wire # 001245 Bnf Mervyn Monger  Fed # 000003 | | 9485000233 |
| Oct 15 | -5,000.00 | Wire # 001240 Bnf Carl R Glenn   Fed # 000001 | | 9485000231 |
| Oct 15 | -5,000.00 | Wire # 001244 Bnf Arno Schwamkru Fed # 000002 | | 9485000232 |
| Oct 15 | -3,500.00 | Wire # 001246 Bnf Juan Manuel Lo Fed # 000005 | | 9485000230 |
| Oct 16 | -1,753.57 | Wire # 009089 Bnf Kevin Kirkeide Fed # 000067 | | 9485000161 |
| Oct 17 | -8,577.24 | Wire # 008308 Bnf International  Fed # 000049 | | 9485000151 |
| Oct 18 | -6,777.40 | Wire # 501288 Bnf Rashad Adel-wa Swf # 517699 | | 9485000150 |
| Oct 18 | -6,250.00 | Wire # 003606 Bnf International  Fed # 000018 | | 9485000149 |
| Oct 18 | -2.99 | Barclaycard US Creditcard | | 9488828552 |
| Oct 22 | -500.00 | Wire # 010121 Bnf Annette Perez  Fed # 000081 | | 9485000162 |
| Oct 22 | -66.49 | Barclaycard US Creditcard | | 9488565607 |
| Oct 23 | -20,000.00 | Wire # 500074 Bnf Rashad Adel-wa Swf # 520049 | | 9485000160 |
| Oct 23 | -9,166.00 | Wire # 501285 Bnf Rashad Adel-wa Swf # 520716 | | 9485000159 |
| Oct 23 | -2,500.00 | Wire # 001021 Bnf Kevin Kirkeide Fed # 000001 | | 9485000158 |
| Oct 23 | -335.21 | Fpl Direct Debit Elec Pymt 10/12 | | 9488075882 |
| Oct 24 | -5,000.00 | Wire # 004716 Bnf Kevin Hanebrin Fed # 000032 | | 9485000177 |
| Oct 24 | -5,000.00 | Wire # 003311 Bnf Kevin Kirkeide Fed # 000024 | | 9485000178 |
| Oct 24 | -66.49 | Barclaycard US Creditcard | | 9488544764 |
| Oct 26 | -36,333.12 | Wire # 004328 Bnf The Great Esca Fed # 000033 | | 9485000251 |
| Oct 26 | -60,624.17 | Amex Epayment ACH Pmt 121025 | | 9488102761 |
| Oct 26 | -10,000.00 | Bv Card Assets Payment 121025 | | 9488303878 |
| Oct 29 | -252.60 | Comcast Comcast 102712 | | 9488331736 |
| Oct 29 | -76.70 | Barclaycard US Creditcard | | 9488833783 |
| Oct 30 | -261.14 | Fpl Direct Debit Elec Pymt 10/12 | | 9488375939 |
| Oct 31 | -21,189.74 | Wire # 003546 Bnf Commercial Ln Operations | | 9485000248 |
| Oct 31 | -19,897.48 | Wire # 004002 Bnf Floridian Comm Fed # 000038 | | 9485000247 |
| Oct 31 | -8,333.33 | Wire # 003547 Bnf David Millard  Fed # 000031 | | 9485000246 |
| Oct 31 | -6,001.79 | Wire # 003545 Bnf The Bank Of NE Fed # 000030 | | 9485000245 |
| Oct 31 | -5,500.00 | Wire # 003549 Bnf Mervyn Monger  Fed # 000035 | | 9485000244 |
| Oct 31 | -5,000.00 | Wire # 003551 Bnf Arno Schwamkru Fed # 000032 | | 9485000242 |
| Oct 31 | -5,000.00 | Wire # 003553 Bnf Carl R Glenn   Fed # 000033 | | 9485000243 |
| Oct 31 | -4,998.45 | Wire # 500446 Bnf MI Hyang Kim   Swf # 527020 | | 9485000241 |
| Oct 31 | -3,500.00 | Wire # 003552 Bnf Juan Manuel Lo Fed # 000037 | | 9485000240 |
| Oct 31 | -3,333.00 | Wire # 003554 Bnf Kevin Hanebrin Fed # 000034 | | 9485000239 |
| Oct 31 | -3,125.00 | Wire # 003550 Bnf Glk Ltd Partie Fed # 000036 | | 9485000238 |
| Oct 31 | -2,539.49 | Barclaycard US Creditcard | | 9488565120 |
| Oct 31 | -1,079.00 | Usaa.com Paymnt Credit Crd 121030 | | 9488416147 |
| Oct 31 | -1,032.22 | State Farm Ro 08 Cpc-client | | 9488538067 |

Total Electronic Withdrawals: -$371,646.97
Total number of Electronic Withdrawals: 48

## Fees and service charges this statement period

| Date | Amount ($) | Activity | Bank reference number |
|------|-----------|----------|----------------------|
| Oct 12 | -3,128.55 | Service Charge | 0008207323 |

Total Fees and Service Charges: -$3,128.55
Total number of Fees and Service Charges: 1

NOT A CERTIFIED COPY

**Commercial Checking** statement
November 1, 2012 to November 30, 2012

## Commercial Checking: 8666

### Electronic withdrawals this statement period

| Date | Amount ($) | Activity | Customer | Bank |
|------|-----------|----------|----------|------|
| | | | **Reference numbers** | |
| | | | Customer | Bank |
| Nov 01 | -12,448.14 | Wire # 500546 Bnf Knightsbridge  Swf # 528391 | | 9485000192 |
| Nov 01 | -324.56 | Comcast Wp South Efts 01638 110112 | | 9488633316 |
| Nov 01 | -15.60 | Barclaycard US Creditcard | | 9488205083 |
| Nov 02 | -377.37 | Wire # 008776 Bnf Annette Perez  Fed # 000076 | | 9485000184 |
| Nov 02 | -311.25 | Barclaycard US Creditcard | | 9488177858 |
| Nov 05 | -20,000.00 | Wire # 002368 Bnf Otto Reich Ass Fed # 000009 | | 9485000145 |
| Nov 05 | -5,486.71 | Barclaycard US Creditcard | | 9488992630 |
| Nov 06 | -70.00 | Barclaycard US Creditcard | | 9488196006 |
| Nov 07 | -5,891.18 | Wire # 006807 Bnf Sargeant Petro Fed # 000034 | | 9485000147 |
| Nov 07 | -809.10 | Usaa.com Paymnt Credit Crd 121106 | | 9488923642 |
| Nov 13 | -70.00 | Barclaycard US Creditcard | | 9488517358 |
| Nov 13 | -45.00 | Usaa.com Paymnt Credit Crd 121109 | | 9488437557 |
| Nov 14 | -9,000.00 | Wire # 009355 Bnf Mervyn Monger  Fed # 000061 | | 9485000185 |
| Nov 14 | -4,654.31 | Usaa.com Paymnt Credit Crd 121112 | | 9488212843 |
| Nov 15 | -11,540.07 | Usaa.com Paymnt Credit Crd 121114 | | 9488272275 |
| Nov 16 | -5,500.00 | Wire # 002834 Bnf Mervyn Monger  Fed # 000010 | | 9485000242 |
| Nov 16 | -5,000.00 | Wire # 002838 Bnf Carl R Glenn   Fed # 000012 | | 9485000240 |
| Nov 16 | -5,000.00 | Wire # 002837 Bnf Amo Schwamkru Fed # 000011 | | 9485000241 |
| Nov 16 | -3,500.00 | Wire # 002835 Bnf Juan Manuel Lo Fed # 000014 | | 9485000239 |
| Nov 20 | -233.18 | Wire # 012365 Bnf Annette Perez  Fed # 000083 | | 9485000187 |
| Nov 20 | -10,000.00 | Bv Card Assets Payment 121119 | | 9488042750 |
| Nov 20 | -2,583.22 | Usaa.com Paymnt Credit Crd 121119 | | 9488791411 |
| Nov 21 | -7,000.00 | Wire # 011474 Bnf Mervyn Monger  Fed # 000092 | | 9485000186 |
| Nov 21 | -630.00 | Wire # 011472 Bnf Ernesto Daniel Fed # 000091 | | 9485000185 |
| Nov 23 | -1,962.49 | Usaa.com Paymnt Credit Crd 121121 | | 9488675525 |
| Nov 23 | -332.60 | Fpl Direct Debit Elec Pymt 11/12 | | 9488508033 |
| Nov 23 | -103.54 | Tall Util Wutlhassee 121122 | | 9488516586 |
| Nov 23 | -19.95 | Barclaycard US Creditcard | | 9488779670 |
| Nov 27 | -5,759.71 | Wire # 010486 Bnf Tequesta Agenc Fed # 000066 | | 9485000161 |
| Nov 27 | -21.00 | Wire # 009251 Bnf Annette Perez  Fed # 000056 | | 9485000160 |
| Nov 27 | -2,017.50 | Pcg  Aigpcgpays 121126 Aigpcg000202248 | | 9488527242 |
| Nov 27 | -505.16 | Usaa.com Paymnt Credit Crd 121126 | | 9488352094 |
| Nov 27 | -246.90 | Comcast Comcast 112712 | | 9488135791 |
| Nov 28 | -19,897.48 | Wire # 001037 Bnf Floridian Comm Fed # 000002 | | 9485000192 |
| Nov 28 | -7,000.00 | Wire # 001038 Bnf Mervyn Monger  Fed # 000001 | | 9485000191 |
| Nov 28 | -1,918.39 | Usaa.com Paymnt Credit Crd 121127 | | 9488147789 |
| Nov 28 | -228.04 | Fpl Direct Debit Elec Pymt 11/12 | | 9488034580 |
| Nov 30 | -20,294.30 | Wire # 001715 Bnf Commercial Ln Operations | | 9485000376 |
| Nov 30 | -8,333.33 | Wire # 001709 Bnf Kevin Hanebrin Fed # 000003 | | 9485000374 |
| Nov 30 | -8,333.33 | Wire # 001710 Bnf David Millard  Fed # 000004 | | 9485000375 |
| Nov 30 | -5,500.00 | Wire # 001708 Bnf Mervyn Monger  Fed # 000002 | | 9485000373 |
| Nov 30 | -5,024.93 | Wire # 500193 Bnf Mi Hyang Kim   Swf # 549329 | | 9485000372 |
| Nov 30 | -5,000.00 | Wire # 001712 Bnf Carl R Glenn   Fed # 000006 | | 9485000370 |
| Nov 30 | -5,000.00 | Wire # 001711 Bnf Amo Schwamkru Fed # 000005 | | 9485000371 |
| Nov 30 | -3,500.00 | Wire # 001713 Bnf Juan Manuel Lo Fed # 000008 | | 9485000369 |
| Nov 30 | -2,975.00 | Wire # 001714 Bnf Glk Ltd Parnte Fed # 000007 | | 9485000368 |

Total Electronic Withdrawals: -$214,463.34
Total number of Electronic Withdrawals: 46

NOT A CERTIFIED COPY

# EXHIBIT R

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA**

**AL-SALEH V. HARRY SARGEANT, III, et al**

**CASE NO.50 2008 CA 010187 XXXX MB AJ**

| Key | | |
|-----|-----|-----|
| IOTC Dubai = | International Oil Trading FZCO | |
| IOTC Bahamas = | International Oil Trading Company, Ltd. | |
| IOTC Netherlands = | International Oil Trading Company B.V. | |

**WIRES FROM IOTC NETHERLANDS TO IOTC DUBAI/BAHAMAS**

| DATE | USD AMOUNT | BENEFICIARY | BENEFICIARY'S ACCOUNT | SENDER |
|------|-----------|-------------|----------------------|--------|
| 10/12/07 | $2,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 10/22/07 | $7,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 10/30/07 | $1,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 11/15/07 | $500,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 11/15/07 | $1,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 11/21/07 | $1,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 11/28/07 | $250,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 12/04/07 | $1,030,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 12/12/07 | $1,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 12/27/07 | $8,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 01/30/08 | $1,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 02/05/08 | $450,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 02/05/08 | $2,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 02/12/08 | $2,500,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 02/19/08 | $3,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 02/26/98 | $2,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 03/11/08 | $1,600,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 03/14/08 | $1,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 04/10/08 | $5,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 04/11/08 | $1,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 05/07/08 | $750,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 05/07/08 | $1,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 05/07/08 | $1,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 05/07/08 | $3,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 05/13/08 | $4,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 05/29/08 | $1,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 06/03/08 | $3,900,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 06/24/08 | $2,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 06/27/08 | $1,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 06/27/08 | $2,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 06/30/08 | $2,700,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 07/15/08 | $4,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 07/22/08 | $1,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 07/22/08 | $1,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 08/13/08 | $1,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 09/03/08 | $2,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 09/10/08 | $2,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 09/19/08 | $2,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 09/22/08 | $3,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 09/30/08 | $4,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 10/06/08 | $1,800,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 10/14/08 | $1,850,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 10/21/08 | $1,580,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 10/27/08 | $3,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |

NOT A CERTIFIED COPY

| DATE | USD AMOUNT | BENEFICIARY | BENEFICIARY'S ACCOUNT | SENDER |
|---|---|---|---|---|
| 11/10/28 | $3,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 11/21/08 | $1,920,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 12/02/08 | $5,200,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 12/24/08 | $1,800,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 01/07/09 | $5,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 01/15/09 | $2,500,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 01/21/09 | $750,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 02/03/09 | $4,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 02/10/09 | $900,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 02/17/09 | $749,974.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 02/25/09 | $2,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 03/04/09 | $750,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 03/05/09 | $1,500,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 03/10/09 | $2,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 03/26/09 | $500,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 04/03/09 | $1,200,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 05/05/09 | $2,000,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 05/05/09 | $5,050,000.00 | IOTC Dubai | Wachovia x4807 | IOTC Netherlands - Algemene Bank Ned/ ABN AMRO  Bank N.V. |
| 05/14/09 | $2,000,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 05/15/09 | $1,000,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 06/01/09 | $20,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 06/03/09 | $1,000,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 06/09/09 | $500,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 06/16/09 | $500,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 06/17/09 | $30,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 06/24/09 | $1,000,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 07/07/09 | $1,000,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 07/10/09 | $1,000,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 07/20/09 | $1,000,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 07/27/09 | $1,000,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 08/10/09 | $4,999,980.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 08/17/09 | $500,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 08/20/09 | $500,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 08/25/09 | $2,000,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 09/03/09 | $1,000,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 09/08/09 | $1,000,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 09/10/09 | $1,000,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 09/25/09 | $500,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 10/14/09 | $1,000,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 10/16/09 | $1,000,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 10/19/09 | $1,000,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 10/28/09 | $1,000,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 11/04/09 | $1,000,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 11/13/09 | $1,000,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 12/02/09 | $1,000,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 12/03/09 | $2,000,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 12/15/09 | $1,000,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 12/30/09 | $1,000,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 01/20/10 | $250,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 02/04/10 | $3,000,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 02/05/10 | $26,989.05 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| 02/10/10 | $1,062,000.00 | IOTC Bahamas | Comerica x8666 | IOTC Netherlands - ABN AMRO  Bank N.V. |
| | | | | |
| TOTAL: | $170,618,943.05 | | | |

# EXHIBIT S

| Mohammad Anwar Farid Al-Saleh v. Harry Sargeant III, et al. |
|---|
| |
| Analysis of Disbursements to Sargeant Marine |
| International Oil Trading Company B.V., ABN AMRO Account Ending in 5410 |
| For the Period November 2006 through December 2008; |
| January 2009 through July 2009; and |
| January 2010 through April 2010 |
| Transactions Greater than or Equal to $25,000 |
| |
| (Sorted in Chronological Order) |

| Entity | Bank Name | Account No. | Date | Type | Check No. | Payee/Payor | Amount |
|---|---|---|---|---|---|---|---|
| International Oil Trading Company B.V. | ABN AMRO | *****5410 | 03/01/07 | Withdrawal | N/A | Harry and Deborah Sergeant | (1,500,000) |

NOT A CERTIFIED COPY

 **ABN·AMRO**

# statements - all statements

| Debit | Value Date | Type | Customer Ref. | Bank Ref. | Description |
|---|---|---|---|---|---|
| -100,000.00 | 03-01-07 | 778 | NONREF | | IH0103003989255<br>/0091568057<br>RASHAD ABDEL WAHAB ZUBI<br>YOUR REF. 01000005600232 |
| -100,000.00 | 03-01-07 | 778 | NONREF | | IH0103003989256<br>/0122483354510<br>HATEM MAHMOUD AHMED YAMIN<br>YOUR REF. 01000005600234 |
| -250,000.00 | 03-01-07 | 778 | NONREF | | IH0103003989259<br>/0031496748040<br>HAZEM ABDUL QADER ABU NABAH<br>YOUR REF. 01000005600235 |
| -250,000.00 | 03-01-07 | 778 | NONREF | | IH0103003989261<br>/02901235041<br>MAHER AL SHELLEH<br>YOUR REF. 01000005600237 |
| -1,500,000.00 | 03-01-07 | 778 | NONREF | | IH0103003989257<br>/067009460220000218<br>HARRY AND DEBORAH SARGEANT<br>YOUR REF. 01000005600233 |
| -2,310,000.00 | 03-01-07 | 778 | NONREF | | IH0103003989260<br>/22777<br>MEDITERRANNEAN METAL FORMING COM<br>SAHARA BANK<br>BRANCH NUMBER 6<br>YOUR REF. 01000005600236 |
| -2,742,731.00 | 03-01-07 | 778 | NONREF | | IH0103003989258<br>/239331032<br>ABDULLAH 11 DESIGN AND DEVELOPME<br>YOUR REF. 01000005600238 |

| Credit | Value Date | Type | Customer Ref. | Bank Ref. | Description |
|---|---|---|---|---|---|
| No Credit Transactions | | | | | |

| | | | | |
|---|---|---|---|---|
| Account | ANL2AUSD | USD | 423055410 | |
| Bank | ABNANL2A | ABNANL2A | ABN AMRO BANK N.V. | |
| Account Holder | | | | |

NOT A CERTIFIED COPY

HIGHLY CONFIDENTIAL
Al-Saleh/IOTC Litigation

IOTC_BV_U_000045

# EXHIBIT T

| Mohammad Anwar Farid Al-Saleh v. Harry Sargeant III, et al. |
|---|

**Analysis of Disbursements to Harry and Deborah Sargeant**

International Oil Trading Company FZCO and International Oil Trading Company Ltd., Wachovia Account Ending in 4807 and Comerica Account Ending in 8666

For the Period July 2007 through May 2009 and May 2009 through September 2012

Transactions Greater than or Equal to $25,000

(Sorted in Chronological Order)

| Entity | Bank Name | Account No. | Date | Type | Check No. | Payee/Payor | Amount |
|---|---|---|---|---|---|---|---|
| International Oil Trading Company FZCO | Wachovia | *********4807 | 10/18/07 | Withdrawal | N/A | Harry and Deborah Sargeant | $ (49,672) |
| International Oil Trading Company FZCO | Wachovia | *********4807 | 10/24/07 | Withdrawal | N/A | Harry and Deborah Sargeant | (500,000) |
| International Oil Trading Company FZCO | Wachovia | *********4807 | 12/11/07 | Withdrawal | N/A | Harry and Deborah Sargeant | (67,919) |
| International Oil Trading Company FZCO | Wachovia | *********4807 | 01/02/08 | Withdrawal | N/A | Harry and Deborah Sargeant | (200,000) |
| International Oil Trading Company FZCO | Wachovia | *********4807 | 01/31/08 | Withdrawal | N/A | Harry and Deborah Sargeant | (71,164) |
| International Oil Trading Company FZCO | Wachovia | *********4807 | 03/20/08 | Withdrawal | N/A | Harry and Deborah Sargeant | (546,784) |
| International Oil Trading Company FZCO | Wachovia | *********4807 | 05/01/08 | Withdrawal | N/A | Harry and Deborah Sargeant | (190,524) |
| International Oil Trading Company FZCO | Wachovia | *********4807 | 06/05/08 | Withdrawal | N/A | Harry and Deborah Sargeant | (300,000) |
| International Oil Trading Company FZCO | Wachovia | *********4807 | 07/01/08 | Withdrawal | N/A | Harry and Deborah Sargeant | (500,000) |
| International Oil Trading Company FZCO | Wachovia | *********4807 | 08/26/08 | Withdrawal | N/A | Harry and Deborah Sargeant | (95,999) |
| International Oil Trading Company FZCO | Wachovia | *********4807 | 09/16/08 | Withdrawal | N/A | Harry and Deborah Sargeant | (250,000) |
| International Oil Trading Company FZCO | Wachovia | *********4807 | 10/07/08 | Withdrawal | N/A | Harry and Deborah Sargeant | (260,026) |
| International Oil Trading Company FZCO | Wachovia | *********4807 | 10/29/08 | Withdrawal | N/A | Harry and Deborah Sargeant | (250,000) |
| International Oil Trading Company FZCO | Wachovia | *********4807 | 11/28/08 | Withdrawal | N/A | Harry Sargeant | (400,000) |
| International Oil Trading Company FZCO | Wachovia | *********4807 | 12/18/08 | Withdrawal | N/A | Harry and Deborah Sargeant | (250,000) |
| International Oil Trading Company FZCO | Wachovia | *********4807 | 02/11/09 | Withdrawal | N/A | Harry and Deborah Sargeant | (250,000) |
| International Oil Trading Company FZCO | Wachovia | *********4807 | 03/10/09 | Withdrawal | N/A | Harry and Deborah Sargeant | (164,526) |
| International Oil Trading Company FZCO | Wachovia | *********4807 | 03/26/09 | Withdrawal | N/A | Harry and Deborah Sargeant | (50,000) |
| International Oil Trading Company FZCO | Wachovia | *********4807 | 04/15/09 | Withdrawal | N/A | Harry and Deborah Sargeant | (500,000) |
| International Oil Trading Company Ltd | Comerica | ******8666 | 06/16/09 | Withdrawal | N/A | Harry and Deborah Sargeant | (250,000) |
| International Oil Trading Company Ltd | Comerica | ******8666 | 08/31/09 | Withdrawal | N/A | Harry and Deborah Sargeant | (200,000) |
| International Oil Trading Company Ltd | Comerica | ******8666 | 09/24/09 | Withdrawal | N/A | Harry and Deborah Sargeant | (200,000) |
| International Oil Trading Company Ltd | Comerica | ******8666 | 10/16/09 | Withdrawal | N/A | Harry and Deborah Sargeant | (200,000) |
| International Oil Trading Company Ltd | Comerica | ******8666 | 11/20/09 | Withdrawal | N/A | Harry and Deborah Sargeant | (150,000) |
| International Oil Trading Company Ltd | Comerica | ******8666 | 12/23/09 | Withdrawal | N/A | Harry and Deborah Sargeant | (200,000) |
| International Oil Trading Company Ltd | Comerica | ******8666 | 02/12/10 | Withdrawal | N/A | Harry and Deborah Sargeant | (300,000) |
| International Oil Trading Company Ltd | Comerica | ******8666 | 04/12/10 | Withdrawal | N/A | Harry and Deborah Sargeant | (100,000) |
| International Oil Trading Company Ltd | Comerica | ******8666 | 05/13/10 | Withdrawal | N/A | Harry and Deborah Sargeant | (25,000) |
| International Oil Trading Company Ltd | Comerica | ******8666 | 05/14/10 | Withdrawal | N/A | Harry and Deborah Sargeant | (25,000) |
| International Oil Trading Company Ltd | Comerica | ******8666 | 06/16/10 | Withdrawal | N/A | Harry and Deborah Sargeant | (50,000) |
| International Oil Trading Company Ltd | Comerica | ******8666 | 08/02/10 | Withdrawal | N/A | Harry and Deborah Sargeant | (50,000) |
| International Oil Trading Company Ltd | Comerica | ******8666 | 09/01/10 | Withdrawal | N/A | Harry and Deborah Sargeant | (50,000) |

Attorney Work Product
Privileged & Confidential

Tentative & Preliminary
Subject to Change

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | Mohammad Anwar Farid Al-Saleh v. Harry Sargeant III, et al. | | | | |
| | | | | | | | |
| | | | Analysis of Disbursements to Harry and Deborah Sargeant | | | | |
| | International Oil Trading Company FZCO and International Oil Trading Company Ltd., Wachovia Account Ending in 4807 and Comerica Account Ending in 8666 | | | | | | |
| | | | For the Period July 2007 through May 2009 and May 2009 through September 2012 | | | | |
| | | | Transactions Greater than or Equal to $25,000 | | | | |
| | | | | | | | |
| | | | (Sorted in Chronological Order) | | | | |
| | | | | | | | |
| Entity | Bank Name | Account No. | Date | Type | Check No. | Payee/Payor | Amount |
| | | | | | | | |
| International Oil Trading Company Ltd | Comerica | ******8666 | 10/01/10 | Withdrawal | N/A | Harry and Deborah Sargeant | (50,000) |
| International Oil Trading Company Ltd | Comerica | ******8666 | 10/19/10 | Withdrawal | N/A | Harry and Deborah Sargeant | (200,000) |
| International Oil Trading Company Ltd | Comerica | ******8666 | 12/10/10 | Withdrawal | N/A | Harry and Deborah Sargeant | (50,000) |
| International Oil Trading Company Ltd | Comerica | ******8666 | 12/31/10 | Withdrawal | N/A | Harry and Deborah Sargeant | (50,000) |
| International Oil Trading Company Ltd | Comerica | ******8666 | 02/25/11 | Withdrawal | N/A | Harry and Deborah Sargeant | (50,000) |
| International Oil Trading Company Ltd | Comerica | ******8666 | 04/01/11 | Withdrawal | N/A | Harry and Deborah Sargeant | (50,000) |
| International Oil Trading Company Ltd | Comerica | ******8666 | 05/02/11 | Withdrawal | N/A | Harry and Deborah Sargeant | (50,000) |
| International Oil Trading Company Ltd | Comerica | ******8666 | 05/24/11 | Withdrawal | N/A | Harry and Deborah Sargeant | (100,000) |
| International Oil Trading Company Ltd | Comerica | ******8666 | 07/01/11 | Withdrawal | N/A | Harry and Deborah Sargeant | (50,000) |
| International Oil Trading Company Ltd | Comerica | ******8666 | 08/01/11 | Withdrawal | N/A | Harry and Deborah Sargeant | (50,000) |
| International Oil Trading Company Ltd | Comerica | ******8666 | 09/07/11 | Withdrawal | N/A | Harry and Deborah Sargeant | (50,000) |
| International Oil Trading Company Ltd | Comerica | ******8666 | 09/21/11 | Withdrawal | N/A | Harry and Deborah Sargeant | (35,000) |
| International Oil Trading Company Ltd | Comerica | ******8666 | 09/30/11 | Withdrawal | N/A | Harry and Deborah Sargeant | (50,000) |
| International Oil Trading Company Ltd | Comerica | ******8666 | 11/02/11 | Withdrawal | N/A | Harry and Deborah Sargeant | (50,000) |
| International Oil Trading Company Ltd | Comerica | ******8666 | 03/22/12 | Withdrawal | N/A | Harry and Deborah Sargeant | (150,000) |
| International Oil Trading Company Ltd | Comerica | ******8666 | 04/27/12 | Withdrawal | N/A | Harry and Deborah Sargeant | (50,000) |
| International Oil Trading Company Ltd | Comerica | ******8666 | 07/05/12 | Withdrawal | N/A | Harry and Deborah Sargeant | (100,000) |
| International Oil Trading Company Ltd | Comerica | ******8666 | 08/01/12 | Withdrawal | N/A | Harry and Deborah Sargeant | (100,000) |
| | | | | | | | |
| | | | | | | Total | $ (7,981,615) |

NOT A CERTIFIED COPY

Commercial Checking

05 ███████████ 036 130        0  41       SAFEKEPT     Replacement Statement        003

Other Withdrawals and Service Fees continued

| Date | Amount | Description | |
|------|--------|-------------|--|
| 10/17 | 24.80 | FUNDS TRANSFER (ADVICE 2007101700026600)<br>SENT TO   LLOYDS BANK LTD. /<br>BNF=.<br>OBI=FGN BK FEES TRN 071011-13156 GBP 10<br>RFB=071011013156       10/17/07  11:43AM ET | 000071017026600 |
| 10/17 | 5,000.00 | DEBIT MEMO | 000004031125583 |
| 10/18 | 49,671.78 | FUNDS TRANSFER  (ADVICE 2007101800020107)<br>SENT TO   MELLON UNITED NAT/<br>BNF=HARRY AND DEBORAH SARGEANT<br>OBI=EXP REIMB<br>RFB=20000461INTERNOI   10/18/07   10:09AM ET | 000071018020107 |
| 10/19 | 161.83 | AUTOMATED DEBIT   AT&T CARE          CELLULAR<br>CO. ID. 2850411740 071019 TEL<br>MISC 0711515800103 | 420072921156510 |
| 10/19 | 5,000.00 | DEBIT MEMO | 000003038856284 |
| 10/19 | 194,527.25 | FUNDS TRANSFER  (ADVICE 2007101900010834)<br>SENT TO   CHASE MANHATTAN B/JP MORGAN CHASE B<br>BNF=VINSON & ELKINS L.L.P. DOMESTIC ACC<br>OBI=INVOICE NO. 25242119, 25242118, 252<br>RFB=20000424INTERNOI   10/19/07   08:13AM ET | 000071019010834 |
| 10/22 | 673.65 | FUNDS TRANSFER  (ADVICE 2007102200023928)<br>SENT TO   WASHINGTON MUTUAL/<br>BNF=HARVEY FLOURNOY<br>OBI=REIMBURSE EXPENSES<br>RFB=20000474INTERNOI  10/22/07   10:56AM ET | 000071022023928 |
| 10/22 | 1,000.00 | FUNDS TRANSFER   (ADVICE 2007102200023536)<br>SENT TO   CHASE MANHATTAN B/<br>BNF=AMERICAN EXPRESS/JP MORGAN<br>OBI=FOR THE CREDIT OF ACCOUNT #3717-067<br>RFB=20000477INTERNOI   10/22/07   10:52AM ET | 000071022023536 |
| 10/22 | 1,002.20 | FUNDS TRANSFER  (ADVICE 2007102200023606)<br>SENT TO   CHASE MANHATTAN B/<br>BNF=AMERICAN EXPRESS/JP MORGAN<br>OBI=FOR THE CREDIT OF ACCOUNT #3717-067<br>RFB=20000479INTERNOI  10/22/07   10:53AM ET | 000071022023606 |
| 10/22 | 1,099.99 | FUNDS TRANSFER  (ADVICE 2007102200023218)<br>SENT TO   CHASE MANHATTAN B/<br>BNF=AMERICAN EXPRESS/JP MORGAN<br>OBI=FOR THE CREDIT OF ACCOUNT #███████<br>RFB=███████████   10/22/07  10:49AM ET | 000071022023218 |
| 10/22 | 1,109.69 | FUNDS TRANSFER  (ADVICE 2007102200023325)<br>SENT TO   CHASE MANHATTAN B/<br>BNF=AMERICAN EXPRESS/JP MORGAN<br>OBI=FOR THE CREDIT OF ACCOUNT #███████<br>RFB=███████████   10/22/07  10:50AM ET | 000071022023325 |
| 10/22 | 1,200.00 | FUNDS TRANSFER  (ADVICE 2007102200023691)<br>SENT TO   CHASE MANHATTAN B/<br>BNF=AMERICAN EXPRESS/JP MORGAN<br>OBI=FOR THE CREDIT OF ACCOUNT #███████<br>RFB=███████████   10/22/07  10:54AM ET | 000071022023691 |

Other Withdrawals and Service Fees continued on next page.

Commercial Checking

07            █████████036 130      0  41     SAFEKEPT    Replacement Statement    003

Other Withdrawals and Service Fees continued

| Date | Amount | Description | |
|------|--------|-------------|---|
| 10/22 | 17,366.31 | FUNDS TRANSFER  (ADVICE 2007102200023457)<br>SENT TO   CHASE MANHATTAN B/<br>BNF=AMERICAN EXPRESS/JP MORGAN<br>OBI=FOR THE CREDIT OF ACCOUNT #█████<br>RFB=████████INTERNOI  10/22/07  10:51AM ET | 000071022023457 |
| 10/22 | 21,945.03 | FUNDS TRANSFER  (ADVICE 2007102200023386)<br>SENT TO   CHASE MANHATTAN B/<br>BNF=AMERICAN EXPRESS/JP MORGAN<br>OBI=FOR THE CREDIT OF ACCOUNT #█████<br>RFB=████████████  10/22/07  10:50AM ET | 000071022023386 |
| 10/22 | 31,067.82 | FUNDS TRANSFER  (ADVICE 2007102200023963)<br>SENT TO   WASHINGTON MUTUAL/<br>BNF=THOMAS G. STEIGERWALD<br>OBI=CONSULTING FEES & EXP FOR SEPTEMBER<br>RFB=20000469INTERNOI  10/22/07  10:57AM ET | 000071022023963 |
| 10/22 | 60,698.46 | FUNDS TRANSFER  (ADVICE 2007102200028887)<br>SENT TO   BANK OF AMERICA /<br>BNF=GATEWAY INSURANCE<br>OBI=MAY 2007 ORIGINAL GEONET POLICY<br>RFB=20000485INTERNOI  10/22/07  11:38AM ET | 000071022028887 |
| 10/24 | 50,000.00 | INTL FUNDS TRANSFER (ADVICE 2007102400026843)<br>SENT TO   WACHOVIA BANK NA /UNITED ARAB BANK<br>BNF=INTERNATIONAL OI RFB=20000489INTERNOI<br>AMT=        50000.00 CUR=USD RATE=<br>REF=20000489INTERNOI  10/24/07  01:37PM ET | 000071024026843 |
| 10/24 | 51,792.59 | AUTOMATED DEBIT   AMERICAN EXPRESS ELEC REMIT<br>CO. ID. ████████████████ WEB<br>MISC ████████████ | ████████████ |
| 10/24 | 77,784.81 | INTL FUNDS TRANSFER (ADVICE 2007102400025476)<br>SENT TO   WACHOVIA BANK NA /ROYAL BANK OF SCO<br>BNF=OIL, BULK    QUAL RFB=20000488INTERNOI<br>AMT=        77784.81 CUR=USD RATE=<br>REF=20000488INTERNOI  10/24/07  03:10PM ET | 000071024025476 |
| 10/24 | 299,803.66 | INTL FUNDS TRANSFER (ADVICE 2007102400022930)<br>SENT TO   WACHOVIA BANK NA /HOUSING BANK FOR<br>BNF=SOLVOCHEM-HOLLAN RFB=20000487INTERNOI<br>AMT=       299803.66 CUR=USD RATE=<br>REF=20000487INTERNOI  10/24/07  11:43AM ET | 000071024022930 |
| 10/24 | 500,000.00 | INTL FUNDS TRANSFER (ADVICE 2007102400026962)<br>SENT TO   WACHOVIA BANK NA /THE HOUSING BANK<br>BNF=INTERNATIONAL OI RFB=20000490INTERNOI<br>AMT=       500000.00 CUR=USD RATE=<br>REF=20000490INTERNOI  10/24/07  01:06PM ET | 000071024026962 |
| 10/24 | 500,000.00 | FUNDS TRANSFER  (ADVICE 2007102400062083)<br>SENT TO   MELLON UNITED NAT/<br>BNF=HARRY AND DEBORAH SARGEANT<br>OBI=<br>RFB=20000491INTERNOI  10/24/07  05:14PM ET | 000071024062083 |

Other Withdrawals and Service Fees continued on next page.

NOT A CERTIFIED COPY

Commercial Checking

05       <span style="background:black">     </span>036 130      0  41      SAFEKEPT     Replacement Statement     003

Other Withdrawals and Service Fees continued

| Date | Amount | Description | |
|---|---|---|---|
| 12/11 | 67,919.43 | FUNDS TRANSFER  (ADVICE 2007121100040893)<br>SENT TO   MELLON UNITED NAT/<br>BNF=HARRY AND DEBORAH SARGEANT<br>OBI=EXP REIMB<br>RFB=20000605INTERNOI  12/11/07  02:14PM ET | 000071211040893 |
| 12/11 | 130,000.00 | FUNDS TRANSFER  (ADVICE 2007121100018681)<br>SENT TO   GLOBAL FINANCIAL /<br>BNF=INTERNATIONAL OIL<br>OBI=<br>RFB=20000602INTERNOI  12/11/07  10:18AM ET | 000071211018681 |
| 12/12 | 100.00 | DEBIT MEMO | 000004035417302 |
| 12/12 | 12,500.00 | DEBIT MEMO | 000004637766053 |
| 12/12 | 29,032.21 | FUNDS TRANSFER  (ADVICE 2007121200008620)<br>SENT TO   BANK OF AMERICA  /<br>BNF=SMART PARTS<br>OBI=INV# 115278,115318,115375,115435,11<br>RFB=20000599INTERNOI  12/12/07  08:12AM ET | 000071212008620 |
| 12/12 | 100,000.00 | FUNDS TRANSFER  (ADVICE 2007121200046491)<br>SENT TO   IOTC FINANCIAL SE/<br>BNF=INTERNATIONAL OIL<br>OBI=<br>RFB=20000606INTERNOI  12/12/07  02:45PM ET | 000071212046491 |
| 12/12 | 122,023.97 | FUNDS TRANSFER  (ADVICE 2007121200008619)<br>SENT TO   CHASE MANHATTAN B/JP MORGAN CHASE B<br>BNF=VINSON & ELKINS L.L.P. DOMESTIC ACC<br>OBI=INVOICE NO.  25248411-2732M, 252484<br>RFB=20000595INTERNOI  12/12/07  08:12AM ET | 000071212008619 |
| 12/13 | 459.27 | INTL FUNDS TRANSFER (ADVICE 2007121300034037)<br>SENT TO   NATEXIS BANQUE PO/NATIXIS (EX NATEX<br>BNF=AEROPORTS DE PAR RFB=20000611INTERNOI<br>AMT=       311.51 CUR=EUR RATE=  1.4743475<br>REF=20000611INTERNOI  12/13/07  06:01PM ET | 000071213034037 |
| 12/13 | 536.51 | FUNDS TRANSFER  (ADVICE 2007121300031787)<br>SENT TO   BANK OF AMERICA  /<br>BNF=NELSON GARCIA-TAVEL<br>OBI=TAMPA TERMINAL - REIMB EXPENSES<br>RFB=20000608INTERNOI  12/13/07  12:20PM ET | 000071213031787 |
| 12/13 | 5,283.51 | FUNDS TRANSFER  (ADVICE 2007121300031783)<br>SENT TO   MARTY W MARTIN   /<br>BNF=MARTY MARTIN<br>OBI=<br>RFB=20000607INTERNOI  12/13/07  12:20PM ET | 000071213031783 |
| 12/13 | 25,953.55 | INTL FUNDS TRANSFER (ADVICE 2007121300033539)<br>SENT TO   NATIONAL BANK OF /MARFIN POPULAR BA<br>BNF=MARFIN POPULAR B RFB=20000610INTERNOI<br>AMT=     17598.59 CUR=EUR RATE=  1.4747515<br>REF=20000610INTERNOI  12/13/07  06:04PM ET | 000071213033539 |

Other Withdrawals and Service Fees continued on next page.

NOT A CERTIFIED COPY

Commercial Checking

03      ▃▃▃▃▃▃ 036 130     0 41     SAFEKEPT    Replacement Statement    003

Other Withdrawals and Service Fees continued

| Date | Amount | Description | |
|------|--------|-------------|---|
| 1/02 | 64,560.20 | FUNDS TRANSFER (ADVICE 2008010200011595) SENT TO CHASE MANHATTAN B/ BNF=AMERICAN EXPRESS/JP MORGAN OBI=FOR THE CREDIT OF ACCOUNT #▇▇▇▇ RFB=▇▇▇▇▇▇▇▇ 01/02/08 08:14AM ET | 000080102011595 |
| 1/02 | 147,559.79 | FUNDS TRANSFER (ADVICE ▇▇▇▇▇▇) SENT TO CHASE MANHATTAN B/JP MORGAN CHASE B BNF=VINSON & ELKINS L.L.P. DOMESTIC ACC OBI=INVOICE NO. 25238825, 2528826, 252 RFB=20000653INTERNOI 01/02/08 05:08PM ET | 000080102075962 |
| 1/02 | 200,000.00 | FUNDS TRANSFER (ADVICE 2008010200075848) SENT TO MELLON UNITED NAT/ BNF=HARRY AND DEBORAH SARGEANT OBI=EXP REIMB RFB=20000656INTERNOI 01/02/08 05:07PM ET | 000080102075848 |
| 1/03 | 130.48 | AUTOMATED DEBIT AT&T CARE CELLULAR CO. ID. 2850411740 080103 TEL MISC 0711515800103 | 420080032083401 |
| 1/03 | 2,500.00 | INTL FUNDS TRANSFER (ADVICE 2008010300054397) SENT TO WACHOVIA BANK NA /JORDAN KUWAIT BAN BNF=ABDELRAZAQ DOZAN RFB=20000662INTERNOI AMT= 2500.00 CUR=USD RATE= REF=20000662INTERNOI 01/03/08 04:27PM ET | 000080103054397 |
| 1/03 | 12,500.00 | FUNDS TRANSFER (ADVICE 2008010300054374) SENT TO WESTERN SECURITY / BNF=DAVID MILLARD OBI=MONTHLY CONTRACT PAYMENT. PLEASE P RFB=20000657INTERNOI 01/03/08 03:44PM ET | 000080103054374 |
| 1/03 | 12,500.00 | FUNDS TRANSFER (ADVICE 2008010300054375) SENT TO FIRST INTERSTATE / BNF=LARRY CARLSON OBI=MONTHLY CONTRACT PAYMENT. PLEASE P RFB=20000659INTERNOI 01/03/08 03:44PM ET | 000080103054375 |
| 1/03 | 12,500.00 | FUNDS TRANSFER (ADVICE 2008010300054376) SENT TO REGIONS BANK / BNF=NATHANIEL LANGLEY OBI=MONTHLY CONTRACT PAYMENT. PLEASE P RFB=20000660INTERNOI 01/03/08 03:44PM ET | 000080103054376 |
| 1/03 | 12,500.00 | FUNDS TRANSFER (ADVICE 2008010300054377) SENT TO BANK OF AMERICA /BANK OF AMERICA N BNF=URIEL ESPINOSA OBI= RFB=20000661INTERNOI 01/03/08 03:44PM ET | 000080103054377 |
| 1/03 | 12,500.00 | FUNDS TRANSFER (ADVICE 2008010300054371) SENT TO DEUTSCHE BANK TRU/ BNF=KEVIN L. HANEBRINK OBI=FAIRBAIRN PRIVATE BANK (IOM) LTD - RFB=20000658INTERNOI 01/03/08 04:53PM ET | 000080103054371 |
| 1/03 | 13,986.39 | AUTOMATED DEBIT AMERICAN EXPRESS ELEC REMIT CO. ID. ▇▇▇▇▇▇ WEB MISC ▇▇▇▇▇▇ | ▇▇▇▇▇▇ |

Other Withdrawals and Service Fees continued on next page.

NOT A CERTIFIED COPY

Commercial Checking

08 ▮▮▮▮▮▮▮ 036 130      0  41      SAFEKEPT    Replacement Statement      003

Other Withdrawals and Service Fees continued

| Date | Amount | Description | |
|------|--------|-------------|---|
| 1/30 | 9,646.38 | FUNDS TRANSFER  (ADVICE 2008013000063527)<br>SENT TO  BANK OF AMERICA  /<br>BNF=SMART PARTS<br>OBI=INV# 115650,115651,115652<br>RFB=20000705INTERNOI  01/30/08  04:32PM ET | 000080130063527 |
| 1/30 | 20,000.00 | FUNDS TRANSFER  (ADVICE 2008013000009711)<br>SENT TO  IOTC AIR, LLC    /<br>BNF=INTERNATIONAL OIL<br>OBI=<br>RFB=20000684INTERNOI  01/30/08  08:16AM ET | 000080130009711 |
| 1/30 | 25,000.00 | FUNDS TRANSFER  (ADVICE 2008013000041985)<br>SENT TO  IOTC AVIATION MAN/<br>BNF=INTERNATIONAL OIL<br>OBI=<br>RFB=20000701INTERNOI  01/30/08  01:30PM ET | 000080130041985 |
| 1/30 | 38,000.00 | FUNDS TRANSFER  (ADVICE 2008013000009718)<br>SENT TO  IOTC AVIATION, LL/<br>BNF=INTERNATIONAL OIL<br>OBI=<br>RFB=20000685INTERNOI  01/30/08  08:16AM ET | 000080130009718 |
| 1/30 | 100,000.00 | FUNDS TRANSFER  (ADVICE 2008013000042055)<br>SENT TO  IOTC FINANCIAL SE/<br>BNF=INTERNATIONAL OIL<br>OBI=<br>RFB=20000702INTERNOI  01/30/08  01:31PM ET | 000080130042055 |
| 1/31 | 66,000.00 | FUNDS TRANSFER  (ADVICE 2008013100077352)<br>SENT TO  PREMIER IA HOLDIN/<br>BNF=INTERNATIONAL OIL<br>OBI=<br>RFB=20000711INTERNOI  01/31/08  05:09PM ET | 000080131077352 |
| 1/31 | 71,164.00 | FUNDS TRANSFER  (ADVICE 2008013100071173)<br>SENT TO  MELLON UNITED NAT/<br>BNF=HARRY AND DEBORAH SARGEANT<br>OBI=EXP REIMB<br>RFB=20000708INTERNOI  01/31/08  04:17PM ET | 000080131071173 |
| 1/31 | 400,000.00 | FUNDS TRANSFER  (ADVICE 2008013100074532)<br>SENT TO  MELLON UNITED NAT/<br>BNF=TRIGEANT, LTD<br>OBI=<br>RFB=20000710INTERNOI  01/31/08  04:42PM ET | 000080131074532 |

Total      $8,794,432.99

Daily Balance Summary

| Dates | Amount | Dates | Amount | Dates | Amount |
|-------|--------|-------|--------|-------|--------|
| 01/02 | 1,868,169.60 | 01/09 | 1,023,862.63 | 01/16 | 1,460,424.79 |
| 01/03 | 1,622,162.13 | 01/10 | 805,651.67 | 01/17 | 1,769,886.79 |
| 01/04 | 1,534,729.83 | 01/11 | 780,683.92 | 01/18 | 3,746,519.54 |
| 01/07 | 1,533,409.83 | 01/14 | 756,305.51 | 01/22 | 3,112,461.64 |
| 01/08 | 532,809.83 | 01/15 | 1,460,518.75 | | |

Daily Balance Summary continued on next page

NOT A CERTIFIED COPY

```
           Commercial Checking

     07      ████████████ 036 130        0  41      SAFEKEPT      Replacement Statement          003
```

Other Withdrawals and Service Fees continued

| Date | Amount | Description | |
|---|---|---|---|
| 3/20 | 15,452.00 | INTL FUNDS TRANSFER (ADVICE 2008031800018940)<br>SENT TO   WACHOVIA BANK NA /JORDAN KUWAIT BAN<br>BNF=RASHAD ABDEL-WAH RFB=20000839INTERNOI<br>AMT=         15452.00 CUR=USD RATE=<br>REF=20000839INTERNOI  03/20/08  07:35AM ET | 000080318018940 |
| 3/20 | 30,000.00 | FUNDS TRANSFER   (ADVICE 2008032000040351)<br>SENT TO   IOTC FINANCIAL SE/<br>BNF=INTERNATIONAL OIL<br>OBI=<br>RFB=20000861INTERNOI  03/20/08  01:29PM ET | 000080320040351 |
| 3/20 | 47,647.98 | FUNDS TRANSFER   (ADVICE 2008032000032881)<br>SENT TO   GIBRALTAR PRIVATE/<br>BNF=RAFFERTY, STOLZENBERG, ET AL<br>OBI=INVOICE 7212<br>RFB=20000858INTERNOI  03/20/08  12:15PM ET | 000080320032881 |
| 3/20 | 89,200.00 | FUNDS TRANSFER   (ADVICE 2008032000034766)<br>SENT TO   MELLON UNITED NAT/<br>BNF=DAN SARGEANT<br>OBI=EXP REIMB<br>RFB=20000860INTERNOI  03/20/08  12:33PM ET | 000080320034766 |
| 3/20 | 546,783.88 | FUNDS TRANSFER   (ADVICE 2008032000032884)<br>SENT TO   MELLON UNITED NAT/<br>BNF=HARRY AND DEBORAH SARGEANT<br>OBI=EXP REIMB<br>RFB=20000859INTERNOI  03/20/08  12:15PM ET | 000080320032884 |
| 3/21 | 9,375.00 | INTL FUNDS TRANSFER (ADVICE 2008032100013405)<br>SENT TO   FIRST CLEARING LL/<br>BNF=FIRST CLEARING,  RFB=20000866INTERNOI<br>AMT=          9375.00 CUR=USD RATE=<br>REF=20000866INTERNOI  03/21/08  10:43AM ET | 000080321013405 |
| 3/21 | 32,638.90 | INTL FUNDS TRANSFER (ADVICE 2008032100003738)<br>SENT TO   LLOYDS BANK LTD. /BARCLAYS BANK PLC<br>BNF=CLARIDGE'S HOTEL RFB=20000865INTERNOI<br>AMT=         16290.23 CUR=GBP RATE=  2.0035875<br>REF=20000865INTERNOI  03/21/08  09:29AM ET | 000080321003738 |
| 3/21 | 250,000.00 | DEBIT MEMO | 000003036671105 |
| 3/26 | 4,518.69 | FUNDS TRANSFER   (ADVICE 2008032600058585)<br>SENT TO   REGIONS BANK    /<br>BNF=NATHANIEL LANGLEY<br>OBI=<br>RFB=20000869INTERNOI  03/26/08  05:09PM ET | 000080326058585 |
| 3/26 | 43,583.54 | AUTOMATED DEBIT  AMERICAN EXPRESS ELEC REMIT<br>CO. ID. ████████████ WEB<br>MISC ████████████ | ████████████ |
| 3/26 | 53,128.38 | AUTOMATED DEBIT  AMERICAN EXPRESS ELEC REMIT<br>CO. ID. ████████████ WEB<br>MISC ████████████ | ████████████ |
| 3/26 | 60,787.44 | AUTOMATED DEBIT  AMERICAN EXPRESS ELEC REMIT<br>CO. ID. ████████████ WEB<br>MISC ████████████ | ████████████ |

Other Withdrawals and Service Fees continued on next page.

NOT A CERTIFIED COPY

Commercial Checking

02          36,130          0  41          SAFEKEPT          Replacement Statement          003

Deposits and Other Credits continued

| Date | Amount | Description | |
|------|--------|-------------|--|
| 5/07 | 3,000,000.00 | FUNDS TRANSFER  (ADVICE 2008050700049355)<br>RCVD FROM  ALGEMENE BANK NED/ABN AMRO BANK N<br>ORG=INTERNATIONAL OIL TRADING.<br>RFB=IH0705003525047  OBI=<br>REF=0958417510080507  05/07/08  03:27PM ET | 000080507049355 |
| 5/08 | 5,894.00 | COUNTER DEPOSIT | 000003236405786 |
| 5/08 | 188,619.37 | AUTOMATED CREDIT FIRST CLEARING    CREDIT<br>CO. ID. 9071002014 080508 PPD<br>MISC 0010415425731 | 120081295483922 |
| 5/13 | 4,000,000.00 | FUNDS TRANSFER  (ADVICE 2008051300056722)<br>RCVD FROM  ALGEMENE BANK NED/ABN AMRO BANK N<br>ORG=INTERNATIONAL OIL TRADING<br>RFB=IH1305003539146  OBI=<br>REF=0958492317080513  05/13/08  05:02PM ET | 000080513056722 |
| 5/22 | 323,425.51 | FUNDS TRANSFER  (ADVICE 2008052200031891)<br>RCVD FROM  WACHOVIA BANK N.A/LLOYDS TSB BANK<br>ORG=WILLIAMSON, D S T/AS WILLIAMSON EDW<br>RFB=RGT994270141    OBI=FZCO GBP 164,172.44,<br>REF=0805205770007411  05/22/08  12:37PM ET | 000080522031891 |
| 5/29 | 1,000,000.00 | FUNDS TRANSFER  (ADVICE 2008052900065121)<br>RCVD FROM  ALGEMENE BANK NED/ABN AMRO BANK N<br>ORG=INTERNATIONAL OIL TRADING<br>RFB=IH2905003608624  OBI=<br>REF=0958719177080529  05/29/08  04:17PM ET | 000080529065121 |

Total     $11,658,257.28

Checks

| Number | Amount | Date | Number | Amount | Date | Number | Amount | Date | | | |
|--------|--------|------|--------|--------|------|--------|--------|------|--|--|--|
| 1305 | 91.87 | 5/22 | 1309 | 1,484.00 | 5/05 | 1312 | 5,000.00 | 5/19 | 5355080020 | 3235101315 | 3238413904 |
| 1306 | 3,492.26 | 5/29 | 1310 | 875.00 | 5/13 | 1317* | 10,100.00 | 5/22 | 6259227210 | 3034540827 | 1737957211 |
| 1308* | 2,200.00 | 5/21 | 1311 | 1,022.00 | 5/15 | Total | $24,265.13 | | 5756775920 | 3238017455 | |

*Indicates a break in check number sequence

Other Withdrawals and Service Fees

| Date | Amount | Description | |
|------|--------|-------------|--|
| 5/01 | 190,524.45 | FUNDS TRANSFER  (ADVICE 2008050100038512)<br>SENT TO  MELLON UNITED NAT/<br>BNF=HARRY AND DEBORAH SARGEANT<br>OBI=EXP REIMB<br>RFB=20000960INTERNOI  05/01/08  12:21PM ET | 000080501038512 |
| 5/02 | 50,000.00 | FUNDS TRANSFER  (ADVICE 2008050200047922)<br>SENT TO  PREMIER IA HOLDIN/<br>BNF=INTERNATIONAL OIL<br>OBI=<br>RFB=20000968INTERNOI  05/02/08  02:36PM ET | 000080502047922 |

Other Withdrawals and Service Fees continued on next page.

WACHOVIA BANK, N.A. ,  PALM BEACH PRVT ADVISORY #5                    page 2 of 11

Commercial Checking

03    ██████████ 036 130     0   41     SAFEKEPT     Replacement Statement     003

Other Withdrawals and Service Fees continued

| Date | Amount | Description | |
|---|---|---|---|
| 6/03 | 26,289.10 | FUNDS TRANSFER  (ADVICE 2008060300022787)<br>SENT TO  GIBRALTAR PRIVATE/<br>BNF=RAFFERTY, STOLZENBERG, ET AL<br>OBI=INVOICE 7560<br>RFB=20001066INTERNOI  06/03/08  11:08AM ET | 000080603022787 |
| 6/03 | 80,000.00 | INTL FUNDS TRANSFER (ADVICE 2008060300022792)<br>SENT TO  JPMORGAN CHASE BA/AVANGARD BANK<br>BNF=SADEV MUSA BETIE RFB=20001065INTERNOI<br>AMT=      80000.00 CUR=USD RATE=<br>REF=20001065INTERNOI  06/03/08  12:00PM ET | 000080603022792 |
| 6/03 | 100,000.00 | FUNDS TRANSFER  (ADVICE 2008060300031128)<br>SENT TO  PALM BEACH AVIATI/<br>BNF=INTERNATIONAL OIL<br>OBI=<br>RFB=20001067INTERNOI  06/03/08  12:24PM ET | 000080603031128 |
| 6/04 | 29,534.06 | FUNDS TRANSFER  (ADVICE 2008060400054271)<br>SENT TO  CHASE MANHATTAN B/<br>BNF=AMERICAN EXPRESS/JP MORGAN<br>OBI=FOR THE CREDIT OF ACCOUNT ████<br>RFB=20001072INTERNOI  06/04/08  04:21PM ET | 000080604054271 |
| 6/04 | 30,000.00 | FUNDS TRANSFER  (ADVICE 2008060400028768)<br>SENT TO  OTTO REICH ASSOCI/<br>BNF=OTTO REICH ASSOCIATES, LLC<br>OBI=MAY 2008<br>RFB=20001070INTERNOI  06/04/08  12:05PM ET | 000080604028768 |
| 6/04 | 50,000.00 | FUNDS TRANSFER  (ADVICE 2008060400028766)<br>SENT TO  OTTO REICH ASSOCI/<br>BNF=OTTO REICH ASSOCIATES, LLC<br>OBI=JUNE 2008<br>RFB=20001071INTERNOI  06/04/08  12:05PM ET | 000080604028766 |
| 6/05 | 12,430.05 | AUTOMATED DEBIT  AMERICAN EXPRESS ELEC REMIT<br>CO. ID. ████████ WEB<br>MISC ██████ | ████████ |
| 6/05 | 15,000.00 | FUNDS TRANSFER  (ADVICE 2008060500030061)<br>SENT TO  IOTC FINANCIAL SE/<br>BNF=INTERNATIONAL OIL<br>OBI=<br>RFB=20001074INTERNOI  06/05/08  12:08PM ET | 000080605030061 |
| 6/05 | 300,000.00 | FUNDS TRANSFER  (ADVICE 2008060500021425)<br>SENT TO  MELLON UNITED NAT/<br>BNF=HARRY AND DEBORAH SARGEANT<br>OBI=DISTRIBUTION<br>RFB=20001073INTERNOI  06/05/08  10:45AM ET | 000080605021425 |
| 6/06 | 19.57 | AUTOMATED DEBIT  THE BANKERS BANK PAYMENT<br>CO. ID. 1470535472 080606 WEB<br>MISC 547795009810017 | 420081585914305 |
| 6/06 | 9,722.51 | AUTOMATED DEBIT  THE BANKERS BANK PAYMENT<br>CO. ID. 1470535472 080606 WEB<br>MISC 547795009810014 | 420081585914303 |
| 6/06 | 10,000.00 | COUNTER WITHDRAWAL | 000001739646102 |

Other Withdrawals and Service Fees continued on next page.

WACHOVIA BANK, N.A. ,  PALM BEACH PRVT ADVISORY #5         page 3 of 8

Commercial Checking

03 ⬛⬛⬛⬛⬛ 036 130        0  41      SAFEKEPT     Replacement Statement        003

Other Withdrawals and Service Fees continued

Date            Amount   Description

7/01        150,000.00   FUNDS TRANSFER  (ADVICE 2008070100058822)              000080701058822
                         SENT TO  GIBRALTAR PRIVATE/
                         BNF=RAFFERTY, STOLZENBERG, ET AL
                         OBI=ESCROW ACCOUNT
                         RFB=20001130INTERNOI  07/01/08  02:26PM ET

7/01        500,000.00   FUNDS TRANSFER  (ADVICE 2008070100058821)             000080701058821
                         SENT TO  MELLON UNITED NAT/
                         BNF=HARRY AND DEBORAH SARGEANT
                         OBI=
                         RFB=20001129INTERNOI  07/01/08  02:26PM ET

7/01      1,000,000.00   INTL FUNDS TRANSFER (ADVICE 2008070100075516)         000080701075516
                         SENT TO  MELLON UNITED NAT/
                         BNF=SARGEANT MARINE  RFB=20001132INTERNOI
                         AMT=   1000000.00 CUR=USD RATE=
                         REF=20001132INTERNOI  07/01/08  04:26PM ET

7/02              0.00   AUTOMATED DEBIT  FIDELITY          FPRS                420081835706806
                         CO. ID. 9000163002 080702 CCD
                         MISC 12659 999999999

7/02          1,065.73   AUTOMATED DEBIT  AT&T              PAYMENT             420081841337362
                         CO. ID. 9991200580 080702 TEL
                         MISC 876543147NBI

7/02         27,217.06   FUNDS TRANSFER  (ADVICE 2008070200056346)             000080702056346
                         SENT TO  WASHINGTON MUTUAL/
                         BNF=THOMAS G. STEIGERWALD
                         OBI=CONSULTING FEES FOR THE PERIOD JUNE
                         RFB=20001135INTERNOI  07/02/08  03:34PM ET

7/02         50,000.00   FUNDS TRANSFER  (ADVICE 2008070200060117)             000080702060117
                         SENT TO  IOTC FINANCIAL SE/
                         BNF=INTERNATIONAL OIL
                         OBI=
                         RFB=20001138INTERNOI  07/02/08  04:06PM ET

7/02         75,000.00   FUNDS TRANSFER  (ADVICE 2008070200058372)             000080702058372
                         SENT TO  ALPINE BANK AND T/
                         BNF=LORRIE B. ASPEN
                         OBI=
                         RFB=20001137INTERNOI  07/02/08  03:51PM ET

7/02        250,000.00   FUNDS TRANSFER  (ADVICE 2008070200056350)             000080702056350
                         SENT TO  BANK OF ST. CROIX/
                         BNF=GEONET ETHANOL, LLC
                         OBI=
                         RFB=20001136INTERNOI  07/02/08  03:34PM ET

7/02        636,250.00   FUNDS TRANSFER  (ADVICE 2008070200007318)             000080702007318
                         SENT TO  BANK OF NEW YORK,/
                         BNF=DNB NOR BANK  NEW YORK
                         OBI=SHIP - BOW LIMA  VOYAGE NO 200804
                         RFB=20001133INTERNOI  07/02/08  07:33AM ET

7/02        776,326.72   FUNDS TRANSFER  (ADVICE 2008070200007319)             000080702007319
                         SENT TO  BANK OF NEW YORK,/
                         BNF=DNB NOR BANK NEW YORK
                         OBI=SHIP - BOW AMARIA  VOYAGE 200805
                         RFB=20001134INTERNOI  07/02/08  07:33AM ET

Other Withdrawals and Service Fees continued on next page.

WACHOVIA BANK, N.A. ,  PALM BEACH PRVT ADVISORY #5                    page 3 of 10

```
Commercial Checking

07        ████████036 130        0  41        SAFEKEPT        Replacement Statement        003
```

Other Withdrawals and Service Fees continued

| Date | Amount | Description | |
|------|--------|-------------|---|
| 8/26 | 95,998.63 | FUNDS TRANSFER  (ADVICE 2008082600051605)<br>SENT TO  MELLON UNITED NAT/<br>BNF=HARRY AND DEBORAH SARGEANT<br>OBI=EXP REIMB<br>RFB=20001281INTERNOI  08/26/08  04:06PM ET | 000080826051605 |
| 8/27 | 41,727.00 | FUNDS TRANSFER  (ADVICE 2008082700060565)<br>SENT TO  BANK ONE TEXAS NA/<br>BNF=HOUSTON BIOFUELS CONSULTANTS<br>OBI=INVOICE JULY 7 & AUGUST 8<br>RFB=20001292INTERNOI  08/27/08  05:08PM ET | 000080827060565 |
| 8/27 | 100,000.00 | FUNDS TRANSFER  (ADVICE 2008082700057851)<br>SENT TO  PALM BEACH AVIATI/<br>BNF=INTERNATIONAL OIL<br>OBI=<br>RFB=20001291INTERNOI  08/27/08  04:36PM ET | 000080827057851 |
| 8/27 | 136,510.95 | FUNDS TRANSFER  (ADVICE 2008082700057503)<br>SENT TO  PECKAR ABRAMSON B/<br>BNF=PECKAR, ABRAMSON, BASTIANELLI & KEL<br>OBI=INVOICE 207065,207990,209406,209402<br>RFB=20001282INTERNOI  08/27/08  04:32PM ET | 000080827057503 |
| 8/27 | 231,572.04 | FUNDS TRANSFER  (ADVICE 2008082700057500)<br>SENT TO  CHASE MANHATTAN B/JP MORGAN CHASE B<br>BNF=VINSON & ELKINS L.L.P. DOMESTIC ACC<br>OBI=INVOICE NO.25275496,25275499,252754<br>RFB=20001247INTERNOI  08/27/08  04:32PM ET | 000080827057500 |
| 8/28 | 2,108.31 | FUNDS TRANSFER  (ADVICE 2008082800060166)<br>SENT TO  WASHINGTON MUTUAL/<br>BNF=HARVEY FLOURNOY<br>OBI=EXPENSE REIMBURSEMENT<br>RFB=20001293INTERNOI  08/28/08  04:06PM ET | 000080828060166 |
| 8/28 | 37,000.00 | FUNDS TRANSFER  (ADVICE 2008082800007611)<br>SENT TO  IOTC AVIATION, LL/<br>BNF=INTERNATIONAL OIL<br>OBI=<br>RFB=20001273INTERNOI  08/28/08  07:36AM ET | 000080828007611 |
| 8/28 | 58,500.00 | FUNDS TRANSFER  (ADVICE 2008082800007609)<br>SENT TO  PREMIER IA HOLDIN/<br>BNF=INTERNATIONAL OIL<br>OBI=<br>RFB=20001268INTERNOI  08/28/08  07:36AM ET | 000080828007609 |
| 8/29 | 763.20 | FUNDS TRANSFER  (ADVICE 2008082900068915)<br>SENT TO  WASHINGTON MUTUAL/<br>BNF=DANIEL ERNESTO RIVAS<br>OBI=INVOICE 126<br>RFB=20001297INTERNOI  08/29/08  03:08PM ET | 000080829068915 |
| 8/29 | 2,456.00 | FUNDS TRANSFER  (ADVICE 2008082900068914)<br>SENT TO  CITIBANK, NYC  FW/<br>BNF=PRIMER BANCO DEL ISTMO, S.A. PANAMA<br>OBI=FOR FINAL CREDIT TO : GLOBAL CORPOR<br>RFB=20001298INTERNOI  08/29/08  03:25PM ET | 000080829068914 |

Other Withdrawals and Service Fees continued on next page.

Commercial Checking

06   ████████036 130      0  41      SAFEKEPT      Replacement Statement      003

Other Withdrawals and Service Fees continued

| Date | Amount | Description | |
|------|--------|-------------|---|
| 9/16 | 250,000.00 | FUNDS TRANSFER  (ADVICE 2008091600025342)<br>SENT TO  MELLON UNITED NAT/<br>BNF=HARRY AND DEBORAH SARGEANT<br>OBI=<br>RFB=20001337INTERNOI  09/16/08  11:45AM ET | 000080916025342 |
| 9/17 | 3,628.62 | FUNDS TRANSFER  (ADVICE 2008091700037433)<br>SENT TO  BANK OF AMERICA  /<br>BNF=PLATTS/MCGRAW-HILL<br>OBI=ACCOUNT 83182  INVOICE ████<br>RFB=20001344INTERNOI  09/17/08  01:43PM ET | 000080917037433 |
| 9/17 | 9,375.00 | FUNDS TRANSFER  (ADVICE 2008091700037431)<br>SENT TO  PROSPERITY BANK  /<br>BNF=LUIZ EDUARDO L ANDRADE<br>OBI=<br>RFB=20001342INTERNOI  09/17/08  01:43PM ET | 000080917037431 |
| 9/17 | 21,046.85 | FUNDS TRANSFER  (ADVICE 2008091700037432)<br>SENT TO  BANK OF AMERICA  /<br>BNF=GATEWAY INSURANCE<br>OBI=ACCOUNT FOUSO01  INVOICE 59292<br>RFB=20001346INTERNOI  09/17/08  01:43PM ET | 000080917037432 |
| 9/17 | 23,806.18 | FUNDS TRANSFER  (ADVICE 2008091700037430)<br>SENT TO  MARTY W MARTIN  /<br>BNF=MARTY MARTIN<br>OBI=<br>RFB=20001341INTERNOI  09/17/08  01:43PM ET | 000080917037430 |
| 9/17 | 46,520.00 | FUNDS TRANSFER  (ADVICE 2008091700058313)<br>SENT TO  MARTY W MARTIN  /<br>BNF=MARTY MARTIN<br>OBI=<br>RFB=20001359INTERNOI  09/17/08  05:19PM ET | 000080917058313 |
| 9/17 | 93,234.76 | AUTOMATED DEBIT  FIDELITY EMP SVC ECMFUNDING<br>CO. ID. 5053304255 080917 CCD<br>MISC 101000000018729 | 420082613489487 |
| 9/17 | 550,000.00 | FUNDS TRANSFER  (ADVICE 2008091700037434)<br>SENT TO  BANK OF ST. CROIX/<br>BNF=GEONET ETHANOL, LLC<br>OBI=<br>RFB=20001357INTERNOI  09/17/08  01:43PM ET | 000080917037434 |
| 9/18 | 10,000.00 | FUNDS TRANSFER  (ADVICE 2008091800053782)<br>SENT TO  SUNTRUST BANK  /<br>BNF=JIM GREER<br>OBI=FOR FURTHER CREDIT TO RIVERSIDE BAN<br>RFB=20001363INTERNOI  09/18/08  04:07PM ET | 000080918053782 |
| 9/18 | 10,000.00 | FUNDS TRANSFER  (ADVICE 2008091800053780)<br>SENT TO  CENTRAL FLA EDUCA/<br>BNF=POLITICAL CAPITAL<br>OBI=SEPTEMBER<br>RFB=20001364INTERNOI  09/18/08  04:08PM ET | 000080918053780 |

Other Withdrawals and Service Fees continued on next page.

NOT A CERTIFIED COPY

Commercial Checking

04      ███████████036 130      0 41      SAFEKEPT      Replacement Statement      003

Other Withdrawals and Service Fees continued

| Date | Amount | Description | |
|------|--------|-------------|---|
| 10/06 | 57,000.00 | FUNDS TRANSFER   (ADVICE 2008100600057919)<br>SENT TO   IOTC FINANCIAL SE/<br>BNF=INTERNATIONAL OIL<br>OBI=<br>RFB=20001395INTERNOI  10/06/08  05:10PM ET | 000081006057919 |
| 10/06 | 66,698.66 | AUTOMATED DEBIT   AMERICAN EXPRESS ELEC REMIT<br>CO. ID. ████████████ WEB<br>MISC ██████████ | ████████████ |
| 10/06 | 342,168.97 | AUTOMATED DEBIT   AMERICAN EXPRESS ELEC REMIT<br>CO. ID. ████████████ WEB<br>MISC ██████████ | ████████████ |
| 10/06 | 372,944.34 | FUNDS TRANSFER   (ADVICE 2008100600005828)<br>SENT TO   CHASE MANHATTAN B/JP MORGAN CHASE B<br>BNF=VINSON & ELKINS L.L.P. DOMESTIC ACC<br>OBI=INVOICE NO. 25278004, 25277628, 252<br>RFB=20001348INTERNOI  10/06/08  07:33AM ET | 000081006005828 |
| 10/07 | 250,000.00 | FUNDS TRANSFER   (ADVICE 2008100700027804)<br>SENT TO   PALM BEACH AVIATI/<br>BNF=INTERNATIONAL OIL<br>OBI=<br>RFB=20001397INTERNOI  10/07/08  12:25PM ET | 000081007027804 |
| 10/07 | 260,026.36 | FUNDS TRANSFER   (ADVICE 2008100700054349)<br>SENT TO   MELLON UNITED NAT/<br>BNF=HARRY AND DEBORAH SARGEANT<br>OBI=EXP REIMB<br>RFB=20001398INTERNOI  10/07/08  04:57PM ET | 000081007054349 |
| 10/09 | 40,000.00 | AUTOMATED DEBIT   AMERICAN EXPRESS ELEC REMIT<br>CO. ID. ████████████ PPD<br>MISC ██████████ | ████████████ |
| 10/10 | 20,000.00 | FUNDS TRANSFER   (ADVICE 2008101000040816)<br>SENT TO   IOTC FINANCIAL SE/<br>BNF=INTERNATIONAL OIL<br>OBI=<br>RFB=20001402INTERNOI  10/10/08  01:24PM ET | 000081010040816 |
| 10/10 | 40,000.00 | FUNDS TRANSFER   (ADVICE 2008101000057593)<br>SENT TO   EAGLEBANK       /<br>BNF=BUCKLEY KOLAR LLP<br>OBI=<br>RFB=20001405INTERNOI  10/10/08  03:44PM ET | 000081010057593 |
| 10/10 | 150,000.00 | FUNDS TRANSFER   (ADVICE 2008101000040627)<br>SENT TO   IOTC FINANCIAL SE/<br>BNF=INTERNATIONAL OIL<br>OBI=<br>RFB=20001401INTERNOI  10/10/08  01:22PM ET | 000081010040627 |
| 10/14 | 2,241.72 | FUNDS TRANSFER   (ADVICE 2008101400045718)<br>SENT TO   WASHINGTON MUTUAL/<br>BNF=HARVEY FLOURNOY<br>OBI=EXPENSE REIMBURSEMENT $1011.72 - CL<br>RFB=20001407INTERNOI  10/14/08  12:04PM ET | 000081014045718 |

Other Withdrawals and Service Fees continued on next page.

NOT A CERTIFIED COPY

WACHOVIA BANK, N.A. ,   PRIVATE BANKING-NO PALM-FT LD                    page 4 of 11

Commercial Checking

08          036 130          0  41          SAFEKEPT          Replacement Statement          003

Other Withdrawals and Service Fees continued

| Date | Amount | Description | |
|------|--------|-------------|---|
| 10/27 | 30,000.00 | FUNDS TRANSFER   (ADVICE 2008102700015277)<br>SENT TO  PREMIER IA HOLDIN/<br>BNF=INTERNATIONAL OIL<br>OBI=<br>RFB=20001459INTERNOI  10/27/08  09:50AM ET | 000081027015277 |
| 10/28 | 20.71 | FUNDS TRANSFER   (ADVICE 2008102800024317)<br>SENT TO  WACHOVIA BANK, N./<br>BNF=.<br>OBI=FGN BANK FEES FOR TRN 081022-047573<br>RFB=081022-047573     10/28/08  02:32PM ET | 000081028024317 |
| 10/28 | 6,458.00 | INTL FUNDS TRANSFER (ADVICE 2008102800051910)<br>SENT TO  WACHOVIA BANK N.A/JORDAN KUWAIT BAN<br>BNF=RASHAD ABDEL-WAH RFB=20001441INTERNOI<br>AMT=       6458.00 CUR=USD RATE=<br>REF=20001441INTERNOI  10/28/08  04:49PM ET | 000081028051910 |
| 10/29 | 17,057.63 | AUTOMATED DEBIT  AMERICAN EXPRESS ELEC REMIT<br>CO. ID. ▬▬▬▬▬ WEB<br>MISC ▬▬▬▬ | ▬▬▬▬▬ |
| 10/29 | 84,881.05 | AUTOMATED DEBIT  FIDELITY EMP SVC ECMFUNDING<br>CO. ID. 5053304255 081029 CCD<br>MISC 101000000018729 | 420083031324466 |
| 10/29 | 100,000.00 | FUNDS TRANSFER   (ADVICE 2008102900061031)<br>SENT TO  BANKATLANTIC     /<br>BNF=ASPHALT PLANNING SERVICES<br>OBI=MAY-SEP 2008<br>RFB=20001463INTERNOI  10/29/08  05:22PM ET | 000081029061031 |
| 10/29 | 250,000.00 | FUNDS TRANSFER   (ADVICE 2008102900059071)<br>SENT TO  MELLON UNITED NAT/<br>BNF=HARRY AND DEBORAH SARGEANT<br>OBI=EXP REIMB<br>RFB=20001462INTERNOI  10/29/08  04:53PM ET | 000081029059071 |
| 10/30 | 37,000.00 | FUNDS TRANSFER   (ADVICE 2008103000005160)<br>SENT TO  IOTC AVIATION, LL/<br>BNF=INTERNATIONAL OIL<br>OBI=<br>RFB=20001428INTERNOI  10/30/08  07:52AM ET | 000081030005160 |
| 10/30 | 61,500.00 | FUNDS TRANSFER   (ADVICE 2008103000005159)<br>SENT TO  PREMIER IA HOLDIN/<br>BNF=INTERNATIONAL OIL<br>OBI=<br>RFB=20001424INTERNOI  10/30/08  07:52AM ET | 000081030005159 |
| 10/30 | 100,000.00 | FUNDS TRANSFER   (ADVICE 2008103000026072)<br>SENT TO  PALM BEACH AVIATI/<br>BNF=INTERNATIONAL OIL<br>OBI=<br>RFB=20001467INTERNOI  10/30/08  11:15AM ET | 000081030026072 |
| 10/30 | 230,000.00 | FUNDS TRANSFER   (ADVICE 2008103000025701)<br>SENT TO  IOTC FINANCIAL SE/<br>BNF=INTERNATIONAL OIL<br>OBI=<br>RFB=20001465INTERNOI  10/30/08  11:12AM ET | 000081030025701 |

Other Withdrawals and Service Fees continued on next page.

NOT A CERTIFIED COPY

Commercial Checking

08        ████████████ 036 130        0 41        SAFEKEPT        Replacement Statement        003

Other Withdrawals and Service Fees continued

| Date | Amount | Description | |
|------|--------|-------------|--|
| 11/24 | 30,847.83 | FUNDS TRANSFER   (ADVICE 2008112400055874)<br>SENT TO  WASHINGTON MUTUAL/<br>BNF=THOMAS G. STEIGERWALD<br>OBI=CONSULTING FEES FOR OCTOBER 2008<br>RFB=20001571INTERNOI  11/24/08  04:31PM ET | 000081124055874 |
| 11/24 | 73,758.64 | FUNDS TRANSFER   (ADVICE 2008112400055879)<br>SENT TO  WASHINGTON MUTUAL/<br>BNF=PECKAR & ABRAMSON PC<br>OBI=INVOICES 214120, 214117<br>RFB=20001577INTERNOI  11/24/08  04:31PM ET | 000081124055879 |
| 11/25 | 999.62 | FUNDS TRANSFER   (ADVICE 2008112500065866)<br>SENT TO  WASHINGTON MUTUAL/<br>BNF=HARVEY FLOURNOY<br>OBI=EXPENSE REIMBURSEMENT - HARRY'S CAR<br>RFB=20001595INTERNOI  11/25/08  04:34PM ET | 000081125065866 |
| 11/25 | 25,000.00 | FUNDS TRANSFER   (ADVICE 2008112500020170)<br>SENT TO  SARGEANT MARINE S/<br>BNF=INTERNATIONAL OIL<br>OBI=<br>RFB=20001588INTERNOI  11/25/08  10:01AM ET | 000081125020170 |
| 11/25 | 38,000.00 | TRNSFR 2000034278408                11/25<br>WACHOVIA CONN CONFIRMATION # WC112517385600 | 200811251738560 |
| 11/25 | 180,000.00 | TRNSFR 2000032126280                11/25<br>WACHOVIA CONN CONFIRMATION # WC112517362600 | 200811251736260 |
| 11/26 | 2,233.70 | FUNDS TRANSFER   (ADVICE 2008112600037813)<br>SENT TO  BANK OF AMERICA  /<br>BNF=NELSON GARCIA-TAVEL<br>OBI=EXPENSE REIMBURSEMENT<br>RFB=20001598INTERNOI  11/26/08  12:04PM ET | 000081126037813 |
| 11/26 | 6,458.00 | INTL FUNDS TRANSFER (ADVICE 2008112400055872)<br>SENT TO  WACHOVIA BANK NA /JORDAN KUWAIT BAN<br>BNF=RASHAD ABDEL-WAH RFB=20001576INTERNOI<br>AMT=        6458.00 CUR=USD RATE=<br>REF=20001576INTERNOI  11/26/08  07:45AM ET | 000081124055872 |
| 11/26 | 56,048.17 | FUNDS TRANSFER   (ADVICE 2008112600039007)<br>SENT TO  GIBRALTAR PRIVATE/<br>BNF=RAFFERTY, STOLZENBERG, ET AL<br>OBI=INVOICE 8664<br>RFB=20001585INTERNOI  11/26/08  12:12PM ET | 000081126039007 |
| 11/28 | 81,065.28 | FUNDS TRANSFER   (ADVICE 2008112800010148)<br>SENT TO  WASHINGTON MUTUAL/<br>BNF=PECKAR & ABRAMSON PC<br>OBI=INVOICE 215800,215801,215802,215806<br>RFB=20001578INTERNOI  11/28/08  07:40AM ET | 000081128010148 |
| 11/28 | 400,000.00 | FUNDS TRANSFER   (ADVICE 2008112800032827)<br>SENT TO  MELLON UNITED NAT/<br>BNF=HARRY SARGEANT<br>OBI=<br>RFB=20001600INTERNOI  11/28/08  11:02AM ET | 000081128032827 |

Total    $6,807,577.51

NOT A CERTIFIED COPY

```
        Commercial Checking

07  .████████ 036 130      0  41      SAFEKEPT      Replacement Statement      003
```

Other Withdrawals and Service Fees continued

| Date | Amount | Description | |
|------|--------|-------------|---|
| 12/17 | 2,870,817.00 | INTL FUNDS TRANSFER (ADVICE 2008121600056215)<br>SENT TO  HSBC BANK USA     /HSBC BANK MIDDLE<br>BNF=SHEHADEH TWAL     RFB=20001671INTERNOI<br>AMT=      2870817.00 CUR=USD RATE=<br>REF=20001671INTERNOI  12/17/08  05:24AM ET | 000081216056215 |
| 12/18 | 488.08 | FUNDS TRANSFER  (ADVICE 2008121800015914)<br>SENT TO  DEUTSCHE BANK TRU/<br>BNF=KEVIN L. HANEBRINK<br>OBI=FAIRBAIRN PRIVATE BANK (IOM) LTD -<br>RFB=20001675INTERNOI  12/18/08  09:44AM ET | 000081218015914 |
| 12/18 | 782.66 | FUNDS TRANSFER  (ADVICE 2008121800056647)<br>SENT TO  MARTY W MARTIN   /<br>BNF=MARTY MARTIN<br>OBI=EXP REIMB 12.18.08<br>RFB=20001683INTERNOI  12/18/08  04:21PM ET | 000081218056647 |
| 12/18 | 2,121.00 | FUNDS TRANSFER  (ADVICE 2008121800015915)<br>SENT TO  WASHINGTON MUTUAL/<br>BNF=DANIEL ERNESTO RIVAS<br>OBI=INVOICE 133<br>RFB=20001677INTERNOI  12/18/08  09:44AM ET | 000081218015915 |
| 12/18 | 33,000.00 | FUNDS TRANSFER  (ADVICE 2008121800061864)<br>SENT TO  REGIONS BANK    /<br>BNF=THE COMMERCIAL DEPARTMENT INC<br>OBI=<br>RFB=20001685INTERNOI  12/18/08  05:27PM ET | 000081218061864 |
| 12/18 | 58,379.13 | FUNDS TRANSFER  (ADVICE 2008121800023772)<br>SENT TO  REGIONS BANK    /<br>BNF=ADAM COREY<br>OBI=EXPENSE REIMBURSEMENT<br>RFB=20001681INTERNOI  12/18/08  11:07AM ET | 000081218023772 |
| 12/18 | 183,493.80 | AUTOMATED DEBIT  AMERICAN EXPRESS ELEC REMIT<br>CO. ID.████████ WEB<br>MISC ████████ | ████████ |
| 12/18 | 250,000.00 | FUNDS TRANSFER  (ADVICE 2008121800061854)<br>SENT TO  MELLON UNITED NAT/<br>BNF=HARRY AND DEBORAH SARGEANT<br>OBI=<br>RFB=20001684INTERNOI  12/18/08  05:27PM ET | 000081218061854 |
| 12/19 | 940.00 | FUNDS TRANSFER  (ADVICE 2008121900055204)<br>SENT TO  WASHINGTON MUTUAL/<br>BNF=HARVEY FLOURNOY<br>OBI=EXPENSE REIMBURSEMENT<br>RFB=20001691INTERNOI  12/19/08  03:29PM ET | 000081219055204 |
| 12/19 | 25,000.00 | AUTOMATED DEBIT  AMERICAN EXPRESS ELEC REMIT<br>CO. ID.████████ PPD<br>MISC ████████ | ████████ |
| 12/19 | 59,000.00 | AUTOMATED DEBIT  AMERICAN EXPRESS ELEC REMIT<br>CO. ID.████████ WEB<br>MISC ████████ | ████████ |

Other Withdrawals and Service Fees continued on next page.

NOT A CERTIFIED COPY

Commercial Checking

06   ████████ 036 130      0  41      SAFEKEPT      Replacement Statement      003

Other Withdrawals and Service Fees continued

| Date | Amount | Description | |
|------|--------|-------------|---|
| 2/10 | 75,000.00 | FUNDS TRANSFER  (ADVICE 2009021000045349)<br>SENT TO   PALM BEACH AVIATI/<br>BNF=INTERNATIONAL OIL<br>OBI=<br>RFB=20001938INTERNOI  02/10/09  02:50PM ET | 000090210045349 |
| 2/11 | 1,715.00 | FUNDS TRANSFER  (ADVICE 2009021100057270)<br>SENT TO   BANK OF AMERICA  /<br>BNF=KALIL NICOLAS<br>OBI=<br>RFB=20001943INTERNOI  02/11/09  04:54PM ET | 000090211057270 |
| 2/11 | 4,493.87 | FUNDS TRANSFER  (ADVICE 2009021100057275)<br>SENT TO   MELLON UNITED NAT/<br>BNF=SARGEANT TRADING LTD.<br>OBI=HEALTH INS 0209<br>RFB=20001946INTERNOI  02/11/09  04:54PM ET | 000090211057275 |
| 2/11 | 9,765.49 | FUNDS TRANSFER  (ADVICE 2009021100057272)<br>SENT TO   PROSPERITY BANK  /<br>BNF=LUIZ EDUARDO LOUREIRO ANDRADE.<br>OBI=<br>RFB=20001940INTERNOI  02/11/09  04:54PM ET | 000090211057272 |
| 2/11 | 25,882.78 | FUNDS TRANSFER  (ADVICE 2009021100057271)<br>SENT TO   WASHINGTON MUTUAL/<br>BNF=THOMAS G. STEIGERWALD<br>OBI=CONSULTING FEES JANUARY 2009<br>RFB=20001944INTERNOI  02/11/09  04:54PM ET | 000090211057271 |
| 2/11 | 59,734.63 | FUNDS TRANSFER  (ADVICE 2009021100057335)<br>SENT TO   BANK OF AMERICA  /<br>BNF=FLEISHMAN-HILLARD INC<br>OBI=INVOICE 1431932, 1435302, 1441156,<br>RFB=20001942INTERNOI  02/11/09  04:55PM ET | 000090211057335 |
| 2/11 | 110,000.00 | FUNDS TRANSFER  (ADVICE 2009021100047199)<br>SENT TO   IOTC FINANCIAL SE/<br>BNF=INTERNATIONAL OIL<br>OBI=<br>RFB=20001952INTERNOI  02/11/09  03:00PM ET | 000090211047199 |
| 2/11 | 250,000.00 | FUNDS TRANSFER  (ADVICE 2009021100042419)<br>SENT TO   MELLON UNITED NAT/<br>BNF=HARRY AND DEBORAH SARGEANT<br>OBI=<br>RFB=20001950INTERNOI  02/11/09  02:20PM ET | 000090211042419 |
| 2/12 | 21.26 | INTL FUNDS TRANSFER (ADVICE 2009021200031183)<br>SENT TO   WACHOVIA BANK, N./<br>BNF=            RFB=WACGFT0904320002<br>AMT=         16.00 CUR=EUR RATE=  1.3287930<br>REF=WACGFT0904320002  02/12/09  12:30PM ET | 000090212031183 |
| 2/12 | 423.00 | FUNDS TRANSFER  (ADVICE 2009021200054842)<br>SENT TO   WASHINGTON MUTUAL/<br>BNF=HARVEY FLOURNOY<br>OBI=EXPENSE REIMBURSEMENT<br>RFB=20001953INTERNOI  02/12/09  04:48PM ET | 000090212054842 |

Other Withdrawals and Service Fees continued on next page.

NOT A CERTIFIED COPY

Commercial Checking

05              036 130      0  41     SAFEKEPT    Replacement Statement     003

Other Withdrawals and Service Fees continued

| Date | Amount | Description | |
|------|--------|-------------|---|
| 3/10 | 811.00 | FUNDS TRANSFER  (ADVICE 2009031000049082)<br>SENT TO  SARGEANT MARINE S/<br>BNF=INTERNATIONAL OIL<br>OBI=<br>RFB=20002047INTERNOI  03/10/09  03:27PM ET | 000090310049082 |
| 3/10 | 18,744.00 | FUNDS TRANSFER  (ADVICE 2009031000014269)<br>SENT TO  WELLS FARGO BANK,/<br>BNF=ASPEN LUXURY RENTALS<br>OBI=<br>RFB=20002042INTERNOI  03/10/09  09:00AM ET | 000090310014269 |
| 3/10 | 68,611.45 | FUNDS TRANSFER  (ADVICE 2009031000015789)<br>SENT TO  SARGEANT MARINE S/<br>BNF=INTERNATIONAL OIL<br>OBI=<br>RFB=20002043INTERNOI  03/10/09  09:26AM ET | 000090310015789 |
| 3/10 | 164,526.00 | FUNDS TRANSFER  (ADVICE 2009031000026971)<br>SENT TO  BANK OF AMERICA   /BANK OF AMERICA N<br>BNF=HARRY SARGEANT & DEBORAH SARGEANT<br>OBI=<br>RFB=20002046INTERNOI  03/10/09  11:35AM ET | 000090310026971 |
| 3/10 | 275,000.00 | FUNDS TRANSFER  (ADVICE 2009031000053560)<br>SENT TO  IOTC FINANCIAL SE/<br>BNF=INTERNATIONAL OIL<br>OBI=<br>RFB=20002049INTERNOI  03/10/09  04:16PM ET | 000090310053560 |
| 3/11 | 8.12 | INTL FUNDS TRANSFER (ADVICE 2009031100027579)<br>SENT TO  TORONTO-DOMINION /<br>BNF=        RFB=WACGFT0907020150<br>AMT=        10.00 CUR=CAD RATE=  1.2322201<br>REF=WACGFT0907020150  03/11/09  11:25AM ET | 000090311027579 |
| 3/11 | 8.12 | INTL FUNDS TRANSFER (ADVICE 2009031100027680)<br>SENT TO  TORONTO-DOMINION /<br>BNF=        RFB=WACGFT0907020146<br>AMT=        10.00 CUR=CAD RATE=  1.2322201<br>REF=WACGFT0907020146  03/11/09  11:26AM ET | 000090311027680 |
| 3/11 | 577.10 | INTL FUNDS TRANSFER (ADVICE 2009031100050244)<br>SENT TO  LLOYDS BANK LTD. /BARCLAYS BANK PLC<br>BNF=DAVIES JOHNSON C RFB=20002045INTERNOI<br>AMT=        414.50 CUR=GBP RATE=  1.3922850<br>REF=20002045INTERNOI  03/11/09  03:32PM ET | 000090311050244 |
| 3/11 | 2,023.08 | INTL FUNDS TRANSFER (ADVICE 2009031100050246)<br>SENT TO  WACHOVIA BANK, N./CM - CIC BANQUES<br>BNF=OC TRAVEL       RFB=20002050INTERNOI<br>AMT=        1580.00 CUR=EUR RATE=  1.2804275<br>REF=20002050INTERNOI  03/11/09  03:25PM ET | 000090311050246 |
| 3/11 | 3,165.41 | INTL FUNDS TRANSFER (ADVICE 2009031100049960)<br>SENT TO  DEUTSCHE BANK TRU/FAIRBAIRN PRIVATE<br>BNF=KEVIN L HANEBRIN RFB=20002051INTERNOI<br>AMT=        3165.41 CUR=USD RATE=<br>REF=20002051INTERNOI  03/11/09  03:23PM ET | 000090311049960 |

Other Withdrawals and Service Fees continued on next page.

WACHOVIA BANK, N.A. ,   PRIVATE BANKING-NO PALM-FT LD              page 5 of 13

NOT A CERTIFIED COPY

Commercial Checking

10           036 130      0  41      SAFEKEPT     Replacement Statement      003

Other Withdrawals and Service Fees continued

| Date | Amount | Description | |
|------|--------|-------------|---|
| 3/24 | 85,503.00 | FUNDS TRANSFER  (ADVICE 2009032400033298)<br>SENT TO  WASHINGTON MUTUAL/PECKAR & ABRAMSON<br>BNF=PECKAR & ABRAMSON<br>OBI=INV# 218101, 218099, 218103, 218098<br>RFB=20002106INTERNOI  03/24/09  01:01PM ET | 000090324033298 |
| 3/25 | 32.01 | AUTOMATED DEBIT  FPL DIRECT DEBIT ELEC PYMT<br>CO. ID. 3590247775 090325 PPD<br>MISC 4812955427 PPDA | 420090831979593 |
| 3/25 | 628.38 | INTL FUNDS TRANSFER (ADVICE 2009032500055662)<br>SENT TO  LLOYDS TSB BANK P/HSBC BANK PLC<br>BNF=POSTCRIPTUM (UK) RFB=20002113INTERNOI<br>AMT=        427.70 CUR=GBP RATE=  1.4691965<br>REF=20002113INTERNOI  03/25/09  03:56PM ET | 000090325055662 |
| 3/25 | 2,629.13 | INTL FUNDS TRANSFER (ADVICE 2009032500055649)<br>SENT TO  TORONTO-DOMINION /CREDIT UNION CENT<br>BNF=KINUKO OKURA      RFB=20002127INTERNOI<br>AMT=        3205.00 CUR=CAD RATE=  1.2190365<br>REF=20002127INTERNOI  03/25/09  04:13PM ET | 000090325055649 |
| 3/25 | 75,000.00 | FUNDS TRANSFER  (ADVICE 2009032500025489)<br>SENT TO  PALM BEACH AVIATI/<br>BNF=INTERNATIONAL OIL<br>OBI=<br>RFB=20002112INTERNOI  03/25/09  10:59AM ET | 000090325025489 |
| 3/26 | 2,513.71 | FUNDS TRANSFER  (ADVICE 2009032600007891)<br>SENT TO  WASHINGTON MUTUAL/<br>BNF=HARVEY FLOURNOY<br>OBI=EXPENSE REIMBURSEMENT<br>RFB=20002130INTERNOI  03/26/09  07:33AM ET | 000090326007891 |
| 3/26 | 50,000.00 | FUNDS TRANSFER  (ADVICE 2009032600019789)<br>SENT TO  MELLON UNITED NAT/<br>BNF=HARRY AND DEBORAH SARGEANT<br>OBI=EXP REIMB<br>RFB=20002131INTERNOI  03/26/09  10:20AM ET | 000090326019789 |
| 3/27 | 1,000.00 | FUNDS TRANSFER  (ADVICE 2009032700066144)<br>SENT TO  BANK OF AMERICA  /BANK OF AMERICA N<br>BNF=AUSTIN BROCK<br>OBI=03.27.09 COMPENSATION<br>RFB=20002136INTERNOI  03/27/09  05:27PM ET | 000090327066144 |
| 3/27 | 3,125.00 | FUNDS TRANSFER  (ADVICE 2009032700066143)<br>SENT TO  BRANCH BANKING & /<br>BNF=IOP ASSOCIATES<br>OBI=SERVICES FROM 09.2008 - 01.2009<br>RFB=20002135INTERNOI  03/27/09  05:27PM ET | 000090327066143 |
| 3/27 | 6,458.00 | INTL FUNDS TRANSFER (ADVICE 2009032500055036)<br>SENT TO  WACHOVIA BANK NA /JORDAN KUWAIT BAN<br>BNF=RASHAD ABDEL-WAH RFB=20002124INTERNOI<br>AMT=        6458.00 CUR=USD RATE=<br>REF=20002124INTERNOI  03/27/09  07:37AM ET | 000090325055036 |
| 3/27 | 100,000.00 | AUTOMATED DEBIT  AMERICAN EXPRESS ELEC REMIT<br>CO. ID. ███████████ WEB<br>MISC ███████████ | ██████████ |

Other Withdrawals and Service Fees continued on next page.

Commercial Checking

07      ████████ ▌036 130     0  41     SAFEKEPT     Replacement Statement     003

Other Withdrawals and Service Fees continued

| Date | Amount | Description | |
|------|--------|-------------|---|
| 4/15 | 1,612.00 | INTL FUNDS TRANSFER (ADVICE 2009041500063269)<br>SENT TO  DEUTSCHE BANK TRU/FAIRBAIRN PRIVATE<br>BNF=KEVIN L HANEBRIN RFB=20002219INTERNOI<br>AMT=        1612.00 CUR=USD RATE=<br>REF=20002219INTERNOI  04/15/09  05:00PM ET | 000090415063269 |
| 4/15 | 5,500.00 | FUNDS TRANSFER  (ADVICE 2009041500006377)<br>SENT TO  BANK OF AMERICA  /BANK OF AMERICA N<br>BNF=MERVYN MONGER<br>OBI=<br>RFB=20002190INTERNOI  04/15/09  07:33AM ET | 000090415006377 |
| 4/15 | 9,375.00 | FUNDS TRANSFER  (ADVICE 2009041500006375)<br>SENT TO  PROSPERITY BANK  /<br>BNF=LUIZ EDUARDO LOUREIRO ANDRADE<br>OBI=<br>RFB=20002188INTERNOI  04/15/09  07:33AM ET | 000090415006375 |
| 4/15 | 37,644.72 | FUNDS TRANSFER  (ADVICE 2009041500006378)<br>SENT TO  LAKE FOREST BANK /<br>BNF=FIRST INSURANCE FUNDING<br>OBI=ACCT#████████████<br>RFB=████████████  04/15/09  07:33AM ET | 000090415006378 |
| 4/15 | 72,766.63 | FUNDS TRANSFER  (ADVICE 2009041500063275)<br>SENT TO  REGIONS BANK       /<br>BNF=ADAM B COREY<br>OBI=EXPENSE REIMBURSEMENT<br>RFB=20002216INTERNOI  04/15/09  04:58PM ET | 000090415063275 |
| 4/15 | 500,000.00 | FUNDS TRANSFER  (ADVICE 2009041500063274)<br>SENT TO  BANK OF AMERICA  /BANK OF AMERICA N<br>BNF=HARRY & DEBORAH SARGEANT<br>OBI=<br>RFB=20002215INTERNOI  04/15/09  04:58PM ET | 000090415063274 |
| 4/17 | 21.62 | INTL FUNDS TRANSFER (ADVICE 2009041700043051)<br>SENT TO  WACHOVIA BANK, N./<br>BNF=            RFB=WACGFT0910720046<br>AMT=        16.00 CUR=EUR RATE=  1.3509741<br>REF=WACGFT0910720046  04/17/09  02:31PM ET | 000090417043051 |
| 4/17 | 645.00 | FUNDS TRANSFER  (ADVICE 2009041700054146)<br>SENT TO  WASHINGTON MUTUAL/ERNESTO DANIEL RI<br>BNF=ERNESTO DANIEL RIVAS<br>OBI=INVOICE NO. 141 DATED 04.15.09<br>RFB=20002227INTERNOI  04/17/09  04:23PM ET | 000090417054146 |
| 4/17 | 1,000.00 | FUNDS TRANSFER  (ADVICE 2009041700054145)<br>SENT TO  BANK OF AMERICA  /AUSTIN BROCK<br>BNF=AUSTIN BROCK<br>OBI=COMPENSATION PE 04.17.09<br>RFB=20002226INTERNOI  04/17/09  04:23PM ET | 000090417054145 |
| 4/17 | 2,500.00 | FUNDS TRANSFER  (ADVICE 2009041700054148)<br>SENT TO  BANK ONE TEXAS NA/HOUSTON BIOFUELS<br>BNF=HOUSTON BIOFUELS CONSULTANTS, LLC<br>OBI=RETAINER PER AGREEMENT DATED 12.08.<br>RFB=20002229INTERNOI  04/17/09  04:23PM ET | 000090417054148 |

Other Withdrawals and Service Fees continued on next page.

NOT A CERTIFIED COPY

**Commercial Checking** statement
June 1, 2009 to June 30, 2009

# Commercial Checking: ████8666

## Electronic withdrawals this statement period

| | | | Reference numbers | |
| | | | Customer | Bank |
| Date | Amount ($) | Activity | | |
| --- | --- | --- | --- | --- |
| Jun 01 | -20,000.00 | Wire # 001652 Bnf Otto Reich Ass Fed # 000600 | | 9485000224 |
| Jun 01 | -12,500.00 | Wire # 001653 Bnf Larry Carlson  Fed # 000601 | | 9485000223 |
| Jun 01 | -10,000.00 | Wire # 001654 Bnf Jim Greer  Tal Fed # 000602 | | 9485000222 |
| Jun 01 | -9,375.00 | Wire # 006268 Bnf Luiz Eduardo L Fed # 001801 | | 9485000221 |
| Jun 01 | -6,458.00 | Wire # 500524 Bnf Rashad Adel-wa Swf # 543657 | | 9485000220 |
| Jun 01 | -6,197.20 | Wire # 006271 Bnf Cx Management  Fed # 001804 | | 9485000219 |
| Jun 02 | -43,206.49 | Wire # 500452 Bnf Oc Travel     Swf # 545068 | | 9485000154 |
| Jun 02 | -9,674.40 | Wire # 500454 Bnf Ib Law Interna Fed # 000728 | | 9485000153 |
| Jun 02 | -6,101.16 | Wire # 002974 Bnf Mervyn Monger  Fed # 000684 | | 9485000152 |
| Jun 02 | -5,176.00 | Wire # 002976 Bnf Marty Martin   Fed # 000686 | | 9485000151 |
| Jun 02 | -4,086.27 | Wire # 500453 Bnf Walkers Corpor Fed # 000683 | | 9485000150 |
| Jun 02 | -1,431.82 | Wire # 002975 Bnf Robert Moore 2 Fed # 000685 | | 9485000149 |
| Jun 02 | -1,415.61 | Wire # 002978 Bnf Harvey Flourno Fed # 000688 | | 9485000148 |
| Jun 02 | -700.00 | Wire # 002977 Bnf Kalil Nicolas  Fed # 000687 | | 9485000147 |
| Jun 02 | -501.84 | Fpl Direct Debit Elec Pymt 4812955427 Ppda | | 9488803976 |
| Jun 03 | -20,000.00 | Wire # 010063 Bnf Otto Reich Ass Fed # 001802 | | 9485000149 |
| Jun 04 | -18,405.37 | Wire # 009500 Bnf Thomas G Steig Fed # 001972 | | 9485000156 |
| Jun 04 | -3,200.00 | Wire # 009503 Bnf Scott Jealous  Fed # 001975 | | 9485000155 |
| Jun 04 | -1,936.63 | Wire # 009504 Bnf Nelson Garcia  Fed # 001979 | | 9485000154 |
| Jun 04 | -1,897.11 | Wire # 009501 Bnf Luiz Eduardo L Fed # 001973 | | 9485000153 |
| Jun 04 | -724.00 | Wire # 009502 Bnf Ernesto Daniel Fed # 001974 | | 9485000152 |
| Jun 04 | -600.00 | Wire # 009505 Bnf Nathaniel Lang Fed # 001976 | | 9485000151 |
| Jun 04 | -6,844.01 | AT&T Payment 060209 876543147nbi | | 9488188364 |
| Jun 05 | -500,000.00 | Wire # 500087 Bnf Toheco       Fed # 000221 | | 9485000192 |
| Jun 05 | -273,446.50 | Wire # 000743 Bnf Vinson Elkins  Fed # 000086 | | 9485000191 |
| Jun 09 | -2,000.00 | Wire # 000509 Bnf Austin Brock   Fed # 000056 | | 9485000138 |
| Jun 10 | -66,666.66 | Wire # 005647 Bnf Jeff Homchick Fed # 001352 | | 9485000135 |
| Jun 15 | -40,388.66 | Wire # 008817 Bnf Adam B Corey 7 Fed # 002043 | | 9485000216 |
| Jun 15 | -9,375.00 | Wire # 008814 Bnf Luiz Eduardo L Fed # 002056 | | 9485000215 |
| Jun 15 | -8,774.79 | Wire # 008821 Bnf Marty Martin   Fed # 002047 | | 9485000214 |
| Jun 15 | -7,399.34 | Wire # 008819 Bnf Golder Associa Fed # 002045 | | 9485000213 |
| Jun 15 | -6,458.00 | Wire # 501143 Bnf Rashad Adel-wa Swf # 555641 | | 9485000212 |
| Jun 15 | -5,500.00 | Wire # 008815 Bnf Mervyn Monger  Fed # 002041 | | 9485000211 |
| Jun 15 | -2,000.00 | Wire # 008818 Bnf Harvey Flourno Fed # 002044 | | 9485000210 |
| Jun 15 | -1,862.10 | Wire # 008823 Bnf Robert Moore 2 Fed # 002048 | | 9485000209 |
| Jun 15 | -1,337.50 | Wire # 008820 Bnf Terremark Nort Fed # 002046 | | 9485000208 |
| Jun 15 | -1,000.00 | Wire # 010944 Bnf Austin Brock  Fed # 002468 | | 9485000207 |
| Jun 16 | -250,000.00 | Wire # 009286 Bnf Harry And Debo Fed # 001877 | | 9485000166 |
| Jun 16 | -40,000.00 | Wire # 009285 Bnf Kay Ghobad Zaf Fed # 001876 | | 9485000165 |
| Jun 16 | -17,642.12 | Wire # 501224 Bnf Oc Travel     Swf # 557115 | | 9485000164 |
| Jun 16 | -10,293.00 | Wire # 009288 Bnf Rafferty Stolz Fed # 001879 | | 9485000163 |
| Jun 16 | -2,400.00 | Wire # 009289 Bnf The Gartman Le Fed # 001880 | | 9485000162 |
| Jun 16 | -1,951.38 | Wire # 009287 Bnf Mervyn Monger  Fed # 001878 | | 9485000161 |
| Jun 17 | -215,000.00 | Wire # 002378 Bnf Morrys Fyrwald Fed # 000541 | | 9485000171 |
| Jun 17 | -30,000.00 | Wire # 001911 Bnf International  Fed # 000400 | | 9485000168 |
| Jun 17 | -30,000.00 | Wire # 003902 Bnf International  Fed # 000893 | | 9485000169 |
| Jun 17 | -30,000.00 | Wire # 001910 Bnf International  Fed # 000403 | | 9485000170 |
| Jun 17 | -50,000.00 | American Express Elec Remit ████ | | 9488430020 |
| Jun 19 | -19,146.26 | Wire # 005055 Bnf Marty Martin   Fed # 001321 | | 9485000217 |
| Jun 19 | -13,739.00 | Wire # 500676 Bnf Rashad Adel-wa Swf # 559993 | | 9485000216 |
| Jun 19 | -8,134.50 | Wire # 005054 Bnf Volta Media   Fed # 001320 | | 9485000215 |
| Jun 19 | -1,000.00 | Wire # 005053 Bnf Austin Brock   Fed # 001319 | | 9485000214 |
| Jun 19 | -142,151.47 | American Express Elec Remit ████ | | 9488802173 |
| Jun 19 | -14,744.44 | American Express Elec Remit ████ | | 9488802172 |
| Jun 22 | -18,608.79 | American Express Elec Remit ████ | | 9488706695 |
| Jun 25 | -200,000.00 | Wire # 501188 Bnf Worldspan Mari Swf # 564239 | | 9485000200 |
| Jun 25 | -12,924.32 | Wire # 005908 Bnf Marty Martin   Fed # 001440 | | 9485000199 |

NOT A CERTIFIED COPY

*Commercial Checking* statement
August 1, 2009 to August 31, 2009

## Commercial Checking: 8666

### Electronic withdrawals this statement period (continued)

| Date | Amount ($) | Activity | Reference numbers Customer | Bank |
|---|---|---|---|---|
| Aug 24 | -20,898.00 | Wire # 501328 Bnf Rashad Adel-wa Swf # 611577 | | 9485000161 |
| Aug 24 | -14,827.35 | Wire # 008474 Bnf Marty Martin  Fed # 001932 | | 9485000160 |
| Aug 24 | -1,500.00 | Wire # 008077 Bnf Sargeant Bulkt Fed # 001869 | | 9485000159 |
| Aug 24 | -1,200.00 | Wire # 008073 Bnf The Gartman Le Fed # 001865 | | 9485000158 |
| Aug 24 | -215.00 | Wire # 008075 Bnf Peckar Abramso Fed # 001867 | | 9485000157 |
| Aug 24 | -3,817.81 | AT&T Payment 082109 876543147nbi | | 9488109626 |
| Aug 26 | -90,141.24 | Wire # 009501 Bnf First Insuranc Fed # 001973 | | 9485000170 |
| Aug 26 | -56,316.50 | Wire # 009508 Bnf Peckar Abramso Fed # 001978 | | 9485000169 |
| Aug 26 | -19,294.00 | Wire # 009502 Bnf Perkins Coie 1 Fed # 001974 | | 9485000168 |
| Aug 26 | -15,127.50 | Wire # 009503 Bnf Peckar Abramso Fed # 001975 | | 9485000167 |
| Aug 26 | -3,506.09 | Wire # 003840 Bnf Floridian Comm Fed # 000819 | | 9485000166 |
| Aug 26 | -391.32 | Fpl Direct Debit Elec Pymt 4811514076 Ppda | | 9488532860 |
| Aug 27 | -187.83 | Comcast Comcast 082709 3102008058 | | 9488208811 |
| Aug 28 | -267,150.86 | Wire # 000878 Bnf Vinson Elkins  Fed # 000095 | | 9485000304 |
| Aug 28 | -12,500.00 | Wire # 500089 Bnf Kevin Hanebrin Fed # 000119 | | 9485000303 |
| Aug 28 | -3,078.72 | Wire # 500115 Bnf Kinuko Okura  Swf # 615031 | | 9485000302 |
| Aug 28 | -2,372.77 | Wire # 000879 Bnf Sargeant Petro Fed # 000096 | | 9485000301 |
| Aug 28 | -1,000.00 | Wire # 000877 Bnf Austin Brock  Fed # 000094 | | 9485000300 |
| Aug 31 | -200,000.00 | Wire # 002365 Bnf Harry And Debo Fed # 000445 | | 9485000240 |
| Aug 31 | -150,000.00 | Wire # 011253 Bnf Floridian Comm Fed # 002473 | | 9485000239 |
| Aug 31 | -20,000.00 | Wire # 000854 Bnf Otto Reich Ass Fed # 000083 | | 9485000238 |
| Aug 31 | -19,897.48 | Wire # 000858 Bnf Floridian Comm Fed # 000087 | | 9485000237 |
| Aug 31 | -12,500.00 | Wire # 000857 Bnf Nathaniel Lang Fed # 000086 | | 9485000234 |
| Aug 31 | -12,500.00 | Wire # 000856 Bnf Larry Carlson  Fed # 000085 | | 9485000235 |
| Aug 31 | -12,500.00 | Wire # 000855 Bnf David Millard  Fed # 000084 | | 9485000236 |
| Aug 31 | -10,000.00 | Wire # 000860 Bnf Riverside Bank Fed # 000109 | | 9485000233 |
| Aug 31 | -9,375.00 | Wire # 000853 Bnf Luiz Eduardo L Fed # 000082 | | 9485000232 |
| Aug 31 | -6,458.00 | Wire # 500102 Bnf Rashad Adel-wa Swf # 616126 | | 9485000231 |
| Aug 31 | -5,074.67 | Wire # 500104 Bnf Regus Business Fed # 000112 | | 9485000230 |
| Aug 31 | -3,068.19 | Wire # 000859 Bnf Mervyn Monger. Fed # 000088 | | 9485000229 |
| Aug 31 | -3,000.00 | Wire # 010942 Bnf Scott Jealous  Fed # 002424 | | 9485000228 |
| Aug 31 | -538.75 | Wire # 010944 Bnf Rafferty Stolz Fed # 002426 | | 9485000227 |
| Aug 31 | -11,361.17 | American Express Elec Remit ▉▉▉▉ | | 9488325203 |

Total Electronic Withdrawals: -$7,967,892.78
Total number of Electronic Withdrawals: 74

### Other withdrawals this statement period

| Date | Amount ($) | Activity | Bank reference number |
|---|---|---|---|
| Aug 28 | -32,656.00 | Debit - Miscellaneous | 0930002574 |

Total Other Withdrawals: -$32,656.00
Total number of Other Withdrawals: 1

### Fees and service charges this statement period

| Date | Amount ($) | Activity | Bank reference number |
|---|---|---|---|
| Aug 13 | -3,275.57 | Service Charge | 0008865557 |

Total Fees and Service Charges: -$3,275.57
Total number of Fees and Service Charges: 1

NOT A CERTIFIED COPY

*Commercial Checking* statement
September 1, 2009 to September 30, 2009

## Commercial Checking: ████ 8666

### Electronic withdrawals this statement period

| Date | Amount ($) | Activity | Reference numbers Customer | Bank |
|---|---|---|---|---|
| Sep 01 | -36,000.00 | Wire # 012077 Bnf Midwest Automo Fed # 003089 | | 9485000151 |
| Sep 01 | -50,000.00 | American Express Elec Remit ███████████ | | 9488534402 |
| Sep 01 | -429.02 | Fpl Direct Debit Elec Pymt 4812955427 Ppda | | 9488650307 |
| Sep 01 | -340.89 | Comcast Wp South Efts ███████ | | 9488011887 |
| Sep 02 | -2,085.65 | AT&T Payment ███████████ | | 9488047625 |
| Sep 04 | -75,000.00 | Wire # 003828 Bnf Floridian Comm Fed # 001078 | | 9485000115 |
| Sep 04 | -65,465.67 | Wire # 003826 Bnf Adam B Corey 7 Fed # 001076 | | 9485000114 |
| Sep 04 | -11,192.52 | Wire # 003824 Bnf Thomas G Steig Fed # 001075 | | 9485000113 |
| Sep 04 | -4,757.51 | Wire # 003823 Bnf Marty Martin  Fed # 001074 | | 9485000112 |
| Sep 04 | -1,644.19 | Wire # 500654 Bnf Oc Travel    Swf # 620972 | | 9485000111 |
| Sep 04 | -1,337.50 | Wire # 003827 Bnf Terremark Nort Fed # 001077 | | 9485000110 |
| Sep 04 | -1,272.75 | Wire # 003825 Bnf Nelson Garcia  Fed # 001090 | | 9485000109 |
| Sep 04 | -1,000.00 | Wire # 003822 Bnf Austin Brock  Fed # 001073 | | 9485000108 |
| Sep 04 | -25,000.00 | American Express Elec Remit ███████ | | 9488889254 |
| Sep 08 | -4,074.92 | Wire # 007794 Bnf David Millard  Fed # 001753 | | 9485000136 |
| Sep 08 | -100,000.00 | American Express Elec Remit ███ | | 9488967933 |
| Sep 09 | -3,427.26 | American Express Elec Remit ███████ | | 9488841890 |
| Sep 10 | -12,500.00 | Wire # 500892 Bnf Kevin Hanebrin Fed # 001243 | | 9485000139 |
| Sep 11 | -20,000.00 | Wire # 008596 Bnf International  Fed # 002014 | | 9485000175 |
| Sep 11 | -6,240.80 | Wire # 008593 Bnf Sargeant Tradi Fed # 002013 | | 9485000174 |
| Sep 11 | -1,000.00 | Wire # 008588 Bnf Austin Brock  Fed # 002010 | | 9485000173 |
| Sep 11 | -578.92 | Wire # 008592 Bnf Harvey Flourno Fed # 002017 | | 9485000172 |
| Sep 11 | -240.00 | Fpl Direct Debit Elec Pymt 3786311401 Webi | | 9488491529 |
| Sep 15 | -41,811.90 | Wire # 003517 Bnf First Insuranc Fed # 000943 | | 9485000175 |
| Sep 15 | -15,000.00 | Wire # 003516 Bnf Kay Ghobad Zaf Fed # 000942 | | 9485000174 |
| Sep 15 | -9,375.00 | Wire # 003514 Bnf Luiz Eduardo L Fed # 000940 | | 9485000173 |
| Sep 15 | -6,458.00 | Wire # 500468 Bnf Rashad Adel-wa Swf # 627475 | | 9485000172 |
| Sep 15 | -6,163.20 | Wire # 003518 Bnf Perkins Coie 1 Fed # 000944 | | 9485000171 |
| Sep 15 | -5,500.00 | Wire # 003515 Bnf Mervyn Monger  Fed # 000941 | | 9485000170 |
| Sep 15 | -2,393.78 | Wire # 003519 Bnf Mervyn Monger  Fed # 000945 | | 9485000169 |
| Sep 16 | -40.09 | Fpl Direct Debit Elec Pymt 3786311401 Webi | | 9488451524 |
| Sep 17 | -23,199.26 | Wire # 005987 Bnf Marty Martin  Fed # 001272 | | 9485000120 |
| Sep 17 | -1,254.99 | Commercial Loan Detroit 9895214590 | | 9488922522 |
| Sep 18 | -10,000.00 | Wire # 008919 Bnf Nelson Garcia  Fed # 002192 | | 9485000166 |
| Sep 18 | -8,769.50 | Wire # 008920 Bnf Quinlans Quali Fed # 002182 | | 9485000165 |
| Sep 18 | -2,834.37 | Wire # 008918 Bnf Robert Moore  Fed # 002181 | | 9485000164 |
| Sep 18 | -1,337.50 | Wire # 008921 Bnf Terremark Nort Fed # 002183 | | 9485000163 |
| Sep 18 | -1,000.00 | Wire # 000777 Bnf Austin Brock  Fed # 000088 | | 9485000162 |
| Sep 21 | -59,666.31 | Wire # 006848 Bnf Adam B Corey 7 Fed # 001710 | | 9485000136 |
| Sep 21 | -25,000.00 | Wire # 006849 Bnf International  Fed # 001712 | | 9485000135 |
| Sep 23 | -12,764.75 | American Express Elec Remit ███████████ | | 9488360825 |
| Sep 24 | -216,680.81 | Wire # 005253 Bnf Vinson Elkins  Fed # 001325 | | 9485000161 |
| Sep 24 | -200,000.00 | Wire # 001806 Bnf Harry And Debo Fed # 000429 | | 9485000160 |
| Sep 24 | -114,637.77 | Wire # 005251 Bnf Peckar Abramso Fed # 001323 | | 9485000159 |
| Sep 24 | -70,942.29 | Wire # 005252 Bnf Rafferty Stolz Fed # 001324 | | 9485000158 |
| Sep 24 | -1,500.00 | Wire # 005249 Bnf Nelson Garcia  Fed # 001335 | | 9485000157 |
| Sep 24 | -369.89 | Fpl Direct Debit Elec Pymt 4811514076 Ppda | | 9488446459 |
| Sep 25 | -100,000.00 | Wire # 001581 Bnf International  Fed # 000208 | | 9485000217 |
| Sep 25 | -1,000.00 | Wire # 000807 Bnf Austin Brock  Fed # 000078 | | 9485000216 |
| Sep 25 | -150,000.00 | American Express Elec Remit ███████████ | | 9488925984 |
| Sep 28 | -19,897.48 | Wire # 000818 Bnf 400 S Ocean 9  Fed # 000095 | | 9485000193 |
| Sep 28 | -17,000.00 | Wire # 001884 Bnf International  Fed # 000289 | | 9485000192 |
| Sep 28 | -12,500.00 | Wire # 500098 Bnf Kevin Hanebrin Fed # 000074 | | 9485000191 |
| Sep 28 | -2,372.77 | Wire # 005587 Bnf Sargeant Petro Fed # 001311 | | 9485000190 |
| Sep 28 | -193.54 | Comcast Comcast 092709 3102008058 | | 9488419520 |
| Sep 29 | -10,000.00 | Wire # 500257 Bnf Rashad Adel-wa Swf # 638768 | | 9485000191 |
| Sep 29 | -3,106.56 | Wire # 500073 Bnf Kinuko Okura  Swf # 638603 | | 9485000190 |

NOT A CERTIFIED COPY

*Commercial Checking* statement
October 1, 2009 to October 31, 2009

## Commercial Checking: ⬛⬛8666

## Electronic withdrawals this statement period

| Date | Amount ($) | Activity | Customer | Bank |
|---|---|---|---|---|
| | | | **Reference numbers** | |
| Oct 01 | -66,700.97 | Wire # 004037 Bnf Adam B Corey 7 Fed # 001402 | | 9485000157 |
| Oct 01 | -23,049.00 | Wire # 004036 Bnf Peckar Abramso Fed # 001401 | | 9485000156 |
| Oct 01 | -3,000.00 | Wire # 004038 Bnf Scott Jealous Fed # 001403 | | 9485000155 |
| Oct 01 | -522.35 | Wire # 004039 Bnf Luiz Eduardo L Fed # 001404 | | 9485000154 |
| Oct 01 | -336.34 | Comcast Wp South Efts 01638 100109 56051106 | | 9488128600 |
| Oct 02 | -1,000.00 | Wire # 000788 Bnf Austin Brock Fed # 000079 | | 9485000144 |
| Oct 02 | -400.18 | Fpl Direct Debit Elec Pymt 4812955427 Ppda | | 9488853402 |
| Oct 06 | -261,536.64 | Wire # 007601 Bnf Citigroup Glob Fed # 001692 | | 9485000132 |
| Oct 06 | -65,000.00 | American Express Elec Remit ⬛ | | 9488050525 |
| Oct 08 | -7,449.00 | Wire # 501550 Bnf Rashad Adel-wa Swf # 647484 | | 9485000113 |
| Oct 09 | -500,000.00 | Wire # 501500 Bnf Independent Oi Fed # 002302 | | 9485000139 |
| Oct 09 | -1,000.00 | Wire # 008974 Bnf Austin Brock Fed # 002133 | | 9485000138 |
| Oct 14 | -16,468.00 | Wire # 501506 Bnf Joe Johnson Fed # 002068 | | 9485000146 |
| Oct 14 | -11,000.00 | Wire # 001665 Bnf International Fed # 000230 | | 9485000145 |
| Oct 15 | -65,976.57 | Wire # 010401 Bnf First Insuranc Fed # 002435 | | 9485000168 |
| Oct 15 | -41,713.41 | Wire # 010406 Bnf Marty Martin Fed # 002439 | | 9485000167 |
| Oct 15 | -20,000.00 | Wire # 501706 Bnf Kay Ghobad Zaf Fed # 002434 | | 9485000165 |
| Oct 15 | -20,000.00 | Wire # 010404 Bnf Kay Ghobad Zaf Fed # 002436 | | 9485000166 |
| Oct 15 | -9,375.00 | Wire # 010402 Bnf Luiz Eduardo L Fed # 002445 | | 9485000164 |
| Oct 15 | -6,458.00 | Wire # 501705 Bnf Rashad Adel-wa Swf # 652386 | | 9485000163 |
| Oct 15 | -5,500.00 | Wire # 010403 Bnf Mervyn Monger Fed # 002446 | | 9485000162 |
| Oct 15 | -2,568.07 | AT&T Payment 101409 876543147nbi | | 9488606409 |
| Oct 16 | -300,000.00 | Wire # 009926 Bnf Marty Martin Fed # 002353 | | 9485000186 |
| Oct 16 | -266,869.13 | Wire # 002385 Bnf Citigroup Glob Fed # 000534 | | 9485000185 |
| Oct 16 | -200,000.00 | Wire # 009923 Bnf Harry And Debo Fed # 002352 | | 9485000184 |
| Oct 16 | -145,483.39 | Wire # 002383 Bnf Adam B Corey 7 Fed # 000533 | | 9485000183 |
| Oct 16 | -78,712.07 | Wire # 002382 Bnf Rafferty Stolz Fed # 000539 | | 9485000182 |
| Oct 16 | -38,066.45 | Wire # 500330 Bnf Oc Travel Swf # 653116 | | 9485000181 |
| Oct 16 | -20,675.88 | Wire # 002384 Bnf Nelson Garcia Fed # 000545 | | 9485000180 |
| Oct 16 | -13,509.23 | Wire # 002387 Bnf Thomas G Steig Fed # 000536 | | 9485000179 |
| Oct 16 | -5,519.15 | Wire # 002386 Bnf Robert Moore Fed # 000535 | | 9485000178 |
| Oct 16 | -1,000.00 | Wire # 000829 Bnf Austin Brock Fed # 000078 | | 9485000177 |
| Oct 16 | -100,000.00 | American Express Elec Remit | | 9488049644 |
| Oct 19 | -1,530.70 | Wire # 008629 Bnf Mervyn Monger Fed # 001835 | | 9485000158 |
| Oct 19 | -911.25 | Wire # 006958 Bnf Rafferty Stolz Fed # 001533 | | 9485000157 |
| Oct 19 | -36,773.97 | American Express Elec Remit ⬛ | | 9488525568 |
| Oct 19 | -6,485.15 | Commercial Loan Detroit 9895214590 | | 9488224690 |
| Oct 20 | -100,000.00 | Wire # 008227 Bnf Sargeant Petro Fed # 001804 | | 9485000125 |
| Oct 21 | -434.38 | Fpl Direct Debit Elec Pymt 3786311401 Ppda | | 9488801209 |
| Oct 23 | -8,777.00 | Wire # 009290 Bnf Nathaniel Lang Fed # 002337 | | 9485000185 |
| Oct 23 | -5,068.23 | Wire # 008784 Bnf Marty Martin Fed # 002243 | | 9485000184 |
| Oct 23 | -1,000.00 | Wire # 008783 Bnf Austin Brock Fed # 002242 | | 9485000183 |
| Oct 23 | -100,000.00 | American Express Elec Remit ⬛ | | 9488057200 |
| Oct 23 | -16,115.85 | American Express Elec Remit ⬛ | | 9488057202 |
| Oct 26 | -25,000.00 | American Express Elec Remit ⬛ | | 9488835509 |
| Oct 27 | -331.11 | Fpl Direct Debit Elec Pymt 4811514076 Ppda | | 9488333219 |
| Oct 27 | -187.83 | Comcast Comcast ⬛ | | 9488317782 |
| Oct 28 | -179,431.17 | Wire # 007143 Bnf Vinson Elkins Fed # 001570 | | 9485000211 |
| Oct 28 | -43,115.50 | Wire # 007146 Bnf Peckar Abramso Fed # 001572 | | 9485000210 |
| Oct 28 | -20,892.35 | Wire # 007138 Bnf 400 S Ocean 9 Fed # 001565 | | 9485000209 |
| Oct 28 | -18,155.38 | Wire # 007142 Bnf Perkins Coie 1 Fed # 001569 | | 9485000208 |
| Oct 28 | -12,000.00 | Wire # 007139 Bnf International Fed # 001566 | | 9485000207 |
| Oct 28 | -11,842.40 | Wire # 007140 Bnf Marty Martin Fed # 001567 | | 9485000206 |
| Oct 28 | -9,858.34 | Wire # 500920 Bnf Oc Travel Swf # 662360 | | 9485000205 |
| Oct 28 | -1,525.87 | Wire # 007145 Bnf Scott Jealous Fed # 001571 | | 9485000204 |
| Oct 29 | -20,000.00 | Wire # 003828 Bnf International Fed # 000982 | | 9485000199 |
| Oct 29 | -12,500.00 | Wire # 500056 Bnf Kevin Hanebrin Fed # 000078 | | 9485000198 |

NOT A CERTIFIED COPY

*Commercial Checking* statement
November 1, 2009 to November 30, 2009

## Commercial Checking: ███████8666

### Electronic withdrawals this statement period (continued)



| Date | Amount ($) | Activity | Reference numbers Customer | Bank |
|---|---|---|---|---|
| Nov 05 | -344.82 | Wire # 008072 Bnf Luiz Eduardo L Fed # 001790 | | 9485000120 |
| Nov 05 | -315.81 | Wire # 008077 Bnf Damien Merlo   Fed # 001794 | | 9485000119 |
| Nov 05 | -150,000.00 | American Express Elec Remit 091████████ | | 9488786722 |
| Nov 06 | -50,000.00 | Wire # 009665 Bnf Sargeant Marin Fed # 002360 | | 9485000149 |
| Nov 06 | -1,000.00 | Wire # 000718 Bnf Austin Brock  Fed # 000090 | | 9485000148 |
| Nov 09 | -50,000.00 | American Express Elec Remit ████████ | | 9488079998 |
| Nov 09 | -9,539.03 | Commercial Loan Detroit 9895214590 | | 9488054470 |
| Nov 12 | -19,000.00 | Wire # 005746 Bnf International  Fed # 001064 | | 9485000194 |
| Nov 13 | -65,976.57 | Wire # 009659 Bnf First Insuranc Fed # 002562 | | 9485000208 |
| Nov 13 | -31,772.36 | Wire # 501830 Bnf Oc Travel     Swf # 675969 | | 9485000207 |
| Nov 13 | -30,000.00 | Wire # 501829 Bnf Rashad Adel-wa Swf # 675864 | | 9485000206 |
| Nov 13 | -21,852.18 | Wire # 010366 Bnf Marty Martin   Fed # 002697 | | 9485000205 |
| Nov 13 | -20,000.00 | Wire # 009660 Bnf Kay Ghobad Zaf Fed # 002563 | | 9485000203 |
| Nov 13 | -20,000.00 | Wire # 501651 Bnf Kay Ghobad Zaf Fed # 002556 | | 9485000204 |
| Nov 13 | -17,882.75 | Wire # 009664 Bnf Bull Hill Gues Fed # 002557 | | 9485000202 |
| Nov 13 | -9,375.00 | Wire # 009657 Bnf Luiz Eduardo L Fed # 002560 | | 9485000201 |
| Nov 13 | -6,458.00 | Wire # 501652 Bnf Rashad Adel-wa Swf # 675759 | | 9485000200 |
| Nov 13 | -5,500.00 | Wire # 009658 Bnf Mervyn Monger  Fed # 002561 | | 9485000199 |
| Nov 13 | -3,000.00 | Wire # 010365 Bnf Scott Jealous  Fed # 002703 | | 9485000198 |
| Nov 13 | -1,000.00 | Wire # 009656 Bnf Austin Brock   Fed # 002559 | | 9485000197 |
| Nov 13 | -733.05 | Wire # 010364 Bnf Harvey Flourno Fed # 002696 | | 9485000196 |
| Nov 13 | -284.01 | Wire # 010367 Bnf Nelson Garcia  Fed # 002720 | | 9485000195 |
| Nov 16 | -50,000.00 | Wire # 005253 Bnf International  Fed # 001147 | | 9485000176 |
| Nov 16 | -14,546.00 | Wire # 009228 Bnf Graig D Blume  Fed # 001990 | | 9485000175 |
| Nov 16 | -2,711.56 | AT&T Payment 111409 876543147nbi | | 9488057278 |
| Nov 18 | -21,000.00 | Wire # 008508 Bnf International  Fed # 001671 | | 9485000159 |
| Nov 20 | -150,000.00 | Wire # 002938 Bnf Harry And Debo Fed # 000789 | | 9485000192 |
| Nov 20 | -5,730.00 | Wire # 002939 Bnf Otto Reich Ass Fed # 000793 | | 9485000191 |
| Nov 20 | -4,811.39 | Wire # 002940 Bnf Marty Martin   Fed # 000790 | | 9485000190 |
| Nov 20 | -1,000.00 | Wire # 002937 Bnf Austin Brock   Fed # 000788 | | 9485000189 |
| Nov 23 | -443.70 | Fpl Direct Debit Elec Pymt 3786311401 Ppda | | 9488835613 |
| Nov 24 | -4,301.04 | Wire # 011536 Bnf Sargeant Petro Fed # 002485 | | 9485000178 |
| Nov 24 | -228.10 | Fpl Direct Debit Elec Pymt 4811514076 Ppda | | 9488379593 |
| Nov 27 | -1,000.00 | Wire # 001247 Bnf Austin Brock   Fed # 000098 | | 9485000058 |
| Nov 27 | -187.83 | Comcast Comcast 112709 3102008058 | | 9488143984 |

Total Electronic Withdrawals: -$1,054,569.74
Total number of Electronic Withdrawals: 43

### Other withdrawals this statement period

| Date | Amount ($) | Activity | Bank reference number |
|---|---|---|---|
| Nov 10 | -34,108.00 | Debit - Miscellaneous | 0930001643 |

Total Other Withdrawals: -$34,108.00
Total number of Other Withdrawals: 1

NOT A CERTIFIED COPY

*Commercial Checking* statement
December 1, 2009 to December 31, 2009

## Commercial Checking: ████58666

### Electronic withdrawals this statement period (continued)



| Date | Amount ($) | Activity | Customer | Bank |
|---|---|---|---|---|
| | | | **Reference numbers** | |
| Dec 14 | -22,000.00 | Wire # 002054 Bnf International Fed # 000309 | | 9485000177 |
| Dec 14 | -6,458.00 | Wire # 500269 Bnf Rashad Adel-wa Swf # 698274 | | 9485000176 |
| Dec 14 | -4,655.23 | AT&T Payment 121209 876543147nbi | | 9488875850 |
| Dec 15 | -65,976.57 | Wire # 000938 Bnf First Insuranc Fed # 000082 | | 9485000199 |
| Dec 15 | -20,000.00 | Wire # 008362 Bnf International Fed # 001902 | | 9485000198 |
| Dec 15 | -9,375.00 | Wire # 000940 Bnf Luiz Eduardo L Fed # 000085 | | 9485000197 |
| Dec 15 | -5,500.00 | Wire # 000939 Bnf Mervyn Monger Fed # 000084 | | 9485000196 |
| Dec 16 | -120,000.00 | Wire # 501276 Bnf Kg Zafar Fed # 001811 | | 9485000176 |
| Dec 16 | -50,000.00 | American Express Elec Remit ████████ | | 9488798896 |
| Dec 17 | -43,210.74 | Wire # 002250 Bnf Rafferty Stolz Fed # 000459 | | 9485000164 |
| Dec 18 | -100,000.00 | Wire # 010953 Bnf Adam B Corey 7 Fed # 002568 | | 9485000243 |
| Dec 18 | -21,757.43 | Wire # 011101 Bnf Adam B Corey 7 Fed # 002602 | | 9485000242 |
| Dec 18 | -1,000.00 | Wire # 000825 Bnf Austin Brock Fed # 000100 | | 9485000241 |
| Dec 21 | -40,000.00 | Wire # 501677 Bnf Kg Zafar Fed # 002511 | | 9485000222 |
| Dec 21 | -35,000.00 | Wire # 010709 Bnf Gregory Lawren Fed # 002485 | | 9485000221 |
| Dec 21 | -4,870.00 | Wire # 010713 Bnf Rockwell Colli Fed # 002487 | | 9485000220 |
| Dec 22 | -352.07 | Fpl Direct Debit Elec Pymt 3786311401 Ppda | | 9488275686 |
| Dec 23 | -211,085.32 | Wire # 011920 Bnf Vinson Elkins Fed # 002615 | | 9485000209 |
| Dec 23 | -200,000.00 | Wire # 000821 Bnf Harry And Debo Fed # 000105 | | 9485000208 |
| Dec 23 | -59,157.00 | Wire # 000819 Bnf Gateway Insura Fed # 000104 | | 9485000207 |
| Dec 23 | -55,644.62 | Wire # 011922 Bnf Adam B Corey 7 Fed # 002616 | | 9485000206 |
| Dec 23 | -24,842.31 | Wire # 011923 Bnf Corey Investme Fed # 002617 | | 9485000205 |
| Dec 23 | -22,392.74 | Wire # 011931 Bnf Merrill Commun Fed # 002624 | | 9485000204 |
| Dec 23 | -20,549.72 | Wire # 011925 Bnf Marty Martin Fed # 002619 | | 9485000203 |
| Dec 23 | -18,814.00 | Wire # 011928 Bnf Robert Moore Fed # 002621 | | 9485000202 |
| Dec 23 | -10,800.22 | Wire # 011927 Bnf Nelson Garcia Fed # 002647 | | 9485000201 |
| Dec 23 | -7,232.16 | Wire # 011929 Bnf Mervyn Monger Fed # 002622 | | 9485000200 |
| Dec 23 | -5,445.80 | Wire # 011924 Bnf David Millard Fed # 002618 | | 9485000199 |
| Dec 23 | -3,517.91 | Wire # 011932 Bnf Sargeant Tradi Fed # 002625 | | 9485000198 |
| Dec 23 | -418.78 | Wire # 011926 Bnf Harvey Flourno Fed # 002620 | | 9485000197 |
| Dec 23 | -332.92 | Wire # 011930 Bnf Luiz Eduardo L Fed # 002623 | | 9485000196 |
| Dec 24 | -5,610.28 | Wire # 000846 Bnf Gateway Insura Fed # 000089 | | 9485000055 |
| Dec 24 | -5,074.67 | Wire # 500049 Bnf Regus Business Fed # 000109 | | 9485000054 |
| Dec 24 | -2,114.50 | Wire # 000845 Bnf Damian Merlo 6 Fed # 000081 | | 9485000053 |
| Dec 24 | -1,000.00 | Wire # 000844 Bnf Austin Brock Fed # 000080 | | 9485000052 |
| Dec 24 | -550.00 | Wire # 003290 Bnf Floridian Comm Fed # 000704 | | 9485000051 |
| Dec 28 | -6,458.00 | Wire # 500049 Bnf Rashad Adel-wa Swf # 708819 | | 9485000119 |
| Dec 28 | -193.54 | Comcast Comcast 122709 3102008058 | | 9488373283 |
| Dec 29 | -20,000.00 | Wire # 009640 Bnf International Fed # 001956 | | 9485000169 |
| Dec 29 | -19,897.48 | Wire # 006925 Bnf Floridian Comm Fed # 001559 | | 9485000168 |
| Dec 29 | -7,566.61 | Wire # 006926 Bnf Marty Martin Fed # 001503 | | 9485000167 |
| Dec 29 | -238.16 | Fpl Direct Debit Elec Pymt 4811514076 Ppda | | 9488198260 |

**Total Electronic Withdrawals: -$2,239,121.17**
**Total number of Electronic Withdrawals: 80**

### Other withdrawals this statement period

| Date | Amount ($) | Activity | Bank reference number |
|---|---|---|---|
| Dec 03 | -34,057.00 | Debit - Miscellaneous | 0930000977 |

**Total Other Withdrawals: -$34,057.00**
**Total number of Other Withdrawals: 1**

NOT A CERTIFIED COPY

*Commercial Checking* statement
February 1, 2010 to February 28, 2010

# Commercial Checking: ▉▉▉58666

## Electronic withdrawals this statement period

| Date | Amount ($) | Activity | Customer | Bank |
|------|-----------|----------|----------|------|
| Feb 01 | -17,310.34 | Commercial Loan Detroit 9895214590 | | 9488014549 |
| Feb 01 | -319.49 | Comcast Wp South Efts 01638 020110 | | 9488366359 |
| Feb 03 | -187.83 | Comcast Comcast 020110 | | 9488948121 |
| Feb 04 | -50,000.00 | Wire # 006004 Bnf Adam B Corey 7 Fed # 001362 | | 9485000119 |
| Feb 04 | -26,989.05 | Wire # 005657 Bnf Rafferty Stolz Fed # 001288 | | 9485000118 |
| Feb 04 | -11,304.47 | Wire # 005653 Bnf Marty Martin Fed # 001284 | | 9485000117 |
| Feb 04 | -2,295.26 | Wire # 005656 Bnf Terremark Nort Fed # 001287 | | 9485000116 |
| Feb 04 | -1,555.54 | Wire # 005655 Bnf Luiz Eduardo L Fed # 001286 | | 9485000115 |
| Feb 04 | -1,498.99 | Wire # 005652 Bnf Harvey Flourno Fed # 001283 | | 9485000114 |
| Feb 04 | -923.12 | Wire # 500988 Bnf Holman Fenwick Swf # 738860 | | 9485000113 |
| Feb 04 | -415.16 | Wire # 005654 Bnf Sargeant Marin Fed # 001285 | | 9485000112 |
| Feb 05 | -500,000.00 | Wire # 009772 Bnf Kevin Kirkeide Fed # 003018 | | 9485000156 |
| Feb 05 | -159,240.14 | Wire # 002925 Bnf Vinson Elkins Fed # 001058 | | 9485000155 |
| Feb 05 | -26,062.00 | Wire # 002927 Bnf Peckar Abramso Fed # 001059 | | 9485000154 |
| Feb 05 | -21,146.44 | Wire # 002926 Bnf Thomas G Steig Fed # 001063 | | 9485000153 |
| Feb 05 | -18,802.00 | Wire # 500382 Bnf Rashad Adel-wa Swf # 739495 | | 9485000152 |
| Feb 05 | -15,000.00 | Wire # 001715 Bnf International Fed # 000376 | | 9485000151 |
| Feb 05 | -5,374.02 | Wire # 002928 Bnf Robert Moore Fed # 001060 | | 9485000150 |
| Feb 05 | -1,000.00 | Wire # 000733 Bnf Austin Brock Fed # 000083 | | 9485000149 |
| Feb 05 | -91,172.93 | American Express Elec Remit | | 9488270779 |
| Feb 08 | -700,000.00 | Wire # 500545 Bnf Independent Oi Fed # 000666 | | 9485000133 |
| Feb 08 | -50,000.00 | Wire # 003190 Bnf Adam B Corey 7 Fed # 000755 | | 9485000132 |
| Feb 08 | -26,989.05 | Wire # 001045 Bnf Rafferty Stolt Fed # 000124 | | 9485000131 |
| Feb 10 | -12,000.00 | Wire # 008859 Bnf International Fed # 002127 | | 9485000098 |
| Feb 11 | -12,322.55 | Wire # 007915 Bnf Corey Investme Fed # 001709 | | 9485000134 |
| Feb 11 | -6,803.34 | Wire # 007918 Bnf Marty Martin Fed # 001705 | | 9485000133 |
| Feb 11 | -4,188.70 | Wire # 007916 Bnf Sargeant Petro Fed # 001704 | | 9485000132 |
| Feb 11 | -2,788.00 | Wire # 007919 Bnf Marty Martin Fed # 001706 | | 9485000131 |
| Feb 11 | -1,615.05 | Wire # 007921 Bnf Mervyn Monger Fed # 001707 | | 9485000130 |
| Feb 11 | -1,157.39 | Wire # 007920 Bnf Nelson Garcia Fed # 001720 | | 9485000129 |
| Feb 12 | -300,000.00 | Wire # 008967 Bnf Harry And Debo Fed # 002215 | | 9485000191 |
| Feb 12 | -120,837.34 | Wire # 008968 Bnf Citigroup Glob Fed # 002216 | | 9485000190 |
| Feb 12 | -9,375.00 | Wire # 000871 Bnf Luiz Eduardo L Fed # 000090 | | 9485000189 |
| Feb 12 | -6,458.00 | Wire # 500076 Bnf Rashad Adel-wa Swf # 744812 | | 9485000188 |
| Feb 12 | -5,500.00 | Wire # 000872 Bnf Mervyn Monger Fed # 000091 | | 9485000187 |
| Feb 12 | -1,000.00 | Wire # 000870 Bnf Austin Brock Fed # 000089 | | 9485000186 |
| Feb 12 | -3,834.94 | AT&T Payment 021010 | | 9488803947 |
| Feb 16 | -65,976.57 | Wire # 001188 Bnf First Insuranc Fed # 000128 | | 9485000172 |
| Feb 16 | -10,534.48 | Wire # 500670 Bnf Zarina Daneshv Swf # 746576 | | 9485000171 |
| Feb 18 | -2,900.00 | Wire # 004561 Bnf Stephen Shaffe Fed # 001007 | | 9485000137 |
| Feb 19 | -1,000.00 | Wire # 002459 Bnf Austin Brock Fed # 000625 | | 9485000180 |
| Feb 23 | -2,800.00 | Wire # 001808 Bnf International Fed # 000228 | | 9485000148 |
| Feb 24 | -97,192.02 | Wire # 008084 Bnf Adam B Corey 7 Fed # 001677 | | 9485000153 |
| Feb 24 | -50,000.00 | Wire # 006710 Bnf Marty Martin Fed # 001426 | | 9485000152 |
| Feb 24 | -515.07 | Fpl Direct Debit Elec Pymt 02/10 | | 9488060142 |
| Feb 25 | -110,858.02 | Wire # 007059 Bnf Citigroup Glob Fed # 001745 | | 9485000207 |
| Feb 25 | -27,576.00 | Wire # 007064 Bnf Peckar Abramso Fed # 001741 | | 9485000206 |
| Feb 25 | -11,200.00 | Wire # 007065 Bnf International Fed # 001742 | | 9485000205 |
| Feb 25 | -9,578.49 | Wire # 500925 Bnf Oc Travel Swf # 755174 | | 9485000204 |
| Feb 25 | -2,967.89 | Wire # 007060 Bnf Sargeant Tradi Fed # 001738 | | 9485000203 |
| Feb 25 | -2,052.75 | Wire # 007058 Bnf Blizin Sumberg Fed # 001737 | | 9485000202 |
| Feb 25 | -1,000.00 | Wire # 007061 Bnf Scott Jealous Fed # 001739 | | 9485000200 |
| Feb 25 | -1,000.00 | Wire # 007063 Bnf Scott Jealous Fed # 001740 | | 9485000201 |
| Feb 25 | -117,269.26 | American Express Elec Remit | | 9488649028 |
| Feb 26 | -24,104.15 | Wire # 002658 Bnf Rafferty Stolz Fed # 000477 | | 9485000300 |
| Feb 26 | -19,897.48 | Wire # 001027 Bnf Floridian Comm Fed # 000109 | | 9485000299 |
| Feb 26 | -9,375.00 | Wire # 001028 Bnf Luiz Eduardo L Fed # 000110 | | 9485000298 |

NOT A CERTIFIED COPY

*Commercial Checking* statement
April 1, 2010 to April 30, 2010

## *Commercial Checking* account details: ██████8666

### Electronic deposits this statement period

| | | | Reference numbers | |
|---|---|---|---|---|
| Date | Amount ($) | Activity | Customer | Bank |
| Apr 13 | 50,000.00 | Wire # 004024 Org The Gary Fears Fed # 001320 | | 9485000071 |

Total Electronic Deposits: $50,000.00
Total number of Electronic Deposits: 1

### Transfers from other accounts this statement period

| Date | Amount ($) | Activity | | Bank reference number |
|---|---|---|---|---|
| Apr 06 | 115,000.00 | Axs Funds Transfer From Account | ████ | ████ |
| Apr 13 | 100,000.00 | Axs Funds Transfer From Account | ████ | ████ |
| Apr 13 | 25,000.00 | Axs Funds Transfer From Account | ████ | ████ |
| Apr 21 | 400,000.00 | Axs Funds Transfer From Account | ████ | ████ |
| Apr 22 | 400,000.00 | Axs Funds Transfer From Account | ████ | ████ |
| Apr 22 | 30,000.00 | Axs Funds Transfer From Account | ████ | ████ |
| Apr 28 | 300,000.00 | Axs Funds Transfer From Account | ████ | ████ |
| Apr 29 | 40,000.00 | Axs Funds Transfer From Account | ████ | ████ |
| Apr 29 | 29,000.00 | Axs Funds Transfer From Account | ████ | ████ |
| Apr 30 | 200,000.00 | Axs Funds Transfer From Account | ████ | ████ |

Total Transferred from Other Accounts: $1,639,000.00
Total number of Transfers from Other Accounts: 10

### Checks paid this statement period

\* This symbol indicates a break in check number sequence
\# This symbol indicates an original item not enclosed
⊚ This symbol indicates a break in check number sequence and an original item not enclosed

| Check number | Amount ($) | Date paid | Bank reference number | Check number | Amount ($) | Date paid | Bank reference number |
|---|---|---|---|---|---|---|---|
| # 1341 | -461.27 | Apr 06 | 0974985726 | # 1352 | -15,000.00 | Apr 08 | 0930001235 |
| ⊚ 1345 | -15,000.00 | Apr 06 | 0974885287 | # 1353 | -803.00 | Apr 12 | 0976307058 |
| # 1346 | -817.14 | Apr 08 | 0975548147 | # 1354 | -26,054.39 | Apr 15 | 0970029705 |
| # 1347 | -1,199.12 | Apr 13 | 0976455073 | # 1355 | -1,268.64 | Apr 20 | 0971373594 |
| # 1348 | -129.71 | Apr 13 | 0976714953 | # 1356 | -400,000.00 | Apr 21 | 0930000137 |
| # 1349 | -4,690.19 | Apr 13 | 0976712979 | # 1357 | -15,000.00 | Apr 27 | 0930001295 |
| # 1350 | -1,178.00 | Apr 09 | 0975793223 | ⊚ 1361 | -805.00 | Apr 29 | 0973573451 |
| # 1351 | -1,242.74 | Apr 15 | 0970188313 | | | | |

Total checks paid this statement period: -$483,649.20
Total number of checks paid this statement period: 15

### Electronic withdrawals this statement period

| | | | Reference numbers | |
|---|---|---|---|---|
| Date | Amount ($) | Activity | Customer | Bank |
| Apr 01 | -22,252.44 | Commercial Loan Detroit 9895214590 | | 9488112689 |
| Apr 01 | -308.01 | Comcast Wp South Efts 01638 040110 | | 9488664820 |
| Apr 02 | -1,000.00 | Wire # 000541 Bnf Austin Brock  Fed # 000086 | | 9485000104 |
| Apr 05 | -9,525.43 | Wire # 500889 Bnf Oc Travel     Swf # 786214 | | 9485000139 |
| Apr 07 | -30,000.00 | Wire # 001494 Bnf International  Fed # 000213 | | 9485000130 |
| Apr 09 | -1,000.00 | Wire # 000754 Bnf Austin Brock  Fed # 000096 | | 9485000170 |
| Apr 12 | -100,000.00 | Wire # 006903 Bnf Harry And Debo Fed # 001687 | | 9485000126 |
| Apr 13 | -75,000.00 | Wire # 004004 Bnf Adam B Corey 7 Fed # 000786 | | 9485000136 |

*Commercial Checking* statement
May 1, 2010 to May 31, 2010

## Commercial Checking: ████8666

### Electronic withdrawals this statement period (continued)

| Date | Amount ($) | Activity | Reference numbers Customer | Bank |
|------|-----------:|----------|------------|------|
| May 12 | -960.32 | Wire # 002895 Bnf Nathaniel Lang Fed # 000630 | | 9485000141 |
| May 13 | -25,000.00 | Wire # 005005 Bnf Harry And Debo Fed # 001065 | | 9485000133 |
| May 13 | -3,998.81 | Wire # 500127 Bnf Risk And Insur Swf # 817270 | | 9485000132 |
| May 13 | -260.68 | Wire # 500128 Bnf Houthoff Burum Swf # 817274 | | 9485000131 |
| May 14 | -25,000.00 | Wire # 009506 Bnf Harry And Debo Fed # 002386 | | 9485000217 |
| May 14 | -5,500.00 | Wire # 000883 Bnf Mervyn Monger Fed # 000134 | | 9485000216 |
| May 14 | -1,000.00 | Wire # 000882 Bnf Austin Brock Fed # 000133 | | 9485000215 |
| May 20 | -189.89 | Wire # 501521 Bnf Kvk Rotterdam Swf # 823713 | | 9485000158 |
| May 21 | -1,000.00 | Wire # 000839 Bnf Austin Brock Fed # 000125 | | 9485000178 |
| May 25 | -544.66 | Fpl Direct Debit Elec Pymt 05/10 | | 9488560804 |
| May 27 | -25,000.00 | Wire # 001810 Bnf International Fed # 000275 | | 9485000218 |
| May 27 | -293.67 | Fpl Direct Debit Elec Pymt 05/10 | | 9488669664 |
| May 27 | -232.92 | Comcast Comcast 052710 | | 9488233981 |
| May 28 | -15,000.00 | Wire # 013946 Bnf International Fed # 003293 | | 9485000338 |
| May 28 | -10,448.23 | Wire # 013947 Bnf Marty Martin Fed # 003297 | | 9485000337 |
| May 28 | -5,500.00 | Wire # 006547 Bnf Mervyn Monger Fed # 001546 | | 9485000336 |
| May 28 | -1,000.00 | Wire # 012682 Bnf Austin Brock Fed # 003028 | | 9485000335 |

Total Electronic Withdrawals: -$309,367.58
Total number of Electronic Withdrawals: 26

### Other withdrawals this statement period

| Date | Amount ($) | Activity | Bank reference number |
|------|-----------:|----------|-----------------------|
| May 12 | -21,588.00 | Debit - Miscellaneous | 0930001082 |

Total Other Withdrawals: -$21,588.00
Total number of Other Withdrawals: 1

### Fees and service charges this statement period

| Date | Amount ($) | Activity | Bank reference number |
|------|-----------:|----------|-----------------------|
| May 13 | -2,499.59 | Service Charge | 0007388039 |

Total Fees and Service Charges: -$2,499.59
Total number of Fees and Service Charges: 1

### Transfers to other accounts this statement period

| Date | Amount ($) | Activity | | Bank reference number |
|------|-----------:|----------|---|-----------------------|
| May 06 | -22,000.00 | Axs Funds Transfer To Account | ███ | ███ |
| May 06 | -15,000.00 | Axs Funds Transfer To Account | ███ | ███ |
| May 11 | -132,000.00 | Axs Funds Transfer To Account | ███ | ███ |
| May 11 | -25,000.00 | Axs Funds Transfer To Account | ███ | ███ |
| May 12 | -95,000.00 | Axs Funds Transfer To Account | ███ | ███ |
| May 12 | -70,000.00 | Axs Funds Transfer To Account | ███ | ███ |
| May 14 | -16,000.00 | Axs Funds Transfer To Account | ███ | ███ |
| May 27 | -70,000.00 | Axs Funds Transfer To Account | ███ | ███ |
| May 28 | -63,000.00 | Axs Funds Transfer To Account | ███ | ███ |
| May 28 | -20,000.00 | Axs Funds Transfer To Account | ███ | ███ |
| May 28 | -15,000.00 | Axs Funds Transfer To Account | ███ | ███ |

Total Transferred to Other Accounts: -$███.00
Total number of Transfers to Other Accounts: 11

NOT A CERTIFIED COPY

*Commercial Checking* statement
June 1, 2010 to June 30, 2010

## Commercial Checking: ████8666

### Electronic withdrawals this statement period

| Date | Amount ($) | Activity | Reference numbers Customer | Bank |
|---|---|---|---|---|
| Jun 01 | -8,333.33 | Wire # 006276 Bnf David Millard  Fed # 001592 | | 9485000190 |
| Jun 01 | -8,333.33 | Wire # 500617 Bnf Kevin Hanebrin Fed # 001595 | | 9485000191 |
| Jun 01 | -87,000.00 | American Express Elec Remit | | 9488943942 |
| Jun 01 | -21,604.31 | Commercial Loan Detroit 9895214590 | | 9488765899 |
| Jun 01 | -376.89 | Comcast Wp South Efts 01638 060110 | | 9488865837 |
| Jun 04 | -1,000.00 | Wire # 003561 Bnf Austin Brock  Fed # 000972 | | 9485000153 |
| Jun 11 | -70,000.00 | Wire # 000774 Bnf Adam B Corey 7 Fed # 000098 | | 9485000191 |
| Jun 11 | -19,000.00 | Wire # 009727 Bnf International  Fed # 002282 | | 9485000190 |
| Jun 11 | -17,000.00 | Wire # 500082 Bnf Joe Johnson   Fed # 000110 | | 9485000189 |
| Jun 11 | -1,000.00 | Wire # 009725 Bnf Austin Brock   Fed # 002281 | | 9485000188 |
| Jun 14 | -10,000.00 | Wire # 006020 Bnf Bankcard Cente Fed # 001282 | | 9485000147 |
| Jun 15 | -69,553.95 | Wire # 008226 Bnf First Insuranc Fed # 001940 | | 9485000138 |
| Jun 15 | -5,500.00 | Wire # 010268 Bnf Mervyn Monger Fed # 002314 | | 9485000137 |
| Jun 15 | -3,219.84 | Wire # 501455 Bnf Kinuko Okura  Swf # 844615 | | 9485000136 |
| Jun 16 | -50,000.00 | Wire # 001321 Bnf Harry And Debo Fed # 000186 | | 9485000133 |
| Jun 16 | -19,897.48 | Wire # 001320 Bnf Floridian Comm Fed # 000190 | | 9485000132 |
| Jun 16 | -1,000.00 | Wire # 002882 Bnf Sargeant Bulkt Fed # 000643 | | 9485000131 |
| Jun 18 | -1,000.00 | Wire # 000773 Bnf Austin Brock   Fed # 000091 | | 9485000165 |
| Jun 21 | -60,000.00 | Wire # 501239 Bnf Independent Oi Fed # 001952 | | 9485000141 |
| Jun 21 | -50,000.00 | Wire # 501238 Bnf Majdi Bustami  Fed # 001951 | | 9485000140 |
| Jun 21 | -30,000.00 | Wire # 501237 Bnf Hatem Mahmoud  Swf # 849262 | | 9485000139 |
| Jun 21 | -6,206.72 | Wire # 008320 Bnf Terremark Nort Fed # 001918 | | 9485000138 |
| Jun 23 | -77,158.56 | Wire # 004910 Bnf Rafferty Stolz Fed # 001062 | | 9485000137 |
| Jun 23 | -22,191.50 | Wire # 004909 Bnf Peckar Abramso Fed # 001061 | | 9485000136 |
| Jun 23 | -408.58 | Fpl Direct Debit Elec Pymt 06/10 | | 9488422704 |
| Jun 25 | -1,000.00 | Wire # 004709 Bnf Austin Brock  Fed # 001116 | | 9485000190 |
| Jun 28 | -13,000.00 | Wire # 003627 Bnf International  Fed # 000760 | | 9485000213 |
| Jun 28 | -227.22 | Comcast Comcast 062710 | | 9488125936 |
| Jun 29 | -331.61 | Fpl Direct Debit Elec Pymt 06/10 | | 9488313233 |
| Jun 30 | -3,472.11 | Wire # 003220 Bnf Harry Sargeant Fed # 000750 | | 9485000257 |

**Total Electronic Withdrawals: -$657,815.43**
**Total number of Electronic Withdrawals: 30**

### Fees and service charges this statement period

| Date | Amount ($) | Activity | Bank reference number |
|---|---|---|---|
| Jun 11 | -2,061.73 | Service Charge | 0002155529 |
| Jun 14 | -35.00 | Fee - Overdraft | 0976983126 |

**Total Fees and Service Charges: -$2,096.73**
**Total number of Fees and Service Charges: 2**

### Transfers to other accounts this statement period

| Date | Amount ($) | Activity | | Bank reference number |
|---|---|---|---|---|
| Jun 11 | -80,000.00 | Axs Funds Transfer To Account | ████ | ████ |
| Jun 11 | -69,400.00 | Axs Funds Transfer To Account | ████ | ████ |
| Jun 11 | -31,000.00 | Axs Funds Transfer To Account | ████ | ████ |
| Jun 15 | -120,000.00 | Axs Funds Transfer To Account | ████ | ████ |
| Jun 16 | -150,000.00 | Axs Funds Transfer To Account | ████ | ████ |
| Jun 16 | -65,000.00 | Axs Funds Transfer To Account | ████ | ████ |
| Jun 16 | -45,500.00 | Axs Funds Transfer To Account | ████ | ████ |

NOT A CERTIFIED COPY

*Commercial Checking* statement
August 1, 2010 to August 31, 2010

## *Commercial Checking* account details: ████8666

### Electronic deposits this statement period

| Date | Amount ($) | Activity | Reference numbers Customer | Bank |
|---|---|---|---|---|
| Aug 02 | 200,000.00 | Wire # 004796 Org Placo Company Fed # 000119 | | 9485000053 |
| Aug 03 | 100,000.00 | Wire # 002167 Org Btb Corporatio Fed # 000024 | | 9485000052 |
| Aug 12 | 99,967.50 | Wire # 000675 Org Sargeant Marin Fed # 000648 | | 9485000063 |

**Total Electronic Deposits: $399,967.50**
**Total number of Electronic Deposits: 3**

### Transfers from other accounts this statement period

| Date | Amount ($) | Activity | Bank reference number |
|---|---|---|---|
| Aug 02 | 5,000.00 | Axs Funds Transfer From Account ████ | ████ |
| Aug 05 | 35,000.00 | Axs Funds Transfer From Account 181████ | ████ |
| Aug 06 | ████.00 | Axs Funds Transfer From Account ████ | ████ |
| Aug 11 | ████.00 | Axs Funds Transfer From Account ████ | ████ |
| Aug 11 | 64,000.00 | Axs Funds Transfer From Account 181████ | ████ |
| Aug 11 | 20,000.00 | Axs Funds Transfer From Account ████ | ████ |
| Aug 24 | 200,000.00 | Axs Funds Transfer From Account ████ | ████ |
| Aug 31 | ████.00 | Axs Funds Transfer From Account ████ | ████ |
| Aug 31 | 10,000.00 | Axs Funds Transfer From Account ████ | ████ |

**Total Transferred from Other Accounts: $889,000.00**
**Total number of Transfers from Other Accounts: 9**

### Checks paid this statement period

* This symbol indicates a break in check number sequence
\# This symbol indicates an original item not enclosed
℮ This symbol indicates a break in check number sequence and an original item not enclosed

| Check number | Amount ($) | Date paid | Bank reference number | Check number | Amount ($) | Date paid | Bank reference number |
|---|---|---|---|---|---|---|---|
| # 1395 | -23,939.00 | Aug 02 | 0974239044 | # 1399 | -5,220.52 | Aug 11 | 0977161247 |
| # 1396 | -10,000.00 | Aug 02 | 0930000906 | # 1400 | -1,000.00 | Aug 18 | 0971395064 |
| # 1397 | -144.82 | Aug 16 | 0970670362 | # 1401 | -627.43 | Aug 26 | 0930001185 |
| # 1398 | -1,650.00 | Aug 17 | 0930001414 | | | | |

**Total checks paid this statement period: -$42,581.77**
**Total number of checks paid this statement period: 7**

### Electronic withdrawals this statement period

| Date | Amount ($) | Activity | Reference numbers Customer | Bank |
|---|---|---|---|---|
| Aug 02 | -50,000.00 | Wire # 011318 Bnf Harry And Debo Fed # 003038 | | 9485000140 |
| Aug 02 | -8,333.33 | Wire # 010718 Bnf David Millard Fed # 002937 | | 9485000138 |
| Aug 02 | -8,333.33 | Wire # 501108 Bnf Kevin Hanebrin Fed # 002940 | | 9485000139 |
| Aug 02 | -6,229.35 | Wire # 010720 Bnf Sargeant Petro Fed # 002939 | | 9485000137 |
| Aug 02 | -5,930.00 | Wire # 501109 Bnf Rashad Adel-wa Swf # 882594 | | 9485000136 |
| Aug 02 | -5,500.00 | Wire # 010719 Bnf Mervyn Monger Fed # 002938 | | 9485000135 |
| Aug 02 | -1,000.00 | Wire # 008106 Bnf Austin Brock Fed # 002329 | | 9485000134 |
| Aug 02 | -23,839.23 | Commercial Loan Detroit 9895214590 | | 9488091120 |
| Aug 02 | -325.63 | Comcast Wp South Efts 01638 080110 | | 9488927871 |
| Aug 04 | -50,000.00 | American Express Elec Remit | | 9488807189 |
| Aug 06 | -2,719.65 | Wire # 008777 Bnf Private Client Fed # 002174 | | 9485000158 |

NOT A CERTIFIED COPY

*Commercial Checking* statement
September 1, 2010 to September 30, 2010

## Commercial Checking: ████8666

### Electronic withdrawals this statement period.

| Date | Amount ($) | Activity | Reference numbers Customer | Bank |
|------|-----------|----------|-----------|------|
| Sep 01 | -50,000.00 | Wire # 013117 Bnf Harry And Debo Fed # 003271 | | 9485000130 |
| Sep 01 | -342.85 | Comcast Wp South Efts 01638 090110 | | 9488940136 |
| Sep 03 | -1,000.00 | Wire # 000817 Bnf Austin Brock   Fed # 000365 | | 9485000123 |
| Sep 09 | -6,228.60 | Wire # 006410 Bnf Sargeant Petro Fed # 001444 | | 9485000107 |
| Sep 10 | -1,000.00 | Wire # 009097 Bnf Austin Brock   Fed # 002412 | | 9485000155 |
| Sep 10 | -160,879.43 | American Express Elec Remit | | 9488459539 |
| Sep 15 | -5,500.00 | Wire # 003528 Bnf Mervyn Monger  Fed # 000881 | | 9485000128 |
| Sep 16 | -10,000.00 | Wire # 500865 Bnf Rashad Adel-wa Swf # 918480 | | 9485000112 |
| Sep 16 | -912.00 | Wire # 002106 Bnf International  Fed # 000392 | | 9485000111 |
| Sep 16 | -2,349.00 | Silverton Bank Payment 100915 | | 9488078172 |
| Sep 16 | -788.51 | Att 800-452-2248 AT&T Bus Sep 10 80025615248 | | 9488697400 |
| Sep 17 | -1,000.00 | Wire # 001623 Bnf Austin Brock   Fed # 000253 | | 9485000111 |
| Sep 20 | -9,625.80 | Att  Payment 091710 | | 9488252976 |
| Sep 22 | -517.38 | Fpl Direct Debit Elec Pymt 09/10 | | 9488654364 |
| Sep 24 | -1,000.00 | Wire # 002311 Bnf Austin Brock   Fed # 000399 | | 9485000182 |
| Sep 24 | -313.35 | Fpl Direct Debit Elec Pymt 09/10 | | 9488540442 |
| Sep 28 | -227.14 | Comcast Comcast 092710 | | 9488866573 |
| Sep 29 | -19,000.00 | Wire # 501011 Bnf Rashad Adel-wa Swf # 928255 | | 9485000168 |
| Sep 30 | -20,892.35 | Wire # 001116 Bnf Floridian Comm Fed # 000111 | | 9485000257 |
| Sep 30 | -115,288.64 | American Express Elec Remit | | 9488793235 |

Total Electronic Withdrawals: -$406,865.05
Total number of Electronic Withdrawals: 20

### Other withdrawals this statement period

| Date | Amount ($) | Activity | Bank reference number |
|------|-----------|----------|-----------------------|
| Sep 02 | -26,982.70 | Debit Paid  -  Account Overdrawn | 9488532363 |
| Sep 09 | -15,085.00 | Debit - Miscellaneous | 0930000793 |
| Sep 29 | -100.00 | Debit - Miscellaneous | 0930000600 |

Total Other Withdrawals: -$42,167.70
Total number of Other Withdrawals: 3

### Fees and service charges this statement period

| Date | Amount ($) | Activity | Bank reference number |
|------|-----------|----------|-----------------------|
| Sep 02 | -35.00 | Fee - Overdraft | 9488532363 |
| Sep 07 | -35.00 | Fee - Returned Item | 9488099659 |
| Sep 07 | -35.00 | Fee - Overdraft | 9485000123 |
| Sep 09 | -35.00 | Fee - Returned Item | 9488714178 |
| Sep 14 | -2,156.88 | Service Charge | 0001531939 |
| Sep 15 | -35.00 | Fee - Overdraft | 0970064477 |

Total Fees and Service Charges: -$2,331.88
Total number of Fees and Service Charges: 6

NOT A CERTIFIED COPY

*Commercial Checking* statement
October 1, 2010 to October 31, 2010

## *Commercial Checking* account details: ████ 8666

### Electronic deposits this statement period

| Date | Amount ($) | Activity | Reference numbers Customer | Bank |
|------|-----------|----------|----------|------|
| Oct 05 | 200,000.00 | Wire # 002806 Org Btb Corporatio Fed # 000039 | | 9485000058 |
| Oct 12 | 131,000.00 | Wire # 004759 Org Btb Corporatio Fed # 000090 | | 9485000091 |
| Oct 12 | 69,000.00 | Wire # 003577 Org Placo Company  Fed # 000055 | | 9485000090 |
| Oct 18 | 3,000,000.00 | Wire # 010153 Org Petroleum Trad Fed # 010476 | | 9485000059 |

Total Electronic Deposits: $3,400,000.00
Total number of Electronic Deposits: 4

### Transfers from other accounts this statement period

| Date | Amount ($) | Activity | Bank reference number |
|------|-----------|----------|------------------------|
| Oct 06 | 14,500.00 | Axs Funds Transfer From Account ████ | ████ |
| Oct 07 | 2,400.00 | Axs Funds Transfer From Account ████ | ████ |
| Oct 08 | 75,000.00 | Axs Funds Transfer From Account 18 ████ | ████ |
| Oct 15 | 250,000.00 | Axs Funds Transfer From Account ████ | ████ |
| Oct 15 | 1,750.00 | Axs Funds Transfer From Account ████ | ████ |
| Oct 18 | 7,000.00 | Axs Funds Transfer From Account ████ | ████ |
| Oct 18 | 2,500.00 | Axs Funds Transfer From Account ████ | ████ 46 |

Total Transferred from Other Accounts: $353,150.00
Total number of Transfers from Other Accounts: 7

### Checks paid this statement period

\* This symbol indicates a break in check number sequence
#' This symbol indicates an original item not enclosed
ø This symbol indicates a break in check number sequence and an original item not enclosed

| Check number | Amount ($) | Date paid | Bank reference number | Check number | Amount ($) | Date paid | Bank reference number |
|-------------|-----------|-----------|------------------------|-------------|-----------|-----------|------------------------|
| # 1405 | -2,332.00 | Oct 01 | 0974232266 | # 1412 | -25,000.00 | Oct 20 | 0930001272 |
| ø 1407 | -20,892.35 | Oct 08 | 0975987904 | ø 1414 | -5,000.00 | Oct 22 | 0930000772 |
| # 1408 | -791.00 | Oct 12 | 0976635887 | ø 1416 | -1,469.80 | Oct 26 | 0972978585 |
| ø 1411 | -2,403.25 | Oct 26 | 0972978580 | | | | |

Total checks paid this statement period: -$57,888.40
Total number of checks paid this statement period: 7

### Electronic withdrawals this statement period

| Date | Amount ($) | Activity | Reference numbers Customer | Bank |
|------|-----------|----------|----------|------|
| Oct 01 | -50,000.00 | Wire # 007708 Bnf Harry And Debo Fed # 002416 | | 9485000183 |
| Oct 01 | -8,333.33 | Wire # 007709 Bnf David Millard  Fed # 002417 | | 9485000182 |
| Oct 01 | -5,500.00 | Wire # 007710 Bnf Mervyn Monger  Fed # 002418 | | 9485000181 |
| Oct 01 | -1,000.00 | Wire # 007707 Bnf Austin Brock   Fed # 002415 | | 9485000180 |
| Oct 01 | -342.85 | Comcast Wp South Efts 01638 100110 | | 9488087067 |
| Oct 04 | -8,333.33 | Wire # 006268 Bnf Kevin Hanebrin Fed # 001285 | | 9485000121 |
| Oct 07 | -1,100.00 | Wire # 002209 Bnf Austin Brock   Fed # 000425 | | 9485000115 |
| Oct 08 | -15,000.00 | Wire # 501863 Bnf Rashad Adel-wa Swf # 936618 | | 9485000173 |
| Oct 08 | -3,591.55 | Wire # 010763 Bnf First Insuranc Fed # 002588 | | 9485000172 |
| Oct 08 | -3,544.25 | Wire # 010762 Bnf Mervyn Monger  Fed # 002587 | | 9485000171 |
| Oct 08 | -3,230.00 | Wire # 010761 Bnf Corey Investme Fed # 002586 | | 9485000170 |
| Oct 08 | -1,000.00 | Wire # 010759 Bnf Austin Brock   Fed # 002593 | | 9485000169 |

NOT A CERTIFIED COPY

*Commercial Checking* statement
October 1, 2010 to October 31, 2010

## Commercial Checking: ⬛️8666

### Electronic withdrawals this statement period (continued)

| Date | Amount ($) | Activity | Reference numbers Customer | Bank |
|------|-----------|----------|------------------|------|
| Oct 18 | -5,500.00 | Wire # 010017 Bnf Mervyn Monger  Fed # 002193 | | 9485000142 |
| Oct 18 | -1,000.00 | Wire # 010016 Bnf Austin Brock   Fed # 002192 | | 9485000141 |
| Oct 19 | -273,073.11 | Wire # 005437 Bnf Rafferty Stolz Fed # 001174 | | 9485000154 |
| Oct 19 | -200,000.00 | Wire # 009000 Bnf Harry And Debo Fed # 001751 | | 9485000153 |
| Oct 19 | -95,114.15 | Wire # 002888 Bnf Rafferty Stolz Fed # 000579 | | 9485000152 |
| Oct 19 | -72,736.19 | Wire # 005434 Bnf Adam B Corey 7 Fed # 001177 | | 9485000151 |
| Oct 19 | -35,178.14 | Wire # 008999 Bnf Thomas G Steig Fed # 001750 | | 9485000150 |
| Oct 19 | -33,929.53 | Wire # 501194 Bnf Rashad Adel-wa Swf # 943976 | | 9485000149 |
| Oct 19 | -23,868.76 | Wire # 008995 Bnf David Millard  Fed # 001746 | | 9485000148 |
| Oct 19 | -15,602.00 | Wire # 001959 Bnf International  Fed # 000323 | | 9485000147 |
| Oct 19 | -7,139.33 | Wire # 008994 Bnf Sargeant Petro Fed # 001745 | | 9485000146 |
| Oct 19 | -6,495.36 | Wire # 501195 Bnf Kinuko Okura   Swf # 943991 | | 9485000145 |
| Oct 19 | -5,322.84 | Wire # 008998 Bnf Terremark Nort Fed # 001749 | | 9485000144 |
| Oct 19 | -5,244.00 | Wire # 008996 Bnf Marty Martin  Fed # 001747 | | 9485000143 |
| Oct 19 | -3,695.00 | Wire # 005436 Bnf Corey Investme Fed # 001173 | | 9485000142 |
| Oct 19 | -2,472.40 | Wire # 008997 Bnf Mervyn Monger  Fed # 001748 | | 9485000141 |
| Oct 19 | -2,343.48 | Wire # 005435 Bnf Austin Brock   Fed # 001172 | | 9485000140 |
| Oct 19 | -30.00 | Wire # 005885 Bnf Rafferty Stolz Fed # 001269 | | 9485000139 |
| Oct 19 | -201,895.15 | Amex Epayment ACH Pmt 101018 | | 9488221475 |
| Oct 19 | -125,000.00 | Amex Epayment ACH Pmt 101018 | | 9488243594 |
| Oct 20 | -500,000.00 | Wire # 003760 Bnf Sargeant Marine Sa | | 9485000123 |
| Oct 20 | -1,152.03 | Wire # 003759 Bnf Kevin Hanebrin Fed # 000814 | | 9485000122 |
| Oct 20 | -47,684.87 | Silverton Bank Payment 101019 | | 9488014301 |
| Oct 20 | -4,719.41 | Att  Payment 101910 | | 9488945352 |
| Oct 22 | -96,000.00 | Wire # 500563 Bnf Capri Insuranc Swf # 946951 | | 9485000144 |
| Oct 22 | -1,000.00 | Wire # 000805 Bnf Austin Brock   Fed # 000107 | | 9485000143 |
| Oct 22 | -221,443.18 | Amex Epayment ACH Pmt 101021 | | 9488363817 |
| Oct 25 | -482.69 | Fpl Direct Debit Elec Pymt 10/10 | | 9488347180 |
| Oct 26 | -10,391.84 | Wire # 501324 Bnf Holman Fenwick Swf # 950044 | | 9485000132 |
| Oct 26 | -9,556.41 | Wire # 501323 Bnf Oc Travel    Swf # 950046 | | 9485000131 |
| Oct 26 | -3,420.52 | Wire # 010434 Bnf First Insuranc Fed # 002042 | | 9485000130 |
| Oct 26 | -2,355.00 | Wire # 010433 Bnf Otto Reich Ass Fed # 002041 | | 9485000129 |
| Oct 26 | -299.01 | Fpl Direct Debit Elec Pymt 10/10 | | 9488114930 |
| Oct 27 | -227.09 | Comcast Comcast 102710 | | 9488614042 |
| Oct 28 | -1,547.62 | Att 800-452-2248 AT&T Bus Oct 10 80025615248 | | 9488750580 |
| Oct 29 | -19,000.00 | Wire # 500828 Bnf Rashad Adel-wa Swf # 953201 | | 9485000248 |
| Oct 29 | -5,500.00 | Wire # 008535 Bnf Mervyn Monger  Fed # 002055 | | 9485000247 |
| Oct 29 | -1,000.00 | Wire # 008538 Bnf Austin Brock   Fed # 002056 | | 9485000246 |

Total Electronic Withdrawals: -$2,142,394.42
Total number of Electronic Withdrawals: 50

### Other withdrawals this statement period

| Date | Amount ($) | Activity | Bank reference number |
|------|-----------|----------|------------------------|
| Oct 04 | -26,982.70 | Debit Paid  -  Account Overdrawn | 9488850080 |
| Oct 27 | -1,400.00 | Debit - Miscellaneous | 0930000862 |

Total Other Withdrawals: -$28,382.70
Total number of Other Withdrawals: 2

NOT A CERTIFIED COPY

*Commercial Checking* statement
December 1, 2010 to December 31, 2010

## Commercial Checking: ███████8666

### Electronic withdrawals this statement period

| Date | Amount ($) | Activity | Customer | Bank |
|------|-----------|----------|----------|------|
| Dec 01 | -325.60 | Comcast Wp South Efts 01638 120110 | | 9488386772 |
| Dec 08 | -21,887.22 | Wire # 004578 Bnf Floridian Comm Fed # 001091 | | 9485000139 |
| Dec 08 | -9,000.00 | Wire # 500585 Bnf Rashad Adel-wa Swf # 985212 | | 9485000138 |
| Dec 08 | -8,333.33 | Wire # 004575 Bnf David Millard  Fed # 001088 | | 9485000136 |
| Dec 08 | -8,333.33 | Wire # 004576 Bnf Kevin Hanebrin Fed # 001089 | | 9485000137 |
| Dec 08 | -5,500.00 | Wire # 004577 Bnf Mervyn Monger  Fed # 001090 | | 9485000135 |
| Dec 08 | -4,067.62 | Wire # 004581 Bnf Marty Martin  Fed # 001093 | | 9485000134 |
| Dec 08 | -3,420.52 | Wire # 004574 Bnf First Insuranc Fed # 001087 | | 9485000133 |
| Dec 08 | -3,276.48 | Wire # 500557 Bnf Kinuko Okura   Swf # 985218 | | 9485000132 |
| Dec 08 | -2,645.26 | Wire # 004580 Bnf Terremark Nort Fed # 001092 | | 9485000131 |
| Dec 08 | -1,000.00 | Wire # 004573 Bnf Austin Brock   Fed # 001086 | | 9485000130 |
| Dec 08 | -798.25 | Wire # 004579 Bnf Nelson Garcia  Fed # 001112 | | 9485000129 |
| Dec 09 | -1,887.76 | Wire # 001832 Bnf Austin Brock   Fed # 000357 | | 9485000139 |
| Dec 09 | -10,000.00 | Bv Card Assets Payment 101208 | | 9488340417 |
| Dec 10 | -200,000.00 | Wire # 010726 Bnf Btb Corporatio Fed # 002808 | | 9485000177 |
| Dec 10 | -50,000.00 | Wire # 009076 Bnf Harry And Debo Fed # 002414 | | 9485000176 |
| Dec 10 | -1,000.00 | Wire # 008507 Bnf Austin Brock  Fed # 002257 | | 9485000175 |
| Dec 13 | -10,000.00 | Wire # 500860 Bnf Rashad Adel-wa Swf # 988946 | | 9485000153 |
| Dec 14 | -2,970.00 | Wire # 009620 Bnf Corey Investme Fed # 002124 | | 9485000165 |
| Dec 16 | -200,000.00 | Wire # 500236 Bnf Rashad Adel-wa Swf # 992111 | | 9485000140 |
| Dec 16 | -45,657.60 | Wire # 010578 Bnf South Florida  Fed # 002500 | | 9485000139 |
| Dec 16 | -5,500.00 | Wire # 010579 Bnf Mervyn Monger  Fed # 002463 | | 9485000138 |
| Dec 17 | -5,000.00 | Wire # 008241 Bnf Adam B Corey 7 Fed # 001990 | | 9485000216 |
| Dec 17 | -1,198.18 | Wire # 004466 Bnf Austin Brock   Fed # 001108 | | 9485000215 |
| Dec 17 | -1,000.00 | Wire # 000905 Bnf Austin Brock   Fed # 000104 | | 9485000214 |
| Dec 17 | -1,199.12 | Att 800-452-2248 AT&T Bus Dec 10 8310001412812 | | 9488881310 |
| Dec 20 | -9,492.00 | Att  Payment 121710 | | 9488790085 |
| Dec 22 | -427.29 | Fpl Direct Debit Elec Pymt 12/10 | | 9488315561 |
| Dec 23 | -20,316.31 | Wire # 009144 Bnf South Florida  Fed # 002128 | | 9485000176 |
| Dec 23 | -5,000.00 | Wire # 010798 Bnf Adam B Corey 7 Fed # 002406 | | 9485000175 |
| Dec 23 | -1,000.00 | Wire # 009143 Bnf Austin Brock   Fed # 002116 | | 9485000174 |
| Dec 23 | -2,403.25 | Pcg  Aigpcgpays 101222 Aigpcg000112575 | | 9488491108 |
| Dec 28 | -232.80 | Comcast Comcast 122410 | | 9488940664 |
| Dec 28 | -192.75 | Fpl Direct Debit Elec Pymt 12/10 | | 9488938818 |
| Dec 30 | -19,000.00 | Wire # 501117 Bnf Rashad Adel-wa Swf # 003283 | | 9485000239 |
| Dec 30 | -8,333.33 | Wire # 013436 Bnf David Millard  Fed # 002624 | | 9485000238 |
| Dec 30 | -7,115.04 | Wire # 013324 Bnf Sargeant Petro Fed # 002620 | | 9485000237 |
| Dec 30 | -272.90 | Att  Payment 122910 | | 9488355519 |
| Dec 31 | -50,000.00 | Wire # 003814 Bnf Harry And Debo Fed # 000928 | | 9485000135 |
| Dec 31 | -8,866.33 | Wire # 003813 Bnf Kevin Hanebrin Fed # 000920 | | 9485000134 |
| Dec 31 | -5,500.00 | Wire # 003812 Bnf Mervyn Monger  Fed # 000919 | | 9485000133 |
| Dec 31 | -3,420.52 | Wire # 003816 Bnf First Insuranc Fed # 000922 | | 9485000132 |
| Dec 31 | -1,751.00 | Wire # 003817 Bnf Ernesto Daniel Fed # 000923 | | 9485000131 |
| Dec 31 | -1,000.00 | Wire # 003815 Bnf Austin Brock   Fed # 000921 | | 9485000130 |
| Dec 31 | -340,195.58 | American Express Elec Remit | | 9488354942 |
| Dec 31 | -208,001.86 | American Express Elec Remit | | 9488354943 |

Total Electronic Withdrawals: -$1,296,521.23
Total number of Electronic Withdrawals: 46

*Commercial Checking* statement
February 1, 2011 to February 28, 2011

## Commercial Checking: ■■■■■8666

### Electronic withdrawals this statement period (continued)

|  |  |  | Reference numbers | |
|---|---|---|---|---|
| Date | Amount ($) | Activity | Customer | Bank |
| Feb 02 | -3,366.11 | Wire # 500982 Bnf Kinuko Okura   Swf # 029704 |  | 9485000098 |
| Feb 02 | -1,000.00 | Wire # 007262 Bnf Austin Brock   Fed # 000050 |  | 9485000097 |
| Feb 04 | -8,333.33 | Wire # 001434 Bnf Kevin Hanebrin Fed # 000008 |  | 9485000149 |
| Feb 23 | -30,946.37 | Wire # 003676 Bnf David Millard  Fed # 000025 |  | 9485000138 |
| Feb 23 | -355.99 | Fpl Direct Debit Elec Pymt 02/11 |  | 9488108610 |
| Feb 24 | -19,000.00 | Wire # 500860 Bnf Rashad Adel-wa Swf # 045361 |  | 9485000152 |
| Feb 25 | -50,000.00 | Wire # 002072 Bnf Harry And Debo Fed # 000004 |  | 9485000234 |
| Feb 25 | -6,155.36 | Wire # 010432 Bnf Sargeant Petro Fed # 000087 |  | 9485000233 |
| Feb 25 | -2,403.25 | Pcg  Aigpcgpays 110224 Aigpcg000120103 |  | 9488034716 |
| Feb 25 | -165.70 | Fpl Direct Debit Elec Pymt 02/11 |  | 9488663594 |
| Feb 28 | -229.27 | Comcast Comcast 022711 |  | 9488817870 |

**Total Electronic Withdrawals: -$169,891.94**
**Total number of Electronic Withdrawals: 17**

### Fees and service charges this statement period

| Date | Amount ($) | Activity | Bank reference number |
|---|---|---|---|
| Feb 02 | -36.00 | Fee - Returned Item | 9488997993 |
| Feb 02 | -36.00 | Fee - Returned Item | 9488345264 |
| Feb 02 | -36.00 | Fee - Overdraft | 9488649972 |
| Feb 04 | -36.00 | Fee - Returned Item | 9488365928 |
| Feb 11 | -1,784.61 | Service Charge | 0001420984 |
| Feb 11 | -36.00 | Fee - Returned Item | 9488318716 |
| Feb 15 | -36.00 | Fee - Returned Item | 9488049481 |
| Feb 17 | -36.00 | Fee - Returned Item | 9488081739 |

**Total Fees and Service Charges: -$2,036.61**
**Total number of Fees and Service Charges: 8**

### Transfers to other accounts this statement period

| Date | Amount ($) | Activity | | Bank reference number |
|---|---|---|---|---|
| Feb 02 | -15,500.00 | Axs Funds Transfer To Account | ■■■■■ | ■■■■■ |
| Feb 02 | -7,500.00 | Axs Funds Transfer To Account | ■■■■■ | ■■■■■ |
| Feb 02 | -5,000.00 | Axs Funds Transfer To Account | ■■■■■ | ■■■■■ |
| Feb 04 | -5,000.00 | Axs Funds Transfer To Account | ■■■■■ | ■■■■■ |
| Feb 09 | ■■■■■ | Axs Funds Transfer To Account | ■■■■■ | ■■■■■ |
| Feb 18 | -2,000.00 | Axs Funds Transfer To Account | ■■■■■ | ■■■■■ |
| Feb 23 | ■■■■■ | Axs Funds Transfer To Account | ■■■■■ | ■■■■■ |
| Feb 24 | -15,000.00 | Axs Funds Transfer To Account | ■■■■■ | ■■■■■ |
| Feb 25 | -8,700.00 | Axs Funds Transfer To Account | ■■■■■ | ■■■■■ |

**Total Transferred to Other Accounts: -$563,400.00**
**Total number of Transfers to Other Accounts: 9**

###  Lowest daily balance

Your lowest daily balance this statement period was **$-1,483.55**
on **February 17, 2011.**

*Commercial Checking* statement
April 1, 2011 to April 30, 2011

## *Commercial Checking* account details: ████8666

### Electronic deposits this statement period

| Date | Amount ($) | Activity | Reference numbers Customer | Reference numbers Bank |
|---|---|---|---|---|
| Apr 06 | 500,000.00 | Wire # 001754 Org Placo Company  Fed # 000024 | | 9485000059 |
| Apr 13 | 150,000.00 | Wire # 002308 Org Placo Company  Fed # 000036 | | 9485000073 |
| Apr 25 | 150,000.00 | Wire # 001157 Org Placo Company  Fed # 000002 | | 9485000070 |

Total Electronic Deposits: $800,000.00
Total number of Electronic Deposits: 3

### Transfers from other accounts this statement period

| Date | Amount ($) | Activity | Bank reference number |
|---|---|---|---|
| Apr 01 | 165,000.00 | Axs Funds Transfer From Account ████ | ████ |
| Apr 01 | 50,000.00 | Axs Funds Transfer From Account  1████1. | ████ |
| Apr 01 | 40,000.00 | Axs Funds Transfer From Account ████ | ████ |
| Apr 01 | 34,000.00 | Axs Funds Transfer From Account ████ | ████ |
| Apr 01 | ████ | Axs Funds Transfer From Account ████ | ████ |
| Apr 01 | 20,000.00 | Axs Funds Transfer From Account ████ | ████ |
| Apr 01 | 8,000.00 | Axs Funds Transfer From Account ████ | ████ |
| Apr 04 | 10,000.00 | Axs Funds Transfer From Account ████ | ████ |
| Apr 04 | 100.00 | Axs Funds Transfer From Account ████ | ████ |
| Apr 14 | ████.00 | Axs Funds Transfer From Account ████ | ████ |
| Apr 29 | 10,000.00 | Axs Funds Transfer From Account ████ | ████ |

Total Transferred from Other Accounts: $511,100.00
Total number of Transfers from Other Accounts: 11

### Checks paid this statement period

\* This symbol indicates a break in check number sequence
\# This symbol indicates an original item not enclosed
⊚ This symbol indicates a break in check number sequence and an original item not enclosed

| Check number | Amount ($) | Date paid | Bank reference number | Check number | Amount ($) | Date paid | Bank reference number |
|---|---|---|---|---|---|---|---|
| # 1461 | -32,098.53 | Apr 07 | 0974355493 | # 1469 | -45.00 | Apr 14 | 0975822343 |
| # 1462 | -660.00 | Apr 12 | 0975332054 | ⊚ 1471 | -2,327.60 | Apr 25 | 0970804602 |
| # 1463 | -1,466.00 | Apr 07 | 0974323926 | ⊚ 1473 | -665.62 | Apr 28 | 0971697276 |
| # 1464 | -2,220.00 | Apr 14 | 0975692969 | # 1474 | -10,000.00 | Apr 29 | 0930000720 |
| # 1465 | -200.00 | Apr 22 | 0970417993 | ⊚ 1476 | -710.00 | Apr 29 | 0930001131 |
| # 1466 | -59.00 | Apr 13 | 0975633115 | ⊚ 1480 | -5,000.00 | Apr 14 | 0930001310 |
| # 1467 | -4,126.00 | Apr 13 | 0975454997 | # 1481 | -710.00 | Apr 15 | 0930000348 |
| # 1468 | -10,000.00 | Apr 08 | 0930001814 | | | | |

Total checks paid this statement period: -$70,287.75
Total number of checks paid this statement period: 15

### Electronic withdrawals this statement period

| Date | Amount ($) | Activity | Reference numbers Customer | Reference numbers Bank |
|---|---|---|---|---|
| Apr 01 | -50,000.00 | Wire # 010053 Bnf Harry And Debo Fed # 000090 | | 9485000247 |
| Apr 01 | -19,000.00 | Wire # 501736 Bnf Rashad Adei-wa Swf # 076399 | | 9485000246 |
| Apr 01 | -8,333.33 | Wire # 013233 Bnf David Millard  Fed # 000132 | | 9485000244 |
| Apr 01 | -8,333.33 | Wire # 013234 Bnf Kevin Hanebrin Fed # 000133 | | 9485000245 |
| Apr 01 | -5,500.00 | Wire # 013235 Bnf Mervyn Monger  Fed # 000134 | | 9485000243 |

NOT A CERTIFIED COPY

*Commercial Checking* statement
May 1, 2011 to May 31, 2011

## Commercial Checking: ▊8666

### Checks paid this statement period

\* This symbol indicates a break in check number sequence
\# This symbol indicates an original item not enclosed
e This symbol indicates a break in check number sequence and an original item not enclosed

| Check number | Amount ($) | Date paid | Bank reference number | Check number | Amount ($) | Date paid | Bank reference number |
|---|---|---|---|---|---|---|---|
| # 1439 | -5,000.00 | May 09 | 0930001272 | e 1504 | -257.02 | May 17 | 0975649683 |
| e 1475 | -185.50 | May 19 | 0976151986 | # 1505 | -5,000.00 | May 17 | 0930001119 |
| e 1477 | -185.28 | May 09 | 0973764387 | # 1506 | -10,000.00 | May 19 | 0930000687 |
| # 1478 | -5,000.00 | May 13 | 0930001398 | # 1507 | -32,688.00 | May 19 | 0930000698 |
| e 1482 | -218.09 | May 18 | 0976025505 | e 1513 | -4,675.00 | May 31 | 0970790479 |
| # 1483 | -495.00 | May 25 | 0970088294 | # 1514 | -127,302.93 | May 26 | 0970363983 |
| e 1485 | -3,613.77 | May 26 | 0970376153 | | | | |

Total checks paid this statement period: -$194,620.59
Total number of checks paid this statement period: 13

### Electronic withdrawals this statement period

| Date | Amount ($) | Activity | Reference numbers Customer | Bank |
|---|---|---|---|---|
| May 02 | -50,000.00 | Wire # 004535 Bnf Harry And Debo Fed # 000049 | | ▊ |
| May 02 | -296.10 | Comcast Wp South Efts ▊ | | 9488215299 |
| May 10 | -3,435.52 | First Insurance Wuspcustdr 110509 | | 9488153213 |
| May 11 | -123,116.61 | Wire # ▊ American Expre Fed # ▊ | | 9485000127 |
| May 11 | -19,000.00 | Wire # 500423 Bnf Rashad Adel-wa Swf # 106798 | | 9485000126 |
| May 11 | -8,333.33 | Wire # 002782 Bnf David Millard  Fed # 000015 | | 9485000124 |
| May 11 | -8,333.33 | Wire # 002783 Bnf Kevin Hanebrin Fed # 000017 | | 9485000125 |
| May 11 | -5,500.00 | Wire # 002784 Bnf Mervyn Monger  Fed # 000016 | | 9485000123 |
| May 12 | -225,000.00 | Wire # 004448 Bnf Rafferty Stolz Fed # 000029 | | 9485000154 |
| May 12 | -19,897.48 | Wire # 003204 Bnf Floridian Comm Fed # 000018 | | 9485000153 |
| May 12 | -6,030.11 | Wire # 003205 Bnf Sargeant Petro Fed # 000019 | | 9485000152 |
| May 12 | -26,796.66 | Commercial Loan Detroit 9895214590 | | 9488513522 |
| May 13 | -15,000.00 | Wire # 003067 Bnf International  Fed # 000018 | | 9485000227 |
| May 13 | -14,442.20 | Wire # 009997 Bnf Kevin Kirkeide Fed # 000099 | | 9485000226 |
| May 13 | -9,392.41 | Wire # 010001 Bnf Mervyn Monger  Fed # 000101 | | 9485000225 |
| May 13 | -8,852.04 | Wire # 010004 Bnf Kevin Hanebrin Fed # 000103 | | 9485000224 |
| May 13 | -8,509.68 | Wire # 010002 Bnf Marty Martin   Fed # 000102 | | 9485000223 |
| May 13 | -7,572.29 | Wire # 009999 Bnf Nelson Garcia  Fed # 000105 | | 9485000222 |
| May 16 | -215,000.00 | Wire # 008445 Bnf Btb Corporatio Fed # 000067 | | 9485000171 |
| May 16 | -25,000.00 | Wire # 501246 Bnf Rashad Adel-wa Swf # 111021 | | 9485000170 |
| May 16 | -15,000.00 | Wire # 500347 Bnf Rashad Adel-wa Swf # 110181 | | 9485000169 |
| May 16 | -3,450.02 | Wire # 501740 Bnf Kinuko Okura   Swf # 110004 | | 9485000168 |
| May 16 | -11,749.40 | Prime Mgmt - Boc Payment 110518 | | 9488322962 |
| May 16 | -4,786.15 | Att  Payment 051311 | | 9488426874 |
| May 16 | -1,574.60 | Att  Payment 051311 | | 9488426873 |
| May 17 | -5,500.00 | Wire # 002613 Bnf Mervyn Monger  Fed # 000024 | | 9485000144 |
| May 18 | -142,927.93 | American Express Elec Remit | | 9488935423 |
| May 24 | -150,000.00 | Wire # 002535 Bnf American Expre Fed # 000014 | | 9485000143 |
| May 24 | -100,000.00 | Wire # 002536 Bnf Harry And Debo Fed # 000015 | | 9485000142 |
| May 24 | -19,000.00 | Wire # 500537 Bnf Rashad Adel-wa Swf # 117781 | | 9485000141 |
| May 24 | -14,306.32 | Wire # 003172 Bnf Mervyn Monger  Fed # 000025 | | 9485000140 |
| May 24 | -5,514.25 | Wire # 002537 Bnf Kevin Kirkeide Fed # 000016 | | 9485000139 |
| May 24 | -4,176.71 | Wire # 003173 Bnf Nelson Garcia  Fed # 000028 | | 9485000138 |
| May 24 | -3,317.46 | Wire # 003171 Bnf Kevin Hanebrin Fed # 000024 | | 9485000137 |
| May 24 | -366.01 | Fpl Direct Debit Elec Pymt 05/11 | | 9488030287 |
| May 25 | -150,052.29 | American Express Elec Remit | | 9488382395 |
| May 26 | -413.27 | Directv Directv 110525 | | 9488172762 |

*Commercial Checking* statement
July 1, 2011 to July 31, 2011

## Commercial Checking: ▓▓▓8666

### Electronic withdrawals this statement period

| Date | Amount ($) | Activity | Reference numbers Customer | Reference numbers Bank |
|------|-----------:|----------|--------------|------|
| Jul 01 | -50,000.00 | Wire # 011237 Bnf Harry And Debo Fed # 000084 | | 9485000218 |
| Jul 01 | -20,000.00 | Wire # 001283 Bnf Kevin Kirkeide Fed # 000002 | | 9485000217 |
| Jul 01 | -3,843.75 | Wire # 011139 Bnf Rafferty Stolz Fed # 000082 | | 9485000216 |
| Jul 05 | -10,000.00 | Wire # 500625 Bnf Rashad Adel-wa Swf # 151164 | | 9485000138 |
| Jul 06 | -313.28 | Comcast Wp South Efts 01638 070111 | | 9488092169 |
| Jul 07 | -5,500.00 | Wire # 005763 Bnf Mervyn Monger Fed # 000064 | | 9485000175 |
| Jul 07 | -4,640.00 | Wire # 006261 Bnf Kevin Kirkeide Fed # 000068 | | 9485000174 |
| Jul 07 | -3,445.52 | Wire # 500925 Bnf Kinuko Okura Swf # 153746 | | 9485000173 |
| Jul 08 | -3,500.00 | Wire # 009128 Bnf The Hamm Law F Fed # 000129 | | 9485000188 |
| Jul 11 | -50,000.00 | Wire # 008765 Bnf Kevin Kirkeide Fed # 000072 | | 9485000139 |
| Jul 14 | -10,000.00 | Wire # 009303 Bnf American Expre Fed # 000079 | | 9485000177 |
| Jul 15 | -25,000.00 | Wire # 002173 Bnf Kaufman Rossin Fed # 000005 | | 9485000290 |
| Jul 15 | -26,922.47 | Commercial Loan Detroit 9895214590 | | 9488980087 |
| Jul 18 | -10,000.00 | Wire # 500418 Bnf Rashad Adel-wa Swf # 161862 | | 9485000169 |
| Jul 18 | -8,333.33 | Wire # 003190 Bnf David Millard Fed # 000044 | | 9485000167 |
| Jul 18 | -8,333.33 | Wire # 003191 Bnf Kevin Hanebrin Fed # 000045 | | 9485000168 |
| Jul 18 | -5,500.00 | Wire # 003193 Bnf Mervyn Monger Fed # 000046 | | 9485000166 |
| Jul 19 | -30,000.00 | Wire # 006813 Bnf Rafferty Stolz Fed # 000084 | | 9485000149 |
| Jul 19 | -5,625.21 | Wire # 002323 Bnf Kevin Kirkeide Fed # 000030 | | 9485000148 |
| Jul 19 | -4,250.00 | Wire # 500306 Bnf Basem Momammad Fed # 000036 | | 9485000147 |
| Jul 19 | -15,000.00 | American Express Elec Remit | | 9488765252 |
| Jul 20 | -25,000.00 | Wire # 501153 Bnf Bull Housser A Swf # 164118 | | 9485000141 |
| Jul 22 | -150,000.00 | Wire # 001570 Bnf American Expre Fed # 000003 | | 9485000203 |
| Jul 22 | -150,000.00 | Wire # 500473 Bnf Bull Housser Swf # 165692 | | 9485000204 |
| Jul 22 | -19,897.48 | Wire # 001569 Bnf 400 S Ocean 9 Fed # 000002 | | 9485000202 |
| Jul 22 | -6,015.41 | Wire # 001571 Bnf Sargeant Petro Fed # 000004 | | 9485000201 |
| Jul 22 | -144,595.97 | American Express Elec Remit | | 9488642163 |
| Jul 25 | -4,760.29 | Att Payment 072211 | | 9488519231 |
| Jul 26 | -464.10 | Fpl Direct Debit Elec Pymt 07/11 | | 9488167492 |
| Jul 27 | -240.98 | Comcast Comcast 072711 | | 9488544042 |
| Jul 28 | -5,000.00 | American Express Elec Remit | | 9488401967 |
| Jul 28 | -249.32 | Fpl Direct Debit Elec Pymt 07/11 | | 9488844802 |

Total Electronic Withdrawals: -$806,430.44
Total number of Electronic Withdrawals: 32

### Fees and service charges this statement period

| Date | Amount ($) | Activity | Bank reference number |
|------|-----------:|----------|------------|
| Jul 05 | -36.00 | Fee - Returned Item | 9488501157 |
| Jul 05 | -36.00 | Fee - Overdraft | 0970210040 |
| Jul 06 | -36.00 | Fee - Returned Item | 0970563845 |
| Jul 14 | -2,085.82 | Service Charge | 0003470096 |

Total Fees and Service Charges: -$2,193.82
Total number of Fees and Service Charges: 4

NOT A CERTIFIED COPY

*Commercial Checking* statement
August 1, 2011 to August 31, 2011

## Commercial Checking: 8666

### Electronic withdrawals this statement period

| | | | Reference numbers | |
| Date | Amount ($) | Activity | Customer | Bank |
| --- | --- | --- | --- | --- |
| Aug 01 | -50,000.00 | Wire # 010376 Bnf Harry And Debo Fed # 000092 | | 9485000191 |
| Aug 01 | -296.26 | Comcast Wp South Efts 01638 080111 | | 9488488845 |
| Aug 03 | -19,000.00 | Wire # 501106 Bnf Rashad Adel-wa Swf # 175372 | | 9485000136 |
| Aug 03 | -5,500.00 | Wire # 007686 Bnf Mervyn Monger Fed # 000060 | | 9485000135 |
| Aug 03 | -3,215.00 | Wire # 501105 Bnf Kinuko Okura  Swf # 175354 | | 9485000134 |
| Aug 04 | -250.36 | Wire # 500541 Bnf Kinuko Okura  Swf # 176025 | | 9485000152 |
| Aug 08 | -1,477.00 | Bv Card Assets Payment 110805 | | 9488188423 |
| Aug 09 | -25,000.00 | Wire # 500279 Bnf Bull Housser A Swf # 179230 | | 9485000140 |
| Aug 10 | -17,576.93 | Wire # 500895 Bnf Rashad Adel-wa Swf # 180835 | | 9485000132 |
| Aug 10 | -3,082.70 | Wire # 008219 Bnf Nelson Garcia Fed # 000065 | | 9485000131 |
| Aug 12 | -25,000.00 | Wire # 500668 Bnf Bull Housser A Swf # 183029 | | 9485000222 |
| Aug 15 | -4,750.78 | Att Payment 081211 | | 9488975653 |
| Aug 16 | -8,333.33 | Wire # 008111 Bnf Kevin Hanebrin Fed # 000048 | | 9485000109 |
| Aug 16 | -8,333.33 | Wire # 008112 Bnf David Millard Fed # 000049 | | 9485000110 |
| Aug 16 | -7,000.00 | Wire # 008110 Bnf American Expre Fed # 000047 | | 9485000108 |
| Aug 16 | -5,500.00 | Wire # 008115 Bnf Mervyn Monger Fed # 000050 | | 9485000107 |
| Aug 18 | -2,285.09 | Pcg Aigpcgpays 110817 Aigpcg000142655 | | 9488524202 |
| Aug 23 | -100,000.00 | Wire # 008247 Bnf American Expre Fed # 000068 | | 9485000147 |
| Aug 23 | -335.01 | Fpl Direct Debit Elec Pymt 08/11 | | 9488197171 |
| Aug 25 | -287.46 | Fpl Direct Debit Elec Pymt 08/11 | | 9488375085 |
| Aug 30 | -19,897.48 | Wire # 011066 Bnf Floridian Comm Fed # 000122 | | 9485000250 |
| Aug 30 | -11,519.46 | Wire # 004185 Bnf Mervyn Monger Fed # 000041 | | 9485000249 |
| Aug 30 | -1,952.85 | Wire # 004186 Bnf Austin Brock Fed # 000042 | | 9485000248 |

Total Electronic Withdrawals: -$320,593.04
Total number of Electronic Withdrawals: 23

### Other withdrawals this statement period

| Date | Amount ($) | Activity | Bank reference number |
| --- | --- | --- | --- |
| Aug 08 | -5,000.00 | Withdrawal | 0430034133 |
| Aug 08 | -3,000.00 | Withdrawal | 0430034129 |
| Aug 31 | -5,000.00 | Withdrawal | 0430015692 |

Total Other Withdrawals: -$13,000.00
Total number of Other Withdrawals: 3

### Fees and service charges this statement period

| Date | Amount ($) | Activity | Bank reference number |
| --- | --- | --- | --- |
| Aug 11 | -2,197.73 | Service Charge | 0008537618 |
| Aug 12 | -36.00 | Fee - Returned Item | 9488608542 |
| Aug 30 | -36.00 | Fee - Returned Item | 9488382066 |
| Aug 30 | -36.00 | Fee - Overdraft | 0930001774 |

Total Fees and Service Charges: -$2,305.73
Total number of Fees and Service Charges: 4

NOT A CERTIFIED COPY

*Commercial Checking* statement
September 1, 2011 to September 30, 2011

## Commercial Checking: ██████8666

### Checks paid this statement period (continued)

\* This symbol indicates a break in check number sequence
\# This symbol indicates an original item not enclosed
ø This symbol indicates a break in check number sequence and an original item not enclosed

| Check number | Amount ($) | Date paid | Bank reference number | Check number | Amount ($) | Date paid | Bank reference number |
|---|---|---|---|---|---|---|---|
| # 1543 | -5,000.00 | Sep 13 | 0930000947 | # 1558 | -5,000.00 | Sep 19 | 0930001006 |
| ø 1555 | -5,000.00 | Sep 27 | 0930001079 | # 1559 | -1,320.00 | Sep 23 | 0971476877 |
| ø 1557 | -5,000.00 | Sep 19 | 0930001007 | | | | |

Total checks paid this statement period: -$58,702.01
Total number of checks paid this statement period: 13

### Electronic withdrawals this statement period

| Date | Amount ($) | Activity | Reference numbers Customer | Bank |
|---|---|---|---|---|
| Sep 01 | -3,395.04 | Wire # 501066 Bnf Kinuko Okura  Swf # 198376 | | 9485000187 |
| Sep 01 | -15,000.00 | American Express Elec Remit | | 9488730091 |
| Sep 01 | -321.44 | Comcast Wp South Efts 01638 090111 | | 9488699957 |
| Sep 02 | -25,000.00 | Wire # 501641 Bnf Bull Housser  Swf # 199784 | | 9485000185 |
| Sep 02 | -250.14 | Comcast Rdp Comcas 082711 | | 9488096656 |
| Sep 06 | -10,000.00 | Wire # 009010 Bnf American Expre Fed # 000053 | | 9485000142 |
| Sep 06 | -1,522.00 | Bv Card Assets Payment 110902 | | 9488608750 |
| Sep 07 | -50,000.00 | Wire # 002361 Bnf Harry And Debo Fed # 000023 | | 9485000146 |
| Sep 09 | -10,000.00 | Wire # 001827 Bnf American Expre Fed # 000017 | | 9485000210 |
| Sep 12 | -15,000.00 | Wire # 003774 Bnf American Expre Fed # 000051 | | 9485000169 |
| Sep 13 | -16,000.00 | Wire # 006381 Bnf American Expre Fed # 000049 | | 9485000161 |
| Sep 13 | -15,000.00 | Wire # 006413 Bnf American Expre Fed # 000052 | | 9485000160 |
| Sep 13 | -80,000.00 | American Express Elec Remit | | 9488006584 |
| Sep 14 | -145.19 | Wire # 500310 Bnf Kamer Van Koop Swf # 206883 | | 9485000151 |
| Sep 14 | -25,000.00 | American Express Elec Remit | | 9488853273 |
| Sep 15 | -25,000.00 | Wire # 501248 Bnf Bull Housser A Swf # 208455 | | 9485000220 |
| Sep 15 | -15,000.00 | Wire # 002692 Bnf American Expre Fed # 000009 | | 9485000219 |
| Sep 16 | -30,071.06 | Wire # 001901 Bnf David Millard  Fed # 000012 | | 9485000229 |
| Sep 16 | -27,819.90 | Wire # 009769 Bnf Commercial Ln Operations | | 9485000228 |
| Sep 16 | -19,897.48 | Wire # 009275 Bnf 400 S Ocean 9  Fed # 000130 | | 9485000227 |
| Sep 16 | -17,010.23 | Wire # 001903 Bnf Marty Martin  Fed # 000015 | | 9485000226 |
| Sep 16 | -13,727.42 | Wire # 001902 Bnf Kevin Hanebrin Fed # 000013 | | 9485000225 |
| Sep 16 | -9,900.00 | Wire # 001904 Bnf Mervyn Monger  Fed # 000014 | | 9485000224 |
| Sep 16 | -6,070.21 | Wire # 009274 Bnf Sargeant Petro Fed # 000129 | | 9485000223 |
| Sep 16 | -130,722.82 | American Express Elec Remit | | 9488683890 |
| Sep 19 | -120,000.00 | Wire # 002346 Bnf American Expre Fed # 000019 | | 9485000166 |
| Sep 19 | -9,500.00 | Wire # 005475 Bnf Mervyn Monger  Fed # 000062 | | 9485000165 |
| Sep 19 | -4,761.62 | Att  Payment 091611 | | 9488295738 |
| Sep 20 | -12,935.92 | Wire # 001080 Bnf Adam B Corey  Fed # 000001 | | 9485000151 |
| Sep 21 | -35,000.00 | Wire # 002785 Bnf Harry And Debo Fed # 000017 | | 9485000117 |
| Sep 21 | -20,000.00 | Wire # 500343 Bnf Bull Housser  Swf # 212471 | | 9485000116 |
| Sep 21 | -9,500.00 | Wire # 000954 Bnf Mervyn Monger  Fed # 000001 | | 9485000115 |
| Sep 23 | -9,500.00 | Wire # 001069 Bnf Mervyn Monger  Fed # 000001 | | 9485000206 |
| Sep 23 | -286.57 | Att 800-452-2248 AT&T Bus Sep 11 80025615248 | | 9488414346 |
| Sep 26 | -50,000.00 | Wire # 004241 Bnf Environmental  Fed # 000054 | | 9485000183 |
| Sep 26 | -15,000.00 | Wire # 006074 Bnf Legacy Builder Fed # 000070 | | 9485000182 |
| Sep 27 | -61,500.00 | Wire # 009346 Bnf Gfkk Mineral H Fed # 000071 | | 9485000184 |
| Sep 27 | -49,666.00 | Wire # 008811 Bnf Thomas G Steig Fed # 000064 | | 9485000183 |
| Sep 27 | -544.68 | Fpl Direct Debit Elec Pymt 09/11 | | 9488404584 |
| Sep 27 | -229.56 | Comcast Comcast 092711 | | 9488370896 |
| Sep 28 | -185.59 | Fpl Direct Debit Elec Pymt 09/11 | | 9488249955 |

NOT A CERTIFIED COPY

**Commercial Checking** statement
September 1, 2011 to September 30, 2011

## Commercial Checking: 8666

### Electronic withdrawals this statement period (continued)

| | | | Reference numbers | |
| | | | Customer | Bank |
|---|---|---|---|---|
| Date | Amount ($) | Activity | | |
| Sep 29 | -34,178.07 | Wire # 501327 Bnf Bull Housser   Swf # 220395 | | 9485000204 |
| Sep 29 | -25,211.29 | Wire # 500691 Bnf Bull Housser   Swf # 219969 | | 9485000203 |
| Sep 29 | -19,897.48 | Wire # 011674 Bnf Floridian Comm Fed # 000078 | | 9485000202 |
| Sep 30 | -50,000.00 | Wire # 010614 Bnf Harry And Debo Fed # 000086 | | 9485000273 |
| Sep 30 | -27,819.89 | Wire # 007305 Bnf Commercial Ln Operations | | 9485000272 |
| Sep 30 | -8,333.33 | Wire # 001556 Bnf David Millard  Fed # 000002 | | 9485000270 |
| Sep 30 | -8,333.33 | Wire # 001558 Bnf Kevin Hanebrin Fed # 000003 | | 9485000271 |
| Sep 30 | -5,500.00 | Wire # 001559 Bnf Mervyn Monger  Fed # 000004 | | 9485000269 |
| Sep 30 | -3,225.51 | Wire # 500231 Bnf Kinuko Okura   Swf # 220966 | | 9485000268 |
| Sep 30 | -25,000.00 | American Express Elec Remit | | 9488331353 |

Total Electronic Withdrawals: -$1,167,961.77
Total number of Electronic Withdrawals: 51

### Fees and service charges this statement period

| Date | Amount ($) | Activity | Bank reference number |
|---|---|---|---|
| Sep 14 | -2,152.83 | Service Charge | 0006384137 |

Total Fees and Service Charges: -$2,152.83
Total number of Fees and Service Charges: 1

### Transfers to other accounts this statement period

| Date | Amount ($) | Activity | | Bank reference number |
|---|---|---|---|---|
| Sep 07 | -240,000.00 | Tmw Funds Transfer To Account | ■■■■ | ■■■■ |
| Sep 07 | -75,000.00 | Tmw Funds Transfer To Account | ■■■■ | ■■■■ |
| Sep 16 | -100,000.00 | Tmw Funds Transfer To Account | ■■■■ | ■■■■ |
| Sep 16 | -22,000.00 | Tmw Funds Transfer To Account | ■■■■ | ■■■■ |
| Sep 20 | -20,000.00 | Tmw Funds Transfer To Account | ■■■■ | ■■■■ |
| Sep 22 | -15,000.00 | Tmw Funds Transfer To Account | ■■■■ | ■■■■ |
| Sep 22 | -5,000.00 | Tmw Funds Transfer To Account | ■■■■ | ■■■■ |
| Sep 27 | -18,000.00 | Tmw Funds Transfer To Account | ■■■■ | ■■■■ |
| Sep 29 | ■■■■ | Tmw Funds Transfer To Account | ■■■■ | ■■■■ |
| Sep 30 | -39,000.00 | Tmw Funds Transfer To Account | ■■■■ | ■■■■ |
| Sep 30 | ■■■■ | Tmw Funds Transfer To Account | ■■■■ | ■■■■ |

Total Transferred to Other Accounts: -$598,000.00
Total number of Transfers to Other Accounts: 11

###  Lowest daily balance

Your lowest daily balance this statement period was **$48.59**
on **September 12, 2011.**

**Commercial Checking** statement
November 1, 2011 to November 30, 2011

# Commercial Checking: ████8666

## Electronic withdrawals this statement period

Reference numbers

| Date | Amount ($) | Activity | Customer | Bank |
|---|---|---|---|---|
| Nov 01 | -3,284.77 | Wire # 501368 Bnf Kinuko Okura   Swf # 246940 | | 9485000176 |
| Nov 01 | -324.88 | Comcast Wp South Efts 01638 110111 | | 9488735834 |
| Nov 02 | -100,000.00 | Wire # 003018 Bnf American Expre Fed # 000016 | | 9485000112 |
| Nov 02 | -50,000.00 | Wire # 003017 Bnf Harry And Debo Fed # 000015 | | 9485000111 |
| Nov 02 | -28,717.31 | Wire # 003096 Bnf Commercial Ln Operations | | 9485000110 |
| Nov 02 | -3,269.01 | Wire # 500230 Bnf Kinuko Okura   Swf # 247087 | | 9485000109 |
| Nov 03 | -25,000.00 | Wire # 500359 Bnf Bull Housser   Swf # 248261 | | 9485000117 |
| Nov 04 | -50,000.00 | Wire # 005059 Bnf American Expre Fed # 000053 | | 9485000158 |
| Nov 07 | -2,043.50 | Pcg  Aigpcgpays 111104 Aigpcg000153026 | | 9488913556 |
| Nov 15 | -11,000.00 | Wire # 006271 Bnf Mervyn Monger  Fed # 000039 | | 9485000205 |
| Nov 15 | -8,333.33 | Wire # 006269 Bnf Kevin Hanebrin Fed # 000037 | | 9485000203 |
| Nov 15 | -8,333.33 | Wire # 006270 Bnf David Millard  Fed # 000038 | | 9485000204 |
| Nov 15 | -10,000.00 | American Express Elec Remit | | 9488813505 |
| Nov 16 | -9,393.41 | Wire # 010342 Bnf Rafferty Stolz Fed # 000096 | | 9485000172 |
| Nov 17 | -10,000.00 | Wire # 501185 Bnf Bull Housser   Swf # 258946 | | 9485000162 |
| Nov 17 | -4,883.43 | Att  Payment 111611 | | 9488668556 |
| Nov 18 | -30,000.00 | Wire # 009671 Bnf American Expre Fed # 000074 | | 9485000195 |
| Nov 21 | -19,897.48 | Wire # 009982 Bnf Floridian Comm Fed # 000079 | | 9485000165 |
| Nov 21 | -10,000.00 | Wire # 010082 Bnf American Expre Fed # 000078 | | 9485000164 |
| Nov 21 | -6,299.78 | Wire # 009983 Bnf Sargeant Petro Fed # 000077 | | 9485000163 |
| Nov 21 | -10,000.00 | Bv Card Assets Payment 111118 | | 9488238036 |
| Nov 21 | -4,778.15 | AT&T Payment 111911 | | 9488361821 |
| Nov 21 | -141.96 | Att  Payment 111811 | | 9488197138 |
| Nov 22 | -26,025.05 | Wire # 001010 Bnf Commercial Ln Operations | | 9485000177 |
| Nov 22 | -573.88 | Att 800-452-2248 AT&T Bus Nov 11 80025615248 | | 9488149279 |
| Nov 22 | -413.46 | Fpl Direct Debit Elec Pymt 11/11 | | 9488147701 |
| Nov 23 | -677.71 | Att 800-452-2248 AT&T Bus Nov 11 8310001412812 | | 9488111068 |
| Nov 28 | -394.39 | Comcast Comcast 112711 | | 9488206925 |
| Nov 29 | -10,000.00 | Wire # 005955 Bnf American Expre Fed # 000022 | | 9485000182 |
| Nov 29 | -152.56 | Fpl Direct Debit Elec Pymt 11/11 | | 9488895564 |
| Nov 30 | -8,333.33 | Wire # 001430 Bnf Kevin Hanebrin Fed # 000003 | | 9485000266 |
| Nov 30 | -8,333.33 | Wire # 001431 Bnf David Millard  Fed # 000004 | | 9485000267 |
| Nov 30 | -5,500.00 | Wire # 001429 Bnf Mervyn Monger  Fed # 000002 | | 9485000265 |
| Nov 30 | -248.82 | Att  Payment 112911 | | 9488214822 |

**Total Electronic Withdrawals: -$466,352.87**
**Total number of Electronic Withdrawals: 34**

## Fees and service charges this statement period

| Date | Amount ($) | Activity | Bank reference number |
|---|---|---|---|
| Nov 14 | -1,932.91 | Service Charge | 0007602791 |
| Nov 14 | -36.00 | Fee - Returned Item | 9488125982 |

**Total Fees and Service Charges: -$1,968.91**
**Total number of Fees and Service Charges: 2**

Page 3 of 5

*Commercial Checking* statement
March 1, 2012 to March 31, 2012

## Commercial Checking: ████8666

### Electronic withdrawals this statement period (continued)

| Date | Amount ($) | Activity | Customer | Bank |
|------|-----------|----------|----------|------|
| Mar 05 | -4,897.36 | Att  Payment 030212 | | 9488446489 |
| Mar 05 | -3,901.17 | T-mobile IVR Pcs Svc 120302 | | 9488455774 |
| Mar 05 | -2,043.50 | Pcg  Aigpcgpays 120302 Aigpcg000167412 | | 9488518158 |
| Mar 06 | -9,000.00 | Wire # 000987 Bnf Mervyn Monger  Fed # 000001 | | 9485000185 |
| Mar 06 | -1,977.36 | Att 800-452-2248 AT&T Bus Mar 12 8310001412812 | | 9488069129 |
| Mar 06 | -602.83 | Att 800-452-2248 AT&T Bus Mar 12 80025615248 | | 9488069130 |
| Mar 07 | -4,182.45 | Wire # 000984 Bnf Mervyn Monger  Fed # 000001 | | 9485000161 |
| Mar 07 | -17,414.59 | Usaa.com Paymnt Credit Crd 120306 | | 9488264523 |
| Mar 07 | -16,820.38 | Usaa.com Paymnt Credit Crd 120306 | | 9488953049 |
| Mar 09 | -6,001.79 | Wire # 500741 Bnf Aon Canada Inc Swf # 345126 | | 9485000222 |
| Mar 09 | -100.00 | Wire # 006858 Bnf Annette Perez  Fed # 000066 | | 9485000221 |
| Mar 12 | -12,500.00 | Wire # 009737 Bnf Sherman And Sh Fed # 000069 | | 9485000153 |
| Mar 13 | -12,500.00 | Wire # 002344 Bnf Colin Oneill   Fed # 000009 | | 9485000141 |
| Mar 13 | -10,000.00 | Bv Card Assets Payment 120312 | | 9488061058 |
| Mar 14 | -10,000.00 | Wire # 500162 Bnf Davies Ward Ph Swf # 348066 | | 9485000156 |
| Mar 19 | -5,500.00 | Wire # 005154 Bnf Mervyn Monger  Fed # 000037 | | 9485000170 |
| Mar 20 | -4,556.49 | Wire # 001996 Bnf Kevin Hanebrin Fed # 000009 | | 9485000194 |
| Mar 21 | -153.66 | Tall Util Wutlhassee 120321 | | 9488994868 |
| Mar 22 | -150,000.00 | Wire # 003594 Bnf Harry & Debora Fed # 000023 | | 9485000192 |
| Mar 27 | -2,193.05 | Wire # 010493 Bnf Kevin Hanebrin Fed # 000074 | | 9485000187 |
| Mar 27 | -345.95 | Fpl Direct Debit Elec Pymt 03/12 | | 9488387670 |
| Mar 27 | -239.92 | Comcast Comcast 032712 | | 9488388897 |
| Mar 28 | -79.16 | Fpl Direct Debit Elec Pymt 03/12 | | 9488376567 |
| Mar 29 | -26,547.18 | Wire # 011341 Bnf Commercial Ln Operations | | 9485000236 |
| Mar 29 | -6,918.52 | Wire # 011340 Bnf Sargeant Petro Fed # 000090 | | 9485000235 |
| Mar 29 | -14,641.45 | Usaa.com Paymnt Credit Crd 120328 | | 9488457367 |

**Total Electronic Withdrawals: -$962,985.32**
**Total number of Electronic Withdrawals: 43**

### Fees and service charges this statement period

| Date | Amount ($) | Activity | Bank reference number |
|------|-----------|----------|----------------------|
| Mar 13 | -2,307.74 | Service Charge | 0002854747 |

**Total Fees and Service Charges: -$2,307.74**
**Total number of Fees and Service Charges: 1**

### Transfers to other accounts this statement period

| Date | Amount ($) | Activity | | Bank reference number |
|------|-----------|----------|--|----------------------|
| Mar 01 | -4,500.00 | Tmw Funds Transfer To Account | ████████ | ████████ |
| Mar 02 | -12,000.00 | Tmw Funds Transfer To Account | ████████ | ████████ |
| Mar 02 | -23,000.00 | Tmw Funds Transfer To Account | ████████ | ████████ |
| Mar 05 | -8,500.00 | Tmw Funds Transfer To Account | ████████ | ████████ |
| Mar 08 | -8,500.00 | Tmw Funds Transfer To Account | ████████ | ████████ |
| Mar 12 | -70,000.00 | Tmw Funds Transfer To Account | ████████ | ████████ |
| Mar 13 | -████ | Tmw Funds Transfer To Account | ████████ | ████████ |
| Mar 13 | -████.00 | Tmw Funds Transfer To Account | ████████ | ████████ |
| Mar 14 | -6,500.00 | Tmw Funds Transfer To Account | ████████ | ████████ |
| Mar 14 | -41,000.00 | Tmw Funds Transfer To Account | ████████ | ████████ |
| Mar 19 | -9,000.00 | Tmw Funds Transfer To Account | ████████ | ████████ |
| Mar 27 | -20,000.00 | Tmw Funds Transfer To Account | ████████ | ████████ |

NOT A CERTIFIED COPY

*Commercial Checking* statement
April 1, 2012 *to* April 30, 2012

## Commercial Checking: ████ 8666

### Electronic withdrawals this statement period (continued)

| Date | Amount ($) | Activity | Reference numbers Customer | Bank |
|------|-----------|----------|----------|------|
| Apr 04 | -142.75 | Att  Payment 040312 | | 9488014966 |
| Apr 05 | -5,500.00 | Wire # 001091 Bnf Mervyn Monger  Fed # 000001 | | 9485000193 |
| Apr 05 | -297.22 | Att 800-452-2248 AT&T Bus Apr 12 80025615248 | | 9488550208 |
| Apr 09 | -22,364.72 | Usaa.com Paymnt Credit Crd 120406 | | 9488521933 |
| Apr 10 | -5,000.00 | Wire # 001444 Bnf Kevin Hanebrin Fed # 000005 | | 9485000170 |
| Apr 16 | -7,857.37 | Wire # 003646 Bnf Kevin Hanebrin Fed # 000011 | | 9485000197 |
| Apr 16 | -8,288.93 | AT&T Payment 041312 | | 9488055700 |
| Apr 16 | -3,176.31 | T-mobile IVR Pcs Svc 120413 | | 9488923178 |
| Apr 17 | -11,879.56 | Wire # 006050 Bnf Sargeant Petro Fed # 000059 | | 9485000192 |
| Apr 18 | -5,500.00 | Wire # 004780 Bnf Mervyn Monger  Fed # 000027 | | 9485000157 |
| Apr 19 | -4,069.86 | Usaa.com Paymnt Credit Crd 120418 | | 9488769207 |
| Apr 20 | -142.50 | Wire # 010929 Bnf Annette Perez  Fed # 000093 | | 9485000235 |
| Apr 20 | -7,682.82 | AT&T Payment 041912 | | 9488621838 |
| Apr 23 | -6,188.85 | Wire # 006353 Bnf Kevin Hanebrin Fed # 000045 | | 9485000170 |
| Apr 24 | -15,000.00 | Bv Card Assets Payment 120423 | | 9488853450 |
| Apr 24 | -464.94 | Fpl Direct Debit Elec Pymt 04/12 | | 9488211426 |
| Apr 25 | -9,954.30 | Wire # 500264 Bnf Claridges Hote Swf # 380412 | | 9485000218 |
| Apr 26 | -3,972.70 | Wire # 011508 Bnf The Great Esca Fed # 000070 | | 9485000243 |
| Apr 27 | -50,000.00 | Wire # 008746 Bnf Harry & Debora Fed # 000058 | | 9485000312 |
| Apr 27 | -239.89 | Comcast Comcast 042712 | | 9488502409 |
| Apr 27 | -83.80 | Fpl Direct Debit Elec Pymt 04/12 | | 9488845368 |
| Apr 30 | -38,000.00 | Wire # 501238 Bnf Rashad Adel-wa Swf # 384752 | | 9485000363 |
| Apr 30 | -27,142.07 | Wire # 010995 Bnf Commercial Ln Operations | | 9485000362 |
| Apr 30 | -19,897.48 | Wire # 010993 Bnf Floridian Comm Fed # 000102 | | 9485000361 |
| Apr 30 | -8,700.00 | Wire # 014375 Bnf Glk Ltd Partne Fed # 000125 | | 9485000360 |
| Apr 30 | -8,333.33 | Wire # 001498 Bnf Kevin Hanebrin Fed # 000003 | | 9485000358 |
| Apr 30 | -8,333.33 | Wire # 001499 Bnf David Millard  Fed # 000004 | | 9485000359 |
| Apr 30 | -5,500.00 | Wire # 001497 Bnf Mervyn Monger  Fed # 000002 | | 9485000357 |
| Apr 30 | -5,062.97 | Wire # 500133 Bnf Mi Hyang Kim   Swf # 384179 | | 9485000356 |
| Apr 30 | -2,516.13 | Barclaycard US Creditcard | | 9488247252 |

**Total Electronic Withdrawals: -$431,111.46**
**Total number of Electronic Withdrawals: 43**

### Fees and service charges this statement period

| Date | Amount ($) | Activity | Bank reference number |
|------|-----------|----------|----------|
| Apr 13 | -2,677.28 | Service Charge | 0001484269 |

**Total Fees and Service Charges: -$2,677.28**
**Total number of Fees and Service Charges: 1**

### Transfers to other accounts this statement period

| Date | Amount ($) | Activity | | Bank reference number |
|------|-----------|----------|---|----------|
| Apr 02 | -4,000.00 | Tmw Funds Transfer To Account | ████ | ████ |
| Apr 04 | -3,000.00 | Tmw Funds Transfer To Account | ████ | ████ |
| Apr 05 | -10,000.00 | Tmw Funds Transfer To Account | ████ | ████ |
| Apr 05 | -10,000.00 | Tmw Funds Transfer To Account | ████ | ████ |
| Apr 05 | -3,000.00 | Tmw Funds Transfer To Account | ████ | ████ |
| Apr 06 | -15,000.00 | Tmw Funds Transfer To Account | ████ | ████ |
| Apr 09 | -2,000.00 | Tmw Funds Transfer To Account | ████ | ████ |
| Apr 11 | -2,000.00 | Tmw Funds Transfer To Account | ████ | ████ |

NOT A CERTIFIED COPY

*Commercial Checking* statement
July 1, 2012 to July 31, 2012

## *Commercial Checking* account details: ▮▮▮8666

### Electronic deposits this statement period

| Date | Amount ($) | Activity | Reference numbers Customer | Bank |
|---|---|---|---|---|
| Jul 03 | 150,000.00 | Wire # 008959 Org Rafferty, Kobe Fed # 002651 | | 9485000060 |
| Jul 05 | 150,000.00 | Wire # 003669 Org Rafferty, Kobe Fed # 000435 | | 9485000102 |
| Jul 10 | 148.31 | Wire # 008624 Org International  Fed # 008502 | | 9485000079 |
| Jul 16 | 150,000.00 | Wire # 002785 Org Rafferty, Kobe Fed # 000252 | | 9485000123 |
| Jul 17 | 285,936.34 | Wire # 009951 Org Vinson And Elk Fed # ▮▮▮▮ | | 9485000080 |
| Jul 20 | 13,420.00 | Wire # 501818 Org Natexis Bank | | 9485000127 |
| Jul 31 | 350,000.00 | Wire # 005133 Org Rafferty, Kobe Fed # 000874 | | 9485000141 |

Total Electronic Deposits: $1,099,504.65
Total number of Electronic Deposits: 7

### Checks paid this statement period
\* This symbol indicates a break in check number sequence
\# This symbol indicates an original item not enclosed
ø This symbol indicates a break in check number sequence and an original item not enclosed

| Check number | Amount ($) | Date paid | Bank reference number | Check number | Amount ($) | Date paid | Bank reference number |
|---|---|---|---|---|---|---|---|
| # 1676 | -1,420.00 | Jul 02 | 0970539095 | # 1706 | -482.30 | Jul 23 | 0974696662 |
| ø 1696 | -183.18 | Jul 26 | 0975490677 | # 1707 | -1,420.00 | Jul 24 | 0930001034 |
| # 1697 | -1,420.00 | Jul 16 | 0973256941 | # 1708 | -3,137.86 | Jul 25 | 0975279058 |
| # 1698 | -239.00 | Jul 24 | 0975184296 | # 1709 | -902.59 | Jul 23 | 0974769835 |
| # 1699 | -50.00 | Jul 23 | 0974823467 | # 1710 | -5,078.80 | Jul 23 | 0974956409 |
| ø 1702 | -10,000.00 | Jul 16 | 0930001543 | # 1711 | -1,420.00 | Jul 02 | 0970539094 |
| # 1703 | -1,000.00 | Jul 17 | 0930001056 | ø 1764 | -5,000.00 | Jul 23 | 0930001186 |
| # 1704 | -9,225.20 | Jul 24 | 0975123041 | # 1765 | -5,000.00 | Jul 23 | 0930001184 |
| # 1705 | -252.31 | Jul 23 | 0974957586 | # 1766 | -5,000.00 | Jul 23 | 0930001185 |

Total checks paid this statement period: -$51,231.24
Total number of checks paid this statement period: 18

### Electronic withdrawals this statement period

| Date | Amount ($) | Activity | Reference numbers Customer | Bank |
|---|---|---|---|---|
| Jul 02 | -307.40 | Comcast Wp South Efts 01638 070112 | | 9488320944 |
| Jul 03 | -16,666.67 | Wire # 010130 Bnf Ali Hasan Rahm Fed # 000073 | | 9485000154 |
| Jul 03 | -12,937.20 | Wire # 501497 Bnf Claridges Hote Swf # 435446 | | 9485000153 |
| Jul 03 | -6,050.68 | Wire # 010076 Bnf Ali Hasan Rahm Fed # 000072 | | 9485000152 |
| Jul 03 | -6,000.00 | Wire # 010129 Bnf Kp Public Affa Fed # 000069 | | 9485000151 |
| Jul 03 | -1,081.37 | Wire # 501173 Bnf Drivers Roma L Swf # 435248 | | 9485000150 |
| Jul 03 | -8,225.11 | Usaa.com Paymnt Credit Crd 120701 | | 9488904368 |
| Jul 03 | -2,574.37 | Usaa.com Paymnt Credit Crd 120701 | | 9488904364 |
| Jul 05 | -100,000.00 | Wire # 001964 Bnf Harry & Debora Fed # 000004 | | 9485000172 |
| Jul 05 | -7,000.00 | Usaa.com Paymnt Credit Crd 120703 | | 9488107927 |
| Jul 06 | -37,937.40 | Wire # 500564 Bnf Rashad Adel-wa Swf # 437464 | | 9485000206 |
| Jul 06 | -10,000.00 | Bv Card Assets Payment 120705 | | 9488073872 |
| Jul 09 | -449.87 | Barclaycard US Creditcard | | 9488916697 |
| Jul 09 | -92.65 | Barclaycard US Creditcard | | 9488096028 |
| Jul 10 | -33,375.06 | Wire # 009137 Bnf Lambretta Sout Fed # 000060 | | 9485000162 |
| Jul 10 | -148.31 | Wire # 008282 Bnf Yvette Hernand Fed # 000056 | | 9485000161 |
| Jul 10 | -92.65 | Barclaycard US Creditcard | | 9488916640 |
| Jul 11 | -1,646.39 | Barclaycard US Creditcard | | 9488733881 |
| Jul 12 | -148.31 | Wire # 009908 Bnf Yvette Medina  Fed # 000066 | | 9485000165 |
| Jul 12 | -829.00 | Barclaycard US Creditcard | | 9488659402 |

NOT A CERTIFIED COPY

*Commercial Checking* statement
**August 1, 2012** to **August 31, 2012**

## *Commercial Checking* account details: ███8666

### Electronic deposits this statement period

| | | | Reference numbers | |
| Date | Amount ($) | Activity | Customer | Bank |
|---|---|---|---|---|
| Aug 01 | 135,000.00 | Wire # 005841 Org Rafferty, Kobe Fed # 000930 | | 9485000085 |
| Aug 07 | 150,000.00 | Wire # 007913 Org Rafferty, Kobe Fed # 002336 | | 9485000077 |
| Aug 15 | 200,000.00 | Wire # 003734 Org Rafferty, Kobe Fed # 000684 | | 9485000107 |
| Aug 21 | 50,000.00 | Wire # 003507 Org Rafferty, Kobe Fed # 000811 | | 9485000070 |
| Aug 23 | 60,000.00 | Wire # 003840 Org Rafferty, Kobe Fed # 000812 | | 9485000089 |
| Aug 28 | 150,000.00 | Wire # 010001 Org Rafferty, Kobe Fed # 002544 | | 9485000088 |
| Aug 31 | 200,000.00 | Wire # 011972 Org Rafferty, Kobe Fed # 002765 | | 9485000147 |
| Aug 31 | 25,000.00 | Wire # 013901 Org Neo Alpha Llc Fed # 003811 | | 9485000146 |

**Total Electronic Deposits: $970,000.00**
**Total number of Electronic Deposits: 8**

### Transfers from other accounts this statement period

| Date | Amount ($) | Activity | Bank reference number |
|---|---|---|---|
| Aug 30 | 110,000.00 | Tmw Funds Transfer From Account  1811058476 | 0T43418584 |

**Total Transferred from Other Accounts: $110,000.00**
**Total number of Transfers from Other Accounts: 1**

### Checks paid this statement period

\* This symbol indicates a break in check number sequence
\# This symbol indicates an original item not enclosed
@ This symbol indicates a break in check number sequence and an original item not enclosed

| Check number | Amount ($) | Date paid | Bank reference number | Check number | Amount ($) | Date paid | Bank reference number |
|---|---|---|---|---|---|---|---|
| # 1677 | -229.44 | Aug 08 | 0971238405 | # 1775 | -1,980.00 | Aug 09 | 0971324192 |
| @ 1762 | -11,749.40 | Aug 06 | 0970269382 | @ 1777 | -2,208.00 | Aug 20 | 0973102455 |
| # 1763 | -1,349.57 | Aug 09 | 0971457211 | # 1778 | -1,990.00 | Aug 15 | 0972537496 |
| @ 1767 | -1,349.57 | Aug 23 | 0974053831 | # 1779 | -1,420.00 | Aug 17 | 0930001279 |
| @ 1769 | -1,420.00 | Aug 06 | 0970329580 | @ 1781 | -4,959.98 | Aug 20 | 0973419770 |
| # 1770 | -10,000.00 | Aug 02 | 0930001014 | # 1782 | -1,700.00 | Aug 21 | 0930001035 |
| # 1771 | -50.00 | Aug 13 | 0972013843 | # 1783 | -6,000.00 | Aug 27 | 0974491391 |
| # 1772 | -5,007.33 | Aug 13 | 0972066231 | @ 1785 | -5,000.00 | Aug 30 | 0930000782 |
| # 1773 | -6,420.01 | Aug 14 | 0972250375 | # 1786 | -1,420.00 | Aug 30 | 0930000781 |
| # 1774 | -130.00 | Aug 08 | 0971235551 | | | | |

**Total checks paid this statement period: -$64,383.30**
**Total number of checks paid this statement period: 19**

### Electronic withdrawals this statement period

| | | | Reference numbers | |
| Date | Amount ($) | Activity | Customer | Bank |
|---|---|---|---|---|
| Aug 01 | -100,000.00 | Wire # 003877 Bnf Harry & Debora Fed # 000019 | | 9485000198 |
| Aug 01 | -18,342.82 | Wire # 007684 Bnf Ali Hasan Rahm Fed # 000046 | | 9485000197 |
| Aug 01 | -2,645.26 | Wire # 007683 Bnf Terremark Nort Fed # 000056 | | 9485000196 |
| Aug 01 | -15,000.00 | Bv Card Assets Payment 120731 | | 9488560363 |
| Aug 01 | -1,824.07 | Barclaycard US Creditcard | | 9488477665 |
| Aug 01 | -324.57 | Comcast Wp South Efts 01638 080112 | | 9488900024 |
| Aug 02 | -8,539.58 | Wire # 009533 Bnf Christos Chris Fed # 000053 | | 9485000159 |
| Aug 02 | -1,076.99 | Wire # 005248 Bnf Commercial Ln Operations | | 9485000158 |
| Aug 02 | -338.65 | Barclaycard US Creditcard | | 9488235366 |

# EXHIBIT U

Page: 1
Statement Date: October 14, 2012
Account Number: ********▆

HARRY SARGEANT III
DEBORAH A SARGEANT
TENANCY BY ENTIRETIES
1420 NORTH OCEAN BLVD
GULFSTREAM, FL 33483

## ⚹ Customer Service Information

| | |
|---|---|
| Client Care Center: | 877-779-BANK (▆) |
| Web Site: | www.bankunited.com |
| Mailing Address: | BankUnited |
| | P.O. Box 521599 |
| | Miami, FL 33152-1599 |

## ⚹ Special Information

Go Paperless Today! You can now choose to get your monthly statement electronically. Simply log in to BankUnited Online Banking and click on the eStatements tab at the top of your Online Banking page and follow the prompts to sign up.

## SIGNATURE FREE CHECKING  Account ********▆

### Account Summary

| | | | |
|---|---|---|---|
| Statement Balance as of 09/12/2012 | | | $253.16 |
| Plus | 5 | Deposits and Other Credits | $166,948.76 |
| Less | 4 | Withdrawals, Checks, and Other Debits | $153,915.00 |
| Less | | Service Charge | $0.00 |
| Plus | | Interest Paid | $0.00 |
| Statement Balance as of 10/14/2012 | | | $13,286.92 |

### Activity By Date

| Date | Description | Withdrawals | Deposits | Balance |
|---|---|---|---|---|
| 09/20/2012 | INCOMING DOM WIRE: RAFFERTY, K | | $100,000.00 | $100,253.16 |

### Balances by Date

| Date | Balance | Date | Balance | Date | Balance |
|---|---|---|---|---|---|
| 09/12 | $253.16 | 09/24 | $7,593.78 | 10/11 | $13,286.92 |
| 09/20 | $46,804.71 | 09/26 | $293.78 | | |

### Other Balances

| | |
|---|---|
| Minimum Balance this Statement Period | $253 |

NOTE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION

BankUnited, N.A.

NOT A CERTIFIED COPY

Printed: 01/22/2013      10:20:25      **Transfer Search Detail**      *Page: 7*

| | | | | |
|---|---|---|---|---|
| IMAD #: | ≈ 20120920QMGFT006002127 | Ref#: 120920I2C000275 | Incoming Wire | CTP/1000 |

| | | | |
|---|---|---|---|
| Account # | = ▇▇▇▇ | HARRY SARGEANT III | |
| Offset Acc # | = ▇▇▇▇▇ | GL WIRE TRANSFER DEBIT | Value Dte: 09/20/2012 |
| Amount | ≈ ▇▇▇.00 | Fee Amount: 15.00 | Fed Cycle: 09/20/2012 |
| Date Received/Sent | ≈ 09/20/2012 | Time in   09201553 | IMAD ≈ 20120920QMGFT006002127 |
| Date Generated | = 09/20/2012 | Auto Post   Yes | OMAD ≈ 20120920F7B74M2C000275509201553FT0 |
| Sender ABA | ≈ 067015313   FLORIDIAN COMM BK | | Sender Ref.≈ 2011008622 |
| Receiver ABA | ≈ 267090594   BANKUNITED NA FL | | RFB ≈ |

ORG = RAFFERTY, KOBERT, TENENHOLTZ, BOUND
    D  2000009353
    1401 BRICKELL AVE.-SUITE 825
    MIAMI FL 331310000

    US

OGB = FLORIDIAN COMMUNITY BANK

BNF = HARRY & DEBORAH SARGEANT
    D  ▇▇▇7862

    US

IBK ≈
    US

BBK ≈

OBI ≈

INS ≈

    US

    US

**COMMENT**
--- ▇▇▇▇▇▇▇▇▇ PM ---
Prior Statement Periods for

    .7862

HARRY SARGEANT III

DEBORAH A SARGEANT

TENANCY BY ENTIRETIES

1420 NORTH OCEAN BLVD

GULFSTREAM, FL 33483

NOT A CERTIFIED COPY

Page: 1
Statement Date: November 12, 2012
Account Number: ********■

HARRY SARGEANT III
DEBORAH A SARGEANT
TENANCY BY ENTIRETIES
1420 NORTH OCEAN BLVD
GULFSTREAM, FL 33483

## ⌇ Customer Service Information

Client Care Center: 877-779-BANK (■■■)
Web Site: www.bankunited.com

Mailing Address: BankUnited
P.O. Box 521599
Miami, FL 33152-1599

## ⌇ Special Information

Go Paperless Today! You can now choose to get your monthly statement electronically. Simply log in to BankUnited Online Banking and click on the eStatements tab at the top of your Online Banking page and follow the prompts to sign up.

## SIGNATURE FREE CHECKING  Account ********■

### Account Summary

| | | | | |
|---|---|---|---|---|
| Statement Balance as of 10/14/2012 | | | | $13,286.92 |
| Plus | 3 | Deposits and Other Credits | | $160,876.45 |
| Less | 5 | Withdrawals, Checks, and Other Debits | | $173,815.00 |
| Less | | Service Charge | | $0.00 |
| Plus | | Interest Paid | | $0.00 |
| Statement Balance as of 11/12/2012 | | | | $348.37 |

### Activity By Date

| Date | Description | Withdrawals | Deposits | Balance |
|---|---|---|---|---|
| 11/05/2012 | INCOMING DOM WIRE: RAFFERTY, K | | $100,000.00 | $100,286.92 |

### Balances by Date

| Date | Balance | Date | Balance | Date | Balance | Date | Balance |
|---|---|---|---|---|---|---|---|
| 10/14 | $13,286.92 | 10/25 | $16,786.92 | 11/05 | $271.92 | 11/08 | $348.37 |
| 10/15 | $286.92 | 10/29 | $286.92 | 11/06 | $44,648.37 | | |

### Other Balances

| | |
|---|---|
| Minimum Balance this Statement Period | $271 |

NOTE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION

BankUnited, N.A.

NOT A CERTIFIED COPY

Printed: 01/22/2013        10:20:25          **Transfer  Search  Detail**              *Page: 8*

| | | | | |
|---|---|---|---|---|
| **IMAD #:** | ≈ 20121105QMGFT010000457 | **Ref#:** 12110512C000132 | **Incoming Wire** | CTP/1000 |

| | | | | |
|---|---|---|---|---|
| **Account #** | ≈ ▉▉▉ | HARRY  SARGEANT III | | |
| **Offset Acc #** | ≈ ▉▉▉▉ | GL WIRE TRANSFER DEBIT | **Value Dte:** | 11/05/2012 |
| **Amount** | ≈ ▉▉▉.00 | **Fee Amount:**  15.00 | **Fed Cycle:** | 11/05/2012 |
| **Date Received/Sent** | ≈ 11/05/2012 | **Time In**  11051052 | **IMAD** ≈ 20121105QMGFT010000457 | |
| **Date Generated** | ≈ 11/05/2012 | **Auto Post**  Yes | **OMAD** ≈ 20121105F7B74M2C000132110510... | |
| **Sender ABA** | ≈ 067015313 | FLORIDIAN COMM BK | **Sender Ref.**≈ 2011009699 | |
| **Receiver ABA** | ≈ 267090594 | BANKUNITED NA FL | **RFB** ≈ | |

ORG = RAFFERTY, KOBERT, TENENHOLTZ, BOUND          BNF = HARRY & DEBORAH SARGENT
      D  2000009353                                      D ▉▉▉7862
      1401 BRICKELL AVE.-SUITE 825
      MIAMI FL 331310000
                                          US                                          US

OGB = FLORIDIAN COMMUNITY BANK                   IBK =

                                          US
                                                 BBK =

                                                                                      US

                                                 OBI =

                                                 INS =

COMMENT
--- ICASTR - 11/0▉/▉▉▉ ▉ 11:21:09 AM ---
Account Number  ▉▉▉ ▉
 HARRY SARGEANT III
 DEBORAH A SARGEANT
 TENANCY BY ENTIRETIES
 1420 NORTH OCEAN BLVD
 GULFSTREAM, FL 33483

NOT A CERTIFIED COPY

Page: 1
Statement Date: December 12, 2012
Account Number: ********▮

HARRY SARGEANT III
DEBORAH A SARGEANT
TENANCY BY ENTIRETIES
1420 NORTH OCEAN BLVD
GULFSTREAM, FL 33483

## ⚓ Customer Service Information

| | |
|---|---|
| Client Care Center: | 877-779-BANK (▮▮▮) |
| Web Site: | www.bankunited.com |
| Mailing Address: | BankUnited |
| | P.O. Box 521599 |
| | Miami, FL 33152-1599 |

## ⚓ Special Information

Go Paperless Today! You can now choose to get your monthly statement electronically. Simply log in to BankUnited Online Banking and click on the eStatements tab at the top of your Online Banking page and follow the prompts to sign up.

## SIGNATURE FREE CHECKING  Account ********▮

### Account Summary

| | | | |
|---|---|---|---|
| Statement Balance as of 11/12/2012 | | | $348.37 |
| Plus | 2 | Deposits and Other Credits | $74,960.64 |
| Less | 3 | Withdrawals, Checks, and Other Debits | $75,015.00 |
| Less | | Service Charge | $0.00 |
| Plus | | Interest Paid | $0.00 |
| Statement Balance as of 12/12/2012 | | | $294.01 |

### Activity By Date

| Date | Description | Withdrawals | Deposits | Balance |
|---|---|---|---|---|
| 12/06/2012 | INCOMING DOM WIRE: RAFFERTY, K | | $50,000.00 | $50,348.37 |

### Balances by Date

| Date | Balance | Date | Balance | Date | Balance | Date | Balance |
|---|---|---|---|---|---|---|---|
| 11/12 | $348.37 | 12/06 | $75,294.01 | 12/07 | $25,294.01 | 12/10 | $294.01 |

### Other Balances

| | |
|---|---|
| Minimum Balance this Statement Period | $294 |

### Statement Messages

As of January 1, 2013, funds in a noninterest-bearing transaction account will no longer receive unlimited deposit insurance coverage, but will be FDIC-insured to the legal maximum of $250,000 for each ownership category. For more information, visit http://www.fdic.gov/deposit/deposits/unlimited/expiration.html

NOTE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION

BankUnited, N.A.

NOT A CERTIFIED COPY

## Transfer Search Detail

| | | | |
|---|---|---|---|
| IMAD #: | = 20121206QMGFT012001492 | Ref#: 12120612C000293 | Incoming Wire    CTP/1000 |

| | | |
|---|---|---|
| Account # | ≡ ▇▇▇▇ | HARRY SARGEANT III |
| Offset Acc # | ≈ ▇▇▇▇▇▇ | GL WIRE TRANSFER DEBIT |

Value Dte:   12/06/2012

| | | | |
|---|---|---|---|
| Amount | ≡   50000.00 | Fee Amount:   15.00 | Fed Cycle:  12/06/2012 |
| Date Received/Sent | = 12/06/2012 | Time in       12061427 | IMAD =   20121206QMGFT012001492 |
| Date Generated | = 12/06/2012 | Auto Post    Yes | OMAD = 20121206F7B74M2C000029312061427FT0 |
| Sender ABA | = 067015313  FLORIDIAN COMM BK | | Sender Ref.=  2011010391 |
| Receiver ABA | = 267090594  BANKUNITED NA FL | | RFB = |

ORG =RAFFERTY, KOBERT, TENENHOLTZ, BOUND
D  2000009353
1401 BRICKELL AVE.-SUITE 825
MIAMI FL 331310000

BNF = HARRY AND DEBORAH SARGEANT
D  ▇▇▇▇7862

US

US

OGB =FLORIDIAN COMMUNITY BANK

IBK =

US

US

BBK =

US

OBI =

INS =

COMMENT
--- ICASTR - 1.         ˉ 13:18:31 PM ---
Account Numbe         ▇▇
 HARRY SARGEANT III
DEBORAH A SARGEANT
TENANCY BY ENTIRETIES
1420 NORTH OCEAN BLVD
GULFSTREAM, FL 33483

NOT A CERTIFIED COPY

HARRY SARGEANT III

GL WIRE TRANSFER DEBIT

# EXHIBIT V

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

SUPREME FUELS TRADING FZE,

Plaintiff,

CASE NO.: 08-cv-81215-CMA

vs.

INTERNATIONAL OIL TRADING
COMPANY, LLC,

Defendant.

_____/

## FACT INFORMATION SHEET

Name of entity: International Oil Trading Company, LLC_____

Name and title of person filling out this form: Kevin Kirkeide, CFO_____

Telephone number: 561-347-5500_____

Place of business: 25 Seabreeze Avenue, Suite 300, Delray Beach, FL 33482_____

Mailing address (if different): N/A_____

Gross/taxable income reported for federal income tax purposes last three years:

$____0____/$____0____$____0____

Taxpayer identification number: ____0595_____

Is this entity an S corporation for federal income tax purposes? _____Yes X___No

Average number of employees per month___0_____

Name of each shareholder, member, or partner owning 5% or more of the entity's common stock, preferred stock, or other equity interest:

Member: International Oil Trading Company, Ltd. – 100%_____

Names of officers, directors, members, or partners: Manager: Harry Sargeant III; Officer: Kevin Kirkeide; Directors: None; Member: International Oil Trading Company, Ltd.; Partners: None

Checking account at: N/A_____ Account # N/A_____

Savings account at: _____N/A_____ Account # ____N/A_____

Does the entity own any vehicles?_____Yes___X_____No

For each vehicle please state: _____N/A_____

4888-7500-3202.3

Year/Make/Model: __N/A_____Color: _____N/A_____

Vehicle ID No: _____N/A_____ Tag No: ____N/A____ Mileage: _____N/A_____

Names on Title: _____N/A_____ Present Value: $ ____N/A_____

Loan Owed to: _____N/A_____

Balance on Loan: $ __N/A_____

Monthly Payment: $ _____N/A_____

Does the entity own any real property?        _____Yes _____X____No

If yes, please state the address(es):__N/A_____

Please check if the entity owns the following
_____ Boat
_____ Camper
_____ Stocks/bonds
_____ Other real property
_____ Other personal property

Please attach copies of the following:
1.      Copies of state and federal income tax returns for the past 3 years.

None

2.      All bank, savings and loan, and other account books and statements for accounts in institutions in which the entity had any legal or equitable interest for the past 3 years.

Attached

3.      All canceled checks for the 12 months immediately preceding the service date of this Fact Information Sheet for accounts in which the entity held any legal or equitable interest.

None

4.      All deeds, leases, mortgages, or other written instruments evidencing any interest in or ownership of real property at any time within the 12 months immediately preceding the date this lawsuit was filed.

None

5.      Bills of sale or other written evidence of the gift, sale, purchase, or other transfer of any personal or real property to or from the entity within the 12 months immediately preceding the date this lawsuit was filed.

4888-7500-3202.3

None, other than the purchase and sale of petroleum inventory in the normal course of operations of International Oil Trading Company, LLC's business.

6.      Motor vehicle or vessel documents, including titles and registrations relating to any motor vehicles or vessels owned by the entity alone or with others.

None

7.      Financial statements as to the entity's assets, liabilities, and owner's equity prepared within the 12 months immediately preceding the service date of this Fact Information Sheet.

None

8.      Minutes of all meetings of the entity's members, partners, shareholders, or board of directors held within 2 years of the service date of this Fact Information Sheet.

None, other than any annual ratification by the Manager via submission of uniform business report with Sunbiz.

9.      Resolutions of the entity's members, partners, shareholders, or board of directors passed within 2 years of the service date of this Fact Information Sheet.

None, other than any annual ratification by the Manager via submission of uniform business report with Sunbiz.

UNDER PENALTY OF PERJURY, I SWEAR OR AFFIRM THAT THE FOREGOING ANSWERS ARE TRUE AND COMPLETE.

Kevin Kirkeide, CFO
Judgment Debtor's Designated
Representative/Title

STATE OF FLORIDA
COUNTY OF Palm Beach

Sworn to (or affirmed) and subscribed before me this 12th day of December, 2022 by Kevin Kirkeide, as CFO of International Oil Trading Company, LLC.

Personally known ✓ OR Produced identification _____
Type of identification produced _____



RANDY L. COLLAR
MY COMMISSION # HH 015144
EXPIRES: July 19, 2024
Bonded Thru Notary Public Underwriters

12/12/2022

4888-7500-3202.3

80805

INTERNATIONAL OIL TRADING COMPANY LLC
25 SEABREEZE AVE
STE 300
DELRAY BEACH FL 33483

**_Commercial Checking_ statement**

**June 1, 2017** to **March 31, 2022**
**Account number**        8559

# Account summary

| | |
|---|---|
| **Beginning balance** on June 1, 2017 | **$1.00** |
| Less  withdrawals | |
| Other withdrawals | -$1.00 |
| **Ending balance** on March 31, 2022 | **$0.00** |



**Call**
(800) 266-3742
**Visit our web site**
www.comerica.com

**Write to us**
COMERICA BANK
100 N.E. 3RD AVENUE
FORT LAUDERDALE  FL  33301-5176

The Account Balance Fee for this statement
period for this account is $0.125/$1,000.

Page **1** of 3

IOTC_USA_000001
CONFIDENTIAL

*Commercial Checking* statement
**June 1, 2017 to March 31, 2022**

## *Commercial Checking* account details:          8559

## Other withdrawals this statement period

| Date | Amount ($) | Activity | Bank reference number |
|------|-----------|----------|----------------------|
| Mar15 | -1.00 | W thdrawa  - C os ng Account | 0520476609 |

**Total Other Withdrawals: -$1.00**

**Total Number of Other Withdrawals: 1**

**$** **Lowest daily balance**

Your  owest da y ba ance th s statement per od was **$0.00**
on **March 15, 2022**.

IOTC_USA_000002
CONFIDENTIAL

*Commercial Checking* statement
June 1, 2017 to March 31, 2022

## Commercial Checking:     8559

**PLEASE EXAMINE THIS STATEMENT PROMPTLY**

**Reporting Errors and Unauthorized Transactions**

**Personal Accounts:** *Electronic Funds Transfers:* In Case of Errors (including unauthorized electronic transactions) or Questions About Your Electronic Transfers: Call us at the telephone number printed on the first page of this statement or write us at the address printed on the first page of this statement as soon as you can, if you think this statement or your receipt is wrong or if you need more information about a transfer on the statement or receipt. For pre-authorized transfers (e.g., insurance payments, etc.), call us at the telephone number printed on the first page or write us at Comerica Bank – Electronic Services Department, Attn: Research, P.O. Box 75000, Detroit, Michigan 48275-7570. For Comerica ATM Card or Comerica Check Card transactions, call us at the telephone number printed on the first page or write us at Comerica Bank – Electronic Processing, P.O. Box 75000, Detroit, Michigan 48275-7584. We must hear from you no later than 60 days after we sent you the FIRST statement on which the Error or problem appeared.

When reporting the Error: (1) tell us your name and account number (if any); (2) describe the Error (an Error includes an unauthorized electronic funds transfer) or the electronic transfer you are unsure about, and explain as clearly as you can why you believe it is an Error or why you need more information; and (3) tell us the dollar amount of the suspected Error or the transaction you question.

We will investigate your complaint and will correct any Error promptly. If we take more than 10 business days (20 business days for new accounts) to do this, we will credit your account for the amount you think is in Error so that you will have the use of the money during the time it takes us to complete our investigation. If we ask you to put your complaint or question in writing and we do not receive it within 10 business days, we may not provide provisional credit to your account.

*Comerica Check Card Transactions:* Notwithstanding the above information, if your account was debited for a transaction resulting from the use of your Comerica Check Card or Check Card number (does not apply to ATM Cards or Visa Check Cards that are not activated), you may have additional rights and protections. See the Comerica Business and Personal Deposit Account Contract for specific information.

*Checks and Other Non-Electronic Funds Transfer Transactions:* If you need a copy of a check or additional information about a transaction, you can call us at the telephone number on the first page of this statement. State law and the terms of the Business and Personal Deposit Contract govern your liability and the Bank's for fraudulent checks and non electronic funds transfer transactions. The best way to limit your possible loss is to report any unauthorized activity involving your account as soon as possible but always within 30 days of when we sent the statement to you or otherwise made the information available to you. See the Comerica Business and Personal Deposit Contract for further details.

**Business Accounts:** *Electronic Transactions:* If you think this statement shows an Error (an Error includes an unauthorized electronic transaction) or an ATM receipt you received is wrong or if you need more information about an electronic transaction listed on the statement, call or write us as soon as possible at the telephone number or address printed on the first page but always within 30 days of when we first made the information available to you regarding the transaction. For pre-authorized transfers (e.g., insurance payment, etc.), call us at the telephone number printed on the first page or write us at Comerica Bank – Electronic Services Department, Attn: Research, P.O. Box 75000, Detroit, Michigan 48275-7570. For Comerica ATM Card or Comerica Business Check Card transactions, call us at the telephone number printed on the first page or write us at Comerica Bank – Electronic Processing, P.O. Box 75000, Detroit, Michigan 48275-7584. For all claims related to an electronic transaction, we must hear from you no later than 30 days after we first made the information available to you regarding the transaction otherwise you may waive your right to recover for the loss you incurred. Call or write us as soon as possible at the telephone number or address printed on the first page and (1) tell us your name and account number; (2) describe the Error or transaction you are unsure about, and explain as clearly as you can why you believe it is an Error or why you need more information; and (3) tell us the dollar amount of the suspected Error. We reserve the right to require that you complete an affidavit regarding claims of unauthorized transactions. If we timely receive your claim, we will investigate your claim and correct any Errors within the time frame required by law. If the claim is for an unauthorized electronic transaction and we find your claim genuine, we will process your claim in accordance with ACH rules or other applicable electronic clearinghouse rules. To the extent we recover we will refund to you the recovery. If an electronic transaction, including wire transfer was conducted in accordance with the terms of an electronic service you agreed to obtain from us, the terms of that agreement will govern whether the transaction in question is authorized or not.

*Comerica Business Check Card Transactions:* If your account was debited for a transaction resulting from the use of your Comerica Business Check Card or Check Card number (does not apply to ATM Cards or Visa Check Cards that are not activated) or if your claim is related to an electronic debit transaction resulting from the use of your Comerica Check Card or Check Card number, you may have rights and protections in addition to those described above. See the Comerica Business and Personal Deposit Account Contract for specific information.

*Checks and Other Non-Electronic Transactions:* If you need a copy of a check or additional information about a non-electronic transaction, you can call us at the telephone number on the first page of this statement. State law and the terms of the Business and Personal Deposit Contract govern your liability and the Bank's for fraudulent checks and non electronic transactions. The best way to limit your possible loss is to report any unauthorized activity involving your account as soon as possible but always within 30 days of when we sent the statement to you or otherwise made the information available to you. See the Business and Personal Deposit Contract for further details. You should keep this statement for your records.

**Balancing Your Account:** For assistance on how to balance your account, please call us at the phone number listed on your account statement or visit your local Comerica banking center.

 Equal Opportunity Lender   Rev. 05-17

 www.comerica.com

 MEMBER FDIC

IOTC_USA_000003
CONFIDENTIAL

# EXHIBIT W

DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2013*

**HARRY SARGEANT, III, MUSTAFA ABU-NABA'A,** and
**INTERNATIONAL OIL TRADING COMPANY, LLC,**
Appellants,

v.

**MOHAMMAD ANWAR FARID AL-SALEH,**
Appellee.

Nos. 4D11-3851 and 4D12-760

[August 7, 2013]

**ON MOTION FOR REHEARING**

STONE, BARRY J., Senior Judge.

We deny Defendant's motion for rehearing but withdraw our opinion of May 15, 2013, and substitute the following:

Defendants appeal a judgment entered following a jury verdict in the sum of $28.8 million on a multi-count complaint.  Plaintiff cross-appeals for pre-judgment interest.

The case was submitted to the jury on three counts sounding in fraud and on three counts based upon the law of the country of Jordan.  It is undisputed that Jordanian law applies to those claims.

Six weeks before the start of the trial calendar, Defendants moved to amend their defenses.  The motion was denied but without prejudice to Defendants introducing evidence at trial on the defenses requested in the motion.  Of significance is that the motion did **not** seek leave to include an affirmative defense of a failure of condition precedent.  This affirmative defense is relevant only to the Jordanian law claims.  Under Jordanian law, pre-suit notice to a Jordanian ministry was allegedly required before suit could be brought.

The only issue on appeal directly relating to Defendants' liability under the three Jordanian law claims is Defendants' assertion that it was an abuse of discretion to exclude expert testimony concerning whether there is a condition precedent, under Jordanian law, that notice had to be given to a certain Jordanian ministry, prior to Plaintiff's instituting suit. We conclude that, under the totality of the circumstances, it was not an abuse of discretion to sustain Plaintiff's objection to the defense offer of expert testimony on the law of Jordan as to the claimed condition precedent. Such affirmative defenses must be specifically pled. *See* Fla. R. Civ. P. 1.120(c). The condition precedent claim was not raised in Defendants' motion for leave to amend the Answer and was addressed to the Court for the first time mid-trial. Further, all jury instructions on Jordanian law had been extensively negotiated and were presented to the Court by stipulation, thereby removing any battle of experts on Jordanian law, and Plaintiff had relied on that stipulation in withdrawing his Jordanian law expert. The Defendants also failed to comply with the disclosure requirements of the pre-trial order.

The verdict form asked the jury to answer yes or no to six questions: (1) whether Defendants committed fraud; (2) whether Defendants conspired to commit fraud; (3) whether Defendants Abu-Naba'a and IOTC USA aided and abetted fraud; (4) whether Defendants breached a fiduciary obligation; (5) whether Defendants tortiously injured Plaintiff; and (6) whether Defendants breached Jordan's unfair competition law. The jury answered "yes" to each question.

Defendants also argue that a new trial on damages should be granted because the jury's damage award does not distinguish between the fraud claims and the Jordanian law claims. As to damages, the verdict form asked only one question: "What is the total amount of money damages sustained by [Plaintiff] that was caused by Defendant(s)?" The jury gave a single sum of $28.8 million.

All of Plaintiff's counts arose out of the parties' agreements, acts, and communications relating to two U.S. government procurement contracts, identified as contracts #0483 and #0497. The parties stipulated to the verdict form that did not distinguish between liability counts. The measure of damages, Plaintiff's lost profits under the two contracts, was undisputed to be the sum awarded by the jury, $28.8 million. This damage sum was sought under all six counts and was agreed by the damage experts for both sides to be the amount of lost profits. We do note that Plaintiff additionally sought an upward adjustment from this base figure to charge Defendants with certain claims of self-dealing; however, the jury patently rejected those claims by Plaintiff for additional

2

damages. This does not, however, take away from the fact that the basic lost profits were, as claimed and not disputed, the sum awarded.

We need not address the issues on appeal arising out of Defendants' fraud counts. As the parties stipulated to the verdict form and the verdict was for the precise amount sought regardless of count, the $28.8 million would, in any event, be due to Plaintiff under the affirmed Jordanian law claims.

On the cross-appeal, we find error in the denial of pre-judgment interest. The record reflects the end dates of each of the two contracts. Therefore, even without a verdict form breakdown, it is clear that the total sum for lost profits is, at a minimum, fixed as of the end of the last contract, on August 31, 2009.

Therefore the final judgment is affirmed as to the issues on direct appeal and reversed as to the cross-appeal. We remand for the award of pre-judgment interest from August 31, 2009.

WARNER and GROSS, JJ., concur.

*          *          *

Consolidated appeals and cross-appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Robin L. Rosenberg, Judge; L.T. Case No. 502008CA010187XXXXMB.

Roger S. Kobert and Marc C. Pugliese of Rafferty, Kobert, Tenenholtz, Bounds & Hess, P.A., Miami, Christopher M. Kise of Foley & Lardner LLP, Tallahassee, and Raoul G. Cantero, David P. Draigh, and Laura M. Reich of White & Case LLP, Miami, for appellants.

Allison Davis and Louis M. Silber of Silber & Davis, West Palm Beach, Michael D. Kibler of Simpson, Thacher & Bartlett LLP, Los Angeles, California, and Barry R. Ostrager of Simpson Thacher & Bartlett LLP, New York, New York, for appellee.

***Not final until disposition of timely filed motion for rehearing.***

3