# Exhibit C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

SUPREME FUELS TRADING FZE, a
United Arab Emirates company,

      Plaintiff,

v.

                                         Case No.: 9:23-cv-80633-CMA

HARRY SARGEANT III, a Florida citizen,

      Defendant.

_____/

**DECLARATION OF MELISSA B. COFFEY**

I, Melissa B. Coffey, hereby state and declare as follows:

1.     I am over the age of majority and am competent to make the statements in this declaration. The statements set forth herein are true, accurate, and based upon my personal knowledge as counsel for Defendant, Harry Sargeant III ("HS3").

2.     On December 22, 2023 I served copies of Defendant's First Set of Interrogatories to Plaintiff Supreme Fuels Trading FZE (the "Interrogatories") and Defendant's First Set of Requests for Production of Documents to Plaintiff Supreme Fuels Trading FZE (the "Requests"). *See* Exhibits A and B.

3.     A copy of the service email transmitting the Interrogatories and Request is attached as Exhibit C.

4.     The Interrogatories and Requests include requests directed toward HS3's Fourth Defense: Exhaustion of Remedies, Fifth Defense: Mitigation of Damages, Eighth Defense: Laches, Ninth Defense: Waiver, and Tenth Defense: Equitable Estoppel (ECF No. 31, the "Answer").

1

4864-4354-8058.1

## 28 U.S.C. § 1746 Declaration

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on January 9, 2024.

_____
Melissa B. Coffey

4864-4354-8058.1

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

SUPREME FUELS TRADING FZE, a
United Arab Emirates company,

     Plaintiff,

                                   Case No.: 9:23-cv-80633-CMA

v.

HARRY SARGEANT III, a Florida citizen,

     Defendant.

_____/

**DEFENDANT'S FIRST SET OF INTERROGATORIES TO**
**PLAINTIFF SUPREME FUELS TRADING FZE**

Pursuant to Federal Rule of Civil Procedure 33 and Local Rule 26.1, Defendant Harry Sargeant III hereby requests that Plaintiff Supreme Fuels Trading FZE respond to the following First Set of Interrogatories (the "Interrogatories"), in writing and under oath within thirty (30) days of service of these Interrogatories, and thereafter supplement such responses pursuant to Federal Rule of Civil Procedure 26(e) through the time of the trial.

**DEFINITIONS**

1.      The term "all" shall mean any and all, and the term "any" shall mean any and all, unless the context clearly requires otherwise.

2.      The terms "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories all information that might otherwise be construed to be outside their scope.

3.      The term "Communication" or "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), including without any limitation any conversation by means of letter, note, email, text message, voicemail message, instant

1

4884-6160-9112.2

message, memorandum, telephone, telegraph, telex, telecopies, cables, communication platforms including but not limited to Skype, Teams, Slack, Jira, Discord, Google Hangouts, or GoToMeeting, WhatsApp, social networking services including but not limited to Facebook, Instagram, Zoom, Salesforce, Yammer, Basecamp, or Rocket.Chat, or other electronic or other medium and any oral transmission of information, such as face-to-face meetings or telephone conversations and any writings memorializing such contacts.

4.      The term "Complaint" shall mean the Complaint filed by Plaintiff in the above-captioned action on April 11, 2023.

5.      The term "concerning" shall mean discussing, describing, referring to, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, relating to, regarding, or pertaining to, in whole or in part.

6.      The words "Document" and "Documents" are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic magnetic, photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events. This definition includes, but is not limited to, any and all originals and non-identical copies of any and all of the following:  correspondence, notes, minutes, records, messages, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgements, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, advertisements, newspaper clippings, tables, tabulations, financial statements, working papers, tallies, maps, drawings, diagrams, sketches, x-

2

rays, charts, labels, packaging materials, plans, photographs, pictures, film, microfilm, computer-stored or computer-readable data, computer programs, computer printouts, text messages, SMS messages, MMS messages, business communication and platform messages, enterprise social networking messages, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, and all other sources or formats from which data, information, or communications can be obtained.  Any preliminary versions, drafts, or revisions of any of the foregoing, any document which has or contains any attachment, enclosure, comment, notation, addition, insertion, or marking of any kind which is not a part of another document, or any document which does not contain a comment, notation, addition, insertion, or marking of any kind which is part of another document, is to be considered a separate document.

7.        "You," "Your," "Plaintiff," or "Supreme" shall mean Plaintiff Supreme Fuels Trading FZE, as well as any persons or entities acting or that have acted on its behalf, including but not limited to its agents, representatives, employees, predecessors, and successors.

8.        "HS3," "Defendant," or "Sargeant" shall mean Defendant Harry Sargeant III and any agents, representatives, or others acting or purporting to act on his behalf.

9.        "IOTC USA" means International Oil Trading Company, LLC.

10.        "IOTC Bahamas" means International Oil Trading Company Ltd.

11.        "IOTC Netherlands" means International Oil Trading Company, B.V.

12.        "Motion" shall mean Plaintiff's December 18, 2023 Motion for Summary Judgment filed in the above-captioned action (ECF No. 35).

13.        "Judgment" shall mean the May 6, 2011 Amended Final Judgment entered against IOTC USA in *Supreme Fuels FZE v. International Oil Trading Company, et al.*, Case No. 9:08-81215-ALTONAGA, ECF No. 168.

3

14.     "Settlement" means the settlement agreement and terms Supreme enforced in *Supreme Fuels FZE v. International Oil Trading Company, et al.*, Case No. 9:08-81215-ALTONAGA.

15.     The term "include" or "including" shall denote a portion of a larger whole and is used without limitation.

16.     The term "Person" shall mean natural person, corporation, firm, company, sole proprietorship, partnership, joint venture, association, institute, or other business, legal, or governmental entity or association, including any directors, officers, employees, agents or representatives thereof.

17.     To "state the factual basis" for a response, contention, allegation, claim, or statement, means to state each and every fact that You contend supports that response, contention, allegation, claim, or statement, including the basis and source of your knowledge of each fact; the identity of every person having knowledge of each fact; the identity of each document relating to each fact; and the identity of each communication relating to each fact.

18.     Any capitalized term not defined herein shall have the meaning set forth in the Complaint.

19.     References to the singular shall include the plural, and references to the plural shall include the singular as may be appropriate to construe the individual Interrogatories in the broadest form permitted.

20.     The use of the past tense shall include the present tense, and the use of the present tense shall include the past tense, so as to make the Interrogatory inclusive rather than exclusive.

4

**INSTRUCTIONS**

1.      The singular number and masculine gender, as used herein, shall embrace, and be read and applied as, the plural or the feminine or the neuter, as the circumstances may make appropriate, and in order to make the Interrogatory inclusive rather than exclusive.

2.      In answering these Interrogatories, you must (a) make a diligent search of your records and of other papers, computers, and materials in your possession, custody, or control; and (b) furnish all information available to you, or subject to your reasonable inquiry, including, without limitation, information in the possession of your attorneys, agents, accountants, advisors, and any other persons or entities directly or indirectly employed by, or otherwise connected with, you and your attorneys, or any other person or entity subject to your control.

3.      If an Interrogatory contained herein has subparts, answer each part separately and in full.  If an Interrogatory cannot be answered in full, answer to the extent possible, specify the reason for your inability to answer the remainder, and state whatever information and knowledge you have regarding the unanswered portion.

4.      If any Interrogatory cannot be answered in full after exercising due diligence to secure the information required for a full response, please so state and answer the Interrogatory to the extent possible, specifying any inability to answer the remainder of the Interrogatory and stating whatever information or knowledge is presently available to you concerning the unanswered portion of the Interrogatory.

5.      With respect to any answer or portion of any answer to any Interrogatory, identify each person who provided information on which the answer is based.

6.      If any information is withheld under a claim of privilege, so that the parties and the Court may determine the validity of the claim of privilege, please provide (a) information sufficient

5

4884-6160-9112.2

to determine the identity of the information, document, or communication so claimed to be privileged; and (b) the specific basis for any asserted claim of privilege.

7. To the extent that you consider any Interrogatory objectionable, you shall respond to that portion of the Interrogatory that is not objectionable in your view. Separately state that part of each Interrogatory as to which you raise objection and each ground for each such objection. This instruction applies not only to objections to the Interrogatories but to the instructions and definitions relating to them.

8. Whenever you are instructed to state a date, if such date is unknown to you, state your best estimate of such date and indicate that it is an estimate.

9. Each Interrogatory is to be accorded a separate answer, and Interrogatories are not to be combined for the purpose of supplying a common answer thereto.

10. Except where otherwise indicated, responses to these Interrogatories are to cover the period from 2004 through the present and continuing to the time of the trial.

11. The Interrogatories are continuing in nature. Thus, if further information comes into your possession, custody, or control, supplementation of your responses to these Interrogatories should be provided to the fullest extent required by applicable law.

4884-6160-9112.2

## **INTERROGATORIES**

1.      Identify all persons likely to have information regarding any fact or information concerning the allegations in the Complaint, and the subject matter of the facts or information You believe that person to possess concerning the allegations contained in the Complaint.

**RESPONSE:**

4884-6160-9112.2

2.      Identify when and how You first became aware that Sargeant was allegedly using IOTC Bahamas, IOTC USA, or IOTC Netherlands to fund or otherwise in connection with the "improper purposes" alleged in the Complaint. (*See* Complaint ¶¶ 16-31.)

**RESPONSE:**

8

3.      State the complete factual basis for Your allegation in the Motion (p. 2, paragraph 4) that HS3 "defrauded the Plaintiff by agreeing to a settlement of the Main Action, whereby IOTC was going to be the only payor of the settlement proceeds, in order to avoid the Main Action from going forward against him knowing full well that IOTC would never fulfill its end of the bargain."

**RESPONSE:**

4884-6160-9112.2

4.      State the complete factual basis for Your allegation in the Motion (p. 4) that HS3 "caused IOTC USA, IOTC Bahamas formerly known as IOTC Dubai, and IOTC Netherlands to loot IOTC USA from all of its assets in order to defraud its creditors," including what HS3's alleged actions at issue were, when the alleged misconduct occurred and when You became aware of the alleged misconduct.

**RESPONSE:**

4884-6160-9112.2

5.       State the complete factual basis for Your allegation in the Motion (p. 5) that HS3 "exercised his dominion control over IOTC USA to divert the total sum of $180,350,558.05 to IOTC Bahamas and the Defendant's tenancy by the entirely bank account" including what HS3's alleged "dominion control" was, how HS3 allegedly "exercised his dominion control," when the alleged misconduct occurred and when You became aware of the alleged misconduct.

       **RESPONSE:**

6.      State the complete factual basis for Your allegation that HS3 "controls IOTC Bahamas." (*See, e.g.,* Motion at 5).

**<u>RESPONSE</u>:**

12

7.      State the complete factual basis for Your allegation that IOTC Bahamas "controls and dominates IOTC USA." (*See, e.g.,* Motion at 5.)

      **RESPONSE:**

4884-6160-9112.2

8.      State the complete factual basis for Your allegation that HS3 "used his control and dominion over IOTC USA to leave it inadequately capitalized (with no assets whatsoever) to pay its creditors," including what HS3's alleged "control and dominion over IOTC USA" was, how HS3 used that alleged "control and dominion," the identity of all referenced creditors, when the alleged misconduct occurred, and when You became aware of the alleged misconduct. (*See, e.g.,* Motion at 5-6.)

**RESPONSE:**

9.      State the complete factual basis for Your allegation that HS3 engaged in a "shell game" that "had the effect of diverting IOTC USA's assets and profits away from IOTC USA to protect it from its creditors and judgments," including identification of the referenced creditors and judgments, HS3's role in the alleged misconduct, when the alleged misconduct occurred and when You became aware of the alleged misconduct. (*See, e.g.,* Motion at 6.)

**RESPONSE:**

10.     State the complete factual basis for Your allegation that "IOTC USA, IOTC Netherlands, and IOTC Dubai and later IOTC Bahamas acted in concert with each other at the direction of Sargeant and/or his agents to divert the proceeds and profits of the DESC contracts generated by IOTC USA as a contracting party in the DESC contracts for services actually rendered by IOTC Jordan," including the actions taken or direction provided by HS3 and/or his agents, who any of those agents were, when the alleged misconduct occurred and when You became aware of the alleged misconduct. (Complaint ¶ 16.)

**RESPONSE:**

16

11.     State the complete factual basis for Your allegation that "IOTC Bahamas managed the proceeds generated from the contracts between DESC and IOTC USA to fund the personal luxurious lifestyle of Sargeant," including HS3's involvement in the alleged misconduct, when the alleged misconduct occurred and when You became aware of the alleged misconduct. (Complaint ¶ 16.)

**RESPONSE:**

17

4884-6160-9112.2

12.     State the complete factual basis for Your allegation that "IOTC Bahamas, formerly known as IOTC Dubai, is the alter ego of IOTC USA, and both IOTC Bahamas and IOTC USA are the alter ego of Sargeant," and that both IOTC Bahamas and IOTC USA "operated as a corporate shell for Sargeant's own dealings," including any involvement by HS3 in the alleged misconduct, when the alleged misconduct occurred and when You became aware of such alleged misconduct. (Complaint ¶ 20.)

**RESPONSE:**

4884-6160-9112.2

13.     State the complete factual basis for Your allegation that IOTC Bahamas used funds for an improper purpose at the direction of HS3, including the allegation that IOTC Bahamas "allow[ed] Sargeant to use and transfer assets of IOTC Bahamas for personal use and without adequate consideration," including HS3's involvement in the alleged misconduct, when the alleged misconduct occurred and when You became aware of such alleged misconduct. (Complaint ¶ 21.)

**RESPONSE:**

4884-6160-9112.2

14.     State the complete factual basis for Your allegation that "IOTC Bahamas was controlled, dominated and operated by Sargeant as his alter ego in that the activities and businesses of IOTC Bahamas were carried out without the holding of Directors or Shareholders meetings, no records or minutes of any corporate proceedings were maintained, and whereby Sargeant entered into personal transactions with IOTC Bahamas without the approval of other directors and shareholders" including any involvement by HS3 in the alleged misconduct, when the alleged misconduct occurred and when You became aware of such alleged misconduct. (Complaint ¶ 22.)

**RESPONSE:**

4884-6160-9112.2

15.     State the complete factual basis for Your allegation that "IOTC Bahamas has no legitimate business operation and its sole purpose is to hold the profits generated by IOTC USA and other assets and manage those profits and assets to fund Sargeant's luxurious lifestyle" and to "divert assets and profits away from IOTC USA to protect Sargeant from judgments and creditors," including any involvement by HS3 in the alleged misconduct, when the alleged misconduct occurred and when You became aware of such alleged misconduct. (Complaint ¶¶ 24, 25, 31.)

**RESPONSE:**

21

4884-6160-9112.2

16.     State the complete factual basis for Your allegation that "IOTC USA has not paid a cent of the $5,000,000 judgment because its sole member, IOTC Bahamas, has stripped its profits and assets and diverted them to Sargeant individually" including any involvement by HS3 in the alleged misconduct, when the alleged misconduct occurred and when You became aware of such alleged misconduct. (Complaint ¶ 26.)

**RESPONSE:**

22

17.     State the complete factual basis for Your allegation that "IOTC Bahamas is a shell entity whose only purpose is to provide an illusion of distance between the Judgment-Debtor IOTC USA and Sargeant" and that "Sargeant has direct control over IOTC Bahamas and thus, direct control over IOTC USA," including any involvement by HS3 in the alleged misconduct, when the alleged misconduct occurred and when You became aware of such alleged misconduct. (Complaint ¶ 29.)

**RESPONSE:**

18.     State the complete factual basis for Your allegation that "Sargeant organized IOTC Bahamas to aid with fraudulent or misleading conduct," including HS3's alleged actions at issue, when the alleged misconduct occurred and when You became aware of such alleged misconduct. (Complaint ¶ 31.)

**RESPONSE:**

24

19.     Identify all reasons why Plaintiff did not assert an alter ego liability claim against HS3 until more than a decade after the entry of the Judgment.

**RESPONSE:**

4884-6160-9112.2

20.      Identify all efforts Plaintiff has undertaken to collect on the Judgment.

**RESPONSE:**

4884-6160-9112.2

21.     Identify all efforts You contend HS3, IOTC USA, IOTC Bahamas or IOTC Netherlands made to deceive, defraud, or mislead You.

**RESPONSE:**

4884-6160-9112.2

22.     If You contend IOTC USA has tried to avoid the Judgment, state the complete factual basis for Your contention.

**RESPONSE:**

4884-6160-9112.2

23.     If You contend HS3 misused IOTC USA or IOTC Bahamas' corporate forms, or that IOTC Bahamas misused IOTC USA's corporate forms at HS3's direction, identify every such instance of misuse that occurred between May 5, 2011 and the present, and when and how You learned about such alleged misuse.

**RESPONSE:**

4884-6160-9112.2

24.     If You contend HS3 used IOTC USA or IOTC Bahamas' funds for an improper purpose, or that IOTC Bahamas used IOTC USA's funds for an improper purpose at HS3's direction, identify every such instances of such use that occurred between May 5, 2011 and the present and when and how you learned of such alleged misuse.

**RESPONSE:**

4884-6160-9112.2

## <u>VERIFICATION PAGE</u>

Supreme Fuels Trading FZE

By:_____

Title:_____

Date:_____

STATE OF FLORIDA

COUNTY OF _____

The foregoing instrument was sworn to and subscribed before me this _____ day of _____, 202_, by _____, by means of [  ] physical presence or [  ] online notarization, who said upon oath that he/she has read the foregoing which is true and correct and who is:

is personally known to me.

produced a current _____ driver's license as identification.

produced _____ as identification.

{Notary Seal must be affixed}

_____
Signature of Notary

_____
Name of Notary (Typed, Printed or Stamped)

_____
Commission Number (if not legible on seal)

_____
My Commission Expires (if not legible on seal)

31

Dated:   December 22, 2023.                                      Respectfully submitted,

/s/ Melissa B. Coffey
Melissa B. Coffey, Esq. (FBN 84090)
Florida Bar No. 84090
mcoffey@foley.com
Heather A. Lee (FBN 1011026)
hlee@foley.com
Foley & Lardner LLP
106 East College Avenue, Suite 900
Tallahassee, FL 32301-7732
Telephone: (850) 222-6100
Facsimile: (850) 561-6475

*Counsel for Defendant, Harry Sargeant III*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on December 22, 2023, via e-mail to Rodrigo S. DaSilva (rodrigo@rdasilvalaw.com), counsel for Plaintiff Supreme Fuels Trading FZE.

/s/ Melissa B. Coffey
Melissa B. Coffey, Esq.
*Counsel for Defendant,*
*Harry Sargeant III*

4884-6160-9112.2

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**


SUPREME FUELS TRADING FZE, a
United Arab Emirates company,

      Plaintiff,

                                  Case No.: 9:23-cv-80633-CMA

v.

HARRY SARGEANT III, a Florida citizen,

      Defendant.

_____/

**DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**
**TO PLAINTIFF SUPREME FUELS TRADING FZE**

Pursuant to Federal Rule of Civil Procedure 34 and Local Rule 26.1, Defendant Harry Sargeant III hereby requests that Plaintiff Supreme Fuels Trading FZE produce the documents and other materials requested herein. Production of the requested documents and other materials shall be made within thirty days of service of these requests, or on another mutually convenient and agreed-upon date, at the offices of Foley & Lardner LLP, 106 East College Avenue, Suite 900, Tallahassee, FL 32301-7732, or at another mutually convenient and agreed-upon location.

**DEFINITIONS**

1.      The term "all" shall mean any and all, and the term "any" shall mean any and all, unless the context clearly requires otherwise.

2.      The terms "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this document request all information that might otherwise be construed to be outside their scope.

3.      The term "Communication" or "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), including without any limitation any conversation by means of letter, note, email, text message, voicemail message, instant

1

message, memorandum, telephone, telegraph, telex, telecopies, cables, communication platforms including but not limited to Skype, Teams, Slack, Jira, Discord, Google Hangouts, or GoToMeeting, WhatsApp, social networking services including but not limited to Facebook, Instagram, Zoom, Salesforce, Yammer, Basecamp, or Rocket.Chat, or other electronic or other medium and any oral transmission of information, such as face-to-face meetings or telephone conversations and any writings memorializing such contacts.

4.      The term "Complaint" shall mean the Complaint filed by Plaintiff in the above-captioned action on April 11, 2023.

5.      The term "concerning" shall mean discussing, describing, referring to, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, relating to, regarding, or pertaining to, in whole or in part.

6.      The words "Document" and "Documents" are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic magnetic, photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events.  This definition includes, but is not limited to, any and all originals and non-identical copies of any and all of the following:  correspondence, notes, minutes, records, messages, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgements, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, advertisements, newspaper clippings, tables, tabulations, financial statements, working papers, tallies, maps, drawings,

2

diagrams, sketches, x-rays, charts, labels, packaging materials, plans, photographs, pictures, film, microfilm, computer-stored or computer-readable data, computer programs, computer printouts, text messages, SMS messages, MMS messages, business communication and platform messages, enterprise social networking messages, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, and all other sources or formats from which data, information, or communications can be obtained. Any preliminary versions, drafts, or revisions of any of the foregoing, any document which has or contains any attachment, enclosure, comment, notation, addition, insertion, or marking of any kind which is not a part of another document, or any document which does not contain a comment, notation, addition, insertion, or marking of any kind which is part of another document, is to be considered a separate document.

7.    "You," "Your," "Plaintiff," or "Supreme" shall mean Plaintiff Supreme Fuels Trading FZE, as well as any persons or entities acting or that have acted on its behalf, including but not limited to its agents, representatives, employees, predecessors, and successors.

8.    "HS3" or "Defendant" shall mean Defendant Harry Sargeant III and any agents, representatives, or others acting or purporting to act on his behalf.

9.    "IOTC USA" means International Oil Trading Company, LLC.

10.    "IOTC Bahamas" means International Oil Trading Company Ltd.

11.    "Motion" shall mean Plaintiff's December 18, 2023 Motion for Summary Judgment filed in the above-captioned action (ECF No. 35).

12.    "Judgment" shall mean the May 6, 2011 Amended Final Judgment entered against IOTC USA in *Supreme Fuels FZE v. International Oil Trading Company, et al.*, Case No. 9:08-81215-ALTONAGA, ECF No. 168.

13.    "Settlement" means the settlement agreement and terms Supreme enforced in

3

*Supreme Fuels FZE v. International Oil Trading Company, et al.*, Case No. 9:08-81215-ALTONAGA.

14.     The term "include" or "including" shall denote a portion of a larger whole and is used without limitation.

15.     The term "Person" shall mean natural person, corporation, firm, company, sole proprietorship, partnership, joint venture, association, institute, or other business, legal, or governmental entity or association, including any directors, officers, employees, agents or representatives thereof.

16.     Any capitalized term not defined herein shall have the meaning set forth in the Complaint.

17.     References to the singular shall include the plural, and references to the plural shall include the singular as may be appropriate to construe the individual Interrogatories in the broadest form permitted.

18.     The use of the past tense shall include the present tense, and the use of the present tense shall include the past tense, so as to make the Interrogatory inclusive rather than exclusive.

## INSTRUCTIONS

1.     All documents and communications produced pursuant to these Requests for Production of Documents are to be produced as they are kept in the usual course of business, or shall be organized and labeled (without permanently marking the item produced) to correspond to the requests herein. If such file(s) or document(s) have been removed for purposes of this action or for some other purpose, identify the person who removed the file or document, the title of the file and each sub-file, if any, maintained within the file, and the present location of the file, sub-file, or document. Likewise, if you, at any time, had possession, custody or control of a document requested herein, and if such document has been lost, destroyed, purged, or is not presently in your possession, custody or

4

control, please describe the document, the date of its loss, destruction, purge, or separation from possession, custody or control, and the circumstances surrounding its loss, destruction, purge, or separation from your possession, custody or control.

2.      You must furnish all documents or things in Your possession, custody, or control, regardless of whether such documents or materials are possessed directly by You or by any of Your agents, representatives, attorneys, or their employees or investigators.

3.      Except where otherwise indicated, responses to these Requests for Production of Documents are to cover the period from 2004 through the present and continuing to the time of the trial.

4.      If your response to any request contained herein is withheld under claim of privilege, please state the claim of privilege or other grounds for refusing to respond with specificity, and provide all information necessary to evaluate the claim of privilege, including, without limitation (a) the date of each document that is withheld and the subject matter thereof; (b) the persons named in each document that is withheld; and (c) the persons to whom any portion of the content of the document has been disclosed in accordance with applicable law. Such information should be provided in a manner sufficient to allow it to be described to the Court for ruling on the privilege or other reason asserted.

5.      If You object to production on any basis other than privilege, state Your objection(s) and indicate whether You are complying with the request in whole or in part.

6.      Documents attached to each other should not be separated, including email families. If any portion of any document or family is responsive to any portion of the document requests below, then the entire document or family must be produced.

5

4876-3959-1064.2

7.      Each responsive document must be produced in its entirety and without deletion, redaction, or excisions, regardless of whether You consider the entire document or only part of it to be relevant or responsive to the document requests below. If You redact any portion of the document because of privilege, stamp the word "REDACTED" within the redacted portion of each page of the document that You have redacted. Please also include any redactions in the privilege log.

8.      Without waiving any rights, You are specifically instructed to search all centralized and decentralized document management systems, computer, and electronic/email archives for documents responsive to the following requests. Production of such documents should be made regardless of whether such documents currently exist in tangible or "hard" copy form. Production is sought regardless of whether the user purported to "delete" the document, if such document is capable of being retrieved or restored.

9.      If the requested documents are maintained in a file, produce the file folder or container and all labels and notations thereon along with the documents.

10.     This document request specifically seeks the production of electronic records, including, but not limited to, email, social media messages, voicemails, text messages, word processing documents, PowerPoints, and Excel spreadsheets. Please produce any electronic documents or records in native format with all metadata.

11.     For specific emails or communications referenced, please include prior and subsequent emails or communications in the same chain and related emails or communications on the same or close-in-time date. Also for specific emails or communications referenced, the from/to are not meant to be exclusive but only to aid in locating the particular document or others like it.

12.     Please produce all hard copy documents or documents already imaged (such as .pdf documents) as .tiff files with logical document determination.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Please produce all documents in Your possession, custody, or control responsive to the following requests:

1.  All Documents and Communications Supreme relied upon in making, or which Supreme contends support, its allegation in the Motion that HS3 "defrauded the Plaintiff by agreeing to a settlement of the Main Action, whereby IOTC was going to be the only payor of the settlement proceeds, in order to avoid the Main Action from going forward against him . . . ." (Motion, ¶ 4.)

2.  All Documents and Communications Supreme relied upon in making, or which Supreme contends support, its allegation in the Motion that HS3 knew "full well that IOTC would never fulfill its end of the bargain." (*Id.*)

3.  All Documents and Communications Supreme relied upon in making, or which Supreme contends support, its allegation in the Motion that HS3 is the "ultimate beneficial owner" of IOTC USA. (*id.* at p. 4).

4.  All Documents and Communications Supreme relied upon in making, or which Supreme contends support, its allegation in the Motion that HS3 is the sole manager of IOTC USA. (*Id.*)

5.  All Documents and Communications Supreme relied upon in making, or which Supreme contends support, its allegation in the Motion that HS3 "caused IOTC USA . . . to loot IOTC USA from all of its assets in order to defraud its creditors." (*Id.*)

6.  All Documents and Communications Supreme relied upon in making, or which Supreme contends support, its allegation in the Motion that HS3 "caused . . . IOTC Bahamas . . . to loot IOTC USA from all of its assets in order to defraud its creditors." (*Id.*)

7.  All Documents and Communications Supreme relied upon in making, or which Supreme contends support, its allegation in the Motion that HS3 "caused . . . IOTC Netherlands to loot IOTC USA from all of its assets in order to defraud its creditors." (*Id.*)

8.  All Documents and Communications identifying the "creditors" referenced in the third bullet point on page four of the Motion.

9.  All Documents and Communications Supreme relied upon in making, or which Supreme contends support, its allegation in the Motion that IOTC USA "never sought to collect the $183,875,399.29 account receivable from IOTC Netherlands." (*Id.*)

7

10.     All Documents and Communications Supreme relied upon in making, or which Supreme contends support, its allegation in the Motion that HS3 used "IOTC Bahamas [as his] personal wallet." (*Id.* at 5.)

11.     All Documents and Communications Supreme relied upon in making, or which Supreme contends support, its allegation in the Motion that IOTC Bahamas "likely [paid] the entirety of a $9.4 million construction loan given to [HS3] by Comerica Bank." (*Id.* at 5.)

12.     All Documents and Communications Supreme relied upon in making, or which Supreme contends support, its allegation in the Motion that "IOTC Bahamas paid the legal fees of [HS3] and IOTC USA." (*Id.* at 5.)

13.     All Documents and Communications Supreme relied upon in making, or which Supreme contends support, its allegation in the Motion that "IOTC Bahamas made payments towards [HS3]'s private security team as well as paid [HS3]'s personal credit cards." (*Id.* at 5.)

14.     All Documents and Communications Supreme relied upon in making, or which Supreme contends support, its allegation in the Motion that HS3 exercised "dominion control over IOTC USA" (*See, e.g, id.* at 5).

15.     All Documents and Communications Supreme relied upon in making, or which Supreme contends support, its allegation that HS3 "controls IOTC Bahamas" (*See, e.g, id.*).

16.     All Documents and Communications Supreme relied upon in making, or which Supreme contends support, its allegation that "IOTC Bahamas controls and dominates IOTC USA" (*See, e.g, id.*).

17.     All Documents and Communications Supreme relied upon in making, or which Supreme contends support, its allegation that HS3 "used his control and dominion over IOTC USA to leave it inadequately capitalized (with no assets whatsoever) to pay its creditors" (*See, e.g, id.* at 5-6).

18.     All Documents and Communications Supreme relied upon in making, or which Supreme contends support, its allegation in the Complaint that IOTC Bahamas owns "a condominium and boat slip in Boca Raton, Florida solely for [HS3]'s beneficial use and enjoyment." (Compl. ¶ 21.)

19.     All Documents and Communications Supreme relied upon in making, or which Supreme contends support, its allegation that IOTC Bahamas allowed HS3 "to use and transfer assets of IOTC Bahamas for personal use and without adequate consideration." (*Id.*)

20.     All Documents and Communications Supreme relied upon in making, or which Supreme contends support, its allegation that IOTC Bahamas wired HS3 "at least $50,000.00 per month, on average," (*id.*), including any and all Documents and Communications Supreme contends show that any such payments were not legitimate distributions or payments for services rendered.

8

21.   All Documents and Communications Supreme relied upon in making, or which Supreme contends support, its allegation that "IOTC Bahamas has no legitimate business operation." (*Id.*, ¶ 24.)

22.   All Documents and Communications Supreme relied upon in making, or which Supreme contends support, its allegation that "IOTC Bahamas . . . sole purpose is to hold the profits generated by IOTC USA and other assets." (*Id.*)

23.   All Documents and Communications Supreme relied upon in making, or which Supreme contends support, its allegation that "IOTC Bahamas's sole purpose is to divert assets and profits away from IOTC USA to protect [HS3] from creditors and judgments." (*Id.*, ¶ 25; *see also* ¶ 31.)

24.   All Documents and Communications Supreme relied upon in making, or which Supreme contends support, its allegation that HS3 "organized IOTC Bahamas to aid with fraudulent or misleading conduct." (*Id.*, ¶ 31.)

25.   Documents sufficient to show when Supreme first learned that HS3 allegedly used IOTC USA as his alter ego.

26.   All Documents and Communications Supreme contends IOTC USA used to deceive, defraud, or mislead Supreme.

27.   All Documents and Communications Supreme contends IOTC Bahamas used to deceive, defraud, or mislead Supreme.

28.   All Documents and Communications Supreme contends HS3 used to deceive, defraud, or mislead Supreme.

29.   All Documents and Communications Supreme contends it relied upon in agreeing to the Settlement.

30.   All Documents and Communications Supreme contends Concern, reflect, or in any way relate to HS3's efforts to avoid collection of the Judgment.

31.   All Documents and Communications Supreme contends Concern, reflect, or in any way relate to IOTC USA's efforts to avoid collection of the Judgment.

32.   All Documents and Communications between May 5, 2011 and the present which Supreme contends Concern, reflect, or in any way relate to, HS3's misuse of IOTC USA's corporate form.

33.   Documents and Communications sufficient to show when Supreme first learned that HS3 allegedly misused IOTC USA's corporate form.

34.   All Documents and Communications between May 5, 2011 and the present which Supreme contends Concern, reflect, or in any way relate to, HS3's misuse of IOTC Bahamas' corporate form.

9

35. Documents and Communications sufficient to show when Supreme first learned that HS3 allegedly misused IOTC Bahamas' corporate form.

36. All Documents and Communications between May 5, 2011 and the present which Supreme contends Concern, reflect, or in any way relate to, HS3's use of IOTC USA's funds for an improper purpose.

37. Documents and Communications sufficient to show when Supreme first learned that HS3 allegedly misused IOTC USA's funds for an improper purpose.

38. All Documents and Communications between May 5, 2011 and the present which Supreme contends Concern, reflect, or in any way relate to, HS3's use of IOTC Bahamas' funds for an improper purpose.

39. Documents and Communications sufficient to show when Supreme first learned that HS3 allegedly misused IOTC Bahamas' funds for an improper purpose.

40. All Documents and Communications concerning the mediation in *Supreme Fuels FZE v. International Oil Trading Company, et al.*, Case No. 9:08-81215-ALTONAGA.

41. All Documents and Communications provided to and/or relied upon by any expert witness who will testify on Plaintiff's behalf at trial in this case.

42. All Documents that Plaintiff may use as an exhibit at trial in this case.

43. All Documents and Communications Concerning any efforts by Supreme to assert an alter ego liability claim against HS3 since May 5, 2011.

44. All Documents and Communications Concerning any efforts by Supreme to assert an alter ego liability claim against IOTC Bahamas since May 5, 2011.

45. All Documents and Communications Concerning any efforts by Supreme to collect upon the Judgment, excluding those Documents and Communications publicly filed in the above-captioned action or in *Supreme Fuels FZE v. International Oil Trading Company, et al.*, Case No. 9:08-81215-ALTONAGA.

46. All Documents that You relied upon in answering Defendant's First Set of Interrogatories, served simultaneously herewith.

Dated:   December 22, 2023.

Respectfully submitted,

*/s/ Melissa B. Coffey*
Melissa B. Coffey, Esq. (FBN 84090)
Florida Bar No. 84090
mcoffey@foley.com
bblackburn@foley.com
Heather A. Lee (FBN 1011026)
hlee@foley.com
dmills@foley.com

10

Foley & Lardner LLP
106 East College Avenue, Suite 900
Tallahassee, FL 32301-7732
Telephone: (850) 222-6100
Facsimile: (850) 561-6475

*Counsel for Defendant, Harry Sargeant III*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on December 22, 2023, via e-mail to Rodrigo S. DaSilva (rodrigo@rdasilvalaw.com), counsel for Plaintiff Supreme Fuels Trading FZE.

*/s/ Melissa B. Coffey*
Melissa B. Coffey, Esq.
*Counsel for Defendant,*
*Harry Sargeant III*

11

4876-3959-1064.2

# EXHIBIT C

**Mills, Dore**

| | |
|---|---|
| **From:** | Coffey, Melissa B. |
| **Sent:** | Friday, December 22, 2023 10:50 PM |
| **To:** | Rodrigo Da Silva |
| **Cc:** | Lee, Heather A.; Blackburn, Brenda |
| **Subject:** | Supreme Fuels v. Sargeant (9:23-cv-80633-CMA) (S.D. Fla.) - Defendant's Discovery Requests |
| **Attachments:** | HS3's First RFP to Supreme Fuels.pdf; HS3's First Set of Interrogatories to Supreme Fuels.pdf |

Rodrigo –

Please see attached.

Best,
Melissa

Melissa B. Coffey

Foley & Lardner LLP
P 850.513.3375

View My Bio
Visit Foley.com



1