UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-80633-CIV-ALTONAGA/Maynard

SUPREME FUELS TRADING FZE,

Plaintiff,

v.

HARRY SARGEANT, III,

Defendant.
_____/

**ORDER**

**THIS CAUSE** came before the Court on Plaintiff, Supreme Fuels Trading FZE's Motion

for Summary Judgment [ECF No. 35], filed on December 18, 2023. Defendant, Harry Sargeant,

III, filed a Response [ECF No. 38]; Plaintiff then filed a Reply [ECF No. 45]. The Court has

carefully considered the Complaint [ECF No. 1], the record,[1] the parties' written submissions, and

applicable law.

Summary judgment may be rendered if the pleadings, discovery and disclosure materials

on file, and any affidavits show there is no genuine dispute of any material fact and the movant is

entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a), (c). An issue of fact is "material"

if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if the evidence could lead a

reasonable jury to find for the non-moving party. *See id.*; *see also Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court draws all reasonable inferences in favor

---

[1] The parties' factual submissions include Plaintiff's Statement of Undisputed Material Facts ("SOF") [ECF No. 34] and supporting exhibits; Defendant's Opposition to Plaintiff's Statement of Undisputed Material Facts ("Response SOF") [ECF No. 39] and supporting exhibits; and Plaintiff's Reply Statement of Material Facts ("Reply SOF") [ECF No. 44] and supporting exhibits.

CASE NO. 23-80633-CIV-ALTONAGA/Maynard

of the party opposing summary judgment. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc).

This case arises from proceedings supplementary to execution under Florida Statutes section 56.29 stemming from an Amended Final Judgment against International Oil Trading Company LLC ("IOTC USA"). (*See* Sept. 19, 2023 Order [ECF No. 30] 1–2 (citing *Supreme Fuels Trading FZE v. Sargeant III*, No. 08-cv-81215, Am. Final J. [ECF No. 168] filed May 6, 2011 (S.D. Fla. 2023))).[2] Plaintiff seeks summary judgment on its claim of alter ego liability against Defendant, requesting that the Court pierce the corporate veil and hold Defendant personally liable for the Judgment against IOTC USA. (*See* Compl. ¶¶ 28–32; *see generally* Mot.).

To prevail on an alter ego claim, Plaintiff must prove:

(1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence[] was in fact non-existent and the shareholders were in fact alter egos of the corporation;

(2) the corporate form must have been used fraudulently or for an improper purpose; and

(3) the fraudulent or improper use of the corporate form caused injury to the claimant.

*Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1349 (11th Cir. 2011) (alteration added; emphasis and citations omitted). The parties' briefing confirms there are disputed material facts as to all three of these factors. (*See generally* Mot; *see* Resp. 10–18; SOF ¶¶ 2–3, 6–7, 9–20; Resp. SOF ¶¶ 2–3, 6–7, 9–20, 22, 25–30, 32, 34, 44; Reply SOF ¶¶ 22, 25–30, 32, 34, 44).

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment **[ECF No. 35]** is **DENIED**.

---

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

2

CASE NO. 23-80633-CIV-ALTONAGA/Maynard

**DONE AND ORDERED** in Miami, Florida, this 19th day of January, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

3